UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
(TAMPA DIVISION)

OHIO SECURITY INSURANCE COMPANY     CASE NO. 8:20-CV-1373

    Plaintiff,
v.

CLEARCOMM OF TAMPA BAY, INC.;
CLEARCOMM PENN, INC.;
YOUSEF SIHWEIL

    Defendant.
_____/

## COMPLAINT

Ohio Security, Ohio Security Insurance Company ("Ohio Security") sues Clearcomm, Clearcomm of Tampa Bay, Inc. ("Clearcomm"), Clearcomm Penn, Inc. and Yousef Sihweil and says:

### JURISDICTION AND PARTIES

1. This is an action for damages exceeding $75,000.00 excluding interest, costs, and fees. This court has jurisdiction of this matter and these parties pursuant to 28 USC §1332.

2. Ohio Security is an Ohio corporation authorized to conduct business in Florida whose principal place of business is in Keene, New Hampshire.

3. Clearcomm of Tampa Bay, Inc. is a Florida for-profit corporation whose principal place of business is Largo, Florida.

4. Clearcomm Penn, Inc. is a Maryland for-profit corporation whose principal place of business is 2501 Paxton Street, Unit B, Harrisburg, PA 17111.

5. Yousef Sihweil is a person over eighteen years old whose residence is in Hanover Maryland.

6. Sihweil was, at all material times, the agent of Clearcomm of Tampa Bay, Inc.

1

7. Sihweil was, at all material times, the agent of Clearcomm of Penn, Inc.

8. Venue in this District is proper pursuant to 28 USC §1391.

## General Allegations

9. Ohio Security issued Clearcomm of Tampa Bay, Inc. and Clearcomm Penn, Inc. (hereinafter "Clearcomm") commercial policy number BZS (17) 57 61 64 46 ("BZS policy") with coverage beginning on 2 November 2016. A copy of the BZS policy is attached as Exhibit 1.

10. The BZS policy covers locations throughout the United States, and carried with it an initial premium of $60,639.21, which grew to $77,885.66 during the life of the policy, of which only $48,773.10 was paid, leaving a balance of $29,112.76.

11. Ohio Security issued Clearcomm umbrella policy USO (17) 57 61 64 46 ("USO policy"), with coverage beginning on 2 November 2016. A copy of the USO policy is attached as exhibit 2.

12. The USO policy carried an estimated premium of $4,733.00, later revised to $3,248.00, of which $2,029.00 has been credited, leaving a balance of $1,219.00.

13. On or about 22 November 2016, Sihweil submitted an application for workers compensation. A copy of the application is attached as exhibit 3.

14. Ohio Security issued Clearcomm workers compensation policy XWS (17) 57 61 64 46 ("XWS policy"), with coverage beginning on 2 November 2016. A copy of the XWS policy is attached as exhibit 4.

15. The XWS policy carried an estimated premium of $39,931.00, later revised to $115,525.00, of which $48,758.00 has been paid, leaving a balance of $66,767.00.

16. Ohio Security has demanded payment on all three policies, but has not received a response or payment. A copy of the statement is attached as exhibit 5.

17. Ohio Security performed all of the obligations required of it under the policies. All conditions precedent to this action have occurred or have been waived or performed.

## COUNT I
## BREACH OF CONTRACT
## (BZS Policy)

18. Ohio Security realleges paragraphs 1-4, 8-10, and 16-17 and incorporates them as if here reiterated.

19. The BZS policy is a contract of insurance that contains the respective rights and responsibilities of Ohio Security as the insurer and Clearcomm as the insured.

20. Clearcomm breached its contract by failing and refusing to pay the retrospective premium due.

21. As a result of Clearcomm's breach of contract, Ohio Security has been damaged.

WHEREFORE, Ohio Security, requests the entry of judgment against Clearcomm, for damages in a principal amount according to proof; interest; costs, and such further relief this court deems appropriate.

## COUNT II
## BREACH OF CONTRACT
## (USO Policy)

22. Ohio Security realleges paragraphs 1-4, 11-12, and 16-17 and incorporates them as if here reiterated.

23. The USO policy is a contract of insurance that contains the respective rights and responsibilities of Ohio Security as the insurer and Clearcomm as the insured.

24. Clearcomm breached its contract by failing and refusing to pay the retrospective premium due.

25. As a result of Clearcomm's breach of contract, Ohio Security has been damaged.

WHEREFORE, Ohio Security, requests the entry of judgment against Clearcomm, for damages in a principal amount according to proof; interest; costs, and such further relief this court deems appropriate.

### Count III
### Breach of Contract
### (XWS Policy)

26. Ohio Security realleges paragraphs 1-4, 13-14, and 16-17 and incorporates them as if here reiterated.

27. The XWS policy is a contract of insurance that contains the respective rights and responsibilities of Ohio Security as the insurer and Clearcomm as the insured.

28. Clearcomm breached its contract by failing and refusing to pay the retrospective premium due.

29. As a result of Clearcomm's breach of contract, Ohio Security has been damaged.

WHEREFORE, Ohio Security, requests the entry of judgment against Clearcomm, for damages in a principal amount according to proof; interest; costs, and such further relief this court

### Count IV
### Violation of Florida Statute § 440.381(6)
### (XWS Policy)

30. Ohio Security realleges paragraphs 1-17 and incorporates them as if here reiterated.

31. Florida Statute §440.381(6) provides that

> If an employer understates or conceals payroll, or misrepresents or conceals employee duties so as to avoid proper classification for premium calculations, or misrepresents or conceals information pertinent to the computation and application of an experience rating modification factor, the employer, or the employer's agent or attorney, shall pay to the insurance carrier a penalty of 10 times the amount of the difference in premium paid and the amount the employer should have paid and reasonable attorney's fees. The penalty may be enforced in the circuit courts of this state.

4

32. Sihweil and Clearcomm misrepresented and concealed information in violation of F.S. § 400.381. Specifically, Sihweil and Clearcomm declared that all of the named insureds had common ownership, and thus the same experience modification factor applied. This misrepresentation remained undisclosed until Clearcomm refused to pay the invoices due.

33. Ohio Security has been damaged as a direct and proximate result of Clearcomm and Shiweil's misrepresentations.

WHEREFORE, Ohio Security, requests the entry of judgment against Clearcomm and Sihweil, for damages in a principal amount according to proof; interest; costs, and such further relief this court

Dated 15 June 2020                                  Respectfully submitted,


<u>/s/ Michael R. Morris</u>
Michael R. Morris
Florida Bar No. 70254
Morris & Morris, P.A.
Attorneys for Ohio Security Insurance Company
1677 D Road
Loxahatchee, FL 33407
Telephone Number 561.903.0562
Facsimile Number 561.828.9351
E-mail address michael@morris.law