34  2992

BZS
57616446
11/02/2017

**INSURANCE INTERMEDIARIES INC**

**280 N HIGH ST STE 300**
**COLUMBUS, OH 43215-2535**



---

We strive to produce a quality product for our agents to deliver to the policyholder. In doing so, we ask that you assist us by taking time to review the enclosed policy accuracy. If there are any modifications that need to be made, we request that you return this letter to the Business Center outlining what is in error.

---

Named Insured:        CLEARCOMM OF TAMPABAY, INC.

Corrections needed to be made on this policy (This form is not for routine change requests):

_____

_____

_____

_____

_____

_____

Thank you for your assistance.

Please send to:      *Liberty Mutual Insurance*


**ATTENTION:  C.S.I. UNIT**

_____

CAU:


N O N E



This page intentionally left blank.



**Policyholder   Information**

| **Named Insured & Mailing Address** | **Agent Mailing Address & Phone No.** |
|---|---|
| CLEARCOMM OF TAMPABAY, INC.<br>PO Box 10216<br>Largo, FL 33773 | (800) 444-1744<br>INSURANCE INTERMEDIARIES INC<br>280 N HIGH ST STE 300<br>COLUMBUS, OH 43215-2535 |



### *Dear Policyholder:*



We know you work hard to build your business. We work together with your agent, **INSURANCE INTERMEDIARIES INC      (800) 444-1744** to help protect the things you care about. Thank you for selecting us.

Enclosed are your insurance documents consisting of:

- Commercial Protector

To find your specific coverages, limits of liability, and premium, please refer to your Declarations page(s).

If you have any questions or changes that may affect your insurance needs, please contact your Agent at (800) 444-1744



**Reminders**

- Verify that all information is correct
- If you have any changes, please contact your Agent at (800) 444-1744
- In case of a claim, call your Agent or  1-800-362-0000

THIS IS NOT A BILL

## You Need To Know

- **CONTINUED ON NEXT PAGE**

*To report a claim,  call  your Agent or  1-800-362-0000*

DS 70 20 01 08

**You Need To Know - continued**

- **NOTICE(S) TO POLICYHOLDER(S)**
  The Important Notice(s) to Policyholder(s) provide a general explanation of changes in coverage to your policy. The Important Notice(s) to Policyholder(s) is not a part of your insurance policy and it does not alter policy provisions or conditions. Only the provisions of your policy determine the scope of your insurance protection. It is important that you read your policy carefully to determine your rights, duties and what is and is not covered.

| FORM NUMBER | TITLE |
| --- | --- |
| NP 70 68 02 07 | Texas Important Contact Information |
| NP 70 81 06 01 | Florida Notice |
| NP 72 42 01 15 | Terrorism Insurance Premium Disclosure And Opportunity To Reject |
| NP 73 56 06 04 | Fighting Fraud Insurance |
| NP 74 06 01 06 | Flood Insurance Notice |
| NP 74 44 09 06 | U.S. Treasury Department's Office of Foreign Assets Control (OFAC) Advisory Notice to Policyholders |
| NP 74 48 01 16 | Important Notice  Notice to Policyholders Louisiana Fair Plan Emergency Assessment |
| NP 75 07 04 12 | To Our Florida Commercial Policyholders |
| NP 75 24 01 08 | South Carolina - Potential Eligibility for Windstorm Loss Mitigation Premium Discounts Advisory Notice |
| NP 89 69 11 10 | Important Policyholder Information Concerning Billing Practices |
| NP 90 22 09 10 | Ordinance or Law Notice - Virginia |
| NP 93 73 03 13 | Texas Period To File A Claim or Bring Legal Action Against Us Notice - Windstorm or Hail - Catastrophe |
| NP 98 20 01 15 | Jurisdictional Boiler And Pressure Vessel Inspections |
| NP 99 65 01 16 | Important Notice To Policyholders - Employment-Related Practice Exclusion |
| SNI42 02 04 15 | Texas Notice - Notification Of The Availability Of Loss Control Information/Services |

- This policy will be direct billed. You may choose to combine any number of policies on one bill with your billing account. Please contact your agent for more information.

**TEXAS**
**IMPORTANT NOTICE**
**IMPORTANT CONTACT INFORMATION**



To obtain information or make a complaint:

You may call Liberty Mutual Insurance's toll-free telephone number for information or to make a complaint at

**1-800-443-2534**

You may also write to Liberty Mutual Insurance at:

Liberty Mutual Insurance

P.O. Box 833906

Richardson, Texas 75083-3906

You may contact the Texas Department of Insurance to obtain information on companies, coverages, rights or complaints at

**1-800-252-3439**

You may write the Texas Department of Insurance

P.O. Box 149104

Austin, TX 78714-9104

FAX# (512) 475-1771

Web: http://www.tdi.state.tx.us

E-mail: ConsumerProtection@tdi.state.tx.us

**PREMIUM OR CLAIM DISPUTES:**

Should you have a dispute concerning your premium or about a claim you should contact the agent or Liberty Mutual Insurance first. If the dispute is not resolved, you may contact the Texas Department of Insurance.

**ATTACH THIS NOTICE TO YOUR POLICY:**

This notice is for information only and does not become a part or condition of the attached document.

---

**TEXAS**
**AVISO IMPORTANTE**
**INFORMACION IMPORTANTE DE COMUNICARSE**

Para obtener informacion o para someter una queja:

Usted puede llamar al numero de telefono gratis de Liberty Mutual Insurance para informacion o para someter una queja al

**1-800-443-2534**

Usted tambien puede escribir a Liberty Mutual Insurance:

Liberty Mutual Insurance

P.O. Box 833906

Richardson, Texas 75083-3906

Puede comunicarse con el Departamento de Seguros de Texas para obtener informacion acerca de companias, coberturas, derechos o quejas al

**1-800-252-3439**

Puede escribir al Departamento de Seguros de Texas

P.O. Box 149104

Austin, TX 78714-9104

FAX # (512) 475-1771

Web: http://www.tdi.state.tx.us

E-mail: ConsumerProtection@tdi.state.tx.us

**DISPUTAS SOBRE PRIMAS O RECLAMOS:**

Si tiene una disputa concerniente a su prima o a un reclamo, debe comunicarse con el agente o Liberty Mutual Insurance primero. Si no se resuelve la disputa, puede entonces comunicarse con el departmento (TDI).

**UNA ESTE AVISO A SU POLIZA:**

Este aviso es solo para proposito de informacion y no se convierte en parte o condicion del documento adjunto.

---

**NP 70 68 02 07**                                               **Page 1 of 1**

# FLORIDA NOTICE

The following   statement  is added  to the policy:

Any questions  or problems  concerning  your  policy,  please  contact:

**A.**   Your  agent,

**B.**   Your  local  Liberty  Mutual  Insurance  Servicing  Office

MAILING  ADDRESS:

P.O. Box  49130
Charlotte,  NC 28277-9130
704-759-7661

11/15/16

CLEARCOMM OF TAMPABAY, INC.

BZS  (17)   57 61 64 46
From 11/02/2016 To 11/02/2017

PO Box 10216
Largo, FL 33773



(800) 444-1744
INSURANCE INTERMEDIARIES INC

280 N HIGH ST STE 300
COLUMBUS, OH 43215-2535

## TERRORISM INSURANCE PREMIUM DISCLOSURE
## AND OPPORTUNITY TO REJECT

**This notice contains important information about the Terrorism Risk Insurance Act and its effect on your policy. Please read it carefully.**

### THE TERRORISM RISK INSURANCE ACT

The Terrorism Risk Insurance Act, including all amendments ("TRIA" or the "Act"), establishes a program to spread the risk of catastrophic losses from certain acts of terrorism between insurers and the federal government. If an individual insurer's losses from certified acts of terrorism exceed a specified deductible amount, the government will reimburse the insurer for a percentage of losses (the "Federal Share") paid in excess of the deductible, but only if aggregate industry losses from such acts exceed the "Program Trigger". An insurer that has met its insurer deductible is not liable for any portion of losses in excess of $100 billion per year. Similarly, the federal government is not liable for any losses covered by the Act that exceed this amount. If aggregate insured losses exceed $100 billion, losses up to that amount may be pro-rated, as determined by the Secretary of the Treasury.

The Federal Share and Program Trigger by calendar year are:

| Calendar Year | Federal Share | Program Trigger |
|---|---|---|
| 2015 | 85% | $100,000,000 |
| 2016 | 84% | $120,000,000 |
| 2017 | 83% | $140,000,000 |
| 2018 | 82% | $160,000,000 |
| 2019 | 81% | $180,000,000 |
| 2020 | 80% | $200,000,000 |

### MANDATORY OFFER OF COVERAGE FOR "CERTIFIED ACTS OF TERRORISM" AND DISCLOSURE OF PREMIUM

TRIA requires insurers to make coverage available for any loss that occurs within the United States (or outside of the U.S. in the case of U.S. missions and certain air carriers and vessels), results from a "certified act of terrorism" AND that is otherwise covered under your policy.

A "certified act of terrorism" means:

[A]ny act that is certified by the Secretary [of the Treasury], in consultation with the Secretary of Homeland Security, and the Attorney General of the United States.

**(i)** to be an act of terrorism;

NP 72 42 01 15                    ©  2015 Liberty Mutual Insurance                    Page 1 of 2

(ii) to be a violent act or an act that is dangerous to -
- **(I)** human life;
- **(II)** property; or
- **(III)** infrastructure;

(iii) to have resulted in damage within the United States, or outside of the United States in the case of -
- **(I)** an air carrier (as defined in section 40102 of title 49, United States Code) or United States flag vessel (or a vessel based principally in the United States, on which United States income tax is paid and whose insurance coverage is subject to regulation in the United States); or
- **(II)** the premises of a United States mission; and

(iv) to have been committed by an individual or individuals as part of an effort to coerce the civilian population of the United States or to influence the policy or affect the conduct of the United States Government by coercion.

## REJECTING TERRORISM INSURANCE COVERAGE - WHAT YOU MUST DO

We have included in your policy coverage for losses resulting from "certified acts of terrorism" as defined above.

THE PREMIUM CHARGE FOR THIS COVERAGE APPEARS ON THE DECLARATIONS PAGE OF THE POLICY AND DOES NOT INCLUDE ANY CHARGES FOR THE PORTION OF LOSS COVERED BY THE FEDERAL GOVERNMENT UNDER THE ACT. If we are providing you with a quote, the premium charge will also appear on your quote as a separate line item charge.

IF YOU CHOOSE TO REJECT THIS COVERAGE, PLEASE CHECK THE BOX BELOW, SIGN THE ACKNOWLEDGMENT, AND RETURN THIS FORM TO THE ADDRESS BELOW: **Please ensure any rejection is received within thirty (30) days of the effective date of your policy** .

Before making a decision to reject terrorism insurance, refer to the Disclaimer for Standard Fire Policy States located at the end of this Notice.

☐ I hereby reject this offer of coverage. I understand that by rejecting this offer, I will have no coverage for losses arising from "certified acts of terrorism" and my policy will be endorsed accordingly.

Policyholder/Applicant's    Signature             Print Name                    Date Signed

_____        _____        _____

Named Insured                                  Policy Number
CLEARCOMM OF TAMPABAY, INC.                    BZS (17)   57 61 64 46

Policy Effective/Expiration   Date
From 11/02/2016 To 11/02/2017

**IF YOU REJECTED THIS COVERAGE, PLEASE RETURN THIS FORM TO:**

Attn: Commercial Lines Division - Terrorism
PO Box 66400
London, KY 40742-6400

**Note:** Certain states (currently CA, GA, IA, IL, ME, MO, NY, NC, NJ, OR, RI, WA, WI and WV) mandate coverage for loss caused by fire following a "certified act of terrorism" in certain types of insurance policies. If you reject TRIA coverage in these states on those policies, you will not be charged any additional premium for that state mandated coverage.

**The summary of the Act and the coverage under your policy contained in this notice is necessarily general in nature. Your policy contains specific terms, definitions, exclusions and conditions. In case of any conflict, your policy language will control the resolution of all coverage questions. Please read your policy carefully.**

If you have any questions regarding this notice, please contact your agent.

# FIGHTING  INSURANCE  FRAUD

## INSURANCE  FRAUD COSTS YOU MONEY!

More than 10 percent of all insurance claims are fraudulent. Preventing insurance fraud will directly benefit you by lowering the insurance premiums you pay.

We are committed to putting a stop to insurance fraud. Help us by bringing this costly crime to a halt. If you are aware of an individual committing fraud, call the Texas Department of Insurance Fraud Hotline at **1-888-327-8818.**



We and the Texas Committee on Insurance Fraud are fighting insurance fraud through public education, communication and cooperation.

**NP 73 56 06 04**

NP 74 06 01 06

## FLOOD INSURANCE  NOTICE

Unless a Flood Coverage endorsement  is attached, your policy does not provide flood coverage and you will **not** have coverage for property  damage from floods unless you purchase a separate policy for flood insurance through  the Federal Emergency  Management  Agency (FEMA) National Flood Insurance Program.

If you would like more information  about obtaining  coverage under the National Flood Insurance Program, please contact  your agent.

NP 74 44 09 06

# U.S. TREASURY DEPARTMENT'S OFFICE OF FOREIGN ASSETS CONTROL ("OFAC") ADVISORY NOTICE TO POLICYHOLDERS



No coverage is provided by this Policyholder Notice nor can it be construed to replace any provisions of your policy. You should read your policy and review your Declarations page for complete information on the coverages you are provided.

This Notice provides information concerning possible impact on your insurance coverage due to directives issued by OFAC. **Please read this Notice carefully.**

Please refer any questions you may have to your insurance agent.

The Office of Foreign Assets Control (OFAC) administers and enforces sanctions policy, based on Presidential declarations of "national emergency". OFAC has identified and listed numerous:

- Foreign agents;
- Front organizations;
- Terrorists;
- Terrorist organizations; and
- Narcotics traffickers;

as "Specially Designated Nationals and Blocked Persons". This list can be located on the United States Treasury's web site - http//www.treas.gov/ofac.

In accordance with OFAC regulations, if it is determined that you or any other insured, or any person or entity claiming the benefits of this insurance has violated U.S. sanctions law or is a Specially Designated National and Blocked Person, as identified by OFAC, this insurance will be considered a blocked or frozen contract and all provisions of this insurance are immediately subject to OFAC. When an insurance policy is considered to be such a blocked or frozen contract, no payments nor premium refunds may be made without authorization from OFAC. Other limitations on the premiums and payments also apply.

© 2011 Liberty Mutual Insurance. All rights reserved.
Includes copyrighted material of Insurance Services Office, Inc., with its permission.

NP 74 48 01 16

# IMPORTANT  NOTICE
## NOTICE  TO  POLICYHOLDERS

## Louisiana FAIR Plan Emergency  Assessment

**On the declarations  page of your policy, you will  see surcharges  added to your  policy  as a result  of assessments  by the Louisiana Citizens Plan. Payment of the surcharge  amounts  are required  to keep your policy  in force.**

**Why you are being surcharged:**

The Louisiana  Citizens Plan administers  both the  Coastal  Plan and the FAIR (Fair Access  to  Insurance Requirements)  Plan. These plans were  created  by the Louisiana  Legislature  in order to provide  property insurance  for citizens  of Louisiana  that are unable  to obtain  insurance  through  the voluntary  market.  In situations   where  the Citizens  Plan pays  out more  than they have  charged,  they  are allowed  to assess  all insurers  who write  property  insurance  in the state in order to pay for excess  losses. In turn,  insurers  may surcharge  all property  policies  in order to recoup  the amounts  they have been assessed.

If you want to learn  more  about  the Citizens  plan, you can go to their  website  located  at http://www.lacitizens.com/    .

PLEASE REFERANY QUESTIONS  YOU MAY  HAVE TO YOUR INSURANCE  AGENT.

NP 75 07 04 12

## TO OUR FLORIDA COMMERCIAL POLICYHOLDERS

The Florida legal code requires insurance companies to make guidelines for risk management plans available to their commercial insureds. To comply with this requirement, we have guidelines and a questionnaire which will be supplied to you upon request. These provisions apply to commercial property and casualty insurance. For the purpose of this law, commercial property insurance means coverage of commercial risks, excluding windstorm coverage.

In addition to the items listed above, safety consultation services are available. There is no charge for our safety consultation services. Safety consultations may result in safety or loss control recommendations that should be completed.

If you are interested in learning more about the program and our guidelines for it, complete the request below and mail it back to us. Sending this request back to us does not obligate you in any way.

I would like to know more about Risk Management. Please send me your guidelines and other related information, which includes a request for consultation services. I understand I am under no obligation.

Name (as shown on policy) _____

Policy Number _____ Effective Date _____

Name of Person to Contact _____

Contact Person's Title or Position _____

Mailing Address _____

_____

_____

Business Phone ( _____ ) _____

Authorized Signature _____

Mail to:
      Liberty Mutual Insurance
      Loss Prevention Department
      P.O. Box 49130
      Charlotte, NC 28277-9130

NP 75 07 04 12

**BUSINESSOWNERS**
**NP 75 24 01 08**

## SOUTH CAROLINA - POTENTIAL ELIGIBILITY FOR
## WINDSTORM LOSS MITIGATION PREMIUM DISCOUNTS
## ADVISORY NOTICE TO POLICYHOLDERS

The purpose of this Notice is to advise you that you may be eligible for a reduction in the premium for your Businessowners insurance if certain steps have been taken to prevent or reduce damage form windstorm. The discounts, if any, would apply only to the portion of the premium attributable to wind coverage.

Contact you producer or insurer for additional information.

# IMPORTANT  POLICYHOLDER INFORMATION
# CONCERNING  BILLING PRACTICES

**Dear Valued Policyholder:** This insert provides you with important information about our policy billing practices that may affect you. Please review it carefully and contact your agent if you have any questions.

**Premium Notice:** We will mail you a policy Premium Notice separately. The Premium Notice will provide you with specifics regarding your agent, the account and policy billed, the billing company, payment plan, policy number, transaction dates, description of transactions, charges/credits, policy amount balance, minimum amount, and payment due date. This insert explains fees that may apply to and be shown on your Premium Notice.

**Available Premium Payment Plans:**

- **Annual Payment Plan:** When this plan applies, you have elected to pay the entire premium amount balance shown on your Premium Notice in full. No installment billing fee applies when the Annual Payment Plan applies.

- **Installment Payment Plan:** When this plan applies, you have elected to pay your policy premium in installments (e.g.: quarterly or monthly installments - Installment Payment Plans vary by state). As noted below, an installment fee may apply when the Installment Payment Plan applies.

The Premium Payment Plan that applies to your policy is shown on the top of your Premium Notice. Please contact your agent if you want to change your Payment Plan election.

**Installment Payment Plan Fee:** If you elected to pay your premiums in installments using the Installment Premium Payment Plan, an installment billing fee applies to each installment bill. The installment billing charge will not apply, however, if you pay the entire balance due when you receive the bill for the first installment. Because the amount of the installment charge varies from state to state, please consult your Premium Notice for the actual fee that applies.

**Dishonored Payment Fee:** Your financial institution may refuse to honor the premium payment withdrawal request you submit to us due to insufficient funds in your account or for some other reason. If that is the case, and your premium payment withdrawal request is returned to us dishonored, a payment return fee will apply. Because the amount of the return fee varies from state to state, please consult your Premium Notice for the actual fee that applies.

**Late Payment Fee:** If we do not receive the minimum amount due on or before the date or time the payment is due, as indicated on your Premium Notice, you will receive a policy cancellation notice effective at a future date that will also reflect a late payment fee charge. Issuance of the cancellation notice due to non-payment of a scheduled installment(s) may result in the billing and collection of all or part of any outstanding premiums due for the policy period. Late Payment Fees vary from state to state and are not applicable in some states.

**Special Note:** Please note that some states do not permit the charging of certain fees. Therefore, if your state does not allow the charging of an Installment Payment Plan, Dishonored Payment or Late Payment Fee, the disallowed fee will not be charged and will not be included on your Premium Notice.

**EFT-Automatic Withdrawals Payment Option:** When you select this option, you will not be sent Premium Notices and, in most cases, will not be charged installment fees. For more information on our EFT-Automatic Withdrawals payment option, refer to the attached policyholder plan notice and enrollment sheet.

Once again, please contact your agent if you have any questions about the above billing practice information.

**Thank you for selecting us to service your insurance needs.**

© 2010 Liberty Mutual Insurance Company. All rights reserved.

# IMPORTANT NOTICE
## CONCERNING VIRGINIA CODE ANN. SECTION 38 2-2124
## BUILDING ORDINANCE OR LAW COVERAGE

To: Our Policyholders

Coverage can now be added to your policy for increased costs to repair or replace damaged property due to the application of ordinances or laws that regulate construction, repair or demolition.

This additional coverage provides protection when a building damaged by a covered cause of loss must be repaired or replaced in a more costly manner because the type of construction used, when the building was built, does not comply with current building codes. Coverage can also be provided when ordinances or laws require the demolition of the damaged building, including undamaged portions, prior to rebuilding in compliance with current building codes.

**A.** Description of Coverages Available:

**1.** Coverage For Loss To The Undamaged Portion Of The Building - Covers loss in value of the undamaged portion of the building due to demolition pursuant to a building ordinance or law. This is not a separate limit of insurance. Building coverage is extended to include loss to the undamaged portion of the building.

**2.** Demolition Cost Coverage - Covers the cost of demolishing and removing the debris of the undamaged portion of the building, if demolition is required by building ordinance or law. This coverage is not included in the Limit of Insurance applicable to the building.

**3.** Increased Cost Of Construction - Covers the increased cost to repair, reconstruct or remodel damaged or undamaged parts of the building to comply with building ordinance or law, following damage to the building by a covered cause of loss. This coverage is not included in the Limit of Insurance applicable to the building.

**B.** There are two Coverages available:

**1.** Ordinance or Law provides the coverages described in **A.** above, subject to an exclusion of all costs associated with the enforcement of an ordinance or law pertaining to pollution cleanup or assessment.

**2.** Ordinance or Law Coverage - Virginia (Broad) Endorsement provides the coverages described in **A.** above, but does not exclude all costs associated with the enforcement of an ordinance or law pertaining to pollutant cleanup or assessment. It excludes testing for the existence, concentrat ion or effects of pollutants unless such testing is performed in the course of pollutant cleanup of the building and is required by the ordinance or law. Pollutant cleanup coverage includes cleanup of undamaged parts of a damaged building, if the ordinance or law so requires.

*This notice does not provide any coverage and should not be construed to replace any provision of your policy or endorsements. If there is any conflict between your policy or endorsements and this notice, the provisions of your policy and endorsements shall prevail.*

© 2012 Liberty Mutual Insurance. All rights reserved.
Includes copyrighted material of Insurance Services Office, Inc., with its permission.

NP 93 73 03 13

# TEXAS  PERIOD  TO  FILE  A  CLAIM  OR  BRING LEGAL  ACTION  AGAINST  US  NOTICE - WINDSTORM   OR  HAIL - CATASTROPHE  AREA



This  Notice  does not  form  a part of your  insurance  contract.  No coverage  is provided  by this Notice,  nor can it be construed  to replace  any provisions  of your policy  (including  its endorsements).  If there is any conflict between  this Notice  and the policy  (including  its endorsements),  **the provisions  of the policy (including  its endorsements)  shall prevail.**

Carefully  read your policy,  including  the endorsements  attached  to your policy.

In accordance  with  Texas Insurance  Code Section  2301.010(f),  we are notifying  you that:

1. With  respect to loss or damage  in the State of Texas caused by windstorm  or hail in the catastrophe area, as defined  by the Texas Insurance  Code, any claim  must be filed  with  us not later than one year after  the date of the loss or damage  that is the subject  of the claim,  except that a claim  may be filed  after  the first  anniversary  of the date of the loss or damage  for good  cause shown  by the person  filing  the claim;  and

2. Any legal  action  brought  against  us under  the policy  for loss or damage  in the State of Texas caused by windstorm  or hail in the catastrophe  area, as defined  by the Texas Insurance  Code, must be brought  within  the earlier  of the following:

   a. Two years and one day from  the date we accept or reject the claim;  or

   b. Three years and one day from  the date of the loss or damage  that is the subject  of the claim.

© 2013 Liberty Mutual Insurance. All rights reserved.

## JURISDICTIONAL  BOILER  AND  PRESSURE  VESSEL  INSPECTIONS

Most jurisdictions  (cities or states) are governed  by laws and regulations  that require  owners  of boilers  and pressure  vessels  to have their equipment  inspected  on a routine  basis. Jurisdictions  require  that equipment is installed  and operated  according  to these regulations,  and it is the equipment  breakdown  engineering inspector's  responsibility   to verify the equipment  complies  with all requirements.

Liberty  Mutual  Equipment  Breakdown  is a National  Board  Accredited  Authorized  Inspection  Agency.  This designation  is recognized  by authorities  having  jurisdictions   in the U.S. & provinces  of Canada  and gives Liberty  Mutual  commissioned   inspectors  the ability  to perform  jurisdictionally   required  inspection  on boilers  and pressure  vessels  at insured  locations.  We have field inspectors  strategically  located  throughout  the U.S. to perform  boiler  and pressure  vessel inspection  for our customers  and clients.

**To request a Jurisdictional  Inspection  please:**

- **Call the LMEB Hotline  (877) 526-0020**

**Or**

- **Email your request  to LMEBInspections@Libertymutual.com**

The assigned  EB Risk Engineer  will  call  to schedule  within  24 - 48 hours.  When  requesting  an inspection please  include  the following:

- Current  Policy  Number
- Location  Address
- Contact  Name
- Contact  Phone  Number  and/or  Email  Address

NP 99 65 01 16

# IMPORTANT  NOTICE  TO POLICYHOLDERS - EMPLOYMENT-RELATED  PRACTICES EXCLUSION



Dear Valued Policyholder,

Thank you for selecting us as your carrier for your commercial insurance. This notice contains a brief summary of material (or significant) coverage changes made to your policy.

Please read your policy and review your declarations page for complete coverage information. No coverage is provided by this notice, nor can it be construed to replace any provisions of your policy. If there are discrepancies between your policy and this notice, the provisions of the policy shall prevail.

Should you have questions after reviewing the changes outlined below, please contact your independent agent. Thank you for your business.

**CLARIFICATION OF COVERAGE:**

If not already included on your expiring policy, then Employment-Related Practices Exclusion (BP 04 17 or BP 04 60) has been added to your renewal policy.

If you elected Employment-Related Practices Liability Coverage (BP 82 46), this exclusion form does not reduce coverage under your policy, but clarifies that Employment Related Practices exposures are covered under BP 82 46.

© 2015 Liberty Mutual Insurance

SNI 42 02 04 15

# TEXAS NOTICE - NOTIFICATION  OF THE AVAILABLITY OF
# LOSS CONTROL INFORMATION   SERVICES

We are committed  to providing  loss control  information/services,   at no charge, to Texas commercial  auto-mobile  liability,  general  liability  and professional  liability  policyholders  in an effort to prevent  and reduce  potential  claims and losses.

To obtain  further  information   about  these services,  please  contact  our Risk Control  Consulting  Center at 1 866 757 7324 or email  RCConsultingCenter@LibertyMutual.com.

© 2015 Liberty Mutual Insurance.

**Liberty Mutual.**
**INSURANCE**

Coverage is Provided In:
Ohio Security Insurance Company

**9450 Seward Road, Fairfield, Ohio 45014**

**Commercial Protector Common Policy Declarations**

Policy Number
**BZS (17) 57 61 64 46**

Policy Period:
**From 11/02/2016 To 11/02/2017**
*12:01 am Standard Time at Insured Mailing Location*

| Named Insured & Mailing Address | Agent Mailing Address & Phone No. |
|---|---|
| CLEARCOMM OF TAMPABAY, INC.<br>PO Box 10216<br>Largo, FL 33773 | (800) 444-1744<br>INSURANCE INTERMEDIARIES INC<br>280 N HIGH ST STE 300<br>COLUMBUS, OH 43215-2535 |

**Named Insured Is:** CORPORATION

**Named Insured Business Is:** CELL PHONE STORE

*In return for the payment of the premium, and subject to all the terms of this policy, we agree with you to provide the insurance as stated in this policy.*

## SUMMARY OF COVERAGE PARTS AND CHARGES

These Declarations together with the Businessowners Coverage Form (and other applicable forms and endorsements, if any, issued to form a part of them) complete this policy.

| COVERAGE PART | CHARGES |
|---|---|
| **Commercial Protector** | **$60,539.21** |

*Total Charges for all of the above coverage parts:*     **$60,539.21**
*Certified Acts of Terrorism Coverage:*    *$301.00*     **(Included)**

*Note: This is not a bill*

## IMPORTANT MESSAGES

- Equipment Breakdown Enhancement Is Included - See Policy Forms and Endorsements summary

| | |
|---|---|
| Servicing Office and Issue Date | Ohio Regional Office<br>11/15/16 |
| | Authorized Representative |

*To report a claim, call your Agent or 1-800-362-0000*

**DS 70 21 01 08**

**Liberty Mutual. INSURANCE**

Coverage is Provided In:
Ohio Security Insurance Company

**Common Policy Declarations**

Policy Number
**BZS (17) 57 61 64 46**

Policy Period:
**From 11/02/2016 To 11/02/2017**
*12:01 am Standard Time
at Insured Mailing Location*

| Named Insured | Agent |
|---|---|
| CLEARCOMM OF TAMPABAY, INC. | (800) 444-1744<br>INSURANCE INTERMEDIARIES INC |

## OTHER NAMED INSUREDS

See Named Insured Endorsement DS8804

## SUMMARY OF LOCATION(S) AND PREMIUM(S)

| | |
|---|---|
| 0001 3909 14th St NW, Washington, DC 20011-5438 | *$1,472.00* |
| 0002 2305 Benning Rd NE, Washington, DC 20002-4826 | *$1,337.00* |
| 0003 1346 Good Hope Rd SE, Washington, DC 20020-6910 | *$1,337.00* |
| 0004 1410 N Capitol St NW 1sf Flr, WASHINGTON, DC 20002 | *$1,493.00* |
| 0005 1903A Michigan Ave NE, Washington, DC 20018-3334 | *$1,337.00* |
| 0006 3232 Georgia Ave NW Suite102, WASHINGTON, DC 20010 | *$1,185.00* |
| 0007 6638 Reisterstown Rd Ste 12, Baltimore, MD 21215-2305 | *$479.00* |
| 0008 7730 Wise Ave, Dundalk, MD 21222-3200 | *$378.00* |
| 0009 6846 Liberty Rd, RANDALLSTOWN, MD 21133 | *$405.00* |
| 0010 5403 East Dr, Arbutus, MD 21227-2605 | *$405.00* |
| 0011 7000 Arundel Mills Circle 55, HANOVER, MD 21076 | *$368.00* |
| 0012 1134 S Charles St, Baltimore, MD 21230-4240 | *$546.00* |
| 0013 10300 Little Patuxent Parkway 65, COLUMBIA, MD 21044 | *$368.00* |
| 0014 7553 Ritchie Hwy, Glen Burnie, MD 21061-3716 | *$405.00* |
| 0015 6000 Greenbelt Rd Ste 52, Greenbelt, MD 20770-1018 | *$368.00* |
| 0016 3222 Greenmount Ave, Baltimore, MD 21218-3438 | *$546.00* |
| 0017 229 N Howard St, Baltimore, MD 21201-3555 | *$546.00* |
| 0018 8610 Washington Blvd Ste 106, Jessup, MD 20794-9601 | *$522.00* |
| 0019 400 West Lexington St E LM 10/11, BALTIMORE, MD 21201 | *$546.00* |

In witness whereof, we have caused this policy to be signed by our authorized officers.

Mark Touhey
Secretary

Paul Condrin
President

*To report a claim, call your Agent or 1-800-362-0000*
DS 70 21 11 16

Case 8:20-cv-01373-VMC-CPT   Document 1-1   Filed 06/15/20   Page 23 of 531 PageID 28

**Liberty Mutual.**
INSURANCE

Coverage is provided in:
Ohio Security Insurance Company

9450 Seward Road, Fairfield, Ohio 45014

**Commercial Protector Common Policy Declarations**

Policy Number
BZS  (17)  57 61 64 46

Policy Period:
From 11/02/2016 To 11/02/2017
12:01 am Standard Time
at Insured Mailing Location

| Named Insured | Agent |
|---|---|
| CLEARCOMM OF TAMPABAY, INC. | (800) 444-1744<br>INSURANCE INTERMEDIARIES INC |

## SUMMARY OF LOCATION(S) AND PREMIUM(S)  - CONTINUED

| | |
|---|---|
| 0020 5138 Park Heights Ave, Baltimore, MD 21215-5817 | $546.00 |
| 0021 114 E Patapsco Ave, Brooklyn, MD 21225-1745 | $546.00 |
| 0022 1640-1642 Pennsylvania Ave, Baltimore, MD 21217-3115 | $546.00 |
| 0023 6901 Security Blvd Ste 885, Windsor Mill, MD 21244-8415 | $368.00 |
| 0024 41 Shipping Pl Ste 1ST, Dundalk, MD 21222-4393 | $522.00 |
| 0025 10610 Baltimore Ave Unit B, Beltsville, MD 20705-2142 | $405.00 |
| 0026 8200 Perrry Hall Blvd 5517-5518, NOTTINGHAM, MD 21236 | $368.00 |
| 0027 7387A Baltimore-Annaplois Blvd, Glen Burnie, MD 21061-3222 | $730.00 |
| 0028 224 N Eutaw St, Baltimore, MD 21201-1709 | $546.00 |
| 0029 2463 Chillum Rd A-15, HYATTSVILLE, MD 20782 | $405.00 |
| 0030 950 Largo Town Center Dr No 2, UPPER MARLBORO, MD 20774 | $405.00 |
| 0031 14312 Spring Hill Dr, Spring Hill, FL 34609-5263 | $1,012.00 |
| 0032 1801 NW Us Highway 19, Crystal River, FL 34428-6133 | $1,024.00 |
| 0033 4548 S Suncoast Blvd, Homosassa, FL 34446-1103 | $1,072.00 |
| 0034 210 US HWY 41 S, INVERNESS, FL 34450 | $1,072.00 |
| 0035 5480 Spring Hill Dr, Spring Hill, FL 34606-4559 | $1,401.00 |
| 0036 8482 Lockwood Ridge Rd, Sarasota, FL 34243-2920 | $1,072.00 |
| 0037 4033 Mariner Blvd, Spring Hill, FL 34609-2467 | $1,072.00 |
| 0038 11051 Spring Hill Dr, Spring Hill, FL 34608-5049 | $1,401.00 |
| 0039 3780 Tampa Rd, Oldsmar, FL 34677-3041 | $1,072.00 |
| 0040 3386 Tampa Rd, Palm Harbor, FL 34684-3425 | $1,072.00 |
| 0041 6581 102nd Ave, PINELLAS PARK, FL 33782 | $1,072.00 |
| 0042 10091 Us Highway 19, Port Richey, FL 34668-3742 | $1,072.00 |
| 0043 1611 SE Us Highway 19, Crystal River, FL 34429-4830 | $1,171.00 |
| 0044 4385 Commercial Way, Weeki Wachee, FL 34606-1963 | $2,096.00 |
| 0045 1100 N Tuttle Ave Unit 4, Sarasota, FL 34237-3012 | $1,032.00 |
| 0046 6224 Commercial Way, Weeki Wachee, FL 34613-6325 | $1,072.00 |

*To report a claim, call your Agent or 1-800-362-0000*

**DS 70 21 11 16**

Case 8:20-cv-01373-VMC-CPT   Document 1   Filed 06/15/20   Page 24 of 531 PageID 29

Ohio Security Insurance Company

**9450 Seward Road, Fairfield, Ohio 45014**

**Liberty Mutual.**
**INSURANCE**

Policy Number
**BZS   (17)  57 61 64 46**

Policy Period:
**From 11/02/2016 To 11/02/2017**
*12:01 am Standard Time*
*at Insured Mailing Location*

**Commercial  Protector  Common
Policy  Declarations**

| Named Insured | Agent |
|---|---|
| CLEARCOMM  OF  TAMPABAY,  INC. | (800)  444-1744 |
| | INSURANCE  INTERMEDIARIES  INC |

## SUMMARY  OF  LOCATION(S) AND  PREMIUM(S)  - CONTINUED

| | |
|---|---|
| 0047 36948 State Road 54, Zephyrhills, FL 33541-6915 | *$1,072.00* |
| 0048 3023 Wade Hampton Blvd, Taylors, SC 29687-2700 | *$849.00* |
| 0049 201 Mauldin St, Greenville, SC 29601 | *$458.00* |
| 0050 1779 Woodruff Rd SteB, GREENVILLE, SC 29607 | *$458.00* |
| 0051 1170 Woodruff Rd, Greenville, SC 29607-4154 | *$458.00* |
| 0052 609 White Horse Rd, Greenville, SC 29605-3531 | *$409.00* |
| 0053 704 Easley Bridge Rd, Greenville, SC 29611-5124 | *$458.00* |
| 0054 2501 Paxton St, Harrisburg, PA 17111-1034 | *$1,037.00* |
| 0055 921 N 3rd St, Harrisburg, PA 17102-2064 | *$497.00* |
| 0056 4600 Jonestown Rd, Harrisburg, PA 17109-6214 | *$446.00* |
| 0057 910 Great Bridge Blvd, Chesapeake, VA 23320-6642 | *$601.00* |
| 0058 810 High St, Portsmouth, VA 23704-3334 | *$1,190.00* |
| 0059 43 Hidenwood Shopping Ctr, Newport News, VA 23606-2200 | *$576.00* |
| 0060 1075 George Washington Hwy S, Chesapeake, VA 23323-6339 | *$601.00* |
| 0061 4200 Portsmouth Blvd, Chesapeake, VA 23321-2100 | *$601.00* |
| 0062 171 W Ocean View Ave, Norfolk, VA 23503-1502 | *$615.00* |
| 0063 1241 Frederick Blvd, Portsmouth, VA 23707-4124 | *$601.00* |
| 0064 404 E High St, Carlisle, PA 17013-2606 | *$663.00* |
| 0065 4702 Carlisle Pike Ste 28, Mechanicsburg, PA 17050-3099 | *$497.00* |
| 0066 570 W Washington St, Greenville, SC 29601-1923 | *$409.00* |
| 0067 9125 Riggs Rd, Adelphi, MD 20783-1637 | *$405.00* |
| 0068 2230 Veirs Mill Rd, Rockville, MD 20851-1827 | *$405.00* |
| 0069 1052 MAIDEN CHOICE LANE, ARBUTUS, MD 21227 | *$405.00* |
| 0070 5284 Randolph Rd, Rockville, MD 20852-2116 | *$405.00* |
| 0071 4739 Westland Blvd, Arbutus, MD 21227-1320 | *$321.00* |
| 0072 820 Largo Center Dr, Upper Marlboro, MD 20774-3705 | *$405.00* |
| 0073 9 W Patapsco Ave, Baltimore, MD 21225-1604 | *$546.00* |

*To report a claim, call your Agent or 1-800-362-0000*

**DS 70 21 11 16**

Case 8:20-cv-01373-VMC-CPT   Document 1-1   Filed 06/15/20   Page 25 of 531 PageID 30

**Liberty Mutual.**
INSURANCE

*Coverage is provided in:*
Ohio Security Insurance Company

9450 Seward Road, Fairfield, Ohio 45014

Commercial Protector Common
Policy Declarations

Policy Number
BZS   (17)  57 61 64 46
Policy Period:
From 11/02/2016 To 11/02/2017
*12:01 am Standard Time
at Insured Mailing Location*

| Named Insured | Agent |
|---|---|
| CLEARCOMM OF TAMPABAY, INC. | (800) 444-1744<br>INSURANCE INTERMEDIARIES INC |

## SUMMARY OF LOCATION(S) AND PREMIUM(S)  - CONTINUED

| | |
|---|---|
| 0074 6776 Reisterstown Rd, Baltimore, MD 21215-2346 | **$546.00** |
| 0075 3765 Old Court Rd, Baltimore, MD 21208-3902 | **$405.00** |
| 0076 801 Hungerford Dr, Rockville, MD 20850-1727 | **$405.00** |
| 0077 807 Bowman St, Lebanon, PA 17046-8430 | **$497.00** |
| 0078 2701 Macarthur Rd, Whitehall, PA 18052-3632 | **$497.00** |
| 0079 1600 Lincoln Way E Unit C, Chambersburg, PA 17202-3346 | **$528.00** |
| 0080 2429 Easton-Nazareth Road, EASTON, PA 18045 | **$528.00** |
| 0081 1200 Market St Unit 368, Lemoyne, PA 17043-1417 | **$547.00** |
| 0082 1604 S 4th St, Allentown, PA 18103-4922 | **$497.00** |
| 0083 9846 Liberty Rd, Randallstown, MD 21133-2007 | **$405.00** |
| 0084 5562 Silver Hill Rd, District Heights, MD 20747-1104 | **$405.00** |
| 0085 900 E Mccart St, Krum, TX 76249-7165 | **$391.00** |
| 0086 4428 Youree Dr, Shreveport, LA 71105-3621 | **$420.00** |

## POLICY FORMS AND ENDORSEMENTS

This section lists the Forms and Endorsements for your policy. Refer to these documents as needed for detailed information concerning your coverage.

| FORM NUMBER | TITLE |
|---|---|
| BP 00 03 07 13 | Businessowners Coverage Form |
| BP 01 18 11 14 | Texas Changes |
| BP 01 21 03 15 | South Carolina Changes |
| BP 01 30 03 12 | Louisana Changes |
| BP 01 32 10 15 | Virginia Changes |
| BP 01 42 03 15 | Pennsylvania Changes |
| BP 01 59 08 08 | Water Exclusion Endorsement |
| BP 01 64 01 15 | Maryland Changes |
| BP 01 82 07 02 | District of Columbia Changes |
| BP 01 91 07 02 | Pennsylvania Notice |
| BP 03 03 03 16 | Florida Changes |

*To report a claim,  call  your Agent or  1-800-362-0000*

**DS 70 21 11 16**

Case 8:20-cv-01373-VMC-CPT   Document 1-1   Filed 06/15/20   Page 26 of 531 PageID 31

**Liberty Mutual.**
INSURANCE

Coverage is provided in:
Ohio Security Insurance Company

**9450 Seward Road, Fairfield, Ohio 45014**

**Commercial Protector Common Policy Declarations**

| Named Insured | Agent |
|---|---|
| CLEARCOMM OF TAMPABAY, INC. | (800) 444-1744<br>INSURANCE INTERMEDIARIES INC |

## POLICY FORMS AND ENDORSEMENTS - CONTINUED

This section lists the Forms and Endorsements for your policy. Refer to these documents as needed for detailed information concerning your coverage.

| FORM NUMBER | TITLE |
|---|---|
| BP 03 11 02 12 | Florida - Sinkhole Loss Coverage |
| BP 03 12 01 06 | Windstorm or Hail Percentage Deductibles |
| BP 03 12 01 10 | Windstorm or Hail Percentage Deductibles |
| BP 03 16 01 10 | South Carolina Windstorm or Hail Percentage Deductibles |
| BP 04 02 07 13 | Additional Insured - Managers or Lessors of Premises |
| BP 04 04 01 06 | Hired Auto and Non-Owned Auto Liability |
| BP 04 04 01 10 | Hired Auto and Non-Owned Auto Liability |
| BP 04 17 01 10 | Employment - Related Practices Exclusion |
| BP 04 51 07 13 | Additional Insured - Owners, Lessees Or Contractors - With Additional Insured Required In Construction Contract |
| BP 04 97 01 06 | Waiver Of Transfer Of Rights Of Recovery Against Others To Us |
| BP 05 23 01 15 | Cap On Losses From Certified Acts Of Terrorism |
| BP 05 77 01 06 | Fungi or Bacteria Exclusion (Liability) |
| BP 05 90 01 06 | Fungi or Bacteria Exclusion (Liability) |
| BP 12 03 01 10 | Loss Payable Clauses |
| BP 12 16 07 02 | Virginia - Effective Time Changes - Replacement of 12 Noon |
| BP 12 17 07 02 | Virginia Changes - Time Period |
| BP 14 88 07 13 | Primary And Noncontributory - Other Insurance Condition |
| BP 15 04 05 14 | Exclusion - Access Or Disclosure Of Confidential Or Personal Information And Data-Related Liability - With Limited Bodily Injury Exception |
| BP 17 02 07 13 | Condominium Commercial Unit-Owners Coverage |
| BP 70 02 01 01 | General Endorsement |
| BP 79 74 02 08 | Amendment of Pollution Exclusion (Premises) |
| BP 79 74 07 13 | Amendment of Pollution Exclusion (Premises) |
| BP 79 96 07 10 | Businessowners Liability Extension Endorsement |
| BP 79 96 07 13 | Businessowners Liability Extension Endorsement |
| BP 79 96 09 16 | Businessowners Liability Extension Endorsement |
| BP 80 79 01 07 | Texas Equipment Breakdown Amendatory Endorsement |
| BP 81 15 03 11 | Exclusion - Asbestos |
| BP 81 18 01 07 | Medical Expense At Your Request Endorsement |
| BP 82 37 08 15 | Equipment Breakdown Coverage Endorsement |

*To report a claim, call your Agent or 1-800-362-0000*

**DS 70 21 11 16**

**Liberty Mutual.** INSURANCE

*Coverage is provided in:*
Ohio Security Insurance Company

**9450 Seward Road, Fairfield, Ohio 45014**

**Commercial Protector Common Policy Declarations**

Policy Number:
**BZS   (17)  57 61 64 46**

Policy Period:
**From 11/02/2016 To 11/02/2017**
*12:01 am Standard Time*
*at Insured Mailing Location*

| Named Insured | Agent |
|---|---|
| CLEARCOMM OF TAMPABAY, INC. | (800) 444-1744 |
| | INSURANCE INTERMEDIARIES INC |

## POLICY FORMS AND ENDORSEMENTS - CONTINUED

This section lists the Forms and Endorsements for your policy. Refer to these documents as needed for detailed information concerning your coverage.

| FORM NUMBER | TITLE |
|---|---|
| BP 82 85 07 13 | Virginia - Businessowners Liability Extension Endorsement |
| BP 88 02 06 09 | Limitation - Time Element Coverage (Windstorm or Hail) |
| BP 88 04 03 12 | Exclusion - Professional Services |
| BP 88 04 03 14 | Exclusion - Professional Services (Real Estate Agents, Insurance Agents, Travel Agents, Financial Services, Computer Software, Insurance Operations) |
| BP 88 04 06 09 | Exclusion - Professional Services |
| BP 88 12 03 14 | Data Compromise Coverage |
| BP 88 16 06 09 | Business Income Changes - 24 Hour Time Period |
| BP 88 19 07 10 | Businessowners Property Endorsement |
| BP 88 19 07 13 | Businessowners Property Endorsement |
| BP 88 19 09 16 | Businessowners Property Endorsement |
| BP 88 55 07 15 | Virginia Changes Amendment |
| BP 88 77 07 13 | Identity Theft Administrative Services and Expense Coverage |
| BP 88 78 07 13 | Business Personal Property Limit - Automatic Increase |
| BP 88 90 03 14 | CyberOne Coverage |
| BP 89 03 08 15 | Maryland Equipment Breakdown Coverage Endorsement |
| BP 89 08 06 16 | Louisiana Uninsured Motorists Coverage (Includes Underinsured Motorist) - Bodily Injury |
| NP 89 48 10 13 | Louisiana - Uninsured/Underinsured Motorists Bodily Injury Coverage Form |

This page intentionally left blank.

**Liberty Mutual.**
**INSURANCE**

*Coverage is provided in*
Ohio Security Insurance Company

Policy Number
**BZS (17)  57 61 64 46**

Policy Period:
**From 11/02/2016 To 11/02/2017**
*12:01 am Standard Time*
*at Insured Mailing Location*

**Commercial   Protector**
**Policy   Declarations**

| Named Insured | Agent |
|---|---|
| CLEARCOMM  OF  TAMPABAY,  INC. | (800) 444-1744<br>INSURANCE INTERMEDIARIES INC |

## SUMMARY  OF LIMITS AND CHARGES

**Businessowners Liability Limits of Insurance**

| DESCRIPTION | LIMIT |
|---|---|
| Liability and Medical Expenses - Occurrence | 1,000,000 |
| Aggregate Limits of Insurance | |
| Products-Completed Operations | 2,000,000 |
| Other than Products-Completed Operations | 2,000,000 |
| Broadened Coverage For Damage To Premises Rented To You | 1,000,000 |
| Medical Expenses (Any One Person) | 15,000 |

**Explanation of Charges**

| DESCRIPTION | PREMIUM |
|---|---|
| Businessowners Location(s) Total | $59,674.00 |
| Businessowners Other Coverage(s) Total | $533.00 |
| FL Emergency Management, Preparedness & Assistance Trust Fund Surcharge | $4.00 |
| FL Fire College Trust Fund Assessment | $19.82 |
| LA FAIR Plan 2005 Emergency Assessment | $7.39 |
| Certified Acts of Terrorism Coverage | $301.00 |

*Total Charges:*  **$60,539.21**
*Note: This is not a bill*

*To report a claim,  call  your Agent or  1-800-362-0000*

**DS 70 22 01 08**

**Liberty Mutual.**
**INSURANCE**

Coverage is provided in
Ohio Security Insurance Company

Policy Number
**BZS (17)  57 61 64 46**

Policy Period:
**From 11/02/2016 To 11/02/2017**
*12:01 am Standard Time*
*at Insured Mailing Location*

**Commercial   Protector**
**Declarations   Schedule**

| Named Insured | Agent |
|---|---|
| CLEARCOMM OF TAMPABAY, INC. | (800) 444-1744<br>INSURANCE INTERMEDIARIES INC |

## SUMMARY OF COVERAGES BY LOCATION

**0001   3909 14th St NW, Washington, DC 20011-5438**

| Property Characteristics | Description: |
|---|---|
| | **Construction:** Masonry Non-Combustible |

| Business Personal Property Coverage | **Occupancy:** Phone Stores - No Auto Installation - Retail |
|---|---|

| DESCRIPTION | |
|---|---|
| Limit of Insurance | $60,000 |
| **Covered Causes of Loss** | |
| Special Form | |
| Deductible | $1,000 |
| Deductible - Windstorm or Hail | 5% |
| Automatic Increase Business Personal Property | 2% |
| *Premium* | *$1,337.00* |

| Additional Insured | DESCRIPTION |
|---|---|
| | **Managers or Lessors of Premises** |
| | See Endorsement |
| | *Premium*  *$135.00* |

*To report a claim, call your Agent or 1-800-362-0000*

**DS 70 23 01 08**

of 376

30



**Liberty Mutual.**
**INSURANCE**

Coverage is provided in the
Ohio Security Insurance Company

Policy Number
**BZS (17) 57 61 64 46**

Policy Period:
**From 11/02/2016 To 11/02/2017**
*12:01 am Standard Time*
*at Insured Mailing Location*

**Commercial   Protector**
**Declarations   Schedule**

**Named Insured**

CLEARCOMM OF TAMPABAY, INC.

**Agent**

(800) 444-1744
INSURANCE INTERMEDIARIES INC

## SUMMARY OF COVERAGES BY LOCATION - CONTINUED

**0002    2305 Benning Rd NE, Washington,  DC 20002-4826**

| **Property Characteristics** | **Description:** |
|---|---|
| | **Construction:** Masonry Non-Combustible |

**Business Personal Property Coverage**

**Occupancy:** Phone Stores - No Auto Installation - Retail

| **DESCRIPTION** | |
|---|---|
| Limit of Insurance | **$60,000** |
| **Covered Causes of Loss** | |
| Special Form | |
| Deductible | **$1,000** |
| Deductible - Windstorm or Hail | **5%** |
| Automatic Increase Business Personal Property | **2%** |
| *Premium* | ***$1,337.00*** |

**0003    1346 Good Hope Rd SE, Washington,  DC 20020-6910**

| **Property Characteristics** | **Description:** |
|---|---|
| | **Construction:** Masonry Non-Combustible |

*To report a claim,  call  your Agent or  1-800-362-0000*

**DS 70 23 01 08**

**Liberty Mutual.** INSURANCE

Coverage is provided in
Ohio Security Insurance Company

Policy Number
**BZS (17) 57 61 64 46**

Policy Period:
**From 11/02/2016 To 11/02/2017**

*12:01 am Standard Time at Insured Mailing Location*

**Commercial Protector
Declarations Schedule**

| Named Insured | Agent |
|---|---|
| CLEARCOMM OF TAMPABAY, INC. | (800) 444-1744 |
| | INSURANCE INTERMEDIARIES INC |

## SUMMARY OF COVERAGES BY LOCATION - CONTINUED

*Continuation of 0003 1346 Good Hope Rd SE, Washington, DC 20020-6910*

**Business Personal Property Coverage**

**Occupancy:** Phone Stores - No Auto Installation - Retail

| **DESCRIPTION** | |
|---|---|
| Limit of Insurance | **$60,000** |
| **Covered Causes of Loss** | |
| Special Form | |
| Deductible | **$1,000** |
| Deductible - Windstorm or Hail | 5% |
| Automatic Increase Business Personal Property | 2% |
| | *Premium* **$1,337.00** |

*0004* 1410 N Capitol St NW 1sf Flr, WASHINGTON,DC 20002

**Property Characteristics**

**Description:**

**Construction:** Joisted Masonry

---

*To report a claim, call your Agent or 1-800-362-0000*

**DS 70 23 01 08**



Coverage is provided in
Ohio Security Insurance Company

Policy Number
**BZS (17) 57 61 64 46**

Policy Period:
**From 11/02/2016 To 11/02/2017**
*12:01 am Standard Time*
*at Insured Mailing Location*

**Commercial Protector**
**Declarations Schedule**

| Named Insured | Agent |
|---|---|
| CLEARCOMM OF TAMPABAY, INC. | (800) 444-1744 <br> INSURANCE INTERMEDIARIES INC |

## SUMMARY OF COVERAGES BY LOCATION - CONTINUED

*Continuation of 0004 1410 N Capitol St NW 1sf Flr, WASHINGTON, DC 20002*

**Business Personal Property Coverage**

**Occupancy:** Phone Stores - No Auto Installation - Retail

| DESCRIPTION | |
|---|---|
| Limit of Insurance | $60,000 |
| **Covered Causes of Loss** | |
| Special Form | |
| Deductible | $1,000 |
| Deductible - Windstorm or Hail | 5% |
| Automatic Increase Business Personal Property | 2% |
| *Premium* | *$1,493.00* |

---

*0005 1903A Michigan Ave NE, Washington, DC 20018-3334*

**Property Characteristics**

Description:

_____

**Construction:** Masonry Non-Combustible

---

*To report a claim, call your Agent or 1-800-362-0000*

**DS 70 23 01 08**

## Liberty Mutual. INSURANCE

Coverage is provided in
Ohio Security Insurance Company

Policy Number
**BZS (17) 57 61 64 46**

Policy Period:
**From 11/02/2016 To 11/02/2017**
*12:01 am Standard Time*
*at Insured Mailing Location*

**Commercial Protector**
**Declarations Schedule**

| Named Insured | Agent |
|---|---|
| CLEARCOMM OF TAMPABAY, INC. | (800) 444-1744 |
| | INSURANCE INTERMEDIARIES INC |

## SUMMARY OF COVERAGES BY LOCATION - CONTINUED

*Continuation of 0005 1903A Michigan Ave NE, Washington, DC 20018-3334*

**Business Personal Property Coverage**

**Occupancy:** Phone Stores - No Auto Installation - Retail

| DESCRIPTION | |
|---|---|
| Limit of Insurance | $60,000 |
| **Covered Causes of Loss** | |
| Special Form | |
| Deductible | $1,000 |
| Deductible - Windstorm or Hail | 5% |
| Automatic Increase Business Personal Property | 2% |
| *Premium* | *$1,337.00* |

*0006 3232 Georgia Ave NW Suite102, WASHINGTON, DC 20010*

**Property Characteristics**

Description:

**Construction:** Fire Resistive

*To report a claim, call your Agent or 1-800-362-0000*

DS 70 23 01 08



Ohio Security Insurance Company

Policy Number
**BZS (17) 57 61 64 46**

Policy Period:
**From 11/02/2016 To 11/02/2017**
*12:01 am Standard Time*
*at Insured Mailing Location*

**Commercial Protector**
**Declarations Schedule**

| Named Insured | Agent |
|---|---|
| CLEARCOMM OF TAMPABAY, INC. | (800) 444-1744 |
| | INSURANCE INTERMEDIARIES INC |

## SUMMARY OF COVERAGES BY LOCATION - CONTINUED

*Continuation of 0006 3232 Georgia Ave NW Suite102, WASHINGTON, DC 20010*

**Business Personal Property Coverage**

**Occupancy:** Phone Stores - No Auto Installation - Retail

| DESCRIPTION | |
|---|---|
| Limit of Insurance | $60,000 |
| **Covered Causes of Loss** | |
| Special Form | |
| Deductible | $1,000 |
| Deductible - Windstorm or Hail | 5% |
| Automatic Increase Business Personal Property | 2% |
| *Premium* | *$1,185.00* |

*0007  6638 Reisterstown Rd Ste 12, Baltimore,  MD 21215-2305*

**Property Characteristics**

**Description:**

**Construction:** Fire Resistive

*To report a claim,  call your Agent or 1-800-362-0000*

DS 70 23 01 08

## Liberty Mutual
### INSURANCE

Coverage is provided in:
Ohio Security Insurance Company

**Commercial   Protector**
**Declarations   Schedule**

Policy Number:
**BZS (17)  57 61 64 46**

Policy Period:
**From 11/02/2016 To 11/02/2017**
*12:01 am Standard Time*
*at Insured Mailing Location*

| Named Insured | Agent |
|---|---|
| CLEARCOMM OF TAMPABAY, INC. | (800) 444-1744 |
| | INSURANCE INTERMEDIARIES INC |

## SUMMARY OF COVERAGES BY LOCATION - CONTINUED

*Continuation of 0007 6638 Reisterstown Rd Ste 12, Baltimore, MD 21215-2305*

**Business Personal Property Coverage**

**Occupancy:** Phone Stores - No Auto Installation - Retail

| DESCRIPTION | |
|---|---|
| Limit of Insurance | $60,000 |
| **Covered Causes of Loss** | |
| Special Form | |
| Deductible | $1,000 |
| Deductible - Windstorm or Hail | 5% |
| Automatic Increase Business Personal Property | 2% |
| *Premium* | *$479.00* |

---

*0008   7730 Wise Ave, Dundalk, MD 21222-3200*

**Property Characteristics**

**Description:**

**Construction:** Masonry Non-Combustible

---

*To report a claim, call your Agent or 1-800-362-0000*

**DS 70 23 01 08**

| | | | | | | |
|---|---|---|---|---|---|---|
| 11/15/16 | 57616446 | N0164234 | 560 | OCAOPPNO | AGENT COPY | 005687   PAGE 36 OF 376 |

**Liberty Mutual INSURANCE**

Coverage is provided in
Ohio Security Insurance Company

Policy Number
**BZS (17) 57 61 64 46**

Policy Period:
**From 11/02/2016 To 11/02/2017**
*12:01 am Standard Time*
*at Insured Mailing Location*

**Commercial Protector**
**Declarations Schedule**

| Named Insured | Agent |
|---|---|
| CLEARCOMM OF TAMPABAY, INC. | (800) 444-1744 |
| | INSURANCE INTERMEDIARIES INC |

## SUMMARY OF COVERAGES BY LOCATION - CONTINUED

*Continuation of 0008 7730 Wise Ave, Dundalk, MD 21222-3200*

**Business Personal Property Coverage**

**Occupancy:** Phone Stores - No Auto Installation - Retail

| DESCRIPTION | |
|---|---|
| Limit of Insurance | $60,000 |
| **Covered Causes of Loss** | |
| Special Form | |
| Deductible | $1,000 |
| Deductible - Windstorm or Hail | 5% |
| Automatic Increase Business Personal Property | 2% |
| *Premium* | **$378.00** |

---

*0009    6846 Liberty Rd, RANDALLSTOWN,MD 21133*

**Property Characteristics**

**Description:**

**Construction:** Masonry Non-Combustible

---

*To report a claim, call your Agent or 1-800-362-0000*

**DS 70 23 01 08**

**Liberty Mutual.**
INSURANCE

Coverage is provided in
Ohio Security Insurance Company

Policy Number
**BZS (17) 57 61 64 46**

Policy Period:
**From 11/02/2016 To 11/02/2017**
*12:01 am Standard Time*
*at Insured Mailing Location*

**Commercial  Protector
Declarations  Schedule**

| Named Insured | Agent |
|---|---|
| CLEARCOMM OF TAMPABAY, INC. | (800) 444-1744 |
| | INSURANCE INTERMEDIARIES INC |

## SUMMARY OF COVERAGES BY LOCATION - CONTINUED

*Continuation of 0009 6846 Liberty Rd, RANDALLSTOWN, MD 21133*

**Business
Personal
Property Coverage**

**Occupancy:** Phone Stores - No Auto Installation - Retail

| DESCRIPTION | |
|---|---|
| Limit of Insurance | $60,000 |
| **Covered Causes of Loss** | |
| Special Form | |
| Deductible | $1,000 |
| Deductible - Windstorm or Hail | 5% |
| Automatic Increase Business Personal Property | 2% |
| *Premium* | *$405.00* |

**0010   5403 East Dr, Arbutus, MD 21227-2605**

**Property
Characteristics**

**Description:**

**Construction:** Masonry Non-Combustible

*To report a claim, call your Agent or 1-800-362-0000*

**DS 70 23 01 08**

**Liberty Mutual.**
**INSURANCE**

Coverage is provided in
Ohio Security Insurance Company

Policy Number
**BZS (17)  57 61 64 46**

Policy Period:
**From 11/02/2016 To 11/02/2017**
*12:01 am Standard Time
at Insured Mailing Location*

**Commercial   Protector
Declarations   Schedule**

| Named Insured | Agent |
|---|---|
| CLEARCOMM OF TAMPABAY, INC. | (800) 444-1744 |
| | INSURANCE INTERMEDIARIES INC |



## SUMMARY OF COVERAGES BY LOCATION - CONTINUED

*Continuation of 0010 5403 East Dr, Arbutus, MD 21227-2605*

**Business Personal Property Coverage**

**Occupancy:** Phone Stores - No Auto Installation - Retail

| DESCRIPTION | |
|---|---|
| Limit of Insurance | $60,000 |
| **Covered Causes of Loss** | |
| Special Form | |
| Deductible | $1,000 |
| Deductible - Windstorm or Hail | 5% |
| Automatic Increase Business Personal Property | 2% |
| *Premium* | *$405.00* |

*0011   7000 Arundel Mills Circle 55, HANOVER, MD 21076*

**Property Characteristics**

Description:

**Construction:** Fire Resistive

*To report a claim, call your Agent or 1-800-362-0000*

**DS 70 23 01 08**

**Liberty Mutual. INSURANCE**

Coverage is provided in
Ohio Security Insurance Company

Policy Number
**BZS (17)  57 61 64 46**

Policy Period:
**From 11/02/2016 To 11/02/2017**
*12:01 am Standard Time
at Insured Mailing Location*

**Commercial   Protector
Declarations   Schedule**

| Named Insured | Agent |
|---|---|
| CLEARCOMM OF TAMPABAY, INC. | (800) 444-1744<br>INSURANCE INTERMEDIARIES INC |

## SUMMARY OF COVERAGES BY LOCATION - CONTINUED

*Continuation of 0011 7000 Arundel Mills Circle 55, HANOVER, MD 21076*

**Business Personal Property Coverage**

**Occupancy:** Phone Stores - No Auto Installation - Retail

**DESCRIPTION**

| | |
|---|---|
| Limit of Insurance | $60,000 |
| **Covered Causes of Loss** | |
| Special Form | |
| Deductible | $1,000 |
| Deductible - Windstorm or Hail | 5% |
| Automatic Increase Business Personal Property | 2% |
| *Premium* | *$368.00* |

*0012   1134 S Charles St, Baltimore, MD 21230-4240*

**Property Characteristics**

Description:
_____

**Construction:** Masonry Non-Combustible

*To report a claim, call your Agent or 1-800-362-0000*

**DS 70 23 01 08**

Coverage is provided in
Ohio Security Insurance Company

**Commercial Protector**
**Declarations Schedule**

Policy Number
**BZS (17) 57 61 64 46**

Policy Period:
**From 11/02/2016 To 11/02/2017**
*12:01 am Standard Time*
*at Insured Mailing Location*

**Liberty Mutual.**
INSURANCE

| Named Insured | Agent |
|---|---|
| CLEARCOMM OF TAMPABAY, INC. | (800) 444-1744 |
| | INSURANCE INTERMEDIARIES INC |

## SUMMARY OF COVERAGES BY LOCATION - CONTINUED

*Continuation of 0012 1134 S Charles St, Baltimore, MD 21230-4240*

**Business Personal Property Coverage**

**Occupancy:** Phone Stores - No Auto Installation - Retail

| DESCRIPTION | |
|---|---|
| Limit of Insurance | $60,000 |
| **Covered Causes of Loss** | |
| Special Form | |
| Deductible | $1,000 |
| Deductible - Windstorm or Hail | 5% |
| Automatic Increase Business Personal Property | 2% |
| *Premium* | *$546.00* |

*0013 10300 Little Patuxent Parkway 65, COLUMBIA, MD 21044*

**Property Characteristics**

**Description:**

**Construction:** Fire Resistive

*To report a claim, call your Agent or 1-800-362-0000*

**DS 70 23 01 08**

**Liberty Mutual.**
INSURANCE

*Coverage is provided in*
Ohio Security Insurance Company

Policy Number
**BZS (17) 57 61 64 46**

Policy Period:
**From 11/02/2016 To 11/02/2017**
*12:01 am Standard Time*
*at Insured Mailing Location*

**Commercial Protector**
**Declarations Schedule**

| Named Insured | Agent |
|---|---|
| CLEARCOMM OF TAMPABAY, INC. | (800) 444-1744<br>INSURANCE INTERMEDIARIES INC |

## SUMMARY OF COVERAGES BY LOCATION - CONTINUED

*Continuation of 0013 10300 Little Patuxent Parkway 65, COLUMBIA, MD 21044*

**Business Personal Property Coverage**

**Occupancy:** Phone Stores - No Auto Installation - Retail

| DESCRIPTION | |
|---|---|
| Limit of Insurance | $60,000 |
| **Covered Causes of Loss** | |
| Special Form | |
| Deductible | $1,000 |
| Deductible - Windstorm or Hail | 5% |
| Automatic Increase Business Personal Property | 2% |
| *Premium* | *$368.00* |

*0014  7553 Ritchie Hwy, Glen Burnie, MD 21061-3716*

**Property Characteristics**

**Description:**

**Construction:** Masonry Non-Combustible

*To report a claim, call your Agent or 1-800-362-0000*

**DS 70 23 01 08**

**Liberty Mutual.**
INSURANCE

Coverage is provided in
Ohio Security Insurance Company

Policy Number
**BZS (17) 57 61 64 46**

Policy Period:
**From 11/02/2016 To 11/02/2017**
*12:01 am Standard Time*
*at Insured Mailing Location*

**Commercial Protector**
**Declarations Schedule**

| Named Insured | Agent |
|---|---|
| CLEARCOMM OF TAMPABAY, INC. | (800) 444-1744 |
| | INSURANCE INTERMEDIARIES INC |

## SUMMARY OF COVERAGES BY LOCATION - CONTINUED



*Continuation of 0014 7553 Ritchie Hwy, Glen Burnie, MD 21061-3716*

**Business Personal Property Coverage**

**Occupancy:** Phone Stores - No Auto Installation - Retail

| DESCRIPTION | |
|---|---|
| Limit of Insurance | $60,000 |
| **Covered Causes of Loss** | |
| Special Form | |
| Deductible | $1,000 |
| Deductible - Windstorm or Hail | 5% |
| Automatic Increase Business Personal Property | 2% |
| *Premium* | *$405.00* |

---

*0015    6000 Greenbelt Rd Ste 52, Greenbelt, MD 20770-1018*

**Property Characteristics**

**Description:**

**Construction:** Fire Resistive

---

*To report a claim, call your Agent or 1-800-362-0000*

**DS 70 23 01 08**

**Liberty Mutual.**
**INSURANCE**

Coverage is provided in
Ohio Security Insurance Company

Policy Number
**BZS (17) 57 61 64 46**

Policy Period:
**From 11/02/2016 To 11/02/2017**
*12:01 am Standard Time*
*at Insured Mailing Location*

**Commercial Protector**
**Declarations Schedule**

| Named Insured | Agent |
|---|---|
| CLEARCOMM OF TAMPABAY, INC. | (800) 444-1744<br>INSURANCE INTERMEDIARIES INC |

## SUMMARY OF COVERAGES BY LOCATION - CONTINUED

*Continuation of 0015 6000 Greenbelt Rd Ste 52, Greenbelt, MD 20770-1018*

**Business Personal Property Coverage**

**Occupancy:** Phone Stores - No Auto Installation - Retail

| **DESCRIPTION** | |
|---|---|
| Limit of Insurance | $60,000 |
| **Covered Causes of Loss** | |
| Special Form | |
| Deductible | $1,000 |
| Deductible - Windstorm or Hail | 5% |
| Automatic Increase Business Personal Property | 2% |
| *Premium* | *$368.00* |

*0016*   *3222 Greenmount Ave, Baltimore, MD 21218-3438*

**Property Characteristics**

**Description:**

**Construction:** Masonry Non-Combustible

---

*To report a claim, call your Agent or 1-800-362-0000*

**DS 70 23 01 08**

**Liberty Mutual.**
INSURANCE

Ohio Security Insurance Company

Policy Number:
**BZS (17)  57 61 64 46**

Policy Period:
**From 11/02/2016 To 11/02/2017**
*12:01 am Standard Time*
*at Insured Mailing Location*

**Commercial   Protector**
**Declarations   Schedule**

| Named Insured | Agent |
|---|---|
| CLEARCOMM OF TAMPABAY, INC. | (800) 444-1744 |
| | INSURANCE INTERMEDIARIES INC |

## SUMMARY OF COVERAGES BY LOCATION - CONTINUED

*Continuation of 0016 3222 Greenmount Ave, Baltimore, MD 21218-3438*

**Business Personal Property Coverage**

**Occupancy:** Phone Stores - No Auto Installation - Retail

| DESCRIPTION | |
|---|---|
| Limit of Insurance | $60,000 |
| **Covered Causes of Loss** | |
| Special Form | |
| Deductible | $1,000 |
| Deductible - Windstorm or Hail | 5% |
| Automatic Increase Business Personal Property | 2% |
| *Premium* | **$546.00** |

*0017   229 N Howard St, Baltimore,  MD 21201-3555*

**Property Characteristics**

**Description:**

**Construction:** Masonry Non-Combustible

*To report a claim,  call  your Agent or  1-800-362-0000*

**DS 70 23 01 08**

**Liberty Mutual.**
INSURANCE

Coverage is provided in
Ohio Security Insurance Company

Policy Number
**BZS (17) 57 61 64 46**
Policy Period:
**From 11/02/2016 To 11/02/2017**
*12:01 am Standard Time
at Insured Mailing Location*

**Commercial Protector
Declarations Schedule**

| Named Insured | Agent |
|---|---|
| CLEARCOMM OF TAMPABAY, INC. | (800) 444-1744 <br> INSURANCE INTERMEDIARIES INC |

## SUMMARY OF COVERAGES BY LOCATION - CONTINUED

*Continuation of 0017 229 N Howard St, Baltimore, MD 21201-3555*

**Business Personal Property Coverage**

**Occupancy:** Phone Stores - No Auto Installation - Retail

**DESCRIPTION**

| | |
|---|---|
| Limit of Insurance | $60,000 |
| **Covered Causes of Loss** | |
| Special Form | |
| Deductible | $1,000 |
| Deductible - Windstorm or Hail | 5% |
| Automatic Increase Business Personal Property | 2% |
| *Premium* | *$546.00* |

*0018   8610 Washington Blvd Ste 106,  Jessup, MD 20794-9601*

**Property Characteristics**

**Description:**

**Construction:** Joisted Masonry

---

*To report a claim,  call  your Agent or  1-800-362-0000*

**DS 70 23 01 08**

**Liberty Mutual.**
**INSURANCE**

Coverage is provided in
Ohio Security Insurance Company

Policy Number
**BZS (17) 57 61 64 46**

Policy Period:
**From 11/02/2016 To 11/02/2017**
*12:01 am Standard Time*
*at Insured Mailing Location*

**Commercial   Protector**
**Declarations   Schedule**

| Named Insured | Agent |
|---|---|
| CLEARCOMM OF TAMPABAY, INC. | (800) 444-1744 |
| | INSURANCE INTERMEDIARIES INC |

## SUMMARY OF COVERAGES BY LOCATION - CONTINUED

*Continuation of 0018 8610 Washington Blvd Ste 106, Jessup, MD 20794-9601*

**Business Personal Property Coverage**

**Occupancy:** Phone Stores - No Auto Installation - Retail

| DESCRIPTION | |
|---|---|
| Limit of Insurance | $60,000 |
| **Covered Causes of Loss** | |
| Special Form | |
| Deductible | $1,000 |
| Deductible - Windstorm or Hail | 5% |
| Automatic Increase Business Personal Property | 2% |
| **Premium** | **$522.00** |

0019   400 West Lexington St E LM 10/11
       1-74-CU
       BALTIMORE, MD 21201

**Property Characteristics**

**Description:**

**Construction:** Masonry Non-Combustible

*To report a claim, call your Agent or 1-800-362-0000*

**DS 70 23 01 08**

**Liberty Mutual.**
INSURANCE

Coverage is provided in
Ohio Security Insurance Company

Policy Number:
**BZS (17) 57 61 64 46**
Policy Period:
**From 11/02/2016 To 11/02/2017**
*12:01 am Standard Time
at Insured Mailing Location*

**Commercial Protector
Declarations Schedule**

| Named Insured | Agent |
|---|---|
| CLEARCOMM OF TAMPABAY, INC. | (800) 444-1744 |
| | INSURANCE INTERMEDIARIES INC |

## SUMMARY OF COVERAGES BY LOCATION - CONTINUED

*Continuation of 0019400 West Lexington St E LM 10/11
1-74-CU
BALTIMORE, MD 21201*

**Business
Personal
Property Coverage**

**Occupancy:** Phone Stores - No Auto Installation - Retail

| DESCRIPTION | |
|---|---|
| Limit of Insurance | **$60,000** |
| **Covered Causes of Loss** | |
| Special Form | |
| Deductible | **$1,000** |
| Deductible - Windstorm or Hail | **5%** |
| Automatic Increase Business Personal Property | **2%** |
| *Premium* | *$546.00* |

**0020    5138 Park Heights Ave, Baltimore, MD 21215-5817**

**Property
Characteristics**

**Description:**

**Construction:** Masonry Non-Combustible

*To report a claim, call your Agent or 1-800-362-0000*

**DS 70 23 01 08**

**Liberty Mutual.**
**INSURANCE**

Coverage is provided in
Ohio Security Insurance Company

Policy Number
**BZS (17) 57 61 64 46**
Policy Period:
**From 11/02/2016 To 11/02/2017**
*12:01 am Standard Time
at Insured Mailing Location*

**Commercial Protector
Declarations Schedule**

| Named Insured | Agent |
|---|---|
| CLEARCOMM OF TAMPABAY, INC. | (800) 444-1744 |
| | INSURANCE INTERMEDIARIES INC |

## SUMMARY OF COVERAGES BY LOCATION - CONTINUED

*Continuation of 0020 5138 Park Heights Ave, Baltimore, MD 21215-5817*

**Business
Personal
Property Coverage**

**Occupancy:** Phone Stores - No Auto Installation - Retail

**DESCRIPTION**

| | |
|---|---|
| Limit of Insurance | $60,000 |
| **Covered Causes of Loss** | |
| Special Form | |
| Deductible | $1,000 |
| Deductible - Windstorm or Hail | 5% |
| Automatic Increase Business Personal Property | 2% |
| *Premium* | **$546.00** |

*0021* 114 E Patapsco Ave, Brooklyn, MD 21225-1745

**Property
Characteristics**

**Description:**

**Construction:** Masonry Non-Combustible

*To report a claim, call your Agent or 1-800-362-0000*

**DS 70 23 01 08**

**Liberty Mutual.**
**INSURANCE**

Coverage is provided in
Ohio Security Insurance Company

Policy Number
**BZS (17) 57 61 64 46**
Policy Period:
**From 11/02/2016 To 11/02/2017**
*12:01 am Standard Time
at Insured Mailing Location*

**Commercial Protector
Declarations Schedule**

| Named Insured | Agent |
|---|---|
| CLEARCOMM OF TAMPABAY, INC. | (800) 444-1744 |
| | INSURANCE INTERMEDIARIES INC |

## SUMMARY OF COVERAGES BY LOCATION - CONTINUED

*Continuation of 0021 114 E Patapsco Ave, Brooklyn, MD 21225-1745*

**Business Personal Property Coverage**

**Occupancy:** Phone Stores - No Auto Installation - Retail

| DESCRIPTION | |
|---|---|
| Limit of Insurance | $60,000 |
| **Covered Causes of Loss** | |
| Special Form | |
| Deductible | $1,000 |
| Deductible - Windstorm or Hail | 5% |
| Automatic Increase Business Personal Property | 2% |
| *Premium* | *$546.00* |

*0022 1640-1642 Pennsylvania Ave, Baltimore, MD 21217-3115*

**Property Characteristics**

**Description:**

**Construction:** Masonry Non-Combustible

*To report a claim, call your Agent or 1-800-362-0000*

**DS 70 23 01 08**



Coverage is provided in

Ohio Security Insurance Company

Policy Number
**BZS (17) 57 61 64 46**
Policy Period:
**From 11/02/2016 To 11/02/2017**
*12:01 am Standard Time
at Insured Mailing Location*

**Liberty Mutual.**
**INSURANCE**

**Commercial   Protector**
**Declarations   Schedule**

| Named Insured | Agent |
|---|---|
| CLEARCOMM OF TAMPABAY, INC. | (800) 444-1744 |
| | INSURANCE INTERMEDIARIES INC |

## SUMMARY OF COVERAGES BY LOCATION - CONTINUED

*Continuation of 0022 1640-1642 Pennsylvania Ave, Baltimore, MD 21217-3115*

**Business Personal Property Coverage**

**Occupancy:** Phone Stores - No Auto Installation - Retail

| DESCRIPTION | |
|---|---|
| Limit of Insurance | $60,000 |
| **Covered Causes of Loss** | |
| Special Form | |
| Deductible | $1,000 |
| Deductible - Windstorm or Hail | 5% |
| Automatic Increase Business Personal Property | 2% |
| *Premium* | *$546.00* |

*0023   6901 Security Blvd Ste 885, Windsor Mill, MD 21244-8415*

**Property Characteristics**

**Description:**

**Construction:** Fire Resistive

*To report a claim, call your Agent or 1-800-362-0000*

**DS 70 23 01 08**

57616446   005687   560   of 376   51

**Liberty Mutual.**
INSURANCE

*Coverage is provided in*
Ohio Security Insurance Company

Policy Number
**BZS (17) 57 61 64 46**

Policy Period:
**From 11/02/2016 To 11/02/2017**
*12:01 am Standard Time*
*at Insured Mailing Location*

**Commercial Protector
Declarations Schedule**

| Named Insured | Agent |
|---|---|
| CLEARCOMM OF TAMPABAY, INC. | (800) 444-1744<br>INSURANCE INTERMEDIARIES INC |

## SUMMARY OF COVERAGES BY LOCATION - CONTINUED

*Continuation of 0023 6901 Security Blvd Ste 885, Windsor Mill, MD 21244-8415*

**Business Personal Property Coverage**

**Occupancy:** Phone Stores - No Auto Installation - Retail

**DESCRIPTION**

| | |
|---|---|
| Limit of Insurance | $60,000 |
| **Covered Causes of Loss** | |
| Special Form | |
| Deductible | $1,000 |
| Deductible - Windstorm or Hail | 5% |
| Automatic Increase Business Personal Property | 2% |
| *Premium* | *$368.00* |

*0024   41 Shipping Pl Ste 1ST, Dundalk, MD 21222-4393*

**Property Characteristics**

Description:

**Construction:** Joisted Masonry

*To report a claim, call your Agent or 1-800-362-0000*

**DS 70 23 01 08**

**Liberty Mutual.**
**INSURANCE**

Coverage is provided in:
Ohio Security Insurance Company

Policy Number
**BZS (17) 57 61 64 46**

Policy Period:
**From 11/02/2016 To 11/02/2017**
*12:01 am Standard Time
at Insured Mailing Location*

**Commercial    Protector**
**Declarations    Schedule**

| Named Insured | Agent |
|---|---|
| CLEARCOMM OF TAMPABAY, INC. | (800) 444-1744 |
| | INSURANCE INTERMEDIARIES INC |

## SUMMARY OF COVERAGES BY LOCATION - CONTINUED

*Continuation of 0024 41 Shipping Pl Ste 1ST, Dundalk, MD 21222-4393*

**Business Personal Property Coverage**

**Occupancy:** Phone Stores - No Auto Installation - Retail

| DESCRIPTION | |
|---|---|
| Limit of Insurance | $60,000 |
| **Covered Causes of Loss** | |
| Special Form | |
| Deductible | $1,000 |
| Deductible - Windstorm or Hail | 5% |
| Automatic Increase Business Personal Property | 2% |
| *Premium* | *$522.00* |

*0025    10610 Baltimore Ave Unit B, Beltsville, MD 20705-2142*

**Property Characteristics**

Description:

**Construction:** Masonry Non-Combustible

*To report a claim, call your Agent or 1-800-362-0000*

**DS 70 23 01 08**

**Liberty Mutual.**
**INSURANCE**

Coverage is provided in
Ohio Security Insurance Company

Policy Number
**BZS (17)  57 61 64 46**

Policy Period:
**From 11/02/2016 To 11/02/2017**
*12:01 am Standard Time*
*at Insured Mailing Location*

**Commercial   Protector**
**Declarations   Schedule**

| Named Insured | Agent |
|---|---|
| CLEARCOMM OF TAMPABAY, INC. | (800) 444-1744<br>INSURANCE INTERMEDIARIES INC |

## SUMMARY OF COVERAGES BY LOCATION - CONTINUED

*Continuation of 0025 10610 Baltimore Ave Unit B, Beltsville, MD 20705-2142*

**Business Personal Property Coverage**

**Occupancy:** Phone Stores - No Auto Installation - Retail

| DESCRIPTION | |
|---|---|
| Limit of Insurance | $60,000 |
| **Covered Causes of Loss** | |
| Special Form | |
| Deductible | $1,000 |
| Deductible - Windstorm or Hail | 5% |
| Automatic Increase Business Personal Property | 2% |
| *Premium* | *$405.00* |

---

**0026    8200 Perrry Hall Blvd 5517-5518,   NOTTINGHAM, MD 21236**

**Property Characteristics**

**Description:**

**Construction:** Fire Resistive

---

*To report a claim,  call your Agent or  1-800-362-0000*

**DS 70 23 01 08**

Case 8:20-cv-01373-VMC-CPT   Document 1-1   Filed 06/15/20   Page 55 of 531 PageID 60

Ohio Security Insurance Company

**Liberty Mutual.**
**INSURANCE**

Policy Number
**BZS (17)  57 61 64 46**

Policy Period:
**From 11/02/2016 To 11/02/2017**
*12:01 am Standard Time*
*at Insured Mailing Location*

**Commercial   Protector**
**Declarations   Schedule**

| Named Insured | Agent |
|---|---|
| CLEARCOMM OF TAMPABAY, INC. | (800) 444-1744 |
| | INSURANCE INTERMEDIARIES INC |

## SUMMARY OF COVERAGES BY LOCATION - CONTINUED

*Continuation of 0026 8200 Perrry Hall Blvd 5517-5518, NOTTINGHAM, MD 21236*

**Business
Personal
Property Coverage**

**Occupancy:** Phone Stores - No Auto Installation - Retail

**DESCRIPTION**

| | |
|---|---|
| Limit of Insurance | $60,000 |
| **Covered Causes of Loss** | |
| Special Form | |
| Deductible | $1,000 |
| Deductible - Windstorm or Hail | 5% |
| Automatic Increase Business Personal Property | 2% |
| *Premium* | *$368.00* |

---

*0027   7387A Baltimore-Annaplois Blvd, Glen Burnie, MD 21061-3222*

**Property
Characteristics**

**Description:**

**Construction:** Fire Resistive

---

*To report a claim, call your Agent or 1-800-362-0000*

**DS 70 23 01 08**

**Liberty Mutual.**
**INSURANCE**

Coverage is provided in
Ohio Security Insurance Company

Policy Number
**BZS (17) 57 61 64 46**
Policy Period:
**From 11/02/2016 To 11/02/2017**
*12:01 am Standard Time*
*at Insured Mailing Location*

**Commercial Protector**
**Declarations Schedule**

| Named Insured | Agent |
|---|---|
| CLEARCOMM OF TAMPABAY, INC. | (800) 444-1744 |
| | INSURANCE INTERMEDIARIES INC |

## SUMMARY OF COVERAGES BY LOCATION - CONTINUED

*Continuation of 0027 7387A Baltimore-Annaplois Blvd, Glen Burnie, MD 21061-3222*

**Business Personal Property Coverage**

**Occupancy:** Phone Stores - No Auto Installation - Retail

**DESCRIPTION**

| | |
|---|---|
| Limit of Insurance | $130,000 |
| **Covered Causes of Loss** | |
| Special Form | |
| Deductible | $1,000 |
| Deductible - Windstorm or Hail | 5% |
| Automatic Increase Business Personal Property | 2% |
| *Premium* | *$730.00* |

0028    224 N Eutaw St, Baltimore, MD 21201-1709

**Property Characteristics**

Description:

**Construction:** Masonry Non-Combustible

*To report a claim, call your Agent or 1-800-362-0000*

DS 70 23 01 08

11/15/16    57616446    N0164234    560    OCAOPPNO    AGENT COPY    005687    PAGE 56 OF 376

Case 8:20-cv-01373-VMC-CPT Document 1-1 Filed 06/15/20 Page 57 of 531 PageID 62



**Liberty Mutual.**
INSURANCE

Ohio Security Insurance Company

Policy Number
**BZS (17) 57 61 64 46**

Policy Period:
**From 11/02/2016 To 11/02/2017**
*12:01 am Standard Time*
*at Insured Mailing Location*

**Commercial Protector**
**Declarations Schedule**

| Named Insured | Agent |
|---|---|
| CLEARCOMM OF TAMPABAY, INC. | (800) 444-1744<br>INSURANCE INTERMEDIARIES INC |

## SUMMARY OF COVERAGES BY LOCATION - CONTINUED

*Continuation of 0028 224 N Eutaw St, Baltimore, MD 21201-1709*

**Business Personal Property Coverage**

**Occupancy:** Phone Stores - No Auto Installation - Retail

| **DESCRIPTION** | |
|---|---|
| Limit of Insurance | $60,000 |
| **Covered Causes of Loss** | |
| Special Form | |
| Deductible | $1,000 |
| Deductible - Windstorm or Hail | 5% |
| Automatic Increase Business Personal Property | 2% |
| *Premium* | *$546.00* |

---

0029    2463 Chillum Rd A-15, HYATTSVILLE, MD 20782

**Property Characteristics**

Description:

_____

**Construction:** Masonry Non-Combustible

*To report a claim, call your Agent or 1-800-362-0000*

**DS 70 23 01 08**

**Liberty Mutual. INSURANCE**

Coverage is provided in
Ohio Security Insurance Company

Policy Number
**BZS (17) 57 61 64 46**

Policy Period:
**From 11/02/2016 To 11/02/2017**
*12:01 am Standard Time
at Insured Mailing Location*

**Commercial Protector
Declarations Schedule**

| Named Insured | Agent |
|---|---|
| CLEARCOMM OF TAMPABAY, INC. | (800) 444-1744<br>INSURANCE INTERMEDIARIES INC |

## SUMMARY OF COVERAGES BY LOCATION - CONTINUED

*Continuation of 0029 2463 Chillum Rd A-15, HYATTSVILLE, MD 20782*

**Business Personal Property Coverage**

**Occupancy:** Phone Stores - No Auto Installation - Retail

| **DESCRIPTION** | |
|---|---|
| Limit of Insurance | $60,000 |
| **Covered Causes of Loss** | |
| Special Form | |
| Deductible | $1,000 |
| Deductible - Windstorm or Hail | 5% |
| Automatic Increase Business Personal Property | 2% |
| *Premium* | *$405.00* |

**0030    950 Largo Town Center Dr No 2, UPPER MARLBORO, MD 20774**

**Property Characteristics**

**Description:**

**Construction:** Masonry Non-Combustible

*To report a claim, call your Agent or 1-800-362-0000*

**DS 70 23 01 08**

**Liberty Mutual.**
INSURANCE

Coverage is provided in

Ohio Security Insurance Company

Policy Number
**BZS (17)  57 61 64 46**

Policy Period:
**From 11/02/2016 To 11/02/2017**
*12:01 am Standard Time
at Insured Mailing Location*

**Commercial   Protector
Declarations   Schedule**

| Named Insured | Agent |
|---|---|
| CLEARCOMM OF TAMPABAY, INC. | (800) 444-1744 |
| | INSURANCE INTERMEDIARIES INC |

## SUMMARY OF COVERAGES BY LOCATION - CONTINUED

*Continuation of 0030 950 Largo Town Center Dr No 2, UPPER MARLBORO, MD 20774*

**Business
Personal
Property Coverage**

**Occupancy:** Phone Stores - No Auto Installation - Retail

**DESCRIPTION**

| | |
|---|---|
| Limit of Insurance | $60,000 |
| **Covered Causes of Loss** | |
| Special Form | |
| Deductible | $1,000 |
| Deductible - Windstorm or Hail | 5% |
| Automatic Increase Business Personal Property | 2% |
| *Premium* | *$405.00* |

---

*0031   14312 Spring Hill Dr, Spring Hill, FL 34609-5263*

**Property
Characteristics**

**Description:**

**Construction:** Masonry Non-Combustible

*To report a claim, call your Agent or 1-800-362-0000*

**DS 70 23 01 08**

**Liberty Mutual.**
INSURANCE

Coverage is provided in
Ohio Security Insurance Company

Policy Number
**BZS (17)  57 61 64 46**

Policy Period:
**From 11/02/2016 To 11/02/2017**
*12:01 am Standard Time*
*at Insured Mailing Location*

**Commercial   Protector**
**Declarations   Schedule**

**Named Insured**

CLEARCOMM OF TAMPABAY, INC.

**Agent**

(800) 444-1744
INSURANCE INTERMEDIARIES INC

## SUMMARY OF COVERAGES BY LOCATION - CONTINUED

*Continuation of 0031 14312 Spring Hill Dr, Spring Hill, FL 34609-5263*

**Business Personal Property Coverage**

**Occupancy:** Phone Stores - No Auto Installation - Retail

**DESCRIPTION**

| | |
|---|---|
| Limit of Insurance | $60,000 |
| **Covered Causes of Loss** | |
| Special Form | |
| Deductible | $1,000 |
| Deductible - Windstorm or Hail | 5% |
| | *Premium* **$1,012.00** |

---

**0032   1801 NW Us Highway 19, Crystal River, FL 34428-6133**

**Property Characteristics**

**Description:**

**Construction:** Fire Resistive

**Business Personal Property Coverage**

**Occupancy:** Phone Stores - No Auto Installation - Retail

**DESCRIPTION**

| | |
|---|---|
| Limit of Insurance | $60,000 |
| **Covered Causes of Loss** | |
| Special Form | |
| Deductible | $1,000 |
| Deductible - Windstorm or Hail | 5% |
| | *Premium* **$1,024.00** |

---

*To report a claim, call your Agent or 1-800-362-0000*

**DS 70 23 01 08**

**Liberty Mutual.**
**INSURANCE**

Coverage is provided in
Ohio Security Insurance Company

Policy Number
**BZS (17) 57 61 64 46**

Policy Period:
**From 11/02/2016 To 11/02/2017**
*12:01 am Standard Time*
*at Insured Mailing Location*

**Commercial Protector**
**Declarations Schedule**

| Named Insured | Agent |
|---|---|
| CLEARCOMM OF TAMPABAY, INC. | (800) 444-1744<br>INSURANCE INTERMEDIARIES INC |

## SUMMARY OF COVERAGES BY LOCATION - CONTINUED

**0033   4548 S Suncoast Blvd, Homosassa, FL 34446-1103**

**Property Characteristics**

Description:

_____

Construction: Masonry Non-Combustible

**Business Personal Property Coverage**

Occupancy: Phone Stores - No Auto Installation - Retail

### DESCRIPTION

| | |
|---|---|
| Limit of Insurance | **$60,000** |
| **Covered Causes of Loss** | |
| Special Form | |
| Deductible | **$1,000** |
| Deductible - Windstorm or Hail | **5%** |
| *Premium* | **$1,072.00** |

**0034   210 US HWY 41 S, INVERNESS, FL 34450**

**Property Characteristics**

Description:

_____

Construction: Masonry Non-Combustible

*To report a claim, call your Agent or 1-800-362-0000*

**DS 70 23 01 08**

**Liberty Mutual.**
**INSURANCE**

Coverage is provided in the
Ohio Security Insurance Company

Policy Number
BZS (17) 57 61 64 46
Policy Period:
**From 11/02/2016 To 11/02/2017**
*12:01 am Standard Time
at Insured Mailing Location*

**Commercial Protector**
**Declarations Schedule**

| **Named Insured** | **Agent** |
|---|---|
| CLEARCOMM OF TAMPABAY, INC. | (800) 444-1744 INSURANCE INTERMEDIARIES INC |

## SUMMARY OF COVERAGES BY LOCATION - CONTINUED

*Continuation of 0034 210 US HWY 41 S, INVERNESS,FL 34450*

**Business Personal Property Coverage**

**Occupancy:** Phone Stores - No Auto Installation - Retail

**DESCRIPTION**

| | |
|---|---|
| Limit of Insurance | $60,000 |
| **Covered Causes of Loss** | |
| Special Form | |
| Deductible | $1,000 |
| Deductible - Windstorm or Hail | 5% |
| *Premium* | **$1,072.00** |

*0035    5480 Spring Hill Dr, Spring Hill, FL 34606-4559*

**Property Characteristics**

**Description:**

**Construction:** Joisted Masonry

**Business Personal Property Coverage**

**Occupancy:** Phone Stores - No Auto Installation - Retail

**DESCRIPTION**

| | |
|---|---|
| Limit of Insurance | $60,000 |
| **Covered Causes of Loss** | |
| Special Form | |
| Deductible | $1,000 |
| Deductible - Windstorm or Hail | 5% |
| *Premium* | **$1,401.00** |

*To report a claim, call your Agent or 1-800-362-0000*

DS 70 23 01 08

of 376

62

**Liberty Mutual.**
**INSURANCE**

Coverage is provided in
Ohio Security Insurance Company

Policy Number
**BZS (17)  57 61 64 46**

Policy Period:
**From 11/02/2016 To 11/02/2017**
*12:01 am Standard Time*
*at Insured Mailing Location*

**Commercial   Protector**
**Declarations   Schedule**

| Named Insured | Agent |
|---|---|
| CLEARCOMM OF TAMPABAY, INC. | (800) 444-1744 |
|  | INSURANCE INTERMEDIARIES INC |

## SUMMARY OF COVERAGES BY LOCATION - CONTINUED

**0036   8482 Lockwood Ridge Rd, Sarasota, FL 34243-2920**

**Property Characteristics**

Description:

Construction: Masonry Non-Combustible

**Business Personal Property Coverage**

Occupancy: Phone Stores - No Auto Installation - Retail

| DESCRIPTION | |
|---|---|
| Limit of Insurance | $60,000 |
| **Covered Causes of Loss** | |
| Special Form | |
| Deductible | $1,000 |
| Deductible - Windstorm or Hail | 5% |
| *Premium* | **$1,072.00** |

**0037   4033 Mariner Blvd, Spring Hill, FL 34609-2467**

**Property Characteristics**

Description:

Construction: Masonry Non-Combustible

*To report a claim, call your Agent or 1-800-362-0000*

**DS 70 23 01 08**

**Liberty Mutual.**
INSURANCE

Coverage is provided in
Ohio Security Insurance Company

Policy Number
BZS (17) 57 61 64 46

Policy Period:
**From 11/02/2016 To 11/02/2017**
*12:01 am Standard Time
at Insured Mailing Location*

**Commercial Protector
Declarations Schedule**

| Named Insured | Agent |
|---|---|
| CLEARCOMM OF TAMPABAY, INC. | (800) 444-1744<br>INSURANCE INTERMEDIARIES INC |

## SUMMARY OF COVERAGES BY LOCATION - CONTINUED

*Continuation of 0037 4033 Mariner Blvd, Spring Hill, FL 34609-2467*

**Business
Personal
Property Coverage**

**Occupancy:** Phone Stores - No Auto Installation - Retail

**DESCRIPTION**

| | |
|---|---|
| Limit of Insurance | $60,000 |
| **Covered Causes of Loss** | |
| Special Form | |
| Deductible | $1,000 |
| Deductible - Windstorm or Hail | 5% |
| *Premium* | **$1,072.00** |

*0038   11051 Spring Hill Dr, Spring Hill, FL 34608-5049*

**Property
Characteristics**

**Description:**

**Construction:** Joisted Masonry

**Business
Personal
Property Coverage**

**Occupancy:** Phone Stores - No Auto Installation - Retail

**DESCRIPTION**

| | |
|---|---|
| Limit of Insurance | $60,000 |
| **Covered Causes of Loss** | |
| Special Form | |
| Deductible | $1,000 |
| Deductible - Windstorm or Hail | 5% |
| *Premium* | **$1,401.00** |

*To report a claim, call your Agent or 1-800-362-0000*

DS 70 23 01 08

**Liberty Mutual** INSURANCE

Coverage is provided in
Ohio Security Insurance Company

Policy Number
**BZS (17) 57 61 64 46**

Policy Period:
**From 11/02/2016 To 11/02/2017**
*12:01 am Standard Time
at Insured Mailing Location*

**Commercial Protector
Declarations Schedule**

| Named Insured | Agent |
|---|---|
| CLEARCOMM OF TAMPABAY, INC. | (800) 444-1744 <br> INSURANCE INTERMEDIARIES INC |

## SUMMARY OF COVERAGES BY LOCATION - CONTINUED

**0039 3780 Tampa Rd, Oldsmar, FL 34677-3041**

**Property Characteristics**

Description:

Construction: Masonry Non-Combustible

**Business Personal Property Coverage**

Occupancy: Phone Stores - No Auto Installation - Retail

| DESCRIPTION | |
|---|---|
| Limit of Insurance | **$60,000** |
| **Covered Causes of Loss** | |
| Special Form | |
| Deductible | **$1,000** |
| Deductible - Windstorm or Hail | **5%** |
| *Premium* | **$1,072.00** |

**0040 3386 Tampa Rd, Palm Harbor, FL 34684-3425**

**Property Characteristics**

Description:

Construction: Masonry Non-Combustible

*To report a claim, call your Agent or 1-800-362-0000*

**DS 70 23 01 08**

**Liberty Mutual.**
INSURANCE

*Coverage is provided in*
Ohio Security Insurance Company

Policy Number
**BZS (17) 57 61 64 46**

Policy Period:
**From 11/02/2016 To 11/02/2017**
*12:01 am Standard Time
at Insured Mailing Location*

**Commercial Protector
Declarations Schedule**

**Named Insured**

CLEARCOMM OF TAMPABAY, INC.

**Agent**

(800) 444-1744
INSURANCE INTERMEDIARIES INC

## SUMMARY OF COVERAGES BY LOCATION - CONTINUED

*Continuation of 0040 3386 Tampa Rd, Palm Harbor, FL 34684-3425*

**Business
Personal
Property Coverage**

**Occupancy:** Phone Stores - No Auto Installation - Retail

| DESCRIPTION | |
|---|---|
| Limit of Insurance | $60,000 |
| **Covered Causes of Loss** | |
| Special Form | |
| Deductible | $1,000 |
| Deductible - Windstorm or Hail | 5% |
| *Premium* | **$1,072.00** |

**0041  6581 102nd Ave, PINELLASPARK, FL 33782**

**Property
Characteristics**

**Description:**

**Construction:** Masonry Non-Combustible

**Business
Personal
Property Coverage**

**Occupancy:** Phone Stores - No Auto Installation - Retail

| DESCRIPTION | |
|---|---|
| Limit of Insurance | $60,000 |
| **Covered Causes of Loss** | |
| Special Form | |
| Deductible | $1,000 |
| Deductible - Windstorm or Hail | 5% |
| *Premium* | **$1,072.00** |

*To report a claim, call your Agent or 1-800-362-0000*

**DS 70 23 01 08**

**Liberty Mutual.** 
INSURANCE

Coverage is provided in:
Ohio Security Insurance Company

Policy Number
**BZS (17) 57 61 64 46**

Policy Period:
**From 11/02/2016 To 11/02/2017**
*12:01 am Standard Time*
*at Insured Mailing Location*

**Commercial Protector**
**Declarations Schedule**

| Named Insured | Agent |
|---|---|
| CLEARCOMM OF TAMPABAY, INC. | (800) 444-1744 |
| | INSURANCE INTERMEDIARIES INC |

## SUMMARY OF COVERAGES BY LOCATION - CONTINUED

**0042    10091 Us Highway 19, Port Richey, FL 34668-3742**

**Property Characteristics**

Description:

_____

Construction: Masonry Non-Combustible

**Business Personal Property Coverage**

Occupancy: Phone Stores - No Auto Installation - Retail

| DESCRIPTION | |
|---|---|
| Limit of Insurance | **$60,000** |
| **Covered Causes of Loss** | |
| Special Form | |
| Deductible | **$1,000** |
| Deductible - Windstorm or Hail | **5%** |
| *Premium* | ***$1,072.00*** |

**0043    1611 SE Us Highway 19, Crystal River, FL 34429-4830**

**Property Characteristics**

Description:

_____

Construction: Masonry Non-Combustible

*To report a claim, call your Agent or 1-800-362-0000*

**DS 70 23 01 08**

**Liberty Mutual.**
INSURANCE

Coverage is provided in
Ohio Security Insurance Company

Policy Number
**BZS (17) 57 61 64 46**

Policy Period:
**From 11/02/2016 To 11/02/2017**
*12:01 am Standard Time
at Insured Mailing Location*

**Commercial Protector
Declarations Schedule**

| Named Insured | Agent |
|---|---|
| CLEARCOMM OF TAMPABAY, INC. | (800) 444-1744<br>INSURANCE INTERMEDIARIES INC |

## SUMMARY OF COVERAGES BY LOCATION - CONTINUED

*Continuation of 0043 1611 SE Us Highway 19, Crystal River, FL 34429-4830*

**Business Personal Property Coverage**

**Occupancy:** Phone Stores - No Auto Installation - Retail

**DESCRIPTION**

| | |
|---|---|
| Limit of Insurance | $60,000 |
| **Covered Causes of Loss** | |
| Special Form | |
| Deductible | $1,000 |
| Deductible - Windstorm or Hail | 5% |
| *Premium* | **$1,171.00** |

*0044 4385 Commercial Way, Weeki Wachee, FL 34606-1963*

**Property Characteristics**

**Description:**

**Construction:** Masonry Non-Combustible

**Business Personal Property Coverage**

**Occupancy:** Phone Stores - No Auto Installation - Retail

**DESCRIPTION**

| | |
|---|---|
| Limit of Insurance | $130,000 |
| **Covered Causes of Loss** | |
| Special Form | |
| Deductible | $1,000 |
| Deductible - Windstorm or Hail | 5% |
| *Premium* | **$2,096.00** |

*To report a claim, call your Agent or 1-800-362-0000*

**DS 70 23 01 08**

of 376

68

**Liberty Mutual.**
**INSURANCE**

Coverage is provided in
Ohio Security Insurance Company

Policy Number
**BZS (17) 57 61 64 46**

Policy Period:
**From 11/02/2016 To 11/02/2017**
*12:01 am Standard Time*
*at Insured Mailing Location*

**Commercial Protector**
**Declarations Schedule**

| Named Insured | Agent |
|---|---|
| CLEARCOMM OF TAMPABAY, INC. | (800) 444-1744 |
| | INSURANCE INTERMEDIARIES INC |

## SUMMARY OF COVERAGES BY LOCATION - CONTINUED

*0045   1100 N Tuttle Ave Unit 4, Sarasota, FL 34237-3012*

**Property Characteristics**

Description:

_____

**Construction:** Masonry Non-Combustible

**Business Personal Property Coverage**

**Occupancy:** Phone Stores - No Auto Installation - Retail

| DESCRIPTION | |
|---|---|
| Limit of Insurance | **$60,000** |
| **Covered Causes of Loss** | |
| Special Form | |
| Deductible | **$1,000** |
| Deductible - Windstorm or Hail | **5%** |

| | *Premium* | *$1,032.00* |
|---|---|---|

*0046   6224 Commercial Way, Weeki Wachee, FL 34613-6325*

**Property Characteristics**

Description:

_____

**Construction:** Masonry Non-Combustible

*To report a claim, call your Agent or 1-800-362-0000*

**DS 70 23 01 08**

**Liberty Mutual.**
INSURANCE

*Coverage is provided in*
Ohio Security Insurance Company

Policy Number
**BZS (17) 57 61 64 46**

Policy Period:
**From 11/02/2016 To 11/02/2017**
*12:01 am Standard Time*
*at Insured Mailing Location*

**Commercial Protector**
**Declarations Schedule**

| Named Insured | Agent |
|---|---|
| CLEARCOMM OF TAMPABAY, INC. | (800) 444-1744 |
| | INSURANCE INTERMEDIARIES INC |

## SUMMARY OF COVERAGES BY LOCATION - CONTINUED

*Continuation of 0046 6224 Commercial Way, Weeki Wachee, FL 34613-6325*

**Business Personal Property Coverage**

**Occupancy:** Phone Stores - No Auto Installation - Retail

| DESCRIPTION | |
|---|---|
| Limit of Insurance | $60,000 |
| **Covered Causes of Loss** | |
| Special Form | |
| Deductible | $1,000 |
| Deductible - Windstorm or Hail | 5% |
| | **Premium**     **$1,072.00** |

---

**0047 36948 State Road 54, Zephyrhills, FL 33541-6915**

**Property Characteristics**

| Description: | |
|---|---|

**Construction:** Masonry Non-Combustible

**Business Personal Property Coverage**

**Occupancy:** Phone Stores - No Auto Installation - Retail

| DESCRIPTION | |
|---|---|
| Limit of Insurance | $60,000 |
| **Covered Causes of Loss** | |
| Special Form | |
| Deductible | $1,000 |
| Deductible - Windstorm or Hail | 5% |
| | **Premium**     **$1,072.00** |

*To report a claim, call your Agent or 1-800-362-0000*

DS 70 23 01 08

**Liberty Mutual.**
**INSURANCE**

Coverage is provided in:
Ohio Security Insurance Company

Policy Number
**BZS (17) 57 61 64 46**
Policy Period:
**From 11/02/2016 To 11/02/2017**
*12:01 am Standard Time
at Insured Mailing Location*

**Commercial   Protector
Declarations   Schedule**

| Named Insured | Agent |
|---|---|
| CLEARCOMM OF TAMPABAY, INC. | (800) 444-1744<br>INSURANCE INTERMEDIARIES INC |

## SUMMARY OF COVERAGES BY LOCATION - CONTINUED

**0048    3023 Wade Hampton Blvd, Taylors, SC 29687-2700**

**Property Characteristics**

**Description:**

**Construction:** Masonry Non-Combustible

**Business Personal Property Coverage**

**Occupancy:** Phone Stores - No Auto Installation - Retail

| DESCRIPTION | |
|---|---|
| Limit of Insurance | **$130,000** |
| **Covered Causes of Loss** | |
| Special Form | |
| Deductible | **$1,000** |
| Deductible - Windstorm or Hail | **5%** |
| Automatic Increase Business Personal Property | **2%** |
| *Premium* | *$849.00* |

**0049    201 Mauldin St, Greenville, SC 29601**

**Property Characteristics**

**Description:**

**Construction:** Masonry Non-Combustible

*To report a claim, call your Agent or 1-800-362-0000*

**DS 70 23 01 08**

**Liberty Mutual.**
**INSURANCE**

Coverage is provided in
Ohio Security Insurance Company

Policy Number
**BZS (17) 57 61 64 46**
Policy Period:
**From 11/02/2016 To 11/02/2017**
*12:01 am Standard Time
at Insured Mailing Location*

**Commercial   Protector
Declarations   Schedule**

| Named Insured | Agent |
|---|---|
| CLEARCOMM OF TAMPABAY, INC. | (800) 444-1744<br>INSURANCE INTERMEDIARIES INC |

## SUMMARY OF COVERAGES BY LOCATION - CONTINUED

*Continuation of 0049 201 Mauldin St, Greenville, SC 29601*

**Business Personal Property Coverage**

**Occupancy:** Phone Stores - No Auto Installation - Retail

| DESCRIPTION | |
|---|---|
| Limit of Insurance | $60,000 |
| **Covered Causes of Loss** | |
| Special Form | |
| Deductible | $1,000 |
| Deductible - Windstorm or Hail | 5% |
| Automatic Increase Business Personal Property | 2% |
| *Premium* | *$458.00* |

**0050   1779 Woodruff Rd SteB, GREENVILLE,SC 29607**

**Property Characteristics**

**Description:**

**Construction:** Masonry Non-Combustible

---

*To report a claim, call your Agent or 1-800-362-0000*

**DS 70 23 01 08**

**Liberty Mutual.**
INSURANCE

Coverage is provided in
Ohio Security Insurance Company

Policy Number
**BZS (17) 57 61 64 46**
Policy Period:
**From 11/02/2016 To 11/02/2017**
*12:01 am Standard Time*
*at Insured Mailing Location*

**Commercial Protector**
**Declarations Schedule**

| Named Insured | Agent |
|---|---|
| CLEARCOMM OF TAMPABAY, INC. | (800) 444-1744<br>INSURANCE INTERMEDIARIES INC |

## SUMMARY OF COVERAGES BY LOCATION - CONTINUED

*Continuation of 0050 1779 Woodruff Rd SteB, GREENVILLE,SC 29607*

**Business Personal Property Coverage**

**Occupancy:** Phone Stores - No Auto Installation - Retail

| DESCRIPTION | |
|---|---|
| Limit of Insurance | $60,000 |
| **Covered Causes of Loss** | |
| Special Form | |
| Deductible | $1,000 |
| Deductible - Windstorm or Hail | 5% |
| Automatic Increase Business Personal Property | 2% |
| *Premium* | *$458.00* |

*0051 1170 Woodruff Rd, Greenville, SC 29607-4154*

**Property Characteristics**

**Description:**

**Construction:** Masonry Non-Combustible

*To report a claim, call your Agent or 1-800-362-0000*

**DS 70 23 01 08**

**Liberty Mutual.**
INSURANCE

Coverage is provided in
Ohio Security Insurance Company

Policy Number
**BZS (17) 57 61 64 46**
Policy Period:
**From 11/02/2016 To 11/02/2017**
*12:01 am Standard Time*
*at Insured Mailing Location*

**Commercial    Protector**
**Declarations    Schedule**

| Named Insured | Agent |
|---|---|
| CLEARCOMM OF TAMPABAY, INC. | (800) 444-1744 |
| | INSURANCE INTERMEDIARIES INC |

## SUMMARY OF COVERAGES BY LOCATION - CONTINUED

*Continuation of 0051 1170 Woodruff Rd, Greenville, SC 29607-4154*

**Business Personal Property Coverage**

**Occupancy:** Phone Stores - No Auto Installation - Retail

**DESCRIPTION**

| | |
|---|---|
| Limit of Insurance | $60,000 |
| **Covered Causes of Loss** | |
| Special Form | |
| Deductible | $1,000 |
| Deductible - Windstorm or Hail | 5% |
| Automatic Increase Business Personal Property | 2% |
| *Premium* | *$458.00* |

---

*0052    609 White Horse Rd, Greenville,  SC 29605-3531*

**Property Characteristics**

Description:

Construction: Masonry Non-Combustible

---

*To report a claim,  call your Agent or  1-800-362-0000*

**DS 70 23 01 08**

**Liberty Mutual.** INSURANCE

Coverage is provided in  
Ohio Security Insurance Company

Policy Number  
**BZS (17) 57 61 64 46**  
Policy Period:  
**From 11/02/2016 To 11/02/2017**  
*12:01 am Standard Time  
at Insured Mailing Location*

**Commercial Protector  
Declarations Schedule**

| Named Insured | Agent |
|---|---|
| CLEARCOMM OF TAMPABAY, INC. | (800) 444-1744<br>INSURANCE INTERMEDIARIES INC |

## SUMMARY OF COVERAGES BY LOCATION - CONTINUED

*Continuation of 0052 609 White Horse Rd, Greenville, SC 29605-3531*

**Business Personal Property Coverage**

**Occupancy:** Phone Stores - No Auto Installation - Retail

### DESCRIPTION

| | |
|---|---|
| Limit of Insurance | $60,000 |
| **Covered Causes of Loss** | |
| Special Form | |
| Deductible | $1,000 |
| Deductible - Windstorm or Hail | 5% |
| Automatic Increase Business Personal Property | 2% |
| *Premium* | *$409.00* |

---

*0053 704 Easley Bridge Rd, Greenville, SC 29611-5124*

**Property Characteristics**

Description:

Construction: Masonry Non-Combustible

---

*To report a claim, call your Agent or 1-800-362-0000*

**DS 70 23 01 08**

**Liberty Mutual. INSURANCE**

Coverage is provided in

Ohio Security Insurance Company

Policy Number
**BZS (17) 57 61 64 46**

Policy Period:
**From 11/02/2016 To 11/02/2017**
*12:01 am Standard Time*
*at Insured Mailing Location*

**Commercial Protector**
**Declarations Schedule**

| Named Insured | Agent |
|---|---|
| CLEARCOMM OF TAMPABAY, INC. | (800) 444-1744 |
| | INSURANCE INTERMEDIARIES INC |

## SUMMARY OF COVERAGES BY LOCATION - CONTINUED

*Continuation of 0053 704 Easley Bridge Rd, Greenville, SC 29611-5124*

**Business Personal Property Coverage**

**Occupancy:** Phone Stores - No Auto Installation - Retail

### DESCRIPTION

| | |
|---|---|
| Limit of Insurance | $60,000 |
| **Covered Causes of Loss** | |
| Special Form | |
| Deductible | $1,000 |
| Deductible - Windstorm or Hail | 5% |
| Automatic Increase Business Personal Property | 2% |
| *Premium* | *$458.00* |

---

**0054 2501 Paxton St, Harrisburg, PA 17111-1034**

**Property Characteristics**

**Description:**

**Construction:** Masonry Non-Combustible

---

*To report a claim, call your Agent or 1-800-362-0000*

**DS 70 23 01 08**

**Liberty Mutual. INSURANCE**

Coverage is provided in
Ohio Security Insurance Company

Policy Number:
**BZS (17)  57 61 64 46**
Policy Period:
**From 11/02/2016 To 11/02/2017**
*12:01 am Standard Time
at Insured Mailing Location*

**Commercial   Protector
Declarations   Schedule**

| Named Insured | Agent |
|---|---|
| CLEARCOMM OF TAMPABAY, INC. | (800) 444-1744 |
| | INSURANCE INTERMEDIARIES INC |

## SUMMARY OF COVERAGES BY LOCATION - CONTINUED

*Continuation of 0054 2501 Paxton St, Harrisburg, PA 17111-1034*

**Business Personal Property Coverage**

**Occupancy:** Phone Stores - No Auto Installation - Retail

**DESCRIPTION**

| | |
|---|---|
| Limit of Insurance | $130,000 |
| **Covered Causes of Loss** | |
| Special Form | |
| Deductible | $1,000 |
| Deductible - Windstorm or Hail | 5% |
| Automatic Increase Business Personal Property | 2% |
| | *Premium* **$1,037.00** |

*0055*   921 N 3rd St, Harrisburg, PA 17102-2064

**Property Characteristics**

Description:

**Construction:** Masonry Non-Combustible

*To report a claim, call your Agent or 1-800-362-0000*

**DS 70 23 01 08**

**Liberty Mutual.**
INSURANCE

Coverage is provided in
Ohio Security Insurance Company

Policy Number
**BZS (17) 57 61 64 46**
Policy Period:
**From 11/02/2016 To 11/02/2017**
*12:01 am Standard Time
at Insured Mailing Location*

**Commercial Protector
Declarations Schedule**

| Named Insured | Agent |
| --- | --- |
| CLEARCOMM OF TAMPABAY, INC. | (800) 444-1744<br>INSURANCE INTERMEDIARIES INC |

## SUMMARY OF COVERAGES BY LOCATION - CONTINUED

*Continuation of 0055 921 N 3rd St, Harrisburg, PA 17102-2064*

**Business Personal Property Coverage**

**Occupancy:** Phone Stores - No Auto Installation - Retail

**DESCRIPTION**

| | |
| --- | --- |
| Limit of Insurance | $60,000 |
| **Covered Causes of Loss** | |
| Special Form | |
| Deductible | $1,000 |
| Deductible - Windstorm or Hail | 5% |
| Automatic Increase Business Personal Property | 2% |
| *Premium* | *$497.00* |

*0056* *4600 Jonestown Rd, Harrisburg, PA 17109-6214*

**Property Characteristics**

**Description:**

**Construction:** Fire Resistive

*To report a claim, call your Agent or 1-800-362-0000*

**DS 70 23 01 08**



Coverage Is Provided In

Ohio Security Insurance Company

Policy Number
**BZS (17) 57 61 64 46**

Policy Period:
**From 11/02/2016 To 11/02/2017**
*12:01 am Standard Time
at Insured Mailing Location*

**Commercial Protector
Declarations Schedule**

| Named Insured | Agent |
|---|---|
| CLEARCOMM OF TAMPABAY, INC. | (800) 444-1744<br>INSURANCE INTERMEDIARIES INC |

## SUMMARY OF COVERAGES BY LOCATION - CONTINUED

*Continuation of 0056 4600 Jonestown Rd, Harrisburg, PA 17109-6214*

**Business
Personal
Property Coverage**

**Occupancy:** Phone Stores - No Auto Installation - Retail

| DESCRIPTION | |
|---|---|
| Limit of Insurance | $60,000 |
| **Covered Causes of Loss** | |
| Special Form | |
| Deductible | $1,000 |
| Deductible - Windstorm or Hail | 5% |
| Automatic Increase Business Personal Property | 2% |
| *Premium* | *$446.00* |

*0057   910 Great Bridge Blvd, Chesapeake, VA 23320-6642*

**Property
Characteristics**

**Description:**

**Construction:** Masonry Non-Combustible

*To report a claim, call your Agent or 1-800-362-0000*

**DS 70 23 01 08**

**Liberty Mutual.**
INSURANCE

Coverage is provided in
Ohio Security Insurance Company

Policy Number
**BZS (17) 57 61 64 46**

Policy Period:
**From 11/02/2016 To 11/02/2017**
*12:01 am Standard Time*
*at Insured Mailing Location*

**Commercial Protector**
**Declarations Schedule**

| Named Insured | Agent |
|---|---|
| CLEARCOMM OF TAMPABAY, INC. | (800) 444-1744 |
| | INSURANCE INTERMEDIARIES INC |

## SUMMARY OF COVERAGES BY LOCATION - CONTINUED

*Continuation of 0057 910 Great Bridge Blvd, Chesapeake, VA 23320-6642*

**Business Personal Property Coverage**

**Occupancy:** Phone Stores - No Auto Installation - Retail

| **DESCRIPTION** | |
|---|---|
| Limit of Insurance | $60,000 |
| **Covered Causes of Loss** | |
| Special Form | |
| Deductible | $1,000 |
| Deductible - Windstorm or Hail | 5% |
| Automatic Increase Business Personal Property | 2% |
| *Premium* | *$601.00* |

---

**0058 810 High St, Portsmouth, VA 23704-3334**

**Property Characteristics**

**Description:**

**Construction:** Masonry Non-Combustible

---

*To report a claim, call your Agent or 1-800-362-0000*

**DS 70 23 01 08**

**Liberty Mutual.** INSURANCE

Coverage is provided in
Ohio Security Insurance Company

Policy Number
**BZS (17) 57 61 64 46**
Policy Period:
**From 11/02/2016 To 11/02/2017**
*12:01 am Standard Time*
*at Insured Mailing Location*

**Commercial Protector**
**Declarations Schedule**

| Named Insured | Agent |
|---|---|
| CLEARCOMM OF TAMPABAY, INC. | (800) 444-1744 |
| | INSURANCE INTERMEDIARIES INC |

## SUMMARY OF COVERAGES BY LOCATION - CONTINUED

*Continuation of 0058 810 High St, Portsmouth, VA 23704-3334*

**Business Personal Property Coverage**

**Occupancy:** Phone Stores - No Auto Installation - Retail

| DESCRIPTION | |
|---|---|
| Limit of Insurance | $130,000 |
| **Covered Causes of Loss** | |
| Special Form | |
| Deductible | $1,000 |
| Deductible - Windstorm or Hail | 5% |
| Automatic Increase Business Personal Property | 2% |
| **Premium** | **$1,190.00** |

*0059   43 Hidenwood Shopping Ctr, Newport News, VA 23606-2200*

**Property Characteristics**

**Description:**

**Construction:** Masonry Non-Combustible

*To report a claim, call your Agent or 1-800-362-0000*

**DS 70 23 01 08**

**Liberty Mutual.**
INSURANCE

Coverage is provided in
Ohio Security Insurance Company

Policy Number
**BZS (17) 57 61 64 46**

Policy Period:
**From 11/02/2016 To 11/02/2017**
*12:01 am Standard Time*
*at Insured Mailing Location*

**Commercial Protector**
**Declarations Schedule**

| Named Insured | Agent |
|---|---|
| CLEARCOMM OF TAMPABAY, INC. | (800) 444-1744 |
| | INSURANCE INTERMEDIARIES INC |

## SUMMARY OF COVERAGES BY LOCATION - CONTINUED

*Continuation of 0059 43 Hidenwood Shopping Ctr, Newport News, VA 23606-2200*

**Business Personal Property Coverage**

**Occupancy:** Phone Stores - No Auto Installation - Retail

**DESCRIPTION**

| | |
|---|---|
| Limit of Insurance | $60,000 |
| **Covered Causes of Loss** | |
| Special Form | |
| Deductible | $1,000 |
| Deductible - Windstorm or Hail | 5% |
| Automatic Increase Business Personal Property | 2% |
| *Premium* | $576.00 |

*0060* *1075 George Washington Hwy S, Chesapeake, VA 23323-6339*

**Property Characteristics**

**Description:**

**Construction:** Masonry Non-Combustible

*To report a claim, call your Agent or 1-800-362-0000*

**DS 70 23 01 08**

**Liberty Mutual.**
INSURANCE

Coverage is provided in
Ohio Security Insurance Company

Policy Number
**BZS (17) 57 61 64 46**

Policy Period:
**From 11/02/2016 To 11/02/2017**
*12:01 am Standard Time*
*at Insured Mailing Location*

**Commercial Protector**
**Declarations Schedule**

| Named Insured | Agent |
|---|---|
| CLEARCOMM OF TAMPABAY, INC. | (800) 444-1744 |
| | INSURANCE INTERMEDIARIES INC |

## SUMMARY OF COVERAGES BY LOCATION - CONTINUED

*Continuation of 0060 1075 George Washington Hwy S, Chesapeake, VA 23323-6339*

**Business Personal Property Coverage**

**Occupancy:** Phone Stores - No Auto Installation - Retail

**DESCRIPTION**

| | |
|---|---|
| Limit of Insurance | $60,000 |
| **Covered Causes of Loss** | |
| Special Form | |
| Deductible | $1,000 |
| Deductible - Windstorm or Hail | 5% |
| Automatic Increase Business Personal Property | 2% |
| *Premium* | *$601.00* |

**0061    4200 Portsmouth Blvd, Chesapeake, VA 23321-2100**

**Property Characteristics**

**Description:**

**Construction:** Masonry Non-Combustible

*To report a claim, call your Agent or 1-800-362-0000*

**DS 70 23 01 08**

**Liberty Mutual.**
INSURANCE

Coverage is provided in
Ohio Security Insurance Company

Policy Number
**BZS (17) 57 61 64 46**

Policy Period:
**From 11/02/2016 To 11/02/2017**
*12:01 am Standard Time*
*at Insured Mailing Location*

**Commercial Protector**
**Declarations Schedule**

| Named Insured | Agent |
|---|---|
| CLEARCOMM OF TAMPABAY, INC. | (800) 444-1744<br>INSURANCE INTERMEDIARIES INC |

## SUMMARY OF COVERAGES BY LOCATION - CONTINUED

*Continuation of 0061 4200 Portsmouth Blvd, Chesapeake, VA 23321-2100*

**Business Personal Property Coverage**

**Occupancy:** Phone Stores - No Auto Installation - Retail

| DESCRIPTION | |
|---|---|
| Limit of Insurance | $60,000 |
| **Covered Causes of Loss** | |
| Special Form | |
| Deductible | $1,000 |
| Deductible - Windstorm or Hail | 5% |
| Automatic Increase Business Personal Property | 2% |
| *Premium* | *$601.00* |

---

*0062    171 W Ocean View Ave, Norfolk, VA 23503-1502*

**Property Characteristics**

**Description:**

**Construction:** Masonry Non-Combustible

---

*To report a claim, call your Agent or 1-800-362-0000*

**DS 70 23 01 08**

**Liberty Mutual.**
INSURANCE

*Coverage is provided in*
Ohio Security Insurance Company

Policy Number
**BZS (17) 57 61 64 46**

Policy Period:
**From 11/02/2016 To 11/02/2017**
*12:01 am Standard Time*
*at Insured Mailing Location*

**Commercial Protector**
**Declarations Schedule**

| Named Insured | Agent |
|---|---|
| CLEARCOMM OF TAMPABAY, INC. | (800) 444-1744 |
| | INSURANCE INTERMEDIARIES INC |

## SUMMARY OF COVERAGES BY LOCATION - CONTINUED

*Continuation of 0062 171 W Ocean View Ave, Norfolk, VA 23503-1502*

**Business Personal Property Coverage**

**Occupancy:** Phone Stores - No Auto Installation - Retail

**DESCRIPTION**

| | |
|---|---|
| Limit of Insurance | $60,000 |
| **Covered Causes of Loss** | |
| Special Form | |
| Deductible | $1,000 |
| Deductible - Windstorm or Hail | 5% |
| Automatic Increase Business Personal Property | 2% |
| *Premium* | **$615.00** |

*0063   1241 Frederick Blvd, Portsmouth, VA 23707-4124*

**Property Characteristics**

**Description:**

**Construction:** Masonry Non-Combustible

*To report a claim, call your Agent or 1-800-362-0000*

**DS 70 23 01 08**

## Liberty Mutual INSURANCE

Coverage is provided in
Ohio Security Insurance Company

Policy Number
**BZS (17) 57 61 64 46**

Policy Period:
**From 11/02/2016 To 11/02/2017**
*12:01 am Standard Time*
*at Insured Mailing Location*

### Commercial Protector Declarations Schedule

| Named Insured | Agent |
|---|---|
| CLEARCOMM OF TAMPABAY, INC. | (800) 444-1744<br>INSURANCE INTERMEDIARIES INC |

## SUMMARY OF COVERAGES BY LOCATION - CONTINUED

*Continuation of 0063 1241 Frederick Blvd, Portsmouth, VA 23707-4124*

**Business Personal Property Coverage**

**Occupancy:** Phone Stores - No Auto Installation - Retail

| DESCRIPTION | |
|---|---|
| Limit of Insurance | $60,000 |
| **Covered Causes of Loss** | |
| Special Form | |
| Deductible | $1,000 |
| Deductible - Windstorm or Hail | 5% |
| Automatic Increase Business Personal Property | 2% |
| *Premium* | *$601.00* |

---

**0064   404 E High St, Carlisle, PA 17013-2606**

**Property Characteristics**

**Description:**

**Construction:** Joisted Masonry

---

*To report a claim, call your Agent or 1-800-362-0000*

**DS 70 23 01 08**

**Liberty Mutual.**
**INSURANCE**

Coverage is provided in
Ohio Security Insurance Company

Policy Number
**BZS (17) 57 61 64 46**
Policy Period:
**From 11/02/2016 To 11/02/2017**
*12:01 am Standard Time*
*at Insured Mailing Location*

**Commercial Protector**
**Declarations Schedule**

| Named Insured | Agent |
|---|---|
| CLEARCOMM OF TAMPABAY, INC. | (800) 444-1744 |
| | INSURANCE INTERMEDIARIES INC |

## SUMMARY OF COVERAGES BY LOCATION - CONTINUED

*Continuation of 0064 404 E High St, Carlisle, PA 17013-2606*

**Business Personal Property Coverage**

**Occupancy:** Phone Stores - No Auto Installation - Retail

| DESCRIPTION | |
|---|---|
| Limit of Insurance | $60,000 |
| **Covered Causes of Loss** | |
| Special Form | |
| Deductible | $1,000 |
| Deductible - Windstorm or Hail | 5% |
| Automatic Increase Business Personal Property | 8% |
| *Premium* | **$663.00** |

*0065  4702 Carlisle Pike Ste 28, Mechanicsburg, PA 17050-3099*

**Property Characteristics**

Description:

**Construction:** Masonry Non-Combustible

*To report a claim, call your Agent or 1-800-362-0000*

**DS 70 23 01 08**

**Liberty Mutual.**
INSURANCE

Coverage is provided in
Ohio Security Insurance Company

Policy Number
**BZS (17) 57 61 64 46**

Policy Period:
**From 11/02/2016 To 11/02/2017**
*12:01 am Standard Time*
*at Insured Mailing Location*

**Commercial Protector**
**Declarations Schedule**

| Named Insured | Agent |
|---|---|
| CLEARCOMM OF TAMPABAY, INC. | (800) 444-1744 <br> INSURANCE INTERMEDIARIES INC |

## SUMMARY OF COVERAGES BY LOCATION - CONTINUED

*Continuation of 0065 4702 Carlisle Pike Ste 28, Mechanicsburg, PA 17050-3099*

**Business Personal Property Coverage**

**Occupancy:** Phone Stores - No Auto Installation - Retail

| DESCRIPTION | |
|---|---|
| Limit of Insurance | $60,000 |
| **Covered Causes of Loss** | |
| Special Form | |
| Deductible | $1,000 |
| Deductible - Windstorm or Hail | 5% |
| Automatic Increase Business Personal Property | 2% |
| *Premium* | *$497.00* |

---

*0066   570 W Washington St, Greenville, SC 29601-1923*

**Property Characteristics**

**Description:**

**Construction:** Masonry Non-Combustible

---

*To report a claim, call your Agent or 1-800-362-0000*

**DS 70 23 01 08**

**Liberty Mutual.**
**INSURANCE**

Coverage is provided in
Ohio Security Insurance Company

Policy Number
**BZS (17) 57 61 64 46**
Policy Period:
**From 11/02/2016 To 11/02/2017**
*12:01 am Standard Time
at Insured Mailing Location*

**Commercial Protector**
**Declarations Schedule**

| Named Insured | Agent |
|---|---|
| CLEARCOMM OF TAMPABAY, INC. | (800) 444-1744 |
| | INSURANCE INTERMEDIARIES INC |

## SUMMARY OF COVERAGES BY LOCATION - CONTINUED

*Continuation of 0066 570 W Washington St, Greenville, SC 29601-1923*

**Business Personal Property Coverage**

**Occupancy:** Phone Stores - No Auto Installation - Retail

| DESCRIPTION | |
|---|---|
| Limit of Insurance | $60,000 |
| **Covered Causes of Loss** | |
| Special Form | |
| Deductible | $1,000 |
| Deductible - Windstorm or Hail | 5% |
| Automatic Increase Business Personal Property | 2% |
| *Premium* | *$409.00* |

*0067    9125 Riggs Rd, Adelphi, MD 20783-1637*

**Property Characteristics**

Description:

**Construction:** Masonry Non-Combustible

*To report a claim, call your Agent or 1-800-362-0000*

**DS 70 23 01 08**

**Liberty Mutual.**
**INSURANCE**

Coverage is provided in
Ohio Security Insurance Company

Policy Number
**BZS (17) 57 61 64 46**

Policy Period:
**From 11/02/2016 To 11/02/2017**
*12:01 am Standard Time*
*at Insured Mailing Location*

**Commercial Protector**
**Declarations Schedule**

| Named Insured | Agent |
|---|---|
| CLEARCOMM OF TAMPABAY, INC. | (800) 444-1744 |
| | INSURANCE INTERMEDIARIES INC |

## SUMMARY OF COVERAGES BY LOCATION - CONTINUED

*Continuation of 0067 9125 Riggs Rd, Adelphi, MD 20783-1637*

**Business Personal Property Coverage**

**Occupancy:** Phone Stores - No Auto Installation - Retail

| DESCRIPTION | |
|---|---|
| Limit of Insurance | $60,000 |
| **Covered Causes of Loss** | |
| Special Form | |
| Deductible | $1,000 |
| Deductible - Windstorm or Hail | 5% |
| Automatic Increase Business Personal Property | 2% |
| *Premium* | *$405.00* |

*0068 2230 Veirs Mill Rd, Rockville, MD 20851-1827*

**Property Characteristics**

**Description:**

**Construction:** Masonry Non-Combustible

*To report a claim, call your Agent or 1-800-362-0000*

**DS 70 23 01 08**

**Liberty Mutual**
INSURANCE

*Coverage is provided in*
Ohio Security Insurance Company

Policy Number
**BZS (17) 57 61 64 46**
Policy Period:
**From 11/02/2016 To 11/02/2017**
*12:01 am Standard Time*
*at Insured Mailing Location*

**Commercial Protector**
**Declarations Schedule**

| Named Insured | Agent |
|---|---|
| CLEARCOMM OF TAMPABAY, INC. | (800) 444-1744 |
| | INSURANCE INTERMEDIARIES INC |

## SUMMARY OF COVERAGES BY LOCATION - CONTINUED

*Continuation of 0068 2230 Veirs Mill Rd, Rockville, MD 20851-1827*

**Business Personal Property Coverage**

**Occupancy:** Phone Stores - No Auto Installation - Retail

| DESCRIPTION | |
|---|---|
| Limit of Insurance | $60,000 |
| **Covered Causes of Loss** | |
| Special Form | |
| Deductible | $1,000 |
| Deductible - Windstorm or Hail | 5% |
| Automatic Increase Business Personal Property | 2% |
| *Premium* | *$405.00* |

---

*0069 1052 MAIDEN CHOICELANE, ARBUTUS, MD 21227*

**Property Characteristics**

Description:

**Construction:** Masonry Non-Combustible

---

*To report a claim, call your Agent or 1-800-362-0000*

**DS 70 23 01 08**

**Liberty Mutual.**
INSURANCE

Coverage is provided in
Ohio Security Insurance Company

Policy Number
**BZS (17) 57 61 64 46**

Policy Period:
**From 11/02/2016 To 11/02/2017**
*12:01 am Standard Time
at Insured Mailing Location*

**Commercial Protector
Declarations Schedule**

| Named Insured | Agent |
|---|---|
| CLEARCOMM OF TAMPABAY, INC. | (800) 444-1744<br>INSURANCE INTERMEDIARIES INC |

## SUMMARY OF COVERAGES BY LOCATION - CONTINUED

*Continuation of 0069 1052 MAIDEN CHOICELANE, ARBUTUS, MD 21227*

**Business Personal Property Coverage**

**Occupancy:** Phone Stores - No Auto Installation - Retail

| DESCRIPTION | |
|---|---|
| Limit of Insurance | $60,000 |
| **Covered Causes of Loss** | |
| Special Form | |
| Deductible | $1,000 |
| Deductible - Windstorm or Hail | 5% |
| Automatic Increase Business Personal Property | 2% |
| *Premium* | *$405.00* |

**0070    5284 Randolph Rd, Rockville, MD 20852-2116**

**Property Characteristics**

**Description:**

**Construction:** Masonry Non-Combustible

*To report a claim, call your Agent or 1-800-362-0000*

**DS 70 23 01 08**

**Liberty Mutual.**
INSURANCE

Coverage is provided in
Ohio Security Insurance Company

Policy Number
**BZS (17) 57 61 64 46**
Policy Period:
**From 11/02/2016 To 11/02/2017**
*12:01 am Standard Time
at Insured Mailing Location*

**Commercial Protector
Declarations Schedule**

| Named Insured | Agent |
|---|---|
| CLEARCOMM OF TAMPABAY, INC. | (800) 444-1744<br>INSURANCE INTERMEDIARIES INC |

## SUMMARY OF COVERAGES BY LOCATION - CONTINUED

*Continuation of 0070 5284 Randolph Rd, Rockville, MD 20852-2116*

**Business
Personal
Property Coverage**

**Occupancy:** Phone Stores - No Auto Installation - Retail

**DESCRIPTION**

| | |
|---|---|
| Limit of Insurance | $60,000 |
| **Covered Causes of Loss** | |
| Special Form | |
| Deductible | $1,000 |
| Deductible - Windstorm or Hail | 5% |
| Automatic Increase Business Personal Property | 2% |
| *Premium* | *$405.00* |

---

*0071    4739 Westland Blvd, Arbutus, MD 21227-1320*

**Property
Characteristics**

**Description:**

**Construction:** Masonry Non-Combustible

---

*To report a claim, call your Agent or 1-800-362-0000*

**DS 70 23 01 08**

**Liberty Mutual.**
**INSURANCE**

Coverage is provided in
Ohio Security Insurance Company

Policy Number
**BZS (17) 57 61 64 46**

Policy Period:
**From 11/02/2016 To 11/02/2017**
*12:01 am Standard Time*
*at Insured Mailing Location*

**Commercial  Protector**
**Declarations  Schedule**

| Named Insured | Agent |
|---|---|
| CLEARCOMM OF TAMPABAY, INC. | (800) 444-1744 |
| | INSURANCE INTERMEDIARIES INC |

## SUMMARY OF COVERAGES BY LOCATION - CONTINUED

*Continuation of 0071 4739 Westland Blvd, Arbutus, MD 21227-1320*

**Business Personal Property Coverage**

**Occupancy:** Phone Stores - No Auto Installation - Retail

**DESCRIPTION**

| | |
|---|---|
| Limit of Insurance | $60,000 |
| **Covered Causes of Loss** | |
| Special Form | |
| Deductible | $1,000 |
| Deductible - Windstorm or Hail | 5% |
| Automatic Increase Business Personal Property | 2% |
| *Premium* | *$321.00* |

---

*0072  820 Largo Center Dr, Upper Marlboro, MD 20774-3705*

**Property Characteristics**

**Description:**

**Construction:** Masonry Non-Combustible

---

*To report a claim, call your Agent or 1-800-362-0000*

**DS 70 23 01 08**

**Liberty Mutual.**
INSURANCE

*Coverages Provided in*
Ohio Security Insurance Company

Policy Number:
**BZS (17)  57 61 64 46**

Policy Period:
**From 11/02/2016 To 11/02/2017**
*12:01 am Standard Time*
*at Insured Mailing Location*

**Commercial   Protector**
**Declarations   Schedule**

| Named Insured | Agent |
|---|---|
| CLEARCOMM OF TAMPABAY, INC. | (800) 444-1744 |
| | INSURANCE INTERMEDIARIES INC |

## SUMMARY OF COVERAGES BY LOCATION - CONTINUED

*Continuation of 0072 820 Largo Center Dr, Upper Marlboro, MD 20774-3705*

**Business Personal Property Coverage**

**Occupancy:** Phone Stores - No Auto Installation - Retail

**DESCRIPTION**

| | |
|---|---|
| Limit of Insurance | $60,000 |
| **Covered Causes of Loss** | |
| Special Form | |
| Deductible | $1,000 |
| Deductible - Windstorm or Hail | 5% |
| Automatic Increase Business Personal Property | 2% |
| **Premium** | **$405.00** |

*0073   9 W Patapsco Ave, Baltimore, MD 21225-1604*

**Property Characteristics**

**Description:**

**Construction:** Masonry Non-Combustible

*To report a claim, call your Agent or 1-800-362-0000*

**DS 70 23 01 08**

## Liberty Mutual INSURANCE

*Coverage is provided in:*
Ohio Security Insurance Company

Policy Number:
**BZS (17) 57 61 64 46**
Policy Period:
**From 11/02/2016 To 11/02/2017**
*12:01 am Standard Time*
*at Insured Mailing Location*

**Commercial Protector**
**Declarations Schedule**

| Named Insured | Agent |
|---|---|
| CLEARCOMM OF TAMPABAY, INC. | (800) 444-1744<br>INSURANCE INTERMEDIARIES INC |

## SUMMARY OF COVERAGES BY LOCATION - CONTINUED

*Continuation of 0073 9 W Patapsco Ave, Baltimore, MD 21225-1604*

**Business Personal Property Coverage**

**Occupancy:** Phone Stores - No Auto Installation - Retail

| **DESCRIPTION** | |
|---|---|
| Limit of Insurance | $60,000 |
| **Covered Causes of Loss** | |
| Special Form | |
| Deductible | $1,000 |
| Deductible - Windstorm or Hail | 5% |
| Automatic Increase Business Personal Property | 2% |
| *Premium* | *$546.00* |

*0074   6776 Reisterstown Rd, Baltimore, MD 21215-2346*

**Property Characteristics**

Description:

**Construction:** Masonry Non-Combustible

*To report a claim, call your Agent or 1-800-362-0000*

DS 70 23 01 08

**Liberty Mutual.**
INSURANCE

Coverage is Provided in:
Ohio Security Insurance Company

Policy Number:
**BZS (17) 57 61 64 46**
Policy Period:
**From 11/02/2016 To 11/02/2017**
*12:01 am Standard Time
at Insured Mailing Location*

**Commercial Protector**
**Declarations Schedule**

| Named Insured | Agent |
|---|---|
| CLEARCOMM OF TAMPABAY, INC. | (800) 444-1744 |
| | INSURANCE INTERMEDIARIES INC |

## SUMMARY OF COVERAGES BY LOCATION - CONTINUED

*Continuation of 0074 6776 Reisterstown Rd, Baltimore, MD 21215-2346*

**Business Personal Property Coverage**

**Occupancy:** Phone Stores - No Auto Installation - Retail

**DESCRIPTION**

| | |
|---|---|
| Limit of Insurance | $60,000 |
| **Covered Causes of Loss** | |
| Special Form | |
| Deductible | $1,000 |
| Deductible - Windstorm or Hail | 5% |
| Automatic Increase Business Personal Property | 2% |
| *Premium* | *$546.00* |

*0075* 3765 Old Court Rd, Baltimore, MD 21208-3902

**Property Characteristics**

Description:

**Construction:** Masonry Non-Combustible

*To report a claim, call your Agent or 1-800-362-0000*

**DS 70 23 01 08**

**Liberty Mutual.**
**INSURANCE**

Coverage is Provided in:
Ohio Security Insurance Company

Policy Number:
**BZS (17) 57 61 64 46**
Policy Period:
**From 11/02/2016 To 11/02/2017**
*12:01 am Standard Time*
*at Insured Mailing Location*

**Commercial Protector**
**Declarations Schedule**

| Named Insured | Agent |
|---|---|
| CLEARCOMM OF TAMPABAY, INC. | (800) 444-1744 |
| | INSURANCE INTERMEDIARIES INC |

## SUMMARY OF COVERAGES BY LOCATION - CONTINUED

*Continuation of 0075 3765 Old Court Rd, Baltimore, MD 21208-3902*

**Business Personal Property Coverage**

**Occupancy:** Phone Stores - No Auto Installation - Retail

### DESCRIPTION

| | |
|---|---|
| Limit of Insurance | $60,000 |
| **Covered Causes of Loss** | |
| Special Form | |
| Deductible | $1,000 |
| Deductible - Windstorm or Hail | 5% |
| Automatic Increase Business Personal Property | 2% |
| *Premium* | *$405.00* |

*0076  801 Hungerford Dr, Rockville, MD 20850-1727*

**Property Characteristics**

Description:

**Construction:** Masonry Non-Combustible

---

*To report a claim, call your Agent or 1-800-362-0000*

**DS 70 23 01 08**

**Liberty Mutual.**
**INSURANCE**

Coverage is provided in the
Ohio Security Insurance Company

Policy Number:
**BZS (17) 57 61 64 46**

Policy Period:
**From 11/02/2016 To 11/02/2017**
*12:01 am Standard Time*
*at Insured Mailing Location*

**Commercial Protector**
**Declarations Schedule**

| Named Insured | Agent |
|---|---|
| CLEARCOMM OF TAMPABAY, INC. | (800) 444-1744 |
| | INSURANCE INTERMEDIARIES INC |

## SUMMARY OF COVERAGES BY LOCATION - CONTINUED

*Continuation of 0076 801 Hungerford Dr, Rockville, MD 20850-1727*

**Business Personal Property Coverage**

**Occupancy:** Phone Stores - No Auto Installation - Retail

**DESCRIPTION**

| | |
|---|---|
| Limit of Insurance | $60,000 |
| **Covered Causes of Loss** | |
| Special Form | |
| Deductible | $1,000 |
| Deductible - Windstorm or Hail | 5% |
| Automatic Increase Business Personal Property | 2% |
| *Premium* | *$405.00* |

---

*0077    807 Bowman St, Lebanon, PA 17046-8430*

**Property Characteristics**

**Description:**

**Construction:** Masonry Non-Combustible

---

*To report a claim, call your Agent or 1-800-362-0000*

**DS 70 23 01 08**

**Liberty Mutual.**
**INSURANCE**

Coverage is Provided in:
Ohio Security Insurance Company

Policy Number:
**BZS (17) 57 61 64 46**
Policy Period:
**From 11/02/2016 To 11/02/2017**
*12:01 am Standard Time*
*at Insured Mailing Location*

**Commercial Protector**
**Declarations Schedule**

| Named Insured | Agent |
|---|---|
| CLEARCOMM OF TAMPABAY, INC. | (800) 444-1744 |
|  | INSURANCE INTERMEDIARIES INC |

## SUMMARY OF COVERAGES BY LOCATION - CONTINUED

*Continuation of 0077 807 Bowman St, Lebanon, PA 17046-8430*

**Business Personal Property Coverage**

**Occupancy:** Phone Stores - No Auto Installation - Retail

| DESCRIPTION | |
|---|---|
| Limit of Insurance | $60,000 |
| **Covered Causes of Loss** | |
| Special Form | |
| Deductible | $1,000 |
| Deductible - Windstorm or Hail | 5% |
| Automatic Increase Business Personal Property | 2% |
| *Premium* | *$497.00* |

*0078    2701 Macarthur Rd, Whitehall,  PA 18052-3632*

**Property Characteristics**

Description:

**Construction:** Masonry Non-Combustible

*To report a claim, call your Agent or 1-800-362-0000*

**DS 70 23 01 08**

## Liberty Mutual
### INSURANCE

Coverage is provided in:
Ohio Security Insurance Company

Policy Number:
**BZS (17) 57 61 64 46**

Policy Period:
**From 11/02/2016 To 11/02/2017**
*12:01 am Standard Time
at Insured Mailing Location*

**Commercial Protector
Declarations Schedule**

| Named Insured | Agent |
|---|---|
| CLEARCOMM OF TAMPABAY, INC. | (800) 444-1744 |
| | INSURANCE INTERMEDIARIES INC |

## SUMMARY OF COVERAGES BY LOCATION - CONTINUED

*Continuation of 0078 2701 Macarthur Rd, Whitehall, PA 18052-3632*

**Business Personal Property Coverage**

**Occupancy:** Phone Stores - No Auto Installation - Retail

| **DESCRIPTION** | |
|---|---|
| Limit of Insurance | $60,000 |
| **Covered Causes of Loss** | |
| Special Form | |
| Deductible | $1,000 |
| Deductible - Windstorm or Hail | 5% |
| Automatic Increase Business Personal Property | 2% |
| *Premium* | **$497.00** |

---

**0079    1600 Lincoln Way E Unit C, Chambersburg, PA 17202-3346**

**Property Characteristics**

**Description:**

**Construction:** Masonry Non-Combustible

---

*To report a claim, call your Agent or 1-800-362-0000*

**DS 70 23 01 08**

**Liberty Mutual.**
INSURANCE

Coverage is provided in:
Ohio Security Insurance Company

Policy Number:
**BZS (17) 57 61 64 46**
Policy Period:
**From 11/02/2016 To 11/02/2017**
*12:01 am Standard Time*
*at Insured Mailing Location*

**Commercial Protector**
**Declarations Schedule**

| Named Insured | Agent |
|---|---|
| CLEARCOMM OF TAMPABAY, INC. | (800) 444-1744 |
| | INSURANCE INTERMEDIARIES INC |

## SUMMARY OF COVERAGES BY LOCATION - CONTINUED

*Continuation of 0079 1600 Lincoln Way E Unit C, Chambersburg, PA 17202-3346*

**Business Personal Property Coverage**

**Occupancy:** Phone Stores - No Auto Installation - Retail

| DESCRIPTION | |
|---|---|
| Limit of Insurance | $60,000 |
| **Covered Causes of Loss** | |
| Special Form | |
| Deductible | $1,000 |
| Deductible - Windstorm or Hail | 5% |
| Automatic Increase Business Personal Property | 2% |
| **Premium** | **$528.00** |

*0080   2429 Easton-Nazareth Road, EASTON, PA 18045*

**Property Characteristics**

Description:

**Construction:** Masonry Non-Combustible

*of 376*

*102*

*To report a claim, call your Agent or 1-800-362-0000*

**DS 70 23 01 08**



Liberty Mutual.
INSURANCE

Ohio Security Insurance Company

Policy Number:
**BZS (17)  57 61 64 46**
Policy Period:
**From 11/02/2016 To 11/02/2017**
*12:01 am Standard Time
at Insured Mailing Location*

**Commercial   Protector
Declarations   Schedule**

| Named Insured | Agent |
|---|---|
| CLEARCOMM OF TAMPABAY, INC. | (800) 444-1744
INSURANCE INTERMEDIARIES INC |

## SUMMARY OF COVERAGES BY LOCATION - CONTINUED

Continuation of 0080 2429 Easton-Nazareth Road, EASTON, PA 18045

**Business Personal Property Coverage**

**Occupancy:** Phone Stores - No Auto Installation - Retail

| **DESCRIPTION** | |
|---|---|
| Limit of Insurance | $60,000 |
| **Covered Causes of Loss** | |
| Special Form | |
| Deductible | $1,000 |
| Deductible - Windstorm or Hail | 5% |
| Automatic Increase Business Personal Property | 2% |
| *Premium* | *$528.00* |

0081    1200 Market St Unit 368, Lemoyne, PA 17043-1417

**Property Characteristics**

**Description:**

**Construction:** Non-Combustible

*To report a claim, call your Agent or 1-800-362-0000*

**DS 70 23 01 08**

**Liberty Mutual.**
INSURANCE

Coverage is Provided In:
Ohio Security Insurance Company

Policy Number:
**BZS (17) 57 61 64 46**
Policy Period:
**From 11/02/2016 To 11/02/2017**
*12:01 am Standard Time*
*at Insured Mailing Location*

**Commercial Protector**
**Declarations Schedule**

| Named Insured | Agent |
|---|---|
| CLEARCOMM OF TAMPABAY, INC. | (800) 444-1744<br>INSURANCE INTERMEDIARIES INC |

## SUMMARY OF COVERAGES BY LOCATION - CONTINUED

*Continuation of 0081 1200 Market St Unit 368, Lemoyne, PA 17043-1417*

**Business Personal Property Coverage**

**Occupancy:** Phone Stores - No Auto Installation - Retail

**DESCRIPTION**

| | |
|---|---|
| Limit of Insurance | $60,000 |
| **Covered Causes of Loss** | |
| Special Form | |
| Deductible | $1,000 |
| Deductible - Windstorm or Hail | 5% |
| Automatic Increase Business Personal Property | 2% |
| *Premium* | *$547.00* |

*0082 1604 S 4th St, Allentown, PA 18103-4922*

**Property Characteristics**

**Description:**

**Construction:** Masonry Non-Combustible

*To report a claim, call your Agent or 1-800-362-0000*

**DS 70 23 01 08**

**Liberty Mutual.**
INSURANCE

Coverage is Provided In:
Ohio Security Insurance Company

Policy Number
**BZS (17)  57 61 64 46**

Policy Period:
**From 11/02/2016 To 11/02/2017**
*12:01 am Standard Time*
*at Insured Mailing Location*

**Commercial   Protector**
**Declarations   Schedule**

| Named Insured | Agent |
|---|---|
| CLEARCOMM OF TAMPABAY, INC. | (800) 444-1744<br>INSURANCE INTERMEDIARIES INC |

## SUMMARY OF COVERAGES BY LOCATION - CONTINUED

Continuation of 0082 1604 S 4th St, Allentown, PA 18103-4922

**Business Personal Property Coverage**

**Occupancy:** Phone Stores - No Auto Installation - Retail

| DESCRIPTION | |
|---|---|
| Limit of Insurance | $60,000 |
| **Covered Causes of Loss** | |
| Special Form | |
| Deductible | $1,000 |
| Deductible - Windstorm or Hail | 5% |
| Automatic Increase Business Personal Property | 2% |
| *Premium* | *$497.00* |

0083    9846 Liberty Rd, Randallstown, MD 21133-2007

**Property Characteristics**

Description:

**Construction:** Masonry Non-Combustible

*To report a claim, call your Agent or 1-800-362-0000*

**DS 70 23 01 08**

**Liberty Mutual.**
INSURANCE

Coverage is Provided In:
Ohio Security Insurance Company

Policy Number:
**BZS (17) 57 61 64 46**

Policy Period:
**From 11/02/2016 To 11/02/2017**
*12:01 am Standard Time*
*at Insured Mailing Location*

**Commercial Protector**
**Declarations Schedule**

| Named Insured | Agent |
|---|---|
| CLEARCOMM OF TAMPABAY, INC. | (800) 444-1744 |
| | INSURANCE INTERMEDIARIES INC |

## SUMMARY OF COVERAGES BY LOCATION - CONTINUED

*Continuation of 0083 9846 Liberty Rd, Randallstown, MD 21133-2007*

**Business Personal Property Coverage**

**Occupancy:** Phone Stores - No Auto Installation - Retail

| DESCRIPTION | |
|---|---|
| Limit of Insurance | $60,000 |
| **Covered Causes of Loss** | |
| Special Form | |
| Deductible | $1,000 |
| Deductible - Windstorm or Hail | 5% |
| Automatic Increase Business Personal Property | 2% |
| *Premium* | *$405.00* |

0084  5562 Silver Hill Rd, District Heights, MD 20747-1104

**Property Characteristics**

Description:

**Construction:** Masonry Non-Combustible

*To report a claim, call your Agent or 1-800-362-0000*

**DS 70 23 01 08**

**Liberty Mutual.**
INSURANCE

Coverage is Provided In:
Ohio Security Insurance Company

Policy Number:
**BZS (17) 57 61 64 46**

Policy Period:
**From 11/02/2016 To 11/02/2017**
*12:01 am Standard Time*
*at Insured Mailing Location*

**Commercial Protector**
**Declarations Schedule**

| Named Insured | Agent |
|---|---|
| CLEARCOMM OF TAMPABAY, INC. | (800) 444-1744 |
| | INSURANCE INTERMEDIARIES INC |

## SUMMARY OF COVERAGES BY LOCATION - CONTINUED

*Continuation of 0084 5562 Silver Hill Rd, District Heights, MD 20747-1104*

**Business Personal Property Coverage**

**Occupancy:** Phone Stores - No Auto Installation - Retail

### DESCRIPTION

| | |
|---|---|
| Limit of Insurance | $60,000 |
| **Covered Causes of Loss** | |
| Special Form | |
| Deductible | $1,000 |
| Deductible - Windstorm or Hail | 5% |
| Automatic Increase Business Personal Property | 2% |
| *Premium* | *$405.00* |

*0085  900 E Mccart St, Krum, TX 76249-7165*

**Property Characteristics**

**Description:**

**Construction:** Masonry Non-Combustible

*To report a claim, call your Agent or 1-800-362-0000*

**DS 70 23 01 08**

**Liberty Mutual.**
INSURANCE

Coverage Is Provided In:
Ohio Security Insurance Company

Policy Number:
**BZS (17) 57 61 64 46**

Policy Period:
**From 11/02/2016 To 11/02/2017**
*12:01 am Standard Time*
*at Insured Mailing Location*

**Commercial Protector**
**Declarations Schedule**

| Named Insured | Agent |
|---|---|
| CLEARCOMM OF TAMPABAY, INC. | (800) 444-1744<br>INSURANCE INTERMEDIARIES INC |

## SUMMARY OF COVERAGES BY LOCATION - CONTINUED

*Continuation of 0085 900 E Mccart St, Krum, TX 76249-7165*

**Business Personal Property Coverage**

**Occupancy:** Phone Stores - No Auto Installation - Retail

| DESCRIPTION | |
|---|---|
| Limit of Insurance | $60,000 |
| **Covered Causes of Loss** | |
| Special Form | |
| Deductible | $1,000 |
| Deductible - Windstorm or Hail | 5% |
| Automatic Increase Business Personal Property | 2% |
| **Premium** | **$391.00** |

*0086    4428 Youree Dr, Shreveport, LA 71105-3621*

**Property Characteristics**

**Description:**

**Construction:** Masonry Non-Combustible

*To report a claim, call your Agent or 1-800-362-0000*

**DS 70 23 01 08**

**Liberty Mutual.**
**INSURANCE**

Coverage is provided in:
Ohio Security Insurance Company

Policy Number:
**BZS (17)  57 61 64 46**

Policy Period:
**From 11/02/2016 To 11/02/2017**
*12:01 am Standard Time*
*at Insured Mailing Location*

**Commercial   Protector**
**Declarations   Schedule**

| Named Insured | Agent |
|---|---|
| CLEARCOMM OF TAMPABAY, INC. | (800) 444-1744 |
| | INSURANCE INTERMEDIARIES INC |

## SUMMARY OF COVERAGES BY LOCATION - CONTINUED

*Continuation of 0086 4428 Youree Dr, Shreveport, LA 71105-3621*

**Business Personal Property Coverage**

**Occupancy:** Phone Stores - No Auto Installation - Retail

| DESCRIPTION | |
|---|---|
| Limit of Insurance | $60,000 |
| **Covered Causes of Loss** | |
| Special Form | |
| Deductible | $1,000 |
| Deductible - Windstorm or Hail | 5% |
| | *Premium*   **$420.00** |

## SUMMARY OF OTHER COVERAGES

**Employee Dishonesty Including Forgery and Alteration**

| DESCRIPTION | |
|---|---|
| Limit of Insurance | $25,000 |
| Number of Employees | 262 |
| Deductible | $500 |
| | *Premium*   ***Included*** |

**Hired and Non-Owned Auto Liability**

| DESCRIPTION | |
|---|---|
| Hired and Non-Owned Liability | |
| Coverage Characteristics | **See Endorsement** |
| | *Premium*   **$230.00** |

*To report a claim, call your Agent or 1-800-362-0000*

**DS 70 23 01 08**

**Liberty Mutual.**
**INSURANCE**

Coverage is provided in:
Ohio Security Insurance Company

Policy Number
**BZS (17) 57 61 64 46**
Policy Period:
**From 11/02/2016 To 11/02/2017**
*12:01 am Standard Time*
*at Insured Mailing Location*

**Commercial Protector**
**Declarations Schedule**

| Named Insured | Agent |
|---|---|
| CLEARCOMM OF TAMPABAY, INC. | (800) 444-1744<br>INSURANCE INTERMEDIARIES INC |

## SUMMARY OF OTHER COVERAGES - continued

| | | |
|---|---|---|
| **Additional Insured** | **DESCRIPTION**<br>**Owners, Lessees or Contractors with Additional**<br>**Insured Required for Other Parties in Construction Contract**<br><br>See Endorsement | |
| | *Premium* | *$42.00* |
| **Additional Insured** | **DESCRIPTION**<br>**Primary and Noncontributory**<br>**Other Insurance Condition**<br><br>See Endorsement | |
| | *Premium* | *$42.00* |
| **Identity Recovery Coverage for Defined Individuals** | **DESCRIPTION**<br>See Endorsement | |
| | *Premium* | *$12.00* |
| **Data Compromise Coverage** | **DESCRIPTION**<br>See Endorsement | |
| | Premium | Included |
| | CyberOne Coverage<br>**DESCRIPTION**<br>See Endorsement | |
| | Premium | Included |
| | ***Total Premium*** | ***$207.00*** |

*To report a claim, call your Agent or 1-800-362-0000*

**DS 70 23 01 08**

**Liberty Mutual INSURANCE**

Coverage is Provided in:

Ohio Security Insurance Company

Policy Number:
**BZS (17)  57 61 64 46**

Policy Period:
**From 11/02/2016 To 11/02/2017**
*12:01 am Standard Time*
*at Insured Mailing Location*

**Commercial   Protector**
**Declarations   Schedule**

| Named Insured | Agent |
|---|---|
| CLEARCOMM OF TAMPABAY, INC. | (800) 444-1744 |
| | INSURANCE INTERMEDIARIES INC |

| | |
|---|---|
| **Businessowners Location(s) Total** | **$59,674.00** |
| **Businessowners Other Coverage(s) Total** | **$533.00** |
| **Businessowners Schedule Total** | **$60,207.00** |



*To report a claim, call your Agent or 1-800-362-0000*

**DS 70 23 01 08**

11/15/16        57616446        N0164234        560        OCAOPPNO        AGENT COPY        005687        PAGE  111  OF  376

This page intentionally left blank.

**Named Insured Endorsement**

POLICY NUMBER
**BZS (17) 57 61 64 46**

Policy Period:
**From 11/02/2016 To 11/02/2017**
*12:01 am Standard Time*
*at Insured Mailing Location*



This Endorsement Changes The Policy. Please Read it Carefully.

The complete Named Insured reads as follows:

CLEARCOMM OF TAMPABAY, INC.

CLEARCOMM NC INC

WIRELESS WORKS LLC

CLEARCOMM BAWA INC

CLEARCOMM PENN INC

CLEARCOMM NA INC

METROPAY INC

CLEARCOMM OF TEXAS, INC

CLEARCOMM SOVA, INC

**DS 88 04 03 15**

PAGE 1 OF 1

This page intentionally left blank.

BUSINESSOWNERS
BP 03 11 02 12

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# FLORIDA - SINKHOLE LOSS COVERAGE

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

## SCHEDULE

| Premises Number | Building Number |
|---|---|
| | |
| | |
| | |
| Information required to complete this Schedule, if not shown above, will be shown in the Declarations. | |



With respect to the location(s) indicated in the Schedule, the following provisions apply.

**A.** The following is added to this policy as a Covered Cause of Loss and as a "specified cause of loss". However, as a "specified cause of loss", the following does not apply to the Additional Coverage - Collapse.

**Sinkhole Loss, meaning** loss or damage to Covered Property when "structural damage" to the covered building, including the foundation, is caused by settlement or systematic weakening of the earth supporting the covered building, only if the settlement or systematic weakening results from contemporaneous movement or raveling of soils, sediments, or rock materials into subterranean voids created by the effect of water on a limestone or similar rock formation.

Coverage for Sinkhole Loss includes stabilization of the building (including land stabilization) and repair to the foundation provided such work is in accordance with the requirements of Florida Insurance Law and in accordance with the recommendation of a professional engineer and with notice to you. The professional engineer must be selected or approved by us. However, until you enter into a contract for performance of building stabilization or foundation repair in accordance with the recommendations of the professional engineer as set forth in a report from us:

**1.** We will not pay for underpinning or grouting or any other repair technique performed below the existing foundation of the building; and

**2.** Our payment for Sinkhole Loss to Covered Property may be limited to the actual cash value of the loss to such property.

You must enter into a contract for the performance of building stabilization and/or foundation repair in accordance with the aforementioned recommendations, within 90 days after we notify you that there is coverage for your sinkhole loss. After you have entered into such contract, we will pay the amounts necessary to begin and perform such repairs as the work is performed and the expenses are incurred.

However, if the professional engineer determines, prior to your entering into the aforementioned contract or prior to the start of repair work, that the repairs will exceed the applicable Limit of Insurance, we must either complete the recommended repairs or pay that Limit of Insurance upon such determination. If the aforementioned determination is made during the course of repair work and we have begun making payments for the work performed, we must either complete the recommended repairs or pay only the remaining portion of the applicable Limit of Insurance upon such determination. The most we will pay for the total of all Sinkhole Loss, including building and land stabilization and foundation repair, is the applicable Limit of Insurance on the affected building.

© Insurance Services Office, Inc., 2011

The stabilization and all other repairs to the Covered Property must be completed with 12 months after entering into the contract for the performance of these repairs, unless:

1. There is a mutual agreement between you and us;

2. The claim is involved with the neutral evaluation process;

3. The claim is in litigation; or

4. The claim is under appraisal or mediation.

**B.** Sinkhole Loss does not include:

1. Sinking or collapse of land into man-made underground cavities; or

2. Earthquake.

**C.** With respect to coverage provided by this endorsement, the **Earth Movement** Exclusion and the **Collapse** Exclusion do not apply.

**D.** With respect to a claim for alleged Sinkhole Loss, the following provision is added:

Following receipt by us of a report from a professional engineer or professional geologist on the cause of loss and recommendations for land stabilization and repair of property, or if we deny your claim, we will notify you of your right to participate in a neutral evaluation program administered by the Florida Department of Financial Services (hereinafter referred to as the Department). For alleged Sinkhole Loss to commercial residential properties, this program applies instead of any mediation procedure set forth elsewhere in this policy, but does not invalidate the Appraisal Condition.

You or we may file a request with the Department for neutral evaluation; the other party must comply with such request. We will pay reasonable costs associated with the neutral evaluation, regardless of which party makes the request. But, if a party chooses to hire a court reporter or stenographer to contemporaneously record and document the neutral evaluation, that party must bear the costs of those services. The neutral evaluator will be selected from a list maintained by the Department. The recommendation of the neutral evaluator will not be binding on you or us.

Participation in the neutral evaluation program does not change your right to file suit against us in accordance with the Legal Action Against Us Condition in this policy; except that the time for filing suit is extended for a period of 60 days following the conclusion of the neutral evaluation process or five years, whichever is later.

**E.** Coverage for Sinkhole Loss under this endorsement does not increase the applicable Limit of Insurance. Even if loss or damage qualifies under, or includes, both Catastrophic Ground Cover Collapse (addressed elsewhere in this policy) and Sinkhole Loss, only one Limit of Insurance will apply to such loss or damage.

**F.** The following provision is added to the **Section I - Duties In The Event Of Loss Or Damage** Property Loss Condition:

A claim for Sinkhole Loss, including but not limited to initial, supplemental and reopened claims is barred unless notice of claim is provided to us in accordance with the terms of this policy within two years after you knew or reasonably should have known about the Sinkhole Loss.

**G.** For the purposes of this endorsement, the following is added to the **Definitions** in Section I - Property:

1. "Structural damage" means a covered building, regardless of the date of its construction, has experienced the following:

a. Interior floor displacement or deflection in excess of acceptable variances as defined in ACI 117-90 or the Florida Building Code, which results in settlement related damage to the interior such that the interior building structure or members become unfit for service or represents a safety hazard as defined within the Florida Building Code;

b. Foundation displacement or deflection in excess of acceptable variances as defined in ACI 318-95 or the Florida Building Code, which results in settlement related damage to the "primary structural members" or "primary structural systems" that prevents those members or systems from supporting the loads and forces they were designed to support to the extent that stresses in those "primary structural members" or "primary structural systems" exceeds one and one-third the nominal strength allowed under the Florida Building Code for new buildings of similar structure, purpose, or location;

**c.** Damage that results in listing, leaning, or buckling of the exterior load bearing walls or other vertical "primary structural members" to such an extent that a plumb line passing through the center of gravity does not fall inside the middle one-third of the base as defined within the Florida Building Code;

**d.** Damage that results in the building, or any portion of the building containing "primary structural members" or "primary structural systems", being significantly likely to imminently collapse because of the movement or instability of the ground within the influence zone of the supporting ground within the sheer plane necessary for the purpose of supporting such building as defined within the Florida Building Code; or

**e.** Damage occurring on or after October 15, 2005, that qualifies as "substantial structural damage" as defined in the Florida Building Code.

**2.** "Primary structural member" means a structural element designed to provide support and stability for the vertical or lateral loads of the overall structure.

**3.** "Primary structural system" means an assemblage of "primary structural members".

**H.** If we deny your claim for Sinkhole Loss without performing testing under section 627.7072, Florida Statutes, you may demand testing by communicating such demand to us in writing within 60 days after you receive our denial of the claim. You are responsible for 50% of the testing costs, or $2,500, whichever is less. If our professional engineer or geologist provides written certification, pursuant to section 627.7073, that there is sinkhole loss, we will reimburse you for the testing costs.

**I.** You may not accept a rebate from any person performing repairs for Sinkhole Loss covered under this endorsement. If you receive a rebate, coverage under this endorsement is void and you must refund the amount of the rebate to us.

**J.** If we deny your claim for Sinkhole Loss upon receipt of written certification from a professional engineer or geologist, pursuant to section 627.7073, that there is no sinkhole loss or that the cause of the damage was not sinkhole activity, and if the sinkhole claim was submitted without good faith grounds for submitting such claim, you shall reimburse us for 50% of the actual costs of the analyses and services provided under sections 627.7072 and 627.7073, or $2,500, whichever is less. You are not required to pay such reimbursement unless you requested the analysis and services and we, before ordering the analysis, informed you in writing of the potential for reimbursement and gave you the opportunity to withdraw the claim.

**K.** As a precondition to accepting payment for sinkhole loss, you must file with the county clerk of court, a copy of any sinkhole report regarding your property which was prepared on behalf or at your request. You will bear the cost of filing and recording the sinkhole report.

BUSINESSOWNERS
BP 03 11 02 12

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# FLORIDA - SINKHOLE LOSS COVERAGE

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

## SCHEDULE

| Premises Number | Building Number |
|---|---|
|  |  |
|  |  |
|  |  |

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

With respect to the location(s) indicated in the Schedule, the following provisions apply.

**A.** The following is added to this policy as a Covered Cause of Loss and as a "specified cause of loss". However, as a "specified cause of loss", the following does not apply to the Additional Coverage - Collapse.

**Sinkhole Loss,** meaning loss or damage to Covered Property when "structural damage" to the covered building, including the foundation, is caused by settlement or systematic weakening of the earth supporting the covered building, only if the settlement or systematic weakening results from contemporaneous movement or raveling of soils, sediments, or rock materials into subterranean voids created by the effect of water on a limestone or similar rock formation.

Coverage for Sinkhole Loss includes stabilization of the building (including land stabilization) and repair to the foundation provided such work is in accordance with the requirements of Florida Insurance Law and in accordance with the recommendation of a professional engineer and with notice to you. The professional engineer must be selected or approved by us. However, until you enter into a contract for performance of building stabilization or foundation repair in accordance with the recommendations of the professional engineer as set forth in a report from us:

1. We will not pay for underpinning or grouting or any other repair technique performed below the existing foundation of the building; and

2. Our payment for Sinkhole Loss to Covered Property may be limited to the actual cash value of the loss to such property.

You must enter into a contract for the performance of building stabilization and/or foundation repair in accordance with the aforementioned recommendations, within 90 days after we notify you that there is coverage for your sinkhole loss. After you have entered into such contract, we will pay the amounts necessary to begin and perform such repairs as the work is performed and the expenses are incurred.

However, if the professional engineer determines, prior to your entering into the aforementioned contract or prior to the start of repair work, that the repairs will exceed the applicable Limit of Insurance, we must either complete the recommended repairs or pay that Limit of Insurance upon such determination. If the aforementioned determination is made during the course of repair work and we have begun making payments for the work performed, we must either complete the recommended repairs or pay only the remaining portion of the applicable Limit of Insurance upon such determination. The most we will pay for the total of all Sinkhole Loss, including building and land stabilization and foundation repair, is the applicable Limit of Insurance on the affected building.

© Insurance Services Office, Inc., 2011

The stabilization and all other repairs to the Covered Property must be completed with 12 months after entering into the contract for the performance of these repairs, unless:

1. There is a mutual agreement between you and us;

2. The claim is involved with the neutral evaluation process;

3. The claim is in litigation; or

4. The claim is under appraisal or mediation.

**B.** Sinkhole Loss does not include:

1. Sinking or collapse of land into man-made underground cavities; or

2. Earthquake.

**C.** With respect to coverage provided by this endorsement, the **Earth Movement** Exclusion and the **Collapse** Exclusion do not apply.

**D.** With respect to a claim for alleged Sinkhole Loss, the following provision is added:

Following receipt by us of a report from a professional engineer or professional geologist on the cause of loss and recommendations for land stabilization and repair of property, or if we deny your claim, we will notify you of your right to participate in a neutral evaluation program administered by the Florida Department of Financial Services (hereinafter referred to as the Department). For alleged Sinkhole Loss to commercial residential properties, this program applies instead of any mediation procedure set forth elsewhere in this policy, but does not invalidate the Appraisal Condition.

You or we may file a request with the Department for neutral evaluation; the other party must comply with such request. We will pay reasonable costs associated with the neutral evaluation, regardless of which party makes the request. But, if a party chooses to hire a court reporter or stenographer to contemporaneously record and document the neutral evaluation, that party must bear the costs of those services. The neutral evaluator will be selected from a list maintained by the Department. The recommendation of the neutral evaluator will not be binding on you or us.

Participation in the neutral evaluation program does not change your right to file suit against us in accordance with the Legal Action Against Us Condition in this policy; except that the time for filing suit is extended for a period of 60 days following the conclusion of the neutral evaluation process or five years, whichever is later.

**E.** Coverage for Sinkhole Loss under this endorsement does not increase the applicable Limit of Insurance. Even if loss or damage qualifies under, or includes, both Catastrophic Ground Cover Collapse (addressed elsewhere in this policy) and Sinkhole Loss, only one Limit of Insurance will apply to such loss or damage.

**F.** The following provision is added to the **Section I - Duties In The Event Of Loss Or Damage** Property Loss Condition:

A claim for Sinkhole Loss, including but not limited to initial, supplemental and reopened claims is barred unless notice of claim is provided to us in accordance with the terms of this policy within two years after you knew or reasonably should have known about the Sinkhole Loss.

**G.** For the purposes of this endorsement, the following is added to the **Definitions** in Section I - Property:

1. "Structural damage" means a covered building, regardless of the date of its construction, has experienced the following:

a. Interior floor displacement or deflection in excess of acceptable variances as defined in ACI 117-90 or the Florida Building Code, which results in settlement related damage to the interior such that the interior building structure or members become unfit for service or represents a safety hazard as defined within the Florida Building Code;

b. Foundation displacement or deflection in excess of acceptable variances as defined in ACI 318-95 or the Florida Building Code, which results in settlement related damage to the "primary structural members" or "primary structural systems" that prevents those members or systems from supporting the loads and forces they were designed to support to the extent that stresses in those "primary structural members" or "primary structural systems" exceeds one and one-third the nominal strength allowed under the Florida Building Code for new buildings of similar structure, purpose, or location;



    **c.**  Damage that results in listing, leaning, or buckling of the exterior load bearing walls or other vertical "primary structural members" to such an extent that a plumb line passing through the center of gravity does not fall inside the middle one-third of the base as defined within the Florida Building Code;

    **d.**  Damage that results in the building, or any portion of the building containing "primary structural members" or "primary structural systems", being significantly likely to imminently collapse because of the movement or instability of the ground within the influence zone of the supporting ground within the sheer plane necessary for the purpose of supporting such building as defined within the Florida Building Code; or

    **e.**  Damage occurring on or after October 15, 2005, that qualifies as "substantial structural damage" as defined in the Florida Building Code.

  **2.**  "Primary structural member" means a structural element designed to provide support and stability for the vertical or lateral loads of the overall structure.

  **3.**  "Primary structural system" means an assemblage of "primary structural members".

**H.**  If we deny your claim for Sinkhole Loss without performing testing under section 627.7072, Florida Statutes, you may demand testing by communicating such demand to us in writing within 60 days after you receive our denial of the claim. You are responsible for 50% of the testing costs, or $2,500, whichever is less. If our professional engineer or geologist provides written certification, pursuant to section 627.7073, that there is sinkhole loss, we will reimburse you for the testing costs.

**I.**  You may not accept a rebate from any person performing repairs for Sinkhole Loss covered under this endorsement. If you receive a rebate, coverage under this endorsement is void and you must refund the amount of the rebate to us.

**J.**  If we deny your claim for Sinkhole Loss upon receipt of written certification from a professional engineer or geologist, pursuant to section 627.7073, that there is no sinkhole loss or that the cause of the damage was not sinkhole activity, and if the sinkhole claim was submitted without good faith grounds for submitting such claim, you shall reimburse us for 50% of the actual costs of the analyses and services provided under sections 627.7072 and 627.7073, or $2,500, whichever is less. You are not required to pay such reimbursement unless you requested the analysis and services and we, before ordering the analysis, informed you in writing of the potential for reimbursement and gave you the opportunity to withdraw the claim.

**K.**  As a precondition to accepting payment for sinkhole loss, you must file with the county clerk of court, a copy of any sinkhole report regarding your property which was prepared on behalf or at your request. You will bear the cost of filing and recording the sinkhole report.

BUSINESSOWNERS
BP 03 11 02 12

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# FLORIDA - SINKHOLE LOSS COVERAGE

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

## SCHEDULE



| Premises Number | Building Number |
|---|---|
|  |  |
|  |  |
|  |  |

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

With respect to the location(s) indicated in the Schedule, the following provisions apply.

**A.** The following is added to this policy as a Covered Cause of Loss and as a "specified cause of loss". However, as a "specified cause of loss", the following does not apply to the Additional Coverage - Collapse.

**Sinkhole Loss,** meaning loss or damage to Covered Property when "structural damage" to the covered building, including the foundation, is caused by settlement or systematic weakening of the earth supporting the covered building, only if the settlement or systematic weakening results from contemporaneous movement or raveling of soils, sediments, or rock materials into subterranean voids created by the effect of water on a limestone or similar rock formation.

Coverage for Sinkhole Loss includes stabilization of the building (including land stabilization) and repair to the foundation provided such work is in accordance with the requirements of Florida Insurance Law and in accordance with the recommendation of a professional engineer and with notice to you. The professional engineer must be selected or approved by us. However, until you enter into a contract for performance of building stabilization or foundation repair in accordance with the recommendations of the professional engineer as set forth in a report from us:

**1.** We will not pay for underpinning or grouting or any other repair technique performed below the existing foundation of the building; and

**2.** Our payment for Sinkhole Loss to Covered Property may be limited to the actual cash value of the loss to such property.

You must enter into a contract for the performance of building stabilization and/or foundation repair in accordance with the aforementioned recommendations, within 90 days after we notify you that there is coverage for your sinkhole loss. After you have entered into such contract, we will pay the amounts necessary to begin and perform such repairs as the work is performed and the expenses are incurred.

However, if the professional engineer determines, prior to your entering into the aforementioned contract or prior to the start of repair work, that the repairs will exceed the applicable Limit of Insurance, we must either complete the recommended repairs or pay that Limit of Insurance upon such determination. If the aforementioned determination is made during the course of repair work and we have begun making payments for the work performed, we must either complete the recommended repairs or pay only the remaining portion of the applicable Limit of Insurance upon such determination. The most we will pay for the total of all Sinkhole Loss, including building and land stabilization and foundation repair, is the applicable Limit of Insurance on the affected building.

The stabilization and all other repairs to the Covered Property must be completed with 12 months after entering into the contract for the performance of these repairs, unless:

1. There is a mutual agreement between you and us;

2. The claim is involved with the neutral evaluation process;

3. The claim is in litigation; or

4. The claim is under appraisal or mediation.

**B.** Sinkhole Loss does not include:

1. Sinking or collapse of land into man-made underground cavities; or

2. Earthquake.

**C.** With respect to coverage provided by this endorsement, the **Earth Movement** Exclusion and the **Collapse** Exclusion do not apply.

**D.** With respect to a claim for alleged Sinkhole Loss, the following provision is added:

Following receipt by us of a report from a professional engineer or professional geologist on the cause of loss and recommendations for land stabilization and repair of property, or if we deny your claim, we will notify you of your right to participate in a neutral evaluation program administered by the Florida Department of Financial Services (hereinafter referred to as the Department). For alleged Sinkhole Loss to commercial residential properties, this program applies instead of any mediation procedure set forth elsewhere in this policy, but does not invalidate the Appraisal Condition.

You or we may file a request with the Department for neutral evaluation; the other party must comply with such request. We will pay reasonable costs associated with the neutral evaluation, regardless of which party makes the request. But, if a party chooses to hire a court reporter or stenographer to contemporaneously record and document the neutral evaluation, that party must bear the costs of those services. The neutral evaluator will be selected from a list maintained by the Department. The recommendation of the neutral evaluator will not be binding on you or us.

Participation in the neutral evaluation program does not change your right to file suit against us in accordance with the Legal Action Against Us Condition in this policy; except that the time for filing suit is extended for a period of 60 days following the conclusion of the neutral evaluation process or five years, whichever is later.

**E.** Coverage for Sinkhole Loss under this endorsement does not increase the applicable Limit of Insurance. Even if loss or damage qualifies under, or includes, both Catastrophic Ground Cover Collapse (addressed elsewhere in this policy) and Sinkhole Loss, only one Limit of Insurance will apply to such loss or damage.

**F.** The following provision is added to the **Section I - Duties In The Event Of Loss Or Damage** Property Loss Condition:

A claim for Sinkhole Loss, including but not limited to initial, supplemental and reopened claims is barred unless notice of claim is provided to us in accordance with the terms of this policy within two years after you knew or reasonably should have known about the Sinkhole Loss.

**G.** For the purposes of this endorsement, the following is added to the **Definitions** in Section I - Property:

1. "Structural damage" means a covered building, regardless of the date of its construction, has experienced the following:

a. Interior floor displacement or deflection in excess of acceptable variances as defined in ACI 117-90 or the Florida Building Code, which results in settlement related damage to the interior such that the interior building structure or members become unfit for service or represents a safety hazard as defined within the Florida Building Code;

b. Foundation displacement or deflection in excess of acceptable variances as defined in ACI 318-95 or the Florida Building Code, which results in settlement related damage to the "primary structural members" or "primary structural systems" that prevents those members or systems from supporting the loads and forces they were designed to support to the extent that stresses in those "primary structural members" or "primary structural systems" exceeds one and one-third the nominal strength allowed under the Florida Building Code for new buildings of similar structure, purpose, or location;

**c.** Damage that results in listing, leaning, or buckling of the exterior load bearing walls or other vertical "primary structural members" to such an extent that a plumb line passing through the center of gravity does not fall inside the middle one-third of the base as defined within the Florida Building Code;

**d.** Damage that results in the building, or any portion of the building containing "primary structural members" or "primary structural systems", being significantly likely to imminently collapse because of the movement or instability of the ground within the influence zone of the supporting ground within the sheer plane necessary for the purpose of supporting such building as defined within the Florida Building Code; or

**e.** Damage occurring on or after October 15, 2005, that qualifies as "substantial structural damage" as defined in the Florida Building Code.

**2.** "Primary structural member" means a structural element designed to provide support and stability for the vertical or lateral loads of the overall structure.

**3.** "Primary structural system" means an assemblage of "primary structural members".

**H.** If we deny your claim for Sinkhole Loss without performing testing under section 627.7072, Florida Statutes, you may demand testing by communicating such demand to us in writing within 60 days after you receive our denial of the claim. You are responsible for 50% of the testing costs, or $2,500, whichever is less. If our professional engineer or geologist provides written certification, pursuant to section 627.7073, that there is sinkhole loss, we will reimburse you for the testing costs.

**I.** You may not accept a rebate from any person performing repairs for Sinkhole Loss covered under this endorsement. If you receive a rebate, coverage under this endorsement is void and you must refund the amount of the rebate to us.

**J.** If we deny your claim for Sinkhole Loss upon receipt of written certification from a professional engineer or geologist, pursuant to section 627.7073, that there is no sinkhole loss or that the cause of the damage was not sinkhole activity, and if the sinkhole claim was submitted without good faith grounds for submitting such claim, you shall reimburse us for 50% of the actual costs of the analyses and services provided under sections 627.7072 and 627.7073, or $2,500, whichever is less. You are not required to pay such reimbursement unless you requested the analysis and services and we, before ordering the analysis, informed you in writing of the potential for reimbursement and gave you the opportunity to withdraw the claim.

**K.** As a precondition to accepting payment for sinkhole loss, you must file with the county clerk of court, a copy of any sinkhole report regarding your property which was prepared on behalf or at your request. You will bear the cost of filing and recording the sinkhole report.

BUSINESSOWNERS
BP 03 11 02 12

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# FLORIDA - SINKHOLE LOSS COVERAGE

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

## SCHEDULE

| Premises Number | Building Number |
|---|---|
|  |  |
|  |  |
|  |  |

| Information required to complete this Schedule, if not shown above, will be shown in the Declarations. |
|---|

With respect to the location(s) indicated in the Schedule, the following provisions apply.

**A.** The following is added to this policy as a Covered Cause of Loss and as a "specified cause of loss". However, as a "specified cause of loss", the following does not apply to the Additional Coverage - Collapse.

**Sinkhole Loss,** meaning loss or damage to Covered Property when "structural damage" to the covered building, including the foundation, is caused by settlement or systematic weakening of the earth supporting the covered building, only if the settlement or systematic weakening results from contemporaneous movement or raveling of soils, sediments, or rock materials into subterranean voids created by the effect of water on a limestone or similar rock formation.

Coverage for Sinkhole Loss includes stabilization of the building (including land stabilization) and repair to the foundation provided such work is in accordance with the requirements of Florida Insurance Law and in accordance with the recommendation of a professional engineer and with notice to you. The professional engineer must be selected or approved by us. However, until you enter into a contract for performance of building stabilization or foundation repair in accordance with the recommendations of the professional engineer as set forth in a report from us:

**1.** We will not pay for underpinning or grouting or any other repair technique performed below the existing foundation of the building; and

**2.** Our payment for Sinkhole Loss to Covered Property may be limited to the actual cash value of the loss to such property.

You must enter into a contract for the performance of building stabilization and/or foundation repair in accordance with the aforementioned recommendations, within 90 days after we notify you that there is coverage for your sinkhole loss. After you have entered into such contract, we will pay the amounts necessary to begin and perform such repairs as the work is performed and the expenses are incurred.

However, if the professional engineer determines, prior to your entering into the aforementioned contract or prior to the start of repair work, that the repairs will exceed the applicable Limit of Insurance, we must either complete the recommended repairs or pay that Limit of Insurance upon such determination. If the aforementioned determination is made during the course of repair work and we have begun making payments for the work performed, we must either complete the recommended repairs or pay only the remaining portion of the applicable Limit of Insurance upon such determination. The most we will pay for the total of all Sinkhole Loss, including building and land stabilization and foundation repair, is the applicable Limit of Insurance on the affected building.

© Insurance Services Office, Inc., 2011

The stabilization and all other repairs to the Covered Property must be completed with 12 months after entering into the contract for the performance of these repairs, unless:

1. There is a mutual agreement between you and us;

2. The claim is involved with the neutral evaluation process;

3. The claim is in litigation; or

4. The claim is under appraisal or mediation.

**B.** Sinkhole Loss does not include:

1. Sinking or collapse of land into man-made underground cavities; or

2. Earthquake.

**C.** With respect to coverage provided by this endorsement, the **Earth Movement** Exclusion and the **Collapse** Exclusion do not apply.

**D.** With respect to a claim for alleged Sinkhole Loss, the following provision is added:

Following receipt by us of a report from a professional engineer or professional geologist on the cause of loss and recommendations for land stabilization and repair of property, or if we deny your claim, we will notify you of your right to participate in a neutral evaluation program administered by the Florida Department of Financial Services (hereinafter referred to as the Department). For alleged Sinkhole Loss to commercial residential properties, this program applies instead of any mediation procedure set forth elsewhere in this policy, but does not invalidate the Appraisal Condition.

You or we may file a request with the Department for neutral evaluation; the other party must comply with such request. We will pay reasonable costs associated with the neutral evaluation, regardless of which party makes the request. But, if a party chooses to hire a court reporter or stenographer to contemporaneously record and document the neutral evaluation, that party must bear the costs of those services. The neutral evaluator will be selected from a list maintained by the Department. The recommendation of the neutral evaluator will not be binding on you or us.

Participation in the neutral evaluation program does not change your right to file suit against us in accordance with the Legal Action Against Us Condition in this policy; except that the time for filing suit is extended for a period of 60 days following the conclusion of the neutral evaluation process or five years, whichever is later.

**E.** Coverage for Sinkhole Loss under this endorsement does not increase the applicable Limit of Insurance. Even if loss or damage qualifies under, or includes, both Catastrophic Ground Cover Collapse (addressed elsewhere in this policy) and Sinkhole Loss, only one Limit of Insurance will apply to such loss or damage.

**F.** The following provision is added to the **Section I - Duties In The Event Of Loss Or Damage** Property Loss Condition:

A claim for Sinkhole Loss, including but not limited to initial, supplemental and reopened claims is barred unless notice of claim is provided to us in accordance with the terms of this policy within two years after you knew or reasonably should have known about the Sinkhole Loss.

**G.** For the purposes of this endorsement, the following is added to the **Definitions** in Section I - Property:

1. "Structural damage" means a covered building, regardless of the date of its construction, has experienced the following:

    **a.** Interior floor displacement or deflection in excess of acceptable variances as defined in ACI 117-90 or the Florida Building Code, which results in settlement related damage to the interior such that the interior building structure or members become unfit for service or represents a safety hazard as defined within the Florida Building Code;

    **b.** Foundation displacement or deflection in excess of acceptable variances as defined in ACI 318-95 or the Florida Building Code, which results in settlement related damage to the "primary structural members" or "primary structural systems" that prevents those members or systems from supporting the loads and forces they were designed to support to the extent that stresses in those "primary structural members" or "primary structural systems" exceeds one and one-third the nominal strength allowed under the Florida Building Code for new buildings of similar structure, purpose, or location;



© Insurance Services Office, Inc., 2011

**BP 03 11 02 12**

**c.** Damage that results in listing, leaning, or buckling of the exterior load bearing walls or other vertical "primary structural members" to such an extent that a plumb line passing through the center of gravity does not fall inside the middle one-third of the base as defined within the Florida Building Code;

**d.** Damage that results in the building, or any portion of the building containing "primary structural members" or "primary structural systems", being significantly likely to imminently collapse because of the movement or instability of the ground within the influence zone of the supporting ground within the sheer plane necessary for the purpose of supporting such building as defined within the Florida Building Code; or

**e.** Damage occurring on or after October 15, 2005, that qualifies as "substantial structural damage" as defined in the Florida Building Code.

**2.** "Primary structural member" means a structural element designed to provide support and stability for the vertical or lateral loads of the overall structure.

**3.** "Primary structural system" means an assemblage of "primary structural members".

**H.** If we deny your claim for Sinkhole Loss without performing testing under section 627.7072, Florida Statutes, you may demand testing by communicating such demand to us in writing within 60 days after you receive our denial of the claim. You are responsible for 50% of the testing costs, or $2,500, whichever is less. If our professional engineer or geologist provides written certification, pursuant to section 627.7073, that there is sinkhole loss, we will reimburse you for the testing costs.

**I.** You may not accept a rebate from any person performing repairs for Sinkhole Loss covered under this endorsement. If you receive a rebate, coverage under this endorsement is void and you must refund the amount of the rebate to us.

**J.** If we deny your claim for Sinkhole Loss upon receipt of written certification from a professional engineer or geologist, pursuant to section 627.7073, that there is no sinkhole loss or that the cause of the damage was not sinkhole activity, and if the sinkhole claim was submitted without good faith grounds for submitting such claim, you shall reimburse us for 50% of the actual costs of the analyses and services provided under sections 627.7072 and 627.7073, or $2,500, whichever is less. You are not required to pay such reimbursement unless you requested the analysis and services and we, before ordering the analysis, informed you in writing of the potential for reimbursement and gave you the opportunity to withdraw the claim.

**K.** As a precondition to accepting payment for sinkhole loss, you must file with the county clerk of court, a copy of any sinkhole report regarding your property which was prepared on behalf or at your request. You will bear the cost of filing and recording the sinkhole report.

BUSINESSOWNERS
BP 03 11 02 12

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# FLORIDA - SINKHOLE LOSS COVERAGE

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

### SCHEDULE

| Premises Number | Building Number |
|---|---|
|  |  |
|  |  |
|  |  |
| Information required to complete this Schedule, if not shown above, will be shown in the Declarations. ||



With respect to the location(s) indicated in the Schedule, the following provisions apply.

**A.** The following is added to this policy as a Covered Cause of Loss and as a "specified cause of loss". However, as a "specified cause of loss", the following does not apply to the Additional Coverage - Collapse.

**Sinkhole Loss,** meaning loss or damage to Covered Property when "structural damage" to the covered building, including the foundation, is caused by settlement or systematic weakening of the earth supporting the covered building, only if the settlement or systematic weakening results from contemporaneous movement or raveling of soils, sediments, or rock materials into subterranean voids created by the effect of water on a limestone or similar rock formation.

Coverage for Sinkhole Loss includes stabilization of the building (including land stabilization) and repair to the foundation provided such work is in accordance with the requirements of Florida Insurance Law and in accordance with the recommendation of a professional engineer and with notice to you. The professional engineer must be selected or approved by us. However, until you enter into a contract for performance of building stabilization or foundation repair in accordance with the recommendations of the professional engineer as set forth in a report from us:

**1.** We will not pay for underpinning or grouting or any other repair technique performed below the existing foundation of the building; and

**2.** Our payment for Sinkhole Loss to Covered Property may be limited to the actual cash value of the loss to such property.

You must enter into a contract for the performance of building stabilization and/or foundation repair in accordance with the aforementioned recommendations, within 90 days after we notify you that there is coverage for your sinkhole loss. After you have entered into such contract, we will pay the amounts necessary to begin and perform such repairs as the work is performed and the expenses are incurred.

However, if the professional engineer determines, prior to your entering into the aforementioned contract or prior to the start of repair work, that the repairs will exceed the applicable Limit of Insurance, we must either complete the recommended repairs or pay that Limit of Insurance upon such determination. If the aforementioned determination is made during the course of repair work and we have begun making payments for the work performed, we must either complete the recommended repairs or pay only the remaining portion of the applicable Limit of Insurance upon such determination. The most we will pay for the total of all Sinkhole Loss, including building and land stabilization and foundation repair, is the applicable Limit of Insurance on the affected building.

© Insurance Services Office, Inc., 2011

The stabilization and all other repairs to the Covered Property must be completed with 12 months after entering into the contract for the performance of these repairs, unless:

1. There is a mutual agreement between you and us;

2. The claim is involved with the neutral evaluation process;

3. The claim is in litigation; or

4. The claim is under appraisal or mediation.

**B.** Sinkhole Loss does not include:

1. Sinking or collapse of land into man-made underground cavities; or

2. Earthquake.

**C.** With respect to coverage provided by this endorsement, the **Earth Movement** Exclusion and the **Collapse** Exclusion do not apply.

**D.** With respect to a claim for alleged Sinkhole Loss, the following provision is added:

Following receipt by us of a report from a professional engineer or professional geologist on the cause of loss and recommendations for land stabilization and repair of property, or if we deny your claim, we will notify you of your right to participate in a neutral evaluation program administered by the Florida Department of Financial Services (hereinafter referred to as the Department). For alleged Sinkhole Loss to commercial residential properties, this program applies instead of any mediation procedure set forth elsewhere in this policy, but does not invalidate the Appraisal Condition.

You or we may file a request with the Department for neutral evaluation; the other party must comply with such request. We will pay reasonable costs associated with the neutral evaluation, regardless of which party makes the request. But, if a party chooses to hire a court reporter or stenographer to contemporaneously record and document the neutral evaluation, that party must bear the costs of those services. The neutral evaluator will be selected from a list maintained by the Department. The recommendation of the neutral evaluator will not be binding on you or us.

Participation in the neutral evaluation program does not change your right to file suit against us in accordance with the Legal Action Against Us Condition in this policy; except that the time for filing suit is extended for a period of 60 days following the conclusion of the neutral evaluation process or five years, whichever is later.

**E.** Coverage for Sinkhole Loss under this endorsement does not increase the applicable Limit of Insurance. Even if loss or damage qualifies under, or includes, both Catastrophic Ground Cover Collapse (addressed elsewhere in this policy) and Sinkhole Loss, only one Limit of Insurance will apply to such loss or damage.

**F.** The following provision is added to the **Section I - Duties In The Event Of Loss Or Damage** Property Loss Condition:

A claim for Sinkhole Loss, including but not limited to initial, supplemental and reopened claims is barred unless notice of claim is provided to us in accordance with the terms of this policy within two years after you knew or reasonably should have known about the Sinkhole Loss.

**G.** For the purposes of this endorsement, the following is added to the **Definitions** in Section I - Property:

1. "Structural damage" means a covered building, regardless of the date of its construction, has experienced the following:

   **a.** Interior floor displacement or deflection in excess of acceptable variances as defined in ACI 117-90 or the Florida Building Code, which results in settlement related damage to the interior such that the interior building structure or members become unfit for service or represents a safety hazard as defined within the Florida Building Code;

   **b.** Foundation displacement or deflection in excess of acceptable variances as defined in ACI 318-95 or the Florida Building Code, which results in settlement related damage to the "primary structural members" or "primary structural systems" that prevents those members or systems from supporting the loads and forces they were designed to support to the extent that stresses in those "primary structural members" or "primary structural systems" exceeds one and one-third the nominal strength allowed under the Florida Building Code for new buildings of similar structure, purpose, or location;

Insurance Services Office, Inc., 2011
©

**c.** Damage that results in listing, leaning, or buckling of the exterior load bearing walls or other vertical "primary structural members" to such an extent that a plumb line passing through the center of gravity does not fall inside the middle one-third of the base as defined within the Florida Building Code;

**d.** Damage that results in the building, or any portion of the building containing "primary structural members" or "primary structural systems", being significantly likely to imminently collapse because of the movement or instability of the ground within the influence zone of the supporting ground within the sheer plane necessary for the purpose of supporting such building as defined within the Florida Building Code; or

**e.** Damage occurring on or after October 15, 2005, that qualifies as "substantial structural damage" as defined in the Florida Building Code.

**2.** "Primary structural member" means a structural element designed to provide support and stability for the vertical or lateral loads of the overall structure.

**3.** "Primary structural system" means an assemblage of "primary structural members".

**H.** If we deny your claim for Sinkhole Loss without performing testing under section 627.7072, Florida Statutes, you may demand testing by communicating such demand to us in writing within 60 days after you receive our denial of the claim. You are responsible for 50% of the testing costs, or $2,500, whichever is less. If our professional engineer or geologist provides written certification, pursuant to section 627.7073, that there is sinkhole loss, we will reimburse you for the testing costs.

**I.** You may not accept a rebate from any person performing repairs for Sinkhole Loss covered under this endorsement. If you receive a rebate, coverage under this endorsement is void and you must refund the amount of the rebate to us.

**J.** If we deny your claim for Sinkhole Loss upon receipt of written certification from a professional engineer or geologist, pursuant to section 627.7073, that there is no sinkhole loss or that the cause of the damage was not sinkhole activity, and if the sinkhole claim was submitted without good faith grounds for submitting such claim, you shall reimburse us for 50% of the actual costs of the analyses and services provided under sections 627.7072 and 627.7073, or $2,500, whichever is less. You are not required to pay such reimbursement unless you requested the analysis and services and we, before ordering the analysis, informed you in writing of the potential for reimbursement and gave you the opportunity to withdraw the claim.

**K.** As a precondition to accepting payment for sinkhole loss, you must file with the county clerk of court, a copy of any sinkhole report regarding your property which was prepared on behalf or at your request. You will bear the cost of filing and recording the sinkhole report.

**BUSINESSOWNERS**
**BP 03 11 02 12**

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# FLORIDA - SINKHOLE LOSS COVERAGE

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

### SCHEDULE

| Premises Number | Building Number |
|---|---|
|  |  |
|  |  |
|  |  |

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

With respect to the location(s) indicated in the Schedule, the following provisions apply.

**A.** The following is added to this policy as a Covered Cause of Loss and as a "specified cause of loss". However, as a "specified cause of loss", the following does not apply to the Additional Coverage - Collapse.

**Sinkhole Loss,** meaning loss or damage to Covered Property when "structural damage" to the covered building, including the foundation, is caused by settlement or systematic weakening of the earth supporting the covered building, only if the settlement or systematic weakening results from contemporaneous movement or raveling of soils, sediments, or rock materials into subterranean voids created by the effect of water on a limestone or similar rock formation.

Coverage for Sinkhole Loss includes stabilization of the building (including land stabilization) and repair to the foundation provided such work is in accordance with the requirements of Florida Insurance Law and in accordance with the recommendation of a professional engineer and with notice to you. The professional engineer must be selected or approved by us. However, until you enter into a contract for performance of building stabilization or foundation repair in accordance with the recommendations of the professional engineer as set forth in a report from us:

1. We will not pay for underpinning or grouting or any other repair technique performed below the existing foundation of the building; and

2. Our payment for Sinkhole Loss to Covered Property may be limited to the actual cash value of the loss to such property.

You must enter into a contract for the performance of building stabilization and/or foundation repair in accordance with the aforementioned recommendations, within 90 days after we notify you that there is coverage for your sinkhole loss. After you have entered into such contract, we will pay the amounts necessary to begin and perform such repairs as the work is performed and the expenses are incurred.

However, if the professional engineer determines, prior to your entering into the aforementioned contract or prior to the start of repair work, that the repairs will exceed the applicable Limit of Insurance, we must either complete the recommended repairs or pay that Limit of Insurance upon such determination. If the aforementioned determination is made during the course of repair work and we have begun making payments for the work performed, we must either complete the recommended repairs or pay only the remaining portion of the applicable Limit of Insurance upon such determination. The most we will pay for the total of all Sinkhole Loss, including building and land stabilization and foundation repair, is the applicable Limit of Insurance on the affected building.

The stabilization and all other repairs to the Covered Property must be completed with 12 months after entering into the contract for the performance of these repairs, unless:

1. There is a mutual agreement between you and us;

2. The claim is involved with the neutral evaluation process;

3. The claim is in litigation; or

4. The claim is under appraisal or mediation.

**B.** Sinkhole Loss does not include:

1. Sinking or collapse of land into man-made underground cavities; or

2. Earthquake.

**C.** With respect to coverage provided by this endorsement, the **Earth Movement** Exclusion and the **Collapse** Exclusion do not apply.

**D.** With respect to a claim for alleged Sinkhole Loss, the following provision is added:

Following receipt by us of a report from a professional engineer or professional geologist on the cause of loss and recommendations for land stabilization and repair of property, or if we deny your claim, we will notify you of your right to participate in a neutral evaluation program administered by the Florida Department of Financial Services (hereinafter referred to as the Department). For alleged Sinkhole Loss to commercial residential properties, this program applies instead of any mediation procedure set forth elsewhere in this policy, but does not invalidate the Appraisal Condition.

You or we may file a request with the Department for neutral evaluation; the other party must comply with such request. We will pay reasonable costs associated with the neutral evaluation, regardless of which party makes the request. But, if a party chooses to hire a court reporter or stenographer to contemporaneously record and document the neutral evaluation, that party must bear the costs of those services. The neutral evaluator will be selected from a list maintained by the Department. The recommendation of the neutral evaluator will not be binding on you or us.

Participation in the neutral evaluation program does not change your right to file suit against us in accordance with the Legal Action Against Us Condition in this policy; except that the time for filing suit is extended for a period of 60 days following the conclusion of the neutral evaluation process or five years, whichever is later.

**E.** Coverage for Sinkhole Loss under this endorsement does not increase the applicable Limit of Insurance. Even if loss or damage qualifies under, or includes, both Catastrophic Ground Cover Collapse (addressed elsewhere in this policy) and Sinkhole Loss, only one Limit of Insurance will apply to such loss or damage.

**F.** The following provision is added to the **Section I - Duties In The Event Of Loss Or Damage** Property Loss Condition:

A claim for Sinkhole Loss, including but not limited to initial, supplemental and reopened claims is barred unless notice of claim is provided to us in accordance with the terms of this policy within two years after you knew or reasonably should have known about the Sinkhole Loss.

**G.** For the purposes of this endorsement, the following is added to the **Definitions** in Section I - Property:

1. "Structural damage" means a covered building, regardless of the date of its construction, has experienced the following:

a. Interior floor displacement or deflection in excess of acceptable variances as defined in ACI 117-90 or the Florida Building Code, which results in settlement related damage to the interior such that the interior building structure or members become unfit for service or represents a safety hazard as defined within the Florida Building Code;

b. Foundation displacement or deflection in excess of acceptable variances as defined in ACI 318-95 or the Florida Building Code, which results in settlement related damage to the "primary structural members" or "primary structural systems" that prevents those members or systems from supporting the loads and forces they were designed to support to the extent that stresses in those "primary structural members" or "primary structural systems" exceeds one and one-third the nominal strength allowed under the Florida Building Code for new buildings of similar structure, purpose, or location;



    **c.** Damage that results in listing, leaning, or buckling of the exterior load bearing walls or other vertical "primary structural members" to such an extent that a plumb line passing through the center of gravity does not fall inside the middle one-third of the base as defined within the Florida Building Code;

    **d.** Damage that results in the building, or any portion of the building containing "primary structural members" or "primary structural systems", being significantly likely to imminently collapse because of the movement or instability of the ground within the influence zone of the supporting ground within the sheer plane necessary for the purpose of supporting such building as defined within the Florida Building Code; or

    **e.** Damage occurring on or after October 15, 2005, that qualifies as "substantial structural damage" as defined in the Florida Building Code.

**2.** "Primary structural member" means a structural element designed to provide support and stability for the vertical or lateral loads of the overall structure.

**3.** "Primary structural system" means an assemblage of "primary structural members".

**H.** If we deny your claim for Sinkhole Loss without performing testing under section 627.7072, Florida Statutes, you may demand testing by communicating such demand to us in writing within 60 days after you receive our denial of the claim. You are responsible for 50% of the testing costs, or $2,500, whichever is less. If our professional engineer or geologist provides written certification, pursuant to section 627.7073, that there is sinkhole loss, we will reimburse you for the testing costs.

**I.** You may not accept a rebate from any person performing repairs for Sinkhole Loss covered under this endorsement. If you receive a rebate, coverage under this endorsement is void and you must refund the amount of the rebate to us.

**J.** If we deny your claim for Sinkhole Loss upon receipt of written certification from a professional engineer or geologist, pursuant to section 627.7073, that there is no sinkhole loss or that the cause of the damage was not sinkhole activity, and if the sinkhole claim was submitted without good faith grounds for submitting such claim, you shall reimburse us for 50% of the actual costs of the analyses and services provided under sections 627.7072 and 627.7073, or $2,500, whichever is less. You are not required to pay such reimbursement unless you requested the analysis and services and we, before ordering the analysis, informed you in writing of the potential for reimbursement and gave you the opportunity to withdraw the claim.

**K.** As a precondition to accepting payment for sinkhole loss, you must file with the county clerk of court, a copy of any sinkhole report regarding your property which was prepared on behalf or at your request. You will bear the cost of filing and recording the sinkhole report.

BUSINESSOWNERS
BP 03 11 02 12

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# FLORIDA - SINKHOLE LOSS COVERAGE

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

## SCHEDULE

| Premises Number | Building Number |
|---|---|
|  |  |
|  |  |
|  |  |
| Information required to complete this Schedule, if not shown above, will be shown in the Declarations. ||



With respect to the location(s) indicated in the Schedule, the following provisions apply.

**A.** The following is added to this policy as a Covered Cause of Loss and as a "specified cause of loss". However, as a "specified cause of loss", the following does not apply to the Additional Coverage - Collapse.

**Sinkhole Loss,** meaning loss or damage to Covered Property when "structural damage" to the covered building, including the foundation, is caused by settlement or systematic weakening of the earth supporting the covered building, only if the settlement or systematic weakening results from contemporaneous movement or raveling of soils, sediments, or rock materials into subterranean voids created by the effect of water on a limestone or similar rock formation.

Coverage for Sinkhole Loss includes stabilization of the building (including land stabilization) and repair to the foundation provided such work is in accordance with the requirements of Florida Insurance Law and in accordance with the recommendation of a professional engineer and with notice to you. The professional engineer must be selected or approved by us. However, until you enter into a contract for performance of building stabilization or foundation repair in accordance with the recommendations of the professional engineer as set forth in a report from us:

**1.** We will not pay for underpinning or grouting or any other repair technique performed below the existing foundation of the building; and

**2.** Our payment for Sinkhole Loss to Covered Property may be limited to the actual cash value of the loss to such property.

You must enter into a contract for the performance of building stabilization and/or foundation repair in accordance with the aforementioned recommendations, within 90 days after we notify you that there is coverage for your sinkhole loss. After you have entered into such contract, we will pay the amounts necessary to begin and perform such repairs as the work is performed and the expenses are incurred.

However, if the professional engineer determines, prior to your entering into the aforementioned contract or prior to the start of repair work, that the repairs will exceed the applicable Limit of Insurance, we must either complete the recommended repairs or pay that Limit of Insurance upon such determination. If the aforementioned determination is made during the course of repair work and we have begun making payments for the work performed, we must either complete the recommended repairs or pay only the remaining portion of the applicable Limit of Insurance upon such determination. The most we will pay for the total of all Sinkhole Loss, including building and land stabilization and foundation repair, is the applicable Limit of Insurance on the affected building.

© Insurance Services Office, Inc., 2011

The stabilization and all other repairs to the Covered Property must be completed with 12 months after entering into the contract for the performance of these repairs, unless:

1. There is a mutual agreement between you and us;

2. The claim is involved with the neutral evaluation process;

3. The claim is in litigation; or

4. The claim is under appraisal or mediation.

**B.** Sinkhole Loss does not include:

1. Sinking or collapse of land into man-made underground cavities; or

2. Earthquake.

**C.** With respect to coverage provided by this endorsement, the **Earth Movement** Exclusion and the **Collapse** Exclusion do not apply.

**D.** With respect to a claim for alleged Sinkhole Loss, the following provision is added:

Following receipt by us of a report from a professional engineer or professional geologist on the cause of loss and recommendations for land stabilization and repair of property, or if we deny your claim, we will notify you of your right to participate in a neutral evaluation program administered by the Florida Department of Financial Services (hereinafter referred to as the Department). For alleged Sinkhole Loss to commercial residential properties, this program applies instead of any mediation procedure set forth elsewhere in this policy, but does not invalidate the Appraisal Condition.

You or we may file a request with the Department for neutral evaluation; the other party must comply with such request. We will pay reasonable costs associated with the neutral evaluation, regardless of which party makes the request. But, if a party chooses to hire a court reporter or stenographer to contemporaneously record and document the neutral evaluation, that party must bear the costs of those services. The neutral evaluator will be selected from a list maintained by the Department. The recommendation of the neutral evaluator will not be binding on you or us.

Participation in the neutral evaluation program does not change your right to file suit against us in accordance with the Legal Action Against Us Condition in this policy; except that the time for filing suit is extended for a period of 60 days following the conclusion of the neutral evaluation process or five years, whichever is later.

**E.** Coverage for Sinkhole Loss under this endorsement does not increase the applicable Limit of Insurance. Even if loss or damage qualifies under, or includes, both Catastrophic Ground Cover Collapse (addressed elsewhere in this policy) and Sinkhole Loss, only one Limit of Insurance will apply to such loss or damage.

**F.** The following provision is added to the **Section I - Duties In The Event Of Loss Or Damage** Property Loss Condition:

A claim for Sinkhole Loss, including but not limited to initial, supplemental and reopened claims is barred unless notice of claim is provided to us in accordance with the terms of this policy within two years after you knew or reasonably should have known about the Sinkhole Loss.

**G.** For the purposes of this endorsement, the following is added to the **Definitions** in Section I - Property:

1. "Structural damage" means a covered building, regardless of the date of its construction, has experienced the following:

a. Interior floor displacement or deflection in excess of acceptable variances as defined in ACI 117-90 or the Florida Building Code, which results in settlement related damage to the interior such that the interior building structure or members become unfit for service or represents a safety hazard as defined within the Florida Building Code;

b. Foundation displacement or deflection in excess of acceptable variances as defined in ACI 318-95 or the Florida Building Code, which results in settlement related damage to the "primary structural members" or "primary structural systems" that prevents those members or systems from supporting the loads and forces they were designed to support to the extent that stresses in those "primary structural members" or "primary structural systems" exceeds one and one-third the nominal strength allowed under the Florida Building Code for new buildings of similar structure, purpose, or location;

Insurance Services Office, Inc., 2011

©

**c.** Damage that results in listing, leaning, or buckling of the exterior load bearing walls or other vertical "primary structural members" to such an extent that a plumb line passing through the center of gravity does not fall inside the middle one-third of the base as defined within the Florida Building Code;

**d.** Damage that results in the building, or any portion of the building containing "primary structural members" or "primary structural systems", being significantly likely to imminently collapse because of the movement or instability of the ground within the influence zone of the supporting ground within the sheer plane necessary for the purpose of supporting such building as defined within the Florida Building Code; or

**e.** Damage occurring on or after October 15, 2005, that qualifies as "substantial structural damage" as defined in the Florida Building Code.

**2.** "Primary structural member" means a structural element designed to provide support and stability for the vertical or lateral loads of the overall structure.

**3.** "Primary structural system" means an assemblage of "primary structural members".

**H.** If we deny your claim for Sinkhole Loss without performing testing under section 627.7072, Florida Statutes, you may demand testing by communicating such demand to us in writing within 60 days after you receive our denial of the claim. You are responsible for 50% of the testing costs, or $2,500, whichever is less. If our professional engineer or geologist provides written certification, pursuant to section 627.7073, that there is sinkhole loss, we will reimburse you for the testing costs.

**I.** You may not accept a rebate from any person performing repairs for Sinkhole Loss covered under this endorsement. If you receive a rebate, coverage under this endorsement is void and you must refund the amount of the rebate to us.

**J.** If we deny your claim for Sinkhole Loss upon receipt of written certification from a professional engineer or geologist, pursuant to section 627.7073, that there is no sinkhole loss or that the cause of the damage was not sinkhole activity, and if the sinkhole claim was submitted without good faith grounds for submitting such claim, you shall reimburse us for 50% of the actual costs of the analyses and services provided under sections 627.7072 and 627.7073, or $2,500, whichever is less. You are not required to pay such reimbursement unless you requested the analysis and services and we, before ordering the analysis, informed you in writing of the potential for reimbursement and gave you the opportunity to withdraw the claim.

**K.** As a precondition to accepting payment for sinkhole loss, you must file with the county clerk of court, a copy of any sinkhole report regarding your property which was prepared on behalf or at your request. You will bear the cost of filing and recording the sinkhole report.

BUSINESSOWNERS
BP 03 11 02 12

**THIS ENDORSEMENT  CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# FLORIDA - SINKHOLE  LOSS  COVERAGE

This endorsement  modifies  insurance  provided  under the following:

BUSINESSOWNERS  COVERAGE FORM

**SCHEDULE**

| Premises Number | Building Number |
|---|---|
|  |  |
|  |  |
|  |  |

| Information  required  to complete  this Schedule, if not shown  above, will  be shown  in the Declarations. |
|---|

With  respect  to the  location(s)  indicated  in the Schedule, the following  provisions  apply.

**A.**  The following  is added to this policy  as a Covered  Cause of Loss and as a "specified  cause of loss". However, as a "specified  cause of loss", the following  does not apply to the Additional  Coverage - Collapse.

**Sinkhole Loss,** meaning loss or damage to Covered  Property when "structural  damage" to the covered  building, including  the foundation, is caused by settlement or systematic weakening  of the earth supporting  the covered  building, only if the settlement or systematic  weakening  results from contemporaneous  movement  or raveling  of soils, sediments, or rock materials  into subterranean  voids created  by the effect of water on a limestone  or similar  rock formation.

Coverage for Sinkhole Loss includes stabilization  of the building  (including  land stabilization)  and repair  to the foundation  provided  such work is in accordance  with the requirements  of Florida Insurance Law and in accordance  with the recommendation  of a professional  engineer and with notice to you. The professional  engineer must be selected or approved  by us. However,  until you enter into a contract  for performance  of building  stabilization  or foundation  repair in accordance  with the recommendations  of the professional  engineer as set forth  in a report  from us:

**1.**  We will not pay for underpinning  or grouting  or any other repair technique performed  below the existing  foundation of the building;  and

**2.**  Our payment  for Sinkhole  Loss to Covered  Property  may be limited  to the actual cash value of the loss to such property.

You must enter into a contract  for the performance  of building  stabilization  and/or foundation  repair  in accordance  with the aforementioned  recommendations,  within 90 days after we notify  you that there is coverage for your sinkhole loss. After you have entered  into such contract, we will  pay the amounts  necessary  to begin  and perform such repairs  as the work is performed  and the expenses  are incurred.

However,  if the professional  engineer determines, prior to your entering  into the aforementioned  contract  or prior to the start of repair  work, that the repairs  will  exceed the applicable  Limit of Insurance, we must either complete  the recommended  repairs  or pay that Limit of Insurance  upon such determination.  If the aforementioned  determination  is made during  the course of repair  work and we have begun  making payments  for the work performed, we must either complete the recommended  repairs  or pay only the remaining  portion  of the applicable  Limit of Insurance  upon such determination.  The most we will  pay for the total of all Sinkhole  Loss, including  building  and land stabilization  and foundation  repair, is the applicable  Limit of Insurance  on the affected  building.

The stabilization and all other repairs to the Covered Property must be completed with 12 months after entering into the contract for the performance of these repairs, unless:

1. There is a mutual agreement between you and us;

2. The claim is involved with the neutral evaluation process;

3. The claim is in litigation; or

4. The claim is under appraisal or mediation.

**B.** Sinkhole Loss does not include:

1. Sinking or collapse of land into man-made underground cavities; or

2. Earthquake.

**C.** With respect to coverage provided by this endorsement, the **Earth Movement** Exclusion and the **Collapse** Exclusion do not apply.

**D.** With respect to a claim for alleged Sinkhole Loss, the following provision is added:

Following receipt by us of a report from a professional engineer or professional geologist on the cause of loss and recommendations for land stabilization and repair of property, or if we deny your claim, we will notify you of your right to participate in a neutral evaluation program administered by the Florida Department of Financial Services (hereinafter referred to as the Department). For alleged Sinkhole Loss to commercial residential properties, this program applies instead of any mediation procedure set forth elsewhere in this policy, but does not invalidate the Appraisal Condition.

You or we may file a request with the Department for neutral evaluation; the other party must comply with such request. We will pay reasonable costs associated with the neutral evaluation, regardless of which party makes the request. But, if a party chooses to hire a court reporter or stenographer to contemporaneously record and document the neutral evaluation, that party must bear the costs of those services. The neutral evaluator will be selected from a list maintained by the Department. The recommendation of the neutral evaluator will not be binding on you or us.

Participation in the neutral evaluation program does not change your right to file suit against us in accordance with the Legal Action Against Us Condition in this policy; except that the time for filing suit is extended for a period of 60 days following the conclusion of the neutral evaluation process or five years, whichever is later.

**E.** Coverage for Sinkhole Loss under this endorsement does not increase the applicable Limit of Insurance. Even if loss or damage qualifies under, or includes, both Catastrophic Ground Cover Collapse (addressed elsewhere in this policy) and Sinkhole Loss, only one Limit of Insurance will apply to such loss or damage.

**F.** The following provision is added to the **Section I - Duties In The Event Of Loss Or Damage** Property Loss Condition:

A claim for Sinkhole Loss, including but not limited to initial, supplemental and reopened claims is barred unless notice of claim is provided to us in accordance with the terms of this policy within two years after you knew or reasonably should have known about the Sinkhole Loss.

**G.** For the purposes of this endorsement, the following is added to the **Definitions** in Section I - Property:

1. "Structural damage" means a covered building, regardless of the date of its construction, has experienced the following:

a. Interior floor displacement or deflection in excess of acceptable variances as defined in ACI 117-90 or the Florida Building Code, which results in settlement related damage to the interior such that the interior building structure or members become unfit for service or represents a safety hazard as defined within the Florida Building Code;

b. Foundation displacement or deflection in excess of acceptable variances as defined in ACI 318-95 or the Florida Building Code, which results in settlement related damage to the "primary structural members" or "primary structural systems" that prevents those members or systems from supporting the loads and forces they were designed to support to the extent that stresses in those "primary structural members" or "primary structural systems" exceeds one and one-third the nominal strength allowed under the Florida Building Code for new buildings of similar structure, purpose, or location;



**c.** Damage that results in listing, leaning, or buckling of the exterior load bearing walls or other vertical "primary structural members" to such an extent that a plumb line passing through the center of gravity does not fall inside the middle one-third of the base as defined within the Florida Building Code;

**d.** Damage that results in the building, or any portion of the building containing "primary structural members" or "primary structural systems", being significantly likely to imminently collapse because of the movement or instability of the ground within the influence zone of the supporting ground within the sheer plane necessary for the purpose of supporting such building as defined within the Florida Building Code; or

**e.** Damage occurring on or after October 15, 2005, that qualifies as "substantial structural damage" as defined in the Florida Building Code.

**2.** "Primary structural member" means a structural element designed to provide support and stability for the vertical or lateral loads of the overall structure.

**3.** "Primary structural system" means an assemblage of "primary structural members".

**H.** If we deny your claim for Sinkhole Loss without performing testing under section 627.7072, Florida Statutes, you may demand testing by communicating such demand to us in writing within 60 days after you receive our denial of the claim. You are responsible for 50% of the testing costs, or $2,500, whichever is less. If our professional engineer or geologist provides written certification, pursuant to section 627.7073, that there is sinkhole loss, we will reimburse you for the testing costs.

**I.** You may not accept a rebate from any person performing repairs for Sinkhole Loss covered under this endorsement. If you receive a rebate, coverage under this endorsement is void and you must refund the amount of the rebate to us.

**J.** If we deny your claim for Sinkhole Loss upon receipt of written certification from a professional engineer or geologist, pursuant to section 627.7073, that there is no sinkhole loss or that the cause of the damage was not sinkhole activity, and if the sinkhole claim was submitted without good faith grounds for submitting such claim, you shall reimburse us for 50% of the actual costs of the analyses and services provided under sections 627.7072 and 627.7073, or $2,500, whichever is less. You are not required to pay such reimbursement unless you requested the analysis and services and we, before ordering the analysis, informed you in writing of the potential for reimbursement and gave you the opportunity to withdraw the claim.

**K.** As a precondition to accepting payment for sinkhole loss, you must file with the county clerk of court, a copy of any sinkhole report regarding your property which was prepared on behalf or at your request. You will bear the cost of filing and recording the sinkhole report.

BUSINESSOWNERS
BP 03 11 02 12

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# FLORIDA - SINKHOLE LOSS COVERAGE

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

### SCHEDULE



| Premises Number | Building Number |
|---|---|
|  |  |
|  |  |
|  |  |
| Information required to complete this Schedule, if not shown above, will be shown in the Declarations. ||

With respect to the location(s) indicated in the Schedule, the following provisions apply.

**A.** The following is added to this policy as a Covered Cause of Loss and as a "specified cause of loss". However, as a "specified cause of loss", the following does not apply to the Additional Coverage - Collapse.

**Sinkhole Loss,** meaning loss or damage to Covered Property when "structural damage" to the covered building, including the foundation, is caused by settlement or systematic weakening of the earth supporting the covered building, only if the settlement or systematic weakening results from contemporaneous movement or raveling of soils, sediments, or rock materials into subterranean voids created by the effect of water on a limestone or similar rock formation.

Coverage for Sinkhole Loss includes stabilization of the building (including land stabilization) and repair to the foundation provided such work is in accordance with the requirements of Florida Insurance Law and in accordance with the recommendation of a professional engineer and with notice to you. The professional engineer must be selected or approved by us. However, until you enter into a contract for performance of building stabilization or foundation repair in accordance with the recommendations of the professional engineer as set forth in a report from us:

**1.** We will not pay for underpinning or grouting or any other repair technique performed below the existing foundation of the building; and

**2.** Our payment for Sinkhole Loss to Covered Property may be limited to the actual cash value of the loss to such property.

You must enter into a contract for the performance of building stabilization and/or foundation repair in accordance with the aforementioned recommendations, within 90 days after we notify you that there is coverage for your sinkhole loss. After you have entered into such contract, we will pay the amounts necessary to begin and perform such repairs as the work is performed and the expenses are incurred.

However, if the professional engineer determines, prior to your entering into the aforementioned contract or prior to the start of repair work, that the repairs will exceed the applicable Limit of Insurance, we must either complete the recommended repairs or pay that Limit of Insurance upon such determination. If the aforementioned determination is made during the course of repair work and we have begun making payments for the work performed, we must either complete the recommended repairs or pay only the remaining portion of the applicable Limit of Insurance upon such determination. The most we will pay for the total of all Sinkhole Loss, including building and land stabilization and foundation repair, is the applicable Limit of Insurance on the affected building.

The stabilization and all other repairs to the Covered Property must be completed with 12 months after entering into the contract for the performance of these repairs, unless:

1. There is a mutual agreement between you and us;

2. The claim is involved with the neutral evaluation process;

3. The claim is in litigation; or

4. The claim is under appraisal or mediation.

**B.** Sinkhole Loss does not include:

1. Sinking or collapse of land into man-made underground cavities; or

2. Earthquake.

**C.** With respect to coverage provided by this endorsement, the **Earth Movement** Exclusion and the **Collapse** Exclusion do not apply.

**D.** With respect to a claim for alleged Sinkhole Loss, the following provision is added:

Following receipt by us of a report from a professional engineer or professional geologist on the cause of loss and recommendations for land stabilization and repair of property, or if we deny your claim, we will notify you of your right to participate in a neutral evaluation program administered by the Florida Department of Financial Services (hereinafter referred to as the Department). For alleged Sinkhole Loss to commercial residential properties, this program applies instead of any mediation procedure set forth elsewhere in this policy, but does not invalidate the Appraisal Condition.

You or we may file a request with the Department for neutral evaluation; the other party must comply with such request. We will pay reasonable costs associated with the neutral evaluation, regardless of which party makes the request. But, if a party chooses to hire a court reporter or stenographer to contemporaneously record and document the neutral evaluation, that party must bear the costs of those services. The neutral evaluator will be selected from a list maintained by the Department. The recommendation of the neutral evaluator will not be binding on you or us.

Participation in the neutral evaluation program does not change your right to file suit against us in accordance with the Legal Action Against Us Condition in this policy; except that the time for filing suit is extended for a period of 60 days following the conclusion of the neutral evaluation process or five years, whichever is later.

**E.** Coverage for Sinkhole Loss under this endorsement does not increase the applicable Limit of Insurance. Even if loss or damage qualifies under, or includes, both Catastrophic Ground Cover Collapse (addressed elsewhere in this policy) and Sinkhole Loss, only one Limit of Insurance will apply to such loss or damage.

**F.** The following provision is added to the **Section I - Duties In The Event Of Loss Or Damage** Property Loss Condition:

A claim for Sinkhole Loss, including but not limited to initial, supplemental and reopened claims is barred unless notice of claim is provided to us in accordance with the terms of this policy within two years after you knew or reasonably should have known about the Sinkhole Loss.

**G.** For the purposes of this endorsement, the following is added to the **Definitions** in Section I - Property:

1. "Structural damage" means a covered building, regardless of the date of its construction, has experienced the following:

a. Interior floor displacement or deflection in excess of acceptable variances as defined in ACI 117-90 or the Florida Building Code, which results in settlement related damage to the interior such that the interior building structure or members become unfit for service or represents a safety hazard as defined within the Florida Building Code;

b. Foundation displacement or deflection in excess of acceptable variances as defined in ACI 318-95 or the Florida Building Code, which results in settlement related damage to the "primary structural members" or "primary structural systems" that prevents those members or systems from supporting the loads and forces they were designed to support to the extent that stresses in those "primary structural members" or "primary structural systems" exceeds one and one-third the nominal strength allowed under the Florida Building Code for new buildings of similar structure, purpose, or location;

©

140

of 376

**c.** Damage that results in listing, leaning, or buckling of the exterior load bearing walls or other vertical "primary structural members" to such an extent that a plumb line passing through the center of gravity does not fall inside the middle one-third of the base as defined within the Florida Building Code;

**d.** Damage that results in the building, or any portion of the building containing "primary structural members" or "primary structural systems", being significantly likely to imminently collapse because of the movement or instability of the ground within the influence zone of the supporting ground within the sheer plane necessary for the purpose of supporting such building as defined within the Florida Building Code; or

**e.** Damage occurring on or after October 15, 2005, that qualifies as "substantial structural damage" as defined in the Florida Building Code.

**2.** "Primary structural member" means a structural element designed to provide support and stability for the vertical or lateral loads of the overall structure.

**3.** "Primary structural system" means an assemblage of "primary structural members".

**H.** If we deny your claim for Sinkhole Loss without performing testing under section 627.7072, Florida Statutes, you may demand testing by communicating such demand to us in writing within 60 days after you receive our denial of the claim. You are responsible for 50% of the testing costs, or $2,500, whichever is less. If our professional engineer or geologist provides written certification, pursuant to section 627.7073, that there is sinkhole loss, we will reimburse you for the testing costs.

**I.** You may not accept a rebate from any person performing repairs for Sinkhole Loss covered under this endorsement. If you receive a rebate, coverage under this endorsement is void and you must refund the amount of the rebate to us.

**J.** If we deny your claim for Sinkhole Loss upon receipt of written certification from a professional engineer or geologist, pursuant to section 627.7073, that there is no sinkhole loss or that the cause of the damage was not sinkhole activity, and if the sinkhole claim was submitted without good faith grounds for submitting such claim, you shall reimburse us for 50% of the actual costs of the analyses and services provided under sections 627.7072 and 627.7073, or $2,500, whichever is less. You are not required to pay such reimbursement unless you requested the analysis and services and we, before ordering the analysis, informed you in writing of the potential for reimbursement and gave you the opportunity to withdraw the claim.

**K.** As a precondition to accepting payment for sinkhole loss, you must file with the county clerk of court, a copy of any sinkhole report regarding your property which was prepared on behalf or at your request. You will bear the cost of filing and recording the sinkhole report.

© Insurance Services Office, Inc., 2011

BUSINESSOWNERS
BP 03 11 02 12

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# FLORIDA - SINKHOLE LOSS COVERAGE

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

## SCHEDULE

| Premises Number | Building Number |
|---|---|
|  |  |
|  |  |
|  |  |

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

With respect to the location(s) indicated in the Schedule, the following provisions apply.

**A.** The following is added to this policy as a Covered Cause of Loss and as a "specified cause of loss". However, as a "specified cause of loss", the following does not apply to the Additional Coverage - Collapse.

**Sinkhole Loss,** meaning loss or damage to Covered Property when "structural damage" to the covered building, including the foundation, is caused by settlement or systematic weakening of the earth supporting the covered building, only if the settlement or systematic weakening results from contemporaneous movement or raveling of soils, sediments, or rock materials into subterranean voids created by the effect of water on a limestone or similar rock formation.

Coverage for Sinkhole Loss includes stabilization of the building (including land stabilization) and repair to the foundation provided such work is in accordance with the requirements of Florida Insurance Law and in accordance with the recommendation of a professional engineer and with notice to you. The professional engineer must be selected or approved by us. However, until you enter into a contract for performance of building stabilization or foundation repair in accordance with the recommendations of the professional engineer as set forth in a report from us:

**1.** We will not pay for underpinning or grouting or any other repair technique performed below the existing foundation of the building; and

**2.** Our payment for Sinkhole Loss to Covered Property may be limited to the actual cash value of the loss to such property.

You must enter into a contract for the performance of building stabilization and/or foundation repair in accordance with the aforementioned recommendations, within 90 days after we notify you that there is coverage for your sinkhole loss. After you have entered into such contract, we will pay the amounts necessary to begin and perform such repairs as the work is performed and the expenses are incurred.

However, if the professional engineer determines, prior to your entering into the aforementioned contract or prior to the start of repair work, that the repairs will exceed the applicable Limit of Insurance, we must either complete the recommended repairs or pay that Limit of Insurance upon such determination. If the aforementioned determination is made during the course of repair work and we have begun making payments for the work performed, we must either complete the recommended repairs or pay only the remaining portion of the applicable Limit of Insurance upon such determination. The most we will pay for the total of all Sinkhole Loss, including building and land stabilization and foundation repair, is the applicable Limit of Insurance on the affected building.

© Insurance Services Office, Inc., 2011

The stabilization and all other repairs to the Covered Property must be completed with 12 months after entering into the contract for the performance of these repairs, unless:

1. There is a mutual agreement between you and us;

2. The claim is involved with the neutral evaluation process;

3. The claim is in litigation; or

4. The claim is under appraisal or mediation.

B. Sinkhole Loss does not include:

1. Sinking or collapse of land into man-made underground cavities; or

2. Earthquake.

C. With respect to coverage provided by this endorsement, the **Earth Movement** Exclusion and the **Collapse** Exclusion do not apply.

D. With respect to a claim for alleged Sinkhole Loss, the following provision is added:

Following receipt by us of a report from a professional engineer or professional geologist on the cause of loss and recommendations for land stabilization and repair of property, or if we deny your claim, we will notify you of your right to participate in a neutral evaluation program administered by the Florida Department of Financial Services (hereinafter referred to as the Department). For alleged Sinkhole Loss to commercial residential properties, this program applies instead of any mediation procedure set forth elsewhere in this policy, but does not invalidate the Appraisal Condition.

You or we may file a request with the Department for neutral evaluation; the other party must comply with such request. We will pay reasonable costs associated with the neutral evaluation, regardless of which party makes the request. But, if a party chooses to hire a court reporter or stenographer to contemporaneously record and document the neutral evaluation, that party must bear the costs of those services. The neutral evaluator will be selected from a list maintained by the Department. The recommendation of the neutral evaluator will not be binding on you or us.

Participation in the neutral evaluation program does not change your right to file suit against us in accordance with the Legal Action Against Us Condition in this policy; except that the time for filing suit is extended for a period of 60 days following the conclusion of the neutral evaluation process or five years, whichever is later.

E. Coverage for Sinkhole Loss under this endorsement does not increase the applicable Limit of Insurance. Even if loss or damage qualifies under, or includes, both Catastrophic Ground Cover Collapse (addressed elsewhere in this policy) and Sinkhole Loss, only one Limit of Insurance will apply to such loss or damage.

F. The following provision is added to the **Section I - Duties In The Event Of Loss Or Damage** Property Loss Condition:

A claim for Sinkhole Loss, including but not limited to initial, supplemental and reopened claims is barred unless notice of claim is provided to us in accordance with the terms of this policy within two years after you knew or reasonably should have known about the Sinkhole Loss.

G. For the purposes of this endorsement, the following is added to the **Definitions** in Section I - Property:

1. "Structural damage" means a covered building, regardless of the date of its construction, has experienced the following:

a. Interior floor displacement or deflection in excess of acceptable variances as defined in ACI 117-90 or the Florida Building Code, which results in settlement related damage to the interior such that the interior building structure or members become unfit for service or represents a safety hazard as defined within the Florida Building Code;

b. Foundation displacement or deflection in excess of acceptable variances as defined in ACI 318-95 or the Florida Building Code, which results in settlement related damage to the "primary structural members" or "primary structural systems" that prevents those members or systems from supporting the loads and forces they were designed to support to the extent that stresses in those "primary structural members" or "primary structural systems" exceeds one and one-third the nominal strength allowed under the Florida Building Code for new buildings of similar structure, purpose, or location;

57616446   005687   560   of 376   143


    **c.** Damage that results in listing, leaning, or buckling of the exterior load bearing walls or other vertical "primary structural members" to such an extent that a plumb line passing through the center of gravity does not fall inside the middle one-third of the base as defined within the Florida Building Code;

    **d.** Damage that results in the building, or any portion of the building containing "primary structural members" or "primary structural systems", being significantly likely to imminently collapse because of the movement or instability of the ground within the influence zone of the supporting ground within the sheer plane necessary for the purpose of supporting such building as defined within the Florida Building Code; or

    **e.** Damage occurring on or after October 15, 2005, that qualifies as "substantial structural damage" as defined in the Florida Building Code.

**2.** "Primary structural member" means a structural element designed to provide support and stability for the vertical or lateral loads of the overall structure.

**3.** "Primary structural system" means an assemblage of "primary structural members".

**H.** If we deny your claim for Sinkhole Loss without performing testing under section 627.7072, Florida Statutes, you may demand testing by communicating such demand to us in writing within 60 days after you receive our denial of the claim. You are responsible for 50% of the testing costs, or $2,500, whichever is less. If our professional engineer or geologist provides written certification, pursuant to section 627.7073, that there is sinkhole loss, we will reimburse you for the testing costs.

**I.** You may not accept a rebate from any person performing repairs for Sinkhole Loss covered under this endorsement. If you receive a rebate, coverage under this endorsement is void and you must refund the amount of the rebate to us.

**J.** If we deny your claim for Sinkhole Loss upon receipt of written certification from a professional engineer or geologist, pursuant to section 627.7073, that there is no sinkhole loss or that the cause of the damage was not sinkhole activity, and if the sinkhole claim was submitted without good faith grounds for submitting such claim, you shall reimburse us for 50% of the actual costs of the analyses and services provided under sections 627.7072 and 627.7073, or $2,500, whichever is less. You are not required to pay such reimbursement unless you requested the analysis and services and we, before ordering the analysis, informed you in writing of the potential for reimbursement and gave you the opportunity to withdraw the claim.

**K.** As a precondition to accepting payment for sinkhole loss, you must file with the county clerk of court, a copy of any sinkhole report regarding your property which was prepared on behalf or at your request. You will bear the cost of filing and recording the sinkhole report.

BUSINESSOWNERS
BP 03 11 02 12

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# FLORIDA - SINKHOLE LOSS COVERAGE

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

## SCHEDULE

| Premises Number | Building Number |
|---|---|
|  |  |
|  |  |
|  |  |
| Information required to complete this Schedule, if not shown above, will be shown in the Declarations. | |



With respect to the location(s) indicated in the Schedule, the following provisions apply.

**A.** The following is added to this policy as a Covered Cause of Loss and as a "specified cause of loss". However, as a "specified cause of loss", the following does not apply to the Additional Coverage - Collapse.

**Sinkhole Loss, meaning** loss or damage to Covered Property when "structural damage" to the covered building, including the foundation, is caused by settlement or systematic weakening of the earth supporting the covered building, only if the settlement or systematic weakening results from contemporaneous movement or raveling of soils, sediments, or rock materials into subterranean voids created by the effect of water on a limestone or similar rock formation.

Coverage for Sinkhole Loss includes stabilization of the building (including land stabilization) and repair to the foundation provided such work is in accordance with the requirements of Florida Insurance Law and in accordance with the recommendation of a professional engineer and with notice to you. The professional engineer must be selected or approved by us. However, until you enter into a contract for performance of building stabilization or foundation repair in accordance with the recommendations of the professional engineer as set forth in a report from us:

**1.** We will not pay for underpinning or grouting or any other repair technique performed below the existing foundation of the building; and

**2.** Our payment for Sinkhole Loss to Covered Property may be limited to the actual cash value of the loss to such property.

You must enter into a contract for the performance of building stabilization and/or foundation repair in accordance with the aforementioned recommendations, within 90 days after we notify you that there is coverage for your sinkhole loss. After you have entered into such contract, we will pay the amounts necessary to begin and perform such repairs as the work is performed and the expenses are incurred.

However, if the professional engineer determines, prior to your entering into the aforementioned contract or prior to the start of repair work, that the repairs will exceed the applicable Limit of Insurance, we must either complete the recommended repairs or pay that Limit of Insurance upon such determination. If the aforementioned determination is made during the course of repair work and we have begun making payments for the work performed, we must either complete the recommended repairs or pay only the remaining portion of the applicable Limit of Insurance upon such determination. The most we will pay for the total of all Sinkhole Loss, including building and land stabilization and foundation repair, is the applicable Limit of Insurance on the affected building.

© Insurance Services Office, Inc., 2011

The stabilization and all other repairs to the Covered Property must be completed with 12 months after entering into the contract for the performance of these repairs, unless:

1. There is a mutual agreement between you and us;

2. The claim is involved with the neutral evaluation process;

3. The claim is in litigation; or

4. The claim is under appraisal or mediation.

B. Sinkhole Loss does not include:

1. Sinking or collapse of land into man-made underground cavities; or

2. Earthquake.

C. With respect to coverage provided by this endorsement, the **Earth Movement** Exclusion and the **Collapse** Exclusion do not apply.

D. With respect to a claim for alleged Sinkhole Loss, the following provision is added:

Following receipt by us of a report from a professional engineer or professional geologist on the cause of loss and recommendations for land stabilization and repair of property, or if we deny your claim, we will notify you of your right to participate in a neutral evaluation program administered by the Florida Department of Financial Services (hereinafter referred to as the Department). For alleged Sinkhole Loss to commercial residential properties, this program applies instead of any mediation procedure set forth elsewhere in this policy, but does not invalidate the Appraisal Condition.

You or we may file a request with the Department for neutral evaluation; the other party must comply with such request. We will pay reasonable costs associated with the neutral evaluation, regardless of which party makes the request. But, if a party chooses to hire a court reporter or stenographer to contemporaneously record and document the neutral evaluation, that party must bear the costs of those services. The neutral evaluator will be selected from a list maintained by the Department. The recommendation of the neutral evaluator will not be binding on you or us.

Participation in the neutral evaluation program does not change your right to file suit against us in accordance with the Legal Action Against Us Condition in this policy; except that the time for filing suit is extended for a period of 60 days following the conclusion of the neutral evaluation process or five years, whichever is later.

E. Coverage for Sinkhole Loss under this endorsement does not increase the applicable Limit of Insurance. Even if loss or damage qualifies under, or includes, both Catastrophic Ground Cover Collapse (addressed elsewhere in this policy) and Sinkhole Loss, only one Limit of Insurance will apply to such loss or damage.

F. The following provision is added to the **Section I - Duties In The Event Of Loss Or Damage** Property Loss Condition:

A claim for Sinkhole Loss, including but not limited to initial, supplemental and reopened claims is barred unless notice of claim is provided to us in accordance with the terms of this policy within two years after you knew or reasonably should have known about the Sinkhole Loss.

G. For the purposes of this endorsement, the following is added to the **Definitions** in Section I - Property:

1. "Structural damage" means a covered building, regardless of the date of its construction, has experienced the following:

a. Interior floor displacement or deflection in excess of acceptable variances as defined in ACI 117-90 or the Florida Building Code, which results in settlement related damage to the interior such that the interior building structure or members become unfit for service or represents a safety hazard as defined within the Florida Building Code;

b. Foundation displacement or deflection in excess of acceptable variances as defined in ACI 318-95 or the Florida Building Code, which results in settlement related damage to the "primary structural members" or "primary structural systems" that prevents those members or systems from supporting the loads and forces they were designed to support to the extent that stresses in those "primary structural members" or "primary structural systems" exceeds one and one-third the nominal strength allowed under the Florida Building Code for new buildings of similar structure, purpose, or location;

**c.** Damage that results in listing, leaning, or buckling of the exterior load bearing walls or other vertical "primary structural members" to such an extent that a plumb line passing through the center of gravity does not fall inside the middle one-third of the base as defined within the Florida Building Code;

**d.** Damage that results in the building, or any portion of the building containing "primary structural members" or "primary structural systems", being significantly likely to imminently collapse because of the movement or instability of the ground within the influence zone of the supporting ground within the sheer plane necessary for the purpose of supporting such building as defined within the Florida Building Code; or

**e.** Damage occurring on or after October 15, 2005, that qualifies as "substantial structural damage" as defined in the Florida Building Code.

**2.** "Primary structural member" means a structural element designed to provide support and stability for the vertical or lateral loads of the overall structure.

**3.** "Primary structural system" means an assemblage of "primary structural members".

**H.** If we deny your claim for Sinkhole Loss without performing testing under section 627.7072, Florida Statutes, you may demand testing by communicating such demand to us in writing within 60 days after you receive our denial of the claim. You are responsible for 50% of the testing costs, or $2,500, whichever is less. If our professional engineer or geologist provides written certification, pursuant to section 627.7073, that there is sinkhole loss, we will reimburse you for the testing costs.

**I.** You may not accept a rebate from any person performing repairs for Sinkhole Loss covered under this endorsement. If you receive a rebate, coverage under this endorsement is void and you must refund the amount of the rebate to us.

**J.** If we deny your claim for Sinkhole Loss upon receipt of written certification from a professional engineer or geologist, pursuant to section 627.7073, that there is no sinkhole loss or that the cause of the damage was not sinkhole activity, and if the sinkhole claim was submitted without good faith grounds for submitting such claim, you shall reimburse us for 50% of the actual costs of the analyses and services provided under sections 627.7072 and 627.7073, or $2,500, whichever is less. You are not required to pay such reimbursement unless you requested the analysis and services and we, before ordering the analysis, informed you in writing of the potential for reimbursement and gave you the opportunity to withdraw the claim.

**K.** As a precondition to accepting payment for sinkhole loss, you must file with the county clerk of court, a copy of any sinkhole report regarding your property which was prepared on behalf or at your request. You will bear the cost of filing and recording the sinkhole report.

**BUSINESSOWNERS**
**BP 03 11 02 12**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# FLORIDA - SINKHOLE LOSS COVERAGE

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

**SCHEDULE**

| Premises Number | Building Number |
|---|---|
|  |  |
|  |  |
|  |  |

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

With respect to the location(s) indicated in the Schedule, the following provisions apply.

**A.** The following is added to this policy as a Covered Cause of Loss and as a "specified cause of loss". However, as a "specified cause of loss", the following does not apply to the Additional Coverage - Collapse.

**Sinkhole Loss,** meaning loss or damage to Covered Property when "structural damage" to the covered building, including the foundation, is caused by settlement or systematic weakening of the earth supporting the covered building, only if the settlement or systematic weakening results from contemporaneous movement or raveling of soils, sediments, or rock materials into subterranean voids created by the effect of water on a limestone or similar rock formation.

Coverage for Sinkhole Loss includes stabilization of the building (including land stabilization) and repair to the foundation provided such work is in accordance with the requirements of Florida Insurance Law and in accordance with the recommendation of a professional engineer and with notice to you. The professional engineer must be selected or approved by us. However, until you enter into a contract for performance of building stabilization or foundation repair in accordance with the recommendations of the professional engineer as set forth in a report from us:

**1.** We will not pay for underpinning or grouting or any other repair technique performed below the existing foundation of the building; and

**2.** Our payment for Sinkhole Loss to Covered Property may be limited to the actual cash value of the loss to such property.

You must enter into a contract for the performance of building stabilization and/or foundation repair in accordance with the aforementioned recommendations, within 90 days after we notify you that there is coverage for your sinkhole loss. After you have entered into such contract, we will pay the amounts necessary to begin and perform such repairs as the work is performed and the expenses are incurred.

However, if the professional engineer determines, prior to your entering into the aforementioned contract or prior to the start of repair work, that the repairs will exceed the applicable Limit of Insurance, we must either complete the recommended repairs or pay that Limit of Insurance upon such determination. If the aforementioned determination is made during the course of repair work and we have begun making payments for the work performed, we must either complete the recommended repairs or pay only the remaining portion of the applicable Limit of Insurance upon such determination. The most we will pay for the total of all Sinkhole Loss, including building and land stabilization and foundation repair, is the applicable Limit of Insurance on the affected building.

© Insurance Services Office, Inc., 2011

The stabilization and all other repairs to the Covered Property must be completed with 12 months after entering into the contract for the performance of these repairs, unless:

1. There is a mutual agreement between you and us;

2. The claim is involved with the neutral evaluation process;

3. The claim is in litigation; or

4. The claim is under appraisal or mediation.

**B.** Sinkhole Loss does not include:

1. Sinking or collapse of land into man-made underground cavities; or

2. Earthquake.

**C.** With respect to coverage provided by this endorsement, the **Earth Movement** Exclusion and the **Collapse** Exclusion do not apply.

**D.** With respect to a claim for alleged Sinkhole Loss, the following provision is added:

Following receipt by us of a report from a professional engineer or professional geologist on the cause of loss and recommendations for land stabilization and repair of property, or if we deny your claim, we will notify you of your right to participate in a neutral evaluation program administered by the Florida Department of Financial Services (hereinafter referred to as the Department). For alleged Sinkhole Loss to commercial residential properties, this program applies instead of any mediation procedure set forth elsewhere in this policy, but does not invalidate the Appraisal Condition.

You or we may file a request with the Department for neutral evaluation; the other party must comply with such request. We will pay reasonable costs associated with the neutral evaluation, regardless of which party makes the request. But, if a party chooses to hire a court reporter or stenographer to contemporaneously record and document the neutral evaluation, that party must bear the costs of those services. The neutral evaluator will be selected from a list maintained by the Department. The recommendation of the neutral evaluator will not be binding on you or us.

Participation in the neutral evaluation program does not change your right to file suit against us in accordance with the Legal Action Against Us Condition in this policy; except that the time for filing suit is extended for a period of 60 days following the conclusion of the neutral evaluation process or five years, whichever is later.

**E.** Coverage for Sinkhole Loss under this endorsement does not increase the applicable Limit of Insurance. Even if loss or damage qualifies under, or includes, both Catastrophic Ground Cover Collapse (addressed elsewhere in this policy) and Sinkhole Loss, only one Limit of Insurance will apply to such loss or damage.

**F.** The following provision is added to the **Section I - Duties In The Event Of Loss Or Damage** Property Loss Condition:

A claim for Sinkhole Loss, including but not limited to initial, supplemental and reopened claims is barred unless notice of claim is provided to us in accordance with the terms of this policy within two years after you knew or reasonably should have known about the Sinkhole Loss.

**G.** For the purposes of this endorsement, the following is added to the **Definitions** in Section I - Property:

1. "Structural damage" means a covered building, regardless of the date of its construction, has experienced the following:

a. Interior floor displacement or deflection in excess of acceptable variances as defined in ACI 117-90 or the Florida Building Code, which results in settlement related damage to the interior such that the interior building structure or members become unfit for service or represents a safety hazard as defined within the Florida Building Code;

b. Foundation displacement or deflection in excess of acceptable variances as defined in ACI 318-95 or the Florida Building Code, which results in settlement related damage to the "primary structural members" or "primary structural systems" that prevents those members or systems from supporting the loads and forces they were designed to support to the extent that stresses in those "primary structural members" or "primary structural systems" exceeds one and one-third the nominal strength allowed under the Florida Building Code for new buildings of similar structure, purpose, or location;



**c.** Damage that results in listing, leaning, or buckling of the exterior load bearing walls or other vertical "primary structural members" to such an extent that a plumb line passing through the center of gravity does not fall inside the middle one-third of the base as defined within the Florida Building Code;

**d.** Damage that results in the building, or any portion of the building containing "primary structural members" or "primary structural systems", being significantly likely to imminently collapse because of the movement or instability of the ground within the influence zone of the supporting ground within the sheer plane necessary for the purpose of supporting such building as defined within the Florida Building Code; or

**e.** Damage occurring on or after October 15, 2005, that qualifies as "substantial structural damage" as defined in the Florida Building Code.

**2.** "Primary structural member" means a structural element designed to provide support and stability for the vertical or lateral loads of the overall structure.

**3.** "Primary structural system" means an assemblage of "primary structural members".

**H.** If we deny your claim for Sinkhole Loss without performing testing under section 627.7072, Florida Statutes, you may demand testing by communicating such demand to us in writing within 60 days after you receive our denial of the claim. You are responsible for 50% of the testing costs, or $2,500, whichever is less. If our professional engineer or geologist provides written certification, pursuant to section 627.7073, that there is sinkhole loss, we will reimburse you for the testing costs.

**I.** You may not accept a rebate from any person performing repairs for Sinkhole Loss covered under this endorsement. If you receive a rebate, coverage under this endorsement is void and you must refund the amount of the rebate to us.

**J.** If we deny your claim for Sinkhole Loss upon receipt of written certification from a professional engineer or geologist, pursuant to section 627.7073, that there is no sinkhole loss or that the cause of the damage was not sinkhole activity, and if the sinkhole claim was submitted without good faith grounds for submitting such claim, you shall reimburse us for 50% of the actual costs of the analyses and services provided under sections 627.7072 and 627.7073, or $2,500, whichever is less. You are not required to pay such reimbursement unless you requested the analysis and services and we, before ordering the analysis, informed you in writing of the potential for reimbursement and gave you the opportunity to withdraw the claim.

**K.** As a precondition to accepting payment for sinkhole loss, you must file with the county clerk of court, a copy of any sinkhole report regarding your property which was prepared on behalf or at your request. You will bear the cost of filing and recording the sinkhole report.

BUSINESSOWNERS
BP 03 11 02 12

**THIS ENDORSEMENT  CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# FLORIDA - SINKHOLE  LOSS  COVERAGE

This endorsement  modifies  insurance  provided  under the following:

BUSINESSOWNERS  COVERAGE FORM

## SCHEDULE



| Premises Number | Building Number |
|---|---|
|  |  |
|  |  |
|  |  |
| Information  required  to complete  this Schedule,  if not shown  above,  will be shown  in the Declarations. ||

With  respect to the location(s)  indicated  in the Schedule, the following  provisions  apply.

**A.** The following  is added to this policy  as a Covered Cause of Loss and as a "specified  cause of loss".  However,  as a "specified  cause of loss",  the following  does not apply to the Additional  Coverage - Collapse.

**Sinkhole Loss,** meaning  loss or damage to Covered Property when "structural  damage" to the covered  building,  including  the foundation,  is caused by settlement  or systematic weakening  of the earth supporting  the covered  building,  only if the settlement  or systematic  weakening  results from contemporaneous  movement  or raveling  of soils, sediments,  or rock materials  into subterranean  voids created by the effect of water on a limestone  or similar  rock formation.

Coverage for Sinkhole Loss includes  stabilization  of the building  (including  land stabilization)  and repair to the foundation  provided such work is in accordance  with the requirements  of Florida Insurance Law and in accordance  with the recommendation  of a professional  engineer and with notice to you. The professional  engineer must be selected or approved  by us. However,  until you enter into a contract for performance  of building  stabilization  or foundation  repair in accordance  with the recommendations  of the professional  engineer as set forth  in a report from  us:

**1.** We will not pay for underpinning  or grouting  or any other repair technique performed  below the existing  foundation of the building;  and

**2.** Our payment  for Sinkhole Loss to Covered Property may be limited  to the actual cash value of the loss to such property.

You must enter into a contract for the performance  of building  stabilization  and/or foundation  repair in accordance  with the aforementioned  recommendations,  within 90 days after we notify  you that there is coverage for your sinkhole loss. After you have entered into such contract,  we will pay the amounts  necessary  to begin and perform such repairs  as the work is performed  and the expenses  are incurred.

However,  if the professional  engineer determines,  prior to your entering  into the aforementioned  contract or prior to the start of repair  work,  that the repairs  will exceed the applicable  Limit of Insurance,  we must either complete  the recommended  repairs  or pay that Limit of Insurance upon such determination.  If the aforementioned  determination  is made during  the course of repair work and we have begun making payments  for the work performed,  we must either complete the recommended  repairs or pay only the remaining  portion of the applicable  Limit of Insurance upon such determination.   The most we will pay for the total of all Sinkhole Loss, including  building  and land stabilization  and foundation  repair, is the applicable  Limit of Insurance on the affected  building.

BP 03 11 02 12 © Insurance  Services Office, Inc., 2011 Page 1 of 3

The stabilization and all other repairs to the Covered Property must be completed with 12 months after entering into the contract for the performance of these repairs, unless:

1. There is a mutual agreement between you and us;

2. The claim is involved with the neutral evaluation process;

3. The claim is in litigation; or

4. The claim is under appraisal or mediation.

**B.** Sinkhole Loss does not include:

1. Sinking or collapse of land into man-made underground cavities; or

2. Earthquake.

**C.** With respect to coverage provided by this endorsement, the **Earth Movement** Exclusion and the **Collapse** Exclusion do not apply.

**D.** With respect to a claim for alleged Sinkhole Loss, the following provision is added:

Following receipt by us of a report from a professional engineer or professional geologist on the cause of loss and recommendations for land stabilization and repair of property, or if we deny your claim, we will notify you of your right to participate in a neutral evaluation program administered by the Florida Department of Financial Services (hereinafter referred to as the Department). For alleged Sinkhole Loss to commercial residential properties, this program applies instead of any mediation procedure set forth elsewhere in this policy, but does not invalidate the Appraisal Condition.

You or we may file a request with the Department for neutral evaluation; the other party must comply with such request. We will pay reasonable costs associated with the neutral evaluation, regardless of which party makes the request. But, if a party chooses to hire a court reporter or stenographer to contemporaneously record and document the neutral evaluation, that party must bear the costs of those services. The neutral evaluator will be selected from a list maintained by the Department. The recommendation of the neutral evaluator will not be binding on you or us.

Participation in the neutral evaluation program does not change your right to file suit against us in accordance with the Legal Action Against Us Condition in this policy; except that the time for filing suit is extended for a period of 60 days following the conclusion of the neutral evaluation process or five years, whichever is later.

**E.** Coverage for Sinkhole Loss under this endorsement does not increase the applicable Limit of Insurance. Even if loss or damage qualifies under, or includes, both Catastrophic Ground Cover Collapse (addressed elsewhere in this policy) and Sinkhole Loss, only one Limit of Insurance will apply to such loss or damage.

**F.** The following provision is added to the **Section I - Duties In The Event Of Loss Or Damage** Property Loss Condition:

A claim for Sinkhole Loss, including but not limited to initial, supplemental and reopened claims is barred unless notice of claim is provided to us in accordance with the terms of this policy within two years after you knew or reasonably should have known about the Sinkhole Loss.

**G.** For the purposes of this endorsement, the following is added to the **Definitions** in Section I - Property:

1. "Structural damage" means a covered building, regardless of the date of its construction, has experienced the following:

a. Interior floor displacement or deflection in excess of acceptable variances as defined in ACI 117-90 or the Florida Building Code, which results in settlement related damage to the interior such that the interior building structure or members become unfit for service or represents a safety hazard as defined within the Florida Building Code;

b. Foundation displacement or deflection in excess of acceptable variances as defined in ACI 318-95 or the Florida Building Code, which results in settlement related damage to the "primary structural members" or "primary structural systems" that prevents those members or systems from supporting the loads and forces they were designed to support to the extent that stresses in those "primary structural members" or "primary structural systems" exceeds one and one-third the nominal strength allowed under the Florida Building Code for new buildings of similar structure, purpose, or location;

**c.** Damage that results in listing, leaning, or buckling of the exterior load bearing walls or other vertical "primary structural members" to such an extent that a plumb line passing through the center of gravity does not fall inside the middle one-third of the base as defined within the Florida Building Code;

**d.** Damage that results in the building, or any portion of the building containing "primary structural members" or "primary structural systems", being significantly likely to imminently collapse because of the movement or instability of the ground within the influence zone of the supporting ground within the sheer plane necessary for the purpose of supporting such building as defined within the Florida Building Code; or

**e.** Damage occurring on or after October 15, 2005, that qualifies as "substantial structural damage" as defined in the Florida Building Code.

**2.** "Primary structural member" means a structural element designed to provide support and stability for the vertical or lateral loads of the overall structure.

**3.** "Primary structural system" means an assemblage of "primary structural members".

**H.** If we deny your claim for Sinkhole Loss without performing testing under section 627.7072, Florida Statutes, you may demand testing by communicating such demand to us in writing within 60 days after you receive our denial of the claim. You are responsible for 50% of the testing costs, or $2,500, whichever is less. If our professional engineer or geologist provides written certification, pursuant to section 627.7073, that there is sinkhole loss, we will reimburse you for the testing costs.

**I.** You may not accept a rebate from any person performing repairs for Sinkhole Loss covered under this endorsement. If you receive a rebate, coverage under this endorsement is void and you must refund the amount of the rebate to us.

**J.** If we deny your claim for Sinkhole Loss upon receipt of written certification from a professional engineer or geologist, pursuant to section 627.7073, that there is no sinkhole loss or that the cause of the damage was not sinkhole activity, and if the sinkhole claim was submitted without good faith grounds for submitting such claim, you shall reimburse us for 50% of the actual costs of the analyses and services provided under sections 627.7072 and 627.7073, or $2,500, whichever is less. You are not required to pay such reimbursement unless you requested the analysis and services and we, before ordering the analysis, informed you in writing of the potential for reimbursement and gave you the opportunity to withdraw the claim.

**K.** As a precondition to accepting payment for sinkhole loss, you must file with the county clerk of court, a copy of any sinkhole report regarding your property which was prepared on behalf or at your request. You will bear the cost of filing and recording the sinkhole report.

BUSINESSOWNERS
BP 03 11 02 12

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# FLORIDA - SINKHOLE LOSS COVERAGE

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

## SCHEDULE

| Premises Number | Building Number |
|---|---|
| | |
| | |
| | |

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

With respect to the location(s) indicated in the Schedule, the following provisions apply.

**A.** The following is added to this policy as a Covered Cause of Loss and as a "specified cause of loss". However, as a "specified cause of loss", the following does not apply to the Additional Coverage - Collapse.

**Sinkhole Loss,** meaning loss or damage to Covered Property when "structural damage" to the covered building, including the foundation, is caused by settlement or systematic weakening of the earth supporting the covered building, only if the settlement or systematic weakening results from contemporaneous movement or raveling of soils, sediments, or rock materials into subterranean voids created by the effect of water on a limestone or similar rock formation.

Coverage for Sinkhole Loss includes stabilization of the building (including land stabilization) and repair to the foundation provided such work is in accordance with the requirements of Florida Insurance Law and in accordance with the recommendation of a professional engineer and with notice to you. The professional engineer must be selected or approved by us. However, until you enter into a contract for performance of building stabilization or foundation repair in accordance with the recommendations of the professional engineer as set forth in a report from us:

**1.** We will not pay for underpinning or grouting or any other repair technique performed below the existing foundation of the building; and

**2.** Our payment for Sinkhole Loss to Covered Property may be limited to the actual cash value of the loss to such property.

You must enter into a contract for the performance of building stabilization and/or foundation repair in accordance with the aforementioned recommendations, within 90 days after we notify you that there is coverage for your sinkhole loss. After you have entered into such contract, we will pay the amounts necessary to begin and perform such repairs as the work is performed and the expenses are incurred.

However, if the professional engineer determines, prior to your entering into the aforementioned contract or prior to the start of repair work, that the repairs will exceed the applicable Limit of Insurance, we must either complete the recommended repairs or pay that Limit of Insurance upon such determination. If the aforementioned determination is made during the course of repair work and we have begun making payments for the work performed, we must either complete the recommended repairs or pay only the remaining portion of the applicable Limit of Insurance upon such determination. The most we will pay for the total of all Sinkhole Loss, including building and land stabilization and foundation repair, is the applicable Limit of Insurance on the affected building.

© Insurance Services Office, Inc., 2011

of 376

154



The stabilization and all other repairs to the Covered Property must be completed with 12 months after entering into the contract for the performance of these repairs, unless:

1. There is a mutual agreement between you and us;

2. The claim is involved with the neutral evaluation process;

3. The claim is in litigation; or

4. The claim is under appraisal or mediation.

**B.** Sinkhole Loss does not include:

1. Sinking or collapse of land into man-made underground cavities; or

2. Earthquake.

**C.** With respect to coverage provided by this endorsement, the **Earth Movement** Exclusion and the **Collapse** Exclusion do not apply.

**D.** With respect to a claim for alleged Sinkhole Loss, the following provision is added:

Following receipt by us of a report from a professional engineer or professional geologist on the cause of loss and recommendations for land stabilization and repair of property, or if we deny your claim, we will notify you of your right to participate in a neutral evaluation program administered by the Florida Department of Financial Services (hereinafter referred to as the Department). For alleged Sinkhole Loss to commercial residential properties, this program applies instead of any mediation procedure set forth elsewhere in this policy, but does not invalidate the Appraisal Condition.

You or we may file a request with the Department for neutral evaluation; the other party must comply with such request. We will pay reasonable costs associated with the neutral evaluation, regardless of which party makes the request. But, if a party chooses to hire a court reporter or stenographer to contemporaneously record and document the neutral evaluation, that party must bear the costs of those services. The neutral evaluator will be selected from a list maintained by the Department. The recommendation of the neutral evaluator will not be binding on you or us.

Participation in the neutral evaluation program does not change your right to file suit against us in accordance with the Legal Action Against Us Condition in this policy; except that the time for filing suit is extended for a period of 60 days following the conclusion of the neutral evaluation process or five years, whichever is later.

**E.** Coverage for Sinkhole Loss under this endorsement does not increase the applicable Limit of Insurance. Even if loss or damage qualifies under, or includes, both Catastrophic Ground Cover Collapse (addressed elsewhere in this policy) and Sinkhole Loss, only one Limit of Insurance will apply to such loss or damage.

**F.** The following provision is added to the **Section I - Duties In The Event Of Loss Or Damage** Property Loss Condition:

A claim for Sinkhole Loss, including but not limited to initial, supplemental and reopened claims is barred unless notice of claim is provided to us in accordance with the terms of this policy within two years after you knew or reasonably should have known about the Sinkhole Loss.

**G.** For the purposes of this endorsement, the following is added to the **Definitions** in Section I - Property:

1. "Structural damage" means a covered building, regardless of the date of its construction, has experienced the following:

a. Interior floor displacement or deflection in excess of acceptable variances as defined in ACI 117-90 or the Florida Building Code, which results in settlement related damage to the interior such that the interior building structure or members become unfit for service or represents a safety hazard as defined within the Florida Building Code;

b. Foundation displacement or deflection in excess of acceptable variances as defined in ACI 318-95 or the Florida Building Code, which results in settlement related damage to the "primary structural members" or "primary structural systems" that prevents those members or systems from supporting the loads and forces they were designed to support to the extent that stresses in those "primary structural members" or "primary structural systems" exceeds one and one-third the nominal strength allowed under the Florida Building Code for new buildings of similar structure, purpose, or location;

    **c.**  Damage that results in listing, leaning, or buckling of the exterior load bearing walls or other vertical "primary structural members" to such an extent that a plumb line passing through the center of gravity does not fall inside the middle one-third of the base as defined within the Florida Building Code;

    **d.**  Damage that results in the building, or any portion of the building containing "primary structural members" or "primary structural systems", being significantly likely to imminently collapse because of the movement or instability of the ground within the influence zone of the supporting ground within the sheer plane necessary for the purpose of supporting such building as defined within the Florida Building Code; or

    **e.**  Damage occurring on or after October 15, 2005, that qualifies as "substantial structural damage" as defined in the Florida Building Code.

  **2.**  "Primary structural member" means a structural element designed to provide support and stability for the vertical or lateral loads of the overall structure.

  **3.**  "Primary structural system" means an assemblage of "primary structural members".

**H.**  If we deny your claim for Sinkhole Loss without performing testing under section 627.7072, Florida Statutes, you may demand testing by communicating such demand to us in writing within 60 days after you receive our denial of the claim. You are responsible for 50% of the testing costs, or $2,500, whichever is less. If our professional engineer or geologist provides written certification, pursuant to section 627.7073, that there is sinkhole loss, we will reimburse you for the testing costs.

**I.**  You may not accept a rebate from any person performing repairs for Sinkhole Loss covered under this endorsement. If you receive a rebate, coverage under this endorsement is void and you must refund the amount of the rebate to us.

**J.**  If we deny your claim for Sinkhole Loss upon receipt of written certification from a professional engineer or geologist, pursuant to section 627.7073, that there is no sinkhole loss or that the cause of the damage was not sinkhole activity, and if the sinkhole claim was submitted without good faith grounds for submitting such claim, you shall reimburse us for 50% of the actual costs of the analyses and services provided under sections 627.7072 and 627.7073, or $2,500, whichever is less. You are not required to pay such reimbursement unless you requested the analysis and services and we, before ordering the analysis, informed you in writing of the potential for reimbursement and gave you the opportunity to withdraw the claim.

**K.**  As a precondition to accepting payment for sinkhole loss, you must file with the county clerk of court, a copy of any sinkhole report regarding your property which was prepared on behalf or at your request. You will bear the cost of filing and recording the sinkhole report.

BUSINESSOWNERS
BP 03 11 02 12

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# FLORIDA - SINKHOLE LOSS COVERAGE

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

## SCHEDULE



| Premises Number | Building Number |
|---|---|
|  |  |
|  |  |
|  |  |
| Information required to complete this Schedule, if not shown above, will be shown in the Declarations. ||

With respect to the location(s) indicated in the Schedule, the following provisions apply.

**A.** The following is added to this policy as a Covered Cause of Loss and as a "specified cause of loss". However, as a "specified cause of loss", the following does not apply to the Additional Coverage - Collapse.

**Sinkhole Loss,** meaning loss or damage to Covered Property when "structural damage" to the covered building, including the foundation, is caused by settlement or systematic weakening of the earth supporting the covered building, only if the settlement or systematic weakening results from contemporaneous movement or raveling of soils, sediments, or rock materials into subterranean voids created by the effect of water on a limestone or similar rock formation.

Coverage for Sinkhole Loss includes stabilization of the building (including land stabilization) and repair to the foundation provided such work is in accordance with the requirements of Florida Insurance Law and in accordance with the recommendation of a professional engineer and with notice to you. The professional engineer must be selected or approved by us. However, until you enter into a contract for performance of building stabilization or foundation repair in accordance with the recommendations of the professional engineer as set forth in a report from us:

**1.** We will not pay for underpinning or grouting or any other repair technique performed below the existing foundation of the building; and

**2.** Our payment for Sinkhole Loss to Covered Property may be limited to the actual cash value of the loss to such property.

You must enter into a contract for the performance of building stabilization and/or foundation repair in accordance with the aforementioned recommendations, within 90 days after we notify you that there is coverage for your sinkhole loss. After you have entered into such contract, we will pay the amounts necessary to begin and perform such repairs as the work is performed and the expenses are incurred.

However, if the professional engineer determines, prior to your entering into the aforementioned contract or prior to the start of repair work, that the repairs will exceed the applicable Limit of Insurance, we must either complete the recommended repairs or pay that Limit of Insurance upon such determination. If the aforementioned determination is made during the course of repair work and we have begun making payments for the work performed, we must either complete the recommended repairs or pay only the remaining portion of the applicable Limit of Insurance upon such determination. The most we will pay for the total of all Sinkhole Loss, including building and land stabilization and foundation repair, is the applicable Limit of Insurance on the affected building.

© Insurance Services Office, Inc., 2011

The stabilization and all other repairs to the Covered Property must be completed with 12 months after entering into the contract for the performance of these repairs, unless:

1. There is a mutual agreement between you and us;

2. The claim is involved with the neutral evaluation process;

3. The claim is in litigation; or

4. The claim is under appraisal or mediation.

B. Sinkhole Loss does not include:

1. Sinking or collapse of land into man-made underground cavities; or

2. Earthquake.

C. With respect to coverage provided by this endorsement, the **Earth Movement** Exclusion and the **Collapse** Exclusion do not apply.

D. With respect to a claim for alleged Sinkhole Loss, the following provision is added:

Following receipt by us of a report from a professional engineer or professional geologist on the cause of loss and recommendations for land stabilization and repair of property, or if we deny your claim, we will notify you of your right to participate in a neutral evaluation program administered by the Florida Department of Financial Services (hereinafter referred to as the Department). For alleged Sinkhole Loss to commercial residential properties, this program applies instead of any mediation procedure set forth elsewhere in this policy, but does not invalidate the Appraisal Condition.

You or we may file a request with the Department for neutral evaluation; the other party must comply with such request. We will pay reasonable costs associated with the neutral evaluation, regardless of which party makes the request. But, if a party chooses to hire a court reporter or stenographer to contemporaneously record and document the neutral evaluation, that party must bear the costs of those services. The neutral evaluator will be selected from a list maintained by the Department. The recommendation of the neutral evaluator will not be binding on you or us.

Participation in the neutral evaluation program does not change your right to file suit against us in accordance with the Legal Action Against Us Condition in this policy; except that the time for filing suit is extended for a period of 60 days following the conclusion of the neutral evaluation process or five years, whichever is later.

E. Coverage for Sinkhole Loss under this endorsement does not increase the applicable Limit of Insurance. Even if loss or damage qualifies under, or includes, both Catastrophic Ground Cover Collapse (addressed elsewhere in this policy) and Sinkhole Loss, only one Limit of Insurance will apply to such loss or damage.

F. The following provision is added to the **Section I - Duties In The Event Of Loss Or Damage** Property Loss Condition:

A claim for Sinkhole Loss, including but not limited to initial, supplemental and reopened claims is barred unless notice of claim is provided to us in accordance with the terms of this policy within two years after you knew or reasonably should have known about the Sinkhole Loss.

G. For the purposes of this endorsement, the following is added to the **Definitions** in Section I - Property:

1. "Structural damage" means a covered building, regardless of the date of its construction, has experienced the following:

a. Interior floor displacement or deflection in excess of acceptable variances as defined in ACI 117-90 or the Florida Building Code, which results in settlement related damage to the interior such that the interior building structure or members become unfit for service or represents a safety hazard as defined within the Florida Building Code;

b. Foundation displacement or deflection in excess of acceptable variances as defined in ACI 318-95 or the Florida Building Code, which results in settlement related damage to the "primary structural members" or "primary structural systems" that prevents those members or systems from supporting the loads and forces they were designed to support to the extent that stresses in those "primary structural members" or "primary structural systems" exceeds one and one-third the nominal strength allowed under the Florida Building Code for new buildings of similar structure, purpose, or location;

Insurance Services Office, Inc., 2011

©

**c.** Damage that results in listing, leaning, or buckling of the exterior load bearing walls or other vertical "primary structural members" to such an extent that a plumb line passing through the center of gravity does not fall inside the middle one-third of the base as defined within the Florida Building Code;

**d.** Damage that results in the building, or any portion of the building containing "primary structural members" or "primary structural systems", being significantly likely to imminently collapse because of the movement or instability of the ground within the influence zone of the supporting ground within the sheer plane necessary for the purpose of supporting such building as defined within the Florida Building Code; or

**e.** Damage occurring on or after October 15, 2005, that qualifies as "substantial structural damage" as defined in the Florida Building Code.

**2.** "Primary structural member" means a structural element designed to provide support and stability for the vertical or lateral loads of the overall structure.

**3.** "Primary structural system" means an assemblage of "primary structural members".

**H.** If we deny your claim for Sinkhole Loss without performing testing under section 627.7072, Florida Statutes, you may demand testing by communicating such demand to us in writing within 60 days after you receive our denial of the claim. You are responsible for 50% of the testing costs, or $2,500, whichever is less. If our professional engineer or geologist provides written certification, pursuant to section 627.7073, that there is sinkhole loss, we will reimburse you for the testing costs.

**I.** You may not accept a rebate from any person performing repairs for Sinkhole Loss covered under this endorsement. If you receive a rebate, coverage under this endorsement is void and you must refund the amount of the rebate to us.

**J.** If we deny your claim for Sinkhole Loss upon receipt of written certification from a professional engineer or geologist, pursuant to section 627.7073, that there is no sinkhole loss or that the cause of the damage was not sinkhole activity, and if the sinkhole claim was submitted without good faith grounds for submitting such claim, you shall reimburse us for 50% of the actual costs of the analyses and services provided under sections 627.7072 and 627.7073, or $2,500, whichever is less. You are not required to pay such reimbursement unless you requested the analysis and services and we, before ordering the analysis, informed you in writing of the potential for reimbursement and gave you the opportunity to withdraw the claim.

**K.** As a precondition to accepting payment for sinkhole loss, you must file with the county clerk of court, a copy of any sinkhole report regarding your property which was prepared on behalf or at your request. You will bear the cost of filing and recording the sinkhole report.

BUSINESSOWNERS
BP 03 11 02 12

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# FLORIDA - SINKHOLE LOSS COVERAGE

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

**SCHEDULE**

| Premises Number | Building Number |
|---|---|
| | |
| | |
| | |

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

With respect to the location(s) indicated in the Schedule, the following provisions apply.

**A.** The following is added to this policy as a Covered Cause of Loss and as a "specified cause of loss". However, as a "specified cause of loss", the following does not apply to the Additional Coverage - Collapse.

**Sinkhole Loss,** meaning loss or damage to Covered Property when "structural damage" to the covered building, including the foundation, is caused by settlement or systematic weakening of the earth supporting the covered building, only if the settlement or systematic weakening results from contemporaneous movement or raveling of soils, sediments, or rock materials into subterranean voids created by the effect of water on a limestone or similar rock formation.

Coverage for Sinkhole Loss includes stabilization of the building (including land stabilization) and repair to the foundation provided such work is in accordance with the requirements of Florida Insurance Law and in accordance with the recommendation of a professional engineer and with notice to you. The professional engineer must be selected or approved by us. However, until you enter into a contract for performance of building stabilization or foundation repair in accordance with the recommendations of the professional engineer as set forth in a report from us:

**1.** We will not pay for underpinning or grouting or any other repair technique performed below the existing foundation of the building; and

**2.** Our payment for Sinkhole Loss to Covered Property may be limited to the actual cash value of the loss to such property.

You must enter into a contract for the performance of building stabilization and/or foundation repair in accordance with the aforementioned recommendations, within 90 days after we notify you that there is coverage for your sinkhole loss. After you have entered into such contract, we will pay the amounts necessary to begin and perform such repairs as the work is performed and the expenses are incurred.

However, if the professional engineer determines, prior to your entering into the aforementioned contract or prior to the start of repair work, that the repairs will exceed the applicable Limit of Insurance, we must either complete the recommended repairs or pay that Limit of Insurance upon such determination. If the aforementioned determination is made during the course of repair work and we have begun making payments for the work performed, we must either complete the recommended repairs or pay only the remaining portion of the applicable Limit of Insurance upon such determination. The most we will pay for the total of all Sinkhole Loss, including building and land stabilization and foundation repair, is the applicable Limit of Insurance on the affected building.

© Insurance Services Office, Inc., 2011

The stabilization and all other repairs to the Covered Property must be completed with 12 months after entering into the contract for the performance of these repairs, unless:

1. There is a mutual agreement between you and us;

2. The claim is involved with the neutral evaluation process;

3. The claim is in litigation; or

4. The claim is under appraisal or mediation.

**B.** Sinkhole Loss does not include:

1. Sinking or collapse of land into manmade underground cavities; or

2. Earthquake.

**C.** With respect to coverage provided by this endorsement, the **Earth Movement** Exclusion and the **Collapse** Exclusion do not apply.

**D.** With respect to a claim for alleged Sinkhole Loss, the following provision is added:

Following receipt by us of a report from a professional engineer or professional geologist on the cause of loss and recommendations for land stabilization and repair of property, or if we deny your claim, we will notify you of your right to participate in a neutral evaluation program administered by the Florida Department of Financial Services (hereinafter referred to as the Department). For alleged Sinkhole Loss to commercial residential properties, this program applies instead of any mediation procedure set forth elsewhere in this policy, but does not invalidate the Appraisal Condition.

You or we may file a request with the Department for neutral evaluation; the other party must comply with such request. We will pay reasonable costs associated with the neutral evaluation, regardless of which party makes the request. But, if a party chooses to hire a court reporter or stenographer to contemporaneously record and document the neutral evaluation, that party must bear the costs of those services. The neutral evaluator will be selected from a list maintained by the Department. The recommendation of the neutral evaluator will not be binding on you or us.

Participation in the neutral evaluation program does not change your right to file suit against us in accordance with the Legal Action Against Us Condition in this policy; except that the time for filing suit is extended for a period of 60 days following the conclusion of the neutral evaluation process or five years, whichever is later.

**E.** Coverage for Sinkhole Loss under this endorsement does not increase the applicable Limit of Insurance. Even if loss or damage qualifies under, or includes, both Catastrophic Ground Cover Collapse (addressed elsewhere in this policy) and Sinkhole Loss, only one Limit of Insurance will apply to such loss or damage.

**F.** The following provision is added to the **Section I - Duties In The Event Of Loss Or Damage** Property Loss Condition:

A claim for Sinkhole Loss, including but not limited to initial, supplemental and reopened claims is barred unless notice of claim is provided to us in accordance with the terms of this policy within two years after you knew or reasonably should have known about the Sinkhole Loss.

**G.** For the purposes of this endorsement, the following is added to the **Definitions** in Section I - Property:

1. "Structural damage" means a covered building, regardless of the date of its construction, has experienced the following:

   **a.** Interior floor displacement or deflection in excess of acceptable variances as defined in ACI 117-90 or the Florida Building Code, which results in settlement related damage to the interior such that the interior building structure or members become unfit for service or represents a safety hazard as defined within the Florida Building Code;

   **b.** Foundation displacement or deflection in excess of acceptable variances as defined in ACI 318-95 or the Florida Building Code, which results in settlement related damage to the "primary structural members" or "primary structural systems" that prevents those members or systems from supporting the loads and forces they were designed to support to the extent that stresses in those "primary structural members" or "primary structural systems" exceeds one and one-third the nominal strength allowed under the Florida Building Code for new buildings of similar structure, purpose, or location;



    **c.** Damage that results in listing, leaning, or buckling of the exterior load bearing walls or other vertical "primary structural members" to such an extent that a plumb line passing through the center of gravity does not fall inside the middle one-third of the base as defined within the Florida Building Code;

    **d.** Damage that results in the building, or any portion of the building containing "primary structural members" or "primary structural systems", being significantly likely to imminently collapse because of the movement or instability of the ground within the influence zone of the supporting ground within the sheer plane necessary for the purpose of supporting such building as defined within the Florida Building Code; or

    **e.** Damage occurring on or after October 15, 2005, that qualifies as "substantial structural damage" as defined in the Florida Building Code.

**2.** "Primary structural member" means a structural element designed to provide support and stability for the vertical or lateral loads of the overall structure.

**3.** "Primary structural system" means an assemblage of "primary structural members".

**H.** If we deny your claim for Sinkhole Loss without performing testing under section 627.7072, Florida Statutes, you may demand testing by communicating such demand to us in writing within 60 days after you receive our denial of the claim. You are responsible for 50% of the testing costs, or $2,500, whichever is less. If our professional engineer or geologist provides written certification, pursuant to section 627.7073, that there is sinkhole loss, we will reimburse you for the testing costs.

**I.** You may not accept a rebate from any person performing repairs for Sinkhole Loss covered under this endorsement. If you receive a rebate, coverage under this endorsement is void and you must refund the amount of the rebate to us.

**J.** If we deny your claim for Sinkhole Loss upon receipt of written certification from a professional engineer or geologist, pursuant to section 627.7073, that there is no sinkhole loss or that the cause of the damage was not sinkhole activity, and if the sinkhole claim was submitted without good faith grounds for submitting such claim, you shall reimburse us for 50% of the actual costs of the analyses and services provided under sections 627.7072 and 627.7073, or $2,500, whichever is less. You are not required to pay such reimbursement unless you requested the analysis and services and we, before ordering the analysis, informed you in writing of the potential for reimbursement and gave you the opportunity to withdraw the claim.

**K.** As a precondition to accepting payment for sinkhole loss, you must file with the county clerk of court, a copy of any sinkhole report regarding your property which was prepared on behalf or at your request. You will bear the cost of filing and recording the sinkhole report.

BUSINESSOWNERS
BP 03 11 02 12

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# FLORIDA - SINKHOLE LOSS COVERAGE

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

## SCHEDULE

| Premises Number | Building Number |
|---|---|
|  |  |
|  |  |
|  |  |
| Information required to complete this Schedule, if not shown above, will be shown in the Declarations. ||



With respect to the location(s) indicated in the Schedule, the following provisions apply.

**A.** The following is added to this policy as a Covered Cause of Loss and as a "specified cause of loss". However, as a "specified cause of loss", the following does not apply to the Additional Coverage - Collapse.

**Sinkhole Loss,** meaning loss or damage to Covered Property when "structural damage" to the covered building, including the foundation, is caused by settlement or systematic weakening of the earth supporting the covered building, only if the settlement or systematic weakening results from contemporaneous movement or raveling of soils, sediments, or rock materials into subterranean voids created by the effect of water on a limestone or similar rock formation.

Coverage for Sinkhole Loss includes stabilization of the building (including land stabilization) and repair to the foundation provided such work is in accordance with the requirements of Florida Insurance Law and in accordance with the recommendation of a professional engineer and with notice to you. The professional engineer must be selected or approved by us. However, until you enter into a contract for performance of building stabilization or foundation repair in accordance with the recommendations of the professional engineer as set forth in a report from us:

**1.** We will not pay for underpinning or grouting or any other repair technique performed below the existing foundation of the building; and

**2.** Our payment for Sinkhole Loss to Covered Property may be limited to the actual cash value of the loss to such property.

You must enter into a contract for the performance of building stabilization and/or foundation repair in accordance with the aforementioned recommendations, within 90 days after we notify you that there is coverage for your sinkhole loss. After you have entered into such contract, we will pay the amounts necessary to begin and perform such repairs as the work is performed and the expenses are incurred.

However, if the professional engineer determines, prior to your entering into the aforementioned contract or prior to the start of repair work, that the repairs will exceed the applicable Limit of Insurance, we must either complete the recommended repairs or pay that Limit of Insurance upon such determination. If the aforementioned determination is made during the course of repair work and we have begun making payments for the work performed, we must either complete the recommended repairs or pay only the remaining portion of the applicable Limit of Insurance upon such determination. The most we will pay for the total of all Sinkhole Loss, including building and land stabilization and foundation repair, is the applicable Limit of Insurance on the affected building.

 © Insurance Services Office, Inc., 2011

The stabilization and all other repairs to the Covered Property must be completed with 12 months after entering into the contract for the performance of these repairs, unless:

1. There is a mutual agreement between you and us;

2. The claim is involved with the neutral evaluation process;

3. The claim is in litigation; or

4. The claim is under appraisal or mediation.

**B.** Sinkhole Loss does not include:

1. Sinking or collapse of land into man-made underground cavities; or

2. Earthquake.

**C.** With respect to coverage provided by this endorsement, the **Earth Movement** Exclusion and the **Collapse** Exclusion do not apply.

**D.** With respect to a claim for alleged Sinkhole Loss, the following provision is added:

Following receipt by us of a report from a professional engineer or professional geologist on the cause of loss and recommendations for land stabilization and repair of property, or if we deny your claim, we will notify you of your right to participate in a neutral evaluation program administered by the Florida Department of Financial Services (hereinafter referred to as the Department). For alleged Sinkhole Loss to commercial residential properties, this program applies instead of any mediation procedure set forth elsewhere in this policy, but does not invalidate the Appraisal Condition.

You or we may file a request with the Department for neutral evaluation; the other party must comply with such request. We will pay reasonable costs associated with the neutral evaluation, regardless of which party makes the request. But, if a party chooses to hire a court reporter or stenographer to contemporaneously record and document the neutral evaluation, that party must bear the costs of those services. The neutral evaluator will be selected from a list maintained by the Department. The recommendation of the neutral evaluator will not be binding on you or us.

Participation in the neutral evaluation program does not change your right to file suit against us in accordance with the Legal Action Against Us Condition in this policy; except that the time for filing suit is extended for a period of 60 days following the conclusion of the neutral evaluation process or five years, whichever is later.

**E.** Coverage for Sinkhole Loss under this endorsement does not increase the applicable Limit of Insurance. Even if loss or damage qualifies under, or includes, both Catastrophic Ground Cover Collapse (addressed elsewhere in this policy) and Sinkhole Loss, only one Limit of Insurance will apply to such loss or damage.

**F.** The following provision is added to the **Section I - Duties In The Event Of Loss Or Damage** Property Loss Condition:

A claim for Sinkhole Loss, including but not limited to initial, supplemental and reopened claims is barred unless notice of claim is provided to us in accordance with the terms of this policy within two years after you knew or reasonably should have known about the Sinkhole Loss.

**G.** For the purposes of this endorsement, the following is added to the **Definitions** in Section I - Property:

1. "Structural damage" means a covered building, regardless of the date of its construction, has experienced the following:

   **a.** Interior floor displacement or deflection in excess of acceptable variances as defined in ACI 117-90 or the Florida Building Code, which results in settlement related damage to the interior such that the interior building structure or members become unfit for service or represents a safety hazard as defined within the Florida Building Code;

   **b.** Foundation displacement or deflection in excess of acceptable variances as defined in ACI 318-95 or the Florida Building Code, which results in settlement related damage to the "primary structural members" or "primary structural systems" that prevents those members or systems from supporting the loads and forces they were designed to support to the extent that stresses in those "primary structural members" or "primary structural systems" exceeds one and one-third the nominal strength allowed under the Florida Building Code for new buildings of similar structure, purpose, or location;

Insurance Services Office, Inc., 2011

©

**c.** Damage that results in listing, leaning, or buckling of the exterior load bearing walls or other vertical "primary structural members" to such an extent that a plumb line passing through the center of gravity does not fall inside the middle one-third of the base as defined within the Florida Building Code;

**d.** Damage that results in the building, or any portion of the building containing "primary structural members" or "primary structural systems", being significantly likely to imminently collapse because of the movement or instability of the ground within the influence zone of the supporting ground within the sheer plane necessary for the purpose of supporting such building as defined within the Florida Building Code; or

**e.** Damage occurring on or after October 15, 2005, that qualifies as "substantial structural damage" as defined in the Florida Building Code.

**2.** "Primary structural member" means a structural element designed to provide support and stability for the vertical or lateral loads of the overall structure.

**3.** "Primary structural system" means an assemblage of "primary structural members".

**H.** If we deny your claim for Sinkhole Loss without performing testing under section 627.7072, Florida Statutes, you may demand testing by communicating such demand to us in writing within 60 days after you receive our denial of the claim. You are responsible for 50% of the testing costs, or $2,500, whichever is less. If our professional engineer or geologist provides written certification, pursuant to section 627.7073, that there is sinkhole loss, we will reimburse you for the testing costs.

**I.** You may not accept a rebate from any person performing repairs for Sinkhole Loss covered under this endorsement. If you receive a rebate, coverage under this endorsement is void and you must refund the amount of the rebate to us.

**J.** If we deny your claim for Sinkhole Loss upon receipt of written certification from a professional engineer or geologist, pursuant to section 627.7073, that there is no sinkhole loss or that the cause of the damage was not sinkhole activity, and if the sinkhole claim was submitted without good faith grounds for submitting such claim, you shall reimburse us for 50% of the actual costs of the analyses and services provided under sections 627.7072 and 627.7073, or $2,500, whichever is less. You are not required to pay such reimbursement unless you requested the analysis and services and we, before ordering the analysis, informed you in writing of the potential for reimbursement and gave you the opportunity to withdraw the claim.

**K.** As a precondition to accepting payment for sinkhole loss, you must file with the county clerk of court, a copy of any sinkhole report regarding your property which was prepared on behalf or at your request. You will bear the cost of filing and recording the sinkhole report.

POLICY NUMBER:                                            **BUSINESSOWNERS**
                                                         **BP 04 02 07 13**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# ADDITIONAL INSURED-MANAGERS OR LESSORS OF PREMISES

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

**SCHEDULE**

**Designation Of Premises (Part Leased To You):**
3909 14th St NW

Washington
DC
20011-5438

**Name Of Person(s) Or Organization(s) (Additional Insured):**
AVIVA LIFE AND ANNUITY COMPANY

7700 MILLS CIVIC PKWY

WEST DES MOINES, IA 50266

**Additional Premium:    $**

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

**Section II - Liability** is amended as follows:

**A.** The following is added to Paragraph **C. Who Is An Insured:**

    **3.** The person(s) or organization(s) shown in the Schedule is also an additional insured, but only with respect to liability arising out of the ownership, maintenance or use of that part of the premises leased to you and shown in the Schedule.

    However:

      **a.** The insurance afforded to such additional insured only applies to the extent permitted by law; and

      **b.** If coverage provided to the additional insured is required by a contract or agreement, the insurance afforded to such additional insured will not be broader than that which you are required by the contract or agreement to provide for such additional insured.

**B.** With respect to the insurance afforded to these additional insureds the following additional exclusions apply:

    This insurance does not apply to:

    **1.** Any "occurrence" that takes place after you cease to be a tenant in the premises described in the Schedule.

    **2.** Structural alterations, new construction or demolition operations performed by or for the person(s) or organization(s) designated in the Schedule.

**C.** With respect to the insurance afforded to these additional insureds, the following is added to Paragraph **D. Liability And Medical Expenses Limits Of Insurance:**

If coverage provided to the additional insured is required by a contract or agreement, the most we will pay on behalf of the additional insured is the amount of insurance:

    **1.** Required by the contract or agreement; or

    **2.** Available under the applicable Limits Of Insurance shown in the Declarations;

whichever is less.

This endorsement shall not increase the applicable Limits Of Insurance shown in the Declarations.

POLICY NUMBER:

**BUSINESSOWNERS**
**BP 04 02 07 13**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# ADDITIONAL INSURED-MANAGERS OR LESSORS OF PREMISES

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

**SCHEDULE**

**Designation Of Premises (Part Leased To You):**
3909 14th St NW

Washington
DC
20011-5438

**Name Of Person(s) Or Organization(s) (Additional Insured):**
ROSENFELD INVESTMENT LLC

7101 WISCONSIN AVE

BETHESDA, MD 20814

**Additional Premium:   $**

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.



**Section II - Liability** is amended as follows:

**A.** The following is added to Paragraph **C. Who Is An Insured:**

**3.** The person(s) or organization(s) shown in the Schedule is also an additional insured, but only with respect to liability arising out of the ownership, maintenance or use of that part of the premises leased to you and shown in the Schedule.

However:

**a.** The insurance afforded to such additional insured only applies to the extent permitted by law; and

**b.** If coverage provided to the additional insured is required by a contract or agreement, the insurance afforded to such additional insured will not be broader than that which you are required by the contract or agreement to provide for such additional insured.

**B.** With respect to the insurance afforded to these additional insureds the following additional exclusions apply:

This insurance does not apply to:

**1.** Any "occurrence" that takes place after you cease to be a tenant in the premises described in the Schedule.

**2.** Structural alterations, new construction or demolition operations performed by or for the person(s) or organization(s) designated in the Schedule.

**C.** With respect to the insurance afforded to these additional insureds, the following is added to Paragraph **D. Liability And Medical Expenses Limits Of Insurance:**

If coverage provided to the additional insured is required by a contract or agreement, the most we will pay on behalf of the additional insured is the amount of insurance:

**1.** Required by the contract or agreement; or

**2.** Available under the applicable Limits Of Insurance shown in the Declarations;

whichever is less.

This endorsement shall not increase the applicable Limits Of Insurance shown in the Declarations.

POLICY NUMBER:

**BUSINESSOWNERS
BP 04 02 07 13**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# ADDITIONAL INSURED-MANAGERS OR LESSORS OF PREMISES

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

**SCHEDULE**

**Designation Of Premises (Part Leased To You):**
3909 14th St NW

Washington
DC
20011-5438

**Name Of Person(s) Or Organization(s) (Additional Insured):**
JBG/RETAIL MANAGEMENT LLC

4445 WILLARD AVE STE 400

CHEVY CHASE, MD 20815

**Additional Premium:    $**

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

**Section II - Liability** is amended as follows:

**A.** The following is added to Paragraph **C. Who Is An Insured:**

**3.** The person(s) or organization(s) shown in the Schedule is also an additional insured, but only with respect to liability arising out of the ownership, maintenance or use of that part of the premises leased to you and shown in the Schedule.

However:

**a.** The insurance afforded to such additional insured only applies to the extent permitted by law; and

**b.** If coverage provided to the additional insured is required by a contract or agreement, the insurance afforded to such additional insured will not be broader than that which you are required by the contract or agreement to provide for such additional insured.

**B.** With respect to the insurance afforded to these additional insureds the following additional exclusions apply:

This insurance does not apply to:

**1.** Any "occurrence" that takes place after you cease to be a tenant in the premises described in the Schedule.

**2.** Structural alterations, new construction or demolition operations performed by or for the person(s) or organization(s) designated in the Schedule.

**C.** With respect to the insurance afforded to these additional insureds, the following is added to Paragraph **D. Liability And Medical Expenses Limits Of Insurance:**

If coverage provided to the additional insured is required by a contract or agreement, the most we will pay on behalf of the additional insured is the amount of insurance:

**1.** Required by the contract or agreement; or

**2.** Available under the applicable Limits Of Insurance shown in the Declarations;

whichever is less.

This endorsement shall not increase the applicable Limits Of Insurance shown in the Declarations.

POLICY NUMBER:

**BUSINESSOWNERS**
**BP 04 97 01 06**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# WAIVER OF TRANSFER OF RIGHTS OF RECOVERY AGAINST OTHERS TO US

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

**SCHEDULE\***



**Name Of Person Or Organization:**

```
T-MOBILE INC US
ITS AFFILIATES & SUBSIDIARIES
510 VIRGINIA DR
FORT WASHINGTON, PA 19034
```

Paragraph **K. Transfer Of Rights Of Recovery Against Others To Us** in **Section III - Common Policy Conditions** is amended by the addition of the following:

We waive any right of recovery we may have against the person or organization shown in the Schedule above because of payments we make for injury or damage arising out of your ongoing operations or "your work" done under a contract with that person or organization and included in the "products-completed operations hazard". This waiver applies only to the person or organization shown in the Schedule above.

\*Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

POLICY NUMBER:

**BUSINESSOWNERS**
**BP 04 97 01 06**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# WAIVER OF TRANSFER OF RIGHTS OF RECOVERY AGAINST OTHERS TO US

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

**SCHEDULE\***

**Name Of Person Or Organization:**
SEE GENERAL ENDORSEMENT BP7002

Paragraph **K. Transfer Of Rights Of Recovery Against Others To Us** in **Section III - Common Policy Conditions** is amended by the addition of the following:

We waive any right of recovery we may have against the person or organization shown in the Schedule above because of payments we make for injury or damage arising out of your ongoing operations or "your work" done under a contract with that person or organization and included in the "products-completed operations hazard". This waiver applies only to the person or organization shown in the Schedule above.

\*Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

POLICY NUMBER:                                                                                            **BUSINESSOWNERS**
                                                                                                         **BP 12 03 01 10**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LOSS PAYABLE CLAUSES

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

## SCHEDULE



| Premises Number | Building Number | | Applicable Clause (Indicate Paragraph A, B, C or D): |
|---|---|---|---|
| 6846 Liberty Rd | | | A |
| RANDALLSTOWN | | | |
| MD | | | |
| 21133 | | | |

**Description of Property**

cellphone store

**Loss Payee (Name & Address)**

JBG/RETAIL MANAGEMENT LLC

4445 WILLARD AVE STE 400

CHEVY CHASE, MD 20815

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

Nothing in this endorsement increases the applicable Limit of Insurance. We will not pay any Loss Payee more than their financial interest in the Covered Property, and we will not pay more than the applicable Limit of Insurance on the Covered Property.

The following is added to the **Loss Payment** Property Loss Condition in **Section I - Property**, as shown in the Declarations or in the Schedule:

**A. Loss Payable Clause**

For Covered Property in which both you and a Loss Payee shown in the Schedule or in the Declarations have an insurable interest, we will:

**1.** Adjust losses with you; and

**2.** Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**B. Lender's Loss Payable Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is a creditor, including a mortgageholder or trustee, whose interest in that Covered Property is established by such written instruments as:

**a.** Warehouse receipts;

**b.** A contract for deed;

**c.** Bills of lading;

**d.** Financing statements; or

**e.** Mortgages, deeds of trust, or security agreements.

**2.** For Covered Property in which both you and a Loss Payee have an insurable interest:

**a.** We will pay for covered loss or damage to each Loss Payee in their order of precedence, as interests may appear.

**BP 12 03 01 10**                              © Insurance Services Office, Inc., 2009                              **Page 1 of 2**

**b.** The Loss Payee has the right to receive loss payment even if the Loss Payee has started foreclosure for similar action on the Covered Property.

**c.** If we deny your claim because of your acts or because you have failed to comply with the terms of this policy, the Loss Payee will still have the right to receive loss payment if the Loss Payee:

   **(1)** Pays any premium due under this policy at our request if you have failed to do so;

   **(2)** Submits a signed, sworn proof of loss within 60 days after receiving notice from us of your failure to do so; and; and

   **(3)** Has notified us of any change in ownership, occupancy or substantial change in risk known to the Loss Payee.

   All of the terms of **Section I - Property** will then apply directly to the Loss Payee.

**d.** If we pay the Loss Payee for any loss or damage and deny payment to you because of your acts or because you have failed to comply with the terms of this policy:

   **(1)** The Loss Payee's rights will be transferred to us to the extent of the amount we pay; and

   **(2)** The Loss Payee's right to recover the full amount of the Loss Payee's claim will not be impaired.

   At our option, we may pay to the Loss Payee the whole principal on the debt plus any accrued interest. In this event, you will pay your remaining debt to us.

**3.** If we cancel this policy, we will give written notice to the Loss Payee at least:

   **a.** 10 days before the effective date of cancellation if we cancel for your nonpayment of premium; or

   **b.** 30 days before the effective date of cancellation if we cancel for any other reason.

**4.** If we do not renew this policy, we will give written notice to the Loss Payee at least 10 days before the expiration date of this policy.

**C. Contract Of Sale Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is a person or organization you have entered a contract with for the sale of Covered Property.

**2.** For Covered Property in which both you and the Loss Payee have an insurable interest, we will:

   **a.** Adjust losses with you; and

   **b.** Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**3.** The following is added to Paragraph **H. Other Insurance** in **Section III - Common Policy Conditions:**

   For Covered Property that is the subject of a contract of sale, the word "you" includes the Loss Payee.

**D. Building Owner Loss Payable Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is the owner of the described building, in which you are a tenant.

**2.** We will adjust losses to the described building with the Loss Payee. Any loss payment made to the Loss Payee will satisfy your claims against us for the owner's property.

**3.** We will adjust losses to tenant's improvements and betterments with you, unless the lease provides otherwise.

POLICY NUMBER:

**BUSINESSOWNERS**
**BP 12 03 01 10**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LOSS PAYABLE CLAUSES

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

## SCHEDULE



| Premises Number | Building Number | | Applicable Clause (Indicate Paragraph A, B, C or D): |
|---|---|---|---|
| 4600 Jonestown Rd | | | A |
| Harrisburg | | | |
| PA | | | |
| 17109-6214 | | | |

**Description of Property**

cellphone store

**Loss Payee (Name & Address)**

JBG/RETAIL MANAGEMENT LLC

4445 WILLARD AVE STE 400

CHEVY CHASE, MD 20815

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

Nothing in this endorsement increases the applicable Limit of Insurance. We will not pay any Loss Payee more than their financial interest in the Covered Property, and we will not pay more than the applicable Limit of Insurance on the Covered Property.

The following is added to the **Loss Payment** Property Loss Condition in **Section I - Property**, as shown in the Declarations or in the Schedule:

**A.  Loss Payable Clause**

For Covered Property in which both you and a Loss Payee shown in the Schedule or in the Declarations have an insurable interest, we will:

**1.**  Adjust losses with you; and

**2.**  Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**B.  Lender's Loss Payable Clause**

**1.**  The Loss Payee shown in the Schedule or in the Declarations is a creditor, including a mortgageholder or trustee, whose interest in that Covered Property is established by such written instruments as:

**a.**  Warehouse receipts;

**b.**  A contract for deed;

**c.**  Bills of lading;

**d.**  Financing statements; or

**e.**  Mortgages, deeds of trust, or security agreements.

**2.**  For Covered Property in which both you and a Loss Payee have an insurable interest:

**a.**  We will pay for covered loss or damage to each Loss Payee in their order of precedence, as interests may appear.

**BP 12 03 01 10**          © Insurance Services Office, Inc., 2009          **Page 1 of 2**

**b.** The Loss Payee has the right to receive loss payment even if the Loss Payee has started foreclosure for similar action on the Covered Property.

**c.** If we deny your claim because of your acts or because you have failed to comply with the terms of this policy, the Loss Payee will still have the right to receive loss payment if the Loss Payee:

  **(1)** Pays any premium due under this policy at our request if you have failed to do so;

  **(2)** Submits a signed, sworn proof of loss within 60 days after receiving notice from us of your failure to do so; and; and

  **(3)** Has notified us of any change in ownership, occupancy or substantial change in risk known to the Loss Payee.

  All of the terms of **Section I - Property** will then apply directly to the Loss Payee.

**d.** If we pay the Loss Payee for any loss or damage and deny payment to you because of your acts or because you have failed to comply with the terms of this policy:

  **(1)** The Loss Payee's rights will be transferred to us to the extent of the amount we pay; and

  **(2)** The Loss Payee's right to recover the full amount of the Loss Payee's claim will not be impaired.

  At our option, we may pay to the Loss Payee the whole principal on the debt plus any accrued interest. In this event, you will pay your remaining debt to us.

**3.** If we cancel this policy, we will give written notice to the Loss Payee at least:

  **a.** 10 days before the effective date of cancellation if we cancel for your nonpayment of premium; or

  **b.** 30 days before the effective date of cancellation if we cancel for any other reason.

**4.** If we do not renew this policy, we will give written notice to the Loss Payee at least 10 days before the expiration date of this policy.

**C. Contract Of Sale Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is a person or organization you have entered a contract with for the sale of Covered Property.

**2.** For Covered Property in which both you and the Loss Payee have an insurable interest, we will:

  **a.** Adjust losses with you; and

  **b.** Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**3.** The following is added to Paragraph **H. Other Insurance** in **Section III - Common Policy Conditions:**

  For Covered Property that is the subject of a contract of sale, the word "you" includes the Loss Payee.

**D. Building Owner Loss Payable Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is the owner of the described building, in which you are a tenant.

**2.** We will adjust losses to the described building with the Loss Payee. Any loss payment made to the Loss Payee will satisfy your claims against us for the owner's property.

**3.** We will adjust losses to tenant's improvements and betterments with you, unless the lease provides otherwise.

POLICY NUMBER: 

**BUSINESSOWNERS**
**BP 12 03 01 10**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LOSS PAYABLE CLAUSES

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

## SCHEDULE



| Premises Number | Building Number | Applicable Clause (Indicate Paragraph A, B, C or D): |
|---|---|---|
| 570 W Washington St | | A |
| Greenville | | |
| SC | | |
| 29601-1923 | | |

**Description of Property**

cellphone store

**Loss Payee (Name & Address)**

JBG/RETAIL MANAGEMENT LLC

4445 WILLARD AVE STE 400

CHEVY CHASE, MD 20815

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

Nothing in this endorsement increases the applicable Limit of Insurance. We will not pay any Loss Payee more than their financial interest in the Covered Property, and we will not pay more than the applicable Limit of Insurance on the Covered Property.

The following is added to the **Loss Payment** Property Loss Condition in **Section I - Property**, as shown in the Declarations or in the Schedule:

**A. Loss Payable Clause**

For Covered Property in which both you and a Loss Payee shown in the Schedule or in the Declarations have an insurable interest, we will:

1. Adjust losses with you; and

2. Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**B. Lender's Loss Payable Clause**

1. The Loss Payee shown in the Schedule or in the Declarations is a creditor, including a mortgageholder or trustee, whose interest in that Covered Property is established by such written instruments as:

   a. Warehouse receipts;

   b. A contract for deed;

   c. Bills of lading;

   d. Financing statements; or

   e. Mortgages, deeds of trust, or security agreements.

2. For Covered Property in which both you and a Loss Payee have an insurable interest:

   a. We will pay for covered loss or damage to each Loss Payee in their order of precedence, as interests may appear.

BP 12 03 01 10 

© Insurance Services Office, Inc., 2009 

Page 1 of 2

**b.** The Loss Payee has the right to receive loss payment even if the Loss Payee has started foreclosure for similar action on the Covered Property.

**c.** If we deny your claim because of your acts or because you have failed to comply with the terms of this policy, the Loss Payee will still have the right to receive loss payment if the Loss Payee:

   **(1)** Pays any premium due under this policy at our request if you have failed to do so;

   **(2)** Submits a signed, sworn proof of loss within 60 days after receiving notice from us of your failure to do so; and; and

   **(3)** Has notified us of any change in ownership, occupancy or substantial change in risk known to the Loss Payee.

   All of the terms of **Section I - Property** will then apply directly to the Loss Payee.

**d.** If we pay the Loss Payee for any loss or damage and deny payment to you because of your acts or because you have failed to comply with the terms of this policy:

   **(1)** The Loss Payee's rights will be transferred to us to the extent of the amount we pay; and

   **(2)** The Loss Payee's right to recover the full amount of the Loss Payee's claim will not be impaired.

   At our option, we may pay to the Loss Payee the whole principal on the debt plus any accrued interest. In this event, you will pay your remaining debt to us.

**3.** If we cancel this policy, we will give written notice to the Loss Payee at least:

   **a.** 10 days before the effective date of cancellation if we cancel for your nonpayment of premium; or

   **b.** 30 days before the effective date of cancellation if we cancel for any other reason.

**4.** If we do not renew this policy, we will give written notice to the Loss Payee at least 10 days before the expiration date of this policy.

**C. Contract Of Sale Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is a person or organization you have entered a contract with for the sale of Covered Property.

**2.** For Covered Property in which both you and the Loss Payee have an insurable interest, we will:

   **a.** Adjust losses with you; and

   **b.** Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**3.** The following is added to Paragraph **H. Other Insurance** in **Section III - Common Policy Conditions:**

   For Covered Property that is the subject of a contract of sale, the word "you" includes the Loss Payee.

**D. Building Owner Loss Payable Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is the owner of the described building, in which you are a tenant.

**2.** We will adjust losses to the described building with the Loss Payee. Any loss payment made to the Loss Payee will satisfy your claims against us for the owner's property.

**3.** We will adjust losses to tenant's improvements and betterments with you, unless the lease provides otherwise.

©

POLICY NUMBER:                                                                    **BUSINESSOWNERS**
                                                                                 **BP 12 03 01 10**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LOSS PAYABLE CLAUSES

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

## SCHEDULE



| Premises Number | Building Number | Applicable Clause (Indicate Paragraph A, B, C or D): |
|---|---|---|
| 7553 Ritchie Hwy | | A |

Glen Burnie
MD
21061-3716

**Description of Property**

Cellphone Store

**Loss Payee (Name & Address)**

ROSENFELD INVESTMENT LLC

7101 WISCONSIN AVE

BETHESDA, MD 20814

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

Nothing in this endorsement increases the applicable Limit of Insurance. We will not pay any Loss Payee more than their financial interest in the Covered Property, and we will not pay more than the applicable Limit of Insurance on the Covered Property.

The following is added to the **Loss Payment** Property Loss Condition in **Section I - Property**, as shown in the Declarations or in the Schedule:

**A. Loss Payable Clause**

For Covered Property in which both you and a Loss Payee shown in the Schedule or in the Declarations have an insurable interest, we will:

**1.** Adjust losses with you; and

**2.** Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**B. Lender's Loss Payable Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is a creditor, including a mortgageholder or trustee, whose interest in that Covered Property is established by such written instruments as:

**a.** Warehouse receipts;

**b.** A contract for deed;

**c.** Bills of lading;

**d.** Financing statements; or

**e.** Mortgages, deeds of trust, or security agreements.

**2.** For Covered Property in which both you and a Loss Payee have an insurable interest:

**a.** We will pay for covered loss or damage to each Loss Payee in their order of precedence, as interests may appear.

**b.** The Loss Payee has the right to receive loss payment even if the Loss Payee has started foreclosure for similar action on the Covered Property.

**c.** If we deny your claim because of your acts or because you have failed to comply with the terms of this policy, the Loss Payee will still have the right to receive loss payment if the Loss Payee:

**(1)** Pays any premium due under this policy at our request if you have failed to do so;

**(2)** Submits a signed, sworn proof of loss within 60 days after receiving notice from us of your failure to do so; and; and

**(3)** Has notified us of any change in ownership, occupancy or substantial change in risk known to the Loss Payee.

All of the terms of **Section I - Property** will then apply directly to the Loss Payee.

**d.** If we pay the Loss Payee for any loss or damage and deny payment to you because of your acts or because you have failed to comply with the terms of this policy:

**(1)** The Loss Payee's rights will be transferred to us to the extent of the amount we pay; and

**(2)** The Loss Payee's right to recover the full amount of the Loss Payee's claim will not be impaired.

At our option, we may pay to the Loss Payee the whole principal on the debt plus any accrued interest. In this event, you will pay your remaining debt to us.

**3.** If we cancel this policy, we will give written notice to the Loss Payee at least:

**a.** 10 days before the effective date of cancellation if we cancel for your nonpayment of premium; or

**b.** 30 days before the effective date of cancellation if we cancel for any other reason.

**4.** If we do not renew this policy, we will give written notice to the Loss Payee at least 10 days before the expiration date of this policy.

**C. Contract Of Sale Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is a person or organization you have entered a contract with for the sale of Covered Property.

**2.** For Covered Property in which both you and the Loss Payee have an insurable interest, we will:

**a.** Adjust losses with you; and

**b.** Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**3.** The following is added to Paragraph **H. Other Insurance** in **Section III - Common Policy Conditions:**

For Covered Property that is the subject of a contract of sale, the word "you" includes the Loss Payee.

**D. Building Owner Loss Payable Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is the owner of the described building, in which you are a tenant.

**2.** We will adjust losses to the described building with the Loss Payee. Any loss payment made to the Loss Payee will satisfy your claims against us for the owner's property.

**3.** We will adjust losses to tenant's improvements and betterments with you, unless the lease provides otherwise.

POLICY NUMBER:

**BUSINESSOWNERS
BP 12 03 01 10**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LOSS PAYABLE CLAUSES

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

## SCHEDULE



| Premises Number | Building Number | Applicable Clause (Indicate Paragraph A, B, C or D): |
|---|---|---|
| 807 Bowman St | | A |
| Lebanon | | |
| PA | | |
| 17046-8430 | | |

**Description of Property**

cellphone store

**Loss Payee (Name & Address)**

JBG/RETAIL MANAGEMENT LLC

4445 WILLARD AVE STE 400

CHEVY CHASE, MD 20815

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

Nothing in this endorsement increases the applicable Limit of Insurance. We will not pay any Loss Payee more than their financial interest in the Covered Property, and we will not pay more than the applicable Limit of Insurance on the Covered Property.

The following is added to the **Loss Payment** Property Loss Condition in **Section I - Property**, as shown in the Declarations or in the Schedule:

**A. Loss Payable Clause**

For Covered Property in which both you and a Loss Payee shown in the Schedule or in the Declarations have an insurable interest, we will:

1. Adjust losses with you; and

2. Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**B. Lender's Loss Payable Clause**

1. The Loss Payee shown in the Schedule or in the Declarations is a creditor, including a mortgageholder or trustee, whose interest in that Covered Property is established by such written instruments as:

   **a.** Warehouse receipts;

   **b.** A contract for deed;

   **c.** Bills of lading;

   **d.** Financing statements; or

   **e.** Mortgages, deeds of trust, or security agreements.

2. For Covered Property in which both you and a Loss Payee have an insurable interest:

   **a.** We will pay for covered loss or damage to each Loss Payee in their order of precedence, as interests may appear.

© Insurance Services Office, Inc., 2009

b. The Loss Payee has the right to receive loss payment even if the Loss Payee has started foreclosure for similar action on the Covered Property.

c. If we deny your claim because of your acts or because you have failed to comply with the terms of this policy, the Loss Payee will still have the right to receive loss payment if the Loss Payee:

   (1) Pays any premium due under this policy at our request if you have failed to do so;

   (2) Submits a signed, sworn proof of loss within 60 days after receiving notice from us of your failure to do so; and; and

   (3) Has notified us of any change in ownership, occupancy or substantial change in risk known to the Loss Payee.

   All of the terms of **Section I - Property** will then apply directly to the Loss Payee.

d. If we pay the Loss Payee for any loss or damage and deny payment to you because of your acts or because you have failed to comply with the terms of this policy:

   (1) The Loss Payee's rights will be transferred to us to the extent of the amount we pay; and

   (2) The Loss Payee's right to recover the full amount of the Loss Payee's claim will not be impaired.

   At our option, we may pay to the Loss Payee the whole principal on the debt plus any accrued interest. In this event, you will pay your remaining debt to us.

3. If we cancel this policy, we will give written notice to the Loss Payee at least:

   a. 10 days before the effective date of cancellation if we cancel for your nonpayment of premium; or

   b. 30 days before the effective date of cancellation if we cancel for any other reason.

4. If we do not renew this policy, we will give written notice to the Loss Payee at least 10 days before the expiration date of this policy.

**C. Contract Of Sale Clause**

1. The Loss Payee shown in the Schedule or in the Declarations is a person or organization you have entered a contract with for the sale of Covered Property.

2. For Covered Property in which both you and the Loss Payee have an insurable interest, we will:

   a. Adjust losses with you; and

   b. Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

3. The following is added to Paragraph **H. Other Insurance** in **Section III - Common Policy Conditions:**

   For Covered Property that is the subject of a contract of sale, the word "you" includes the Loss Payee.

**D. Building Owner Loss Payable Clause**

1. The Loss Payee shown in the Schedule or in the Declarations is the owner of the described building, in which you are a tenant.

2. We will adjust losses to the described building with the Loss Payee. Any loss payment made to the Loss Payee will satisfy your claims against us for the owner's property.

3. We will adjust losses to tenant's improvements and betterments with you, unless the lease provides otherwise.

©

POLICY NUMBER:

**BUSINESSOWNERS
BP 12 03 01 10**

**THIS ENDORSEMENT  CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LOSS PAYABLE CLAUSES

This endorsement  modifies  insurance  provided  under the following:

BUSINESSOWNERS  COVERAGE FORM

**SCHEDULE**



| Premises Number | Building Number | | Applicable Clause (Indicate Paragraph A, B, C or D): |
|---|---|---|---|
| 910 Great Bridge Blvd | | | A |
| Chesapeake VA 23320-6642 | | | |

**Description  of Property**

cellphone store

**Loss Payee (Name & Address)**

AVIVA LIFE AND ANNUITY COMPANY

7700 MILLS CIVIC PKWY

WEST DES MOINES, IA 50266

Information  required to complete  this Schedule, if not shown  above,  will  be shown  in the Declarations.

Nothing  in this endorsement  increases the applicable Limit of Insurance.  We will  not pay any Loss Payee more than their  financial  interest  in the Covered  Property,  and we will  not pay more than the applicable  Limit  of Insurance  on the Covered Property.

The following  is added to the **Loss Payment** Property  Loss Condition  in **Section  I - Property** , as shown in the Declarations  or in the Schedule:

**A.  Loss Payable Clause**

For Covered Property in which  both you and a Loss Payee shown  in the Schedule  or in the Declarations  have an insurable  interest, we will:

**1.**  Adjust  losses with you; and

**2.**  Pay any claim  for loss or damage jointly to you and the Loss Payee, as interests may appear.

**B.  Lender's Loss Payable Clause**

**1.**  The Loss Payee shown  in the Schedule  or in the Declarations  is a creditor,  including a mortgageholder  or trustee, whose interest  in that Covered  Property is established  by such written  instruments  as:

**a.**  Warehouse  receipts;

**b.**  A contract  for deed;

**c.**  Bills of lading;

**d.**  Financing  statements;  or

**e.**  Mortgages,  deeds of trust, or security agreements.

**2.**  For Covered  Property in which  both you and a Loss Payee have an insurable  interest:

**a.**  We will  pay for covered loss or damage to each Loss Payee in their  order of precedence,  as interests  may appear.

**b.** The Loss Payee has the right to receive loss payment even if the Loss Payee has started foreclosure for similar action on the Covered Property.

**c.** If we deny your claim because of your acts or because you have failed to comply with the terms of this policy, the Loss Payee will still have the right to receive loss payment if the Loss Payee:

**(1)** Pays any premium due under this policy at our request if you have failed to do so;

**(2)** Submits a signed, sworn proof of loss within 60 days after receiving notice from us of your failure to do so; and; and

**(3)** Has notified us of any change in ownership, occupancy or substantial change in risk known to the Loss Payee.

All of the terms of **Section I - Property** will then apply directly to the Loss Payee.

**d.** If we pay the Loss Payee for any loss or damage and deny payment to you because of your acts or because you have failed to comply with the terms of this policy:

**(1)** The Loss Payee's rights will be transferred to us to the extent of the amount we pay; and

**(2)** The Loss Payee's right to recover the full amount of the Loss Payee's claim will not be impaired.

At our option, we may pay to the Loss Payee the whole principal on the debt plus any accrued interest. In this event, you will pay your remaining debt to us.

**3.** If we cancel this policy, we will give written notice to the Loss Payee at least:

**a.** 10 days before the effective date of cancellation if we cancel for your nonpayment of premium; or

**b.** 30 days before the effective date of cancellation if we cancel for any other reason.

**4.** If we do not renew this policy, we will give written notice to the Loss Payee at least 10 days before the expiration date of this policy.

**C. Contract Of Sale Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is a person or organization you have entered a contract with for the sale of Covered Property.

**2.** For Covered Property in which both you and the Loss Payee have an insurable interest, we will:

**a.** Adjust losses with you; and

**b.** Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**3.** The following is added to Paragraph **H. Other Insurance** in **Section III - Common Policy Conditions:**

For Covered Property that is the subject of a contract of sale, the word "you" includes the Loss Payee.

**D. Building Owner Loss Payable Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is the owner of the described building, in which you are a tenant.

**2.** We will adjust losses to the described building with the Loss Payee. Any loss payment made to the Loss Payee will satisfy your claims against us for the owner's property.

**3.** We will adjust losses to tenant's improvements and betterments with you, unless the lease provides otherwise.

POLICY NUMBER:

BUSINESSOWNERS
BP 12 03 01 10

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LOSS PAYABLE CLAUSES

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

## SCHEDULE



| Premises Number | Building Number | | Applicable Clause (Indicate Paragraph A, B, C or D): |
|---|---|---|---|
| 229 N Howard St | | | A |
| Baltimore MD 21201-3555 | | | |

**Description of Property**

Cellphone Store

**Loss Payee (Name & Address)**

ROSENFELD INVESTMENT LLC

7101 WISCONSIN AVE

BETHESDA, MD 20814

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

Nothing in this endorsement increases the applicable Limit of Insurance. We will not pay any Loss Payee more than their financial interest in the Covered Property, and we will not pay more than the applicable Limit of Insurance on the Covered Property.

The following is added to the **Loss Payment** Property Loss Condition in **Section I - Property**, as shown in the Declarations or in the Schedule:

**A. Loss Payable Clause**

For Covered Property in which both you and a Loss Payee shown in the Schedule or in the Declarations have an insurable interest, we will:

**1.** Adjust losses with you; and

**2.** Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**B. Lender's Loss Payable Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is a creditor, including a mortgageholder or trustee, whose interest in that Covered Property is established by such written instruments as:

**a.** Warehouse receipts;

**b.** A contract for deed;

**c.** Bills of lading;

**d.** Financing statements; or

**e.** Mortgages, deeds of trust, or security agreements.

**2.** For Covered Property in which both you and a Loss Payee have an insurable interest:

**a.** We will pay for covered loss or damage to each Loss Payee in their order of precedence, as interests may appear.

BP 12 03 01 10

© Insurance Services Office, Inc., 2009

Page 1 of 2

**b.** The Loss Payee has the right to receive loss payment even if the Loss Payee has started foreclosure for similar action on the Covered Property.

**c.** If we deny your claim because of your acts or because you have failed to comply with the terms of this policy, the Loss Payee will still have the right to receive loss payment if the Loss Payee:

    **(1)** Pays any premium due under this policy at our request if you have failed to do so;

    **(2)** Submits a signed, sworn proof of loss within 60 days after receiving notice from us of your failure to do so; and; and

    **(3)** Has notified us of any change in ownership, occupancy or substantial change in risk known to the Loss Payee.

All of the terms of **Section I - Property** will then apply directly to the Loss Payee.

**d.** If we pay the Loss Payee for any loss or damage and deny payment to you because of your acts or because you have failed to comply with the terms of this policy:

    **(1)** The Loss Payee's rights will be transferred to us to the extent of the amount we pay; and

    **(2)** The Loss Payee's right to recover the full amount of the Loss Payee's claim will not be impaired.

At our option, we may pay to the Loss Payee the whole principal on the debt plus any accrued interest. In this event, you will pay your remaining debt to us.

**3.** If we cancel this policy, we will give written notice to the Loss Payee at least:

    **a.** 10 days before the effective date of cancellation if we cancel for your nonpayment of premium; or

    **b.** 30 days before the effective date of cancellation if we cancel for any other reason.

**4.** If we do not renew this policy, we will give written notice to the Loss Payee at least 10 days before the expiration date of this policy.

**C. Contract Of Sale Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is a person or organization you have entered a contract with for the sale of Covered Property.

**2.** For Covered Property in which both you and the Loss Payee have an insurable interest, we will:

    **a.** Adjust losses with you; and

    **b.** Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**3.** The following is added to Paragraph **H. Other Insurance** in **Section III - Common Policy Conditions:**

For Covered Property that is the subject of a contract of sale, the word "you" includes the Loss Payee.

**D. Building Owner Loss Payable Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is the owner of the described building, in which you are a tenant.

**2.** We will adjust losses to the described building with the Loss Payee. Any loss payment made to the Loss Payee will satisfy your claims against us for the owner's property.

**3.** We will adjust losses to tenant's improvements and betterments with you, unless the lease provides otherwise.

Insurance Services Office, Inc., 2009

POLICY NUMBER:

**BUSINESSOWNERS
BP 12 03 01 10**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LOSS PAYABLE CLAUSES

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

## SCHEDULE



| Premises Number | Building Number | Applicable Clause (Indicate Paragraph A, B, C or D): |
|---|---|---|
| 229 N Howard St | | A |
| Baltimore | | |
| MD | | |
| 21201-3555 | | |

**Description of Property**

cellphone store

**Loss Payee (Name & Address)**

AVIVA LIFE AND ANNUITY COMPANY

7700 MILLS CIVIC PKWY

WEST DES MOINES, IA 50266

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

Nothing in this endorsement increases the applicable Limit of Insurance. We will not pay any Loss Payee more than their financial interest in the Covered Property, and we will not pay more than the applicable Limit of Insurance on the Covered Property.

The following is added to the **Loss Payment** Property Loss Condition in **Section I - Property**, as shown in the Declarations or in the Schedule:

**A. Loss Payable Clause**

For Covered Property in which both you and a Loss Payee shown in the Schedule or in the Declarations have an insurable interest, we will:

1. Adjust losses with you; and
2. Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**B. Lender's Loss Payable Clause**

1. The Loss Payee shown in the Schedule or in the Declarations is a creditor, including a mortgageholder or trustee, whose interest in that Covered Property is established by such written instruments as:

   a. Warehouse receipts;
   b. A contract for deed;
   c. Bills of lading;
   d. Financing statements; or
   e. Mortgages, deeds of trust, or security agreements.

2. For Covered Property in which both you and a Loss Payee have an insurable interest:

   a. We will pay for covered loss or damage to each Loss Payee in their order of precedence, as interests may appear.

BP 12 03 01 10

© Insurance Services Office, Inc., 2009

Page 1 of 2

b. The Loss Payee has the right to receive loss payment even if the Loss Payee has started foreclosure for similar action on the Covered Property.

c. If we deny your claim because of your acts or because you have failed to comply with the terms of this policy, the Loss Payee will still have the right to receive loss payment if the Loss Payee:

(1) Pays any premium due under this policy at our request if you have failed to do so;

(2) Submits a signed, sworn proof of loss within 60 days after receiving notice from us of your failure to do so; and; and

(3) Has notified us of any change in ownership, occupancy or substantial change in risk known to the Loss Payee.

All of the terms of **Section I - Property** will then apply directly to the Loss Payee.

d. If we pay the Loss Payee for any loss or damage and deny payment to you because of your acts or because you have failed to comply with the terms of this policy:

(1) The Loss Payee's rights will be transferred to us to the extent of the amount we pay; and

(2) The Loss Payee's right to recover the full amount of the Loss Payee's claim will not be impaired.

At our option, we may pay to the Loss Payee the whole principal on the debt plus any accrued interest. In this event, you will pay your remaining debt to us.

3. If we cancel this policy, we will give written notice to the Loss Payee at least:

a. 10 days before the effective date of cancellation if we cancel for your nonpayment of premium; or

b. 30 days before the effective date of cancellation if we cancel for any other reason.

4. If we do not renew this policy, we will give written notice to the Loss Payee at least 10 days before the expiration date of this policy.

**C. Contract Of Sale Clause**

1. The Loss Payee shown in the Schedule or in the Declarations is a person or organization you have entered a contract with for the sale of Covered Property.

2. For Covered Property in which both you and the Loss Payee have an insurable interest, we will:

a. Adjust losses with you; and

b. Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

3. The following is added to Paragraph **H. Other Insurance** in **Section III - Common Policy Conditions:**

For Covered Property that is the subject of a contract of sale, the word "you" includes the Loss Payee.

**D. Building Owner Loss Payable Clause**

1. The Loss Payee shown in the Schedule or in the Declarations is the owner of the described building, in which you are a tenant.

2. We will adjust losses to the described building with the Loss Payee. Any loss payment made to the Loss Payee will satisfy your claims against us for the owner's property.

3. We will adjust losses to tenant's improvements and betterments with you, unless the lease provides otherwise.

POLICY NUMBER:

BUSINESSOWNERS
BP 12 03 01 10

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LOSS PAYABLE CLAUSES

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

## SCHEDULE



| Premises Number | Building Number | Applicable Clause (Indicate Paragraph A, B, C or D): |
|---|---|---|
| 7387A Baltimore-Annaplois Blvd | | A |
| Glen Burnie | | |
| MD | | |
| 21061-3222 | | |

**Description of Property**

cellphone store

**Loss Payee (Name & Address)**

AVIVA LIFE AND ANNUITY COMPANY

7700 MILLS CIVIC PKWY

WEST DES MOINES, IA 50266

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

Nothing in this endorsement increases the applicable Limit of Insurance. We will not pay any Loss Payee more than their financial interest in the Covered Property, and we will not pay more than the applicable Limit of Insurance on the Covered Property.

The following is added to the **Loss Payment** Property Loss Condition in **Section I - Property**, as shown in the Declarations or in the Schedule:

**A. Loss Payable Clause**

For Covered Property in which both you and a Loss Payee shown in the Schedule or in the Declarations have an insurable interest, we will:

**1.** Adjust losses with you; and

**2.** Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**B. Lender's Loss Payable Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is a creditor, including a mortgageholder or trustee, whose interest in that Covered Property is established by such written instruments as:

**a.** Warehouse receipts;

**b.** A contract for deed;

**c.** Bills of lading;

**d.** Financing statements; or

**e.** Mortgages, deeds of trust, or security agreements.

**2.** For Covered Property in which both you and a Loss Payee have an insurable interest:

**a.** We will pay for covered loss or damage to each Loss Payee in their order of precedence, as interests may appear.

BP 12 03 01 10 © Insurance Services Office, Inc., 2009 Page 1 of 2

**b.** The Loss Payee has the right to receive loss payment even if the Loss Payee has started foreclosure for similar action on the Covered Property.

**c.** If we deny your claim because of your acts or because you have failed to comply with the terms of this policy, the Loss Payee will still have the right to receive loss payment if the Loss Payee:

   **(1)** Pays any premium due under this policy at our request if you have failed to do so;

   **(2)** Submits a signed, sworn proof of loss within 60 days after receiving notice from us of your failure to do so; and; and

   **(3)** Has notified us of any change in ownership, occupancy or substantial change in risk known to the Loss Payee.

   All of the terms of **Section I - Property** will then apply directly to the Loss Payee.

**d.** If we pay the Loss Payee for any loss or damage and deny payment to you because of your acts or because you have failed to comply with the terms of this policy:

   **(1)** The Loss Payee's rights will be transferred to us to the extent of the amount we pay; and

   **(2)** The Loss Payee's right to recover the full amount of the Loss Payee's claim will not be impaired.

   At our option, we may pay to the Loss Payee the whole principal on the debt plus any accrued interest. In this event, you will pay your remaining debt to us.

**3.** If we cancel this policy, we will give written notice to the Loss Payee at least:

   **a.** 10 days before the effective date of cancellation if we cancel for your nonpayment of premium; or

   **b.** 30 days before the effective date of cancellation if we cancel for any other reason.

**4.** If we do not renew this policy, we will give written notice to the Loss Payee at least 10 days before the expiration date of this policy.

**C. Contract Of Sale Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is a person or organization you have entered a contract with for the sale of Covered Property.

**2.** For Covered Property in which both you and the Loss Payee have an insurable interest, we will:

   **a.** Adjust losses with you; and

   **b.** Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**3.** The following is added to Paragraph **H. Other Insurance** in **Section III - Common Policy Conditions:**

   For Covered Property that is the subject of a contract of sale, the word "you" includes the Loss Payee.

**D. Building Owner Loss Payable Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is the owner of the described building, in which you are a tenant.

**2.** We will adjust losses to the described building with the Loss Payee. Any loss payment made to the Loss Payee will satisfy your claims against us for the owner's property.

**3.** We will adjust losses to tenant's improvements and betterments with you, unless the lease provides otherwise.

POLICY NUMBER:

**BUSINESSOWNERS**
**BP 12 03 01 10**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LOSS PAYABLE CLAUSES

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

## SCHEDULE



| Premises Number | Building Number | Applicable Clause (Indicate Paragraph A, B, C or D): |
|---|---|---|
| 8482 Lockwood Ridge Rd | | A |
| Sarasota | | |
| FL | | |
| 34243-2920 | | |

**Description of Property**

cellphone store

**Loss Payee (Name & Address)**

JBG/RETAIL MANAGEMENT LLC

4445 WILLARD AVE STE 400

CHEVY CHASE, MD 20815

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

Nothing in this endorsement increases the applicable Limit of Insurance. We will not pay any Loss Payee more than their financial interest in the Covered Property, and we will not pay more than the applicable Limit of Insurance on the Covered Property.

The following is added to the **Loss Payment** Property Loss Condition in **Section I - Property**, as shown in the Declarations or in the Schedule:

**A. Loss Payable Clause**

For Covered Property in which both you and a Loss Payee shown in the Schedule or in the Declarations have an insurable interest, we will:

**1.** Adjust losses with you; and

**2.** Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**B. Lender's Loss Payable Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is a creditor, including a mortgageholder or trustee, whose interest in that Covered Property is established by such written instruments as:

**a.** Warehouse receipts;

**b.** A contract for deed;

**c.** Bills of lading;

**d.** Financing statements; or

**e.** Mortgages, deeds of trust, or security agreements.

**2.** For Covered Property in which both you and a Loss Payee have an insurable interest:

**a.** We will pay for covered loss or damage to each Loss Payee in their order of precedence, as interests may appear.

BP 12 03 01 10

© Insurance Services Office, Inc., 2009

Page 1 of 2

b. The Loss Payee has the right to receive loss payment even if the Loss Payee has started foreclosure for similar action on the Covered Property.

c. If we deny your claim because of your acts or because you have failed to comply with the terms of this policy, the Loss Payee will still have the right to receive loss payment if the Loss Payee:

   (1) Pays any premium due under this policy at our request if you have failed to do so;

   (2) Submits a signed, sworn proof of loss within 60 days after receiving notice from us of your failure to do so; and; and

   (3) Has notified us of any change in ownership, occupancy or substantial change in risk known to the Loss Payee.

   All of the terms of **Section I - Property** will then apply directly to the Loss Payee.

d. If we pay the Loss Payee for any loss or damage and deny payment to you because of your acts or because you have failed to comply with the terms of this policy:

   (1) The Loss Payee's rights will be transferred to us to the extent of the amount we pay; and

   (2) The Loss Payee's right to recover the full amount of the Loss Payee's claim will not be impaired.

   At our option, we may pay to the Loss Payee the whole principal on the debt plus any accrued interest. In this event, you will pay your remaining debt to us.

3. If we cancel this policy, we will give written notice to the Loss Payee at least:

   a. 10 days before the effective date of cancellation if we cancel for your nonpayment of premium; or

   b. 30 days before the effective date of cancellation if we cancel for any other reason.

4. If we do not renew this policy, we will give written notice to the Loss Payee at least 10 days before the expiration date of this policy.

**C. Contract Of Sale Clause**

1. The Loss Payee shown in the Schedule or in the Declarations is a person or organization you have entered a contract with for the sale of Covered Property.

2. For Covered Property in which both you and the Loss Payee have an insurable interest, we will:

   a. Adjust losses with you; and

   b. Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

3. The following is added to Paragraph **H. Other Insurance** in **Section III - Common Policy Conditions:**

   For Covered Property that is the subject of a contract of sale, the word "you" includes the Loss Payee.

**D. Building Owner Loss Payable Clause**

1. The Loss Payee shown in the Schedule or in the Declarations is the owner of the described building, in which you are a tenant.

2. We will adjust losses to the described building with the Loss Payee. Any loss payment made to the Loss Payee will satisfy your claims against us for the owner's property.

3. We will adjust losses to tenant's improvements and betterments with you, unless the lease provides otherwise.

POLICY NUMBER:

BUSINESSOWNERS
BP 12 03 01 10

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LOSS PAYABLE CLAUSES

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

## SCHEDULE



| Premises Number | Building Number | | Applicable Clause (Indicate Paragraph A, B, C or D): |
|---|---|---|---|
| 1779 Woodruff Rd SteB | | | A |
| GREENVILLE SC 29607 | | | |

**Description of Property**

cellphone store

**Loss Payee (Name & Address)**

AVIVA LIFE AND ANNUITY COMPANY

7700 MILLS CIVIC PKWY

WEST DES MOINES, IA 50266

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

Nothing in this endorsement increases the applicable Limit of Insurance. We will not pay any Loss Payee more than their financial interest in the Covered Property, and we will not pay more than the applicable Limit of Insurance on the Covered Property.

The following is added to the **Loss Payment** Property Loss Condition in **Section I - Property**, as shown in the Declarations or in the Schedule:

**A. Loss Payable Clause**

For Covered Property in which both you and a Loss Payee shown in the Schedule or in the Declarations have an insurable interest, we will:

**1.** Adjust losses with you; and

**2.** Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**B. Lender's Loss Payable Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is a creditor, including a mortgageholder or trustee, whose interest in that Covered Property is established by such written instruments as:

**a.** Warehouse receipts;

**b.** A contract for deed;

**c.** Bills of lading;

**d.** Financing statements; or

**e.** Mortgages, deeds of trust, or security agreements.

**2.** For Covered Property in which both you and a Loss Payee have an insurable interest:

**a.** We will pay for covered loss or damage to each Loss Payee in their order of precedence, as interests may appear.

© Insurance Services Office, Inc., 2009

b. The Loss Payee has the right to receive loss payment even if the Loss Payee has started foreclosure for similar action on the Covered Property.

c. If we deny your claim because of your acts or because you have failed to comply with the terms of this policy, the Loss Payee will still have the right to receive loss payment if the Loss Payee:

(1) Pays any premium due under this policy at our request if you have failed to do so;

(2) Submits a signed, sworn proof of loss within 60 days after receiving notice from us of your failure to do so; and; and

(3) Has notified us of any change in ownership, occupancy or substantial change in risk known to the Loss Payee.

All of the terms of **Section I - Property** will then apply directly to the Loss Payee.

d. If we pay the Loss Payee for any loss or damage and deny payment to you because of your acts or because you have failed to comply with the terms of this policy:

(1) The Loss Payee's rights will be transferred to us to the extent of the amount we pay; and

(2) The Loss Payee's right to recover the full amount of the Loss Payee's claim will not be impaired.

At our option, we may pay to the Loss Payee the whole principal on the debt plus any accrued interest. In this event, you will pay your remaining debt to us.

3. If we cancel this policy, we will give written notice to the Loss Payee at least:

a. 10 days before the effective date of cancellation if we cancel for your nonpayment of premium; or

b. 30 days before the effective date of cancellation if we cancel for any other reason.

4. If we do not renew this policy, we will give written notice to the Loss Payee at least 10 days before the expiration date of this policy.

C. **Contract Of Sale Clause**

1. The Loss Payee shown in the Schedule or in the Declarations is a person or organization you have entered a contract with for the sale of Covered Property.

2. For Covered Property in which both you and the Loss Payee have an insurable interest, we will:

a. Adjust losses with you; and

b. Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

3. The following is added to Paragraph **H. Other Insurance** in **Section III - Common Policy Conditions:**

For Covered Property that is the subject of a contract of sale, the word "you" includes the Loss Payee.

D. **Building Owner Loss Payable Clause**

1. The Loss Payee shown in the Schedule or in the Declarations is the owner of the described building, in which you are a tenant.

2. We will adjust losses to the described building with the Loss Payee. Any loss payment made to the Loss Payee will satisfy your claims against us for the owner's property.

3. We will adjust losses to tenant's improvements and betterments with you, unless the lease provides otherwise.

POLICY NUMBER:

BUSINESSOWNERS
BP 12 03 01 10

**THIS ENDORSEMENT  CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LOSS PAYABLE CLAUSES

This endorsement  modifies  insurance  provided  under the following:

BUSINESSOWNERS  COVERAGE FORM

## SCHEDULE



| Premises Number | Building Number | | Applicable Clause (Indicate Paragraph A, B, C or D): |
|---|---|---|---|
| 2230 Veirs Mill Rd | | | A |
| Rockville MD 20851-1827 | | | |

**Description  of Property**

cellphone store

**Loss Payee (Name & Address)**

ROSENFELD  INVESTMENT LLC

7101 WISCONSIN AVE

BETHESDA, MD 20814

Information  required  to complete  this Schedule,  if not shown  above,  will  be shown  in the Declarations.

Nothing  in this endorsement  increases the applicable Limit  of Insurance.  We will  not pay any Loss Payee more  than their  financial  interest  in the Covered  Property,  and we will  not pay more  than the applicable  Limit  of Insurance  on the Covered Property.

The following  is added to the **Loss Payment** Property  Loss Condition  in **Section  I - Property** , as shown  in the Declarations  or in the Schedule:

**A.  Loss Payable Clause**

For Covered  Property  in which  both you and a Loss Payee shown  in the Schedule  or in the Declarations  have an insurable  interest,  we will:

**1.**  Adjust  losses with you; and

**2.**  Pay any claim  for loss or damage  jointly to you and the Loss Payee, as interests may  appear.

**B.  Lender's Loss Payable Clause**

**1.**  The Loss Payee shown  in the Schedule  or in the Declarations  is a creditor,  including a mortgageholder  or trustee, whose  interest  in that Covered  Property  is established  by such written  instruments  as:

**a.**  Warehouse  receipts;

**b.**  A contract  for deed;

**c.**  Bills of lading;

**d.**  Financing  statements;  or

**e.**  Mortgages,  deeds of trust, or security  agreements.

**2.**  For Covered  Property  in which  both you and a Loss Payee have an insurable  interest:

**a.**  We will  pay for covered  loss or damage  to each Loss Payee in their  order of precedence,  as interests  may appear.

© Insurance  Services  Office,  Inc., 2009

**b.** The Loss Payee has the right to receive loss payment even if the Loss Payee has started foreclosure for similar action on the Covered Property.

**c.** If we deny your claim because of your acts or because you have failed to comply with the terms of this policy, the Loss Payee will still have the right to receive loss payment if the Loss Payee:

**(1)** Pays any premium due under this policy at our request if you have failed to do so;

**(2)** Submits a signed, sworn proof of loss within 60 days after receiving notice from us of your failure to do so; and; and

**(3)** Has notified us of any change in ownership, occupancy or substantial change in risk known to the Loss Payee.

All of the terms of **Section I - Property** will then apply directly to the Loss Payee.

**d.** If we pay the Loss Payee for any loss or damage and deny payment to you because of your acts or because you have failed to comply with the terms of this policy:

**(1)** The Loss Payee's rights will be transferred to us to the extent of the amount we pay; and

**(2)** The Loss Payee's right to recover the full amount of the Loss Payee's claim will not be impaired.

At our option, we may pay to the Loss Payee the whole principal on the debt plus any accrued interest. In this event, you will pay your remaining debt to us.

**3.** If we cancel this policy, we will give written notice to the Loss Payee at least:

**a.** 10 days before the effective date of cancellation if we cancel for your nonpayment of premium; or

**b.** 30 days before the effective date of cancellation if we cancel for any other reason.

**4.** If we do not renew this policy, we will give written notice to the Loss Payee at least 10 days before the expiration date of this policy.

**C. Contract Of Sale Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is a person or organization you have entered a contract with for the sale of Covered Property.

**2.** For Covered Property in which both you and the Loss Payee have an insurable interest, we will:

**a.** Adjust losses with you; and

**b.** Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**3.** The following is added to Paragraph **H. Other Insurance** in **Section III - Common Policy Conditions:**

For Covered Property that is the subject of a contract of sale, the word "you" includes the Loss Payee.

**D. Building Owner Loss Payable Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is the owner of the described building, in which you are a tenant.

**2.** We will adjust losses to the described building with the Loss Payee. Any loss payment made to the Loss Payee will satisfy your claims against us for the owner's property.

**3.** We will adjust losses to tenant's improvements and betterments with you, unless the lease provides otherwise.

POLICY NUMBER:                                                                          **BUSINESSOWNERS**
                                                                                        **BP 12 03 01 10**

**THIS ENDORSEMENT  CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LOSS PAYABLE CLAUSES

This endorsement  modifies  insurance  provided  under  the following:

BUSINESSOWNERS  COVERAGE FORM

### SCHEDULE



| Premises Number | Building Number | | Applicable Clause (Indicate Paragraph A, B, C or D): |
|---|---|---|---|
| 171 W Ocean View Ave | | | A |
| Norfolk VA 23503-1502 | | | |

**Description  of Property**

cellphone store

**Loss Payee (Name & Address)**

AVIVA LIFE AND ANNUITY COMPANY

7700 MILLS CIVIC PKWY

WEST DES MOINES, IA 50266

Information  required  to complete  this Schedule, if not shown  above, will  be shown  in the Declarations.

Nothing  in this endorsement  increases the applicable Limit of Insurance.  We will  not pay any Loss Payee more  than their  financial  interest  in the Covered Property, and we will  not pay more than the applicable  Limit of Insurance  on the Covered Property.

The following  is added to the **Loss Payment** Property  Loss Condition  in **Section I - Property** , as shown  in the Declarations  or in the Schedule:

**A.  Loss Payable Clause**

For Covered Property in which both you and a Loss Payee shown  in the Schedule or in the Declarations  have an insurable  interest, we will:

**1.**  Adjust losses with you; and

**2.**  Pay any claim  for loss or damage jointly  to you and the Loss Payee, as interests  may appear.

**B.  Lender's Loss Payable Clause**

**1.**  The Loss Payee shown  in the Schedule or in the Declarations  is a creditor, including  a mortgageholder  or trustee, whose interest  in that Covered Property is established  by such written  instruments  as:

**a.**  Warehouse  receipts;

**b.**  A contract  for deed;

**c.**  Bills of lading;

**d.**  Financing  statements;  or

**e.**  Mortgages, deeds of trust, or security  agreements.

**2.**  For Covered Property in which both you and a Loss Payee have an insurable  interest:

**a.**  We will  pay for covered loss or damage to each Loss Payee in their  order of precedence, as interests  may appear.

b.  The Loss Payee has the right to re-ceive loss payment even if the Loss Payee has started foreclosure for similar action on the Covered Property.

c.  If we deny your claim because of your acts or because you have failed to comply with the terms of this poli-cy, the Loss Payee will still have the right to receive loss payment if the Loss Payee:

   (1)  Pays any premium due under this policy at our request if you have failed to do so;

   (2)  Submits a signed, sworn proof of loss within 60 days after re-ceiving notice from us of your failure to do so; and; and

   (3)  Has notified us of any change in ownership, occupancy or sub-stantial change in risk known to the Loss Payee.

   All of the terms of **Section I - Prop-erty** will then apply directly to the Loss Payee.

d.  If we pay the Loss Payee for any loss or damage and deny payment to you because of your acts or because you have failed to comply with the terms of this policy:

   (1)  The Loss Payee's rights will be transferred to us to the extent of the amount we pay; and

   (2)  The Loss Payee's right to recover the full amount of the Loss Pay-ee's claim will not be impaired.

   At our option, we may pay to the Loss Payee the whole principal on the debt plus any accrued in-terest. In this event, you will pay your remaining debt to us.

3.  If we cancel this policy, we will give writ-ten notice to the Loss Payee at least:

   a.  10 days before the effective date of cancellation if we cancel for your nonpayment of premium; or

   b.  30 days before the effective date of cancellation if we cancel for any oth-er reason.

4.  If we do not renew this policy, we will give written notice to the Loss Payee at least 10 days before the expiration date of this policy.

C.  **Contract Of Sale Clause**

1.  The Loss Payee shown in the Schedule or in the Declarations is a person or organi-zation you have entered a contract with for the sale of Covered Property.

2.  For Covered Property in which both you and the Loss Payee have an insurable in-terest, we will:

   a.  Adjust losses with you; and

   b.  Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

3.  The following is added to Paragraph **H. Other Insurance** in **Section III - Common Policy Conditions:**

   For Covered Property that is the subject of a contract of sale, the word "you" in-cludes the Loss Payee.

D.  **Building Owner Loss Payable Clause**

1.  The Loss Payee shown in the Schedule or in the Declarations is the owner of the described building, in which you are a tenant.

2.  We will adjust losses to the described building with the Loss Payee. Any loss payment made to the Loss Payee will sat-isfy your claims against us for the own-er's property.

3.  We will adjust losses to tenant's im-provements and betterments with you, unless the lease provides otherwise.

**BP 12 03 01 10**                    Insurance Services Office, Inc., 2009                    **Page 2 of 2**

©

POLICY NUMBER:

**BUSINESSOWNERS**
**BP 12 03 01 10**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LOSS PAYABLE CLAUSES

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM



### SCHEDULE

| Premises Number | Building Number | Applicable Clause (Indicate Paragraph A, B, C or D): |
|---|---|---|
| 5403 East Dr | | A |
| Arbutus MD 21227-2605 | | |

**Description of Property**

cellphone store

**Loss Payee (Name & Address)**

JBG/RETAIL MANAGEMENT LLC

4445 WILLARD AVE STE 400

CHEVY CHASE, MD 20815

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

Nothing in this endorsement increases the applicable Limit of Insurance. We will not pay any Loss Payee more than their financial interest in the Covered Property, and we will not pay more than the applicable Limit of Insurance on the Covered Property.

The following is added to the **Loss Payment** Property Loss Condition in **Section I - Property**, as shown in the Declarations or in the Schedule:

**A. Loss Payable Clause**

For Covered Property in which both you and a Loss Payee shown in the Schedule or in the Declarations have an insurable interest, we will:

**1.** Adjust losses with you; and

**2.** Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**B. Lender's Loss Payable Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is a creditor, including a mortgageholder or trustee, whose interest in that Covered Property is established by such written instruments as:

**a.** Warehouse receipts;

**b.** A contract for deed;

**c.** Bills of lading;

**d.** Financing statements; or

**e.** Mortgages, deeds of trust, or security agreements.

**2.** For Covered Property in which both you and a Loss Payee have an insurable interest:

**a.** We will pay for covered loss or damage to each Loss Payee in their order of precedence, as interests may appear.

**BP 12 03 01 10**      © Insurance Services Office, Inc., 2009      **Page 1 of 2**

**b.** The Loss Payee has the right to receive loss payment even if the Loss Payee has started foreclosure for similar action on the Covered Property.

**c.** If we deny your claim because of your acts or because you have failed to comply with the terms of this policy, the Loss Payee will still have the right to receive loss payment if the Loss Payee:

  **(1)** Pays any premium due under this policy at our request if you have failed to do so;

  **(2)** Submits a signed, sworn proof of loss within 60 days after receiving notice from us of your failure to do so; and; and

  **(3)** Has notified us of any change in ownership, occupancy or substantial change in risk known to the Loss Payee.

All of the terms of **Section I - Property** will then apply directly to the Loss Payee.

**d.** If we pay the Loss Payee for any loss or damage and deny payment to you because of your acts or because you have failed to comply with the terms of this policy:

  **(1)** The Loss Payee's rights will be transferred to us to the extent of the amount we pay; and

  **(2)** The Loss Payee's right to recover the full amount of the Loss Payee's claim will not be impaired.

At our option, we may pay to the Loss Payee the whole principal on the debt plus any accrued interest. In this event, you will pay your remaining debt to us.

**3.** If we cancel this policy, we will give written notice to the Loss Payee at least:

  **a.** 10 days before the effective date of cancellation if we cancel for your nonpayment of premium; or

  **b.** 30 days before the effective date of cancellation if we cancel for any other reason.

**4.** If we do not renew this policy, we will give written notice to the Loss Payee at least 10 days before the expiration date of this policy.

**C. Contract Of Sale Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is a person or organization you have entered a contract with for the sale of Covered Property.

**2.** For Covered Property in which both you and the Loss Payee have an insurable interest, we will:

  **a.** Adjust losses with you; and

  **b.** Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**3.** The following is added to Paragraph **H. Other Insurance** in **Section III - Common Policy Conditions:**

For Covered Property that is the subject of a contract of sale, the word "you" includes the Loss Payee.

**D. Building Owner Loss Payable Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is the owner of the described building, in which you are a tenant.

**2.** We will adjust losses to the described building with the Loss Payee. Any loss payment made to the Loss Payee will satisfy your claims against us for the owner's property.

**3.** We will adjust losses to tenant's improvements and betterments with you, unless the lease provides otherwise.

POLICY NUMBER:

**BUSINESSOWNERS
BP 12 03 01 10**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LOSS PAYABLE CLAUSES

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

## SCHEDULE



| Premises Number | Building Number | Applicable Clause (Indicate Paragraph A, B, C or D): |
|---|---|---|
| 810 High St | | A |
| Portsmouth | | |
| VA | | |
| 23704-3334 | | |

**Description of Property**

cellphone store

**Loss Payee (Name & Address)**

ROSENFELD INVESTMENT LLC

7101 WISCONSIN AVE

BETHESDA, MD 20814

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

Nothing in this endorsement increases the applicable Limit of Insurance. We will not pay any Loss Payee more than their financial interest in the Covered Property, and we will not pay more than the applicable Limit of Insurance on the Covered Property.

The following is added to the **Loss Payment** Property Loss Condition in **Section I - Property**, as shown in the Declarations or in the Schedule:

**A. Loss Payable Clause**

For Covered Property in which both you and a Loss Payee shown in the Schedule or in the Declarations have an insurable interest, we will:

1. Adjust losses with you; and
2. Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**B. Lender's Loss Payable Clause**

1. The Loss Payee shown in the Schedule or in the Declarations is a creditor, including a mortgageholder or trustee, whose interest in that Covered Property is established by such written instruments as:

   a. Warehouse receipts;
   b. A contract for deed;
   c. Bills of lading;
   d. Financing statements; or
   e. Mortgages, deeds of trust, or security agreements.

2. For Covered Property in which both you and a Loss Payee have an insurable interest:

   a. We will pay for covered loss or damage to each Loss Payee in their order of precedence, as interests may appear.

**BP 12 03 01 10**

© Insurance Services Office, Inc., 2009

**Page 1 of 2**

**b.** The Loss Payee has the right to receive loss payment even if the Loss Payee has started foreclosure for similar action on the Covered Property.

**c.** If we deny your claim because of your acts or because you have failed to comply with the terms of this policy, the Loss Payee will still have the right to receive loss payment if the Loss Payee:

**(1)** Pays any premium due under this policy at our request if you have failed to do so;

**(2)** Submits a signed, sworn proof of loss within 60 days after receiving notice from us of your failure to do so; and; and

**(3)** Has notified us of any change in ownership, occupancy or substantial change in risk known to the Loss Payee.

All of the terms of **Section I - Property** will then apply directly to the Loss Payee.

**d.** If we pay the Loss Payee for any loss or damage and deny payment to you because of your acts or because you have failed to comply with the terms of this policy:

**(1)** The Loss Payee's rights will be transferred to us to the extent of the amount we pay; and

**(2)** The Loss Payee's right to recover the full amount of the Loss Payee's claim will not be impaired.

At our option, we may pay to the Loss Payee the whole principal on the debt plus any accrued interest. In this event, you will pay your remaining debt to us.

**3.** If we cancel this policy, we will give written notice to the Loss Payee at least:

**a.** 10 days before the effective date of cancellation if we cancel for your nonpayment of premium; or

**b.** 30 days before the effective date of cancellation if we cancel for any other reason.

**4.** If we do not renew this policy, we will give written notice to the Loss Payee at least 10 days before the expiration date of this policy.

**C. Contract Of Sale Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is a person or organization you have entered a contract with for the sale of Covered Property.

**2.** For Covered Property in which both you and the Loss Payee have an insurable interest, we will:

**a.** Adjust losses with you; and

**b.** Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**3.** The following is added to Paragraph **H. Other Insurance** in **Section III - Common Policy Conditions:**

For Covered Property that is the subject of a contract of sale, the word "you" includes the Loss Payee.

**D. Building Owner Loss Payable Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is the owner of the described building, in which you are a tenant.

**2.** We will adjust losses to the described building with the Loss Payee. Any loss payment made to the Loss Payee will satisfy your claims against us for the owner's property.

**3.** We will adjust losses to tenant's improvements and betterments with you, unless the lease provides otherwise.

Case 8:20-cv-01373-VMC-CPT   Document 1-1   Filed 06/15/20   Page 201 of 531 PageID 206

POLICY NUMBER:

**BUSINESSOWNERS**
**BP 12 03 01 10**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LOSS PAYABLE CLAUSES

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

## SCHEDULE



| Premises Number | Building Number | Applicable Clause (Indicate Paragraph A, B, C or D): |
|---|---|---|
| 1052 MAIDEN CHOICE LANE | | A |
| ARBUTUS | | |
| MD | | |
| 21227 | | |

**Description of Property**

cellphone store

**Loss Payee (Name & Address)**

AVIVA LIFE AND ANNUITY COMPANY

7700 MILLS CIVIC PKWY

WEST DES MOINES, IA 50266

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

Nothing in this endorsement increases the applicable Limit of Insurance. We will not pay any Loss Payee more than their financial interest in the Covered Property, and we will not pay more than the applicable Limit of Insurance on the Covered Property.

The following is added to the **Loss Payment** Property Loss Condition in **Section I - Property**, as shown in the Declarations or in the Schedule:

**A. Loss Payable Clause**

For Covered Property in which both you and a Loss Payee shown in the Schedule or in the Declarations have an insurable interest, we will:

1. Adjust losses with you; and
2. Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**B. Lender's Loss Payable Clause**

1. The Loss Payee shown in the Schedule or in the Declarations is a creditor, including a mortgageholder or trustee, whose interest in that Covered Property is established by such written instruments as:

   a. Warehouse receipts;
   b. A contract for deed;
   c. Bills of lading;
   d. Financing statements; or
   e. Mortgages, deeds of trust, or security agreements.

2. For Covered Property in which both you and a Loss Payee have an insurable interest:

   a. We will pay for covered loss or damage to each Loss Payee in their order of precedence, as interests may appear.

**BP 12 03 01 10**

© Insurance Services Office, Inc., 2009

**Page 1 of 2**

**b.** The Loss Payee has the right to receive loss payment even if the Loss Payee has started foreclosure for similar action on the Covered Property.

**c.** If we deny your claim because of your acts or because you have failed to comply with the terms of this policy, the Loss Payee will still have the right to receive loss payment if the Loss Payee:

**(1)** Pays any premium due under this policy at our request if you have failed to do so;

**(2)** Submits a signed, sworn proof of loss within 60 days after receiving notice from us of your failure to do so; and; and

**(3)** Has notified us of any change in ownership, occupancy or substantial change in risk known to the Loss Payee.

All of the terms of **Section I - Property** will then apply directly to the Loss Payee.

**d.** If we pay the Loss Payee for any loss or damage and deny payment to you because of your acts or because you have failed to comply with the terms of this policy:

**(1)** The Loss Payee's rights will be transferred to us to the extent of the amount we pay; and

**(2)** The Loss Payee's right to recover the full amount of the Loss Payee's claim will not be impaired.

At our option, we may pay to the Loss Payee the whole principal on the debt plus any accrued interest. In this event, you will pay your remaining debt to us.

**3.** If we cancel this policy, we will give written notice to the Loss Payee at least:

**a.** 10 days before the effective date of cancellation if we cancel for your nonpayment of premium; or

**b.** 30 days before the effective date of cancellation if we cancel for any other reason.

**4.** If we do not renew this policy, we will give written notice to the Loss Payee at least 10 days before the expiration date of this policy.

**C. Contract Of Sale Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is a person or organization you have entered a contract with for the sale of Covered Property.

**2.** For Covered Property in which both you and the Loss Payee have an insurable interest, we will:

**a.** Adjust losses with you; and

**b.** Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**3.** The following is added to Paragraph **H. Other Insurance** in **Section III - Common Policy Conditions:**

For Covered Property that is the subject of a contract of sale, the word "you" includes the Loss Payee.

**D. Building Owner Loss Payable Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is the owner of the described building, in which you are a tenant.

**2.** We will adjust losses to the described building with the Loss Payee. Any loss payment made to the Loss Payee will satisfy your claims against us for the owner's property.

**3.** We will adjust losses to tenant's improvements and betterments with you, unless the lease provides otherwise.

©

POLICY NUMBER:

BUSINESSOWNERS
BP 12 03 01 10

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LOSS PAYABLE CLAUSES

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

## SCHEDULE



| Premises Number | Building Number | Applicable Clause (Indicate Paragraph A, B, C or D): |
|---|---|---|
| 224 N Eutaw St | | A |
| Baltimore | | |
| MD | | |
| 21201-1709 | | |

**Description of Property**

cellphone store

**Loss Payee (Name & Address)**

AVIVA LIFE AND ANNUITY COMPANY

7700 MILLS CIVIC PKWY

WEST DES MOINES, IA 50266

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

Nothing in this endorsement increases the applicable Limit of Insurance. We will not pay any Loss Payee more than their financial interest in the Covered Property, and we will not pay more than the applicable Limit of Insurance on the Covered Property.

The following is added to the **Loss Payment** Property Loss Condition in **Section I - Property**, as shown in the Declarations or in the Schedule:

**A. Loss Payable Clause**

For Covered Property in which both you and a Loss Payee shown in the Schedule or in the Declarations have an insurable interest, we will:

1. Adjust losses with you; and
2. Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**B. Lender's Loss Payable Clause**

1. The Loss Payee shown in the Schedule or in the Declarations is a creditor, including a mortgageholder or trustee, whose interest in that Covered Property is established by such written instruments as:

   a. Warehouse receipts;
   b. A contract for deed;
   c. Bills of lading;
   d. Financing statements; or
   e. Mortgages, deeds of trust, or security agreements.

2. For Covered Property in which both you and a Loss Payee have an insurable interest:

   a. We will pay for covered loss or damage to each Loss Payee in their order of precedence, as interests may appear.

b. The Loss Payee has the right to receive loss payment even if the Loss Payee has started foreclosure for similar action on the Covered Property.

c. If we deny your claim because of your acts or because you have failed to comply with the terms of this policy, the Loss Payee will still have the right to receive loss payment if the Loss Payee:

   (1) Pays any premium due under this policy at our request if you have failed to do so;

   (2) Submits a signed, sworn proof of loss within 60 days after receiving notice from us of your failure to do so; and; and

   (3) Has notified us of any change in ownership, occupancy or substantial change in risk known to the Loss Payee.

   All of the terms of **Section I - Property** will then apply directly to the Loss Payee.

d. If we pay the Loss Payee for any loss or damage and deny payment to you because of your acts or because you have failed to comply with the terms of this policy:

   (1) The Loss Payee's rights will be transferred to us to the extent of the amount we pay; and

   (2) The Loss Payee's right to recover the full amount of the Loss Payee's claim will not be impaired.

   At our option, we may pay to the Loss Payee the whole principal on the debt plus any accrued interest. In this event, you will pay your remaining debt to us.

3. If we cancel this policy, we will give written notice to the Loss Payee at least:

   a. 10 days before the effective date of cancellation if we cancel for your nonpayment of premium; or

   b. 30 days before the effective date of cancellation if we cancel for any other reason.

4. If we do not renew this policy, we will give written notice to the Loss Payee at least 10 days before the expiration date of this policy.

**C. Contract Of Sale Clause**

1. The Loss Payee shown in the Schedule or in the Declarations is a person or organization you have entered a contract with for the sale of Covered Property.

2. For Covered Property in which both you and the Loss Payee have an insurable interest, we will:

   a. Adjust losses with you; and

   b. Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

3. The following is added to Paragraph **H. Other Insurance** in **Section III - Common Policy Conditions:**

   For Covered Property that is the subject of a contract of sale, the word "you" includes the Loss Payee.

**D. Building Owner Loss Payable Clause**

1. The Loss Payee shown in the Schedule or in the Declarations is the owner of the described building, in which you are a tenant.

2. We will adjust losses to the described building with the Loss Payee. Any loss payment made to the Loss Payee will satisfy your claims against us for the owner's property.

3. We will adjust losses to tenant's improvements and betterments with you, unless the lease provides otherwise.

POLICY NUMBER:

**BUSINESSOWNERS
BP 12 03 01 10**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LOSS PAYABLE CLAUSES

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM



## SCHEDULE

| Premises Number | Building Number | Applicable Clause (Indicate Paragraph A, B, C or D): |
|---|---|---|
| 4702 Carlisle Pike Ste 28 | | A |
| Mechanicsburg PA 17050-3099 | | |

**Description of Property**

cellphone store

**Loss Payee (Name & Address)**

AVIVA LIFE AND ANNUITY COMPANY

7700 MILLS CIVIC PKWY

WEST DES MOINES, IA 50266

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

Nothing in this endorsement increases the applicable Limit of Insurance. We will not pay any Loss Payee more than their financial interest in the Covered Property, and we will not pay more than the applicable Limit of Insurance on the Covered Property.

The following is added to the **Loss Payment** Property Loss Condition in **Section I - Property**, as shown in the Declarations or in the Schedule:

**A. Loss Payable Clause**

For Covered Property in which both you and a Loss Payee shown in the Schedule or in the Declarations have an insurable interest, we will:

**1.** Adjust losses with you; and

**2.** Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**B. Lender's Loss Payable Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is a creditor, including a mortgageholder or trustee, whose interest in that Covered Property is established by such written instruments as:

**a.** Warehouse receipts;

**b.** A contract for deed;

**c.** Bills of lading;

**d.** Financing statements; or

**e.** Mortgages, deeds of trust, or security agreements.

**2.** For Covered Property in which both you and a Loss Payee have an insurable interest:

**a.** We will pay for covered loss or damage to each Loss Payee in their order of precedence, as interests may appear.

© Insurance Services Office, Inc., 2009

**b.** The Loss Payee has the right to receive loss payment even if the Loss Payee has started foreclosure for similar action on the Covered Property.

**c.** If we deny your claim because of your acts or because you have failed to comply with the terms of this policy, the Loss Payee will still have the right to receive loss payment if the Loss Payee:

**(1)** Pays any premium due under this policy at our request if you have failed to do so;

**(2)** Submits a signed, sworn proof of loss within 60 days after receiving notice from us of your failure to do so; and; and

**(3)** Has notified us of any change in ownership, occupancy or substantial change in risk known to the Loss Payee.

All of the terms of **Section I - Property** will then apply directly to the Loss Payee.

**d.** If we pay the Loss Payee for any loss or damage and deny payment to you because of your acts or because you have failed to comply with the terms of this policy:

**(1)** The Loss Payee's rights will be transferred to us to the extent of the amount we pay; and

**(2)** The Loss Payee's right to recover the full amount of the Loss Payee's claim will not be impaired.

At our option, we may pay to the Loss Payee the whole principal on the debt plus any accrued interest. In this event, you will pay your remaining debt to us.

**3.** If we cancel this policy, we will give written notice to the Loss Payee at least:

**a.** 10 days before the effective date of cancellation if we cancel for your nonpayment of premium; or

**b.** 30 days before the effective date of cancellation if we cancel for any other reason.

**4.** If we do not renew this policy, we will give written notice to the Loss Payee at least 10 days before the expiration date of this policy.

**C. Contract Of Sale Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is a person or organization you have entered a contract with for the sale of Covered Property.

**2.** For Covered Property in which both you and the Loss Payee have an insurable interest, we will:

**a.** Adjust losses with you; and

**b.** Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**3.** The following is added to Paragraph **H. Other Insurance** in **Section III - Common Policy Conditions:**

For Covered Property that is the subject of a contract of sale, the word "you" includes the Loss Payee.

**D. Building Owner Loss Payable Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is the owner of the described building, in which you are a tenant.

**2.** We will adjust losses to the described building with the Loss Payee. Any loss payment made to the Loss Payee will satisfy your claims against us for the owner's property.

**3.** We will adjust losses to tenant's improvements and betterments with you, unless the lease provides otherwise.

©

POLICY NUMBER:

**BUSINESSOWNERS
BP 12 03 01 10**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LOSS PAYABLE CLAUSES

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

## SCHEDULE



| Premises Number | Building Number | | Applicable Clause (Indicate Paragraph A, B, C or D): |
|---|---|---|---|
| 1346 Good Hope Rd SE | | | A |
| Washington DC 20020-6910 | | | |

**Description of Property**

cellphone store

**Loss Payee (Name & Address)**

AVIVA LIFE AND ANNUITY COMPANY

7700 MILLS CIVIC PKWY

WEST DES MOINES, IA 50266

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

Nothing in this endorsement increases the applicable Limit of Insurance. We will not pay any Loss Payee more than their financial interest in the Covered Property, and we will not pay more than the applicable Limit of Insurance on the Covered Property.

The following is added to the **Loss Payment** Property Loss Condition in **Section I - Property**, as shown in the Declarations or in the Schedule:

**A. Loss Payable Clause**

For Covered Property in which both you and a Loss Payee shown in the Schedule or in the Declarations have an insurable interest, we will:

**1.** Adjust losses with you; and

**2.** Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**B. Lender's Loss Payable Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is a creditor, including a mortgageholder or trustee, whose interest in that Covered Property is established by such written instruments as:

**a.** Warehouse receipts;

**b.** A contract for deed;

**c.** Bills of lading;

**d.** Financing statements; or

**e.** Mortgages, deeds of trust, or security agreements.

**2.** For Covered Property in which both you and a Loss Payee have an insurable interest:

**a.** We will pay for covered loss or damage to each Loss Payee in their order of precedence, as interests may appear.

**BP 12 03 01 10**

© Insurance Services Office, Inc., 2009

**Page 1 of 2**

b. The Loss Payee has the right to receive loss payment even if the Loss Payee has started foreclosure for similar action on the Covered Property.

c. If we deny your claim because of your acts or because you have failed to comply with the terms of this policy, the Loss Payee will still have the right to receive loss payment if the Loss Payee:

(1) Pays any premium due under this policy at our request if you have failed to do so;

(2) Submits a signed, sworn proof of loss within 60 days after receiving notice from us of your failure to do so; and; and

(3) Has notified us of any change in ownership, occupancy or substantial change in risk known to the Loss Payee.

All of the terms of **Section I - Property** will then apply directly to the Loss Payee.

d. If we pay the Loss Payee for any loss or damage and deny payment to you because of your acts or because you have failed to comply with the terms of this policy:

(1) The Loss Payee's rights will be transferred to us to the extent of the amount we pay; and

(2) The Loss Payee's right to recover the full amount of the Loss Payee's claim will not be impaired.

At our option, we may pay to the Loss Payee the whole principal on the debt plus any accrued interest. In this event, you will pay your remaining debt to us.

3. If we cancel this policy, we will give written notice to the Loss Payee at least:

a. 10 days before the effective date of cancellation if we cancel for your nonpayment of premium; or

b. 30 days before the effective date of cancellation if we cancel for any other reason.

4. If we do not renew this policy, we will give written notice to the Loss Payee at least 10 days before the expiration date of this policy.

**C. Contract Of Sale Clause**

1. The Loss Payee shown in the Schedule or in the Declarations is a person or organization you have entered a contract with for the sale of Covered Property.

2. For Covered Property in which both you and the Loss Payee have an insurable interest, we will:

a. Adjust losses with you; and

b. Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

3. The following is added to Paragraph **H. Other Insurance** in **Section III - Common Policy Conditions:**

For Covered Property that is the subject of a contract of sale, the word "you" includes the Loss Payee.

**D. Building Owner Loss Payable Clause**

1. The Loss Payee shown in the Schedule or in the Declarations is the owner of the described building, in which you are a tenant.

2. We will adjust losses to the described building with the Loss Payee. Any loss payment made to the Loss Payee will satisfy your claims against us for the owner's property.

3. We will adjust losses to tenant's improvements and betterments with you, unless the lease provides otherwise.

POLICY NUMBER:

**BUSINESSOWNERS
BP 12 03 01 10**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LOSS PAYABLE CLAUSES

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

## SCHEDULE



| Premises Number | Building Number | Applicable Clause (Indicate Paragraph A, B, C or D): |
|---|---|---|
| 4548 S Suncoast Blvd | | A |
| Homosassa | | |
| FL | | |
| 34446-1103 | | |

**Description of Property**

cellphone store

**Loss Payee (Name & Address)**

AVIVA LIFE AND ANNUITY COMPANY

7700 MILLS CIVIC PKWY

WEST DES MOINES, IA 50266

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

Nothing in this endorsement increases the applicable Limit of Insurance. We will not pay any Loss Payee more than their financial interest in the Covered Property, and we will not pay more than the applicable Limit of Insurance on the Covered Property.

The following is added to the **Loss Payment** Property Loss Condition in **Section I - Property**, as shown in the Declarations or in the Schedule:

**A. Loss Payable Clause**

For Covered Property in which both you and a Loss Payee shown in the Schedule or in the Declarations have an insurable interest, we will:

1. Adjust losses with you; and
2. Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**B. Lender's Loss Payable Clause**

1. The Loss Payee shown in the Schedule or in the Declarations is a creditor, including a mortgageholder or trustee, whose interest in that Covered Property is established by such written instruments as:

    a. Warehouse receipts;
    b. A contract for deed;
    c. Bills of lading;
    d. Financing statements; or
    e. Mortgages, deeds of trust, or security agreements.

2. For Covered Property in which both you and a Loss Payee have an insurable interest:

    a. We will pay for covered loss or damage to each Loss Payee in their order of precedence, as interests may appear.

**BP 12 03 01 10**

© Insurance Services Office, Inc., 2009

**Page 1 of 2**

**b.** The Loss Payee has the right to receive loss payment even if the Loss Payee has started foreclosure for similar action on the Covered Property.

**c.** If we deny your claim because of your acts or because you have failed to comply with the terms of this policy, the Loss Payee will still have the right to receive loss payment if the Loss Payee:

**(1)** Pays any premium due under this policy at our request if you have failed to do so;

**(2)** Submits a signed, sworn proof of loss within 60 days after receiving notice from us of your failure to do so; and; and

**(3)** Has notified us of any change in ownership, occupancy or substantial change in risk known to the Loss Payee.

All of the terms of **Section I - Property** will then apply directly to the Loss Payee.

**d.** If we pay the Loss Payee for any loss or damage and deny payment to you because of your acts or because you have failed to comply with the terms of this policy:

**(1)** The Loss Payee's rights will be transferred to us to the extent of the amount we pay; and

**(2)** The Loss Payee's right to recover the full amount of the Loss Payee's claim will not be impaired.

At our option, we may pay to the Loss Payee the whole principal on the debt plus any accrued interest. In this event, you will pay your remaining debt to us.

**3.** If we cancel this policy, we will give written notice to the Loss Payee at least:

**a.** 10 days before the effective date of cancellation if we cancel for your nonpayment of premium; or

**b.** 30 days before the effective date of cancellation if we cancel for any other reason.

**4.** If we do not renew this policy, we will give written notice to the Loss Payee at least 10 days before the expiration date of this policy.

**C. Contract Of Sale Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is a person or organization you have entered a contract with for the sale of Covered Property.

**2.** For Covered Property in which both you and the Loss Payee have an insurable interest, we will:

**a.** Adjust losses with you; and

**b.** Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**3.** The following is added to Paragraph **H. Other Insurance** in **Section III - Common Policy Conditions:**

For Covered Property that is the subject of a contract of sale, the word "you" includes the Loss Payee.

**D. Building Owner Loss Payable Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is the owner of the described building, in which you are a tenant.

**2.** We will adjust losses to the described building with the Loss Payee. Any loss payment made to the Loss Payee will satisfy your claims against us for the owner's property.

**3.** We will adjust losses to tenant's improvements and betterments with you, unless the lease provides otherwise.

 Insurance Services Office, Inc., 2009   
©

POLICY NUMBER:

**BUSINESSOWNERS
BP 12 03 01 10**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LOSS PAYABLE CLAUSES

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

## SCHEDULE



| Premises Number | Building Number | | Applicable Clause (Indicate Paragraph A, B, C or D): |
|---|---|---|---|
| 224 N Eutaw St | | | A |
| Baltimore MD 21201-1709 | | | |

**Description of Property**

cellphone store

**Loss Payee (Name & Address)**

JBG/RETAIL MANAGEMENT LLC

4445 WILLARD AVE STE 400

CHEVY CHASE, MD 20815

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

Nothing in this endorsement increases the applicable Limit of Insurance. We will not pay any Loss Payee more than their financial interest in the Covered Property, and we will not pay more than the applicable Limit of Insurance on the Covered Property.

The following is added to the **Loss Payment** Property Loss Condition in **Section I - Property**, as shown in the Declarations or in the Schedule:

**A. Loss Payable Clause**

For Covered Property in which both you and a Loss Payee shown in the Schedule or in the Declarations have an insurable interest, we will:

**1.** Adjust losses with you; and

**2.** Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**B. Lender's Loss Payable Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is a creditor, including a mortgageholder or trustee, whose interest in that Covered Property is established by such written instruments as:

**a.** Warehouse receipts;

**b.** A contract for deed;

**c.** Bills of lading;

**d.** Financing statements; or

**e.** Mortgages, deeds of trust, or security agreements.

**2.** For Covered Property in which both you and a Loss Payee have an insurable interest:

**a.** We will pay for covered loss or damage to each Loss Payee in their order of precedence, as interests may appear.

**BP 12 03 01 10**

© Insurance Services Office, Inc., 2009

**Page 1 of 2**

**b.** The Loss Payee has the right to receive loss payment even if the Loss Payee has started foreclosure for similar action on the Covered Property.

**c.** If we deny your claim because of your acts or because you have failed to comply with the terms of this policy, the Loss Payee will still have the right to receive loss payment if the Loss Payee:

   **(1)** Pays any premium due under this policy at our request if you have failed to do so;

   **(2)** Submits a signed, sworn proof of loss within 60 days after receiving notice from us of your failure to do so; and; and

   **(3)** Has notified us of any change in ownership, occupancy or substantial change in risk known to the Loss Payee.

All of the terms of **Section I - Property** will then apply directly to the Loss Payee.

**d.** If we pay the Loss Payee for any loss or damage and deny payment to you because of your acts or because you have failed to comply with the terms of this policy:

   **(1)** The Loss Payee's rights will be transferred to us to the extent of the amount we pay; and

   **(2)** The Loss Payee's right to recover the full amount of the Loss Payee's claim will not be impaired.

At our option, we may pay to the Loss Payee the whole principal on the debt plus any accrued interest. In this event, you will pay your remaining debt to us.

**3.** If we cancel this policy, we will give written notice to the Loss Payee at least:

   **a.** 10 days before the effective date of cancellation if we cancel for your nonpayment of premium; or

   **b.** 30 days before the effective date of cancellation if we cancel for any other reason.

**4.** If we do not renew this policy, we will give written notice to the Loss Payee at least 10 days before the expiration date of this policy.

**C. Contract Of Sale Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is a person or organization you have entered a contract with for the sale of Covered Property.

**2.** For Covered Property in which both you and the Loss Payee have an insurable interest, we will:

   **a.** Adjust losses with you; and

   **b.** Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**3.** The following is added to Paragraph **H. Other Insurance** in **Section III - Common Policy Conditions:**

For Covered Property that is the subject of a contract of sale, the word "you" includes the Loss Payee.

**D. Building Owner Loss Payable Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is the owner of the described building, in which you are a tenant.

**2.** We will adjust losses to the described building with the Loss Payee. Any loss payment made to the Loss Payee will satisfy your claims against us for the owner's property.

**3.** We will adjust losses to tenant's improvements and betterments with you, unless the lease provides otherwise.

POLICY NUMBER:

**BUSINESSOWNERS
BP 12 03 01 10**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LOSS PAYABLE CLAUSES

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

## SCHEDULE



| Premises Number | Building Number | Applicable Clause (Indicate Paragraph A, B, C or D): |
|---|---|---|
| 2429 Easton-Nazareth Road | | A |
| EASTON | | |
| PA | | |
| 18045 | | |

**Description of Property**

cellphone store

**Loss Payee (Name & Address)**

JBG/RETAIL MANAGEMENT LLC

4445 WILLARD AVE STE 400

CHEVY CHASE, MD 20815

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

Nothing in this endorsement increases the applicable Limit of Insurance. We will not pay any Loss Payee more than their financial interest in the Covered Property, and we will not pay more than the applicable Limit of Insurance on the Covered Property.

The following is added to the **Loss Payment** Property Loss Condition in **Section I - Property**, as shown in the Declarations or in the Schedule:

**A. Loss Payable Clause**

For Covered Property in which both you and a Loss Payee shown in the Schedule or in the Declarations have an insurable interest, we will:

1. Adjust losses with you; and
2. Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**B. Lender's Loss Payable Clause**

1. The Loss Payee shown in the Schedule or in the Declarations is a creditor, including a mortgageholder or trustee, whose interest in that Covered Property is established by such written instruments as:

   a. Warehouse receipts;
   b. A contract for deed;
   c. Bills of lading;
   d. Financing statements; or
   e. Mortgages, deeds of trust, or security agreements.

2. For Covered Property in which both you and a Loss Payee have an insurable interest:

   a. We will pay for covered loss or damage to each Loss Payee in their order of precedence, as interests may appear.

© Insurance Services Office, Inc., 2009

**b.** The Loss Payee has the right to receive loss payment even if the Loss Payee has started foreclosure for similar action on the Covered Property.

**c.** If we deny your claim because of your acts or because you have failed to comply with the terms of this policy, the Loss Payee will still have the right to receive loss payment if the Loss Payee:

**(1)** Pays any premium due under this policy at our request if you have failed to do so;

**(2)** Submits a signed, sworn proof of loss within 60 days after receiving notice from us of your failure to do so; and; and

**(3)** Has notified us of any change in ownership, occupancy or substantial change in risk known to the Loss Payee.

All of the terms of **Section I - Property** will then apply directly to the Loss Payee.

**d.** If we pay the Loss Payee for any loss or damage and deny payment to you because of your acts or because you have failed to comply with the terms of this policy:

**(1)** The Loss Payee's rights will be transferred to us to the extent of the amount we pay; and

**(2)** The Loss Payee's right to recover the full amount of the Loss Payee's claim will not be impaired.

At our option, we may pay to the Loss Payee the whole principal on the debt plus any accrued interest. In this event, you will pay your remaining debt to us.

**3.** If we cancel this policy, we will give written notice to the Loss Payee at least:

**a.** 10 days before the effective date of cancellation if we cancel for your nonpayment of premium; or

**b.** 30 days before the effective date of cancellation if we cancel for any other reason.

**4.** If we do not renew this policy, we will give written notice to the Loss Payee at least 10 days before the expiration date of this policy.

**C. Contract Of Sale Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is a person or organization you have entered a contract with for the sale of Covered Property.

**2.** For Covered Property in which both you and the Loss Payee have an insurable interest, we will:

**a.** Adjust losses with you; and

**b.** Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**3.** The following is added to Paragraph **H. Other Insurance** in **Section III - Common Policy Conditions:**

For Covered Property that is the subject of a contract of sale, the word "you" includes the Loss Payee.

**D. Building Owner Loss Payable Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is the owner of the described building, in which you are a tenant.

**2.** We will adjust losses to the described building with the Loss Payee. Any loss payment made to the Loss Payee will satisfy your claims against us for the owner's property.

**3.** We will adjust losses to tenant's improvements and betterments with you, unless the lease provides otherwise.

©

POLICY NUMBER:

BUSINESSOWNERS
BP 12 03 01 10

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LOSS PAYABLE CLAUSES

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

## SCHEDULE



| Premises Number | Building Number | Applicable Clause (Indicate Paragraph A, B, C or D): |
|---|---|---|
| 1170 Woodruff Rd | | A |
| Greenville | | |
| SC | | |
| 29607-4154 | | |

**Description of Property**

cellphone store

**Loss Payee (Name & Address)**

JBG/RETAIL MANAGEMENT LLC

4445 WILLARD AVE STE 400

CHEVY CHASE, MD 20815

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

Nothing in this endorsement increases the applicable Limit of Insurance. We will not pay any Loss Payee more than their financial interest in the Covered Property, and we will not pay more than the applicable Limit of Insurance on the Covered Property.

The following is added to the **Loss Payment** Property Loss Condition in **Section I - Property**, as shown in the Declarations or in the Schedule:

**A. Loss Payable Clause**

For Covered Property in which both you and a Loss Payee shown in the Schedule or in the Declarations have an insurable interest, we will:

1. Adjust losses with you; and
2. Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**B. Lender's Loss Payable Clause**

1. The Loss Payee shown in the Schedule or in the Declarations is a creditor, including a mortgageholder or trustee, whose interest in that Covered Property is established by such written instruments as:
   a. Warehouse receipts;
   b. A contract for deed;
   c. Bills of lading;
   d. Financing statements; or
   e. Mortgages, deeds of trust, or security agreements.
2. For Covered Property in which both you and a Loss Payee have an insurable interest:
   a. We will pay for covered loss or damage to each Loss Payee in their order of precedence, as interests may appear.

BP 12 03 01 10

© Insurance Services Office, Inc., 2009

Page 1 of 2

**b.** The Loss Payee has the right to receive loss payment even if the Loss Payee has started foreclosure for similar action on the Covered Property.

**c.** If we deny your claim because of your acts or because you have failed to comply with the terms of this policy, the Loss Payee will still have the right to receive loss payment if the Loss Payee:

**(1)** Pays any premium due under this policy at our request if you have failed to do so;

**(2)** Submits a signed, sworn proof of loss within 60 days after receiving notice from us of your failure to do so; and; and

**(3)** Has notified us of any change in ownership, occupancy or substantial change in risk known to the Loss Payee.

All of the terms of **Section I - Property** will then apply directly to the Loss Payee.

**d.** If we pay the Loss Payee for any loss or damage and deny payment to you because of your acts or because you have failed to comply with the terms of this policy:

**(1)** The Loss Payee's rights will be transferred to us to the extent of the amount we pay; and

**(2)** The Loss Payee's right to recover the full amount of the Loss Payee's claim will not be impaired.

At our option, we may pay to the Loss Payee the whole principal on the debt plus any accrued interest. In this event, you will pay your remaining debt to us.

**3.** If we cancel this policy, we will give written notice to the Loss Payee at least:

**a.** 10 days before the effective date of cancellation if we cancel for your nonpayment of premium; or

**b.** 30 days before the effective date of cancellation if we cancel for any other reason.

**4.** If we do not renew this policy, we will give written notice to the Loss Payee at least 10 days before the expiration date of this policy.

**C. Contract Of Sale Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is a person or organization you have entered a contract with for the sale of Covered Property.

**2.** For Covered Property in which both you and the Loss Payee have an insurable interest, we will:

**a.** Adjust losses with you; and

**b.** Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**3.** The following is added to Paragraph **H. Other Insurance** in **Section III - Common Policy Conditions:**

For Covered Property that is the subject of a contract of sale, the word "you" includes the Loss Payee.

**D. Building Owner Loss Payable Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is the owner of the described building, in which you are a tenant.

**2.** We will adjust losses to the described building with the Loss Payee. Any loss payment made to the Loss Payee will satisfy your claims against us for the owner's property.

**3.** We will adjust losses to tenant's improvements and betterments with you, unless the lease provides otherwise.

Insurance Services Office, Inc., 2009
©

POLICY NUMBER:

**BUSINESSOWNERS**
**BP 12 03 01 10**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LOSS PAYABLE CLAUSES

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

## SCHEDULE

| Premises Number | Building Number | | Applicable Clause (Indicate Paragraph A, B, C or D): |
|---|---|---|---|
| 4702 Carlisle Pike Ste 28 | | | A |
| Mechanicsburg | | | |
| PA | | | |
| 17050-3099 | | | |



**Description of Property**

cellphone store

**Loss Payee (Name & Address)**

ROSENFELD INVESTMENT LLC

7101 WISCONSIN AVE

BETHESDA, MD 20814

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

Nothing in this endorsement increases the applicable Limit of Insurance. We will not pay any Loss Payee more than their financial interest in the Covered Property, and we will not pay more than the applicable Limit of Insurance on the Covered Property.

The following is added to the **Loss Payment** Property Loss Condition in **Section I - Property**, as shown in the Declarations or in the Schedule:

**A. Loss Payable Clause**

For Covered Property in which both you and a Loss Payee shown in the Schedule or in the Declarations have an insurable interest, we will:

**1.** Adjust losses with you; and

**2.** Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**B. Lender's Loss Payable Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is a creditor, including a mortgageholder or trustee, whose interest in that Covered Property is established by such written instruments as:

**a.** Warehouse receipts;

**b.** A contract for deed;

**c.** Bills of lading;

**d.** Financing statements; or

**e.** Mortgages, deeds of trust, or security agreements.

**2.** For Covered Property in which both you and a Loss Payee have an insurable interest:

**a.** We will pay for covered loss or damage to each Loss Payee in their order of precedence, as interests may appear.

**BP 12 03 01 10**                    © Insurance Services Office, Inc., 2009                    **Page 1 of 2**

**b.** The Loss Payee has the right to receive loss payment even if the Loss Payee has started foreclosure for similar action on the Covered Property.

**c.** If we deny your claim because of your acts or because you have failed to comply with the terms of this policy, the Loss Payee will still have the right to receive loss payment if the Loss Payee:

  **(1)** Pays any premium due under this policy at our request if you have failed to do so;

  **(2)** Submits a signed, sworn proof of loss within 60 days after receiving notice from us of your failure to do so; and; and

  **(3)** Has notified us of any change in ownership, occupancy or substantial change in risk known to the Loss Payee.

All of the terms of **Section I - Property** will then apply directly to the Loss Payee.

**d.** If we pay the Loss Payee for any loss or damage and deny payment to you because of your acts or because you have failed to comply with the terms of this policy:

  **(1)** The Loss Payee's rights will be transferred to us to the extent of the amount we pay; and

  **(2)** The Loss Payee's right to recover the full amount of the Loss Payee's claim will not be impaired.

At our option, we may pay to the Loss Payee the whole principal on the debt plus any accrued interest. In this event, you will pay your remaining debt to us.

**3.** If we cancel this policy, we will give written notice to the Loss Payee at least:

  **a.** 10 days before the effective date of cancellation if we cancel for your nonpayment of premium; or

  **b.** 30 days before the effective date of cancellation if we cancel for any other reason.

**4.** If we do not renew this policy, we will give written notice to the Loss Payee at least 10 days before the expiration date of this policy.

**C. Contract Of Sale Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is a person or organization you have entered a contract with for the sale of Covered Property.

**2.** For Covered Property in which both you and the Loss Payee have an insurable interest, we will:

  **a.** Adjust losses with you; and

  **b.** Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**3.** The following is added to Paragraph **H. Other Insurance** in **Section III - Common Policy Conditions:**

For Covered Property that is the subject of a contract of sale, the word "you" includes the Loss Payee.

**D. Building Owner Loss Payable Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is the owner of the described building, in which you are a tenant.

**2.** We will adjust losses to the described building with the Loss Payee. Any loss payment made to the Loss Payee will satisfy your claims against us for the owner's property.

**3.** We will adjust losses to tenant's improvements and betterments with you, unless the lease provides otherwise.

POLICY NUMBER:

**BUSINESSOWNERS
BP 12 03 01 10**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LOSS PAYABLE CLAUSES

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

## SCHEDULE



| Premises Number | Building Number | Applicable Clause (Indicate Paragraph A, B, C or D): |
|---|---|---|
| 210 US HWY 41 S | | A |
| INVERNESS | | |
| FL | | |
| 34450 | | |

**Description of Property**

    cellphone store

**Loss Payee (Name & Address)**

    ROSENFELD INVESTMENT LLC

    7101 WISCONSIN AVE

    BETHESDA, MD 20814

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

Nothing in this endorsement increases the applicable Limit of Insurance. We will not pay any Loss Payee more than their financial interest in the Covered Property, and we will not pay more than the applicable Limit of Insurance on the Covered Property.

The following is added to the **Loss Payment** Property Loss Condition in **Section I - Property**, as shown in the Declarations or in the Schedule:

**A. Loss Payable Clause**

For Covered Property in which both you and a Loss Payee shown in the Schedule or in the Declarations have an insurable interest, we will:

**1.** Adjust losses with you; and

**2.** Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**B. Lender's Loss Payable Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is a creditor, including a mortgageholder or trustee, whose interest in that Covered Property is established by such written instruments as:

    **a.** Warehouse receipts;

    **b.** A contract for deed;

    **c.** Bills of lading;

    **d.** Financing statements; or

    **e.** Mortgages, deeds of trust, or security agreements.

**2.** For Covered Property in which both you and a Loss Payee have an insurable interest:

    **a.** We will pay for covered loss or damage to each Loss Payee in their order of precedence, as interests may appear.

© Insurance Services Office, Inc., 2009

b. The Loss Payee has the right to receive loss payment even if the Loss Payee has started foreclosure for similar action on the Covered Property.

c. If we deny your claim because of your acts or because you have failed to comply with the terms of this policy, the Loss Payee will still have the right to receive loss payment if the Loss Payee:

(1) Pays any premium due under this policy at our request if you have failed to do so;

(2) Submits a signed, sworn proof of loss within 60 days after receiving notice from us of your failure to do so; and; and

(3) Has notified us of any change in ownership, occupancy or substantial change in risk known to the Loss Payee.

All of the terms of **Section I - Property** will then apply directly to the Loss Payee.

d. If we pay the Loss Payee for any loss or damage and deny payment to you because of your acts or because you have failed to comply with the terms of this policy:

(1) The Loss Payee's rights will be transferred to us to the extent of the amount we pay; and

(2) The Loss Payee's right to recover the full amount of the Loss Payee's claim will not be impaired.

At our option, we may pay to the Loss Payee the whole principal on the debt plus any accrued interest. In this event, you will pay your remaining debt to us.

3. If we cancel this policy, we will give written notice to the Loss Payee at least:

a. 10 days before the effective date of cancellation if we cancel for your nonpayment of premium; or

b. 30 days before the effective date of cancellation if we cancel for any other reason.

4. If we do not renew this policy, we will give written notice to the Loss Payee at least 10 days before the expiration date of this policy.

C. **Contract Of Sale Clause**

1. The Loss Payee shown in the Schedule or in the Declarations is a person or organization you have entered a contract with for the sale of Covered Property.

2. For Covered Property in which both you and the Loss Payee have an insurable interest, we will:

a. Adjust losses with you; and

b. Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

3. The following is added to Paragraph **H. Other Insurance** in **Section III - Common Policy Conditions:**

For Covered Property that is the subject of a contract of sale, the word "you" includes the Loss Payee.

D. **Building Owner Loss Payable Clause**

1. The Loss Payee shown in the Schedule or in the Declarations is the owner of the described building, in which you are a tenant.

2. We will adjust losses to the described building with the Loss Payee. Any loss payment made to the Loss Payee will satisfy your claims against us for the owner's property.

3. We will adjust losses to tenant's improvements and betterments with you, unless the lease provides otherwise.

Insurance Services Office, Inc., 2009

©

POLICY NUMBER:

**BUSINESSOWNERS
BP 12 03 01 10**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LOSS PAYABLE CLAUSES

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

## SCHEDULE



| Premises Number | Building Number | | Applicable Clause (Indicate Paragraph A, B, C or D): |
|---|---|---|---|
| 1604 S 4th St | | | A |
| Allentown | | | |
| PA | | | |
| 18103-4922 | | | |

**Description of Property**

cellphone store

**Loss Payee (Name & Address)**

AVIVA LIFE AND ANNUITY COMPANY

7700 MILLS CIVIC PKWY

WEST DES MOINES, IA 50266

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

Nothing in this endorsement increases the applicable Limit of Insurance. We will not pay any Loss Payee more than their financial interest in the Covered Property, and we will not pay more than the applicable Limit of Insurance on the Covered Property.

The following is added to the **Loss Payment** Property Loss Condition in **Section I - Property**, as shown in the Declarations or in the Schedule:

**A. Loss Payable Clause**

For Covered Property in which both you and a Loss Payee shown in the Schedule or in the Declarations have an insurable interest, we will:

1. Adjust losses with you; and
2. Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**B. Lender's Loss Payable Clause**

1. The Loss Payee shown in the Schedule or in the Declarations is a creditor, including a mortgageholder or trustee, whose interest in that Covered Property is established by such written instruments as:

   **a.** Warehouse receipts;
   **b.** A contract for deed;
   **c.** Bills of lading;
   **d.** Financing statements; or
   **e.** Mortgages, deeds of trust, or security agreements.

2. For Covered Property in which both you and a Loss Payee have an insurable interest:

   **a.** We will pay for covered loss or damage to each Loss Payee in their order of precedence, as interests may appear.

**b.** The Loss Payee has the right to receive loss payment even if the Loss Payee has started foreclosure for similar action on the Covered Property.

**c.** If we deny your claim because of your acts or because you have failed to comply with the terms of this policy, the Loss Payee will still have the right to receive loss payment if the Loss Payee:

**(1)** Pays any premium due under this policy at our request if you have failed to do so;

**(2)** Submits a signed, sworn proof of loss within 60 days after receiving notice from us of your failure to do so; and; and

**(3)** Has notified us of any change in ownership, occupancy or substantial change in risk known to the Loss Payee.

All of the terms of **Section I - Property** will then apply directly to the Loss Payee.

**d.** If we pay the Loss Payee for any loss or damage and deny payment to you because of your acts or because you have failed to comply with the terms of this policy:

**(1)** The Loss Payee's rights will be transferred to us to the extent of the amount we pay; and

**(2)** The Loss Payee's right to recover the full amount of the Loss Payee's claim will not be impaired.

At our option, we may pay to the Loss Payee the whole principal on the debt plus any accrued interest. In this event, you will pay your remaining debt to us.

**3.** If we cancel this policy, we will give written notice to the Loss Payee at least:

**a.** 10 days before the effective date of cancellation if we cancel for your nonpayment of premium; or

**b.** 30 days before the effective date of cancellation if we cancel for any other reason.

**4.** If we do not renew this policy, we will give written notice to the Loss Payee at least 10 days before the expiration date of this policy.

**C. Contract Of Sale Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is a person or organization you have entered a contract with for the sale of Covered Property.

**2.** For Covered Property in which both you and the Loss Payee have an insurable interest, we will:

**a.** Adjust losses with you; and

**b.** Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**3.** The following is added to Paragraph **H. Other Insurance** in **Section III - Common Policy Conditions:**

For Covered Property that is the subject of a contract of sale, the word "you" includes the Loss Payee.

**D. Building Owner Loss Payable Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is the owner of the described building, in which you are a tenant.

**2.** We will adjust losses to the described building with the Loss Payee. Any loss payment made to the Loss Payee will satisfy your claims against us for the owner's property.

**3.** We will adjust losses to tenant's improvements and betterments with you, unless the lease provides otherwise.

Insurance Services Office, Inc., 2009

©

POLICY NUMBER:

BUSINESSOWNERS
BP 12 03 01 10

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LOSS PAYABLE CLAUSES

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

## SCHEDULE



| Premises Number | Building Number | | Applicable Clause (Indicate Paragraph A, B, C or D): |
|---|---|---|---|
| 2501 Paxton St | | | A |
| Harrisburg PA 17111-1034 | | | |

**Description of Property**

cellphone store

**Loss Payee (Name & Address)**

AVIVA LIFE AND ANNUITY COMPANY

7700 MILLS CIVIC PKWY

WEST DES MOINES, IA 50266

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

Nothing in this endorsement increases the applicable Limit of Insurance. We will not pay any Loss Payee more than their financial interest in the Covered Property, and we will not pay more than the applicable Limit of Insurance on the Covered Property.

The following is added to the **Loss Payment** Property Loss Condition in **Section I - Property**, as shown in the Declarations or in the Schedule:

**A. Loss Payable Clause**

For Covered Property in which both you and a Loss Payee shown in the Schedule or in the Declarations have an insurable interest, we will:

**1.** Adjust losses with you; and

**2.** Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**B. Lender's Loss Payable Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is a creditor, including a mortgageholder or trustee, whose interest in that Covered Property is established by such written instruments as:

**a.** Warehouse receipts;

**b.** A contract for deed;

**c.** Bills of lading;

**d.** Financing statements; or

**e.** Mortgages, deeds of trust, or security agreements.

**2.** For Covered Property in which both you and a Loss Payee have an insurable interest:

**a.** We will pay for covered loss or damage to each Loss Payee in their order of precedence, as interests may appear.

**BP 12 03 01 10**

© Insurance Services Office, Inc., 2009

**Page 1 of 2**

**b.** The Loss Payee has the right to receive loss payment even if the Loss Payee has started foreclosure for similar action on the Covered Property.

**c.** If we deny your claim because of your acts or because you have failed to comply with the terms of this policy, the Loss Payee will still have the right to receive loss payment if the Loss Payee:

**(1)** Pays any premium due under this policy at our request if you have failed to do so;

**(2)** Submits a signed, sworn proof of loss within 60 days after receiving notice from us of your failure to do so; and; and

**(3)** Has notified us of any change in ownership, occupancy or substantial change in risk known to the Loss Payee.

All of the terms of **Section I - Property** will then apply directly to the Loss Payee.

**d.** If we pay the Loss Payee for any loss or damage and deny payment to you because of your acts or because you have failed to comply with the terms of this policy:

**(1)** The Loss Payee's rights will be transferred to us to the extent of the amount we pay; and

**(2)** The Loss Payee's right to recover the full amount of the Loss Payee's claim will not be impaired.

At our option, we may pay to the Loss Payee the whole principal on the debt plus any accrued interest. In this event, you will pay your remaining debt to us.

**3.** If we cancel this policy, we will give written notice to the Loss Payee at least:

**a.** 10 days before the effective date of cancellation if we cancel for your nonpayment of premium; or

**b.** 30 days before the effective date of cancellation if we cancel for any other reason.

**4.** If we do not renew this policy, we will give written notice to the Loss Payee at least 10 days before the expiration date of this policy.

**C. Contract Of Sale Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is a person or organization you have entered a contract with for the sale of Covered Property.

**2.** For Covered Property in which both you and the Loss Payee have an insurable interest, we will:

**a.** Adjust losses with you; and

**b.** Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**3.** The following is added to Paragraph **H. Other Insurance** in **Section III - Common Policy Conditions:**

For Covered Property that is the subject of a contract of sale, the word "you" includes the Loss Payee.

**D. Building Owner Loss Payable Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is the owner of the described building, in which you are a tenant.

**2.** We will adjust losses to the described building with the Loss Payee. Any loss payment made to the Loss Payee will satisfy your claims against us for the owner's property.

**3.** We will adjust losses to tenant's improvements and betterments with you, unless the lease provides otherwise.

©

POLICY NUMBER:

BUSINESSOWNERS
BP 12 03 01 10

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LOSS PAYABLE CLAUSES

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

## SCHEDULE



| Premises Number | Building Number | Applicable Clause (Indicate Paragraph A, B, C or D): |
|---|---|---|
| 2463 Chillum Rd A-15 | | A |
| HYATTSVILLE MD 20782 | | |

**Description of Property**

cellphone store

**Loss Payee (Name & Address)**

JBG/RETAIL MANAGEMENT LLC

4445 WILLARD AVE STE 400

CHEVY CHASE, MD 20815

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

Nothing in this endorsement increases the applicable Limit of Insurance. We will not pay any Loss Payee more than their financial interest in the Covered Property, and we will not pay more than the applicable Limit of Insurance on the Covered Property.

The following is added to the **Loss Payment** Property Loss Condition in **Section I - Property**, as shown in the Declarations or in the Schedule:

**A. Loss Payable Clause**

For Covered Property in which both you and a Loss Payee shown in the Schedule or in the Declarations have an insurable interest, we will:

**1.** Adjust losses with you; and

**2.** Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**B. Lender's Loss Payable Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is a creditor, including a mortgageholder or trustee, whose interest in that Covered Property is established by such written instruments as:

**a.** Warehouse receipts;

**b.** A contract for deed;

**c.** Bills of lading;

**d.** Financing statements; or

**e.** Mortgages, deeds of trust, or security agreements.

**2.** For Covered Property in which both you and a Loss Payee have an insurable interest:

**a.** We will pay for covered loss or damage to each Loss Payee in their order of precedence, as interests may appear.

**b.** The Loss Payee has the right to receive loss payment even if the Loss Payee has started foreclosure for similar action on the Covered Property.

**c.** If we deny your claim because of your acts or because you have failed to comply with the terms of this policy, the Loss Payee will still have the right to receive loss payment if the Loss Payee:

**(1)** Pays any premium due under this policy at our request if you have failed to do so;

**(2)** Submits a signed, sworn proof of loss within 60 days after receiving notice from us of your failure to do so; and; and

**(3)** Has notified us of any change in ownership, occupancy or substantial change in risk known to the Loss Payee.

All of the terms of **Section I - Property** will then apply directly to the Loss Payee.

**d.** If we pay the Loss Payee for any loss or damage and deny payment to you because of your acts or because you have failed to comply with the terms of this policy:

**(1)** The Loss Payee's rights will be transferred to us to the extent of the amount we pay; and

**(2)** The Loss Payee's right to recover the full amount of the Loss Payee's claim will not be impaired.

At our option, we may pay to the Loss Payee the whole principal on the debt plus any accrued interest. In this event, you will pay your remaining debt to us.

**3.** If we cancel this policy, we will give written notice to the Loss Payee at least:

**a.** 10 days before the effective date of cancellation if we cancel for your nonpayment of premium; or

**b.** 30 days before the effective date of cancellation if we cancel for any other reason.

**4.** If we do not renew this policy, we will give written notice to the Loss Payee at least 10 days before the expiration date of this policy.

**C. Contract Of Sale Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is a person or organization you have entered a contract with for the sale of Covered Property.

**2.** For Covered Property in which both you and the Loss Payee have an insurable interest, we will:

**a.** Adjust losses with you; and

**b.** Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**3.** The following is added to Paragraph **H. Other Insurance** in **Section III - Common Policy Conditions:**

For Covered Property that is the subject of a contract of sale, the word "you" includes the Loss Payee.

**D. Building Owner Loss Payable Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is the owner of the described building, in which you are a tenant.

**2.** We will adjust losses to the described building with the Loss Payee. Any loss payment made to the Loss Payee will satisfy your claims against us for the owner's property.

**3.** We will adjust losses to tenant's improvements and betterments with you, unless the lease provides otherwise.

POLICY NUMBER:

BUSINESSOWNERS
**BP 12 03 01 10**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LOSS PAYABLE CLAUSES

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

## SCHEDULE



| Premises Number | Building Number | | Applicable Clause (Indicate Paragraph A, B, C or D): |
|---|---|---|---|
| 1346 Good Hope Rd SE | | | A |
| Washington DC 20020-6910 | | | |

**Description of Property**

cellphone store

**Loss Payee (Name & Address)**

JBG/RETAIL MANAGEMENT LLC

4445 WILLARD AVE STE 400

CHEVY CHASE, MD 20815

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

Nothing in this endorsement increases the applicable Limit of Insurance. We will not pay any Loss Payee more than their financial interest in the Covered Property, and we will not pay more than the applicable Limit of Insurance on the Covered Property.

The following is added to the **Loss Payment** Property Loss Condition in **Section I - Property**, as shown in the Declarations or in the Schedule:

**A. Loss Payable Clause**

For Covered Property in which both you and a Loss Payee shown in the Schedule or in the Declarations have an insurable interest, we will:

1. Adjust losses with you; and
2. Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**B. Lender's Loss Payable Clause**

1. The Loss Payee shown in the Schedule or in the Declarations is a creditor, including a mortgageholder or trustee, whose interest in that Covered Property is established by such written instruments as:

   a. Warehouse receipts;

   b. A contract for deed;

   c. Bills of lading;

   d. Financing statements; or

   e. Mortgages, deeds of trust, or security agreements.

2. For Covered Property in which both you and a Loss Payee have an insurable interest:

   a. We will pay for covered loss or damage to each Loss Payee in their order of precedence, as interests may appear.

**BP 12 03 01 10**                    © Insurance Services Office, Inc., 2009                    **Page 1 of 2**

b. The Loss Payee has the right to receive loss payment even if the Loss Payee has started foreclosure for similar action on the Covered Property.

c. If we deny your claim because of your acts or because you have failed to comply with the terms of this policy, the Loss Payee will still have the right to receive loss payment if the Loss Payee:

(1) Pays any premium due under this policy at our request if you have failed to do so;

(2) Submits a signed, sworn proof of loss within 60 days after receiving notice from us of your failure to do so; and; and

(3) Has notified us of any change in ownership, occupancy or substantial change in risk known to the Loss Payee.

All of the terms of **Section I - Property** will then apply directly to the Loss Payee.

d. If we pay the Loss Payee for any loss or damage and deny payment to you because of your acts or because you have failed to comply with the terms of this policy:

(1) The Loss Payee's rights will be transferred to us to the extent of the amount we pay; and

(2) The Loss Payee's right to recover the full amount of the Loss Payee's claim will not be impaired.

At our option, we may pay to the Loss Payee the whole principal on the debt plus any accrued interest. In this event, you will pay your remaining debt to us.

3. If we cancel this policy, we will give written notice to the Loss Payee at least:

a. 10 days before the effective date of cancellation if we cancel for your nonpayment of premium; or

b. 30 days before the effective date of cancellation if we cancel for any other reason.

4. If we do not renew this policy, we will give written notice to the Loss Payee at least 10 days before the expiration date of this policy.

**C. Contract Of Sale Clause**

1. The Loss Payee shown in the Schedule or in the Declarations is a person or organization you have entered a contract with for the sale of Covered Property.

2. For Covered Property in which both you and the Loss Payee have an insurable interest, we will:

a. Adjust losses with you; and

b. Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

3. The following is added to Paragraph **H. Other Insurance** in **Section III - Common Policy Conditions:**

For Covered Property that is the subject of a contract of sale, the word "you" includes the Loss Payee.

**D. Building Owner Loss Payable Clause**

1. The Loss Payee shown in the Schedule or in the Declarations is the owner of the described building, in which you are a tenant.

2. We will adjust losses to the described building with the Loss Payee. Any loss payment made to the Loss Payee will satisfy your claims against us for the owner's property.

3. We will adjust losses to tenant's improvements and betterments with you, unless the lease provides otherwise.

©

POLICY NUMBER:

**BUSINESSOWNERS**
**BP 12 03 01 10**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LOSS PAYABLE CLAUSES

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

**SCHEDULE**



| Premises Number | Building Number | Applicable Clause (Indicate Paragraph A, B, C or D): |
|---|---|---|
| 8200 Perrry Hall Blvd | 5517-5518 | A |
| NOTTINGHAM | | |
| MD | | |
| 21236 | | |

**Description of Property**

cellphone store

**Loss Payee (Name & Address)**

JBG/RETAIL MANAGEMENT LLC

4445 WILLARD AVE STE 400

CHEVY CHASE, MD 20815

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

Nothing in this endorsement increases the applicable Limit of Insurance. We will not pay any Loss Payee more than their financial interest in the Covered Property, and we will not pay more than the applicable Limit of Insurance on the Covered Property.

The following is added to the **Loss Payment** Property Loss Condition in **Section I - Property**, as shown in the Declarations or in the Schedule:

**A. Loss Payable Clause**

For Covered Property in which both you and a Loss Payee shown in the Schedule or in the Declarations have an insurable interest, we will:

**1.** Adjust losses with you; and

**2.** Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**B. Lender's Loss Payable Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is a creditor, including a mortgageholder or trustee, whose interest in that Covered Property is established by such written instruments as:

**a.** Warehouse receipts;

**b.** A contract for deed;

**c.** Bills of lading;

**d.** Financing statements; or

**e.** Mortgages, deeds of trust, or security agreements.

**2.** For Covered Property in which both you and a Loss Payee have an insurable interest:

**a.** We will pay for covered loss or damage to each Loss Payee in their order of precedence, as interests may appear.

**BP 12 03 01 10**

© Insurance Services Office, Inc., 2009

**Page 1 of 2**

b. The Loss Payee has the right to receive loss payment even if the Loss Payee has started foreclosure for similar action on the Covered Property.

c. If we deny your claim because of your acts or because you have failed to comply with the terms of this policy, the Loss Payee will still have the right to receive loss payment if the Loss Payee:

   (1) Pays any premium due under this policy at our request if you have failed to do so;

   (2) Submits a signed, sworn proof of loss within 60 days after receiving notice from us of your failure to do so; and; and

   (3) Has notified us of any change in ownership, occupancy or substantial change in risk known to the Loss Payee.

   All of the terms of **Section I - Property** will then apply directly to the Loss Payee.

d. If we pay the Loss Payee for any loss or damage and deny payment to you because of your acts or because you have failed to comply with the terms of this policy:

   (1) The Loss Payee's rights will be transferred to us to the extent of the amount we pay; and

   (2) The Loss Payee's right to recover the full amount of the Loss Payee's claim will not be impaired.

   At our option, we may pay to the Loss Payee the whole principal on the debt plus any accrued interest. In this event, you will pay your remaining debt to us.

3. If we cancel this policy, we will give written notice to the Loss Payee at least:

   a. 10 days before the effective date of cancellation if we cancel for your nonpayment of premium; or

   b. 30 days before the effective date of cancellation if we cancel for any other reason.

4. If we do not renew this policy, we will give written notice to the Loss Payee at least 10 days before the expiration date of this policy.

**C. Contract Of Sale Clause**

1. The Loss Payee shown in the Schedule or in the Declarations is a person or organization you have entered a contract with for the sale of Covered Property.

2. For Covered Property in which both you and the Loss Payee have an insurable interest, we will:

   a. Adjust losses with you; and

   b. Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

3. The following is added to Paragraph **H. Other Insurance** in **Section III - Common Policy Conditions:**

   For Covered Property that is the subject of a contract of sale, the word "you" includes the Loss Payee.

**D. Building Owner Loss Payable Clause**

1. The Loss Payee shown in the Schedule or in the Declarations is the owner of the described building, in which you are a tenant.

2. We will adjust losses to the described building with the Loss Payee. Any loss payment made to the Loss Payee will satisfy your claims against us for the owner's property.

3. We will adjust losses to tenant's improvements and betterments with you, unless the lease provides otherwise.

POLICY NUMBER:                                                                    **BUSINESSOWNERS**
                                                                                 **BP 12 03 01 10**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LOSS PAYABLE CLAUSES

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

## SCHEDULE



| Premises Number | Building Number | Applicable Clause (Indicate Paragraph A, B, C or D): |
|---|---|---|
| 1100 N Tuttle Ave Unit 4 | | A |

Sarasota
FL
34237-3012

**Description of Property**

cellphone store

**Loss Payee (Name & Address)**

AVIVA LIFE AND ANNUITY COMPANY

7700 MILLS CIVIC PKWY

WEST DES MOINES, IA 50266

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

Nothing in this endorsement increases the applicable Limit of Insurance. We will not pay any Loss Payee more than their financial interest in the Covered Property, and we will not pay more than the applicable Limit of Insurance on the Covered Property.

The following is added to the **Loss Payment** Property Loss Condition in **Section I - Property**, as shown in the Declarations or in the Schedule:

**A. Loss Payable Clause**

For Covered Property in which both you and a Loss Payee shown in the Schedule or in the Declarations have an insurable interest, we will:

**1.** Adjust losses with you; and

**2.** Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**B. Lender's Loss Payable Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is a creditor, including a mortgageholder or trustee, whose interest in that Covered Property is established by such written instruments as:

**a.** Warehouse receipts;

**b.** A contract for deed;

**c.** Bills of lading;

**d.** Financing statements; or

**e.** Mortgages, deeds of trust, or security agreements.

**2.** For Covered Property in which both you and a Loss Payee have an insurable interest:

**a.** We will pay for covered loss or damage to each Loss Payee in their order of precedence, as interests may appear.

   b.  The Loss Payee has the right to receive loss payment even if the Loss Payee has started foreclosure for similar action on the Covered Property.

   c.  If we deny your claim because of your acts or because you have failed to comply with the terms of this policy, the Loss Payee will still have the right to receive loss payment if the Loss Payee:

     (1)  Pays any premium due under this policy at our request if you have failed to do so;

     (2)  Submits a signed, sworn proof of loss within 60 days after receiving notice from us of your failure to do so; and; and

     (3)  Has notified us of any change in ownership, occupancy or substantial change in risk known to the Loss Payee.

All of the terms of **Section I - Property** will then apply directly to the Loss Payee.

   d.  If we pay the Loss Payee for any loss or damage and deny payment to you because of your acts or because you have failed to comply with the terms of this policy:

     (1)  The Loss Payee's rights will be transferred to us to the extent of the amount we pay; and

     (2)  The Loss Payee's right to recover the full amount of the Loss Payee's claim will not be impaired.

At our option, we may pay to the Loss Payee the whole principal on the debt plus any accrued interest. In this event, you will pay your remaining debt to us.

   3.  If we cancel this policy, we will give written notice to the Loss Payee at least:

     a.  10 days before the effective date of cancellation if we cancel for your nonpayment of premium; or

     b.  30 days before the effective date of cancellation if we cancel for any other reason.

   4.  If we do not renew this policy, we will give written notice to the Loss Payee at least 10 days before the expiration date of this policy.

**C. Contract Of Sale Clause**

   1.  The Loss Payee shown in the Schedule or in the Declarations is a person or organization you have entered a contract with for the sale of Covered Property.

   2.  For Covered Property in which both you and the Loss Payee have an insurable interest, we will:

     a.  Adjust losses with you; and

     b.  Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

   3.  The following is added to Paragraph **H. Other Insurance** in **Section III - Common Policy Conditions:**

For Covered Property that is the subject of a contract of sale, the word "you" includes the Loss Payee.

**D. Building Owner Loss Payable Clause**

   1.  The Loss Payee shown in the Schedule or in the Declarations is the owner of the described building, in which you are a tenant.

   2.  We will adjust losses to the described building with the Loss Payee. Any loss payment made to the Loss Payee will satisfy your claims against us for the owner's property.

   3.  We will adjust losses to tenant's improvements and betterments with you, unless the lease provides otherwise.

Insurance Services Office, Inc., 2009

POLICY NUMBER:                                                                                    **BUSINESSOWNERS**
                                                                                                 **BP 12 03 01 10**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LOSS PAYABLE CLAUSES

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

## SCHEDULE



| Premises Number | Building Number | Applicable Clause (Indicate Paragraph A, B, C or D): |
|---|---|---|
| 41 Shipping Pl Ste 1ST | | A |
| Dundalk MD 21222-4393 | | |

**Description of Property**

Cellphone Store

**Loss Payee (Name & Address)**

ROSENFELD INVESTMENT LLC

7101 WISCONSIN AVE

BETHESDA, MD 20814

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

Nothing in this endorsement increases the applicable Limit of Insurance. We will not pay any Loss Payee more than their financial interest in the Covered Property, and we will not pay more than the applicable Limit of Insurance on the Covered Property.

The following is added to the **Loss Payment** Property Loss Condition in **Section I - Property**, as shown in the Declarations or in the Schedule:

**A. Loss Payable Clause**

For Covered Property in which both you and a Loss Payee shown in the Schedule or in the Declarations have an insurable interest, we will:

**1.** Adjust losses with you; and

**2.** Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**B. Lender's Loss Payable Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is a creditor, including a mortgageholder or trustee, whose interest in that Covered Property is established by such written instruments as:

**a.** Warehouse receipts;

**b.** A contract for deed;

**c.** Bills of lading;

**d.** Financing statements; or

**e.** Mortgages, deeds of trust, or security agreements.

**2.** For Covered Property in which both you and a Loss Payee have an insurable interest:

**a.** We will pay for covered loss or damage to each Loss Payee in their order of precedence, as interests may appear.

**BP 12 03 01 10**                    © Insurance Services Office, Inc., 2009                    **Page 1 of 2**

b.  The Loss Payee has the right to receive loss payment even if the Loss Payee has started foreclosure for similar action on the Covered Property.

c.  If we deny your claim because of your acts or because you have failed to comply with the terms of this policy, the Loss Payee will still have the right to receive loss payment if the Loss Payee:

(1)  Pays any premium due under this policy at our request if you have failed to do so;

(2)  Submits a signed, sworn proof of loss within 60 days after receiving notice from us of your failure to do so; and; and

(3)  Has notified us of any change in ownership, occupancy or substantial change in risk known to the Loss Payee.

All of the terms of **Section I - Property** will then apply directly to the Loss Payee.

d.  If we pay the Loss Payee for any loss or damage and deny payment to you because of your acts or because you have failed to comply with the terms of this policy:

(1)  The Loss Payee's rights will be transferred to us to the extent of the amount we pay; and

(2)  The Loss Payee's right to recover the full amount of the Loss Payee's claim will not be impaired.

At our option, we may pay to the Loss Payee the whole principal on the debt plus any accrued interest. In this event, you will pay your remaining debt to us.

3.  If we cancel this policy, we will give written notice to the Loss Payee at least:

a.  10 days before the effective date of cancellation if we cancel for your nonpayment of premium; or

b.  30 days before the effective date of cancellation if we cancel for any other reason.

4.  If we do not renew this policy, we will give written notice to the Loss Payee at least 10 days before the expiration date of this policy.

**C.  Contract Of Sale Clause**

1.  The Loss Payee shown in the Schedule or in the Declarations is a person or organization you have entered a contract with for the sale of Covered Property.

2.  For Covered Property in which both you and the Loss Payee have an insurable interest, we will:

a.  Adjust losses with you; and

b.  Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

3.  The following is added to Paragraph **H. Other Insurance** in **Section III - Common Policy Conditions:**

For Covered Property that is the subject of a contract of sale, the word "you" includes the Loss Payee.

**D.  Building Owner Loss Payable Clause**

1.  The Loss Payee shown in the Schedule or in the Declarations is the owner of the described building, in which you are a tenant.

2.  We will adjust losses to the described building with the Loss Payee. Any loss payment made to the Loss Payee will satisfy your claims against us for the owner's property.

3.  We will adjust losses to tenant's improvements and betterments with you, unless the lease provides otherwise.

POLICY NUMBER:

**BUSINESSOWNERS**
**BP 12 03 01 10**

**THIS ENDORSEMENT  CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LOSS PAYABLE CLAUSES

This endorsement  modifies  insurance  provided  under the following:

BUSINESSOWNERS  COVERAGE FORM

**SCHEDULE**



| Premises Number | Building Number | Applicable Clause (Indicate Paragraph A, B, C or D): |
|---|---|---|
| 1611 SE Us Highway 19 | | A |
| Crystal River FL 34429-4830 | | |

**Description of Property**

cellphone store

**Loss Payee (Name & Address)**

ROSENFELD INVESTMENT LLC

7101 WISCONSIN AVE

BETHESDA, MD 20814

Information  required  to complete  this Schedule, if not shown  above, will  be shown  in the Declarations.

Nothing  in this endorsement  increases the appli-cable Limit of Insurance.  We will  not pay any Loss Payee more than their financial  interest in the Covered Property,  and we will  not pay more than the applicable  Limit of Insurance  on the Covered Property.

The following  is added to the **Loss Payment** Prop-erty Loss Condition  in **Section  I - Property** , as shown  in the Declarations  or in the Schedule:

**A.  Loss Payable Clause**

For Covered Property in which both you and a Loss Payee shown  in the Schedule or in the Declarations  have an insurable  interest, we will:

**1.**  Adjust  losses with you; and

**2.**  Pay any claim for loss or damage jointly to you  and the Loss Payee, as interests may appear.

**B.  Lender's Loss Payable Clause**

**1.**  The Loss Payee shown  in the Schedule or in the Declarations  is a creditor, including a mortgageholder  or trustee, whose in-terest in that Covered Property is estab-lished by such written  instruments  as:

**a.**  Warehouse  receipts;

**b.**  A contract  for deed;

**c.**  Bills of lading;

**d.**  Financing  statements;  or

**e.**  Mortgages,  deeds of trust, or secu-rity agreements.

**2.**  For Covered Property in which both you and a Loss Payee have an insurable  inter-est:

**a.**  We will  pay for covered loss or dam-age to each Loss Payee in their order of precedence, as interests  may ap-pear.

**b.** The Loss Payee has the right to receive loss payment even if the Loss Payee has started foreclosure for similar action on the Covered Property.

**c.** If we deny your claim because of your acts or because you have failed to comply with the terms of this policy, the Loss Payee will still have the right to receive loss payment if the Loss Payee:

    **(1)** Pays any premium due under this policy at our request if you have failed to do so;

    **(2)** Submits a signed, sworn proof of loss within 60 days after receiving notice from us of your failure to do so; and; and

    **(3)** Has notified us of any change in ownership, occupancy or substantial change in risk known to the Loss Payee.

All of the terms of **Section I - Property** will then apply directly to the Loss Payee.

**d.** If we pay the Loss Payee for any loss or damage and deny payment to you because of your acts or because you have failed to comply with the terms of this policy:

    **(1)** The Loss Payee's rights will be transferred to us to the extent of the amount we pay; and

    **(2)** The Loss Payee's right to recover the full amount of the Loss Payee's claim will not be impaired.

    At our option, we may pay to the Loss Payee the whole principal on the debt plus any accrued interest. In this event, you will pay your remaining debt to us.

**3.** If we cancel this policy, we will give written notice to the Loss Payee at least:

    **a.** 10 days before the effective date of cancellation if we cancel for your nonpayment of premium; or

    **b.** 30 days before the effective date of cancellation if we cancel for any other reason.

**4.** If we do not renew this policy, we will give written notice to the Loss Payee at least 10 days before the expiration date of this policy.

**C. Contract Of Sale Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is a person or organization you have entered a contract with for the sale of Covered Property.

**2.** For Covered Property in which both you and the Loss Payee have an insurable interest, we will:

    **a.** Adjust losses with you; and

    **b.** Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**3.** The following is added to Paragraph **H. Other Insurance** in **Section III - Common Policy Conditions:**

    For Covered Property that is the subject of a contract of sale, the word "you" includes the Loss Payee.

**D. Building Owner Loss Payable Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is the owner of the described building, in which you are a tenant.

**2.** We will adjust losses to the described building with the Loss Payee. Any loss payment made to the Loss Payee will satisfy your claims against us for the owner's property.

**3.** We will adjust losses to tenant's improvements and betterments with you, unless the lease provides otherwise.

Insurance Services Office, Inc., 2009

POLICY NUMBER:                                                                    **BUSINESSOWNERS**
                                                                                  **BP 12 03 01 10**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LOSS PAYABLE CLAUSES

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

**SCHEDULE**

| Premises Number | Building Number | | Applicable Clause (Indicate Paragraph A, B, C or D): |
|---|---|---|---|
| 4702 Carlisle Pike Ste 28 | | | A |

Mechanicsburg
PA
17050-3099

**Description of Property**

cellphone store



**Loss Payee (Name & Address)**

JBG/RETAIL MANAGEMENT LLC

4445 WILLARD AVE STE 400

CHEVY CHASE, MD 20815

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

Nothing in this endorsement increases the applicable Limit of Insurance. We will not pay any Loss Payee more than their financial interest in the Covered Property, and we will not pay more than the applicable Limit of Insurance on the Covered Property.

The following is added to the **Loss Payment** Property Loss Condition in **Section I - Property** , as shown in the Declarations or in the Schedule:

**A. Loss Payable Clause**

For Covered Property in which both you and a Loss Payee shown in the Schedule or in the Declarations have an insurable interest, we will:

**1.** Adjust losses with you; and

**2.** Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**B. Lender's Loss Payable Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is a creditor, including a mortgageholder or trustee, whose interest in that Covered Property is established by such written instruments as:

**a.** Warehouse receipts;

**b.** A contract for deed;

**c.** Bills of lading;

**d.** Financing statements; or

**e.** Mortgages, deeds of trust, or security agreements.

**2.** For Covered Property in which both you and a Loss Payee have an insurable interest:

**a.** We will pay for covered loss or damage to each Loss Payee in their order of precedence, as interests may appear.

**BP 12 03 01 10**                 © Insurance Services Office, Inc., 2009                 **Page 1 of 2**

**b.** The Loss Payee has the right to receive loss payment even if the Loss Payee has started foreclosure for similar action on the Covered Property.

**c.** If we deny your claim because of your acts or because you have failed to comply with the terms of this policy, the Loss Payee will still have the right to receive loss payment if the Loss Payee:

   **(1)** Pays any premium due under this policy at our request if you have failed to do so;

   **(2)** Submits a signed, sworn proof of loss within 60 days after receiving notice from us of your failure to do so; and; and

   **(3)** Has notified us of any change in ownership, occupancy or substantial change in risk known to the Loss Payee.

   All of the terms of **Section I - Property** will then apply directly to the Loss Payee.

**d.** If we pay the Loss Payee for any loss or damage and deny payment to you because of your acts or because you have failed to comply with the terms of this policy:

   **(1)** The Loss Payee's rights will be transferred to us to the extent of the amount we pay; and

   **(2)** The Loss Payee's right to recover the full amount of the Loss Payee's claim will not be impaired.

   At our option, we may pay to the Loss Payee the whole principal on the debt plus any accrued interest. In this event, you will pay your remaining debt to us.

**3.** If we cancel this policy, we will give written notice to the Loss Payee at least:

   **a.** 10 days before the effective date of cancellation if we cancel for your nonpayment of premium; or

   **b.** 30 days before the effective date of cancellation if we cancel for any other reason.

**4.** If we do not renew this policy, we will give written notice to the Loss Payee at least 10 days before the expiration date of this policy.

**C. Contract Of Sale Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is a person or organization you have entered a contract with for the sale of Covered Property.

**2.** For Covered Property in which both you and the Loss Payee have an insurable interest, we will:

   **a.** Adjust losses with you; and

   **b.** Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**3.** The following is added to Paragraph **H. Other Insurance** in **Section III - Common Policy Conditions:**

   For Covered Property that is the subject of a contract of sale, the word "you" includes the Loss Payee.

**D. Building Owner Loss Payable Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is the owner of the described building, in which you are a tenant.

**2.** We will adjust losses to the described building with the Loss Payee. Any loss payment made to the Loss Payee will satisfy your claims against us for the owner's property.

**3.** We will adjust losses to tenant's improvements and betterments with you, unless the lease provides otherwise.

POLICY NUMBER:

**BUSINESSOWNERS
BP 12 03 01 10**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LOSS PAYABLE CLAUSES

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

## SCHEDULE



| Premises Number | Building Number | Applicable Clause (Indicate Paragraph A, B, C or D): |
|---|---|---|
| 1134 S Charles St | | A |
| Baltimore | | |
| MD | | |
| 21230-4240 | | |

**Description of Property**

Cellphone Store

**Loss Payee (Name & Address)**

ROSENFELD INVESTMENT LLC

7101 WISCONSIN AVE

BETHESDA, MD 20814

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

Nothing in this endorsement increases the applicable Limit of Insurance. We will not pay any Loss Payee more than their financial interest in the Covered Property, and we will not pay more than the applicable Limit of Insurance on the Covered Property.

The following is added to the **Loss Payment** Property Loss Condition in **Section I - Property**, as shown in the Declarations or in the Schedule:

**A. Loss Payable Clause**

For Covered Property in which both you and a Loss Payee shown in the Schedule or in the Declarations have an insurable interest, we will:

1. Adjust losses with you; and
2. Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**B. Lender's Loss Payable Clause**

1. The Loss Payee shown in the Schedule or in the Declarations is a creditor, including a mortgageholder or trustee, whose interest in that Covered Property is established by such written instruments as:

   a. Warehouse receipts;

   b. A contract for deed;

   c. Bills of lading;

   d. Financing statements; or

   e. Mortgages, deeds of trust, or security agreements.

2. For Covered Property in which both you and a Loss Payee have an insurable interest:

   a. We will pay for covered loss or damage to each Loss Payee in their order of precedence, as interests may appear.

**BP 12 03 01 10**

© Insurance Services Office, Inc., 2009

**Page 1 of 2**

**b.** The Loss Payee has the right to receive loss payment even if the Loss Payee has started foreclosure for similar action on the Covered Property.

**c.** If we deny your claim because of your acts or because you have failed to comply with the terms of this policy, the Loss Payee will still have the right to receive loss payment if the Loss Payee:

   **(1)** Pays any premium due under this policy at our request if you have failed to do so;

   **(2)** Submits a signed, sworn proof of loss within 60 days after receiving notice from us of your failure to do so; and; and

   **(3)** Has notified us of any change in ownership, occupancy or substantial change in risk known to the Loss Payee.

All of the terms of **Section I - Property** will then apply directly to the Loss Payee.

**d.** If we pay the Loss Payee for any loss or damage and deny payment to you because of your acts or because you have failed to comply with the terms of this policy:

   **(1)** The Loss Payee's rights will be transferred to us to the extent of the amount we pay; and

   **(2)** The Loss Payee's right to recover the full amount of the Loss Payee's claim will not be impaired.

At our option, we may pay to the Loss Payee the whole principal on the debt plus any accrued interest. In this event, you will pay your remaining debt to us.

**3.** If we cancel this policy, we will give written notice to the Loss Payee at least:

   **a.** 10 days before the effective date of cancellation if we cancel for your nonpayment of premium; or

   **b.** 30 days before the effective date of cancellation if we cancel for any other reason.

**4.** If we do not renew this policy, we will give written notice to the Loss Payee at least 10 days before the expiration date of this policy.

**C. Contract Of Sale Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is a person or organization you have entered a contract with for the sale of Covered Property.

**2.** For Covered Property in which both you and the Loss Payee have an insurable interest, we will:

   **a.** Adjust losses with you; and

   **b.** Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**3.** The following is added to Paragraph **H. Other Insurance** in **Section III - Common Policy Conditions:**

For Covered Property that is the subject of a contract of sale, the word "you" includes the Loss Payee.

**D. Building Owner Loss Payable Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is the owner of the described building, in which you are a tenant.

**2.** We will adjust losses to the described building with the Loss Payee. Any loss payment made to the Loss Payee will satisfy your claims against us for the owner's property.

**3.** We will adjust losses to tenant's improvements and betterments with you, unless the lease provides otherwise.

Insurance Services Office, Inc., 2009
©

POLICY NUMBER:

**BUSINESSOWNERS
BP 12 03 01 10**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LOSS PAYABLE CLAUSES

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

## SCHEDULE



| Premises Number | Building Number | | Applicable Clause (Indicate Paragraph A, B, C or D): |
|---|---|---|---|
| 7553 Ritchie Hwy | | | A |
| Glen Burnie MD 21061-3716 | | | |

**Description of Property**

cellphone store

**Loss Payee (Name & Address)**

JBG/RETAIL MANAGEMENT LLC

4445 WILLARD AVE STE 400

CHEVY CHASE, MD 20815

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

Nothing in this endorsement increases the applicable Limit of Insurance. We will not pay any Loss Payee more than their financial interest in the Covered Property, and we will not pay more than the applicable Limit of Insurance on the Covered Property.

The following is added to the **Loss Payment** Property Loss Condition in **Section I - Property** , as shown in the Declarations or in the Schedule:

**A. Loss Payable Clause**

For Covered Property in which both you and a Loss Payee shown in the Schedule or in the Declarations have an insurable interest, we will:

**1.** Adjust losses with you; and

**2.** Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**B. Lender's Loss Payable Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is a creditor, including a mortgageholder or trustee, whose interest in that Covered Property is established by such written instruments as:

**a.** Warehouse receipts;

**b.** A contract for deed;

**c.** Bills of lading;

**d.** Financing statements; or

**e.** Mortgages, deeds of trust, or security agreements.

**2.** For Covered Property in which both you and a Loss Payee have an insurable interest:

**a.** We will pay for covered loss or damage to each Loss Payee in their order of precedence, as interests may appear.

**BP 12 03 01 10**

© Insurance Services Office, Inc., 2009

**Page 1 of 2**

b. The Loss Payee has the right to receive loss payment even if the Loss Payee has started foreclosure for similar action on the Covered Property.

c. If we deny your claim because of your acts or because you have failed to comply with the terms of this policy, the Loss Payee will still have the right to receive loss payment if the Loss Payee:

(1) Pays any premium due under this policy at our request if you have failed to do so;

(2) Submits a signed, sworn proof of loss within 60 days after receiving notice from us of your failure to do so; and; and

(3) Has notified us of any change in ownership, occupancy or substantial change in risk known to the Loss Payee.

All of the terms of **Section I - Property** will then apply directly to the Loss Payee.

d. If we pay the Loss Payee for any loss or damage and deny payment to you because of your acts or because you have failed to comply with the terms of this policy:

(1) The Loss Payee's rights will be transferred to us to the extent of the amount we pay; and

(2) The Loss Payee's right to recover the full amount of the Loss Payee's claim will not be impaired.

At our option, we may pay to the Loss Payee the whole principal on the debt plus any accrued interest. In this event, you will pay your remaining debt to us.

3. If we cancel this policy, we will give written notice to the Loss Payee at least:

a. 10 days before the effective date of cancellation if we cancel for your nonpayment of premium; or

b. 30 days before the effective date of cancellation if we cancel for any other reason.

4. If we do not renew this policy, we will give written notice to the Loss Payee at least 10 days before the expiration date of this policy.

**C. Contract Of Sale Clause**

1. The Loss Payee shown in the Schedule or in the Declarations is a person or organization you have entered a contract with for the sale of Covered Property.

2. For Covered Property in which both you and the Loss Payee have an insurable interest, we will:

a. Adjust losses with you; and

b. Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

3. The following is added to Paragraph **H. Other Insurance** in **Section III - Common Policy Conditions:**

For Covered Property that is the subject of a contract of sale, the word "you" includes the Loss Payee.

**D. Building Owner Loss Payable Clause**

1. The Loss Payee shown in the Schedule or in the Declarations is the owner of the described building, in which you are a tenant.

2. We will adjust losses to the described building with the Loss Payee. Any loss payment made to the Loss Payee will satisfy your claims against us for the owner's property.

3. We will adjust losses to tenant's improvements and betterments with you, unless the lease provides otherwise.

Insurance Services Office, Inc., 2009
©

POLICY NUMBER:

**BUSINESSOWNERS**
**BP 12 03 01 10**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LOSS PAYABLE CLAUSES

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

## SCHEDULE



| Premises Number | Building Number | Applicable Clause (Indicate Paragraph A, B, C or D): |
|---|---|---|
| 1241 Frederick Blvd | | A |
| Portsmouth VA 23707-4124 | | |

**Description of Property**

cellphone store

**Loss Payee (Name & Address)**

AVIVA LIFE AND ANNUITY COMPANY

7700 MILLS CIVIC PKWY

WEST DES MOINES, IA 50266

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

Nothing in this endorsement increases the applicable Limit of Insurance. We will not pay any Loss Payee more than their financial interest in the Covered Property, and we will not pay more than the applicable Limit of Insurance on the Covered Property.

The following is added to the **Loss Payment** Property Loss Condition in **Section I - Property**, as shown in the Declarations or in the Schedule:

**A. Loss Payable Clause**

For Covered Property in which both you and a Loss Payee shown in the Schedule or in the Declarations have an insurable interest, we will:

1. Adjust losses with you; and
2. Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**B. Lender's Loss Payable Clause**

1. The Loss Payee shown in the Schedule or in the Declarations is a creditor, including a mortgageholder or trustee, whose interest in that Covered Property is established by such written instruments as:

   a. Warehouse receipts;
   b. A contract for deed;
   c. Bills of lading;
   d. Financing statements; or
   e. Mortgages, deeds of trust, or security agreements.

2. For Covered Property in which both you and a Loss Payee have an insurable interest:

   a. We will pay for covered loss or damage to each Loss Payee in their order of precedence, as interests may appear.

**BP 12 03 01 10**

© Insurance Services Office, Inc., 2009

**Page 1 of 2**

**b.** The Loss Payee has the right to receive loss payment even if the Loss Payee has started foreclosure for similar action on the Covered Property.

**c.** If we deny your claim because of your acts or because you have failed to comply with the terms of this policy, the Loss Payee will still have the right to receive loss payment if the Loss Payee:

**(1)** Pays any premium due under this policy at our request if you have failed to do so;

**(2)** Submits a signed, sworn proof of loss within 60 days after receiving notice from us of your failure to do so; and; and

**(3)** Has notified us of any change in ownership, occupancy or substantial change in risk known to the Loss Payee.

All of the terms of **Section I - Property** will then apply directly to the Loss Payee.

**d.** If we pay the Loss Payee for any loss or damage and deny payment to you because of your acts or because you have failed to comply with the terms of this policy:

**(1)** The Loss Payee's rights will be transferred to us to the extent of the amount we pay; and

**(2)** The Loss Payee's right to recover the full amount of the Loss Payee's claim will not be impaired.

At our option, we may pay to the Loss Payee the whole principal on the debt plus any accrued interest. In this event, you will pay your remaining debt to us.

**3.** If we cancel this policy, we will give written notice to the Loss Payee at least:

**a.** 10 days before the effective date of cancellation if we cancel for your nonpayment of premium; or

**b.** 30 days before the effective date of cancellation if we cancel for any other reason.

**4.** If we do not renew this policy, we will give written notice to the Loss Payee at least 10 days before the expiration date of this policy.

**C. Contract Of Sale Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is a person or organization you have entered a contract with for the sale of Covered Property.

**2.** For Covered Property in which both you and the Loss Payee have an insurable interest, we will:

**a.** Adjust losses with you; and

**b.** Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**3.** The following is added to Paragraph **H. Other Insurance** in **Section III - Common Policy Conditions:**

For Covered Property that is the subject of a contract of sale, the word "you" includes the Loss Payee.

**D. Building Owner Loss Payable Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is the owner of the described building, in which you are a tenant.

**2.** We will adjust losses to the described building with the Loss Payee. Any loss payment made to the Loss Payee will satisfy your claims against us for the owner's property.

**3.** We will adjust losses to tenant's improvements and betterments with you, unless the lease provides otherwise.

**BP 12 03 01 10**　　　Insurance Services Office, Inc., 2009　　　**Page 2 of 2**

©

POLICY NUMBER:

**BUSINESSOWNERS
BP 12 03 01 10**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LOSS PAYABLE CLAUSES

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM



## SCHEDULE

| Premises Number | Building Number | | Applicable Clause (Indicate Paragraph A, B, C or D): |
|---|---|---|---|
| 3780 Tampa Rd | | | A |
| Oldsmar FL 34677-3041 | | | |

**Description of Property**

cellphone store

**Loss Payee (Name & Address)**

AVIVA LIFE AND ANNUITY COMPANY

7700 MILLS CIVIC PKWY

WEST DES MOINES, IA 50266

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

Nothing in this endorsement increases the applicable Limit of Insurance. We will not pay any Loss Payee more than their financial interest in the Covered Property, and we will not pay more than the applicable Limit of Insurance on the Covered Property.

The following is added to the **Loss Payment** Property Loss Condition in **Section I - Property** , as shown in the Declarations or in the Schedule:

**A. Loss Payable Clause**

For Covered Property in which both you and a Loss Payee shown in the Schedule or in the Declarations have an insurable interest, we will:

**1.** Adjust losses with you; and

**2.** Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**B. Lender's Loss Payable Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is a creditor, including a mortgageholder or trustee, whose interest in that Covered Property is established by such written instruments as:

**a.** Warehouse receipts;

**b.** A contract for deed;

**c.** Bills of lading;

**d.** Financing statements; or

**e.** Mortgages, deeds of trust, or security agreements.

**2.** For Covered Property in which both you and a Loss Payee have an insurable interest:

**a.** We will pay for covered loss or damage to each Loss Payee in their order of precedence, as interests may appear.

© Insurance Services Office, Inc., 2009

**b.** The Loss Payee has the right to receive loss payment even if the Loss Payee has started foreclosure for similar action on the Covered Property.

**c.** If we deny your claim because of your acts or because you have failed to comply with the terms of this policy, the Loss Payee will still have the right to receive loss payment if the Loss Payee:

**(1)** Pays any premium due under this policy at our request if you have failed to do so;

**(2)** Submits a signed, sworn proof of loss within 60 days after receiving notice from us of your failure to do so; and; and

**(3)** Has notified us of any change in ownership, occupancy or substantial change in risk known to the Loss Payee.

All of the terms of **Section I - Property** will then apply directly to the Loss Payee.

**d.** If we pay the Loss Payee for any loss or damage and deny payment to you because of your acts or because you have failed to comply with the terms of this policy:

**(1)** The Loss Payee's rights will be transferred to us to the extent of the amount we pay; and

**(2)** The Loss Payee's right to recover the full amount of the Loss Payee's claim will not be impaired.

At our option, we may pay to the Loss Payee the whole principal on the debt plus any accrued interest. In this event, you will pay your remaining debt to us.

**3.** If we cancel this policy, we will give written notice to the Loss Payee at least:

**a.** 10 days before the effective date of cancellation if we cancel for your nonpayment of premium; or

**b.** 30 days before the effective date of cancellation if we cancel for any other reason.

**4.** If we do not renew this policy, we will give written notice to the Loss Payee at least 10 days before the expiration date of this policy.

**C. Contract Of Sale Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is a person or organization you have entered a contract with for the sale of Covered Property.

**2.** For Covered Property in which both you and the Loss Payee have an insurable interest, we will:

**a.** Adjust losses with you; and

**b.** Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**3.** The following is added to Paragraph **H. Other Insurance** in **Section III - Common Policy Conditions:**

For Covered Property that is the subject of a contract of sale, the word "you" includes the Loss Payee.

**D. Building Owner Loss Payable Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is the owner of the described building, in which you are a tenant.

**2.** We will adjust losses to the described building with the Loss Payee. Any loss payment made to the Loss Payee will satisfy your claims against us for the owner's property.

**3.** We will adjust losses to tenant's improvements and betterments with you, unless the lease provides otherwise.

**BP 12 03 01 10**                     Insurance Services Office, Inc., 2009                     **Page 2 of 2**

©

POLICY NUMBER:

BUSINESSOWNERS
BP 12 03 01 10

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LOSS PAYABLE CLAUSES

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

## SCHEDULE



| Premises Number | Building Number | Applicable Clause (Indicate Paragraph A, B, C or D): |
|---|---|---|
| 3023 Wade Hampton Blvd | | A |
| Taylors | | |
| SC | | |
| 29687-2700 | | |

**Description of Property**

cellphone store

**Loss Payee (Name & Address)**

ROSENFELD INVESTMENT LLC

7101 WISCONSIN AVE

BETHESDA, MD 20814

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

Nothing in this endorsement increases the applicable Limit of Insurance. We will not pay any Loss Payee more than their financial interest in the Covered Property, and we will not pay more than the applicable Limit of Insurance on the Covered Property.

The following is added to the **Loss Payment** Property Loss Condition in **Section I - Property**, as shown in the Declarations or in the Schedule:

**A. Loss Payable Clause**

For Covered Property in which both you and a Loss Payee shown in the Schedule or in the Declarations have an insurable interest, we will:

**1.** Adjust losses with you; and

**2.** Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**B. Lender's Loss Payable Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is a creditor, including a mortgageholder or trustee, whose interest in that Covered Property is established by such written instruments as:

**a.** Warehouse receipts;

**b.** A contract for deed;

**c.** Bills of lading;

**d.** Financing statements; or

**e.** Mortgages, deeds of trust, or security agreements.

**2.** For Covered Property in which both you and a Loss Payee have an insurable interest:

**a.** We will pay for covered loss or damage to each Loss Payee in their order of precedence, as interests may appear.

**BP 12 03 01 10**                     © Insurance Services Office, Inc., 2009                     **Page 1 of 2**

**b.** The Loss Payee has the right to receive loss payment even if the Loss Payee has started foreclosure for similar action on the Covered Property.

**c.** If we deny your claim because of your acts or because you have failed to comply with the terms of this policy, the Loss Payee will still have the right to receive loss payment if the Loss Payee:

  **(1)** Pays any premium due under this policy at our request if you have failed to do so;

  **(2)** Submits a signed, sworn proof of loss within 60 days after receiving notice from us of your failure to do so; and; and

  **(3)** Has notified us of any change in ownership, occupancy or substantial change in risk known to the Loss Payee.

  All of the terms of **Section I - Property** will then apply directly to the Loss Payee.

**d.** If we pay the Loss Payee for any loss or damage and deny payment to you because of your acts or because you have failed to comply with the terms of this policy:

  **(1)** The Loss Payee's rights will be transferred to us to the extent of the amount we pay; and

  **(2)** The Loss Payee's right to recover the full amount of the Loss Payee's claim will not be impaired.

  At our option, we may pay to the Loss Payee the whole principal on the debt plus any accrued interest. In this event, you will pay your remaining debt to us.

**3.** If we cancel this policy, we will give written notice to the Loss Payee at least:

  **a.** 10 days before the effective date of cancellation if we cancel for your nonpayment of premium; or

  **b.** 30 days before the effective date of cancellation if we cancel for any other reason.

**4.** If we do not renew this policy, we will give written notice to the Loss Payee at least 10 days before the expiration date of this policy.

**C. Contract Of Sale Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is a person or organization you have entered a contract with for the sale of Covered Property.

**2.** For Covered Property in which both you and the Loss Payee have an insurable interest, we will:

  **a.** Adjust losses with you; and

  **b.** Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**3.** The following is added to Paragraph **H. Other Insurance** in **Section III - Common Policy Conditions:**

  For Covered Property that is the subject of a contract of sale, the word "you" includes the Loss Payee.

**D. Building Owner Loss Payable Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is the owner of the described building, in which you are a tenant.

**2.** We will adjust losses to the described building with the Loss Payee. Any loss payment made to the Loss Payee will satisfy your claims against us for the owner's property.

**3.** We will adjust losses to tenant's improvements and betterments with you, unless the lease provides otherwise.

POLICY NUMBER:

**BUSINESSOWNERS**
**BP 12 03 01 10**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LOSS PAYABLE CLAUSES

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

SCHEDULE



| Premises Number | Building Number | | Applicable Clause (Indicate Paragraph A, B, C or D): |
|---|---|---|---|
| 704 Easley Bridge Rd | | | A |
| Greenville | | | |
| SC | | | |
| 29611-5124 | | | |

**Description of Property**

cellphone store

**Loss Payee (Name & Address)**

ROSENFELD INVESTMENT LLC

7101 WISCONSIN AVE

BETHESDA, MD 20814

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

Nothing in this endorsement increases the applicable Limit of Insurance. We will not pay any Loss Payee more than their financial interest in the Covered Property, and we will not pay more than the applicable Limit of Insurance on the Covered Property.

The following is added to the **Loss Payment** Property Loss Condition in **Section I - Property**, as shown in the Declarations or in the Schedule:

**A. Loss Payable Clause**

For Covered Property in which both you and a Loss Payee shown in the Schedule or in the Declarations have an insurable interest, we will:

**1.** Adjust losses with you; and

**2.** Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**B. Lender's Loss Payable Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is a creditor, including a mortgageholder or trustee, whose interest in that Covered Property is established by such written instruments as:

**a.** Warehouse receipts;

**b.** A contract for deed;

**c.** Bills of lading;

**d.** Financing statements; or

**e.** Mortgages, deeds of trust, or security agreements.

**2.** For Covered Property in which both you and a Loss Payee have an insurable interest:

**a.** We will pay for covered loss or damage to each Loss Payee in their order of precedence, as interests may appear.

**b.** The Loss Payee has the right to receive loss payment even if the Loss Payee has started foreclosure for similar action on the Covered Property.

**c.** If we deny your claim because of your acts or because you have failed to comply with the terms of this policy, the Loss Payee will still have the right to receive loss payment if the Loss Payee:

**(1)** Pays any premium due under this policy at our request if you have failed to do so;

**(2)** Submits a signed, sworn proof of loss within 60 days after receiving notice from us of your failure to do so; and; and

**(3)** Has notified us of any change in ownership, occupancy or substantial change in risk known to the Loss Payee.

All of the terms of **Section I - Property** will then apply directly to the Loss Payee.

**d.** If we pay the Loss Payee for any loss or damage and deny payment to you because of your acts or because you have failed to comply with the terms of this policy:

**(1)** The Loss Payee's rights will be transferred to us to the extent of the amount we pay; and

**(2)** The Loss Payee's right to recover the full amount of the Loss Payee's claim will not be impaired.

At our option, we may pay to the Loss Payee the whole principal on the debt plus any accrued interest. In this event, you will pay your remaining debt to us.

**3.** If we cancel this policy, we will give written notice to the Loss Payee at least:

**a.** 10 days before the effective date of cancellation if we cancel for your nonpayment of premium; or

**b.** 30 days before the effective date of cancellation if we cancel for any other reason.

**4.** If we do not renew this policy, we will give written notice to the Loss Payee at least 10 days before the expiration date of this policy.

**C. Contract Of Sale Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is a person or organization you have entered a contract with for the sale of Covered Property.

**2.** For Covered Property in which both you and the Loss Payee have an insurable interest, we will:

**a.** Adjust losses with you; and

**b.** Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**3.** The following is added to Paragraph **H. Other Insurance** in **Section III - Common Policy Conditions:**

For Covered Property that is the subject of a contract of sale, the word "you" includes the Loss Payee.

**D. Building Owner Loss Payable Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is the owner of the described building, in which you are a tenant.

**2.** We will adjust losses to the described building with the Loss Payee. Any loss payment made to the Loss Payee will satisfy your claims against us for the owner's property.

**3.** We will adjust losses to tenant's improvements and betterments with you, unless the lease provides otherwise.

POLICY NUMBER:

BUSINESSOWNERS
BP 12 03 01 10

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LOSS PAYABLE CLAUSES

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

## SCHEDULE



| Premises Number | Building Number | Applicable Clause (Indicate Paragraph A, B, C or D): |
|---|---|---|
| 2701 Macarthur Rd | | A |
| Whitehall | | |
| PA | | |
| 18052-3632 | | |

**Description of Property**

cellphone store

**Loss Payee (Name & Address)**

AVIVA LIFE AND ANNUITY COMPANY

7700 MILLS CIVIC PKWY

WEST DES MOINES, IA 50266

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

Nothing in this endorsement increases the applicable Limit of Insurance. We will not pay any Loss Payee more than their financial interest in the Covered Property, and we will not pay more than the applicable Limit of Insurance on the Covered Property.

The following is added to the **Loss Payment** Property Loss Condition in **Section I - Property**, as shown in the Declarations or in the Schedule:

**A. Loss Payable Clause**

For Covered Property in which both you and a Loss Payee shown in the Schedule or in the Declarations have an insurable interest, we will:

**1.** Adjust losses with you; and

**2.** Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**B. Lender's Loss Payable Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is a creditor, including a mortgageholder or trustee, whose interest in that Covered Property is established by such written instruments as:

**a.** Warehouse receipts;

**b.** A contract for deed;

**c.** Bills of lading;

**d.** Financing statements; or

**e.** Mortgages, deeds of trust, or security agreements.

**2.** For Covered Property in which both you and a Loss Payee have an insurable interest:

**a.** We will pay for covered loss or damage to each Loss Payee in their order of precedence, as interests may appear.

**BP 12 03 01 10**

© Insurance Services Office, Inc., 2009

**Page 1 of 2**

**b.** The Loss Payee has the right to receive loss payment even if the Loss Payee has started foreclosure for similar action on the Covered Property.

**c.** If we deny your claim because of your acts or because you have failed to comply with the terms of this policy, the Loss Payee will still have the right to receive loss payment if the Loss Payee:

    **(1)** Pays any premium due under this policy at our request if you have failed to do so;

    **(2)** Submits a signed, sworn proof of loss within 60 days after receiving notice from us of your failure to do so; and; and

    **(3)** Has notified us of any change in ownership, occupancy or substantial change in risk known to the Loss Payee.

All of the terms of **Section I - Property** will then apply directly to the Loss Payee.

**d.** If we pay the Loss Payee for any loss or damage and deny payment to you because of your acts or because you have failed to comply with the terms of this policy:

    **(1)** The Loss Payee's rights will be transferred to us to the extent of the amount we pay; and

    **(2)** The Loss Payee's right to recover the full amount of the Loss Payee's claim will not be impaired.

At our option, we may pay to the Loss Payee the whole principal on the debt plus any accrued interest. In this event, you will pay your remaining debt to us.

**3.** If we cancel this policy, we will give written notice to the Loss Payee at least:

    **a.** 10 days before the effective date of cancellation if we cancel for your nonpayment of premium; or

    **b.** 30 days before the effective date of cancellation if we cancel for any other reason.

**4.** If we do not renew this policy, we will give written notice to the Loss Payee at least 10 days before the expiration date of this policy.

**C. Contract Of Sale Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is a person or organization you have entered a contract with for the sale of Covered Property.

**2.** For Covered Property in which both you and the Loss Payee have an insurable interest, we will:

    **a.** Adjust losses with you; and

    **b.** Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**3.** The following is added to Paragraph **H. Other Insurance** in **Section III - Common Policy Conditions:**

For Covered Property that is the subject of a contract of sale, the word "you" includes the Loss Payee.

**D. Building Owner Loss Payable Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is the owner of the described building, in which you are a tenant.

**2.** We will adjust losses to the described building with the Loss Payee. Any loss payment made to the Loss Payee will satisfy your claims against us for the owner's property.

**3.** We will adjust losses to tenant's improvements and betterments with you, unless the lease provides otherwise.

©

POLICY NUMBER:                                                          **BUSINESSOWNERS**
                                                                       **BP 12 03 01 10**

**THIS ENDORSEMENT  CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LOSS PAYABLE CLAUSES

This endorsement  modifies  insurance  provided  under the following:

BUSINESSOWNERS  COVERAGE FORM

### SCHEDULE



| Premises Number | Building Number | | Applicable Clause (Indicate Paragraph A, B, C or D): |
|---|---|---|---|
| 11051 Spring Hill Dr | | | A |
| Spring Hill | | | |
| FL | | | |
| 34608-5049 | | | |

**Description  of Property**

cellphone store

**Loss Payee (Name & Address)**

ROSENFELD INVESTMENT LLC

7101 WISCONSIN AVE

BETHESDA, MD 20814

Information  required  to complete  this Schedule,  if not shown  above,  will  be shown  in the Declarations.

Nothing  in this endorsement  increases the applicable Limit of Insurance.  We will  not pay any Loss Payee more than their financial  interest  in the Covered  Property,  and we will  not pay more than the applicable  Limit of Insurance  on the Covered Property.

The following  is added to the **Loss Payment** Property Loss Condition  in **Section I - Property** , as shown in the Declarations  or in the Schedule:

**A.  Loss Payable Clause**

For Covered  Property  in which both you and a Loss Payee shown  in the Schedule  or in the Declarations  have an insurable  interest, we will:

**1.**  Adjust losses with you; and

**2.**  Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**B.  Lender's Loss Payable Clause**

**1.**  The Loss Payee shown  in the Schedule  or in the Declarations  is a creditor,  including a mortgageholder  or trustee, whose  interest  in that Covered  Property is established  by such written  instruments  as:

**a.**  Warehouse  receipts;

**b.**  A contract  for deed;

**c.**  Bills of lading;

**d.**  Financing  statements;  or

**e.**  Mortgages,  deeds of trust, or security  agreements.

**2.**  For Covered  Property  in which both you and a Loss Payee have an insurable  interest:

**a.**  We will  pay for covered loss or damage to each Loss Payee in their order of precedence,  as interests  may appear.

b. The Loss Payee has the right to receive loss payment even if the Loss Payee has started foreclosure for similar action on the Covered Property.

c. If we deny your claim because of your acts or because you have failed to comply with the terms of this policy, the Loss Payee will still have the right to receive loss payment if the Loss Payee:

(1) Pays any premium due under this policy at our request if you have failed to do so;

(2) Submits a signed, sworn proof of loss within 60 days after receiving notice from us of your failure to do so; and; and

(3) Has notified us of any change in ownership, occupancy or substantial change in risk known to the Loss Payee.

All of the terms of **Section I - Property** will then apply directly to the Loss Payee.

d. If we pay the Loss Payee for any loss or damage and deny payment to you because of your acts or because you have failed to comply with the terms of this policy:

(1) The Loss Payee's rights will be transferred to us to the extent of the amount we pay; and

(2) The Loss Payee's right to recover the full amount of the Loss Payee's claim will not be impaired.

At our option, we may pay to the Loss Payee the whole principal on the debt plus any accrued interest. In this event, you will pay your remaining debt to us.

3. If we cancel this policy, we will give written notice to the Loss Payee at least:

a. 10 days before the effective date of cancellation if we cancel for your nonpayment of premium; or

b. 30 days before the effective date of cancellation if we cancel for any other reason.

4. If we do not renew this policy, we will give written notice to the Loss Payee at least 10 days before the expiration date of this policy.

C. **Contract Of Sale Clause**

1. The Loss Payee shown in the Schedule or in the Declarations is a person or organization you have entered a contract with for the sale of Covered Property.

2. For Covered Property in which both you and the Loss Payee have an insurable interest, we will:

a. Adjust losses with you; and

b. Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

3. The following is added to Paragraph **H. Other Insurance** in **Section III - Common Policy Conditions:**

For Covered Property that is the subject of a contract of sale, the word "you" includes the Loss Payee.

D. **Building Owner Loss Payable Clause**

1. The Loss Payee shown in the Schedule or in the Declarations is the owner of the described building, in which you are a tenant.

2. We will adjust losses to the described building with the Loss Payee. Any loss payment made to the Loss Payee will satisfy your claims against us for the owner's property.

3. We will adjust losses to tenant's improvements and betterments with you, unless the lease provides otherwise.

POLICY NUMBER:                                                                                    **BUSINESSOWNERS**
                                                                                                 **BP 12 03 01 10**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LOSS PAYABLE CLAUSES

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

## SCHEDULE



| Premises Number | Building Number | Applicable Clause (Indicate Paragraph A, B, C or D): |
|---|---|---|
| 14312 Spring Hill Dr |  | A |
| Spring Hill FL 34609-5263 |  |  |

**Description of Property**

Cellphone Store

**Loss Payee (Name & Address)**

ROSENFELD INVESTMENT LLC

7101 WISCONSIN AVE

BETHESDA, MD 20814

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

Nothing in this endorsement increases the applicable Limit of Insurance. We will not pay any Loss Payee more than their financial interest in the Covered Property, and we will not pay more than the applicable Limit of Insurance on the Covered Property.

The following is added to the **Loss Payment** Property Loss Condition in **Section I - Property**, as shown in the Declarations or in the Schedule:

**A. Loss Payable Clause**

For Covered Property in which both you and a Loss Payee shown in the Schedule or in the Declarations have an insurable interest, we will:

**1.** Adjust losses with you; and

**2.** Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**B. Lender's Loss Payable Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is a creditor, including a mortgageholder or trustee, whose interest in that Covered Property is established by such written instruments as:

**a.** Warehouse receipts;

**b.** A contract for deed;

**c.** Bills of lading;

**d.** Financing statements; or

**e.** Mortgages, deeds of trust, or security agreements.

**2.** For Covered Property in which both you and a Loss Payee have an insurable interest:

**a.** We will pay for covered loss or damage to each Loss Payee in their order of precedence, as interests may appear.

**BP 12 03 01 10**                    © Insurance Services Office, Inc., 2009                    **Page 1 of 2**

**b.** The Loss Payee has the right to receive loss payment even if the Loss Payee has started foreclosure for similar action on the Covered Property.

**c.** If we deny your claim because of your acts or because you have failed to comply with the terms of this policy, the Loss Payee will still have the right to receive loss payment if the Loss Payee:

**(1)** Pays any premium due under this policy at our request if you have failed to do so;

**(2)** Submits a signed, sworn proof of loss within 60 days after receiving notice from us of your failure to do so; and; and

**(3)** Has notified us of any change in ownership, occupancy or substantial change in risk known to the Loss Payee.

All of the terms of **Section I - Property** will then apply directly to the Loss Payee.

**d.** If we pay the Loss Payee for any loss or damage and deny payment to you because of your acts or because you have failed to comply with the terms of this policy:

**(1)** The Loss Payee's rights will be transferred to us to the extent of the amount we pay; and

**(2)** The Loss Payee's right to recover the full amount of the Loss Payee's claim will not be impaired.

At our option, we may pay to the Loss Payee the whole principal on the debt plus any accrued interest. In this event, you will pay your remaining debt to us.

**3.** If we cancel this policy, we will give written notice to the Loss Payee at least:

**a.** 10 days before the effective date of cancellation if we cancel for your nonpayment of premium; or

**b.** 30 days before the effective date of cancellation if we cancel for any other reason.

**4.** If we do not renew this policy, we will give written notice to the Loss Payee at least 10 days before the expiration date of this policy.

**C. Contract Of Sale Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is a person or organization you have entered a contract with for the sale of Covered Property.

**2.** For Covered Property in which both you and the Loss Payee have an insurable interest, we will:

**a.** Adjust losses with you; and

**b.** Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**3.** The following is added to Paragraph **H. Other Insurance** in **Section III - Common Policy Conditions:**

For Covered Property that is the subject of a contract of sale, the word "you" includes the Loss Payee.

**D. Building Owner Loss Payable Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is the owner of the described building, in which you are a tenant.

**2.** We will adjust losses to the described building with the Loss Payee. Any loss payment made to the Loss Payee will satisfy your claims against us for the owner's property.

**3.** We will adjust losses to tenant's improvements and betterments with you, unless the lease provides otherwise.

Insurance Services Office, Inc., 2009
©

POLICY NUMBER:

**BUSINESSOWNERS
BP 12 03 01 10**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LOSS PAYABLE CLAUSES

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

## SCHEDULE



| Premises Number | Building Number | Applicable Clause (Indicate Paragraph A, B, C or D): |
|---|---|---|
| 4548 S Suncoast Blvd | | A |
| Homosassa FL 34446-1103 | | |

**Description of Property**

cellphone store

**Loss Payee (Name & Address)**

JBG/RETAIL MANAGEMENT LLC

4445 WILLARD AVE STE 400

CHEVY CHASE, MD 20815

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

Nothing in this endorsement increases the applicable Limit of Insurance. We will not pay any Loss Payee more than their financial interest in the Covered Property, and we will not pay more than the applicable Limit of Insurance on the Covered Property.

The following is added to the **Loss Payment** Property Loss Condition in **Section I - Property**, as shown in the Declarations or in the Schedule:

**A. Loss Payable Clause**

For Covered Property in which both you and a Loss Payee shown in the Schedule or in the Declarations have an insurable interest, we will:

1. Adjust losses with you; and

2. Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**B. Lender's Loss Payable Clause**

1. The Loss Payee shown in the Schedule or in the Declarations is a creditor, including a mortgageholder or trustee, whose interest in that Covered Property is established by such written instruments as:

   **a.** Warehouse receipts;

   **b.** A contract for deed;

   **c.** Bills of lading;

   **d.** Financing statements; or

   **e.** Mortgages, deeds of trust, or security agreements.

2. For Covered Property in which both you and a Loss Payee have an insurable interest:

   **a.** We will pay for covered loss or damage to each Loss Payee in their order of precedence, as interests may appear.

**BP 12 03 01 10**

© Insurance Services Office, Inc., 2009

**Page 1 of 2**

**b.** The Loss Payee has the right to receive loss payment even if the Loss Payee has started foreclosure for similar action on the Covered Property.

**c.** If we deny your claim because of your acts or because you have failed to comply with the terms of this policy, the Loss Payee will still have the right to receive loss payment if the Loss Payee:

**(1)** Pays any premium due under this policy at our request if you have failed to do so;

**(2)** Submits a signed, sworn proof of loss within 60 days after receiving notice from us of your failure to do so; and; and

**(3)** Has notified us of any change in ownership, occupancy or substantial change in risk known to the Loss Payee.

All of the terms of **Section I - Property** will then apply directly to the Loss Payee.

**d.** If we pay the Loss Payee for any loss or damage and deny payment to you because of your acts or because you have failed to comply with the terms of this policy:

**(1)** The Loss Payee's rights will be transferred to us to the extent of the amount we pay; and

**(2)** The Loss Payee's right to recover the full amount of the Loss Payee's claim will not be impaired.

At our option, we may pay to the Loss Payee the whole principal on the debt plus any accrued interest. In this event, you will pay your remaining debt to us.

**3.** If we cancel this policy, we will give written notice to the Loss Payee at least:

**a.** 10 days before the effective date of cancellation if we cancel for your nonpayment of premium; or

**b.** 30 days before the effective date of cancellation if we cancel for any other reason.

**4.** If we do not renew this policy, we will give written notice to the Loss Payee at least 10 days before the expiration date of this policy.

**C. Contract Of Sale Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is a person or organization you have entered a contract with for the sale of Covered Property.

**2.** For Covered Property in which both you and the Loss Payee have an insurable interest, we will:

**a.** Adjust losses with you; and

**b.** Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**3.** The following is added to Paragraph **H. Other Insurance** in **Section III - Common Policy Conditions:**

For Covered Property that is the subject of a contract of sale, the word "you" includes the Loss Payee.

**D. Building Owner Loss Payable Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is the owner of the described building, in which you are a tenant.

**2.** We will adjust losses to the described building with the Loss Payee. Any loss payment made to the Loss Payee will satisfy your claims against us for the owner's property.

**3.** We will adjust losses to tenant's improvements and betterments with you, unless the lease provides otherwise.

©

POLICY NUMBER:  **BUSINESSOWNERS**
**BP 12 03 01 10**

**THIS ENDORSEMENT  CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LOSS PAYABLE CLAUSES

This endorsement  modifies insurance provided  under the following:

BUSINESSOWNERS  COVERAGE FORM

**SCHEDULE**




| Premises<br>Number | Building<br>Number | Applicable Clause<br>(Indicate Paragraph<br>A, B, C or D): |
|---|---|---|
| 4548 S Suncoast Blvd<br><br>Homosassa<br>FL<br>34446-1103 | | A |

**Description  of Property**

cellphone store

**Loss Payee (Name & Address)**

ROSENFELD INVESTMENT LLC

7101 WISCONSIN AVE

BETHESDA, MD 20814

Information  required to complete  this Schedule, if not shown  above,  will  be shown  in the Declarations.

Nothing  in this endorsement  increases the applicable Limit of Insurance. We will  not pay any Loss Payee more than their financial  interest  in the Covered Property,  and we will  not pay more than the applicable  Limit of Insurance  on the Covered Property.

The following  is added to the **Loss Payment** Property Loss Condition  in **Section I - Property** , as shown in the Declarations  or in the Schedule:

**A. Loss Payable Clause**

For Covered Property in which both you and a Loss Payee shown  in the Schedule or in the Declarations  have an insurable  interest, we will:

**1.** Adjust  losses with you; and

**2.** Pay any claim  for loss or damage jointly to you  and the Loss Payee, as interests may appear.

**B. Lender's Loss Payable Clause**

**1.** The Loss Payee shown  in the Schedule or in the Declarations  is a creditor,  including a mortgageholder  or trustee, whose  interest  in that Covered Property is established  by such written  instruments  as:

**a.** Warehouse  receipts;

**b.** A contract  for deed;

**c.** Bills of lading;

**d.** Financing  statements;  or

**e.** Mortgages,  deeds of trust, or security  agreements.

**2.** For Covered Property in which both you and a Loss Payee have an insurable  interest:

**a.** We will  pay for covered loss or damage to each Loss Payee in their order of precedence, as interests  may appear.

**b.** The Loss Payee has the right to receive loss payment even if the Loss Payee has started foreclosure for similar action on the Covered Property.

**c.** If we deny your claim because of your acts or because you have failed to comply with the terms of this policy, the Loss Payee will still have the right to receive loss payment if the Loss Payee:

**(1)** Pays any premium due under this policy at our request if you have failed to do so;

**(2)** Submits a signed, sworn proof of loss within 60 days after receiving notice from us of your failure to do so; and; and

**(3)** Has notified us of any change in ownership, occupancy or substantial change in risk known to the Loss Payee.

All of the terms of **Section I - Property** will then apply directly to the Loss Payee.

**d.** If we pay the Loss Payee for any loss or damage and deny payment to you because of your acts or because you have failed to comply with the terms of this policy:

**(1)** The Loss Payee's rights will be transferred to us to the extent of the amount we pay; and

**(2)** The Loss Payee's right to recover the full amount of the Loss Payee's claim will not be impaired.

At our option, we may pay to the Loss Payee the whole principal on the debt plus any accrued interest. In this event, you will pay your remaining debt to us.

**3.** If we cancel this policy, we will give written notice to the Loss Payee at least:

**a.** 10 days before the effective date of cancellation if we cancel for your nonpayment of premium; or

**b.** 30 days before the effective date of cancellation if we cancel for any other reason.

**4.** If we do not renew this policy, we will give written notice to the Loss Payee at least 10 days before the expiration date of this policy.

**C. Contract Of Sale Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is a person or organization you have entered a contract with for the sale of Covered Property.

**2.** For Covered Property in which both you and the Loss Payee have an insurable interest, we will:

**a.** Adjust losses with you; and

**b.** Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**3.** The following is added to Paragraph **H. Other Insurance** in **Section III - Common Policy Conditions:**

For Covered Property that is the subject of a contract of sale, the word "you" includes the Loss Payee.

**D. Building Owner Loss Payable Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is the owner of the described building, in which you are a tenant.

**2.** We will adjust losses to the described building with the Loss Payee. Any loss payment made to the Loss Payee will satisfy your claims against us for the owner's property.

**3.** We will adjust losses to tenant's improvements and betterments with you, unless the lease provides otherwise.

POLICY NUMBER:

BUSINESSOWNERS
BP 12 03 01 10

**THIS ENDORSEMENT  CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LOSS PAYABLE CLAUSES

This endorsement  modifies  insurance  provided  under the following:

BUSINESSOWNERS  COVERAGE FORM

## SCHEDULE



| Premises Number | Building Number | | Applicable Clause (Indicate Paragraph A, B, C or D): |
|---|---|---|---|
| 5284 Randolph Rd | | | A |
| Rockville | | | |
| MD | | | |
| 20852-2116 | | | |

**Description  of Property**

cellphone store

**Loss Payee (Name & Address)**

AVIVA LIFE AND ANNUITY COMPANY

7700 MILLS CIVIC PKWY

WEST DES MOINES, IA 50266

Information  required  to complete  this Schedule, if not shown  above, will  be shown  in the Declarations.

Nothing in this endorsement  increases the applicable Limit of Insurance. We will not pay any Loss Payee more than their financial interest in the Covered Property, and we will not pay more than the applicable  Limit of Insurance on the Covered Property.

The following  is added to the **Loss Payment** Property Loss Condition in **Section I - Property** , as shown in the Declarations  or in the Schedule:

**A. Loss Payable Clause**

For Covered Property in which both you and a Loss Payee shown in the Schedule or in the Declarations have an insurable  interest, we will:

**1.** Adjust  losses with you; and

**2.** Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**B. Lender's Loss Payable Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations  is a creditor, including a mortgageholder  or trustee, whose interest in that Covered Property is established by such written instruments as:

**a.** Warehouse  receipts;

**b.** A contract  for deed;

**c.** Bills of lading;

**d.** Financing  statements;  or

**e.** Mortgages,  deeds of trust, or security agreements.

**2.** For Covered Property in which both you and a Loss Payee have an insurable  interest:

**a.** We will pay for covered loss or damage to each Loss Payee in their order of precedence, as interests may appear.

b. The Loss Payee has the right to receive loss payment even if the Loss Payee has started foreclosure for similar action on the Covered Property.

c. If we deny your claim because of your acts or because you have failed to comply with the terms of this policy, the Loss Payee will still have the right to receive loss payment if the Loss Payee:

  (1) Pays any premium due under this policy at our request if you have failed to do so;

  (2) Submits a signed, sworn proof of loss within 60 days after receiving notice from us of your failure to do so; and; and

  (3) Has notified us of any change in ownership, occupancy or substantial change in risk known to the Loss Payee.

  All of the terms of **Section I - Property** will then apply directly to the Loss Payee.

d. If we pay the Loss Payee for any loss or damage and deny payment to you because of your acts or because you have failed to comply with the terms of this policy:

  (1) The Loss Payee's rights will be transferred to us to the extent of the amount we pay; and

  (2) The Loss Payee's right to recover the full amount of the Loss Payee's claim will not be impaired.

  At our option, we may pay to the Loss Payee the whole principal on the debt plus any accrued interest. In this event, you will pay your remaining debt to us.

3. If we cancel this policy, we will give written notice to the Loss Payee at least:

  a. 10 days before the effective date of cancellation if we cancel for your nonpayment of premium; or

  b. 30 days before the effective date of cancellation if we cancel for any other reason.

4. If we do not renew this policy, we will give written notice to the Loss Payee at least 10 days before the expiration date of this policy.

**C. Contract Of Sale Clause**

1. The Loss Payee shown in the Schedule or in the Declarations is a person or organization you have entered a contract with for the sale of Covered Property.

2. For Covered Property in which both you and the Loss Payee have an insurable interest, we will:

  a. Adjust losses with you; and

  b. Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

3. The following is added to Paragraph **H. Other Insurance** in **Section III - Common Policy Conditions:**

  For Covered Property that is the subject of a contract of sale, the word "you" includes the Loss Payee.

**D. Building Owner Loss Payable Clause**

1. The Loss Payee shown in the Schedule or in the Declarations is the owner of the described building, in which you are a tenant.

2. We will adjust losses to the described building with the Loss Payee. Any loss payment made to the Loss Payee will satisfy your claims against us for the owner's property.

3. We will adjust losses to tenant's improvements and betterments with you, unless the lease provides otherwise.

POLICY NUMBER:

**BUSINESSOWNERS**
**BP 12 03 01 10**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LOSS PAYABLE CLAUSES

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

**SCHEDULE**

| Premises Number | Building Number | | Applicable Clause (Indicate Paragraph A, B, C or D): |
|---|---|---|---|
| 114 E Patapsco Ave | | | A |
| Brooklyn MD 21225-1745 | | | |

**Description of Property**

cellphone store

**Loss Payee (Name & Address)**

AVIVA LIFE AND ANNUITY COMPANY

7700 MILLS CIVIC PKWY

WEST DES MOINES, IA 50266

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

Nothing in this endorsement increases the applicable Limit of Insurance. We will not pay any Loss Payee more than their financial interest in the Covered Property, and we will not pay more than the applicable Limit of Insurance on the Covered Property.

The following is added to the **Loss Payment** Property Loss Condition in **Section I - Property**, as shown in the Declarations or in the Schedule:

**A. Loss Payable Clause**

For Covered Property in which both you and a Loss Payee shown in the Schedule or in the Declarations have an insurable interest, we will:

1. Adjust losses with you; and

2. Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**B. Lender's Loss Payable Clause**

1. The Loss Payee shown in the Schedule or in the Declarations is a creditor, including a mortgageholder or trustee, whose interest in that Covered Property is established by such written instruments as:

   a. Warehouse receipts;

   b. A contract for deed;

   c. Bills of lading;

   d. Financing statements; or

   e. Mortgages, deeds of trust, or security agreements.

2. For Covered Property in which both you and a Loss Payee have an insurable interest:

   a. We will pay for covered loss or damage to each Loss Payee in their order of precedence, as interests may appear.

**b.** The Loss Payee has the right to receive loss payment even if the Loss Payee has started foreclosure for similar action on the Covered Property.

**c.** If we deny your claim because of your acts or because you have failed to comply with the terms of this policy, the Loss Payee will still have the right to receive loss payment if the Loss Payee:

**(1)** Pays any premium due under this policy at our request if you have failed to do so;

**(2)** Submits a signed, sworn proof of loss within 60 days after receiving notice from us of your failure to do so; and; and

**(3)** Has notified us of any change in ownership, occupancy or substantial change in risk known to the Loss Payee.

All of the terms of **Section I - Property** will then apply directly to the Loss Payee.

**d.** If we pay the Loss Payee for any loss or damage and deny payment to you because of your acts or because you have failed to comply with the terms of this policy:

**(1)** The Loss Payee's rights will be transferred to us to the extent of the amount we pay; and

**(2)** The Loss Payee's right to recover the full amount of the Loss Payee's claim will not be impaired.

At our option, we may pay to the Loss Payee the whole principal on the debt plus any accrued interest. In this event, you will pay your remaining debt to us.

**3.** If we cancel this policy, we will give written notice to the Loss Payee at least:

**a.** 10 days before the effective date of cancellation if we cancel for your nonpayment of premium; or

**b.** 30 days before the effective date of cancellation if we cancel for any other reason.

**4.** If we do not renew this policy, we will give written notice to the Loss Payee at least 10 days before the expiration date of this policy.

**C. Contract Of Sale Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is a person or organization you have entered a contract with for the sale of Covered Property.

**2.** For Covered Property in which both you and the Loss Payee have an insurable interest, we will:

**a.** Adjust losses with you; and

**b.** Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**3.** The following is added to Paragraph **H. Other Insurance** in **Section III - Common Policy Conditions:**

For Covered Property that is the subject of a contract of sale, the word "you" includes the Loss Payee.

**D. Building Owner Loss Payable Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is the owner of the described building, in which you are a tenant.

**2.** We will adjust losses to the described building with the Loss Payee. Any loss payment made to the Loss Payee will satisfy your claims against us for the owner's property.

**3.** We will adjust losses to tenant's improvements and betterments with you, unless the lease provides otherwise.

POLICY NUMBER:                                                                    **BUSINESSOWNERS**
                                                                                 **BP 12 03 01 10**

**THIS ENDORSEMENT  CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LOSS PAYABLE CLAUSES

This endorsement  modifies  insurance  provided  under the following:

BUSINESSOWNERS  COVERAGE FORM

**SCHEDULE**



| Premises Number | Building Number | Applicable Clause (Indicate Paragraph A, B, C or D): |
|---|---|---|
| 9846 Liberty Rd | | A |
| Randallstown MD 21133-2007 | | |

**Description  of Property**

cellphone store

**Loss Payee (Name & Address)**

JBG/RETAIL MANAGEMENT LLC

4445 WILLARD AVE STE 400

CHEVY CHASE, MD 20815

Information  required  to complete  this Schedule,  if not shown  above,  will  be shown  in the Declarations.

Nothing  in this endorsement  increases the appli-cable Limit of Insurance.  We will  not pay any Loss Payee more  than their  financial  interest  in the Covered  Property,  and we will  not pay more than the applicable  Limit of Insurance on the Covered Property.

The following  is added to the **Loss Payment** Prop-erty Loss Condition  in **Section  I - Property**,  as shown  in the Declarations  or in the Schedule:

**A.  Loss Payable Clause**

For Covered  Property  in which  both you and a Loss Payee shown  in the Schedule  or in the Declarations  have an insurable  interest,  we will:

**1.** Adjust  losses with you; and

**2.** Pay any claim  for loss or damage jointly to you and the Loss Payee, as interests may appear.

**B.  Lender's Loss Payable Clause**

**1.** The Loss Payee shown  in the Schedule or in the Declarations  is a creditor,  including a mortgageholder  or trustee, whose in-terest  in that Covered  Property  is estab-lished by such written  instruments  as:

**a.** Warehouse  receipts;

**b.** A contract  for deed;

**c.** Bills of lading;

**d.** Financing  statements;  or

**e.** Mortgages,  deeds of trust, or secu-rity agreements.

**2.** For Covered  Property  in which  both you and a Loss Payee have an insurable  inter-est:

**a.** We will  pay for covered loss or dam-age to each Loss Payee in their  order of precedence,  as interests  may ap-pear.

**b.** The Loss Payee has the right to receive loss payment even if the Loss Payee has started foreclosure for similar action on the Covered Property.

**c.** If we deny your claim because of your acts or because you have failed to comply with the terms of this policy, the Loss Payee will still have the right to receive loss payment if the Loss Payee:

**(1)** Pays any premium due under this policy at our request if you have failed to do so;

**(2)** Submits a signed, sworn proof of loss within 60 days after receiving notice from us of your failure to do so; and; and

**(3)** Has notified us of any change in ownership, occupancy or substantial change in risk known to the Loss Payee.

All of the terms of **Section I - Property** will then apply directly to the Loss Payee.

**d.** If we pay the Loss Payee for any loss or damage and deny payment to you because of your acts or because you have failed to comply with the terms of this policy:

**(1)** The Loss Payee's rights will be transferred to us to the extent of the amount we pay; and

**(2)** The Loss Payee's right to recover the full amount of the Loss Payee's claim will not be impaired.

At our option, we may pay to the Loss Payee the whole principal on the debt plus any accrued interest. In this event, you will pay your remaining debt to us.

**3.** If we cancel this policy, we will give written notice to the Loss Payee at least:

**a.** 10 days before the effective date of cancellation if we cancel for your nonpayment of premium; or

**b.** 30 days before the effective date of cancellation if we cancel for any other reason.

**4.** If we do not renew this policy, we will give written notice to the Loss Payee at least 10 days before the expiration date of this policy.

**C. Contract Of Sale Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is a person or organization you have entered a contract with for the sale of Covered Property.

**2.** For Covered Property in which both you and the Loss Payee have an insurable interest, we will:

**a.** Adjust losses with you; and

**b.** Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**3.** The following is added to Paragraph **H. Other Insurance** in **Section III - Common Policy Conditions:**

For Covered Property that is the subject of a contract of sale, the word "you" includes the Loss Payee.

**D. Building Owner Loss Payable Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is the owner of the described building, in which you are a tenant.

**2.** We will adjust losses to the described building with the Loss Payee. Any loss payment made to the Loss Payee will satisfy your claims against us for the owner's property.

**3.** We will adjust losses to tenant's improvements and betterments with you, unless the lease provides otherwise.

POLICY NUMBER:

**BUSINESSOWNERS**
**BP 12 03 01 10**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LOSS PAYABLE CLAUSES

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

## SCHEDULE



| Premises Number | Building Number | Applicable Clause (Indicate Paragraph A, B, C or D): |
|---|---|---|
| 2501 Paxton St | | A |
| Harrisburg | | |
| PA | | |
| 17111-1034 | | |

**Description of Property**

cellphone store

**Loss Payee (Name & Address)**

JBG/RETAIL MANAGEMENT LLC

4445 WILLARD AVE STE 400

CHEVY CHASE, MD 20815

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

Nothing in this endorsement increases the applicable Limit of Insurance. We will not pay any Loss Payee more than their financial interest in the Covered Property, and we will not pay more than the applicable Limit of Insurance on the Covered Property.

The following is added to the **Loss Payment** Property Loss Condition in **Section I - Property**, as shown in the Declarations or in the Schedule:

**A. Loss Payable Clause**

For Covered Property in which both you and a Loss Payee shown in the Schedule or in the Declarations have an insurable interest, we will:

**1.** Adjust losses with you; and

**2.** Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**B. Lender's Loss Payable Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is a creditor, including a mortgageholder or trustee, whose interest in that Covered Property is established by such written instruments as:

**a.** Warehouse receipts;

**b.** A contract for deed;

**c.** Bills of lading;

**d.** Financing statements; or

**e.** Mortgages, deeds of trust, or security agreements.

**2.** For Covered Property in which both you and a Loss Payee have an insurable interest:

**a.** We will pay for covered loss or damage to each Loss Payee in their order of precedence, as interests may appear.

**BP 12 03 01 10**

© Insurance Services Office, Inc., 2009

**Page 1 of 2**

**b.** The Loss Payee has the right to receive loss payment even if the Loss Payee has started foreclosure for similar action on the Covered Property.

**c.** If we deny your claim because of your acts or because you have failed to comply with the terms of this policy, the Loss Payee will still have the right to receive loss payment if the Loss Payee:

**(1)** Pays any premium due under this policy at our request if you have failed to do so;

**(2)** Submits a signed, sworn proof of loss within 60 days after receiving notice from us of your failure to do so; and; and

**(3)** Has notified us of any change in ownership, occupancy or substantial change in risk known to the Loss Payee.

All of the terms of **Section I - Property** will then apply directly to the Loss Payee.

**d.** If we pay the Loss Payee for any loss or damage and deny payment to you because of your acts or because you have failed to comply with the terms of this policy:

**(1)** The Loss Payee's rights will be transferred to us to the extent of the amount we pay; and

**(2)** The Loss Payee's right to recover the full amount of the Loss Payee's claim will not be impaired.

At our option, we may pay to the Loss Payee the whole principal on the debt plus any accrued interest. In this event, you will pay your remaining debt to us.

**3.** If we cancel this policy, we will give written notice to the Loss Payee at least:

**a.** 10 days before the effective date of cancellation if we cancel for your nonpayment of premium; or

**b.** 30 days before the effective date of cancellation if we cancel for any other reason.

**4.** If we do not renew this policy, we will give written notice to the Loss Payee at least 10 days before the expiration date of this policy.

**C. Contract Of Sale Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is a person or organization you have entered a contract with for the sale of Covered Property.

**2.** For Covered Property in which both you and the Loss Payee have an insurable interest, we will:

**a.** Adjust losses with you; and

**b.** Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**3.** The following is added to Paragraph **H. Other Insurance** in **Section III - Common Policy Conditions:**

For Covered Property that is the subject of a contract of sale, the word "you" includes the Loss Payee.

**D. Building Owner Loss Payable Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is the owner of the described building, in which you are a tenant.

**2.** We will adjust losses to the described building with the Loss Payee. Any loss payment made to the Loss Payee will satisfy your claims against us for the owner's property.

**3.** We will adjust losses to tenant's improvements and betterments with you, unless the lease provides otherwise.

Insurance Services Office, Inc., 2009

POLICY NUMBER:

**BUSINESSOWNERS
BP 12 03 01 10**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LOSS PAYABLE CLAUSES

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

**SCHEDULE**

| Premises Number | Building Number | | Applicable Clause (Indicate Paragraph A, B, C or D): |
|---|---|---|---|
| 224 N Eutaw St | | | A |
| Baltimore MD 21201-1709 | | | |

**Description of Property**

Cellphone Store

**Loss Payee (Name & Address)**

ROSENFELD INVESTMENT LLC

7101 WISCONSIN AVE

BETHESDA, MD 20814

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

Nothing in this endorsement increases the applicable Limit of Insurance. We will not pay any Loss Payee more than their financial interest in the Covered Property, and we will not pay more than the applicable Limit of Insurance on the Covered Property.

The following is added to the **Loss Payment** Property Loss Condition in **Section I - Property**, as shown in the Declarations or in the Schedule:

**A. Loss Payable Clause**

For Covered Property in which both you and a Loss Payee shown in the Schedule or in the Declarations have an insurable interest, we will:

**1.** Adjust losses with you; and

**2.** Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**B. Lender's Loss Payable Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is a creditor, including a mortgageholder or trustee, whose interest in that Covered Property is established by such written instruments as:

**a.** Warehouse receipts;

**b.** A contract for deed;

**c.** Bills of lading;

**d.** Financing statements; or

**e.** Mortgages, deeds of trust, or security agreements.

**2.** For Covered Property in which both you and a Loss Payee have an insurable interest:

**a.** We will pay for covered loss or damage to each Loss Payee in their order of precedence, as interests may appear.

b. The Loss Payee has the right to receive loss payment even if the Loss Payee has started foreclosure for similar action on the Covered Property.

c. If we deny your claim because of your acts or because you have failed to comply with the terms of this policy, the Loss Payee will still have the right to receive loss payment if the Loss Payee:

   (1) Pays any premium due under this policy at our request if you have failed to do so;

   (2) Submits a signed, sworn proof of loss within 60 days after receiving notice from us of your failure to do so; and; and

   (3) Has notified us of any change in ownership, occupancy or substantial change in risk known to the Loss Payee.

   All of the terms of **Section I - Property** will then apply directly to the Loss Payee.

d. If we pay the Loss Payee for any loss or damage and deny payment to you because of your acts or because you have failed to comply with the terms of this policy:

   (1) The Loss Payee's rights will be transferred to us to the extent of the amount we pay; and

   (2) The Loss Payee's right to recover the full amount of the Loss Payee's claim will not be impaired.

   At our option, we may pay to the Loss Payee the whole principal on the debt plus any accrued interest. In this event, you will pay your remaining debt to us.

3. If we cancel this policy, we will give written notice to the Loss Payee at least:

   a. 10 days before the effective date of cancellation if we cancel for your nonpayment of premium; or

   b. 30 days before the effective date of cancellation if we cancel for any other reason.

4. If we do not renew this policy, we will give written notice to the Loss Payee at least 10 days before the expiration date of this policy.

**C. Contract Of Sale Clause**

1. The Loss Payee shown in the Schedule or in the Declarations is a person or organization you have entered a contract with for the sale of Covered Property.

2. For Covered Property in which both you and the Loss Payee have an insurable interest, we will:

   a. Adjust losses with you; and

   b. Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

3. The following is added to Paragraph **H. Other Insurance** in **Section III - Common Policy Conditions:**

   For Covered Property that is the subject of a contract of sale, the word "you" includes the Loss Payee.

**D. Building Owner Loss Payable Clause**

1. The Loss Payee shown in the Schedule or in the Declarations is the owner of the described building, in which you are a tenant.

2. We will adjust losses to the described building with the Loss Payee. Any loss payment made to the Loss Payee will satisfy your claims against us for the owner's property.

3. We will adjust losses to tenant's improvements and betterments with you, unless the lease provides otherwise.

POLICY NUMBER:

**BUSINESSOWNERS
BP 12 03 01 10**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LOSS PAYABLE CLAUSES

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

## SCHEDULE



| Premises Number | Building Number | Applicable Clause (Indicate Paragraph A, B, C or D): |
|---|---|---|
| 3222 Greenmount Ave | | A |
| Baltimore MD 21218-3438 | | |

**Description of Property**

cellphone store

**Loss Payee (Name & Address)**

AVIVA LIFE AND ANNUITY COMPANY

7700 MILLS CIVIC PKWY

WEST DES MOINES, IA 50266

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

Nothing in this endorsement increases the applicable Limit of Insurance. We will not pay any Loss Payee more than their financial interest in the Covered Property, and we will not pay more than the applicable Limit of Insurance on the Covered Property.

The following is added to the **Loss Payment** Property Loss Condition in **Section I - Property**, as shown in the Declarations or in the Schedule:

**A. Loss Payable Clause**

For Covered Property in which both you and a Loss Payee shown in the Schedule or in the Declarations have an insurable interest, we will:

1. Adjust losses with you; and
2. Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**B. Lender's Loss Payable Clause**

1. The Loss Payee shown in the Schedule or in the Declarations is a creditor, including a mortgageholder or trustee, whose interest in that Covered Property is established by such written instruments as:

   a. Warehouse receipts;
   b. A contract for deed;
   c. Bills of lading;
   d. Financing statements; or
   e. Mortgages, deeds of trust, or security agreements.

2. For Covered Property in which both you and a Loss Payee have an insurable interest:

   a. We will pay for covered loss or damage to each Loss Payee in their order of precedence, as interests may appear.

**BP 12 03 01 10**

© Insurance Services Office, Inc., 2009

**Page 1 of 2**

b. The Loss Payee has the right to receive loss payment even if the Loss Payee has started foreclosure for similar action on the Covered Property.

c. If we deny your claim because of your acts or because you have failed to comply with the terms of this policy, the Loss Payee will still have the right to receive loss payment if the Loss Payee:

(1) Pays any premium due under this policy at our request if you have failed to do so;

(2) Submits a signed, sworn proof of loss within 60 days after receiving notice from us of your failure to do so; and; and

(3) Has notified us of any change in ownership, occupancy or substantial change in risk known to the Loss Payee.

All of the terms of **Section I - Property** will then apply directly to the Loss Payee.

d. If we pay the Loss Payee for any loss or damage and deny payment to you because of your acts or because you have failed to comply with the terms of this policy:

(1) The Loss Payee's rights will be transferred to us to the extent of the amount we pay; and

(2) The Loss Payee's right to recover the full amount of the Loss Payee's claim will not be impaired.

At our option, we may pay to the Loss Payee the whole principal on the debt plus any accrued interest. In this event, you will pay your remaining debt to us.

3. If we cancel this policy, we will give written notice to the Loss Payee at least:

a. 10 days before the effective date of cancellation if we cancel for your nonpayment of premium; or

b. 30 days before the effective date of cancellation if we cancel for any other reason.

4. If we do not renew this policy, we will give written notice to the Loss Payee at least 10 days before the expiration date of this policy.

**C. Contract Of Sale Clause**

1. The Loss Payee shown in the Schedule or in the Declarations is a person or organization you have entered a contract with for the sale of Covered Property.

2. For Covered Property in which both you and the Loss Payee have an insurable interest, we will:

a. Adjust losses with you; and

b. Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

3. The following is added to Paragraph **H. Other Insurance** in **Section III - Common Policy Conditions:**

For Covered Property that is the subject of a contract of sale, the word "you" includes the Loss Payee.

**D. Building Owner Loss Payable Clause**

1. The Loss Payee shown in the Schedule or in the Declarations is the owner of the described building, in which you are a tenant.

2. We will adjust losses to the described building with the Loss Payee. Any loss payment made to the Loss Payee will satisfy your claims against us for the owner's property.

3. We will adjust losses to tenant's improvements and betterments with you, unless the lease provides otherwise.

Insurance Services Office, Inc., 2009
©

POLICY NUMBER:

**BUSINESSOWNERS
BP 12 03 01 10**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LOSS PAYABLE CLAUSES

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

## SCHEDULE

| Premises Number | Building Number | | Applicable Clause (Indicate Paragraph A, B, C or D): |
|---|---|---|---|
| 10610 Baltimore Ave Unit B | | | A |

Beltsville
MD
20705-2142

**Description of Property**

cellphone store

**Loss Payee (Name & Address)**

JBG/RETAIL MANAGEMENT LLC

4445 WILLARD AVE STE 400

CHEVY CHASE, MD 20815

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.



Nothing in this endorsement increases the applicable Limit of Insurance. We will not pay any Loss Payee more than their financial interest in the Covered Property, and we will not pay more than the applicable Limit of Insurance on the Covered Property.

The following is added to the **Loss Payment** Property Loss Condition in **Section I - Property**, as shown in the Declarations or in the Schedule:

**A. Loss Payable Clause**

For Covered Property in which both you and a Loss Payee shown in the Schedule or in the Declarations have an insurable interest, we will:

1. Adjust losses with you; and
2. Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**B. Lender's Loss Payable Clause**

1. The Loss Payee shown in the Schedule or in the Declarations is a creditor, including a mortgageholder or trustee, whose interest in that Covered Property is established by such written instruments as:
   a. Warehouse receipts;
   b. A contract for deed;
   c. Bills of lading;
   d. Financing statements; or
   e. Mortgages, deeds of trust, or security agreements.
2. For Covered Property in which both you and a Loss Payee have an insurable interest:
   a. We will pay for covered loss or damage to each Loss Payee in their order of precedence, as interests may appear.

**BP 12 03 01 10**

© Insurance Services Office, Inc., 2009

**Page 1 of 2**

**b.** The Loss Payee has the right to receive loss payment even if the Loss Payee has started foreclosure or similar action on the Covered Property.

**c.** If we deny your claim because of your acts or because you have failed to comply with the terms of this policy, the Loss Payee will still have the right to receive loss payment if the Loss Payee:

   **(1)** Pays any premium due under this policy at our request if you have failed to do so;

   **(2)** Submits a signed, sworn proof of loss within 60 days after receiving notice from us of your failure to do so; and; and

   **(3)** Has notified us of any change in ownership, occupancy or substantial change in risk known to the Loss Payee.

   All of the terms of **Section I - Property** will then apply directly to the Loss Payee.

**d.** If we pay the Loss Payee for any loss or damage and deny payment to you because of your acts or because you have failed to comply with the terms of this policy:

   **(1)** The Loss Payee's rights will be transferred to us to the extent of the amount we pay; and

   **(2)** The Loss Payee's right to recover the full amount of the Loss Payee's claim will not be impaired.

   At our option, we may pay to the Loss Payee the whole principal on the debt plus any accrued interest. In this event, you will pay your remaining debt to us.

**3.** If we cancel this policy, we will give written notice to the Loss Payee at least:

   **a.** 10 days before the effective date of cancellation if we cancel for your nonpayment of premium; or

   **b.** 30 days before the effective date of cancellation if we cancel for any other reason.

**4.** If we do not renew this policy, we will give written notice to the Loss Payee at least 10 days before the expiration date of this policy.

**C. Contract Of Sale Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is a person or organization you have entered a contract with for the sale of Covered Property.

**2.** For Covered Property in which both you and the Loss Payee have an insurable interest, we will:

   **a.** Adjust losses with you; and

   **b.** Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**3.** The following is added to Paragraph **H. Other Insurance** in **Section III - Common Policy Conditions:**

   For Covered Property that is the subject of a contract of sale, the word "you" includes the Loss Payee.

**D. Building Owner Loss Payable Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is the owner of the described building, in which you are a tenant.

**2.** We will adjust losses to the described building with the Loss Payee. Any loss payment made to the Loss Payee will satisfy your claims against us for the owner's property.

**3.** We will adjust losses to tenant's improvements and betterments with you, unless the lease provides otherwise.

POLICY NUMBER:

BUSINESSOWNERS
**BP 12 03 01 10**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LOSS PAYABLE CLAUSES

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

## SCHEDULE



| Premises Number | Building Number | | Applicable Clause (Indicate Paragraph A, B, C or D): |
|---|---|---|---|
| 2463 Chillum Rd A-15 | | | A |

HYATTSVILLE
MD
20782

**Description of Property**

cellphone store

**Loss Payee (Name & Address)**

AVIVA LIFE AND ANNUITY COMPANY

7700 MILLS CIVIC PKWY

WEST DES MOINES, IA 50266

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

Nothing in this endorsement increases the applicable Limit of Insurance. We will not pay any Loss Payee more than their financial interest in the Covered Property, and we will not pay more than the applicable Limit of Insurance on the Covered Property.

The following is added to the **Loss Payment** Property Loss Condition in **Section I - Property**, as shown in the Declarations or in the Schedule:

**A. Loss Payable Clause**

For Covered Property in which both you and a Loss Payee shown in the Schedule or in the Declarations have an insurable interest, we will:

1. Adjust losses with you; and

2. Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**B. Lender's Loss Payable Clause**

1. The Loss Payee shown in the Schedule or in the Declarations is a creditor, including a mortgageholder or trustee, whose interest in that Covered Property is established by such written instruments as:

   a. Warehouse receipts;

   b. A contract for deed;

   c. Bills of lading;

   d. Financing statements; or

   e. Mortgages, deeds of trust, or security agreements.

2. For Covered Property in which both you and a Loss Payee have an insurable interest:

   a. We will pay for covered loss or damage to each Loss Payee in their order of precedence, as interests may appear.

© Insurance Services Office, Inc., 2009

**b.** The Loss Payee has the right to receive loss payment even if the Loss Payee has started foreclosure for similar action on the Covered Property.

**c.** If we deny your claim because of your acts or because you have failed to comply with the terms of this policy, the Loss Payee will still have the right to receive loss payment if the Loss Payee:

**(1)** Pays any premium due under this policy at our request if you have failed to do so;

**(2)** Submits a signed, sworn proof of loss within 60 days after receiving notice from us of your failure to do so; and; and

**(3)** Has notified us of any change in ownership, occupancy or substantial change in risk known to the Loss Payee.

All of the terms of **Section I - Property** will then apply directly to the Loss Payee.

**d.** If we pay the Loss Payee for any loss or damage and deny payment to you because of your acts or because you have failed to comply with the terms of this policy:

**(1)** The Loss Payee's rights will be transferred to us to the extent of the amount we pay; and

**(2)** The Loss Payee's right to recover the full amount of the Loss Payee's claim will not be impaired.

At our option, we may pay to the Loss Payee the whole principal on the debt plus any accrued interest. In this event, you will pay your remaining debt to us.

**3.** If we cancel this policy, we will give written notice to the Loss Payee at least:

**a.** 10 days before the effective date of cancellation if we cancel for your nonpayment of premium; or

**b.** 30 days before the effective date of cancellation if we cancel for any other reason.

**4.** If we do not renew this policy, we will give written notice to the Loss Payee at least 10 days before the expiration date of this policy.

**C. Contract Of Sale Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is a person or organization you have entered a contract with for the sale of Covered Property.

**2.** For Covered Property in which both you and the Loss Payee have an insurable interest, we will:

**a.** Adjust losses with you; and

**b.** Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**3.** The following is added to Paragraph **H. Other Insurance** in **Section III - Common Policy Conditions:**

For Covered Property that is the subject of a contract of sale, the word "you" includes the Loss Payee.

**D. Building Owner Loss Payable Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is the owner of the described building, in which you are a tenant.

**2.** We will adjust losses to the described building with the Loss Payee. Any loss payment made to the Loss Payee will satisfy your claims against us for the owner's property.

**3.** We will adjust losses to tenant's improvements and betterments with you, unless the lease provides otherwise.

©

POLICY NUMBER:

BUSINESSOWNERS
BP 12 03 01 10

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LOSS PAYABLE CLAUSES

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

## SCHEDULE



| Premises Number | Building Number | Applicable Clause (Indicate Paragraph A, B, C or D): |
|---|---|---|
| 820 Largo Center Dr | | A |
| Upper Marlboro | | |
| MD | | |
| 20774-3705 | | |

**Description of Property**

cellphone store

**Loss Payee (Name & Address)**

AVIVA LIFE AND ANNUITY COMPANY

7700 MILLS CIVIC PKWY

WEST DES MOINES, IA 50266

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

Nothing in this endorsement increases the applicable Limit of Insurance. We will not pay any Loss Payee more than their financial interest in the Covered Property, and we will not pay more than the applicable Limit of Insurance on the Covered Property.

The following is added to the **Loss Payment** Property Loss Condition in **Section I - Property**, as shown in the Declarations or in the Schedule:

**A. Loss Payable Clause**

For Covered Property in which both you and a Loss Payee shown in the Schedule or in the Declarations have an insurable interest, we will:

**1.** Adjust losses with you; and

**2.** Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**B. Lender's Loss Payable Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is a creditor, including a mortgageholder or trustee, whose interest in that Covered Property is established by such written instruments as:

**a.** Warehouse receipts;

**b.** A contract for deed;

**c.** Bills of lading;

**d.** Financing statements; or

**e.** Mortgages, deeds of trust, or security agreements.

**2.** For Covered Property in which both you and a Loss Payee have an insurable interest:

**a.** We will pay for covered loss or damage to each Loss Payee in their order of precedence, as interests may appear.

© Insurance Services Office, Inc., 2009

**b.** The Loss Payee has the right to receive loss payment even if the Loss Payee has started foreclosure for similar action on the Covered Property.

**c.** If we deny your claim because of your acts or because you have failed to comply with the terms of this policy, the Loss Payee will still have the right to receive loss payment if the Loss Payee:

**(1)** Pays any premium due under this policy at our request if you have failed to do so;

**(2)** Submits a signed, sworn proof of loss within 60 days after receiving notice from us of your failure to do so; and; and

**(3)** Has notified us of any change in ownership, occupancy or substantial change in risk known to the Loss Payee.

All of the terms of **Section I - Property** will then apply directly to the Loss Payee.

**d.** If we pay the Loss Payee for any loss or damage and deny payment to you because of your acts or because you have failed to comply with the terms of this policy:

**(1)** The Loss Payee's rights will be transferred to us to the extent of the amount we pay; and

**(2)** The Loss Payee's right to recover the full amount of the Loss Payee's claim will not be impaired.

At our option, we may pay to the Loss Payee the whole principal on the debt plus any accrued interest. In this event, you will pay your remaining debt to us.

**3.** If we cancel this policy, we will give written notice to the Loss Payee at least:

**a.** 10 days before the effective date of cancellation if we cancel for your nonpayment of premium; or

**b.** 30 days before the effective date of cancellation if we cancel for any other reason.

**4.** If we do not renew this policy, we will give written notice to the Loss Payee at least 10 days before the expiration date of this policy.

**C. Contract Of Sale Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is a person or organization you have entered a contract with for the sale of Covered Property.

**2.** For Covered Property in which both you and the Loss Payee have an insurable interest, we will:

**a.** Adjust losses with you; and

**b.** Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**3.** The following is added to Paragraph **H. Other Insurance** in **Section III - Common Policy Conditions:**

For Covered Property that is the subject of a contract of sale, the word "you" includes the Loss Payee.

**D. Building Owner Loss Payable Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is the owner of the described building, in which you are a tenant.

**2.** We will adjust losses to the described building with the Loss Payee. Any loss payment made to the Loss Payee will satisfy your claims against us for the owner's property.

**3.** We will adjust losses to tenant's improvements and betterments with you, unless the lease provides otherwise.

POLICY NUMBER:

**BUSINESSOWNERS**
**BP 12 03 01 10**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LOSS PAYABLE CLAUSES

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

## SCHEDULE



| Premises Number | Building Number | | Applicable Clause (Indicate Paragraph A, B, C or D): |
|---|---|---|---|
| 6581 102nd Ave | | | A |

PINELLAS PARK
FL
33782

**Description of Property**

cellphone store

**Loss Payee (Name & Address)**

ROSENFELD INVESTMENT LLC

7101 WISCONSIN AVE

BETHESDA, MD 20814

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

Nothing in this endorsement increases the applicable Limit of Insurance. We will not pay any Loss Payee more than their financial interest in the Covered Property, and we will not pay more than the applicable Limit of Insurance on the Covered Property.

The following is added to the **Loss Payment** Property Loss Condition in **Section I - Property**, as shown in the Declarations or in the Schedule:

**A. Loss Payable Clause**

For Covered Property in which both you and a Loss Payee shown in the Schedule or in the Declarations have an insurable interest, we will:

**1.** Adjust losses with you; and

**2.** Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**B. Lender's Loss Payable Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is a creditor, including a mortgageholder or trustee, whose interest in that Covered Property is established by such written instruments as:

**a.** Warehouse receipts;

**b.** A contract for deed;

**c.** Bills of lading;

**d.** Financing statements; or

**e.** Mortgages, deeds of trust, or security agreements.

**2.** For Covered Property in which both you and a Loss Payee have an insurable interest:

**a.** We will pay for covered loss or damage to each Loss Payee in their order of precedence, as interests may appear.

**b.** The Loss Payee has the right to receive loss payment even if the Loss Payee has started foreclosure for similar action on the Covered Property.

**c.** If we deny your claim because of your acts or because you have failed to comply with the terms of this policy, the Loss Payee will still have the right to receive loss payment if the Loss Payee:

    **(1)** Pays any premium due under this policy at our request if you have failed to do so;

    **(2)** Submits a signed, sworn proof of loss within 60 days after receiving notice from us of your failure to do so; and; and

    **(3)** Has notified us of any change in ownership, occupancy or substantial change in risk known to the Loss Payee.

    All of the terms of **Section I - Property** will then apply directly to the Loss Payee.

**d.** If we pay the Loss Payee for any loss or damage and deny payment to you because of your acts or because you have failed to comply with the terms of this policy:

    **(1)** The Loss Payee's rights will be transferred to us to the extent of the amount we pay; and

    **(2)** The Loss Payee's right to recover the full amount of the Loss Payee's claim will not be impaired.

    At our option, we may pay to the Loss Payee the whole principal on the debt plus any accrued interest. In this event, you will pay your remaining debt to us.

**3.** If we cancel this policy, we will give written notice to the Loss Payee at least:

    **a.** 10 days before the effective date of cancellation if we cancel for your nonpayment of premium; or

    **b.** 30 days before the effective date of cancellation if we cancel for any other reason.

**4.** If we do not renew this policy, we will give written notice to the Loss Payee at least 10 days before the expiration date of this policy.

**C. Contract Of Sale Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is a person or organization you have entered a contract with for the sale of Covered Property.

**2.** For Covered Property in which both you and the Loss Payee have an insurable interest, we will:

    **a.** Adjust losses with you; and

    **b.** Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**3.** The following is added to Paragraph **H. Other Insurance** in **Section III - Common Policy Conditions:**

    For Covered Property that is the subject of a contract of sale, the word "you" includes the Loss Payee.

**D. Building Owner Loss Payable Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is the owner of the described building, in which you are a tenant.

**2.** We will adjust losses to the described building with the Loss Payee. Any loss payment made to the Loss Payee will satisfy your claims against us for the owner's property.

**3.** We will adjust losses to tenant's improvements and betterments with you, unless the lease provides otherwise.

Insurance Services Office, Inc., 2009

POLICY NUMBER:                                                          **BUSINESSOWNERS**
                                                                       **BP 12 03 01 10**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LOSS PAYABLE CLAUSES

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

## SCHEDULE



| Premises Number | Building Number | | Applicable Clause (Indicate Paragraph A, B, C or D): |
|---|---|---|---|
| 801 Hungerford Dr | | | A |

Rockville
MD
20850-1727

**Description of Property**

cellphone store

**Loss Payee (Name & Address)**

JBG/RETAIL MANAGEMENT LLC

4445 WILLARD AVE STE 400

CHEVY CHASE, MD 20815

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

Nothing in this endorsement increases the applicable Limit of Insurance. We will not pay any Loss Payee more than their financial interest in the Covered Property, and we will not pay more than the applicable Limit of Insurance on the Covered Property.

The following is added to the **Loss Payment** Property Loss Condition in **Section I - Property**, as shown in the Declarations or in the Schedule:

**A.  Loss Payable Clause**

For Covered Property in which both you and a Loss Payee shown in the Schedule or in the Declarations have an insurable interest, we will:

**1.** Adjust losses with you; and

**2.** Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**B.  Lender's Loss Payable Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is a creditor, including a mortgageholder or trustee, whose interest in that Covered Property is established by such written instruments as:

**a.** Warehouse receipts;

**b.** A contract for deed;

**c.** Bills of lading;

**d.** Financing statements; or

**e.** Mortgages, deeds of trust, or security agreements.

**2.** For Covered Property in which both you and a Loss Payee have an insurable interest:

**a.** We will pay for covered loss or damage to each Loss Payee in their order of precedence, as interests may appear.

**b.** The Loss Payee has the right to receive loss payment even if the Loss Payee has started foreclosure for similar action on the Covered Property.

**c.** If we deny your claim because of your acts or because you have failed to comply with the terms of this policy, the Loss Payee will still have the right to receive loss payment if the Loss Payee:

  **(1)** Pays any premium due under this policy at our request if you have failed to do so;

  **(2)** Submits a signed, sworn proof of loss within 60 days after receiving notice from us of your failure to do so; and; and

  **(3)** Has notified us of any change in ownership, occupancy or substantial change in risk known to the Loss Payee.

  All of the terms of **Section I - Property** will then apply directly to the Loss Payee.

**d.** If we pay the Loss Payee for any loss or damage and deny payment to you because of your acts or because you have failed to comply with the terms of this policy:

  **(1)** The Loss Payee's rights will be transferred to us to the extent of the amount we pay; and

  **(2)** The Loss Payee's right to recover the full amount of the Loss Payee's claim will not be impaired.

  At our option, we may pay to the Loss Payee the whole principal on the debt plus any accrued interest. In this event, you will pay your remaining debt to us.

**3.** If we cancel this policy, we will give written notice to the Loss Payee at least:

  **a.** 10 days before the effective date of cancellation if we cancel for your nonpayment of premium; or

  **b.** 30 days before the effective date of cancellation if we cancel for any other reason.

**4.** If we do not renew this policy, we will give written notice to the Loss Payee at least 10 days before the expiration date of this policy.

**C. Contract Of Sale Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is a person or organization you have entered a contract with for the sale of Covered Property.

**2.** For Covered Property in which both you and the Loss Payee have an insurable interest, we will:

  **a.** Adjust losses with you; and

  **b.** Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**3.** The following is added to Paragraph **H. Other Insurance** in **Section III - Common Policy Conditions:**

  For Covered Property that is the subject of a contract of sale, the word "you" includes the Loss Payee.

**D. Building Owner Loss Payable Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is the owner of the described building, in which you are a tenant.

**2.** We will adjust losses to the described building with the Loss Payee. Any loss payment made to the Loss Payee will satisfy your claims against us for the owner's property.

**3.** We will adjust losses to tenant's improvements and betterments with you, unless the lease provides otherwise.

POLICY NUMBER:

**BUSINESSOWNERS
BP 12 03 01 10**

**THIS ENDORSEMENT  CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LOSS PAYABLE CLAUSES

This endorsement  modifies  insurance  provided  under the following:

BUSINESSOWNERS  COVERAGE FORM

## SCHEDULE



| Premises Number | Building Number | | Applicable Clause (Indicate Paragraph A, B, C or D): |
|---|---|---|---|
| 8200 Perrry Hall Blvd 5517-5518 | | | A |
| NOTTINGHAM MD 21236 | | | |

**Description  of Property**

   cellphone store

**Loss Payee (Name & Address)**

   AVIVA LIFE AND ANNUITY COMPANY

   7700 MILLS CIVIC PKWY

   WEST DES MOINES, IA 50266

Information  required  to complete  this Schedule,  if not shown  above,  will  be shown  in the Declarations.

Nothing  in this endorsement  increases the appli- cable Limit  of Insurance.  We will  not pay any Loss Payee more  than their  financial  interest  in the Covered  Property,  and we will  not pay more  than the applicable  Limit  of Insurance  on the Covered Property.

The following  is added to the **Loss Payment** Prop- erty Loss Condition  in **Section  I - Property** , as shown  in the Declarations  or in the Schedule:

**A.  Loss Payable Clause**

For Covered  Property  in which both you and a Loss Payee shown  in the Schedule  or in the Declarations  have an insurable  interest,  we will:

**1.**  Adjust  losses with  you; and

**2.**  Pay any claim  for loss or damage jointly to you and the Loss Payee, as interests may appear.

**B.  Lender's Loss Payable Clause**

**1.**  The Loss Payee shown  in the Schedule  or in the Declarations  is a creditor,  including a mortgageholder  or trustee,  whose  in- terest  in that Covered  Property  is estab- lished by such written  instruments  as:

**a.**  Warehouse  receipts;

**b.**  A contract  for deed;

**c.**  Bills of lading;

**d.**  Financing  statements;  or

**e.**  Mortgages,  deeds of trust,  or secu- rity agreements.

**2.**  For Covered  Property  in which  both you and a Loss Payee have an insurable  inter- est:

**a.**  We will  pay for covered loss or dam- age to each Loss Payee in their  order of precedence,  as interests  may ap- pear.

©  Insurance  Services  Office,  Inc., 2009

**b.** The Loss Payee has the right to receive loss payment even if the Loss Payee has started foreclosure for similar action on the Covered Property.

**c.** If we deny your claim because of your acts or because you have failed to comply with the terms of this policy, the Loss Payee will still have the right to receive loss payment if the Loss Payee:

**(1)** Pays any premium due under this policy at our request if you have failed to do so;

**(2)** Submits a signed, sworn proof of loss within 60 days after receiving notice from us of your failure to do so; and; and

**(3)** Has notified us of any change in ownership, occupancy or substantial change in risk known to the Loss Payee.

All of the terms of **Section I - Property** will then apply directly to the Loss Payee.

**d.** If we pay the Loss Payee for any loss or damage and deny payment to you because of your acts or because you have failed to comply with the terms of this policy:

**(1)** The Loss Payee's rights will be transferred to us to the extent of the amount we pay; and

**(2)** The Loss Payee's right to recover the full amount of the Loss Payee's claim will not be impaired.

At our option, we may pay to the Loss Payee the whole principal on the debt plus any accrued interest. In this event, you will pay your remaining debt to us.

**3.** If we cancel this policy, we will give written notice to the Loss Payee at least:

**a.** 10 days before the effective date of cancellation if we cancel for your nonpayment of premium; or

**b.** 30 days before the effective date of cancellation if we cancel for any other reason.

**4.** If we do not renew this policy, we will give written notice to the Loss Payee at least 10 days before the expiration date of this policy.

**C. Contract Of Sale Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is a person or organization you have entered a contract with for the sale of Covered Property.

**2.** For Covered Property in which both you and the Loss Payee have an insurable interest, we will:

**a.** Adjust losses with you; and

**b.** Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**3.** The following is added to Paragraph **H. Other Insurance** in **Section III - Common Policy Conditions:**

For Covered Property that is the subject of a contract of sale, the word "you" includes the Loss Payee.

**D. Building Owner Loss Payable Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is the owner of the described building, in which you are a tenant.

**2.** We will adjust losses to the described building with the Loss Payee. Any loss payment made to the Loss Payee will satisfy your claims against us for the owner's property.

**3.** We will adjust losses to tenant's improvements and betterments with you, unless the lease provides otherwise.

POLICY NUMBER:

**BUSINESSOWNERS**
**BP 12 03 01 10**

**THIS ENDORSEMENT  CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LOSS PAYABLE CLAUSES

This endorsement  modifies  insurance  provided  under the following:

BUSINESSOWNERS  COVERAGE FORM

## SCHEDULE



| Premises Number | Building Number | | Applicable Clause (Indicate Paragraph A, B, C or D): |
|---|---|---|---|
| 404 E High St | | | A |
| Carlisle | | | |
| PA | | | |
| 17013-2606 | | | |

**Description  of Property**

cellphone store

**Loss Payee (Name & Address)**

JBG/RETAIL MANAGEMENT LLC

4445 WILLARD AVE STE 400

CHEVY CHASE, MD 20815

Information  required to complete  this Schedule, if not shown  above, will  be shown  in the Declarations.

Nothing  in this endorsement  increases the applicable Limit of Insurance. We will  not pay any Loss Payee more than their financial interest in the Covered Property, and we will  not pay more than the applicable  Limit of Insurance  on the Covered Property.

The following  is added to the **Loss Payment** Property Loss Condition  in **Section I - Property** , as shown in the Declarations  or in the Schedule:

**A.  Loss Payable Clause**

For Covered Property in which both you and a Loss Payee shown  in the Schedule or in the Declarations  have an insurable  interest, we will:

**1.**  Adjust  losses with you; and

**2.**  Pay any claim  for loss or damage jointly to you and the Loss Payee, as interests may appear.

**B.  Lender's Loss Payable Clause**

**1.**  The Loss Payee shown  in the Schedule or in the Declarations  is a creditor, including a mortgageholder  or trustee, whose interest in that Covered Property is established by such written  instruments  as:

**a.**  Warehouse  receipts;

**b.**  A contract  for deed;

**c.**  Bills  of lading;

**d.**  Financing  statements;  or

**e.**  Mortgages, deeds of trust, or security  agreements.

**2.**  For Covered Property in which both you and a Loss Payee have an insurable  interest:

**a.**  We will  pay for covered loss or damage to each Loss Payee in their order of precedence, as interests  may appear.

© Insurance  Services  Office, Inc., 2009

**b.** The Loss Payee has the right to receive loss payment even if the Loss Payee has started foreclosure for similar action on the Covered Property.

**c.** If we deny your claim because of your acts or because you have failed to comply with the terms of this policy, the Loss Payee will still have the right to receive loss payment if the Loss Payee:

**(1)** Pays any premium due under this policy at our request if you have failed to do so;

**(2)** Submits a signed, sworn proof of loss within 60 days after receiving notice from us of your failure to do so; and; and

**(3)** Has notified us of any change in ownership, occupancy or substantial change in risk known to the Loss Payee.

All of the terms of **Section I - Property** will then apply directly to the Loss Payee.

**d.** If we pay the Loss Payee for any loss or damage and deny payment to you because of your acts or because you have failed to comply with the terms of this policy:

**(1)** The Loss Payee's rights will be transferred to us to the extent of the amount we pay; and

**(2)** The Loss Payee's right to recover the full amount of the Loss Payee's claim will not be impaired.

At our option, we may pay to the Loss Payee the whole principal on the debt plus any accrued interest. In this event, you will pay your remaining debt to us.

**3.** If we cancel this policy, we will give written notice to the Loss Payee at least:

**a.** 10 days before the effective date of cancellation if we cancel for your nonpayment of premium; or

**b.** 30 days before the effective date of cancellation if we cancel for any other reason.

**4.** If we do not renew this policy, we will give written notice to the Loss Payee at least 10 days before the expiration date of this policy.

**C. Contract Of Sale Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is a person or organization you have entered a contract with for the sale of Covered Property.

**2.** For Covered Property in which both you and the Loss Payee have an insurable interest, we will:

**a.** Adjust losses with you; and

**b.** Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**3.** The following is added to Paragraph **H. Other Insurance** in **Section III - Common Policy Conditions:**

For Covered Property that is the subject of a contract of sale, the word "you" includes the Loss Payee.

**D. Building Owner Loss Payable Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is the owner of the described building, in which you are a tenant.

**2.** We will adjust losses to the described building with the Loss Payee. Any loss payment made to the Loss Payee will satisfy your claims against us for the owner's property.

**3.** We will adjust losses to tenant's improvements and betterments with you, unless the lease provides otherwise.

POLICY NUMBER:

BUSINESSOWNERS
**BP 12 03 01 10**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LOSS PAYABLE CLAUSES

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

## SCHEDULE



| Premises Number | Building Number | | Applicable Clause (Indicate Paragraph A, B, C or D): |
|---|---|---|---|
| 6638 Reisterstown Rd Ste 12 | | | A |
| Baltimore MD 21215-2305 | | | |

**Description of Property**

Cellphone Store

**Loss Payee (Name & Address)**

ROSENFELD INVESTMENT LLC

7101 WISCONSIN AVE

BETHESDA, MD 20814

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

Nothing in this endorsement increases the applicable Limit of Insurance. We will not pay any Loss Payee more than their financial interest in the Covered Property, and we will not pay more than the applicable Limit of Insurance on the Covered Property.

The following is added to the **Loss Payment** Property Loss Condition in **Section I - Property**, as shown in the Declarations or in the Schedule:

**A. Loss Payable Clause**

For Covered Property in which both you and a Loss Payee shown in the Schedule or in the Declarations have an insurable interest, we will:

1. Adjust losses with you; and

2. Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**B. Lender's Loss Payable Clause**

1. The Loss Payee shown in the Schedule or in the Declarations is a creditor, including a mortgageholder or trustee, whose interest in that Covered Property is established by such written instruments as:

   **a.** Warehouse receipts;

   **b.** A contract for deed;

   **c.** Bills of lading;

   **d.** Financing statements; or

   **e.** Mortgages, deeds of trust, or security agreements.

2. For Covered Property in which both you and a Loss Payee have an insurable interest:

   **a.** We will pay for covered loss or damage to each Loss Payee in their order of precedence, as interests may appear.

**b.** The Loss Payee has the right to receive loss payment even if the Loss Payee has started foreclosure for similar action on the Covered Property.

**c.** If we deny your claim because of your acts or because you have failed to comply with the terms of this policy, the Loss Payee will still have the right to receive loss payment if the Loss Payee:

**(1)** Pays any premium due under this policy at our request if you have failed to do so;

**(2)** Submits a signed, sworn proof of loss within 60 days after receiving notice from us of your failure to do so; and; and

**(3)** Has notified us of any change in ownership, occupancy or substantial change in risk known to the Loss Payee.

All of the terms of **Section I - Property** will then apply directly to the Loss Payee.

**d.** If we pay the Loss Payee for any loss or damage and deny payment to you because of your acts or because you have failed to comply with the terms of this policy:

**(1)** The Loss Payee's rights will be transferred to us to the extent of the amount we pay; and

**(2)** The Loss Payee's right to recover the full amount of the Loss Payee's claim will not be impaired.

At our option, we may pay to the Loss Payee the whole principal on the debt plus any accrued interest. In this event, you will pay your remaining debt to us.

**3.** If we cancel this policy, we will give written notice to the Loss Payee at least:

**a.** 10 days before the effective date of cancellation if we cancel for your nonpayment of premium; or

**b.** 30 days before the effective date of cancellation if we cancel for any other reason.

**4.** If we do not renew this policy, we will give written notice to the Loss Payee at least 10 days before the expiration date of this policy.

**C. Contract Of Sale Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is a person or organization you have entered a contract with for the sale of Covered Property.

**2.** For Covered Property in which both you and the Loss Payee have an insurable interest, we will:

**a.** Adjust losses with you; and

**b.** Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**3.** The following is added to Paragraph **H. Other Insurance** in **Section III - Common Policy Conditions:**

For Covered Property that is the subject of a contract of sale, the word "you" includes the Loss Payee.

**D. Building Owner Loss Payable Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is the owner of the described building, in which you are a tenant.

**2.** We will adjust losses to the described building with the Loss Payee. Any loss payment made to the Loss Payee will satisfy your claims against us for the owner's property.

**3.** We will adjust losses to tenant's improvements and betterments with you, unless the lease provides otherwise.

POLICY NUMBER:

BUSINESSOWNERS
**BP 12 03 01 10**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LOSS PAYABLE CLAUSES

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

**SCHEDULE**



| Premises Number | Building Number | | Applicable Clause (Indicate Paragraph A, B, C or D): |
|---|---|---|---|
| 10610 Baltimore Ave Unit B | | | A |
| Beltsville MD 20705-2142 | | | |

**Description of Property**

   cellphone store

**Loss Payee (Name & Address)**

   AVIVA LIFE AND ANNUITY COMPANY

   7700 MILLS CIVIC PKWY

   WEST DES MOINES, IA 50266

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

Nothing in this endorsement increases the applicable Limit of Insurance. We will not pay any Loss Payee more than their financial interest in the Covered Property, and we will not pay more than the applicable Limit of Insurance on the Covered Property.

The following is added to the **Loss Payment** Property Loss Condition in **Section I - Property**, as shown in the Declarations or in the Schedule:

**A. Loss Payable Clause**

For Covered Property in which both you and a Loss Payee shown in the Schedule or in the Declarations have an insurable interest, we will:

**1.** Adjust losses with you; and

**2.** Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**B. Lender's Loss Payable Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is a creditor, including a mortgageholder or trustee, whose interest in that Covered Property is established by such written instruments as:

**a.** Warehouse receipts;

**b.** A contract for deed;

**c.** Bills of lading;

**d.** Financing statements; or

**e.** Mortgages, deeds of trust, or security agreements.

**2.** For Covered Property in which both you and a Loss Payee have an insurable interest:

**a.** We will pay for covered loss or damage to each Loss Payee in their order of precedence, as interests may appear.

© Insurance Services Office, Inc., 2009

**b.** The Loss Payee has the right to receive loss payment even if the Loss Payee has started foreclosure for similar action on the Covered Property.

**c.** If we deny your claim because of your acts or because you have failed to comply with the terms of this policy, the Loss Payee will still have the right to receive loss payment if the Loss Payee:

**(1)** Pays any premium due under this policy at our request if you have failed to do so;

**(2)** Submits a signed, sworn proof of loss within 60 days after receiving notice from us of your failure to do so; and; and

**(3)** Has notified us of any change in ownership, occupancy or substantial change in risk known to the Loss Payee.

All of the terms of **Section I - Property** will then apply directly to the Loss Payee.

**d.** If we pay the Loss Payee for any loss or damage and deny payment to you because of your acts or because you have failed to comply with the terms of this policy:

**(1)** The Loss Payee's rights will be transferred to us to the extent of the amount we pay; and

**(2)** The Loss Payee's right to recover the full amount of the Loss Payee's claim will not be impaired.

At our option, we may pay to the Loss Payee the whole principal on the debt plus any accrued interest. In this event, you will pay your remaining debt to us.

**3.** If we cancel this policy, we will give written notice to the Loss Payee at least:

**a.** 10 days before the effective date of cancellation if we cancel for your nonpayment of premium; or

**b.** 30 days before the effective date of cancellation if we cancel for any other reason.

**4.** If we do not renew this policy, we will give written notice to the Loss Payee at least 10 days before the expiration date of this policy.

**C. Contract Of Sale Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is a person or organization you have entered a contract with for the sale of Covered Property.

**2.** For Covered Property in which both you and the Loss Payee have an insurable interest, we will:

**a.** Adjust losses with you; and

**b.** Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**3.** The following is added to Paragraph **H. Other Insurance** in **Section III - Common Policy Conditions:**

For Covered Property that is the subject of a contract of sale, the word "you" includes the Loss Payee.

**D. Building Owner Loss Payable Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is the owner of the described building, in which you are a tenant.

**2.** We will adjust losses to the described building with the Loss Payee. Any loss payment made to the Loss Payee will satisfy your claims against us for the owner's property.

**3.** We will adjust losses to tenant's improvements and betterments with you, unless the lease provides otherwise.

POLICY NUMBER:

BUSINESSOWNERS
BP 12 03 01 10

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LOSS PAYABLE CLAUSES

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

## SCHEDULE




| Premises Number | Building Number | | Applicable Clause (Indicate Paragraph A, B, C or D): |
|---|---|---|---|
| 1241 Frederick Blvd | | | A |
| Portsmouth VA 23707-4124 | | | |

**Description of Property**

cellphone store

**Loss Payee (Name & Address)**

JBG/RETAIL MANAGEMENT LLC

4445 WILLARD AVE STE 400

CHEVY CHASE, MD 20815

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

Nothing in this endorsement increases the applicable Limit of Insurance. We will not pay any Loss Payee more than their financial interest in the Covered Property, and we will not pay more than the applicable Limit of Insurance on the Covered Property.

The following is added to the **Loss Payment** Property Loss Condition in **Section I - Property**, as shown in the Declarations or in the Schedule:

**A. Loss Payable Clause**

For Covered Property in which both you and a Loss Payee shown in the Schedule or in the Declarations have an insurable interest, we will:

1. Adjust losses with you; and
2. Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**B. Lender's Loss Payable Clause**

1. The Loss Payee shown in the Schedule or in the Declarations is a creditor, including a mortgageholder or trustee, whose interest in that Covered Property is established by such written instruments as:

   **a.** Warehouse receipts;

   **b.** A contract for deed;

   **c.** Bills of lading;

   **d.** Financing statements; or

   **e.** Mortgages, deeds of trust, or security agreements.

2. For Covered Property in which both you and a Loss Payee have an insurable interest:

   **a.** We will pay for covered loss or damage to each Loss Payee in their order of precedence, as interests may appear.

© Insurance Services Office, Inc., 2009

**b.** The Loss Payee has the right to receive loss payment even if the Loss Payee has started foreclosure for similar action on the Covered Property.

**c.** If we deny your claim because of your acts or because you have failed to comply with the terms of this policy, the Loss Payee will still have the right to receive loss payment if the Loss Payee:

**(1)** Pays any premium due under this policy at our request if you have failed to do so;

**(2)** Submits a signed, sworn proof of loss within 60 days after receiving notice from us of your failure to do so; and; and

**(3)** Has notified us of any change in ownership, occupancy or substantial change in risk known to the Loss Payee.

All of the terms of **Section I - Property** will then apply directly to the Loss Payee.

**d.** If we pay the Loss Payee for any loss or damage and deny payment to you because of your acts or because you have failed to comply with the terms of this policy:

**(1)** The Loss Payee's rights will be transferred to us to the extent of the amount we pay; and

**(2)** The Loss Payee's right to recover the full amount of the Loss Payee's claim will not be impaired.

At our option, we may pay to the Loss Payee the whole principal on the debt plus any accrued interest. In this event, you will pay your remaining debt to us.

**3.** If we cancel this policy, we will give written notice to the Loss Payee at least:

**a.** 10 days before the effective date of cancellation if we cancel for your nonpayment of premium; or

**b.** 30 days before the effective date of cancellation if we cancel for any other reason.

**4.** If we do not renew this policy, we will give written notice to the Loss Payee at least 10 days before the expiration date of this policy.

**C. Contract Of Sale Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is a person or organization you have entered a contract with for the sale of Covered Property.

**2.** For Covered Property in which both you and the Loss Payee have an insurable interest, we will:

**a.** Adjust losses with you; and

**b.** Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**3.** The following is added to Paragraph **H. Other Insurance** in **Section III - Common Policy Conditions:**

For Covered Property that is the subject of a contract of sale, the word "you" includes the Loss Payee.

**D. Building Owner Loss Payable Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is the owner of the described building, in which you are a tenant.

**2.** We will adjust losses to the described building with the Loss Payee. Any loss payment made to the Loss Payee will satisfy your claims against us for the owner's property.

**3.** We will adjust losses to tenant's improvements and betterments with you, unless the lease provides otherwise.

POLICY NUMBER:

BUSINESSOWNERS
BP 12 03 01 10

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LOSS PAYABLE CLAUSES

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

## SCHEDULE



| Premises Number | Building Number | Applicable Clause (Indicate Paragraph A, B, C or D): |
|---|---|---|
| 4033 Mariner Blvd | | A |
| Spring Hill FL 34609-2467 | | |

**Description of Property**

cellphone store

**Loss Payee (Name & Address)**

ROSENFELD INVESTMENT LLC

7101 WISCONSIN AVE

BETHESDA, MD 20814

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

Nothing in this endorsement increases the applicable Limit of Insurance. We will not pay any Loss Payee more than their financial interest in the Covered Property, and we will not pay more than the applicable Limit of Insurance on the Covered Property.

The following is added to the **Loss Payment** Property Loss Condition in **Section I - Property** , as shown in the Declarations or in the Schedule:

**A. Loss Payable Clause**

For Covered Property in which both you and a Loss Payee shown in the Schedule or in the Declarations have an insurable interest, we will:

**1.** Adjust losses with you; and

**2.** Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**B. Lender's Loss Payable Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is a creditor, including a mortgageholder or trustee, whose interest in that Covered Property is established by such written instruments as:

**a.** Warehouse receipts;

**b.** A contract for deed;

**c.** Bills of lading;

**d.** Financing statements; or

**e.** Mortgages, deeds of trust, or security agreements.

**2.** For Covered Property in which both you and a Loss Payee have an insurable interest:

**a.** We will pay for covered loss or damage to each Loss Payee in their order of precedence, as interests may appear.

BP 12 03 01 10

© Insurance Services Office, Inc., 2009

Page 1 of 2

**b.** The Loss Payee has the right to receive loss payment even if the Loss Payee has started foreclosure for similar action on the Covered Property.

**c.** If we deny your claim because of your acts or because you have failed to comply with the terms of this policy, the Loss Payee will still have the right to receive loss payment if the Loss Payee:

**(1)** Pays any premium due under this policy at our request if you have failed to do so;

**(2)** Submits a signed, sworn proof of loss within 60 days after receiving notice from us of your failure to do so; and; and

**(3)** Has notified us of any change in ownership, occupancy or substantial change in risk known to the Loss Payee.

All of the terms of **Section I - Property** will then apply directly to the Loss Payee.

**d.** If we pay the Loss Payee for any loss or damage and deny payment to you because of your acts or because you have failed to comply with the terms of this policy:

**(1)** The Loss Payee's rights will be transferred to us to the extent of the amount we pay; and

**(2)** The Loss Payee's right to recover the full amount of the Loss Payee's claim will not be impaired.

At our option, we may pay to the Loss Payee the whole principal on the debt plus any accrued interest. In this event, you will pay your remaining debt to us.

**3.** If we cancel this policy, we will give written notice to the Loss Payee at least:

**a.** 10 days before the effective date of cancellation if we cancel for your nonpayment of premium; or

**b.** 30 days before the effective date of cancellation if we cancel for any other reason.

**4.** If we do not renew this policy, we will give written notice to the Loss Payee at least 10 days before the expiration date of this policy.

**C. Contract Of Sale Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is a person or organization you have entered a contract with for the sale of Covered Property.

**2.** For Covered Property in which both you and the Loss Payee have an insurable interest, we will:

**a.** Adjust losses with you; and

**b.** Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**3.** The following is added to Paragraph **H. Other Insurance** in **Section III - Common Policy Conditions:**

For Covered Property that is the subject of a contract of sale, the word "you" includes the Loss Payee.

**D. Building Owner Loss Payable Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is the owner of the described building, in which you are a tenant.

**2.** We will adjust losses to the described building with the Loss Payee. Any loss payment made to the Loss Payee will satisfy your claims against us for the owner's property.

**3.** We will adjust losses to tenant's improvements and betterments with you, unless the lease provides otherwise.

POLICY NUMBER:

BUSINESSOWNERS
**BP 12 03 01 10**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LOSS PAYABLE CLAUSES

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

### SCHEDULE



| Premises Number | Building Number | Applicable Clause (Indicate Paragraph A, B, C or D): |
|---|---|---|
| 36948 State Road 54 | | A |
| Zephyrhills FL 33541-6915 | | |

**Description of Property**

cellphone store

**Loss Payee (Name & Address)**

ROSENFELD INVESTMENT LLC

7101 WISCONSIN AVE

BETHESDA, MD 20814

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

Nothing in this endorsement increases the applicable Limit of Insurance. We will not pay any Loss Payee more than their financial interest in the Covered Property, and we will not pay more than the applicable Limit of Insurance on the Covered Property.

The following is added to the **Loss Payment** Property Loss Condition in **Section I - Property**, as shown in the Declarations or in the Schedule:

**A. Loss Payable Clause**

For Covered Property in which both you and a Loss Payee shown in the Schedule or in the Declarations have an insurable interest, we will:

1. Adjust losses with you; and
2. Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**B. Lender's Loss Payable Clause**

1. The Loss Payee shown in the Schedule or in the Declarations is a creditor, including a mortgageholder or trustee, whose interest in that Covered Property is established by such written instruments as:

   **a.** Warehouse receipts;

   **b.** A contract for deed;

   **c.** Bills of lading;

   **d.** Financing statements; or

   **e.** Mortgages, deeds of trust, or security agreements.

2. For Covered Property in which both you and a Loss Payee have an insurable interest:

   **a.** We will pay for covered loss or damage to each Loss Payee in their order of precedence, as interests may appear.

b. The Loss Payee has the right to receive loss payment even if the Loss Payee has started foreclosure for similar action on the Covered Property.

c. If we deny your claim because of your acts or because you have failed to comply with the terms of this policy, the Loss Payee will still have the right to receive loss payment if the Loss Payee:

(1) Pays any premium due under this policy at our request if you have failed to do so;

(2) Submits a signed, sworn proof of loss within 60 days after receiving notice from us of your failure to do so; and; and

(3) Has notified us of any change in ownership, occupancy or substantial change in risk known to the Loss Payee.

All of the terms of **Section I - Property** will then apply directly to the Loss Payee.

d. If we pay the Loss Payee for any loss or damage and deny payment to you because of your acts or because you have failed to comply with the terms of this policy:

(1) The Loss Payee's rights will be transferred to us to the extent of the amount we pay; and

(2) The Loss Payee's right to recover the full amount of the Loss Payee's claim will not be impaired.

At our option, we may pay to the Loss Payee the whole principal on the debt plus any accrued interest. In this event, you will pay your remaining debt to us.

3. If we cancel this policy, we will give written notice to the Loss Payee at least:

a. 10 days before the effective date of cancellation if we cancel for your nonpayment of premium; or

b. 30 days before the effective date of cancellation if we cancel for any other reason.

4. If we do not renew this policy, we will give written notice to the Loss Payee at least 10 days before the expiration date of this policy.

**C. Contract Of Sale Clause**

1. The Loss Payee shown in the Schedule or in the Declarations is a person or organization you have entered a contract with for the sale of Covered Property.

2. For Covered Property in which both you and the Loss Payee have an insurable interest, we will:

a. Adjust losses with you; and

b. Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

3. The following is added to Paragraph **H. Other Insurance** in **Section III - Common Policy Conditions:**

For Covered Property that is the subject of a contract of sale, the word "you" includes the Loss Payee.

**D. Building Owner Loss Payable Clause**

1. The Loss Payee shown in the Schedule or in the Declarations is the owner of the described building, in which you are a tenant.

2. We will adjust losses to the described building with the Loss Payee. Any loss payment made to the Loss Payee will satisfy your claims against us for the owner's property.

3. We will adjust losses to tenant's improvements and betterments with you, unless the lease provides otherwise.

Insurance Services Office, Inc., 2009

©

POLICY NUMBER:

**BUSINESSOWNERS**
**BP 12 03 01 10**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LOSS PAYABLE CLAUSES

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

## SCHEDULE



| Premises Number | Building Number | Applicable Clause (Indicate Paragraph A, B, C or D): |
|---|---|---|
| 7730 Wise Ave | | A |
| Dundalk | | |
| MD | | |
| 21222-3200 | | |

**Description of Property**

cellphone store

**Loss Payee (Name & Address)**

AVIVA LIFE AND ANNUITY COMPANY

7700 MILLS CIVIC PKWY

WEST DES MOINES, IA 50266

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

Nothing in this endorsement increases the applicable Limit of Insurance. We will not pay any Loss Payee more than their financial interest in the Covered Property, and we will not pay more than the applicable Limit of Insurance on the Covered Property.

The following is added to the **Loss Payment** Property Loss Condition in **Section I - Property**, as shown in the Declarations or in the Schedule:

**A. Loss Payable Clause**

For Covered Property in which both you and a Loss Payee shown in the Schedule or in the Declarations have an insurable interest, we will:

**1.** Adjust losses with you; and

**2.** Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**B. Lender's Loss Payable Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is a creditor, including a mortgageholder or trustee, whose interest in that Covered Property is established by such written instruments as:

**a.** Warehouse receipts;

**b.** A contract for deed;

**c.** Bills of lading;

**d.** Financing statements; or

**e.** Mortgages, deeds of trust, or security agreements.

**2.** For Covered Property in which both you and a Loss Payee have an insurable interest:

**a.** We will pay for covered loss or damage to each Loss Payee in their order of precedence, as interests may appear.

**BP 12 03 01 10**

© Insurance Services Office, Inc., 2009

Page 1 of 2

**b.** The Loss Payee has the right to receive loss payment even if the Loss Payee has started foreclosure for similar action on the Covered Property.

**c.** If we deny your claim because of your acts or because you have failed to comply with the terms of this policy, the Loss Payee will still have the right to receive loss payment if the Loss Payee:

**(1)** Pays any premium due under this policy at our request if you have failed to do so;

**(2)** Submits a signed, sworn proof of loss within 60 days after receiving notice from us of your failure to do so; and; and

**(3)** Has notified us of any change in ownership, occupancy or substantial change in risk known to the Loss Payee.

All of the terms of **Section I - Property** will then apply directly to the Loss Payee.

**d.** If we pay the Loss Payee for any loss or damage and deny payment to you because of your acts or because you have failed to comply with the terms of this policy:

**(1)** The Loss Payee's rights will be transferred to us to the extent of the amount we pay; and

**(2)** The Loss Payee's right to recover the full amount of the Loss Payee's claim will not be impaired.

At our option, we may pay to the Loss Payee the whole principal on the debt plus any accrued interest. In this event, you will pay your remaining debt to us.

**3.** If we cancel this policy, we will give written notice to the Loss Payee at least:

**a.** 10 days before the effective date of cancellation if we cancel for your nonpayment of premium; or

**b.** 30 days before the effective date of cancellation if we cancel for any other reason.

**4.** If we do not renew this policy, we will give written notice to the Loss Payee at least 10 days before the expiration date of this policy.

**C. Contract Of Sale Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is a person or organization you have entered a contract with for the sale of Covered Property.

**2.** For Covered Property in which both you and the Loss Payee have an insurable interest, we will:

**a.** Adjust losses with you; and

**b.** Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**3.** The following is added to Paragraph **H. Other Insurance** in **Section III - Common Policy Conditions:**

For Covered Property that is the subject of a contract of sale, the word "you" includes the Loss Payee.

**D. Building Owner Loss Payable Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is the owner of the described building, in which you are a tenant.

**2.** We will adjust losses to the described building with the Loss Payee. Any loss payment made to the Loss Payee will satisfy your claims against us for the owner's property.

**3.** We will adjust losses to tenant's improvements and betterments with you, unless the lease provides otherwise.

Insurance Services Office, Inc., 2009

©

POLICY NUMBER:

**BUSINESSOWNERS
BP 12 03 01 10**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LOSS PAYABLE CLAUSES

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

**SCHEDULE**



| Premises Number | Building Number | | Applicable Clause (Indicate Paragraph A, B, C or D): |
|---|---|---|---|
| 704 Easley Bridge Rd | | | A |
| Greenville | | | |
| SC | | | |
| 29611-5124 | | | |

**Description of Property**

cellphone store

**Loss Payee (Name & Address)**

JBG/RETAIL MANAGEMENT LLC

4445 WILLARD AVE STE 400

CHEVY CHASE, MD 20815

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

Nothing in this endorsement increases the applicable Limit of Insurance. We will not pay any Loss Payee more than their financial interest in the Covered Property, and we will not pay more than the applicable Limit of Insurance on the Covered Property.

The following is added to the **Loss Payment** Property Loss Condition in **Section I - Property**, as shown in the Declarations or in the Schedule:

**A. Loss Payable Clause**

For Covered Property in which both you and a Loss Payee shown in the Schedule or in the Declarations have an insurable interest, we will:

1. Adjust losses with you; and
2. Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**B. Lender's Loss Payable Clause**

1. The Loss Payee shown in the Schedule or in the Declarations is a creditor, including a mortgageholder or trustee, whose interest in that Covered Property is established by such written instruments as:

   a. Warehouse receipts;
   b. A contract for deed;
   c. Bills of lading;
   d. Financing statements; or
   e. Mortgages, deeds of trust, or security agreements.

2. For Covered Property in which both you and a Loss Payee have an insurable interest:

   a. We will pay for covered loss or damage to each Loss Payee in their order of precedence, as interests may appear.

© Insurance Services Office, Inc., 2009

**b.** The Loss Payee has the right to receive loss payment even if the Loss Payee has started foreclosure for similar action on the Covered Property.

**c.** If we deny your claim because of your acts or because you have failed to comply with the terms of this policy, the Loss Payee will still have the right to receive loss payment if the Loss Payee:

  **(1)** Pays any premium due under this policy at our request if you have failed to do so;

  **(2)** Submits a signed, sworn proof of loss within 60 days after receiving notice from us of your failure to do so; and; and

  **(3)** Has notified us of any change in ownership, occupancy or substantial change in risk known to the Loss Payee.

All of the terms of **Section I - Property** will then apply directly to the Loss Payee.

**d.** If we pay the Loss Payee for any loss or damage and deny payment to you because of your acts or because you have failed to comply with the terms of this policy:

  **(1)** The Loss Payee's rights will be transferred to us to the extent of the amount we pay; and

  **(2)** The Loss Payee's right to recover the full amount of the Loss Payee's claim will not be impaired.

  At our option, we may pay to the Loss Payee the whole principal on the debt plus any accrued interest. In this event, you will pay your remaining debt to us.

**3.** If we cancel this policy, we will give written notice to the Loss Payee at least:

  **a.** 10 days before the effective date of cancellation if we cancel for your nonpayment of premium; or

  **b.** 30 days before the effective date of cancellation if we cancel for any other reason.

**4.** If we do not renew this policy, we will give written notice to the Loss Payee at least 10 days before the expiration date of this policy.

**C. Contract Of Sale Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is a person or organization you have entered a contract with for the sale of Covered Property.

**2.** For Covered Property in which both you and the Loss Payee have an insurable interest, we will:

  **a.** Adjust losses with you; and

  **b.** Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**3.** The following is added to Paragraph **H. Other Insurance** in **Section III - Common Policy Conditions**:

  For Covered Property that is the subject of a contract of sale, the word "you" includes the Loss Payee.

**D. Building Owner Loss Payable Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is the owner of the described building, in which you are a tenant.

**2.** We will adjust losses to the described building with the Loss Payee. Any loss payment made to the Loss Payee will satisfy your claims against us for the owner's property.

**3.** We will adjust losses to tenant's improvements and betterments with you, unless the lease provides otherwise.

POLICY NUMBER:

**BUSINESSOWNERS
BP 12 03 01 10**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LOSS PAYABLE CLAUSES

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

## SCHEDULE



| Premises Number | Building Number | Applicable Clause (Indicate Paragraph A, B, C or D): |
|---|---|---|
| 1903A Michigan Ave NE | | A |

Washington
DC
20018-3334

**Description of Property**

cellphone store

**Loss Payee (Name & Address)**

JBG/RETAIL MANAGEMENT LLC

4445 WILLARD AVE STE 400

CHEVY CHASE, MD 20815

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

Nothing in this endorsement increases the applicable Limit of Insurance. We will not pay any Loss Payee more than their financial interest in the Covered Property, and we will not pay more than the applicable Limit of Insurance on the Covered Property.

The following is added to the **Loss Payment** Property Loss Condition in **Section I - Property**, as shown in the Declarations or in the Schedule:

**A. Loss Payable Clause**

For Covered Property in which both you and a Loss Payee shown in the Schedule or in the Declarations have an insurable interest, we will:

1. Adjust losses with you; and
2. Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**B. Lender's Loss Payable Clause**

1. The Loss Payee shown in the Schedule or in the Declarations is a creditor, including a mortgageholder or trustee, whose interest in that Covered Property is established by such written instruments as:
   a. Warehouse receipts;
   b. A contract for deed;
   c. Bills of lading;
   d. Financing statements; or
   e. Mortgages, deeds of trust, or security agreements.
2. For Covered Property in which both you and a Loss Payee have an insurable interest:
   a. We will pay for covered loss or damage to each Loss Payee in their order of precedence, as interests may appear.

**BP 12 03 01 10**                    © Insurance Services Office, Inc., 2009                    **Page 1 of 2**

**b.** The Loss Payee has the right to receive loss payment even if the Loss Payee has started foreclosure for similar action on the Covered Property.

**c.** If we deny your claim because of your acts or because you have failed to comply with the terms of this policy, the Loss Payee will still have the right to receive loss payment if the Loss Payee:

**(1)** Pays any premium due under this policy at our request if you have failed to do so;

**(2)** Submits a signed, sworn proof of loss within 60 days after receiving notice from us of your failure to do so; and; and

**(3)** Has notified us of any change in ownership, occupancy or substantial change in risk known to the Loss Payee.

All of the terms of **Section I - Property** will then apply directly to the Loss Payee.

**d.** If we pay the Loss Payee for any loss or damage and deny payment to you because of your acts or because you have failed to comply with the terms of this policy:

**(1)** The Loss Payee's rights will be transferred to us to the extent of the amount we pay; and

**(2)** The Loss Payee's right to recover the full amount of the Loss Payee's claim will not be impaired.

At our option, we may pay to the Loss Payee the whole principal on the debt plus any accrued interest. In this event, you will pay your remaining debt to us.

**3.** If we cancel this policy, we will give written notice to the Loss Payee at least:

**a.** 10 days before the effective date of cancellation if we cancel for your nonpayment of premium; or

**b.** 30 days before the effective date of cancellation if we cancel for any other reason.

**4.** If we do not renew this policy, we will give written notice to the Loss Payee at least 10 days before the expiration date of this policy.

**C. Contract Of Sale Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is a person or organization you have entered a contract with for the sale of Covered Property.

**2.** For Covered Property in which both you and the Loss Payee have an insurable interest, we will:

**a.** Adjust losses with you; and

**b.** Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**3.** The following is added to Paragraph **H. Other Insurance** in **Section III - Common Policy Conditions:**

For Covered Property that is the subject of a contract of sale, the word "you" includes the Loss Payee.

**D. Building Owner Loss Payable Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is the owner of the described building, in which you are a tenant.

**2.** We will adjust losses to the described building with the Loss Payee. Any loss payment made to the Loss Payee will satisfy your claims against us for the owner's property.

**3.** We will adjust losses to tenant's improvements and betterments with you, unless the lease provides otherwise.

POLICY NUMBER:                                                                                    BUSINESSOWNERS
                                                                                                              BP 12 03 01 10

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LOSS PAYABLE CLAUSES

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

## SCHEDULE



| Premises Number | Building Number | Applicable Clause (Indicate Paragraph A, B, C or D): |
|---|---|---|
| 6581 102nd Ave | | A |
| PINELLAS PARK | | |
| FL | | |
| 33782 | | |

**Description of Property**

cellphone store

**Loss Payee (Name & Address)**

AVIVA LIFE AND ANNUITY COMPANY

7700 MILLS CIVIC PKWY

WEST DES MOINES, IA 50266

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

Nothing in this endorsement increases the applicable Limit of Insurance. We will not pay any Loss Payee more than their financial interest in the Covered Property, and we will not pay more than the applicable Limit of Insurance on the Covered Property.

The following is added to the **Loss Payment** Property Loss Condition in **Section I - Property**, as shown in the Declarations or in the Schedule:

**A. Loss Payable Clause**

For Covered Property in which both you and a Loss Payee shown in the Schedule or in the Declarations have an insurable interest, we will:

1. Adjust losses with you; and
2. Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**B. Lender's Loss Payable Clause**

1. The Loss Payee shown in the Schedule or in the Declarations is a creditor, including a mortgageholder or trustee, whose interest in that Covered Property is established by such written instruments as:

   a. Warehouse receipts;
   b. A contract for deed;
   c. Bills of lading;
   d. Financing statements; or
   e. Mortgages, deeds of trust, or security agreements.

2. For Covered Property in which both you and a Loss Payee have an insurable interest:

   a. We will pay for covered loss or damage to each Loss Payee in their order of precedence, as interests may appear.

© Insurance Services Office, Inc., 2009

**b.** The Loss Payee has the right to receive loss payment even if the Loss Payee has started foreclosure for similar action on the Covered Property.

**c.** If we deny your claim because of your acts or because you have failed to comply with the terms of this policy, the Loss Payee will still have the right to receive loss payment if the Loss Payee:

   **(1)** Pays any premium due under this policy at our request if you have failed to do so;

   **(2)** Submits a signed, sworn proof of loss within 60 days after receiving notice from us of your failure to do so; and; and

   **(3)** Has notified us of any change in ownership, occupancy or substantial change in risk known to the Loss Payee.

All of the terms of **Section I - Property** will then apply directly to the Loss Payee.

**d.** If we pay the Loss Payee for any loss or damage and deny payment to you because of your acts or because you have failed to comply with the terms of this policy:

   **(1)** The Loss Payee's rights will be transferred to us to the extent of the amount we pay; and

   **(2)** The Loss Payee's right to recover the full amount of the Loss Payee's claim will not be impaired.

At our option, we may pay to the Loss Payee the whole principal on the debt plus any accrued interest. In this event, you will pay your remaining debt to us.

**3.** If we cancel this policy, we will give written notice to the Loss Payee at least:

   **a.** 10 days before the effective date of cancellation if we cancel for your nonpayment of premium; or

   **b.** 30 days before the effective date of cancellation if we cancel for any other reason.

**4.** If we do not renew this policy, we will give written notice to the Loss Payee at least 10 days before the expiration date of this policy.

**C. Contract Of Sale Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is a person or organization you have entered a contract with for the sale of Covered Property.

**2.** For Covered Property in which both you and the Loss Payee have an insurable interest, we will:

   **a.** Adjust losses with you; and

   **b.** Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**3.** The following is added to Paragraph **H. Other Insurance** in **Section III - Common Policy Conditions:**

For Covered Property that is the subject of a contract of sale, the word "you" includes the Loss Payee.

**D. Building Owner Loss Payable Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is the owner of the described building, in which you are a tenant.

**2.** We will adjust losses to the described building with the Loss Payee. Any loss payment made to the Loss Payee will satisfy your claims against us for the owner's property.

**3.** We will adjust losses to tenant's improvements and betterments with you, unless the lease provides otherwise.

Insurance Services Office, Inc., 2009
©

POLICY NUMBER:

BUSINESSOWNERS
BP 12 03 01 10

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LOSS PAYABLE CLAUSES

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

## SCHEDULE



| Premises Number | Building Number | Applicable Clause (Indicate Paragraph A, B, C or D): |
|---|---|---|
| 6224 Commercial Way<br><br>Weeki Wachee<br>FL<br>34613-6325 | | A |

**Description of Property**

cellphone store

**Loss Payee (Name & Address)**

JBG/RETAIL MANAGEMENT LLC

4445 WILLARD AVE STE 400

CHEVY CHASE, MD 20815

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

Nothing in this endorsement increases the applicable Limit of Insurance. We will not pay any Loss Payee more than their financial interest in the Covered Property, and we will not pay more than the applicable Limit of Insurance on the Covered Property.

The following is added to the **Loss Payment** Property Loss Condition in **Section I - Property**, as shown in the Declarations or in the Schedule:

**A. Loss Payable Clause**

For Covered Property in which both you and a Loss Payee shown in the Schedule or in the Declarations have an insurable interest, we will:

**1.** Adjust losses with you; and

**2.** Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**B. Lender's Loss Payable Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is a creditor, including a mortgageholder or trustee, whose interest in that Covered Property is established by such written instruments as:

**a.** Warehouse receipts;

**b.** A contract for deed;

**c.** Bills of lading;

**d.** Financing statements; or

**e.** Mortgages, deeds of trust, or security agreements.

**2.** For Covered Property in which both you and a Loss Payee have an insurable interest:

**a.** We will pay for covered loss or damage to each Loss Payee in their order of precedence, as interests may appear.

**b.** The Loss Payee has the right to receive loss payment even if the Loss Payee has started foreclosure for similar action on the Covered Property.

**c.** If we deny your claim because of your acts or because you have failed to comply with the terms of this policy, the Loss Payee will still have the right to receive loss payment if the Loss Payee:

**(1)** Pays any premium due under this policy at our request if you have failed to do so;

**(2)** Submits a signed, sworn proof of loss within 60 days after receiving notice from us of your failure to do so; and; and

**(3)** Has notified us of any change in ownership, occupancy or substantial change in risk known to the Loss Payee.

All of the terms of **Section I - Property** will then apply directly to the Loss Payee.

**d.** If we pay the Loss Payee for any loss or damage and deny payment to you because of your acts or because you have failed to comply with the terms of this policy:

**(1)** The Loss Payee's rights will be transferred to us to the extent of the amount we pay; and

**(2)** The Loss Payee's right to recover the full amount of the Loss Payee's claim will not be impaired.

At our option, we may pay to the Loss Payee the whole principal on the debt plus any accrued interest. In this event, you will pay your remaining debt to us.

**3.** If we cancel this policy, we will give written notice to the Loss Payee at least:

**a.** 10 days before the effective date of cancellation if we cancel for your nonpayment of premium; or

**b.** 30 days before the effective date of cancellation if we cancel for any other reason.

**4.** If we do not renew this policy, we will give written notice to the Loss Payee at least 10 days before the expiration date of this policy.

**C. Contract Of Sale Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is a person or organization you have entered a contract with for the sale of Covered Property.

**2.** For Covered Property in which both you and the Loss Payee have an insurable interest, we will:

**a.** Adjust losses with you; and

**b.** Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**3.** The following is added to Paragraph **H. Other Insurance** in **Section III - Common Policy Conditions:**

For Covered Property that is the subject of a contract of sale, the word "you" includes the Loss Payee.

**D. Building Owner Loss Payable Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is the owner of the described building, in which you are a tenant.

**2.** We will adjust losses to the described building with the Loss Payee. Any loss payment made to the Loss Payee will satisfy your claims against us for the owner's property.

**3.** We will adjust losses to tenant's improvements and betterments with you, unless the lease provides otherwise.

POLICY NUMBER:

BUSINESSOWNERS
BP 12 03 01 10

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LOSS PAYABLE CLAUSES

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM



## SCHEDULE

| Premises Number | Building Number | | Applicable Clause (Indicate Paragraph A, B, C or D): |
|---|---|---|---|
| 1611 SE Us Highway 19 | | | A |
| Crystal River | | | |
| FL | | | |
| 34429-4830 | | | |

**Description of Property**

cellphone store

**Loss Payee (Name & Address)**

AVIVA LIFE AND ANNUITY COMPANY

7700 MILLS CIVIC PKWY

WEST DES MOINES, IA 50266

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

Nothing in this endorsement increases the applicable Limit of Insurance. We will not pay any Loss Payee more than their financial interest in the Covered Property, and we will not pay more than the applicable Limit of Insurance on the Covered Property.

The following is added to the **Loss Payment** Property Loss Condition in **Section I - Property**, as shown in the Declarations or in the Schedule:

**A. Loss Payable Clause**

For Covered Property in which both you and a Loss Payee shown in the Schedule or in the Declarations have an insurable interest, we will:

1. Adjust losses with you; and
2. Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**B. Lender's Loss Payable Clause**

1. The Loss Payee shown in the Schedule or in the Declarations is a creditor, including a mortgageholder or trustee, whose interest in that Covered Property is established by such written instruments as:

   a. Warehouse receipts;
   b. A contract for deed;
   c. Bills of lading;
   d. Financing statements; or
   e. Mortgages, deeds of trust, or security agreements.

2. For Covered Property in which both you and a Loss Payee have an insurable interest:

   a. We will pay for covered loss or damage to each Loss Payee in their order of precedence, as interests may appear.

BP 12 03 01 10

© Insurance Services Office, Inc., 2009

Page 1 of 2

b. The Loss Payee has the right to receive loss payment even if the Loss Payee has started foreclosure for similar action on the Covered Property.

c. If we deny your claim because of your acts or because you have failed to comply with the terms of this policy, the Loss Payee will still have the right to receive loss payment if the Loss Payee:

(1) Pays any premium due under this policy at our request if you have failed to do so;

(2) Submits a signed, sworn proof of loss within 60 days after receiving notice from us of your failure to do so; and; and

(3) Has notified us of any change in ownership, occupancy or substantial change in risk known to the Loss Payee.

All of the terms of **Section I - Property** will then apply directly to the Loss Payee.

d. If we pay the Loss Payee for any loss or damage and deny payment to you because of your acts or because you have failed to comply with the terms of this policy:

(1) The Loss Payee's rights will be transferred to us to the extent of the amount we pay; and

(2) The Loss Payee's right to recover the full amount of the Loss Payee's claim will not be impaired.

At our option, we may pay to the Loss Payee the whole principal on the debt plus any accrued interest. In this event, you will pay your remaining debt to us.

3. If we cancel this policy, we will give written notice to the Loss Payee at least:

a. 10 days before the effective date of cancellation if we cancel for your nonpayment of premium; or

b. 30 days before the effective date of cancellation if we cancel for any other reason.

4. If we do not renew this policy, we will give written notice to the Loss Payee at least 10 days before the expiration date of this policy.

C. **Contract Of Sale Clause**

1. The Loss Payee shown in the Schedule or in the Declarations is a person or organization you have entered a contract with for the sale of Covered Property.

2. For Covered Property in which both you and the Loss Payee have an insurable interest, we will:

a. Adjust losses with you; and

b. Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

3. The following is added to Paragraph **H. Other Insurance** in **Section III - Common Policy Conditions:**

For Covered Property that is the subject of a contract of sale, the word "you" includes the Loss Payee.

D. **Building Owner Loss Payable Clause**

1. The Loss Payee shown in the Schedule or in the Declarations is the owner of the described building, in which you are a tenant.

2. We will adjust losses to the described building with the Loss Payee. Any loss payment made to the Loss Payee will satisfy your claims against us for the owner's property.

3. We will adjust losses to tenant's improvements and betterments with you, unless the lease provides otherwise.

Insurance Services Office, Inc., 2009
©

POLICY NUMBER:

BUSINESSOWNERS
**BP 12 03 01 10**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LOSS PAYABLE CLAUSES

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

## SCHEDULE



| Premises Number | Building Number | | Applicable Clause (Indicate Paragraph A, B, C or D): |
|---|---|---|---|
| 807 Bowman St | | | A |
| Lebanon | | | |
| PA | | | |
| 17046-8430 | | | |

**Description of Property**

cellphone store

**Loss Payee (Name & Address)**

ROSENFELD INVESTMENT LLC

7101 WISCONSIN AVE

BETHESDA, MD 20814

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

Nothing in this endorsement increases the applicable Limit of Insurance. We will not pay any Loss Payee more than their financial interest in the Covered Property, and we will not pay more than the applicable Limit of Insurance on the Covered Property.

The following is added to the **Loss Payment** Property Loss Condition in **Section I - Property**, as shown in the Declarations or in the Schedule:

**A. Loss Payable Clause**

For Covered Property in which both you and a Loss Payee shown in the Schedule or in the Declarations have an insurable interest, we will:

**1.** Adjust losses with you; and

**2.** Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**B. Lender's Loss Payable Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is a creditor, including a mortgageholder or trustee, whose interest in that Covered Property is established by such written instruments as:

**a.** Warehouse receipts;

**b.** A contract for deed;

**c.** Bills of lading;

**d.** Financing statements; or

**e.** Mortgages, deeds of trust, or security agreements.

**2.** For Covered Property in which both you and a Loss Payee have an insurable interest:

**a.** We will pay for covered loss or damage to each Loss Payee in their order of precedence, as interests may appear.

**BP 12 03 01 10** © Insurance Services Office, Inc., 2009 Page 1 of 2

**b.** The Loss Payee has the right to receive loss payment even if the Loss Payee has started foreclosure for similar action on the Covered Property.

**c.** If we deny your claim because of your acts or because you have failed to comply with the terms of this policy, the Loss Payee will still have the right to receive loss payment if the Loss Payee:

**(1)** Pays any premium due under this policy at our request if you have failed to do so;

**(2)** Submits a signed, sworn proof of loss within 60 days after receiving notice from us of your failure to do so; and; and

**(3)** Has notified us of any change in ownership, occupancy or substantial change in risk known to the Loss Payee.

All of the terms of **Section I - Property** will then apply directly to the Loss Payee.

**d.** If we pay the Loss Payee for any loss or damage and deny payment to you because of your acts or because you have failed to comply with the terms of this policy:

**(1)** The Loss Payee's rights will be transferred to us to the extent of the amount we pay; and

**(2)** The Loss Payee's right to recover the full amount of the Loss Payee's claim will not be impaired.

At our option, we may pay to the Loss Payee the whole principal on the debt plus any accrued interest. In this event, you will pay your remaining debt to us.

**3.** If we cancel this policy, we will give written notice to the Loss Payee at least:

**a.** 10 days before the effective date of cancellation if we cancel for your nonpayment of premium; or

**b.** 30 days before the effective date of cancellation if we cancel for any other reason.

**4.** If we do not renew this policy, we will give written notice to the Loss Payee at least 10 days before the expiration date of this policy.

**C. Contract Of Sale Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is a person or organization you have entered a contract with for the sale of Covered Property.

**2.** For Covered Property in which both you and the Loss Payee have an insurable interest, we will:

**a.** Adjust losses with you; and

**b.** Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**3.** The following is added to Paragraph **H. Other Insurance** in **Section III - Common Policy Conditions:**

For Covered Property that is the subject of a contract of sale, the word "you" includes the Loss Payee.

**D. Building Owner Loss Payable Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is the owner of the described building, in which you are a tenant.

**2.** We will adjust losses to the described building with the Loss Payee. Any loss payment made to the Loss Payee will satisfy your claims against us for the owner's property.

**3.** We will adjust losses to tenant's improvements and betterments with you, unless the lease provides otherwise.

**BP 12 03 01 10**              Insurance Services Office, Inc., 2009              **Page 2 of 2**

©

POLICY NUMBER:

**BUSINESSOWNERS**
**BP 12 03 01 10**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LOSS PAYABLE CLAUSES

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

## SCHEDULE



| Premises Number | Building Number | Applicable Clause (Indicate Paragraph A, B, C or D): |
|---|---|---|
| 3765 Old Court Rd | | A |
| Baltimore | | |
| MD | | |
| 21208-3902 | | |

**Description of Property**

cellphone store

**Loss Payee (Name & Address)**

ROSENFELD INVESTMENT LLC

7101 WISCONSIN AVE

BETHESDA, MD 20814

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

Nothing in this endorsement increases the applicable Limit of Insurance. We will not pay any Loss Payee more than their financial interest in the Covered Property, and we will not pay more than the applicable Limit of Insurance on the Covered Property.

The following is added to the **Loss Payment** Property Loss Condition in **Section I - Property**, as shown in the Declarations or in the Schedule:

**A.  Loss Payable Clause**

For Covered Property in which both you and a Loss Payee shown in the Schedule or in the Declarations have an insurable interest, we will:

**1.**  Adjust losses with you; and

**2.**  Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**B.  Lender's Loss Payable Clause**

**1.**  The Loss Payee shown in the Schedule or in the Declarations is a creditor, including a mortgageholder or trustee, whose interest in that Covered Property is established by such written instruments as:

**a.**  Warehouse receipts;

**b.**  A contract for deed;

**c.**  Bills of lading;

**d.**  Financing statements; or

**e.**  Mortgages, deeds of trust, or security agreements.

**2.**  For Covered Property in which both you and a Loss Payee have an insurable interest:

**a.**  We will pay for covered loss or damage to each Loss Payee in their order of precedence, as interests may appear.

**b.** The Loss Payee has the right to receive loss payment even if the Loss Payee has started foreclosure for similar action on the Covered Property.

**c.** If we deny your claim because of your acts or because you have failed to comply with the terms of this policy, the Loss Payee will still have the right to receive loss payment if the Loss Payee:

    **(1)** Pays any premium due under this policy at our request if you have failed to do so;

    **(2)** Submits a signed, sworn proof of loss within 60 days after receiving notice from us of your failure to do so; and; and

    **(3)** Has notified us of any change in ownership, occupancy or substantial change in risk known to the Loss Payee.

All of the terms of **Section I - Property** will then apply directly to the Loss Payee.

**d.** If we pay the Loss Payee for any loss or damage and deny payment to you because of your acts or because you have failed to comply with the terms of this policy:

    **(1)** The Loss Payee's rights will be transferred to us to the extent of the amount we pay; and

    **(2)** The Loss Payee's right to recover the full amount of the Loss Payee's claim will not be impaired.

At our option, we may pay to the Loss Payee the whole principal on the debt plus any accrued interest. In this event, you will pay your remaining debt to us.

**3.** If we cancel this policy, we will give written notice to the Loss Payee at least:

    **a.** 10 days before the effective date of cancellation if we cancel for your nonpayment of premium; or

    **b.** 30 days before the effective date of cancellation if we cancel for any other reason.

**4.** If we do not renew this policy, we will give written notice to the Loss Payee at least 10 days before the expiration date of this policy.

**C. Contract Of Sale Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is a person or organization you have entered a contract with for the sale of Covered Property.

**2.** For Covered Property in which both you and the Loss Payee have an insurable interest, we will:

    **a.** Adjust losses with you; and

    **b.** Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**3.** The following is added to Paragraph **H. Other Insurance** in **Section III - Common Policy Conditions:**

For Covered Property that is the subject of a contract of sale, the word "you" includes the Loss Payee.

**D. Building Owner Loss Payable Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is the owner of the described building, in which you are a tenant.

**2.** We will adjust losses to the described building with the Loss Payee. Any loss payment made to the Loss Payee will satisfy your claims against us for the owner's property.

**3.** We will adjust losses to tenant's improvements and betterments with you, unless the lease provides otherwise.

©

POLICY NUMBER:

**BUSINESSOWNERS**
**BP 12 03 01 10**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LOSS PAYABLE CLAUSES

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

## SCHEDULE



| Premises Number | Building Number | | Applicable Clause (Indicate Paragraph A, B, C or D): |
|---|---|---|---|
| 5284 Randolph Rd | | | A |
| Rockville | | | |
| MD | | | |
| 20852-2116 | | | |

**Description of Property**

cellphone store

**Loss Payee (Name & Address)**

JBG/RETAIL MANAGEMENT LLC

4445 WILLARD AVE STE 400

CHEVY CHASE, MD 20815

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

Nothing in this endorsement increases the applicable Limit of Insurance. We will not pay any Loss Payee more than their financial interest in the Covered Property, and we will not pay more than the applicable Limit of Insurance on the Covered Property.

The following is added to the **Loss Payment** Property Loss Condition in **Section I - Property**, as shown in the Declarations or in the Schedule:

**A. Loss Payable Clause**

For Covered Property in which both you and a Loss Payee shown in the Schedule or in the Declarations have an insurable interest, we will:

**1.** Adjust losses with you; and

**2.** Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**B. Lender's Loss Payable Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is a creditor, including a mortgageholder or trustee, whose interest in that Covered Property is established by such written instruments as:

**a.** Warehouse receipts;

**b.** A contract for deed;

**c.** Bills of lading;

**d.** Financing statements; or

**e.** Mortgages, deeds of trust, or security agreements.

**2.** For Covered Property in which both you and a Loss Payee have an insurable interest:

**a.** We will pay for covered loss or damage to each Loss Payee in their order of precedence, as interests may appear.

**BP 12 03 01 10** © Insurance Services Office, Inc., 2009 **Page 1 of 2**

**b.** The Loss Payee has the right to receive loss payment even if the Loss Payee has started foreclosure for similar action on the Covered Property.

**c.** If we deny your claim because of your acts or because you have failed to comply with the terms of this policy, the Loss Payee will still have the right to receive loss payment if the Loss Payee:

  **(1)** Pays any premium due under this policy at our request if you have failed to do so;

  **(2)** Submits a signed, sworn proof of loss within 60 days after receiving notice from us of your failure to do so; and; and

  **(3)** Has notified us of any change in ownership, occupancy or substantial change in risk known to the Loss Payee.

All of the terms of **Section I - Property** will then apply directly to the Loss Payee.

**d.** If we pay the Loss Payee for any loss or damage and deny payment to you because of your acts or because you have failed to comply with the terms of this policy:

  **(1)** The Loss Payee's rights will be transferred to us to the extent of the amount we pay; and

  **(2)** The Loss Payee's right to recover the full amount of the Loss Payee's claim will not be impaired.

At our option, we may pay to the Loss Payee the whole principal on the debt plus any accrued interest. In this event, you will pay your remaining debt to us.

**3.** If we cancel this policy, we will give written notice to the Loss Payee at least:

  **a.** 10 days before the effective date of cancellation if we cancel for your nonpayment of premium; or

  **b.** 30 days before the effective date of cancellation if we cancel for any other reason.

**4.** If we do not renew this policy, we will give written notice to the Loss Payee at least 10 days before the expiration date of this policy.

**C. Contract Of Sale Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is a person or organization you have entered a contract with for the sale of Covered Property.

**2.** For Covered Property in which both you and the Loss Payee have an insurable interest, we will:

  **a.** Adjust losses with you; and

  **b.** Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**3.** The following is added to Paragraph **H. Other Insurance** in **Section III - Common Policy Conditions:**

For Covered Property that is the subject of a contract of sale, the word "you" includes the Loss Payee.

**D. Building Owner Loss Payable Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is the owner of the described building, in which you are a tenant.

**2.** We will adjust losses to the described building with the Loss Payee. Any loss payment made to the Loss Payee will satisfy your claims against us for the owner's property.

**3.** We will adjust losses to tenant's improvements and betterments with you, unless the lease provides otherwise.

©

POLICY NUMBER:

BUSINESSOWNERS
BP 12 03 01 10

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LOSS PAYABLE CLAUSES

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

## SCHEDULE



| Premises Number | Building Number | | Applicable Clause (Indicate Paragraph A, B, C or D): |
|---|---|---|---|
| 1604 S 4th St | | | A |
| Allentown PA 18103-4922 | | | |

**Description of Property**

cellphone store

**Loss Payee (Name & Address)**

JBG/RETAIL MANAGEMENT LLC

4445 WILLARD AVE STE 400

CHEVY CHASE, MD 20815

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

Nothing in this endorsement increases the applicable Limit of Insurance. We will not pay any Loss Payee more than their financial interest in the Covered Property, and we will not pay more than the applicable Limit of Insurance on the Covered Property.

The following is added to the **Loss Payment** Property Loss Condition in **Section I - Property**, as shown in the Declarations or in the Schedule:

**A. Loss Payable Clause**

For Covered Property in which both you and a Loss Payee shown in the Schedule or in the Declarations have an insurable interest, we will:

**1.** Adjust losses with you; and

**2.** Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**B. Lender's Loss Payable Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is a creditor, including a mortgageholder or trustee, whose interest in that Covered Property is established by such written instruments as:

**a.** Warehouse receipts;

**b.** A contract for deed;

**c.** Bills of lading;

**d.** Financing statements; or

**e.** Mortgages, deeds of trust, or security agreements.

**2.** For Covered Property in which both you and a Loss Payee have an insurable interest:

**a.** We will pay for covered loss or damage to each Loss Payee in their order of precedence, as interests may appear.

BP 12 03 01 10

© Insurance Services Office, Inc., 2009

Page 1 of 2

**b.** The Loss Payee has the right to receive loss payment even if the Loss Payee has started foreclosure for similar action on the Covered Property.

**c.** If we deny your claim because of your acts or because you have failed to comply with the terms of this policy, the Loss Payee will still have the right to receive loss payment if the Loss Payee:

**(1)** Pays any premium due under this policy at our request if you have failed to do so;

**(2)** Submits a signed, sworn proof of loss within 60 days after receiving notice from us of your failure to do so; and; and

**(3)** Has notified us of any change in ownership, occupancy or substantial change in risk known to the Loss Payee.

All of the terms of **Section I - Property** will then apply directly to the Loss Payee.

**d.** If we pay the Loss Payee for any loss or damage and deny payment to you because of your acts or because you have failed to comply with the terms of this policy:

**(1)** The Loss Payee's rights will be transferred to us to the extent of the amount we pay; and

**(2)** The Loss Payee's right to recover the full amount of the Loss Payee's claim will not be impaired.

At our option, we may pay to the Loss Payee the whole principal on the debt plus any accrued interest. In this event, you will pay your remaining debt to us.

**3.** If we cancel this policy, we will give written notice to the Loss Payee at least:

**a.** 10 days before the effective date of cancellation if we cancel for your nonpayment of premium; or

**b.** 30 days before the effective date of cancellation if we cancel for any other reason.

**4.** If we do not renew this policy, we will give written notice to the Loss Payee at least 10 days before the expiration date of this policy.

**C. Contract Of Sale Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is a person or organization you have entered a contract with for the sale of Covered Property.

**2.** For Covered Property in which both you and the Loss Payee have an insurable interest, we will:

**a.** Adjust losses with you; and

**b.** Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**3.** The following is added to Paragraph **H. Other Insurance** in **Section III - Common Policy Conditions:**

For Covered Property that is the subject of a contract of sale, the word "you" includes the Loss Payee.

**D. Building Owner Loss Payable Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is the owner of the described building, in which you are a tenant.

**2.** We will adjust losses to the described building with the Loss Payee. Any loss payment made to the Loss Payee will satisfy your claims against us for the owner's property.

**3.** We will adjust losses to tenant's improvements and betterments with you, unless the lease provides otherwise.

POLICY NUMBER:

BUSINESSOWNERS
BP 12 03 01 10

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LOSS PAYABLE CLAUSES

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

## SCHEDULE



| Premises Number | Building Number | Applicable Clause (Indicate Paragraph A, B, C or D): |
|---|---|---|
| 921 N 3rd St | | A |
| Harrisburg | | |
| PA | | |
| 17102-2064 | | |

**Description of Property**

cellphone store

**Loss Payee (Name & Address)**

AVIVA LIFE AND ANNUITY COMPANY

7700 MILLS CIVIC PKWY

WEST DES MOINES, IA 50266

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

Nothing in this endorsement increases the applicable Limit of Insurance. We will not pay any Loss Payee more than their financial interest in the Covered Property, and we will not pay more than the applicable Limit of Insurance on the Covered Property.

The following is added to the **Loss Payment** Property Loss Condition in **Section I - Property** , as shown in the Declarations or in the Schedule:

**A. Loss Payable Clause**

For Covered Property in which both you and a Loss Payee shown in the Schedule or in the Declarations have an insurable interest, we will:

**1.** Adjust losses with you; and

**2.** Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**B. Lender's Loss Payable Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is a creditor, including a mortgageholder or trustee, whose interest in that Covered Property is established by such written instruments as:

**a.** Warehouse receipts;

**b.** A contract for deed;

**c.** Bills of lading;

**d.** Financing statements; or

**e.** Mortgages, deeds of trust, or security agreements.

**2.** For Covered Property in which both you and a Loss Payee have an insurable interest:

**a.** We will pay for covered loss or damage to each Loss Payee in their order of precedence, as interests may appear.

BP 12 03 01 10   © Insurance Services Office, Inc., 2009   Page 1 of 2

**b.** The Loss Payee has the right to receive loss payment even if the Loss Payee has started foreclosure for similar action on the Covered Property.

**c.** If we deny your claim because of your acts or because you have failed to comply with the terms of this policy, the Loss Payee will still have the right to receive loss payment if the Loss Payee:

**(1)** Pays any premium due under this policy at our request if you have failed to do so;

**(2)** Submits a signed, sworn proof of loss within 60 days after receiving notice from us of your failure to do so; and; and

**(3)** Has notified us of any change in ownership, occupancy or substantial change in risk known to the Loss Payee.

All of the terms of **Section I - Property** will then apply directly to the Loss Payee.

**d.** If we pay the Loss Payee for any loss or damage and deny payment to you because of your acts or because you have failed to comply with the terms of this policy:

**(1)** The Loss Payee's rights will be transferred to us to the extent of the amount we pay; and

**(2)** The Loss Payee's right to recover the full amount of the Loss Payee's claim will not be impaired.

At our option, we may pay to the Loss Payee the whole principal on the debt plus any accrued interest. In this event, you will pay your remaining debt to us.

**3.** If we cancel this policy, we will give written notice to the Loss Payee at least:

**a.** 10 days before the effective date of cancellation if we cancel for your nonpayment of premium; or

**b.** 30 days before the effective date of cancellation if we cancel for any other reason.

**4.** If we do not renew this policy, we will give written notice to the Loss Payee at least 10 days before the expiration date of this policy.

**C. Contract Of Sale Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is a person or organization you have entered a contract with for the sale of Covered Property.

**2.** For Covered Property in which both you and the Loss Payee have an insurable interest, we will:

**a.** Adjust losses with you; and

**b.** Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**3.** The following is added to Paragraph **H. Other Insurance** in **Section III - Common Policy Conditions:**

For Covered Property that is the subject of a contract of sale, the word "you" includes the Loss Payee.

**D. Building Owner Loss Payable Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is the owner of the described building, in which you are a tenant.

**2.** We will adjust losses to the described building with the Loss Payee. Any loss payment made to the Loss Payee will satisfy your claims against us for the owner's property.

**3.** We will adjust losses to tenant's improvements and betterments with you, unless the lease provides otherwise.

Insurance Services Office, Inc., 2009
©

POLICY NUMBER:

BUSINESSOWNERS
BP 12 03 01 10

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LOSS PAYABLE CLAUSES

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

## SCHEDULE



| Premises Number | Building Number | | Applicable Clause (Indicate Paragraph A, B, C or D): |
|---|---|---|---|
| 5138 Park Heights Ave | | | A |
| Baltimore MD 21215-5817 | | | |

**Description of Property**

cellphone store

**Loss Payee (Name & Address)**

JBG/RETAIL MANAGEMENT LLC

4445 WILLARD AVE STE 400

CHEVY CHASE, MD 20815

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

Nothing in this endorsement increases the applicable Limit of Insurance. We will not pay any Loss Payee more than their financial interest in the Covered Property, and we will not pay more than the applicable Limit of Insurance on the Covered Property.

The following is added to the **Loss Payment** Property Loss Condition in **Section I - Property**, as shown in the Declarations or in the Schedule:

**A. Loss Payable Clause**

For Covered Property in which both you and a Loss Payee shown in the Schedule or in the Declarations have an insurable interest, we will:

**1.** Adjust losses with you; and

**2.** Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**B. Lender's Loss Payable Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is a creditor, including a mortgageholder or trustee, whose interest in that Covered Property is established by such written instruments as:

**a.** Warehouse receipts;

**b.** A contract for deed;

**c.** Bills of lading;

**d.** Financing statements; or

**e.** Mortgages, deeds of trust, or security agreements.

**2.** For Covered Property in which both you and a Loss Payee have an insurable interest:

**a.** We will pay for covered loss or damage to each Loss Payee in their order of precedence, as interests may appear.

BP 12 03 01 10

© Insurance Services Office, Inc., 2009

Page 1 of 2

b. The Loss Payee has the right to receive loss payment even if the Loss Payee has started foreclosure for similar action on the Covered Property.

c. If we deny your claim because of your acts or because you have failed to comply with the terms of this policy, the Loss Payee will still have the right to receive loss payment if the Loss Payee:

(1) Pays any premium due under this policy at our request if you have failed to do so;

(2) Submits a signed, sworn proof of loss within 60 days after receiving notice from us of your failure to do so; and; and

(3) Has notified us of any change in ownership, occupancy or substantial change in risk known to the Loss Payee.

All of the terms of **Section I - Property** will then apply directly to the Loss Payee.

d. If we pay the Loss Payee for any loss or damage and deny payment to you because of your acts or because you have failed to comply with the terms of this policy:

(1) The Loss Payee's rights will be transferred to us to the extent of the amount we pay; and

(2) The Loss Payee's right to recover the full amount of the Loss Payee's claim will not be impaired.

At our option, we may pay to the Loss Payee the whole principal on the debt plus any accrued interest. In this event, you will pay your remaining debt to us.

3. If we cancel this policy, we will give written notice to the Loss Payee at least:

a. 10 days before the effective date of cancellation if we cancel for your nonpayment of premium; or

b. 30 days before the effective date of cancellation if we cancel for any other reason.

4. If we do not renew this policy, we will give written notice to the Loss Payee at least 10 days before the expiration date of this policy.

C. **Contract Of Sale Clause**

1. The Loss Payee shown in the Schedule or in the Declarations is a person or organization you have entered a contract with for the sale of Covered Property.

2. For Covered Property in which both you and the Loss Payee have an insurable interest, we will:

a. Adjust losses with you; and

b. Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

3. The following is added to Paragraph **H. Other Insurance** in **Section III - Common Policy Conditions:**

For Covered Property that is the subject of a contract of sale, the word "you" includes the Loss Payee.

D. **Building Owner Loss Payable Clause**

1. The Loss Payee shown in the Schedule or in the Declarations is the owner of the described building, in which you are a tenant.

2. We will adjust losses to the described building with the Loss Payee. Any loss payment made to the Loss Payee will satisfy your claims against us for the owner's property.

3. We will adjust losses to tenant's improvements and betterments with you, unless the lease provides otherwise.

Insurance Services Office, Inc., 2009

POLICY NUMBER:

**BUSINESSOWNERS
BP 12 03 01 10**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LOSS PAYABLE CLAUSES

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

## SCHEDULE



| Premises Number | Building Number | Applicable Clause (Indicate Paragraph A, B, C or D): |
|---|---|---|
| 921 N 3rd St | | A |
| Harrisburg | | |
| PA | | |
| 17102-2064 | | |

**Description of Property**

cellphone store

**Loss Payee (Name & Address)**

ROSENFELD INVESTMENT LLC

7101 WISCONSIN AVE

BETHESDA, MD 20814

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

Nothing in this endorsement increases the applicable Limit of Insurance. We will not pay any Loss Payee more than their financial interest in the Covered Property, and we will not pay more than the applicable Limit of Insurance on the Covered Property.

The following is added to the **Loss Payment** Property Loss Condition in **Section I - Property** , as shown in the Declarations or in the Schedule:

**A. Loss Payable Clause**

For Covered Property in which both you and a Loss Payee shown in the Schedule or in the Declarations have an insurable interest, we will:

**1.** Adjust losses with you; and

**2.** Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**B. Lender's Loss Payable Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is a creditor, including a mortgageholder or trustee, whose interest in that Covered Property is established by such written instruments as:

**a.** Warehouse receipts;

**b.** A contract for deed;

**c.** Bills of lading;

**d.** Financing statements; or

**e.** Mortgages, deeds of trust, or security agreements.

**2.** For Covered Property in which both you and a Loss Payee have an insurable interest:

**a.** We will pay for covered loss or damage to each Loss Payee in their order of precedence, as interests may appear.

© Insurance Services Office, Inc., 2009

b. The Loss Payee has the right to receive loss payment even if the Loss Payee has started foreclosure for similar action on the Covered Property.

c. If we deny your claim because of your acts or because you have failed to comply with the terms of this policy, the Loss Payee will still have the right to receive loss payment if the Loss Payee:

   (1) Pays any premium due under this policy at our request if you have failed to do so;

   (2) Submits a signed, sworn proof of loss within 60 days after receiving notice from us of your failure to do so; and; and

   (3) Has notified us of any change in ownership, occupancy or substantial change in risk known to the Loss Payee.

   All of the terms of **Section I - Property** will then apply directly to the Loss Payee.

d. If we pay the Loss Payee for any loss or damage and deny payment to you because of your acts or because you have failed to comply with the terms of this policy:

   (1) The Loss Payee's rights will be transferred to us to the extent of the amount we pay; and

   (2) The Loss Payee's right to recover the full amount of the Loss Payee's claim will not be impaired.

   At our option, we may pay to the Loss Payee the whole principal on the debt plus any accrued interest. In this event, you will pay your remaining debt to us.

3. If we cancel this policy, we will give written notice to the Loss Payee at least:

   a. 10 days before the effective date of cancellation if we cancel for your nonpayment of premium; or

   b. 30 days before the effective date of cancellation if we cancel for any other reason.

4. If we do not renew this policy, we will give written notice to the Loss Payee at least 10 days before the expiration date of this policy.

**C. Contract Of Sale Clause**

1. The Loss Payee shown in the Schedule or in the Declarations is a person or organization you have entered a contract with for the sale of Covered Property.

2. For Covered Property in which both you and the Loss Payee have an insurable interest, we will:

   a. Adjust losses with you; and

   b. Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

3. The following is added to Paragraph **H. Other Insurance** in **Section III - Common Policy Conditions:**

   For Covered Property that is the subject of a contract of sale, the word "you" includes the Loss Payee.

**D. Building Owner Loss Payable Clause**

1. The Loss Payee shown in the Schedule or in the Declarations is the owner of the described building, in which you are a tenant.

2. We will adjust losses to the described building with the Loss Payee. Any loss payment made to the Loss Payee will satisfy your claims against us for the owner's property.

3. We will adjust losses to tenant's improvements and betterments with you, unless the lease provides otherwise.

POLICY NUMBER:

BUSINESSOWNERS
BP 12 03 01 10

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LOSS PAYABLE CLAUSES

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM



## SCHEDULE

| Premises Number | Building Number | | Applicable Clause (Indicate Paragraph A, B, C or D): |
|---|---|---|---|
| 10091 Us Highway 19 | | | A |
| Port Richey FL 34668-3742 | | | |

**Description of Property**

cellphone store

**Loss Payee (Name & Address)**

AVIVA LIFE AND ANNUITY COMPANY

7700 MILLS CIVIC PKWY

WEST DES MOINES, IA 50266

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

Nothing in this endorsement increases the applicable Limit of Insurance. We will not pay any Loss Payee more than their financial interest in the Covered Property, and we will not pay more than the applicable Limit of Insurance on the Covered Property.

The following is added to the **Loss Payment** Property Loss Condition in **Section I - Property**, as shown in the Declarations or in the Schedule:

**A. Loss Payable Clause**

For Covered Property in which both you and a Loss Payee shown in the Schedule or in the Declarations have an insurable interest, we will:

**1.** Adjust losses with you; and

**2.** Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**B. Lender's Loss Payable Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is a creditor, including a mortgageholder or trustee, whose interest in that Covered Property is established by such written instruments as:

**a.** Warehouse receipts;

**b.** A contract for deed;

**c.** Bills of lading;

**d.** Financing statements; or

**e.** Mortgages, deeds of trust, or security agreements.

**2.** For Covered Property in which both you and a Loss Payee have an insurable interest:

**a.** We will pay for covered loss or damage to each Loss Payee in their order of precedence, as interests may appear.

© Insurance Services Office, Inc., 2009

b. The Loss Payee has the right to receive loss payment even if the Loss Payee has started foreclosure for similar action on the Covered Property.

c. If we deny your claim because of your acts or because you have failed to comply with the terms of this policy, the Loss Payee will still have the right to receive loss payment if the Loss Payee:

(1) Pays any premium due under this policy at our request if you have failed to do so;

(2) Submits a signed, sworn proof of loss within 60 days after receiving notice from us of your failure to do so; and; and

(3) Has notified us of any change in ownership, occupancy or substantial change in risk known to the Loss Payee.

All of the terms of **Section I - Property** will then apply directly to the Loss Payee.

d. If we pay the Loss Payee for any loss or damage and deny payment to you because of your acts or because you have failed to comply with the terms of this policy:

(1) The Loss Payee's rights will be transferred to us to the extent of the amount we pay; and

(2) The Loss Payee's right to recover the full amount of the Loss Payee's claim will not be impaired.

At our option, we may pay to the Loss Payee the whole principal on the debt plus any accrued interest. In this event, you will pay your remaining debt to us.

3. If we cancel this policy, we will give written notice to the Loss Payee at least:

a. 10 days before the effective date of cancellation if we cancel for your nonpayment of premium; or

b. 30 days before the effective date of cancellation if we cancel for any other reason.

4. If we do not renew this policy, we will give written notice to the Loss Payee at least 10 days before the expiration date of this policy.

C. **Contract Of Sale Clause**

1. The Loss Payee shown in the Schedule or in the Declarations is a person or organization you have entered a contract with for the sale of Covered Property.

2. For Covered Property in which both you and the Loss Payee have an insurable interest, we will:

a. Adjust losses with you; and

b. Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

3. The following is added to Paragraph **H. Other Insurance** in **Section III - Common Policy Conditions:**

For Covered Property that is the subject of a contract of sale, the word "you" includes the Loss Payee.

D. **Building Owner Loss Payable Clause**

1. The Loss Payee shown in the Schedule or in the Declarations is the owner of the described building, in which you are a tenant.

2. We will adjust losses to the described building with the Loss Payee. Any loss payment made to the Loss Payee will satisfy your claims against us for the owner's property.

3. We will adjust losses to tenant's improvements and betterments with you, unless the lease provides otherwise.

POLICY NUMBER:  **BUSINESSOWNERS**
**BP 12 03 01 10**

**THIS ENDORSEMENT  CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LOSS PAYABLE CLAUSES

This endorsement  modifies  insurance  provided  under the following:

BUSINESSOWNERS  COVERAGE FORM

## SCHEDULE



| Premises Number | Building Number | Applicable Clause (Indicate Paragraph A, B, C or D): |
|---|---|---|
| 3023 Wade Hampton Blvd | | A |
| Taylors SC 29687-2700 | | |

**Description  of Property**

cellphone store

**Loss Payee (Name & Address)**

AVIVA LIFE AND ANNUITY COMPANY

7700 MILLS CIVIC PKWY

WEST DES MOINES, IA 50266

Information  required  to complete  this Schedule, if not shown  above, will  be shown  in the Declarations.

Nothing  in this endorsement  increases the applicable Limit of Insurance. We will  not pay any Loss Payee more than their financial  interest  in the Covered Property,  and we will  not pay more than the applicable  Limit of Insurance  on the Covered Property.

The following  is added to the **Loss Payment** Property Loss Condition  in **Section I - Property** , as shown  in the Declarations  or in the Schedule:

**A.  Loss Payable Clause**

For Covered Property in which both you and a Loss Payee shown  in the Schedule  or in the Declarations  have an insurable  interest, we will:

**1.**  Adjust  losses with you; and

**2.**  Pay any claim  for loss or damage jointly to you  and the Loss Payee, as interests may  appear.

**B.  Lender's Loss Payable Clause**

**1.**  The Loss Payee shown  in the Schedule or in the Declarations  is a creditor, including  a mortgageholder  or trustee, whose interest  in that Covered Property is established  by such written  instruments  as:

**a.**  Warehouse  receipts;

**b.**  A contract  for deed;

**c.**  Bills of lading;

**d.**  Financing  statements;  or

**e.**  Mortgages,  deeds of trust, or security  agreements.

**2.**  For Covered Property in which  both you and a Loss Payee have an insurable  interest:

**a.**  We will  pay for covered loss or damage to each Loss Payee in their order of precedence, as interests  may appear.

**BP 12 03 01 10**  © Insurance  Services Office,  Inc., 2009  **Page 1 of 2**

**b.** The Loss Payee has the right to receive loss payment even if the Loss Payee has started foreclosure for similar action on the Covered Property.

**c.** If we deny your claim because of your acts or because you have failed to comply with the terms of this policy, the Loss Payee will still have the right to receive loss payment if the Loss Payee:

   **(1)** Pays any premium due under this policy at our request if you have failed to do so;

   **(2)** Submits a signed, sworn proof of loss within 60 days after receiving notice from us of your failure to do so; and; and

   **(3)** Has notified us of any change in ownership, occupancy or substantial change in risk known to the Loss Payee.

All of the terms of **Section I - Property** will then apply directly to the Loss Payee.

**d.** If we pay the Loss Payee for any loss or damage and deny payment to you because of your acts or because you have failed to comply with the terms of this policy:

   **(1)** The Loss Payee's rights will be transferred to us to the extent of the amount we pay; and

   **(2)** The Loss Payee's right to recover the full amount of the Loss Payee's claim will not be impaired.

At our option, we may pay to the Loss Payee the whole principal on the debt plus any accrued interest. In this event, you will pay your remaining debt to us.

**3.** If we cancel this policy, we will give written notice to the Loss Payee at least:

   **a.** 10 days before the effective date of cancellation if we cancel for your nonpayment of premium; or

   **b.** 30 days before the effective date of cancellation if we cancel for any other reason.

**4.** If we do not renew this policy, we will give written notice to the Loss Payee at least 10 days before the expiration date of this policy.

**C. Contract Of Sale Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is a person or organization you have entered a contract with for the sale of Covered Property.

**2.** For Covered Property in which both you and the Loss Payee have an insurable interest, we will:

   **a.** Adjust losses with you; and

   **b.** Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**3.** The following is added to Paragraph **H. Other Insurance** in **Section III - Common Policy Conditions:**

For Covered Property that is the subject of a contract of sale, the word "you" includes the Loss Payee.

**D. Building Owner Loss Payable Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is the owner of the described building, in which you are a tenant.

**2.** We will adjust losses to the described building with the Loss Payee. Any loss payment made to the Loss Payee will satisfy your claims against us for the owner's property.

**3.** We will adjust losses to tenant's improvements and betterments with you, unless the lease provides otherwise.

Insurance Services Office, Inc., 2009

POLICY NUMBER:

**BUSINESSOWNERS
BP 12 03 01 10**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LOSS PAYABLE CLAUSES

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

## SCHEDULE



| Premises Number | Building Number | | Applicable Clause (Indicate Paragraph A, B, C or D): |
|---|---|---|---|
| 7000 Arundel Mills Circle | 55 | | A |

HANOVER
MD
21076

**Description of Property**

cellphone store

**Loss Payee (Name & Address)**

AVIVA LIFE AND ANNUITY COMPANY

7700 MILLS CIVIC PKWY

WEST DES MOINES, IA 50266

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

Nothing in this endorsement increases the applicable Limit of Insurance. We will not pay any Loss Payee more than their financial interest in the Covered Property, and we will not pay more than the applicable Limit of Insurance on the Covered Property.

The following is added to the **Loss Payment** Property Loss Condition in **Section I - Property**, as shown in the Declarations or in the Schedule:

**A. Loss Payable Clause**

For Covered Property in which both you and a Loss Payee shown in the Schedule or in the Declarations have an insurable interest, we will:

**1.** Adjust losses with you; and

**2.** Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**B. Lender's Loss Payable Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is a creditor, including a mortgageholder or trustee, whose interest in that Covered Property is established by such written instruments as:

**a.** Warehouse receipts;

**b.** A contract for deed;

**c.** Bills of lading;

**d.** Financing statements; or

**e.** Mortgages, deeds of trust, or security agreements.

**2.** For Covered Property in which both you and a Loss Payee have an insurable interest:

**a.** We will pay for covered loss or damage to each Loss Payee in their order of precedence, as interests may appear.

**BP 12 03 01 10**                    © Insurance Services Office, Inc., 2009                    **Page 1 of 2**

b. The Loss Payee has the right to receive loss payment even if the Loss Payee has started foreclosure for similar action on the Covered Property.

c. If we deny your claim because of your acts or because you have failed to comply with the terms of this policy, the Loss Payee will still have the right to receive loss payment if the Loss Payee:

  (1) Pays any premium due under this policy at our request if you have failed to do so;

  (2) Submits a signed, sworn proof of loss within 60 days after receiving notice from us of your failure to do so; and; and

  (3) Has notified us of any change in ownership, occupancy or substantial change in risk known to the Loss Payee.

  All of the terms of **Section I - Property** will then apply directly to the Loss Payee.

d. If we pay the Loss Payee for any loss or damage and deny payment to you because of your acts or because you have failed to comply with the terms of this policy:

  (1) The Loss Payee's rights will be transferred to us to the extent of the amount we pay; and

  (2) The Loss Payee's right to recover the full amount of the Loss Payee's claim will not be impaired.

  At our option, we may pay to the Loss Payee the whole principal on the debt plus any accrued interest. In this event, you will pay your remaining debt to us.

3. If we cancel this policy, we will give written notice to the Loss Payee at least:

  a. 10 days before the effective date of cancellation if we cancel for your nonpayment of premium; or

  b. 30 days before the effective date of cancellation if we cancel for any other reason.

4. If we do not renew this policy, we will give written notice to the Loss Payee at least 10 days before the expiration date of this policy.

**C. Contract Of Sale Clause**

1. The Loss Payee shown in the Schedule or in the Declarations is a person or organization you have entered a contract with for the sale of Covered Property.

2. For Covered Property in which both you and the Loss Payee have an insurable interest, we will:

  a. Adjust losses with you; and

  b. Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

3. The following is added to Paragraph **H. Other Insurance** in **Section III - Common Policy Conditions:**

  For Covered Property that is the subject of a contract of sale, the word "you" includes the Loss Payee.

**D. Building Owner Loss Payable Clause**

1. The Loss Payee shown in the Schedule or in the Declarations is the owner of the described building, in which you are a tenant.

2. We will adjust losses to the described building with the Loss Payee. Any loss payment made to the Loss Payee will satisfy your claims against us for the owner's property.

3. We will adjust losses to tenant's improvements and betterments with you, unless the lease provides otherwise.

 Insurance Services Office, Inc., 2009

POLICY NUMBER:

**BUSINESSOWNERS
BP 12 03 01 10**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LOSS PAYABLE CLAUSES

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

## SCHEDULE



| Premises Number | Building Number | Applicable Clause (Indicate Paragraph A, B, C or D): |
|---|---|---|
| 7387A Baltimore-Annaplois Blvd | | A |
| Glen Burnie MD 21061-3222 | | |

**Description of Property**

cellphone store

**Loss Payee (Name & Address)**

JBG/RETAIL MANAGEMENT LLC

4445 WILLARD AVE STE 400

CHEVY CHASE, MD 20815

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

Nothing in this endorsement increases the applicable Limit of Insurance. We will not pay any Loss Payee more than their financial interest in the Covered Property, and we will not pay more than the applicable Limit of Insurance on the Covered Property.

The following is added to the **Loss Payment** Property Loss Condition in **Section I - Property**, as shown in the Declarations or in the Schedule:

**A. Loss Payable Clause**

For Covered Property in which both you and a Loss Payee shown in the Schedule or in the Declarations have an insurable interest, we will:

**1.** Adjust losses with you; and

**2.** Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**B. Lender's Loss Payable Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is a creditor, including a mortgageholder or trustee, whose interest in that Covered Property is established by such written instruments as:

**a.** Warehouse receipts;

**b.** A contract for deed;

**c.** Bills of lading;

**d.** Financing statements; or

**e.** Mortgages, deeds of trust, or security agreements.

**2.** For Covered Property in which both you and a Loss Payee have an insurable interest:

**a.** We will pay for covered loss or damage to each Loss Payee in their order of precedence, as interests may appear.

**b.** The Loss Payee has the right to receive loss payment even if the Loss Payee has started foreclosure for similar action on the Covered Property.

**c.** If we deny your claim because of your acts or because you have failed to comply with the terms of this policy, the Loss Payee will still have the right to receive loss payment if the Loss Payee:

   **(1)** Pays any premium due under this policy at our request if you have failed to do so;

   **(2)** Submits a signed, sworn proof of loss within 60 days after receiving notice from us of your failure to do so; and; and

   **(3)** Has notified us of any change in ownership, occupancy or substantial change in risk known to the Loss Payee.

All of the terms of **Section I - Property** will then apply directly to the Loss Payee.

**d.** If we pay the Loss Payee for any loss or damage and deny payment to you because of your acts or because you have failed to comply with the terms of this policy:

   **(1)** The Loss Payee's rights will be transferred to us to the extent of the amount we pay; and

   **(2)** The Loss Payee's right to recover the full amount of the Loss Payee's claim will not be impaired.

At our option, we may pay to the Loss Payee the whole principal on the debt plus any accrued interest. In this event, you will pay your remaining debt to us.

**3.** If we cancel this policy, we will give written notice to the Loss Payee at least:

   **a.** 10 days before the effective date of cancellation if we cancel for your nonpayment of premium; or

   **b.** 30 days before the effective date of cancellation if we cancel for any other reason.

**4.** If we do not renew this policy, we will give written notice to the Loss Payee at least 10 days before the expiration date of this policy.

**C. Contract Of Sale Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is a person or organization you have entered a contract with for the sale of Covered Property.

**2.** For Covered Property in which both you and the Loss Payee have an insurable interest, we will:

   **a.** Adjust losses with you; and

   **b.** Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**3.** The following is added to Paragraph **H. Other Insurance** in **Section III - Common Policy Conditions:**

For Covered Property that is the subject of a contract of sale, the word "you" includes the Loss Payee.

**D. Building Owner Loss Payable Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is the owner of the described building, in which you are a tenant.

**2.** We will adjust losses to the described building with the Loss Payee. Any loss payment made to the Loss Payee will satisfy your claims against us for the owner's property.

**3.** We will adjust losses to tenant's improvements and betterments with you, unless the lease provides otherwise.

POLICY NUMBER:

BUSINESSOWNERS
BP 12 03 01 10

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LOSS PAYABLE CLAUSES

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

## SCHEDULE

| Premises Number | Building Number | | Applicable Clause (Indicate Paragraph A, B, C or D): |
|---|---|---|---|
| 570 W Washington St | | | A |
| Greenville SC 29601-1923 | | | |

**Description of Property**

cellphone store

**Loss Payee (Name & Address)**

ROSENFELD INVESTMENT LLC

7101 WISCONSIN AVE

BETHESDA, MD 20814

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.



Nothing in this endorsement increases the applicable Limit of Insurance. We will not pay any Loss Payee more than their financial interest in the Covered Property, and we will not pay more than the applicable Limit of Insurance on the Covered Property.

The following is added to the **Loss Payment** Property Loss Condition in **Section I - Property**, as shown in the Declarations or in the Schedule:

**A. Loss Payable Clause**

For Covered Property in which both you and a Loss Payee shown in the Schedule or in the Declarations have an insurable interest, we will:

**1.** Adjust losses with you; and

**2.** Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**B. Lender's Loss Payable Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is a creditor, including a mortgageholder or trustee, whose interest in that Covered Property is established by such written instruments as:

**a.** Warehouse receipts;

**b.** A contract for deed;

**c.** Bills of lading;

**d.** Financing statements; or

**e.** Mortgages, deeds of trust, or security agreements.

**2.** For Covered Property in which both you and a Loss Payee have an insurable interest:

**a.** We will pay for covered loss or damage to each Loss Payee in their order of precedence, as interests may appear.

**BP 12 03 01 10** © Insurance Services Office, Inc., 2009 **Page 1 of 2**

b.  The Loss Payee has the right to receive loss payment even if the Loss Payee has started foreclosure for similar action on the Covered Property.

c.  If we deny your claim because of your acts or because you have failed to comply with the terms of this policy, the Loss Payee will still have the right to receive loss payment if the Loss Payee:

    (1)  Pays any premium due under this policy at our request if you have failed to do so;

    (2)  Submits a signed, sworn proof of loss within 60 days after receiving notice from us of your failure to do so; and; and

    (3)  Has notified us of any change in ownership, occupancy or substantial change in risk known to the Loss Payee.

    All of the terms of **Section I - Property** will then apply directly to the Loss Payee.

d.  If we pay the Loss Payee for any loss or damage and deny payment to you because of your acts or because you have failed to comply with the terms of this policy:

    (1)  The Loss Payee's rights will be transferred to us to the extent of the amount we pay; and

    (2)  The Loss Payee's right to recover the full amount of the Loss Payee's claim will not be impaired.

    At our option, we may pay to the Loss Payee the whole principal on the debt plus any accrued interest. In this event, you will pay your remaining debt to us.

3.  If we cancel this policy, we will give written notice to the Loss Payee at least:

    a.  10 days before the effective date of cancellation if we cancel for your nonpayment of premium; or

    b.  30 days before the effective date of cancellation if we cancel for any other reason.

4.  If we do not renew this policy, we will give written notice to the Loss Payee at least 10 days before the expiration date of this policy.

**C.  Contract Of Sale Clause**

1.  The Loss Payee shown in the Schedule or in the Declarations is a person or organization you have entered a contract with for the sale of Covered Property.

2.  For Covered Property in which both you and the Loss Payee have an insurable interest, we will:

    a.  Adjust losses with you; and

    b.  Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

3.  The following is added to Paragraph **H. Other Insurance** in **Section III - Common Policy Conditions:**

    For Covered Property that is the subject of a contract of sale, the word "you" includes the Loss Payee.

**D.  Building Owner Loss Payable Clause**

1.  The Loss Payee shown in the Schedule or in the Declarations is the owner of the described building, in which you are a tenant.

2.  We will adjust losses to the described building with the Loss Payee. Any loss payment made to the Loss Payee will satisfy your claims against us for the owner's property.

3.  We will adjust losses to tenant's improvements and betterments with you, unless the lease provides otherwise.

©

POLICY NUMBER:

**BUSINESSOWNERS**
**BP 12 03 01 10**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LOSS PAYABLE CLAUSES

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

<strong>SCHEDULE</strong>



| Premises Number | Building Number | Applicable Clause (Indicate Paragraph A, B, C or D): |
|---|---|---|
| 11051 Spring Hill Dr | | A |
| Spring Hill FL 34608-5049 | | |

**Description of Property**

cellphone store

**Loss Payee (Name & Address)**

AVIVA LIFE AND ANNUITY COMPANY

7700 MILLS CIVIC PKWY

WEST DES MOINES, IA 50266

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

Nothing in this endorsement increases the applicable Limit of Insurance. We will not pay any Loss Payee more than their financial interest in the Covered Property, and we will not pay more than the applicable Limit of Insurance on the Covered Property.

The following is added to the **Loss Payment** Property Loss Condition in **Section I - Property**, as shown in the Declarations or in the Schedule:

**A. Loss Payable Clause**

For Covered Property in which both you and a Loss Payee shown in the Schedule or in the Declarations have an insurable interest, we will:

1. Adjust losses with you; and

2. Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**B. Lender's Loss Payable Clause**

1. The Loss Payee shown in the Schedule or in the Declarations is a creditor, including a mortgageholder or trustee, whose interest in that Covered Property is established by such written instruments as:

   a. Warehouse receipts;

   b. A contract for deed;

   c. Bills of lading;

   d. Financing statements; or

   e. Mortgages, deeds of trust, or security agreements.

2. For Covered Property in which both you and a Loss Payee have an insurable interest:

   a. We will pay for covered loss or damage to each Loss Payee in their order of precedence, as interests may appear.

**BP 12 03 01 10**

© Insurance Services Office, Inc., 2009

**Page 1 of 2**

**b.** The Loss Payee has the right to receive loss payment even if the Loss Payee has started foreclosure for similar action on the Covered Property.

**c.** If we deny your claim because of your acts or because you have failed to comply with the terms of this policy, the Loss Payee will still have the right to receive loss payment if the Loss Payee:

**(1)** Pays any premium due under this policy at our request if you have failed to do so;

**(2)** Submits a signed, sworn proof of loss within 60 days after receiving notice from us of your failure to do so; and; and

**(3)** Has notified us of any change in ownership, occupancy or substantial change in risk known to the Loss Payee.

All of the terms of **Section I - Property** will then apply directly to the Loss Payee.

**d.** If we pay the Loss Payee for any loss or damage and deny payment to you because of your acts or because you have failed to comply with the terms of this policy:

**(1)** The Loss Payee's rights will be transferred to us to the extent of the amount we pay; and

**(2)** The Loss Payee's right to recover the full amount of the Loss Payee's claim will not be impaired.

At our option, we may pay to the Loss Payee the whole principal on the debt plus any accrued interest. In this event, you will pay your remaining debt to us.

**3.** If we cancel this policy, we will give written notice to the Loss Payee at least:

**a.** 10 days before the effective date of cancellation if we cancel for your nonpayment of premium; or

**b.** 30 days before the effective date of cancellation if we cancel for any other reason.

**4.** If we do not renew this policy, we will give written notice to the Loss Payee at least 10 days before the expiration date of this policy.

**C. Contract Of Sale Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is a person or organization you have entered a contract with for the sale of Covered Property.

**2.** For Covered Property in which both you and the Loss Payee have an insurable interest, we will:

**a.** Adjust losses with you; and

**b.** Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**3.** The following is added to Paragraph **H. Other Insurance** in **Section III - Common Policy Conditions:**

For Covered Property that is the subject of a contract of sale, the word "you" includes the Loss Payee.

**D. Building Owner Loss Payable Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is the owner of the described building, in which you are a tenant.

**2.** We will adjust losses to the described building with the Loss Payee. Any loss payment made to the Loss Payee will satisfy your claims against us for the owner's property.

**3.** We will adjust losses to tenant's improvements and betterments with you, unless the lease provides otherwise.

POLICY NUMBER:

BUSINESSOWNERS
BP 12 03 01 10

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LOSS PAYABLE CLAUSES

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

## SCHEDULE



| Premises Number | Building Number | | Applicable Clause (Indicate Paragraph A, B, C or D): |
|---|---|---|---|
| 4385 Commercial Way | | | A |
| Weeki Wachee FL 34606-1963 | | | |

**Description of Property**

cellphone store

**Loss Payee (Name & Address)**

JBG/RETAIL MANAGEMENT LLC

4445 WILLARD AVE STE 400

CHEVY CHASE, MD 20815

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

Nothing in this endorsement increases the applicable Limit of Insurance. We will not pay any Loss Payee more than their financial interest in the Covered Property, and we will not pay more than the applicable Limit of Insurance on the Covered Property.

The following is added to the **Loss Payment** Property Loss Condition in **Section I - Property**, as shown in the Declarations or in the Schedule:

**A. Loss Payable Clause**

For Covered Property in which both you and a Loss Payee shown in the Schedule or in the Declarations have an insurable interest, we will:

1. Adjust losses with you; and
2. Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**B. Lender's Loss Payable Clause**

1. The Loss Payee shown in the Schedule or in the Declarations is a creditor, including a mortgageholder or trustee, whose interest in that Covered Property is established by such written instruments as:
   a. Warehouse receipts;
   b. A contract for deed;
   c. Bills of lading;
   d. Financing statements; or
   e. Mortgages, deeds of trust, or security agreements.
2. For Covered Property in which both you and a Loss Payee have an insurable interest:
   a. We will pay for covered loss or damage to each Loss Payee in their order of precedence, as interests may appear.

BP 12 03 01 10

© Insurance Services Office, Inc., 2009

Page 1 of 2

**b.** The Loss Payee has the right to receive loss payment even if the Loss Payee has started foreclosure for similar action on the Covered Property.

**c.** If we deny your claim because of your acts or because you have failed to comply with the terms of this policy, the Loss Payee will still have the right to receive loss payment if the Loss Payee:

    **(1)** Pays any premium due under this policy at our request if you have failed to do so;

    **(2)** Submits a signed, sworn proof of loss within 60 days after receiving notice from us of your failure to do so; and; and

    **(3)** Has notified us of any change in ownership, occupancy or substantial change in risk known to the Loss Payee.

All of the terms of **Section I - Property** will then apply directly to the Loss Payee.

**d.** If we pay the Loss Payee for any loss or damage and deny payment to you because of your acts or because you have failed to comply with the terms of this policy:

    **(1)** The Loss Payee's rights will be transferred to us to the extent of the amount we pay; and

    **(2)** The Loss Payee's right to recover the full amount of the Loss Payee's claim will not be impaired.

    At our option, we may pay to the Loss Payee the whole principal on the debt plus any accrued interest. In this event, you will pay your remaining debt to us.

**3.** If we cancel this policy, we will give written notice to the Loss Payee at least:

    **a.** 10 days before the effective date of cancellation if we cancel for your nonpayment of premium; or

    **b.** 30 days before the effective date of cancellation if we cancel for any other reason.

**4.** If we do not renew this policy, we will give written notice to the Loss Payee at least 10 days before the expiration date of this policy.

**C. Contract Of Sale Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is a person or organization you have entered a contract with for the sale of Covered Property.

**2.** For Covered Property in which both you and the Loss Payee have an insurable interest, we will:

    **a.** Adjust losses with you; and

    **b.** Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**3.** The following is added to Paragraph **H. Other Insurance** in **Section III - Common Policy Conditions:**

    For Covered Property that is the subject of a contract of sale, the word "you" includes the Loss Payee.

**D. Building Owner Loss Payable Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is the owner of the described building, in which you are a tenant.

**2.** We will adjust losses to the described building with the Loss Payee. Any loss payment made to the Loss Payee will satisfy your claims against us for the owner's property.

**3.** We will adjust losses to tenant's improvements and betterments with you, unless the lease provides otherwise.

POLICY NUMBER:                                          **BUSINESSOWNERS**
                                                        **BP 12 03 01 10**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LOSS PAYABLE CLAUSES

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

### SCHEDULE



| Premises Number | Building Number | Applicable Clause (Indicate Paragraph A, B, C or D): |
|---|---|---|
| 10091 Us Highway 19 | | A |
| Port Richey FL 34668-3742 | | |

**Description of Property**

cellphone store

**Loss Payee (Name & Address)**

JBG/RETAIL MANAGEMENT LLC

4445 WILLARD AVE STE 400

CHEVY CHASE, MD 20815

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

Nothing in this endorsement increases the applicable Limit of Insurance. We will not pay any Loss Payee more than their financial interest in the Covered Property, and we will not pay more than the applicable Limit of Insurance on the Covered Property.

The following is added to the **Loss Payment** Property Loss Condition in **Section I - Property**, as shown in the Declarations or in the Schedule:

**A. Loss Payable Clause**

For Covered Property in which both you and a Loss Payee shown in the Schedule or in the Declarations have an insurable interest, we will:

**1.** Adjust losses with you; and

**2.** Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**B. Lender's Loss Payable Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is a creditor, including a mortgageholder or trustee, whose interest in that Covered Property is established by such written instruments as:

**a.** Warehouse receipts;

**b.** A contract for deed;

**c.** Bills of lading;

**d.** Financing statements; or

**e.** Mortgages, deeds of trust, or security agreements.

**2.** For Covered Property in which both you and a Loss Payee have an insurable interest:

**a.** We will pay for covered loss or damage to each Loss Payee in their order of precedence, as interests may appear.

b. The Loss Payee has the right to receive loss payment even if the Loss Payee has started foreclosure for similar action on the Covered Property.

c. If we deny your claim because of your acts or because you have failed to comply with the terms of this policy, the Loss Payee will still have the right to receive loss payment if the Loss Payee:

   (1) Pays any premium due under this policy at our request if you have failed to do so;

   (2) Submits a signed, sworn proof of loss within 60 days after receiving notice from us of your failure to do so; and; and

   (3) Has notified us of any change in ownership, occupancy or substantial change in risk known to the Loss Payee.

   All of the terms of **Section I - Property** will then apply directly to the Loss Payee.

d. If we pay the Loss Payee for any loss or damage and deny payment to you because of your acts or because you have failed to comply with the terms of this policy:

   (1) The Loss Payee's rights will be transferred to us to the extent of the amount we pay; and

   (2) The Loss Payee's right to recover the full amount of the Loss Payee's claim will not be impaired.

   At our option, we may pay to the Loss Payee the whole principal on the debt plus any accrued interest. In this event, you will pay your remaining debt to us.

3. If we cancel this policy, we will give written notice to the Loss Payee at least:

   a. 10 days before the effective date of cancellation if we cancel for your nonpayment of premium; or

   b. 30 days before the effective date of cancellation if we cancel for any other reason.

4. If we do not renew this policy, we will give written notice to the Loss Payee at least 10 days before the expiration date of this policy.

**C. Contract Of Sale Clause**

1. The Loss Payee shown in the Schedule or in the Declarations is a person or organization you have entered a contract with for the sale of Covered Property.

2. For Covered Property in which both you and the Loss Payee have an insurable interest, we will:

   a. Adjust losses with you; and

   b. Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

3. The following is added to Paragraph **H. Other Insurance** in **Section III - Common Policy Conditions:**

   For Covered Property that is the subject of a contract of sale, the word "you" includes the Loss Payee.

**D. Building Owner Loss Payable Clause**

1. The Loss Payee shown in the Schedule or in the Declarations is the owner of the described building, in which you are a tenant.

2. We will adjust losses to the described building with the Loss Payee. Any loss payment made to the Loss Payee will satisfy your claims against us for the owner's property.

3. We will adjust losses to tenant's improvements and betterments with you, unless the lease provides otherwise.

POLICY NUMBER:

**BUSINESSOWNERS
BP 12 03 01 10**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LOSS PAYABLE CLAUSES

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

## SCHEDULE



| Premises Number | Building Number | Applicable Clause (Indicate Paragraph A, B, C or D): |
|---|---|---|
| 8610 Washington Blvd Ste 106 | | A |
| Jessup MD 20794-9601 | | |

**Description of Property**

Cellphone Store

**Loss Payee (Name & Address)**

ROSENFELD INVESTMENT LLC

7101 WISCONSIN AVE

BETHESDA, MD 20814

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

Nothing in this endorsement increases the applicable Limit of Insurance. We will not pay any Loss Payee more than their financial interest in the Covered Property, and we will not pay more than the applicable Limit of Insurance on the Covered Property.

The following is added to the **Loss Payment** Property Loss Condition in **Section I - Property**, as shown in the Declarations or in the Schedule:

**A. Loss Payable Clause**

For Covered Property in which both you and a Loss Payee shown in the Schedule or in the Declarations have an insurable interest, we will:

1. Adjust losses with you; and
2. Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**B. Lender's Loss Payable Clause**

1. The Loss Payee shown in the Schedule or in the Declarations is a creditor, including a mortgageholder or trustee, whose interest in that Covered Property is established by such written instruments as:

   a. Warehouse receipts;
   b. A contract for deed;
   c. Bills of lading;
   d. Financing statements; or
   e. Mortgages, deeds of trust, or security agreements.

2. For Covered Property in which both you and a Loss Payee have an insurable interest:

   a. We will pay for covered loss or damage to each Loss Payee in their order of precedence, as interests may appear.

**BP 12 03 01 10**  © Insurance Services Office, Inc., 2009  **Page 1 of 2**

**b.** The Loss Payee has the right to receive loss payment even if the Loss Payee has started foreclosure for similar action on the Covered Property.

**c.** If we deny your claim because of your acts or because you have failed to comply with the terms of this policy, the Loss Payee will still have the right to receive loss payment if the Loss Payee:

**(1)** Pays any premium due under this policy at our request if you have failed to do so;

**(2)** Submits a signed, sworn proof of loss within 60 days after receiving notice from us of your failure to do so; and; and

**(3)** Has notified us of any change in ownership, occupancy or substantial change in risk known to the Loss Payee.

All of the terms of **Section I - Property** will then apply directly to the Loss Payee.

**d.** If we pay the Loss Payee for any loss or damage and deny payment to you because of your acts or because you have failed to comply with the terms of this policy:

**(1)** The Loss Payee's rights will be transferred to us to the extent of the amount we pay; and

**(2)** The Loss Payee's right to recover the full amount of the Loss Payee's claim will not be impaired.

At our option, we may pay to the Loss Payee the whole principal on the debt plus any accrued interest. In this event, you will pay your remaining debt to us.

**3.** If we cancel this policy, we will give written notice to the Loss Payee at least:

**a.** 10 days before the effective date of cancellation if we cancel for your nonpayment of premium; or

**b.** 30 days before the effective date of cancellation if we cancel for any other reason.

**4.** If we do not renew this policy, we will give written notice to the Loss Payee at least 10 days before the expiration date of this policy.

**C. Contract Of Sale Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is a person or organization you have entered a contract with for the sale of Covered Property.

**2.** For Covered Property in which both you and the Loss Payee have an insurable interest, we will:

**a.** Adjust losses with you; and

**b.** Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**3.** The following is added to Paragraph **H. Other Insurance** in **Section III - Common Policy Conditions:**

For Covered Property that is the subject of a contract of sale, the word "you" includes the Loss Payee.

**D. Building Owner Loss Payable Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is the owner of the described building, in which you are a tenant.

**2.** We will adjust losses to the described building with the Loss Payee. Any loss payment made to the Loss Payee will satisfy your claims against us for the owner's property.

**3.** We will adjust losses to tenant's improvements and betterments with you, unless the lease provides otherwise.

POLICY NUMBER:

**BUSINESSOWNERS**
**BP 12 03 01 10**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LOSS PAYABLE CLAUSES

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

## SCHEDULE



| Premises Number | Building Number | Applicable Clause (Indicate Paragraph A, B, C or D): |
|---|---|---|
| 4033 Mariner Blvd | | A |
| Spring Hill | | |
| FL | | |
| 34609-2467 | | |

**Description of Property**

cellphone store

**Loss Payee (Name & Address)**

JBG/RETAIL MANAGEMENT LLC

4445 WILLARD AVE STE 400

CHEVY CHASE, MD 20815

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

Nothing in this endorsement increases the applicable Limit of Insurance. We will not pay any Loss Payee more than their financial interest in the Covered Property, and we will not pay more than the applicable Limit of Insurance on the Covered Property.

The following is added to the **Loss Payment** Property Loss Condition in **Section I - Property**, as shown in the Declarations or in the Schedule:

**A. Loss Payable Clause**

For Covered Property in which both you and a Loss Payee shown in the Schedule or in the Declarations have an insurable interest, we will:

1. Adjust losses with you; and
2. Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**B. Lender's Loss Payable Clause**

1. The Loss Payee shown in the Schedule or in the Declarations is a creditor, including a mortgageholder or trustee, whose interest in that Covered Property is established by such written instruments as:

   a. Warehouse receipts;
   b. A contract for deed;
   c. Bills of lading;
   d. Financing statements; or
   e. Mortgages, deeds of trust, or security agreements.

2. For Covered Property in which both you and a Loss Payee have an insurable interest:

   a. We will pay for covered loss or damage to each Loss Payee in their order of precedence, as interests may appear.

**BP 12 03 01 10**                    © Insurance Services Office, Inc., 2009                    **Page 1 of 2**

**b.** The Loss Payee has the right to receive loss payment even if the Loss Payee has started foreclosure for similar action on the Covered Property.

**c.** If we deny your claim because of your acts or because you have failed to comply with the terms of this policy, the Loss Payee will still have the right to receive loss payment if the Loss Payee:

**(1)** Pays any premium due under this policy at our request if you have failed to do so;

**(2)** Submits a signed, sworn proof of loss within 60 days after receiving notice from us of your failure to do so; and; and

**(3)** Has notified us of any change in ownership, occupancy or substantial change in risk known to the Loss Payee.

All of the terms of **Section I - Property** will then apply directly to the Loss Payee.

**d.** If we pay the Loss Payee for any loss or damage and deny payment to you because of your acts or because you have failed to comply with the terms of this policy:

**(1)** The Loss Payee's rights will be transferred to us to the extent of the amount we pay; and

**(2)** The Loss Payee's right to recover the full amount of the Loss Payee's claim will not be impaired.

At our option, we may pay to the Loss Payee the whole principal on the debt plus any accrued interest. In this event, you will pay your remaining debt to us.

**3.** If we cancel this policy, we will give written notice to the Loss Payee at least:

**a.** 10 days before the effective date of cancellation if we cancel for your nonpayment of premium; or

**b.** 30 days before the effective date of cancellation if we cancel for any other reason.

**4.** If we do not renew this policy, we will give written notice to the Loss Payee at least 10 days before the expiration date of this policy.

**C. Contract Of Sale Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is a person or organization you have entered a contract with for the sale of Covered Property.

**2.** For Covered Property in which both you and the Loss Payee have an insurable interest, we will:

**a.** Adjust losses with you; and

**b.** Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**3.** The following is added to Paragraph **H. Other Insurance** in **Section III - Common Policy Conditions:**

For Covered Property that is the subject of a contract of sale, the word "you" includes the Loss Payee.

**D. Building Owner Loss Payable Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is the owner of the described building, in which you are a tenant.

**2.** We will adjust losses to the described building with the Loss Payee. Any loss payment made to the Loss Payee will satisfy your claims against us for the owner's property.

**3.** We will adjust losses to tenant's improvements and betterments with you, unless the lease provides otherwise.

Insurance Services Office, Inc., 2009 ©

POLICY NUMBER:

**BUSINESSOWNERS**
**BP 12 03 01 10**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LOSS PAYABLE CLAUSES

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

## SCHEDULE



| Premises Number | Building Number | Applicable Clause (Indicate Paragraph A, B, C or D): |
|---|---|---|
| 1134 S Charles St | | A |
| Baltimore MD 21230-4240 | | |

**Description of Property**

cellphone store

**Loss Payee (Name & Address)**

AVIVA LIFE AND ANNUITY COMPANY

7700 MILLS CIVIC PKWY

WEST DES MOINES, IA 50266

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

Nothing in this endorsement increases the applicable Limit of Insurance. We will not pay any Loss Payee more than their financial interest in the Covered Property, and we will not pay more than the applicable Limit of Insurance on the Covered Property.

The following is added to the **Loss Payment** Property Loss Condition in **Section I - Property**, as shown in the Declarations or in the Schedule:

**A. Loss Payable Clause**

For Covered Property in which both you and a Loss Payee shown in the Schedule or in the Declarations have an insurable interest, we will:

**1.** Adjust losses with you; and

**2.** Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**B. Lender's Loss Payable Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is a creditor, including a mortgageholder or trustee, whose interest in that Covered Property is established by such written instruments as:

**a.** Warehouse receipts;

**b.** A contract for deed;

**c.** Bills of lading;

**d.** Financing statements; or

**e.** Mortgages, deeds of trust, or security agreements.

**2.** For Covered Property in which both you and a Loss Payee have an insurable interest:

**a.** We will pay for covered loss or damage to each Loss Payee in their order of precedence, as interests may appear.

**BP 12 03 01 10**

© Insurance Services Office, Inc., 2009

**Page 1 of 2**

**b.** The Loss Payee has the right to receive loss payment even if the Loss Payee has started foreclosure for similar action on the Covered Property.

**c.** If we deny your claim because of your acts or because you have failed to comply with the terms of this policy, the Loss Payee will still have the right to receive loss payment if the Loss Payee:

**(1)** Pays any premium due under this policy at our request if you have failed to do so;

**(2)** Submits a signed, sworn proof of loss within 60 days after receiving notice from us of your failure to do so; and; and

**(3)** Has notified us of any change in ownership, occupancy or substantial change in risk known to the Loss Payee.

All of the terms of **Section I - Property** will then apply directly to the Loss Payee.

**d.** If we pay the Loss Payee for any loss or damage and deny payment to you because of your acts or because you have failed to comply with the terms of this policy:

**(1)** The Loss Payee's rights will be transferred to us to the extent of the amount we pay; and

**(2)** The Loss Payee's right to recover the full amount of the Loss Payee's claim will not be impaired.

At our option, we may pay to the Loss Payee the whole principal on the debt plus any accrued interest. In this event, you will pay your remaining debt to us.

**3.** If we cancel this policy, we will give written notice to the Loss Payee at least:

**a.** 10 days before the effective date of cancellation if we cancel for your nonpayment of premium; or

**b.** 30 days before the effective date of cancellation if we cancel for any other reason.

**4.** If we do not renew this policy, we will give written notice to the Loss Payee at least 10 days before the expiration date of this policy.

**C. Contract Of Sale Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is a person or organization you have entered a contract with for the sale of Covered Property.

**2.** For Covered Property in which both you and the Loss Payee have an insurable interest, we will:

**a.** Adjust losses with you; and

**b.** Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**3.** The following is added to Paragraph **H. Other Insurance** in **Section III - Common Policy Conditions:**

For Covered Property that is the subject of a contract of sale, the word "you" includes the Loss Payee.

**D. Building Owner Loss Payable Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is the owner of the described building, in which you are a tenant.

**2.** We will adjust losses to the described building with the Loss Payee. Any loss payment made to the Loss Payee will satisfy your claims against us for the owner's property.

**3.** We will adjust losses to tenant's improvements and betterments with you, unless the lease provides otherwise.

POLICY NUMBER:

BUSINESSOWNERS
BP 12 03 01 10

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LOSS PAYABLE CLAUSES

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

## SCHEDULE



| Premises Number | Building Number | | Applicable Clause (Indicate Paragraph A, B, C or D): |
|---|---|---|---|
| 1100 N Tuttle Ave Unit 4 | | | A |
| Sarasota FL 34237-3012 | | | |

**Description of Property**

    cellphone store

**Loss Payee (Name & Address)**

    JBG/RETAIL MANAGEMENT LLC

    4445 WILLARD AVE STE 400

    CHEVY CHASE, MD 20815

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

Nothing in this endorsement increases the applicable Limit of Insurance. We will not pay any Loss Payee more than their financial interest in the Covered Property, and we will not pay more than the applicable Limit of Insurance on the Covered Property.

The following is added to the **Loss Payment** Property Loss Condition in **Section I - Property**, as shown in the Declarations or in the Schedule:

**A. Loss Payable Clause**

For Covered Property in which both you and a Loss Payee shown in the Schedule or in the Declarations have an insurable interest, we will:

**1.** Adjust losses with you; and

**2.** Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**B. Lender's Loss Payable Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is a creditor, including a mortgageholder or trustee, whose interest in that Covered Property is established by such written instruments as:

    **a.** Warehouse receipts;

    **b.** A contract for deed;

    **c.** Bills of lading;

    **d.** Financing statements; or

    **e.** Mortgages, deeds of trust, or security agreements.

**2.** For Covered Property in which both you and a Loss Payee have an insurable interest:

    **a.** We will pay for covered loss or damage to each Loss Payee in their order of precedence, as interests may appear.

© Insurance Services Office, Inc., 2009

**b.** The Loss Payee has the right to receive loss payment even if the Loss Payee has started foreclosure for similar action on the Covered Property.

**c.** If we deny your claim because of your acts or because you have failed to comply with the terms of this policy, the Loss Payee will still have the right to receive loss payment if the Loss Payee:

   **(1)** Pays any premium due under this policy at our request if you have failed to do so;

   **(2)** Submits a signed, sworn proof of loss within 60 days after receiving notice from us of your failure to do so; and; and

   **(3)** Has notified us of any change in ownership, occupancy or substantial change in risk known to the Loss Payee.

   All of the terms of **Section I - Property** will then apply directly to the Loss Payee.

**d.** If we pay the Loss Payee for any loss or damage and deny payment to you because of your acts or because you have failed to comply with the terms of this policy:

   **(1)** The Loss Payee's rights will be transferred to us to the extent of the amount we pay; and

   **(2)** The Loss Payee's right to recover the full amount of the Loss Payee's claim will not be impaired.

   At our option, we may pay to the Loss Payee the whole principal on the debt plus any accrued interest. In this event, you will pay your remaining debt to us.

**3.** If we cancel this policy, we will give written notice to the Loss Payee at least:

   **a.** 10 days before the effective date of cancellation if we cancel for your nonpayment of premium; or

   **b.** 30 days before the effective date of cancellation if we cancel for any other reason.

**4.** If we do not renew this policy, we will give written notice to the Loss Payee at least 10 days before the expiration date of this policy.

**C. Contract Of Sale Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is a person or organization you have entered a contract with for the sale of Covered Property.

**2.** For Covered Property in which both you and the Loss Payee have an insurable interest, we will:

   **a.** Adjust losses with you; and

   **b.** Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**3.** The following is added to Paragraph **H. Other Insurance** in **Section III - Common Policy Conditions:**

   For Covered Property that is the subject of a contract of sale, the word "you" includes the Loss Payee.

**D. Building Owner Loss Payable Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is the owner of the described building, in which you are a tenant.

**2.** We will adjust losses to the described building with the Loss Payee. Any loss payment made to the Loss Payee will satisfy your claims against us for the owner's property.

**3.** We will adjust losses to tenant's improvements and betterments with you, unless the lease provides otherwise.

POLICY NUMBER:

**BUSINESSOWNERS
BP 12 03 01 10**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LOSS PAYABLE CLAUSES

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

### SCHEDULE



| Premises Number | Building Number | Applicable Clause (Indicate Paragraph A, B, C or D): |
|---|---|---|
| 5562 Silver Hill Rd | | A |
| District Heights MD 20747-1104 | | |

**Description of Property**

cellphone store

**Loss Payee (Name & Address)**

JBG/RETAIL MANAGEMENT LLC

4445 WILLARD AVE STE 400

CHEVY CHASE, MD 20815

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

Nothing in this endorsement increases the applicable Limit of Insurance. We will not pay any Loss Payee more than their financial interest in the Covered Property, and we will not pay more than the applicable Limit of Insurance on the Covered Property.

The following is added to the **Loss Payment** Property Loss Condition in **Section I - Property**, as shown in the Declarations or in the Schedule:

**A. Loss Payable Clause**

For Covered Property in which both you and a Loss Payee shown in the Schedule or in the Declarations have an insurable interest, we will:

1. Adjust losses with you; and

2. Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**B. Lender's Loss Payable Clause**

1. The Loss Payee shown in the Schedule or in the Declarations is a creditor, including a mortgageholder or trustee, whose interest in that Covered Property is established by such written instruments as:

   a. Warehouse receipts;

   b. A contract for deed;

   c. Bills of lading;

   d. Financing statements; or

   e. Mortgages, deeds of trust, or security agreements.

2. For Covered Property in which both you and a Loss Payee have an insurable interest:

   a. We will pay for covered loss or damage to each Loss Payee in their order of precedence, as interests may appear.

**BP 12 03 01 10**              © Insurance Services Office, Inc., 2009              **Page 1 of 2**

**b.** The Loss Payee has the right to receive loss payment even if the Loss Payee has started foreclosure for similar action on the Covered Property.

**c.** If we deny your claim because of your acts or because you have failed to comply with the terms of this policy, the Loss Payee will still have the right to receive loss payment if the Loss Payee:

**(1)** Pays any premium due under this policy at our request if you have failed to do so;

**(2)** Submits a signed, sworn proof of loss within 60 days after receiving notice from us of your failure to do so; and; and

**(3)** Has notified us of any change in ownership, occupancy or substantial change in risk known to the Loss Payee.

All of the terms of **Section I - Property** will then apply directly to the Loss Payee.

**d.** If we pay the Loss Payee for any loss or damage and deny payment to you because of your acts or because you have failed to comply with the terms of this policy:

**(1)** The Loss Payee's rights will be transferred to us to the extent of the amount we pay; and

**(2)** The Loss Payee's right to recover the full amount of the Loss Payee's claim will not be impaired.

At our option, we may pay to the Loss Payee the whole principal on the debt plus any accrued interest. In this event, you will pay your remaining debt to us.

**3.** If we cancel this policy, we will give written notice to the Loss Payee at least:

**a.** 10 days before the effective date of cancellation if we cancel for your nonpayment of premium; or

**b.** 30 days before the effective date of cancellation if we cancel for any other reason.

**4.** If we do not renew this policy, we will give written notice to the Loss Payee at least 10 days before the expiration date of this policy.

**C. Contract Of Sale Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is a person or organization you have entered a contract with for the sale of Covered Property.

**2.** For Covered Property in which both you and the Loss Payee have an insurable interest, we will:

**a.** Adjust losses with you; and

**b.** Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**3.** The following is added to Paragraph **H. Other Insurance** in **Section III - Common Policy Conditions:**

For Covered Property that is the subject of a contract of sale, the word "you" includes the Loss Payee.

**D. Building Owner Loss Payable Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is the owner of the described building, in which you are a tenant.

**2.** We will adjust losses to the described building with the Loss Payee. Any loss payment made to the Loss Payee will satisfy your claims against us for the owner's property.

**3.** We will adjust losses to tenant's improvements and betterments with you, unless the lease provides otherwise.

Insurance Services Office, Inc., 2009

POLICY NUMBER:

BUSINESSOWNERS
BP 12 03 01 10

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LOSS PAYABLE CLAUSES

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

## SCHEDULE



| Premises Number | Building Number | Applicable Clause (Indicate Paragraph A, B, C or D): |
|---|---|---|
| 1346 Good Hope Rd SE | | A |
| Washington DC 20020-6910 | | |

**Description of Property**

Cellphone Store

**Loss Payee (Name & Address)**

ROSENFELD INVESTMENT LLC

7101 WISCONSIN AVE

BETHESDA, MD 20814

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

Nothing in this endorsement increases the applicable Limit of Insurance. We will not pay any Loss Payee more than their financial interest in the Covered Property, and we will not pay more than the applicable Limit of Insurance on the Covered Property.

The following is added to the **Loss Payment** Property Loss Condition in **Section I - Property**, as shown in the Declarations or in the Schedule:

**A. Loss Payable Clause**

For Covered Property in which both you and a Loss Payee shown in the Schedule or in the Declarations have an insurable interest, we will:

**1.** Adjust losses with you; and

**2.** Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**B. Lender's Loss Payable Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is a creditor, including a mortgageholder or trustee, whose interest in that Covered Property is established by such written instruments as:

**a.** Warehouse receipts;

**b.** A contract for deed;

**c.** Bills of lading;

**d.** Financing statements; or

**e.** Mortgages, deeds of trust, or security agreements.

**2.** For Covered Property in which both you and a Loss Payee have an insurable interest:

**a.** We will pay for covered loss or damage to each Loss Payee in their order of precedence, as interests may appear.

© Insurance Services Office, Inc., 2009

**b.** The Loss Payee has the right to receive loss payment even if the Loss Payee has started foreclosure for similar action on the Covered Property.

**c.** If we deny your claim because of your acts or because you have failed to comply with the terms of this policy, the Loss Payee will still have the right to receive loss payment if the Loss Payee:

**(1)** Pays any premium due under this policy at our request if you have failed to do so;

**(2)** Submits a signed, sworn proof of loss within 60 days after receiving notice from us of your failure to do so; and; and

**(3)** Has notified us of any change in ownership, occupancy or substantial change in risk known to the Loss Payee.

All of the terms of **Section I - Property** will then apply directly to the Loss Payee.

**d.** If we pay the Loss Payee for any loss or damage and deny payment to you because of your acts or because you have failed to comply with the terms of this policy:

**(1)** The Loss Payee's rights will be transferred to us to the extent of the amount we pay; and

**(2)** The Loss Payee's right to recover the full amount of the Loss Payee's claim will not be impaired.

At our option, we may pay to the Loss Payee the whole principal on the debt plus any accrued interest. In this event, you will pay your remaining debt to us.

**3.** If we cancel this policy, we will give written notice to the Loss Payee at least:

**a.** 10 days before the effective date of cancellation if we cancel for your nonpayment of premium; or

**b.** 30 days before the effective date of cancellation if we cancel for any other reason.

**4.** If we do not renew this policy, we will give written notice to the Loss Payee at least 10 days before the expiration date of this policy.

**C. Contract Of Sale Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is a person or organization you have entered a contract with for the sale of Covered Property.

**2.** For Covered Property in which both you and the Loss Payee have an insurable interest, we will:

**a.** Adjust losses with you; and

**b.** Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**3.** The following is added to Paragraph **H. Other Insurance** in **Section III - Common Policy Conditions:**

For Covered Property that is the subject of a contract of sale, the word "you" includes the Loss Payee.

**D. Building Owner Loss Payable Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is the owner of the described building, in which you are a tenant.

**2.** We will adjust losses to the described building with the Loss Payee. Any loss payment made to the Loss Payee will satisfy your claims against us for the owner's property.

**3.** We will adjust losses to tenant's improvements and betterments with you, unless the lease provides otherwise.

©

POLICY NUMBER:

**BUSINESSOWNERS
BP 12 03 01 10**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LOSS PAYABLE CLAUSES

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

## SCHEDULE



| Premises Number | Building Number | Applicable Clause (Indicate Paragraph A, B, C or D): |
|---|---|---|
| 1903A Michigan Ave NE | | A |
| Washington DC 20018-3334 | | |

**Description of Property**

Cellphone Store

**Loss Payee (Name & Address)**

ROSENFELD INVESTMENT LLC

7101 WISCONSIN AVE

BETHESDA, MD 20814

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

Nothing in this endorsement increases the applicable Limit of Insurance. We will not pay any Loss Payee more than their financial interest in the Covered Property, and we will not pay more than the applicable Limit of Insurance on the Covered Property.

The following is added to the **Loss Payment** Property Loss Condition in **Section I - Property**, as shown in the Declarations or in the Schedule:

**A. Loss Payable Clause**

For Covered Property in which both you and a Loss Payee shown in the Schedule or in the Declarations have an insurable interest, we will:

**1.** Adjust losses with you; and

**2.** Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**B. Lender's Loss Payable Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is a creditor, including a mortgageholder or trustee, whose interest in that Covered Property is established by such written instruments as:

**a.** Warehouse receipts;

**b.** A contract for deed;

**c.** Bills of lading;

**d.** Financing statements; or

**e.** Mortgages, deeds of trust, or security agreements.

**2.** For Covered Property in which both you and a Loss Payee have an insurable interest:

**a.** We will pay for covered loss or damage to each Loss Payee in their order of precedence, as interests may appear.

**b.** The Loss Payee has the right to receive loss payment even if the Loss Payee has started foreclosure for similar action on the Covered Property.

**c.** If we deny your claim because of your acts or because you have failed to comply with the terms of this policy, the Loss Payee will still have the right to receive loss payment if the Loss Payee:

   **(1)** Pays any premium due under this policy at our request if you have failed to do so;

   **(2)** Submits a signed, sworn proof of loss within 60 days after receiving notice from us of your failure to do so; and; and

   **(3)** Has notified us of any change in ownership, occupancy or substantial change in risk known to the Loss Payee.

   All of the terms of **Section I - Property** will then apply directly to the Loss Payee.

**d.** If we pay the Loss Payee for any loss or damage and deny payment to you because of your acts or because you have failed to comply with the terms of this policy:

   **(1)** The Loss Payee's rights will be transferred to us to the extent of the amount we pay; and

   **(2)** The Loss Payee's right to recover the full amount of the Loss Payee's claim will not be impaired.

   At our option, we may pay to the Loss Payee the whole principal on the debt plus any accrued interest. In this event, you will pay your remaining debt to us.

**3.** If we cancel this policy, we will give written notice to the Loss Payee at least:

   **a.** 10 days before the effective date of cancellation if we cancel for your nonpayment of premium; or

   **b.** 30 days before the effective date of cancellation if we cancel for any other reason.

**4.** If we do not renew this policy, we will give written notice to the Loss Payee at least 10 days before the expiration date of this policy.

**C. Contract Of Sale Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is a person or organization you have entered a contract with for the sale of Covered Property.

**2.** For Covered Property in which both you and the Loss Payee have an insurable interest, we will:

   **a.** Adjust losses with you; and

   **b.** Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**3.** The following is added to Paragraph **H. Other Insurance** in **Section III - Common Policy Conditions:**

   For Covered Property that is the subject of a contract of sale, the word "you" includes the Loss Payee.

**D. Building Owner Loss Payable Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is the owner of the described building, in which you are a tenant.

**2.** We will adjust losses to the described building with the Loss Payee. Any loss payment made to the Loss Payee will satisfy your claims against us for the owner's property.

**3.** We will adjust losses to tenant's improvements and betterments with you, unless the lease provides otherwise.

Insurance Services Office, Inc., 2009

POLICY NUMBER:

**BUSINESSOWNERS
BP 12 03 01 10**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LOSS PAYABLE CLAUSES

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

## SCHEDULE



| Premises Number | Building Number | | Applicable Clause (Indicate Paragraph A, B, C or D): |
|---|---|---|---|
| 2463 Chillum Rd A-15 | | | A |

HYATTSVILLE
MD
20782

**Description of Property**

Cellphone Store

**Loss Payee (Name & Address)**

ROSENFELD INVESTMENT LLC

7101 WISCONSIN AVE

BETHESDA, MD 20814

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

Nothing in this endorsement increases the applicable Limit of Insurance. We will not pay any Loss Payee more than their financial interest in the Covered Property, and we will not pay more than the applicable Limit of Insurance on the Covered Property.

The following is added to the **Loss Payment** Property Loss Condition in **Section I - Property**, as shown in the Declarations or in the Schedule:

**A. Loss Payable Clause**

For Covered Property in which both you and a Loss Payee shown in the Schedule or in the Declarations have an insurable interest, we will:

1.  Adjust losses with you; and

2.  Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**B. Lender's Loss Payable Clause**

1.  The Loss Payee shown in the Schedule or in the Declarations is a creditor, including a mortgageholder or trustee, whose interest in that Covered Property is established by such written instruments as:

    a.  Warehouse receipts;

    b.  A contract for deed;

    c.  Bills of lading;

    d.  Financing statements; or

    e.  Mortgages, deeds of trust, or security agreements.

2.  For Covered Property in which both you and a Loss Payee have an insurable interest:

    a.  We will pay for covered loss or damage to each Loss Payee in their order of precedence, as interests may appear.

© Insurance Services Office, Inc., 2009

b. The Loss Payee has the right to receive loss payment even if the Loss Payee has started foreclosure for similar action on the Covered Property.

c. If we deny your claim because of your acts or because you have failed to comply with the terms of this policy, the Loss Payee will still have the right to receive loss payment if the Loss Payee:

(1) Pays any premium due under this policy at our request if you have failed to do so;

(2) Submits a signed, sworn proof of loss within 60 days after receiving notice from us of your failure to do so; and; and

(3) Has notified us of any change in ownership, occupancy or substantial change in risk known to the Loss Payee.

All of the terms of **Section I - Property** will then apply directly to the Loss Payee.

d. If we pay the Loss Payee for any loss or damage and deny payment to you because of your acts or because you have failed to comply with the terms of this policy:

(1) The Loss Payee's rights will be transferred to us to the extent of the amount we pay; and

(2) The Loss Payee's right to recover the full amount of the Loss Payee's claim will not be impaired.

At our option, we may pay to the Loss Payee the whole principal on the debt plus any accrued interest. In this event, you will pay your remaining debt to us.

3. If we cancel this policy, we will give written notice to the Loss Payee at least:

a. 10 days before the effective date of cancellation if we cancel for your nonpayment of premium; or

b. 30 days before the effective date of cancellation if we cancel for any other reason.

4. If we do not renew this policy, we will give written notice to the Loss Payee at least 10 days before the expiration date of this policy.

**C. Contract Of Sale Clause**

1. The Loss Payee shown in the Schedule or in the Declarations is a person or organization you have entered a contract with for the sale of Covered Property.

2. For Covered Property in which both you and the Loss Payee have an insurable interest, we will:

a. Adjust losses with you; and

b. Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

3. The following is added to Paragraph **H. Other Insurance** in **Section III - Common Policy Conditions:**

For Covered Property that is the subject of a contract of sale, the word "you" includes the Loss Payee.

**D. Building Owner Loss Payable Clause**

1. The Loss Payee shown in the Schedule or in the Declarations is the owner of the described building, in which you are a tenant.

2. We will adjust losses to the described building with the Loss Payee. Any loss payment made to the Loss Payee will satisfy your claims against us for the owner's property.

3. We will adjust losses to tenant's improvements and betterments with you, unless the lease provides otherwise.

POLICY NUMBER:

BUSINESSOWNERS
BP 12 03 01 10

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LOSS PAYABLE CLAUSES

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

## SCHEDULE

| Premises Number | Building Number | Applicable Clause (Indicate Paragraph A, B, C or D): |
|---|---|---|
| 114 E Patapsco Ave<br><br>Brooklyn<br>MD<br>21225-1745 | | A |



**Description of Property**

cellphone store

**Loss Payee (Name & Address)**

JBG/RETAIL MANAGEMENT LLC

4445 WILLARD AVE STE 400

CHEVY CHASE, MD 20815

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

Nothing in this endorsement increases the applicable Limit of Insurance. We will not pay any Loss Payee more than their financial interest in the Covered Property, and we will not pay more than the applicable Limit of Insurance on the Covered Property.

The following is added to the **Loss Payment** Property Loss Condition in **Section I - Property**, as shown in the Declarations or in the Schedule:

**A. Loss Payable Clause**

For Covered Property in which both you and a Loss Payee shown in the Schedule or in the Declarations have an insurable interest, we will:

**1.** Adjust losses with you; and

**2.** Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**B. Lender's Loss Payable Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is a creditor, including a mortgageholder or trustee, whose interest in that Covered Property is established by such written instruments as:

   **a.** Warehouse receipts;

   **b.** A contract for deed;

   **c.** Bills of lading;

   **d.** Financing statements; or

   **e.** Mortgages, deeds of trust, or security agreements.

**2.** For Covered Property in which both you and a Loss Payee have an insurable interest:

   **a.** We will pay for covered loss or damage to each Loss Payee in their order of precedence, as interests may appear.

BP 12 03 01 10

© Insurance Services Office, Inc., 2009

Page 1 of 2

b. The Loss Payee has the right to receive loss payment even if the Loss Payee has started foreclosure for similar action on the Covered Property.

c. If we deny your claim because of your acts or because you have failed to comply with the terms of this policy, the Loss Payee will still have the right to receive loss payment if the Loss Payee:

(1) Pays any premium due under this policy at our request if you have failed to do so;

(2) Submits a signed, sworn proof of loss within 60 days after receiving notice from us of your failure to do so; and; and

(3) Has notified us of any change in ownership, occupancy or substantial change in risk known to the Loss Payee.

All of the terms of **Section I - Property** will then apply directly to the Loss Payee.

d. If we pay the Loss Payee for any loss or damage and deny payment to you because of your acts or because you have failed to comply with the terms of this policy:

(1) The Loss Payee's rights will be transferred to us to the extent of the amount we pay; and

(2) The Loss Payee's right to recover the full amount of the Loss Payee's claim will not be impaired.

At our option, we may pay to the Loss Payee the whole principal on the debt plus any accrued interest. In this event, you will pay your remaining debt to us.

3. If we cancel this policy, we will give written notice to the Loss Payee at least:

a. 10 days before the effective date of cancellation if we cancel for your nonpayment of premium; or

b. 30 days before the effective date of cancellation if we cancel for any other reason.

4. If we do not renew this policy, we will give written notice to the Loss Payee at least 10 days before the expiration date of this policy.

C. **Contract Of Sale Clause**

1. The Loss Payee shown in the Schedule or in the Declarations is a person or organization you have entered a contract with for the sale of Covered Property.

2. For Covered Property in which both you and the Loss Payee have an insurable interest, we will:

a. Adjust losses with you; and

b. Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

3. The following is added to Paragraph **H. Other Insurance** in **Section III - Common Policy Conditions:**

For Covered Property that is the subject of a contract of sale, the word "you" includes the Loss Payee.

D. **Building Owner Loss Payable Clause**

1. The Loss Payee shown in the Schedule or in the Declarations is the owner of the described building, in which you are a tenant.

2. We will adjust losses to the described building with the Loss Payee. Any loss payment made to the Loss Payee will satisfy your claims against us for the owner's property.

3. We will adjust losses to tenant's improvements and betterments with you, unless the lease provides otherwise.

POLICY NUMBER:

BUSINESSOWNERS
BP 12 03 01 10

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LOSS PAYABLE CLAUSES

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

## SCHEDULE



| Premises Number | Building Number | | Applicable Clause (Indicate Paragraph A, B, C or D): |
|---|---|---|---|
| 3386 Tampa Rd | | | A |
| Palm Harbor | | | |
| FL | | | |
| 34684-3425 | | | |

**Description of Property**

cellphone store

**Loss Payee (Name & Address)**

AVIVA LIFE AND ANNUITY COMPANY

7700 MILLS CIVIC PKWY

WEST DES MOINES, IA 50266

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

Nothing in this endorsement increases the applicable Limit of Insurance. We will not pay any Loss Payee more than their financial interest in the Covered Property, and we will not pay more than the applicable Limit of Insurance on the Covered Property.

The following is added to the **Loss Payment** Property Loss Condition in **Section I - Property**, as shown in the Declarations or in the Schedule:

**A. Loss Payable Clause**

For Covered Property in which both you and a Loss Payee shown in the Schedule or in the Declarations have an insurable interest, we will:

1. Adjust losses with you; and
2. Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**B. Lender's Loss Payable Clause**

1. The Loss Payee shown in the Schedule or in the Declarations is a creditor, including a mortgageholder or trustee, whose interest in that Covered Property is established by such written instruments as:

   a. Warehouse receipts;
   b. A contract for deed;
   c. Bills of lading;
   d. Financing statements; or
   e. Mortgages, deeds of trust, or security agreements.

2. For Covered Property in which both you and a Loss Payee have an insurable interest:

   a. We will pay for covered loss or damage to each Loss Payee in their order of precedence, as interests may appear.

BP 12 03 01 10 © Insurance Services Office, Inc., 2009 Page 1 of 2

b. The Loss Payee has the right to receive loss payment even if the Loss Payee has started foreclosure for similar action on the Covered Property.

c. If we deny your claim because of your acts or because you have failed to comply with the terms of this policy, the Loss Payee will still have the right to receive loss payment if the Loss Payee:

   (1) Pays any premium due under this policy at our request if you have failed to do so;

   (2) Submits a signed, sworn proof of loss within 60 days after receiving notice from us of your failure to do so; and; and

   (3) Has notified us of any change in ownership, occupancy or substantial change in risk known to the Loss Payee.

All of the terms of **Section I - Property** will then apply directly to the Loss Payee.

d. If we pay the Loss Payee for any loss or damage and deny payment to you because of your acts or because you have failed to comply with the terms of this policy:

   (1) The Loss Payee's rights will be transferred to us to the extent of the amount we pay; and

   (2) The Loss Payee's right to recover the full amount of the Loss Payee's claim will not be impaired.

At our option, we may pay to the Loss Payee the whole principal on the debt plus any accrued interest. In this event, you will pay your remaining debt to us.

3. If we cancel this policy, we will give written notice to the Loss Payee at least:

   a. 10 days before the effective date of cancellation if we cancel for your nonpayment of premium; or

   b. 30 days before the effective date of cancellation if we cancel for any other reason.

4. If we do not renew this policy, we will give written notice to the Loss Payee at least 10 days before the expiration date of this policy.

**C. Contract Of Sale Clause**

1. The Loss Payee shown in the Schedule or in the Declarations is a person or organization you have entered a contract with for the sale of Covered Property.

2. For Covered Property in which both you and the Loss Payee have an insurable interest, we will:

   a. Adjust losses with you; and

   b. Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

3. The following is added to Paragraph **H. Other Insurance** in **Section III - Common Policy Conditions:**

For Covered Property that is the subject of a contract of sale, the word "you" includes the Loss Payee.

**D. Building Owner Loss Payable Clause**

1. The Loss Payee shown in the Schedule or in the Declarations is the owner of the described building, in which you are a tenant.

2. We will adjust losses to the described building with the Loss Payee. Any loss payment made to the Loss Payee will satisfy your claims against us for the owner's property.

3. We will adjust losses to tenant's improvements and betterments with you, unless the lease provides otherwise.

POLICY NUMBER:

**BUSINESSOWNERS**
**BP 12 03 01 10**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LOSS PAYABLE CLAUSES

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

**SCHEDULE**



| Premises Number | Building Number | Applicable Clause (Indicate Paragraph A, B, C or D): |
|---|---|---|
| 910 Great Bridge Blvd | | A |
| Chesapeake | | |
| VA | | |
| 23320-6642 | | |

**Description of Property**

   cellphone store

**Loss Payee (Name & Address)**

   JBG/RETAIL MANAGEMENT LLC

   4445 WILLARD AVE STE 400

   CHEVY CHASE, MD 20815

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

Nothing in this endorsement increases the applicable Limit of Insurance. We will not pay any Loss Payee more than their financial interest in the Covered Property, and we will not pay more than the applicable Limit of Insurance on the Covered Property.

The following is added to the **Loss Payment** Property Loss Condition in **Section I - Property**, as shown in the Declarations or in the Schedule:

**A. Loss Payable Clause**

For Covered Property in which both you and a Loss Payee shown in the Schedule or in the Declarations have an insurable interest, we will:

**1.** Adjust losses with you; and

**2.** Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**B. Lender's Loss Payable Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is a creditor, including a mortgageholder or trustee, whose interest in that Covered Property is established by such written instruments as:

**a.** Warehouse receipts;

**b.** A contract for deed;

**c.** Bills of lading;

**d.** Financing statements; or

**e.** Mortgages, deeds of trust, or security agreements.

**2.** For Covered Property in which both you and a Loss Payee have an insurable interest:

**a.** We will pay for covered loss or damage to each Loss Payee in their order of precedence, as interests may appear.

**BP 12 03 01 10**                © Insurance Services Office, Inc., 2009                **Page 1 of 2**

**b.** The Loss Payee has the right to receive loss payment even if the Loss Payee has started foreclosure for similar action on the Covered Property.

**c.** If we deny your claim because of your acts or because you have failed to comply with the terms of this policy, the Loss Payee will still have the right to receive loss payment if the Loss Payee:

**(1)** Pays any premium due under this policy at our request if you have failed to do so;

**(2)** Submits a signed, sworn proof of loss within 60 days after receiving notice from us of your failure to do so; and; and

**(3)** Has notified us of any change in ownership, occupancy or substantial change in risk known to the Loss Payee.

All of the terms of **Section I - Property** will then apply directly to the Loss Payee.

**d.** If we pay the Loss Payee for any loss or damage and deny payment to you because of your acts or because you have failed to comply with the terms of this policy:

**(1)** The Loss Payee's rights will be transferred to us to the extent of the amount we pay; and

**(2)** The Loss Payee's right to recover the full amount of the Loss Payee's claim will not be impaired.

At our option, we may pay to the Loss Payee the whole principal on the debt plus any accrued interest. In this event, you will pay your remaining debt to us.

**3.** If we cancel this policy, we will give written notice to the Loss Payee at least:

**a.** 10 days before the effective date of cancellation if we cancel for your nonpayment of premium; or

**b.** 30 days before the effective date of cancellation if we cancel for any other reason.

**4.** If we do not renew this policy, we will give written notice to the Loss Payee at least 10 days before the expiration date of this policy.

**C.** **Contract Of Sale Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is a person or organization you have entered a contract with for the sale of Covered Property.

**2.** For Covered Property in which both you and the Loss Payee have an insurable interest, we will:

**a.** Adjust losses with you; and

**b.** Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**3.** The following is added to Paragraph **H. Other Insurance** in **Section III - Common Policy Conditions:**

For Covered Property that is the subject of a contract of sale, the word "you" includes the Loss Payee.

**D.** **Building Owner Loss Payable Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is the owner of the described building, in which you are a tenant.

**2.** We will adjust losses to the described building with the Loss Payee. Any loss payment made to the Loss Payee will satisfy your claims against us for the owner's property.

**3.** We will adjust losses to tenant's improvements and betterments with you, unless the lease provides otherwise.

POLICY NUMBER:

**BUSINESSOWNERS
BP 12 03 01 10**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LOSS PAYABLE CLAUSES

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

## SCHEDULE



| Premises Number | Building Number | Applicable Clause (Indicate Paragraph A, B, C or D): |
|---|---|---|
| 5562 Silver Hill Rd | | A |

District Heights
MD
20747-1104

**Description of Property**

cellphone store

**Loss Payee (Name & Address)**

ROSENFELD INVESTMENT LLC

7101 WISCONSIN AVE

BETHESDA, MD 20814

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

Nothing in this endorsement increases the applicable Limit of Insurance. We will not pay any Loss Payee more than their financial interest in the Covered Property, and we will not pay more than the applicable Limit of Insurance on the Covered Property.

The following is added to the **Loss Payment** Property Loss Condition in **Section I - Property**, as shown in the Declarations or in the Schedule:

**A. Loss Payable Clause**

For Covered Property in which both you and a Loss Payee shown in the Schedule or in the Declarations have an insurable interest, we will:

**1.** Adjust losses with you; and

**2.** Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**B. Lender's Loss Payable Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is a creditor, including a mortgageholder or trustee, whose interest in that Covered Property is established by such written instruments as:

**a.** Warehouse receipts;

**b.** A contract for deed;

**c.** Bills of lading;

**d.** Financing statements; or

**e.** Mortgages, deeds of trust, or security agreements.

**2.** For Covered Property in which both you and a Loss Payee have an insurable interest:

**a.** We will pay for covered loss or damage to each Loss Payee in their order of precedence, as interests may appear.

**b.** The Loss Payee has the right to receive loss payment even if the Loss Payee has started foreclosure for similar action on the Covered Property.

**c.** If we deny your claim because of your acts or because you have failed to comply with the terms of this policy, the Loss Payee will still have the right to receive loss payment if the Loss Payee:

**(1)** Pays any premium due under this policy at our request if you have failed to do so;

**(2)** Submits a signed, sworn proof of loss within 60 days after receiving notice from us of your failure to do so; and; and

**(3)** Has notified us of any change in ownership, occupancy or substantial change in risk known to the Loss Payee.

All of the terms of **Section I - Property** will then apply directly to the Loss Payee.

**d.** If we pay the Loss Payee for any loss or damage and deny payment to you because of your acts or because you have failed to comply with the terms of this policy:

**(1)** The Loss Payee's rights will be transferred to us to the extent of the amount we pay; and

**(2)** The Loss Payee's right to recover the full amount of the Loss Payee's claim will not be impaired.

At our option, we may pay to the Loss Payee the whole principal on the debt plus any accrued interest. In this event, you will pay your remaining debt to us.

**3.** If we cancel this policy, we will give written notice to the Loss Payee at least:

**a.** 10 days before the effective date of cancellation if we cancel for your nonpayment of premium; or

**b.** 30 days before the effective date of cancellation if we cancel for any other reason.

**4.** If we do not renew this policy, we will give written notice to the Loss Payee at least 10 days before the expiration date of this policy.

**C. Contract Of Sale Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is a person or organization you have entered a contract with for the sale of Covered Property.

**2.** For Covered Property in which both you and the Loss Payee have an insurable interest, we will:

**a.** Adjust losses with you; and

**b.** Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**3.** The following is added to Paragraph **H. Other Insurance** in **Section III - Common Policy Conditions:**

For Covered Property that is the subject of a contract of sale, the word "you" includes the Loss Payee.

**D. Building Owner Loss Payable Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is the owner of the described building, in which you are a tenant.

**2.** We will adjust losses to the described building with the Loss Payee. Any loss payment made to the Loss Payee will satisfy your claims against us for the owner's property.

**3.** We will adjust losses to tenant's improvements and betterments with you, unless the lease provides otherwise.

Insurance Services Office, Inc., 2009

©

POLICY NUMBER:

**BUSINESSOWNERS**
**BP 12 03 01 10**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LOSS PAYABLE CLAUSES

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

## SCHEDULE



| Premises Number | Building Number | Applicable Clause (Indicate Paragraph A, B, C or D): |
|---|---|---|
| 201 Mauldin St | | A |
| Greenville SC 29601 | | |

**Description of Property**

cellphone store

**Loss Payee (Name & Address)**

AVIVA LIFE AND ANNUITY COMPANY

7700 MILLS CIVIC PKWY

WEST DES MOINES, IA 50266

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

Nothing in this endorsement increases the applicable Limit of Insurance. We will not pay any Loss Payee more than their financial interest in the Covered Property, and we will not pay more than the applicable Limit of Insurance on the Covered Property.

The following is added to the **Loss Payment** Property Loss Condition in **Section I - Property**, as shown in the Declarations or in the Schedule:

**A. Loss Payable Clause**

For Covered Property in which both you and a Loss Payee shown in the Schedule or in the Declarations have an insurable interest, we will:

**1.** Adjust losses with you; and

**2.** Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**B. Lender's Loss Payable Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is a creditor, including a mortgageholder or trustee, whose interest in that Covered Property is established by such written instruments as:

**a.** Warehouse receipts;

**b.** A contract for deed;

**c.** Bills of lading;

**d.** Financing statements; or

**e.** Mortgages, deeds of trust, or security agreements.

**2.** For Covered Property in which both you and a Loss Payee have an insurable interest:

**a.** We will pay for covered loss or damage to each Loss Payee in their order of precedence, as interests may appear.

**BP 12 03 01 10**            © Insurance Services Office, Inc., 2009            **Page 1 of 2**

**b.** The Loss Payee has the right to receive loss payment even if the Loss Payee has started foreclosure for similar action on the Covered Property.

**c.** If we deny your claim because of your acts or because you have failed to comply with the terms of this policy, the Loss Payee will still have the right to receive loss payment if the Loss Payee:

   **(1)** Pays any premium due under this policy at our request if you have failed to do so;

   **(2)** Submits a signed, sworn proof of loss within 60 days after receiving notice from us of your failure to do so; and; and

   **(3)** Has notified us of any change in ownership, occupancy or substantial change in risk known to the Loss Payee.

All of the terms of **Section I - Property** will then apply directly to the Loss Payee.

**d.** If we pay the Loss Payee for any loss or damage and deny payment to you because of your acts or because you have failed to comply with the terms of this policy:

   **(1)** The Loss Payee's rights will be transferred to us to the extent of the amount we pay; and

   **(2)** The Loss Payee's right to recover the full amount of the Loss Payee's claim will not be impaired.

At our option, we may pay to the Loss Payee the whole principal on the debt plus any accrued interest. In this event, you will pay your remaining debt to us.

**3.** If we cancel this policy, we will give written notice to the Loss Payee at least:

   **a.** 10 days before the effective date of cancellation if we cancel for your nonpayment of premium; or

   **b.** 30 days before the effective date of cancellation if we cancel for any other reason.

**4.** If we do not renew this policy, we will give written notice to the Loss Payee at least 10 days before the expiration date of this policy.

**C. Contract Of Sale Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is a person or organization you have entered a contract with for the sale of Covered Property.

**2.** For Covered Property in which both you and the Loss Payee have an insurable interest, we will:

   **a.** Adjust losses with you; and

   **b.** Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**3.** The following is added to Paragraph **H. Other Insurance** in **Section III - Common Policy Conditions:**

For Covered Property that is the subject of a contract of sale, the word "you" includes the Loss Payee.

**D. Building Owner Loss Payable Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is the owner of the described building, in which you are a tenant.

**2.** We will adjust losses to the described building with the Loss Payee. Any loss payment made to the Loss Payee will satisfy your claims against us for the owner's property.

**3.** We will adjust losses to tenant's improvements and betterments with you, unless the lease provides otherwise.

 Insurance Services Office, Inc., 2009

POLICY NUMBER:

BUSINESSOWNERS
BP 12 03 01 10

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LOSS PAYABLE CLAUSES

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

## SCHEDULE



| Premises Number | Building Number | | Applicable Clause (Indicate Paragraph A, B, C or D): |
|---|---|---|---|
| 1640-1642 Pennsylvania Ave | | | A |
| Baltimore MD 21217-3115 | | | |

**Description of Property**

cellphone store

**Loss Payee (Name & Address)**

AVIVA LIFE AND ANNUITY COMPANY

7700 MILLS CIVIC PKWY

WEST DES MOINES, IA 50266

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

Nothing in this endorsement increases the applicable Limit of Insurance. We will not pay any Loss Payee more than their financial interest in the Covered Property, and we will not pay more than the applicable Limit of Insurance on the Covered Property.

The following is added to the **Loss Payment** Property Loss Condition in **Section I - Property**, as shown in the Declarations or in the Schedule:

**A. Loss Payable Clause**

For Covered Property in which both you and a Loss Payee shown in the Schedule or in the Declarations have an insurable interest, we will:

**1.** Adjust losses with you; and

**2.** Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**B. Lender's Loss Payable Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is a creditor, including a mortgageholder or trustee, whose interest in that Covered Property is established by such written instruments as:

**a.** Warehouse receipts;

**b.** A contract for deed;

**c.** Bills of lading;

**d.** Financing statements; or

**e.** Mortgages, deeds of trust, or security agreements.

**2.** For Covered Property in which both you and a Loss Payee have an insurable interest:

**a.** We will pay for covered loss or damage to each Loss Payee in their order of precedence, as interests may appear.

BP 12 03 01 10

© Insurance Services Office, Inc., 2009

Page 1 of 2

b. The Loss Payee has the right to receive loss payment even if the Loss Payee has started foreclosure for similar action on the Covered Property.

c. If we deny your claim because of your acts or because you have failed to comply with the terms of this policy, the Loss Payee will still have the right to receive loss payment if the Loss Payee:

(1) Pays any premium due under this policy at our request if you have failed to do so;

(2) Submits a signed, sworn proof of loss within 60 days after receiving notice from us of your failure to do so; and; and

(3) Has notified us of any change in ownership, occupancy or substantial change in risk known to the Loss Payee.

All of the terms of **Section I - Property** will then apply directly to the Loss Payee.

d. If we pay the Loss Payee for any loss or damage and deny payment to you because of your acts or because you have failed to comply with the terms of this policy:

(1) The Loss Payee's rights will be transferred to us to the extent of the amount we pay; and

(2) The Loss Payee's right to recover the full amount of the Loss Payee's claim will not be impaired.

At our option, we may pay to the Loss Payee the whole principal on the debt plus any accrued interest. In this event, you will pay your remaining debt to us.

3. If we cancel this policy, we will give written notice to the Loss Payee at least:

a. 10 days before the effective date of cancellation if we cancel for your nonpayment of premium; or

b. 30 days before the effective date of cancellation if we cancel for any other reason.

4. If we do not renew this policy, we will give written notice to the Loss Payee at least 10 days before the expiration date of this policy.

**C. Contract Of Sale Clause**

1. The Loss Payee shown in the Schedule or in the Declarations is a person or organization you have entered a contract with for the sale of Covered Property.

2. For Covered Property in which both you and the Loss Payee have an insurable interest, we will:

a. Adjust losses with you; and

b. Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

3. The following is added to Paragraph **H. Other Insurance** in **Section III - Common Policy Conditions:**

For Covered Property that is the subject of a contract of sale, the word "you" includes the Loss Payee.

**D. Building Owner Loss Payable Clause**

1. The Loss Payee shown in the Schedule or in the Declarations is the owner of the described building, in which you are a tenant.

2. We will adjust losses to the described building with the Loss Payee. Any loss payment made to the Loss Payee will satisfy your claims against us for the owner's property.

3. We will adjust losses to tenant's improvements and betterments with you, unless the lease provides otherwise.

POLICY NUMBER:

**BUSINESSOWNERS
BP 12 03 01 10**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LOSS PAYABLE CLAUSES

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

### SCHEDULE



| Premises Number | Building Number | Applicable Clause (Indicate Paragraph A, B, C or D): |
|---|---|---|
| 1611 SE Us Highway 19 | | A |
| Crystal River FL 34429-4830 | | |

**Description of Property**

cellphone store

**Loss Payee (Name & Address)**

JBG/RETAIL MANAGEMENT LLC

4445 WILLARD AVE STE 400

CHEVY CHASE, MD 20815

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

Nothing in this endorsement increases the applicable Limit of Insurance. We will not pay any Loss Payee more than their financial interest in the Covered Property, and we will not pay more than the applicable Limit of Insurance on the Covered Property.

The following is added to the **Loss Payment** Property Loss Condition in **Section I - Property**, as shown in the Declarations or in the Schedule:

**A. Loss Payable Clause**

For Covered Property in which both you and a Loss Payee shown in the Schedule or in the Declarations have an insurable interest, we will:

1. Adjust losses with you; and
2. Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**B. Lender's Loss Payable Clause**

1. The Loss Payee shown in the Schedule or in the Declarations is a creditor, including a mortgageholder or trustee, whose interest in that Covered Property is established by such written instruments as:
   a. Warehouse receipts;
   b. A contract for deed;
   c. Bills of lading;
   d. Financing statements; or
   e. Mortgages, deeds of trust, or security agreements.

2. For Covered Property in which both you and a Loss Payee have an insurable interest:
   a. We will pay for covered loss or damage to each Loss Payee in their order of precedence, as interests may appear.

**BP 12 03 01 10**

© Insurance Services Office, Inc., 2009

**Page 1 of 2**

**b.** The Loss Payee has the right to receive loss payment even if the Loss Payee has started foreclosure for similar action on the Covered Property.

**c.** If we deny your claim because of your acts or because you have failed to comply with the terms of this policy, the Loss Payee will still have the right to receive loss payment if the Loss Payee:

**(1)** Pays any premium due under this policy at our request if you have failed to do so;

**(2)** Submits a signed, sworn proof of loss within 60 days after receiving notice from us of your failure to do so; and; and

**(3)** Has notified us of any change in ownership, occupancy or substantial change in risk known to the Loss Payee.

All of the terms of **Section I - Property** will then apply directly to the Loss Payee.

**d.** If we pay the Loss Payee for any loss or damage and deny payment to you because of your acts or because you have failed to comply with the terms of this policy:

**(1)** The Loss Payee's rights will be transferred to us to the extent of the amount we pay; and

**(2)** The Loss Payee's right to recover the full amount of the Loss Payee's claim will not be impaired.

At our option, we may pay to the Loss Payee the whole principal on the debt plus any accrued interest. In this event, you will pay your remaining debt to us.

**3.** If we cancel this policy, we will give written notice to the Loss Payee at least:

**a.** 10 days before the effective date of cancellation if we cancel for your nonpayment of premium; or

**b.** 30 days before the effective date of cancellation if we cancel for any other reason.

**4.** If we do not renew this policy, we will give written notice to the Loss Payee at least 10 days before the expiration date of this policy.

**C. Contract Of Sale Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is a person or organization you have entered a contract with for the sale of Covered Property.

**2.** For Covered Property in which both you and the Loss Payee have an insurable interest, we will:

**a.** Adjust losses with you; and

**b.** Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

**3.** The following is added to Paragraph **H. Other Insurance** in **Section III - Common Policy Conditions:**

For Covered Property that is the subject of a contract of sale, the word "you" includes the Loss Payee.

**D. Building Owner Loss Payable Clause**

**1.** The Loss Payee shown in the Schedule or in the Declarations is the owner of the described building, in which you are a tenant.

**2.** We will adjust losses to the described building with the Loss Payee. Any loss payment made to the Loss Payee will satisfy your claims against us for the owner's property.

**3.** We will adjust losses to tenant's improvements and betterments with you, unless the lease provides otherwise.

POLICY NUMBER
**BZS    (17)  57 61 64 46**
Policy Period:
**From 11/02/2016 To 11/02/2017**
*12:01 am Standard Time*
*at Insured Mailing Location*

# General  Endorsement



This Endorsement  Changes The Policy.  Please Read it Carefully.

```
WAIVER OF TRANSFER OF RIGHTS OF
RECOVERY AGAINST OTHERS TO US
BP 0497


"ANY PERSON OR OGANIZATION WHEN
REQUIRED BY WRITTEN CONTRACT OR
AGREEMENT"
```

POLICY NUMBER
**BZS    (17)  57 61 64 46**

Policy  Period:
**From 11/02/2016 To 11/02/2017**
*12:01 am Standard Time*
*at Insured Mailing Location*

# General  Endorsement

---

*To report a claim,  call  your Agent or 1-800-362-0000*

**BP 70 02 01 01**                                                                    **Page 2 of 2**

**BUSINESSOWNERS**
**BP 88 02 06 09**

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# LIMITATION - TIME ELEMENT COVERAGE (WINDSTORM OR HAIL)

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

**SCHEDULE\***



**Location(s)**

171 W Ocean View Ave

Norfolk
VA
23503-1502



\* Information required to completed this Schedule, if not shown on this endorsement, will be shown in the Declarations.

This endorsement applies only to the location(s) shown in Schedule, and applies only when loss or damage is caused directly or indirectly by Windstorm or Hail, regardless of any other cause or event that contributes concurrently or in any sequence to the loss or damage. If loss or damage from a covered weather condition other than Windstorm or Hail occurs, and that loss or damage would not have occurred but for Windstorm or Hail, such loss or damage shall be considered to be caused by Windstorm or Hail.

The coverage provided by this endorsement is subject to the provisions of the **SECTION I - PROPERTY,** except as provided below.

**A.** Paragraph **A. COVERAGE, 5. Additional Coverages,** is amended as follows:

    **5.   Additional Coverages**

        **f.   Business Income -** is replaced by the following:

            **(1) Business Income**

                **(a)** We will pay for the actual loss of Business Income you sustain due to the necessary suspension of your "operations" during the "period of restoration". The suspension must be caused by direct physical loss of or damage to property at the described premises. The loss or damage must be caused by or result from a Covered Cause of Loss. With respect to loss of or damage to personal property in the open or personal property in a vehicle, the described premises include the area within 1,000 feet of the site at which the described premises are located.

                With respect to the requirements set forth in the preceding paragraph, if you occupy only part of the site at which the described premises are located, your premises means:

                **(i)** The portion of the building which you rent, lease, or occupy; and

                **(ii)** Any area within the building or on the site at which the described premises are located, if that area services, or is used to gain access to, the described premises.

 ©2009 Liberty Mutual Insurance Company. All rights reserved.

**(b)** We will only pay for loss of Business Income that you sustain during the "period of restoration" and that occurs within 2 consecutive months after the date of direct physical loss or damage. We will only pay for ordinary payroll expenses for 60 days following the date of direct physical loss or damage, unless a greater number of days is shown in the Declarations.

**(c)** Business Income means the:

    **(i)** Net Income (Net Profit or Loss before income taxes) that would have been earned or incurred if no physical loss or damage had occurred, but not including any Net Income that would likely have been earned as a result of any increase in the volume of business due to favorable business conditions caused by the impact of the Covered Cause of Loss on customers or on other businesses; and

    **(ii)** Continuing normal operating expenses incurred, including payroll.

**(d)** Ordinary payroll expenses:

    **(i)** Mean payroll expenses for all your employees except:

        **i.** Officers;

        **ii.** Executives;

        **iii.** Department Managers;

        **iv.** Employees under contract; and

        **v.** Additional Exemptions shown in the Declarations as:
            Job Classification; or
            Employees.

    **(ii)** Include:

        **i.** Payroll;

        **ii.** Employee benefits, if directly related to payroll;

        **iii.** FICA payments you pay;

        **iv.** Union dues you pay; and

        **v.** Worker's compensation premiums.

**(2) Extended Business Income**

**(a)** If the necessary suspension of your "operations" produces a Business Income loss payable under this policy, we will pay for the actual loss of Business Income you incur during the period that:

    **(i)** Begins on the date property except finished stock is actually repaired, rebuilt or replaced and "operations" are resumed; and

    **(ii)** Ends on the earlier of:

        **i.** The date you could restore your "operations" with reasonable speed, to the level which would generate the Business Income amount that would have existed if no direct physical loss or damage had occurred; or

        **ii** 30 consecutive days after the date determined in paragraph **(a)(i)** above, unless a greater number of consecutive days is shown in the Declarations.

However, Extended Business Income does not apply to loss of Business Income incurred as a result of unfavorable business conditions caused by the impact of the Covered Cause of Loss in the area where the described premises are located.

**(b)** Loss of Business Income must be caused by direct physical loss or damage at the described premises caused by or resulting from a Covered Cause of Loss.

The most we will pay under this Coverage Extension is $1,000 in any one occurrence.

**(3)** With respect to coverage provided in this Additional Coverage, suspension means:

**(a)** The partial slowdown or complete cessation of your business activities; and

**(b)** That a part or all of the described premises is rendered untenantable, if coverage for Business Income applies.

©2009 Liberty Mutual Insurance Company. All rights reserved.



**(4)** This Additional Coverage is not subject to the Limits of Insurance of **SECTION I - PROPERTY.**

**(5) Business Income Coverage Extensions**

**(a) Newly Acquired Locations**

**(i)** You may extend your Business Income Coverage to apply to property at a location you acquire other than at fairs or exhibitions.

**(ii)** The most we will pay for loss or damage under this Extension is $10,000 at each location in any one occurrence.

**(iii)** Insurance under this Extension for each newly acquired location will end when any of the following first occurs:

**i.** This policy expires;

**ii.** 60 days expire after you acquire or begin to construct the property;

**iii.** You report values to us; or

**iv.** The property is more specifically insured.

**(b) Utility Services**

We will pay for the actual loss of Business Income at the described premises caused by the interruption of service to the described premises. The interruption must result from direct physical loss or damage by a Covered Cause of Loss to the following types of property located outside of a covered building described in the Declarations.

**(i) Water Supply Services,** meaning the following types of property supplying water to the described premises:

**i.** Pumping stations; and

**ii.** Water mains.

**(ii) Communication Supply Services,** meaning property supplying communication services, including telephone, radio, microwave or television services to the described premises, such as:

**i.** Communication transmission lines, including optic fiber transmission lines;

**ii.** Coaxial cables; and

**iii.** Microwave radio relays except satellites. It does not include overhead transmission lines.

**(iii) Power Supply Services,** meaning the following types of property supplying electricity, steam or gas to the described premises:

**i.** Utility generating plants;

**ii.** Switching stations;

**iii.** Substations;

**iv.** Transformers; and

**v.** Transmission lines.

It does not include overhead transmission lines.

The most we will pay under this Coverage Extension is $1,000 in any one occurrence.

**g. Extra Expense -** is replaced by the following:

**(1)** We will pay necessary and reasonable Extra Expense you incur during the "period of restoration" that you would not have incurred if there had been no direct physical loss or damage to property at the described premises. The loss or damage must be caused by or result from a Covered Cause of Loss. With respect to loss of or damage to personal property in the open or personal property in a vehicle, the described premises include the area within 1,000 feet of the site at which the described premises are located.

With respect to the requirements set forth in the preceding paragraph, if you occupy only part of the site at which the described premises are located, your premises means

(a) The portion of the building which you rent, lease, or occupy; and

(b) Any area within the building or on the site at which the described premises are located, if that area services, or is used to gain access to the described premises.

(2) Extra Expense means expense incurred:

(a) To avoid or minimize the suspension of business and to continue "operations":

(i) At the described premises; or

(ii) At replacement premises or at temporary locations, including relocation expenses and costs to equip and operate the replacement or temporary locations.

(b) To minimize the suspension of business if you cannot continue "operations".

(c) To:

(i) Repair or replace any property; or

(ii) Research, replace or restore the lost information on damaged "valuable papers and records"; to the extent it reduces the amount of loss that otherwise would have been payable under this Additional Coverage or the Additional Coverage **f.** Business Income.

(3) With respect to the coverage provided in this Additional Coverage, suspension means:

(a) The partial slowdown or complete cessation of your business activities; and

(b) That a part or all of the described premises is rendered untenantable, if coverage for Business Income applies.

(4) We will only pay for Extra Expense that occurs within 2 consecutive months after the date of direct physical loss or damage. This Additional Coverage is not subject to the Limits of Insurance of **SECTION I - PROPERTY.**

i. **Civil Authority -** is replaced by the following:

We will pay for the actual loss of Business Income you sustain and necessary Extra Expense caused by action of civil authority that prohibits access to the described premises due to direct physical loss of or damage to property, other than at the described premises, caused by or resulting from a Covered Cause of Loss.

The coverage for Business Income will begin 72 hours after the time of that action and will apply for a period of up to three consecutive weeks after coverage begins.

The coverage for necessary Extra Expense will begin immediately after the time of that action and ends:

(1) 3 consecutive weeks after the time of that action; or

(2) When your Business Income coverage ends;

whichever is later.

The definition of Business Income and Extra Expense contained in the Business Income and Extra Expense Additional Coverages also apply to this Civil Authority Additional Coverage. The Civil Authority Additional Coverage is not subject to the Limits of Insurance of **SECTION I - PROPERTY.**

 ©2009 Liberty Mutual Insurance Company. All rights reserved.

NP 89 48 10 13

# STATE OF LOUISIANA

This form may not be altered or modified

## UNINSURED/UNDERINSURED   MOTORIST  BODILY  INJURY  COVERAGE FORM

**Uninsured/Underinsured  Motorists  Bodily  Injury  Coverage,** referred to as **"UMBI"** in this form, is insurance that pays persons insured by your policy who are injured in an accident caused by an owner or operator of an uninsured or underinsured motor vehicle. Depending on the coverage purchased, UMBI Coverage can provide compensation for both economic and non-economic losses.

**Economic losses** are those that can be measured in specific monetary terms including but not limited to medical costs, funeral expenses, lost wages, and out of pocket expenses.

**Non-economic** losses are losses other than economic losses and include but are not limited to pain, suffering, inconvenience, mental anguish and other non-economic damages otherwise recoverable under the laws of this state.

**By law, your policy will include UMBI Coverage at the same limits as your Bodily Injury Liability Coverage unless you request otherwise.** If you wish to reject UMBI Coverage, select lower limits of UMBI Coverage, or select Economic-Only UMBI Coverage, you must complete this form and return it to your insurance agent or insurance company. (Economic-Only UMBI Coverage may not be available from your insurance company. In this case, your company will have marked options 2 and 3 below as "Not Available" or "NA.")

### UNINSURED/UNDERINSURED   MOTORIST BODILY INJURY COVERAGE

You may select one of the following  UMBI Coverage options (initial  only one option):

1. _____    **I select UMBI Coverage** which provides compensation for economic and non-economic
   Initials    losses **with limits lower** than the Bodily Injury Liability Coverage limits indicated on the policy:

   $ ___NA___ each person          **OR** $ _____ each accident/occurrence

   $ ___NA___ each accident/occurrence

2. _____    **I select Economic-Only UMBI Coverage,** which provides compensation for economic
   Initials    losses **with the same limits** as the Bodily Injury Liability Coverage indicated on the policy.

3. _____    **I select Economic-Only UMBI Coverage,** which provides compensation for economic
   Initials    losses with limits lower than the Bodily Injury Liability Coverage limits indicated on the policy:

   $ ___NA___ each person          **OR** $ _____ each accident/occurrence

   $ ___NA___ each accident/occurrence

4. _____    **I do not want UMBI Coverage.** I understand that **I will not be compensated through UMBI**
   Initials    coverage for losses arising from an accident caused by an uninsured/underinsured motorist.

### SIGNATURE

The choice indicated and initialed on this form will apply to all persons and/or entities insured under this policy. This choice shall apply to the motor vehicles described in this policy and to any replacement vehicles, to all renewals of this policy, and to all reinstatement, substitute or amended policies until a written request is made for a change to the Bodily Injury Liability Limits, the UMBI limits or UMBI Coverage.

_____
**Named Insured or Legal Representative  (Please Print)**

_____
**Signature of a Named Insured or Legal Representative**

_____         BZS (17) 57616446
**Date**                        **Policy Number**

Ohio Security Insurance Company
**Insuring Company**

© 2013 Liberty Mutual Insurance. All rights reserved.
Includes copyrighted material of Insurance Services Office, Inc., with its permission.
**Page 1 of 1**

This page intentionally left blank.

34  2992

USO
57616446
11/02/2017

**INSURANCE INTERMEDIARIES INC**

**280 N HIGH ST STE 300**
**COLUMBUS, OH 43215-2535**



We strive to produce a quality product for our agents to deliver to the policyholder. In doing so, we ask that you assist us by taking time to review the enclosed policy accuracy. If there are any modifications that need to be made, we request that you return this letter to the Business Center outlining what is in error.

Named Insured:        CLEARCOMM OF TAMPABAY, INC.

Corrections needed to be made on this policy (This form is not for routine change requests):

_____

_____

_____

_____

_____

_____

Thank you for your assistance.

Please send to:        *Liberty Mutual Insurance*

**ATTENTION: C.S.I. UNIT**

_____

CAU:

N O N E

Exhibit

**2**

Ohio Security v. Clearcomm

This page intentionally left blank.



**Policyholder    Information**



| **Named Insured & Mailing Address** | **Agent Mailing Address & Phone No.** |
|---|---|
| CLEARCOMM OF TAMPABAY, INC.<br>PO Box 10216<br>C / O Bruce Kadoura<br>Largo, FL 33773 | (800) 444-1744<br>INSURANCE INTERMEDIARIES  INC<br>280 N HIGH ST STE 300<br>COLUMBUS, OH 43215-2535 |

## *Dear Policyholder:*



**Your Commercial Documents**

We know you work hard to build your business. We work together with your agent,
**INSURANCE INTERMEDIARIES INC       (800) 444-1744**
to help protect the things you care about. Thank you for selecting us.

Enclosed are your insurance documents consisting of:



THIS IS NOT A BILL

- Commercial  Umbrella

To find your limits of insurance and premium please refer to your Declarations
page(s). Please refer to your policy for specific coverages.

If you have any questions or changes that may affect your insurance needs, please
contact your Agent at (800) 444-1744



**Reminders**

- Verify that all information is correct
- If you have any changes, please contact your
  Agent at (800) 444-1744
- In case of a claim, call your Agent or  1-800-362-0000

## You  Need  To Know

- **CONTINUED ON NEXT PAGE**

*To report a claim,  call  your Agent or 1-800-362-0000*

DS 70 20 01 08

**You Need To Know - continued**

- **NOTICE(S) TO POLICYHOLDER(S)**
  The Important Notice(s) to Policyholder(s) provide a general explanation of changes in coverage to your policy. The Important Notice(s) to Policyholder(s) is not a part of your insurance policy and it does not alter policy provisions or conditions. Only the provisions of your policy determine the scope of your insurance protection. It is important that you read your policy carefully to determine your rights, duties and what is and is not covered.

| FORM NUMBER | TITLE |
|---|---|
| NP 73 12 01 15 | Terrorism Insurance Premium Notice And Opportunity To Reject |
| NP 89 69 11 10 | Important Policyholder Information Concerning Billing Practices |
| NP 99 99 02 16 | Important Notice to Policyholders Amendment of Aircraft Exclusion |

- This policy will be direct billed. You may choose to combine any number of policies on one bill with your billing account. Please contact your agent for more information.

11/15/2016

CLEARCOMM OF TAMPABAY, INC.

USO  (17)   57 61 64 46
From 11/02/2016 To 11/02/2017

PO Box 10216
Largo, FL 33773



(800) 444-1744
INSURANCE INTERMEDIARIES INC

280 N HIGH ST STE 300
COLUMBUS, OH 43215-2535

## TERRORISM INSURANCE PREMIUM DISCLOSURE
## AND OPPORTUNITY TO REJECT

**This notice contains important information about the Terrorism Risk Insurance Act and its effect on your policy. Please read it carefully.**

### THE TERRORISM RISK INSURANCE ACT

The Terrorism Risk Insurance Act, including all amendments ("TRIA" or the "Act"), establishes a program to spread the risk of catastrophic losses from certain acts of terrorism between insurers and the federal government. If an individual insurer's losses from certified acts of terrorism exceed a specified deductible amount, the government will reimburse the insurer for a percentage of losses (the "Federal Share") paid in excess of the deductible, but only if aggregate industry losses from such acts exceed the "Program Trigger". An insurer that has met its insurer deductible is not liable for any portion of losses in excess of $100 billion per year. Similarly, the federal government is not liable for any losses covered by the Act that exceed this amount. If aggregate insured losses exceed $100 billion, losses up to that amount may be pro-rated, as determined by the Secretary of the Treasury.

The Federal Share and Program Trigger by calendar year are:

| Calendar Year | Federal Share | Program Trigger |
|---|---|---|
| 2015 | 85% | $100,000,000 |
| 2016 | 84% | $120,000,000 |
| 2017 | 83% | $140,000,000 |
| 2018 | 82% | $160,000,000 |
| 2019 | 81% | $180,000,000 |
| 2020 | 80% | $200,000,000 |

### MANDATORY OFFER OF COVERAGE FOR "CERTIFIED ACTS OF TERRORISM" AND DISCLOSURE OF PREMIUM

TRIA requires insurers to make coverage available for any loss that occurs within the United States (or outside of the U.S. in the case of U.S. missions and certain air carriers and vessels), results from a "certified act of terrorism" AND that is otherwise covered under your policy.

A "certified act of terrorism" means:

[A]ny act that is certified by the Secretary [of the Treasury], in consultation with the Secretary of Homeland Security, and the Attorney General of the United States.

(i) to be an act of terrorism;

---

NP 73 12 01 15                    ©  2015 Liberty Mutual Insurance                    Page 1 of 2

(ii)  to be a violent  act or an act that is dangerous  to
  (I)   human life;
  (II)  property;  or
  (III) infrastructure;

(iii) to have resulted  in damage  within  the United  States, or outside  of the United  States in the case of
  (I)   an air carrier  (as defined  in section  40102 of title  49, United  States Code)  or United  States flag vessel  (or a vessel based principally  in the United  States,  on which  United  States income  tax is paid and whose insurance  coverage  is subject to regulation  in the United  States);  or
  (II)  the premises  of a United  States mission;  and

(iv) to have been committed  by an individual  or individuals  as part of an effort  to coerce the civilian population  of the United  States or to influence  the policy  or affect  the conduct  of the United  States Government  by coercion.

**REJECTING  TERRORISM  INSURANCE  COVERAGE - WHAT YOU MUST  DO**

We have included  in your policy  coverage  for losses  resulting  from "certified  acts of terrorism"  as defined above.

THE PREMIUM  CHARGE  FOR THIS COVERAGE  APPEARS  ON THE DECLARATIONS  PAGE OF THE POLICY AND DOES NOT INCLUDE  ANY CHARGES  FOR THE PORTION  OF LOSS COVERED BY THE FEDERAL GOV-ERNMENT  UNDER THE ACT. If we are providing  you with a quote,  the premium  charge  will also appear on your quote as a separate line item charge.

IF YOU CHOOSE  TO REJECT  THIS COVERAGE,  PLEASE CHECK THE BOX BELOW,  SIGN THE ACKNOWL-EDGEMENT,  AND RETURN THIS FORM TO THE ADDRESS  BELOW:  **Please ensure any rejection  is received within  (30) days of the effective  date of your policy.**

Before  making  a decision  to reject terrorism  insurance,  refer to the Underlying  Coverage  Requirement located  at the end of this Notice.

☐   I hereby  reject this offer of coverage.  I understand  that by rejecting  this offer, I will have no coverage  for losses arising  from a "certified  acts of terrorism"  and my policy  will be endorsed  accordingly.

Policyholder/Applicant's    Signature                    Print Name                          Date Signed

_____        _____        _____

Named  Insured                                         Policy  Number
CLEARCOMM OF TAMPABAY, INC.                     USO  (17)   57 61 64 46

Policy  Effective/Expiration   Date
From 11/02/2016 To 11/02/2017

**UNDERLYING  COVERAGE  REQUIREMENT**

This policy  will apply to Terrorism  Coverage  only in excess  of the total amounts  stated as the applicable limits  of the underlying  policies  listed in the Schedule  of Underlying  Insurance  and the applicable  limits  of any other insurance  providing  coverage  to you during the Policy Period.

If you fail to comply  with this Underlying  Coverage  Requirement  and you do not maintain  your underlying limits  as scheduled,  we will only be liable  to the same extent  that we would  have been had you fully complied  with this requirement.

**IF YOU REJECTED  THIS COVERAGE,  PLEASE RETURN THIS FORM TO:**

   Attn: Commercial  Lines Division  - Terrorism
   P.O. Box 66400
   London,  KY 40742-6400

**The summary  of the Act and the coverage  under your policy  contained  in this notice is necessarily  general in nature.  Your policy  contains  specific  terms, definitions,  exclusions  and conditions.  In case of any conflict,  your policy  language  will  control  the resolution  of all coverages  questions.  Please  read your policy  carefully.**

If you have any questions  regarding  this notice,  please contact  your agent.

NP 89 69 11 10

# IMPORTANT POLICYHOLDER INFORMATION
# CONCERNING BILLING PRACTICES



**Dear Valued Policyholder:** This insert provides you with important information about our policy billing practices that may affect you. Please review it carefully and contact your agent if you have any questions.

**Premium Notice:** We will mail you a policy Premium Notice separately. The Premium Notice will provide you with specifics regarding your agent, the account and policy billed, the billing company, payment plan, policy number, transaction dates, description of transactions, charges/credits, policy amount balance, minimum amount, and payment due date. This insert explains fees that may apply to and be shown on your Premium Notice.

**Available Premium Payment Plans:**

● **Annual Payment Plan:** When this plan applies, you have elected to pay the entire premium amount balance shown on your Premium Notice in full. No installment billing fee applies when the Annual Payment Plan applies.

● **Installment Payment Plan:** When this plan applies, you have elected to pay your policy premium in installments (e.g.: quarterly or monthly installments - Installment Payment Plans vary by state). As noted below, an installment fee may apply when the Installment Payment Plan applies.

The Premium Payment Plan that applies to your policy is shown on the top of your Premium Notice. Please contact your agent if you want to change your Payment Plan election.

**Installment Payment Plan Fee:** If you elected to pay your premiums in installments using the Installment Premium Payment Plan, an installment billing fee applies to each installment bill. The installment billing charge will not apply, however, if you pay the entire balance due when you receive the bill for the first installment. Because the amount of the installment charge varies from state to state, please consult your Premium Notice for the actual fee that applies.

**Dishonored Payment Fee:** Your financial institution may refuse to honor the premium payment withdrawal request you submit to us due to insufficient funds in your account or for some other reason. If that is the case, and your premium payment withdrawal request is returned to us dishonored, a payment return fee will apply. Because the amount of the return fee varies from state to state, please consult your Premium Notice for the actual fee that applies.

**Late Payment Fee:** If we do not receive the minimum amount due on or before the date or time the payment is due, as indicated on your Premium Notice, you will receive a policy cancellation notice effective at a future date that will also reflect a late payment fee charge. Issuance of the cancellation notice due to non-payment of a scheduled installment(s) may result in the billing and collection of all or part of any outstanding premiums due for the policy period. Late Payment Fees vary from state to state and are not applicable in some states.

**Special Note:** Please note that some states do not permit the charging of certain fees. Therefore, if your state does not allow the charging of an Installment Payment Plan, Dishonored Payment or Late Payment Fee, the disallowed fee will not be charged and will not be included on your Premium Notice.

**EFT-Automatic Withdrawals Payment Option:** When you select this option, you will not be sent Premium Notices and, in most cases, will not be charged installment fees. For more information on our EFT-Automatic Withdrawals payment option, refer to the attached policyholder plan notice and enrollment sheet.

Once again, please contact your agent if you have any questions about the above billing practice information.

**Thank you for selecting us to service your insurance needs.**

NP 99 99 02 16

# IMPORTANT  NOTICE  TO POLICYHOLDERS
# AMENDMENT   OF AIRCRAFT EXCLUSION

Dear Valued Policyholder,

Thank you for selecting us as your carrier for your excess liability  insurance. This notice contains a brief summary of the coverage changes made to your policy.

The changes outlined below are organized by individual endorsements. Please note that not all of the endorsements noted may apply to your specific policy. In addition, this notice does not reference every editorial change made to the endorsement or coverage form, only material (or significant) coverage changes.

Please read your policy and review your Declarations page for complete coverage information. No coverage is provided by this notice, nor can it be construed to replace any provisions of your policy. If there are discrepancies between your policy and this notice, the provisions of the policy shall prevail.

Should you have questions after reviewing the changes outlined below, please contact your independent agent. Thank you for your business.

## SUMMARY  OF POLICY CHANGES

*If your renewal policy contains endorsement* **CU 89 21 07 15 AMENDMENT  OF AIRCRAFT EXCLUSION** *and your prior policy contained endorsement* **CU 89 21 01 13 AMENDMENT  OF AIRCRAFT EXCLUSION** *then the following changes apply to your policy:*

### POTENTIAL RESTRICTION OF COVERAGE

Coverage is potentially  restricted in that the exclusionary  wording is amended to exclude "bodily injury" and "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, if such aircraft is owned or operated by or rented or loaned to any "insured".

### CLARIFYING, EDITORIAL AND PROCEDURAL CHANGES

This endorsement has been revised to align more closely with the aircraft exclusionary language in your underlying liability insurance. Language was added for those aircraft operated by or rented or loaned to any "insured".

Editorial changes are made throughout to achieve consistency among forms and improve readability .

**Liberty Mutual.**
**INSURANCE**

Coverage is Provided In:
The Ohio Casualty Insurance Company

Policy Number
USO   (17)  57 61 64 46

## Commercial Umbrella
## Policy Declarations

Basis: Occurrence

**(ITEM 1) NAMED INSURED & MAILING ADDRESS**

CLEARCOMM OF TAMPABAY, INC.
PO Box 10216
C / O Bruce Kadoura
Largo, FL 33773

**AGENT MAILING ADDRESS & PHONE NO.**

(800) 444-1744
INSURANCE INTERMEDIARIES INC
280 N HIGH ST STE 300
COLUMBUS, OH 43215-2535

**Named Insured Is:**  CORPORATION

**Named Insured Business Is:**  CELL PHONE STORE

**(ITEM 2) POLICY PERIOD**

From 11/02/2016 TO 11/02/2017 12:01 AM Standard Time at Insured Mailing Location

**(ITEM 3) PREMIUM CHARGES**

| Explanation of Charges | DESCRIPTION | | PREMIUM |
|---|---|---|---|
| | Commercial Umbrella | | $4,733.00 |
| | Certified Acts of Terrorism Coverage | $47.00 | (Included) |

*Total Advance Charges*                                   **$4,733.00**

*Note: This is not a bill*

BASIS OF PREMIUM:          NON-AUDITABLE( X )          AUDITABLE( )

IN THE EVENT OF CANCELLATION BY THE NAMED INSURED, THE COMPANY WILL RECEIVE AND RETAIN NO LESS THAN (*0%*   ) OF THE POLICY PREMIUM AS THE MINIMUM RETAINED PREMIUM PLUS CERTIFIED ACTS OF TERRORISM COVERAGE AND ANY APPLICABLE TAXES AND SURCHARGES.

**(ITEM 4) LIMITS OF INSURANCE**

| DESCRIPTION | LIMIT |
|---|---|
| EACH OCCURRENCE | $5,000,000 |
| AGGREGATE (WHERE APPLICABLE) | $5,000,000 |
| PRODUCTS-COMPLETED OPERATIONS AGGREGATE | $5,000,000 |
| SELF-INSURED RETENTION | $10,000 |

| Servicing Office and Issue Date | Ohio Regional Office 11/15/16 | | Authorized Representative |
|---|---|---|---|

*To report a claim, call your Agent or 1-800-362-0000*

**DS 70 22 01 08**

**Liberty Mutual.**
INSURANCE

Coverage is Provided In:
The Ohio Casualty Insurance Company

Policy Number
USO  (17)  57 61 64 46

**(ITEM 5) SCHEDULE OF UNDERLYING INSURANCE:**

| CARRIER, POLICY NUMBER AND PERIOD | TYPE OF COVERAGE | LIMITS OF INSURANCE | |
|---|---|---|---|
| OHIO SECURITY INSURANCE COMPANY | BUSINESSOWNERS LIABILITY | *$1,000,000* | LIABILITY AND MEDICAL EXPENSE LIMIT |
| | | *$2,000,000* | OTHER THAN PRODUCTS - COMPLETED OPERATIONS AGGREGATE |
| | | *$2,000,000* | PRODUCTS - COMPLETED OPERATIONS AGGREGATE LIMIT |

Includes Non-Owned and/or Hired Auto Liability

BZS(17)57616446
11/02/2016 - 11/02/2017

| | | | |
|---|---|---|---|
| OHIO SECURITY INSURANCE COMPANY | EMPLOYERS LIABILITY* | *$1,000,000* | BODILY INJURY EACH ACCIDENT LIMIT |
| XWS(17)57616446 | | *$1,000,000* | BODILY INJURY BY DISEASE AGGREGATE LIMIT |
| 11/02/2016 - 11/02/2017 | | *$1,000,000* | BODILY INJURY BY DISEASE EACH EMPLOYEE LIMIT |

*EMPLOYERS LIABILITY COVERAGE IS NOT PROVIDED FOR CLAIMS BY EMPLOYEES WHO ARE SUBJECT TO THE WORKERS COMPENSATION LAWS OF NEW YORK

10      of   14

*To report a claim, call your Agent or 1-800-362-0000*

**DS 70 23 01 08**



**Liberty Mutual.**
INSURANCE

Coverage is provided in:
The Ohio Casualty Insurance Company

Policy Number
USO   (17)   57 61 64 46

## POLICY FORMS AND ENDORSEMENTS

This section lists all the Forms and Endorsements for your policy. Refer to these documents as needed for detailed information concerning your coverage.

| FORM NUMBER | TITLE |
| --- | --- |
| CU 60 02 06 97 | Commercial Umbrella Coverage Form |
| CU 60 05 06 97 | Named Insured |
| CU 60 30 06 97 | Care, Custody or Control Exclusion - Real or Personal Property |
| CU 60 39 01 15 | Cap On Losses From Certified Acts Of Terrorism |
| CU 60 40 01 15 | Underlying Coverage Requirement For Certified Acts Of Terrorism |
| CU 61 06 01 13 | Auto Liability - Following Form |
| CU 61 79 09 00 | District of Columbia Changes - Cancellation |
| CU 63 44 06 97 | Foreign Liability - Following Form |
| CU 63 80 12 04 | Fungi or Bacteria Exclusion |
| CU 64 79 05 09 | Exclusion - Recording and Distribution of Material or Information in Violation of the Law |
| CU 64 82 07 14 | Amendment - Electronic Data |
| CU 64 87 10 05 | Economic or Trade Sanctions Condition Endorsement |
| CU 64 92 01 13 | Mobile Equipment - Following Form |
| CU 64 95 12 07 | Waiver Transfer Rights of Recovery Against Others |
| CU 65 08 01 15 | Exclusion Of Punitive Damages Related To A Certified Act Of Terrorism |
| CU 88 01 12 02 | War Liability Exclusion |
| CU 88 03 12 07 | Employment Related Practices Exclusion |
| CU 88 04 07 14 | Professional Services Exclusion |
| CU 88 31 05 09 | Personal and Advertising Injury - Following Form |
| CU 88 39 07 14 | Amendment of Definition of Insured |
| CU 88 41 02 10 | Amendment of Pollution Exclusion |
| CU 88 54 09 00 | District of Columbia Changes - Suspension of Auto Coverage |
| CU 89 19 01 13 | Amendment of Watercraft Exclusion |
| CU 89 21 07 15 | Amendment of Aircraft Exclusion |
| CU 89 40 05 16 | Crisis Management Coverage |
| CU 89 45 10 14 | Access or Disclosure Of Confidential Or Personal Information And Data-Related - Liability with Limited Bodily Injury Exception Exclusion |

In witness whereof, we have caused this policy to be signed by our authorized officers.

Mark Touhey
Secretary

Paul Condrin
President

**To report a claim, call your Agent or 1-800-362-0000**
DS 70 23 01 08

This page intentionally left blank.

CU 60 05 06 97

**THIS ENDORSEMENT  CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# NAMED  INSURED

The Named Insured listed in Item **1** of the Declarations  is changed to the following:

CLEARCOMM OF TAMPABAY, INC

CLEARCOMM NC INC

WIRELESS WORKS LLC

CLEARCOMM BAWA INC

CLEARCOMM PENN INC

CLEARCOMM NA INC

METROPAY INC

CLEARCOMM OF TEXAS, INC

CLEARCOMM SOVA, INC

This endorsement  does not change any other provision  of the policy.

**CU 60 05 06 97**                    **(Page 1 of 1)**

This page intentionally left blank.

# ACORD® WORKERS COMPENSATION APPLICATION

**DATE (MM/DD/YYYY)** 11/22/2016

**AGENCY NAME AND ADDRESS**
INSURANCE INTERMEDIARIES INC
280 N HIGH ST STE 300
COLUMBUS OH 43215 2535

**COMPANY:** Ohio Security Insurance Company
**UNDERWRITER:** 57616446
**APPLICANT NAME:** CLEARCOMM OF TAMPABAY, INC.
**OFFICE PHONE:** 727-643-0150     **MOBILE PHONE:**
**MAILING ADDRESS (including ZIP + 4 or Canadian Postal Code)**
PO Box 10216

Largo FL 33773

**YRS IN BUS:** 3
**SIC:** 5999
**NAICS:** 713120
**WEBSITE ADDRESS:**

**PRODUCER NAME:**
**CS REPRESENTATIVE NAME:**
**OFFICE PHONE (A/C, No, Ext)** 800-444-1744
**MOBILE PHONE:**
**FAX (A/C, No):**
**E-MAIL ADDRESS:**

**E-MAIL ADDRESS:**

| | | | | | | |
|---|---|---|---|---|---|---|
| SOLE PROPRIETOR | X | CORPORATION | | LLC | | TRUST |
| PARTNERSHIP | | SUBCHAPTER "S" CORP | | JOINT VENTURE | | OTHER |

**CREDIT BUREAU NAME:**

**CODE:** 342992     **SUB CODE:**
**AGENCY CUSTOMER ID:**

**FEDERAL EMPLOYER ID NUMBER** 364743346
**NCCI RISK ID NUMBER** 913819993
**ID NUMBER:**
**OTHER RATING BUREAU ID OR STATE EMPLOYER REGISTRATION NUMBER**

## STATUS OF SUBMISSION / BILLING/AUDIT INFORMATION

| STATUS OF SUBMISSION | BILLING PLAN | PAYMENT PLAN | AUDIT |
|---|---|---|---|
| QUOTE / X ISSUE POLICY | AGENCY BILL | ANNUAL | X AT EXPIRATION / MONTHLY |
| BOUND (Give date and/or attach copy) | X DIRECT BILL | SEMI-ANNUAL | SEMI-ANNUAL |
| ASSIGNED RISK (Attach ACORD 133) | | QUARTERLY     % DOWN: | QUARTERLY |

## LOCATIONS

| LOC # | STREET, CITY, COUNTY, STATE, ZIP CODE |
|---|---|
| 060 | 3909 14th St NW<br>Washington DC 20011 District Of Columbia |
| 061 | 2305 Benning Rd NE<br>Washington DC 20002 District Of Columbia |
| 003 | 1346 Good Hope Rd SE<br>Washington DC 20020 District Of Columbia |

## POLICY INFORMATION

| PROPOSED EFF DATE | PROPOSED EXP DATE | NORMAL ANNIVERSARY RATING DATE | PARTICIPATING | RETRO PLAN |
|---|---|---|---|---|
| 11/02/2016 | 11/02/2017 | / / | NON-PARTICIPATING | |

| PART 1 - WORKERS COMPENSATION (States) | PART 2 - EMPLOYER'S LIABILITY | PART 3 - OTHER STATE INS All States except OH, ND, WA, WY | DEDUCTIBLES | AMOUNT/% | OTHER COVERAGES |
|---|---|---|---|---|---|
| DC MD FL SC PA VA TX LA | $1000000  EACH ACCIDENT<br>$1000000  DISEASE-POLICY LIMIT<br>$1000000  DISEASE-EACH EMPLOYEE | ND OH WA WY | MEDICAL<br>INDEMNITY<br>OTHER | | U.S.L. & H.  MANAGED CARE OPTION<br>VOLUNTARY COMP<br>FOREIGN COV |

**DIVIDEND PLAN/SAFETY GROUP** R
**ADDITIONAL COMPANY INFORMATION**

**SPECIFY ADDITIONAL COVERAGES / ENDORSEMENTS**
Refer to ACORD 101

## TOTAL ESTIMATED ANNUAL PREMIUM - ALL STATES

| TOTAL ESTIMATED ANNUAL PREMIUM ALL STATES | TOTAL MINIMUM PREMIUM ALL STATES | TOTAL DEPOSIT PREMIUM ALL STATES |
|---|---|---|
| $ | $ | $ |

## CONTACT INFORMATION

| TYPE | NAME | OFFICE PHONE | MOBILE PHONE | E-MAIL |
|---|---|---|---|---|
| INSPECTION | CLEARCOMM OF TAMPABAY, INC | (72-7) -643- | | |
| ACCTNG RECORD | | -- | | |
| CLAIMS INFO | | | | |

## INDIVIDUALS INCLUDED/EXCLUDED

PARTNERS, OFFICERS, RELATIVES ( Must be employed by business operations) TO BE INCLUDED OR EXCLUDED (Remuneration/Payroll to be included must be part of rating information section.)

| STATE | LOC # | NAME | DATE OF BIRTH | TITLE/RELATIONSHIP | OWNER-SHIP % | DUTIES | INC/EXC | CLASS CODE | REMUNERATION/PAYROLL |
|---|---|---|---|---|---|---|---|---|---|
| | | Yousef Sihweil | | PRESIDENT | 40 | | I | Incl | |
| | | Omar Masir | | VICE PRESI | 30 | | I | Incl | |
| | | Noor Masri | | EXEC SECRE | 30 | | I | Incl | |

**ACORD 130 (2007/11)**     Page 1 of 4     © 1980-2007 ACORD CO... ...ved.
The ACORD name and logo are registered marks of ACORD

Exhibit 3
Ohio Security v. Clearcomm

STATE RATING SHEET # __1__ OF __1__ SHEETS           AGENCY CUSTOMER ID: _____

## STATE RATING WORKSHEET

**FOR MULTIPLE STATES, ATTACH AN ADDITIONAL PAGE 2 OF THIS FORM**

**RATING INFORMATION - STATE:** DC

| LOC # | CLASS CODE | DESCR CODE | CATEGORIES, DUTIES, CLASSIFICATIONS | # EMPLOYEES FULL TIME | PART TIME | SIC | NAICS | ESTIMATED ANNUAL REMUNERATION/ PAYROLL | RATE | ESTIMATED ANNUAL MANUAL PREMIUM |
|-------|-----------|-----------|-------------------------------------|-------|------|-----|--------|----------|------|----------|
| 060 | 8017 | | Store: Retail NOC | | | | 713120 | 25000 | | |
| 061 | 8017 | | Store: Retail NOC | | | | 713120 | 25000 | | |
| 003 | 8017 | | Store: Retail NOC | | | | 713120 | 25000 | | |
| 058 | 8017 | | Store: Retail NOC | | | | 713120 | 25000 | | |
| 004 | 8017 | | Store: Retail NOC | | | | 713120 | 25000 | | |
| 005 | 8017 | | Store: Retail NOC | | | | 713120 | 25000 | | |
| 006 | 8017 | | Store: Retail NOC | | | | 713120 | 25000 | | |
| 007 | 8017 | | Store: Retail NOC | | | | 713120 | 25000 | | |
| 008 | 8017 | | Store: Retail NOC | | | | 713120 | 25000 | | |
| 009 | 8017 | | Store: Retail NOC | | | | 713120 | 25000 | | |
| 010 | 8017 | | Store: Retail NOC | | | | 713120 | 25000 | | |
| 011 | 8017 | | Store: Retail NOC | | | | 713120 | 25000 | | |
| 012 | 8017 | | Store: Retail NOC | | | | 713120 | 25000 | | |
| 013 | 8017 | | Store: Retail NOC | | | | 713120 | 25000 | | |

## PREMIUM

| STATE: DC | FACTOR | FACTORED PREMIUM | | FACTOR | FACTORED PREMIUM |
|-----------|--------|------------------|---|--------|------------------|
| TOTAL | | $ | SCHEDULE RATING | | $ |
| INCREASED LIMITS | | $ | CCPAP | | $ |
| DEDUCTIBLE | | $ | STANDARD PREMIUM | | $ |
| EXPERIENCE OR MERIT MODIFICATION | 0.82 | $ | PREMIUM DISCOUNT | | $ |
| | | $ | EXPENSE CONSTANT | N/A | $ |
| ASSIGNED RISK SURCHARGE | | $ | TAXES / ASSESSMENTS | N/A | $ |
| ARAP | | $ | | | $ |

| TOTAL ESTIMATED ANNUAL PREMIUM | MINIMUM PREMIUM | DEPOSIT PREMIUM |
|-------------------------------|-----------------|-----------------|
| $ | $ | $ |

## REMARKS

Refer to ACORD 101

**AGENCY CUSTOMER ID:** _____

## PRIOR CARRIER INFORMATION/LOSS HISTORY

PROVIDE INFORMATION FOR THE PAST 5 YEARS AND USE THE REMARKS SECTION FOR LOSS DETAILS     | LOSS RUN ATTACHED

| YEAR | CARRIER & POLICY NUMBER | ANNUAL PREMIUM | MOD | # CLAIMS | AMOUNT PAID | RESERVE |
|------|------------------------|----------------|-----|----------|-------------|---------|
| | CO: Liberty Mutual Insurance Compa | | | 0 | 0.00 | |
| | POL #: XWS(16)56926187 | | | | | |
| | CO: | | | | | |
| | POL #: | | | | | |
| | CO: | | | | | |
| | POL #: | | | | | |
| | CO: | | | | | |
| | POL #: | | | | | |
| | CO: | | | | | |
| | POL #: | | | | | |

## NATURE OF BUSINESS/DESCRIPTION OF OPERATIONS

GIVE COMMENTS AND DESCRIPTIONS OF BUSINESS, OPERATIONS AND PRODUCTS: MANUFACTURING - RAW MATERIALS, PROCESSES, PRODUCT, EQUIPMENT; CONTRACTOR - TYPE OF WORK, SUB-CONTRACTS; MERCANTILE - MERCHANDISE, CUSTOMERS, DELIVERIES; SERVICE - TYPE, LOCATION; FARM - ACREAGE, ANIMALS, MACHINERY, SUB-CONTRACTS.

Cell Phone Store

## GENERAL INFORMATION

EXPLAIN ALL "YES" RESPONSES

| | YES | NO |
|---|---|---|
| 1.  DOES APPLICANT OWN, OPERATE OR LEASE AIRCRAFT/WATERCRAFT? | ☐ | ☐ |
| 2.  DO/HAVE PAST, PRESENT OR DISCONTINUED OPERATIONS INVOLVE(D) STORING, TREATING, DISCHARGING, APPLYING, DISPOSING, OR TRANSPORTING OF HAZARDOUS MATERIAL? (e.g. landfills, wastes, fuel tanks, etc) | ☐ | ☐ |
| 3.  ANY WORK PERFORMED UNDERGROUND OR ABOVE 15 FEET? | ☐ | ☐ |
| 4.  ANY WORK PERFORMED ON BARGES, VESSELS, DOCKS, BRIDGE OVER WATER? | ☐ | ☐ |
| 5.  IS APPLICANT ENGAGED IN ANY OTHER TYPE OF BUSINESS? | ☐ | ☒ |
| 6.  ARE SUB-CONTRACTORS USED?  (If "YES", give % of work subcontracted) | ☐ | ☐ |
| 7.  ANY WORK SUBLET WITHOUT CERTIFICATES OF INSURANCE?  (If "YES", payroll for this work must be included in the State Rating Worksheet on Page 2) | ☐ | ☐ |
| 8.  IS A WRITTEN SAFETY PROGRAM IN OPERATION? | ☐ | ☐ |
| 9.  ANY GROUP TRANSPORTATION PROVIDED? | ☐ | ☐ |
| 10.  ANY EMPLOYEES UNDER 16 OR OVER 60 YEARS OF AGE? | ☐ | ☒ |
| 11.  ANY SEASONAL EMPLOYEES? | ☐ | ☐ |
| 12.  IS THERE ANY VOLUNTEER OR DONATED LABOR?  (If "YES", please specify) | ☐ | ☐ |

**AGENCY CUSTOMER ID:** _____

**GENERAL INFORMATION (continued)**

| EXPLAIN ALL "YES" RESPONSES | YES | NO |
|---|---|---|
| 13.  ANY EMPLOYEES WITH PHYSICAL HANDICAPS? | ☐ | ☐ |
| 14.  DO EMPLOYEES TRAVEL OUT OF STATE?  (If "YES", indicate state(s) of travel and frequency) | ☐ | ☐ |
| 15  ARE ATHLETIC TEAMS SPONSORED? | ☐ | ☐ |
| 16.  ARE PHYSICALS REQUIRED AFTER OFFERS OF EMPLOYMENT ARE MADE? | ☐ | ☐ |
| 17.  ANY OTHER INSURANCE WITH THIS INSURER? | ☒ | ☐ |
| 18.  ANY PRIOR COVERAGE DECLINED/ CANCELLED/NON-RENEWED IN THE LAST THREE (3) YEARS?  (Not applicable in MO) | ☐ | ☐ |
| 19.  ARE EMPLOYEE HEALTH PLANS PROVIDED? | ☐ | ☐ |
| 20.  DO ANY EMPLOYEES PERFORM WORK FOR OTHER BUSINESSES OR SUBSIDIARIES? | ☐ | ☐ |
| 21.  DO YOU LEASE EMPLOYEES TO OR FROM OTHER EMPLOYERS? | ☐ | ☐ |
| 22.  DO ANY EMPLOYEES PREDOMINANTLY WORK AT HOME? If "YES", # of Employees: _____ | ☐ | ☐ |
| 23.  ANY TAX LIENS OR BANKRUPTCY WITHIN THE LAST FIVE (5) YEARS?  (If "YES", please specify) | ☐ | ☒ |
| 24.  ANY UNDISPUTED AND UNPAID WORKERS COMPENSATION PREMIUM DUE FROM YOU OR ANY COMMONLY MANAGED OR OWNED ENTERPRISES?  IF YES, EXPLAIN INCLUDING ENTITY NAME(S) AND POLICY NUMBER(S). | ☐ | ☐ |

**REMARKS (Attach additional sheets if more space is required)**

Refer to ACORD 101

APPLICABLE IN TENNESSEE AND VERMONT: IT IS A CRIME TO KNOWINGLY PROVIDE FALSE, INCOMPLETE OR MISLEADING INFORMATION TO ANY PARTY TO A WORKERS COMPENSATION TRANSACTION FOR THE PURPOSE OF COMMITTING FRAUD.   PENALTIES INCLUDE IMPRISONMENT, FINES AND DENIAL OF INSURANCE BENEFITS.

ANY PERSON WHO KNOWINGLY AND WITH INTENT TO DEFRAUD ANY INSURANCE COMPANY OR ANOTHER PERSON FILES AN APPLICATION FOR INSURANCE OR STATEMENT OF CLAIM CONTAINING ANY MATERIALLY FALSE INFORMATION, OR CONCEALS FOR THE PURPOSE OF MISLEADING INFORMATION CONCERNING ANY FACT MATERIAL THERETO, COMMITS A FRAUDULENT INSURANCE ACT, WHICH IS A CRIME AND SUBJECTS THE PERSON TO CRIMINAL AND [NY: SUBSTANTIAL] CIVIL PENALTIES.  (Not applicable in CO, FL, HI, MA, NE, OH, OK, OR, TN or VT; in DC, LA, ME, VA and WA, insurance benefits may also be denied)

| APPLICANT'S SIGNATURE (Must be Officer, Owner or Partner) | DATE 2/6/17 | PRODUCER'S SIGNATURE | NATIONAL PRODUCER NUMBER |
|---|---|---|---|

ACORD 130 (2007/11)                                            Page 4 of 4

AGENCY CUSTOMER ID: _____

LOC #: _____



## ADDITIONAL REMARKS SCHEDULE

Page <u>1</u> of <u>7</u>

| AGENCY | | NAMED INSURED |
|---|---|---|
| 342992 | | CLEARCOMM OF TAMPABAY, INC. |
| **POLICY NUMBER** | | |
| 57616446 | | |
| **CARRIER** | **NAIC CODE** | |
| Ohio Security Insurance Company | | **EFFECTIVE DATE:** 11/02/2016 |

**ADDITIONAL REMARKS**

**THIS ADDITIONAL REMARKS FORM IS A SCHEDULE TO ACORD FORM,**

**FORM NUMBER:** ACORD 130  **FORM TITLE:** Workers Compensation Application

```
CLEARCOMM NC INC
8204 Tryon Woods Dr Ste 103-27
Cary
NC 27518
CELL PHONE STORE
Corporation

364743346

WIRELESS WORKS LLC
810 High St
Portsmouth
VA 23704
CELL PHONE STORE
Lmt Liab Co

364743346

CLEARCOMM BAWA INC
7533 Ritchie Hwy
Glen Burnie
MD 21061
CELL PHONE STORE
Corporation

364743346

CLEAR COMM PENN INC
2501 Paxton St Unit B
Harrisburg
PA 17111
CELL PHONE STORE
Corporation

364743346

CLEARCOMM NA INC
7533 Ritchie Hwy
Glen Burnie
MD 21061
CELL PHONE STORE
Corporation

364743346

METROPAY INC
617 Academy Dr
Northbrook
IL 60062
CELL PHONE STORE
Corporation

364743346
```

© 2008 ACORD CORPORATION.  All rights reserved.

The ACORD name and logo are registered marks of ACORD

AGENCY CUSTOMER ID: _____

LOC #: _____



# ADDITIONAL REMARKS SCHEDULE

Page __2__ of __7__

| AGENCY | NAMED INSURED |
|---|---|
| 342992 | CLEARCOMM OF TAMPABAY, INC. |

| POLICY NUMBER | | |
|---|---|---|
| 57616446 | | |

| CARRIER | NAIC CODE | |
|---|---|---|
| Ohio Security Insurance Company | | EFFECTIVE DATE: 11/02/2016 |

**ADDITIONAL REMARKS**

THIS ADDITIONAL REMARKS FORM IS A SCHEDULE TO ACORD FORM,

FORM NUMBER: ACORD 130  FORM TITLE: Workers Compensation Application

```
CLEARCOMM OF TEXAS, INC
719 Sawdust Rd Ste 204
The Woodlands
TX 77380
CELL PHONE STORE
Corporation

364743346

CLEARCOMM SOVA, INC
PO Box 10216
Largo
FL 33773
CELL PHONE STORE
Corporation

364743346
```

**SPECIFY ADDITIONAL COVERAGES / ENDORSEMENTS**
```
DC Waiver Of Right to recover From Others Premium for First Waiver
DC Experience Rating
DC
DC
MD Waiver Of Right to recover From Others Premium for First Waiver
MD Experience Rating
MD
MD
FL Waiver Of Right to recover From Others Premium for First Waiver
FL Experience Rating
FL Dividend Plan
FL
FL
SC Waiver Of Right to recover From Others Premium for First Waiver
SC Experience Rating
SC
SC
PA Waiver Of Right to recover From Others Premium for First Waiver
PA
PA
VA Waiver Of Right to recover From Others Premium for First Waiver
VA Experience Rating
VA
VA
TX Experience Rating
TX Waiver of Right to Recover from Others - Blanket coverage
TX
LA Waiver Of Right to recover From Others Premium for First Waiver
LA Experience Rating
LA
LA
```

```
     1410 N Capitol St NW 1sf Flr
058  WASHINGTON DC 20002 DISTRICT OF COLUMBIA

     1903A Michigan Ave NE
004  Washington Dc 20018 District Of Columbia

     3232 Georgia Ave NW Suite102
005  WASHINGTON DC 20010 DISTRICT OF COLUMBIA
```

AGENCY CUSTOMER ID: _____

LOC #: _____



# ADDITIONAL REMARKS SCHEDULE

Page __3__ of __7__

| AGENCY | | NAMED INSURED |
|---|---|---|
| 342992 | | CLEARCOMM OF TAMPABAY, INC. |
| **POLICY NUMBER** | | |
| 57616446 | | |
| **CARRIER** | **NAIC CODE** | |
| Ohio Security Insurance Company | | **EFFECTIVE DATE:** 11/02/2016 |

**ADDITIONAL REMARKS**

**THIS ADDITIONAL REMARKS FORM IS A SCHEDULE TO ACORD FORM,**

FORM NUMBER: ACORD 130  FORM TITLE: Workers Compensation Application

```
006   638 Reisterstown Rd Ste 12
      Baltimore MD 21208 Baltimore County

007   7730 Wise Ave
      Dundalk MD 21222 Baltimore County

008   6846 Liberty Rd
      RANDALLSTOWN MD 21133 BALTIMORE

009   5403 East Dr
      Arbutus MD 21227 Baltimore County

010   7000 Arundel Mills Circle 55
      HANOVER MD 21076 ANNE ARUNDEL

011   1134 S Charles St
      Baltimore MD 21230 Baltimore City

012   10300 Little Patuxent Parkway
      COLUMBIA MD 21044 HOWARD

013   7553 Ritchie Hwy
      Glen Burnie MD 21061 Anne Arundel County

014   6000 Greenbelt Rd Ste 52
      Greenbelt MD 20770 Prince George's Coun

015   3222 Greenmount Ave
      Baltimore MD 21218 Baltimore City

016   229 N Howard St
      Baltimore MD 21201 Baltimore City

018   8610 Washington Blvd Ste 106
      Jessup MD 20794 Howard County

019   400 West Lexington St E LM 10/
      BALTIMORE MD 21201 BALTIMORE CITY

020   5138 Park Heights Ave
      Baltimore MD 21215 Baltimore City

021   114 E Patapsco Ave
      Brooklyn MD 21225 Baltimore City

022   1640-1642 Pennsylvania Ave
      Baltimore MD 21217 Baltimore City

070   6901 Security Blvd Ste 885
      Windsor Mill MD 21244 Baltimore County

025   41 Shipping Pl Ste 1ST
      Dundalk MD 21222 Baltimore County

026   10610 Baltimore Ave Unit B
      Beltsville MD 20705 Prince George's Coun

071   8200 Perry Hall Blvd 5517-5518
      NOTTINGHAM MD 21236 BALTIMORE

028   7387A Baltimore-Annaplois Blvd
      Glen Burnie MD 21061 Anne Arundel County

029   224 N Eutaw St
      Baltimore MD 21201 Baltimore City

030   2463 Chillum Rd A-15
      HYATTSVILLE MD 20782 PRINCE GEORGES
```

© 2008 ACORD CORPORATION.  All rights reserved.
The ACORD name and logo are registered marks of ACORD



# ADDITIONAL REMARKS SCHEDULE

Page __4__ of __7__

| AGENCY | | NAMED INSURED |
|---|---|---|
| 342992 | | CLEARCOMM OF TAMPABAY, INC. |

| POLICY NUMBER | | |
|---|---|---|
| 57616446 | | |

| CARRIER | NAIC CODE | |
|---|---|---|
| Ohio Security Insurance Company | | EFFECTIVE DATE: 11/02/2016 |

**ADDITIONAL REMARKS**

THIS ADDITIONAL REMARKS FORM IS A SCHEDULE TO ACORD FORM,

FORM NUMBER: ACORD 130  FORM TITLE: Workers Compensation Application

```
031   950 Largo Town Center Dr No 2
      UPPER MARLBORO MD 20774 PRINCE GEORGES

076   9125 Riggs Rd
      Adelphi MD 20783 Prince George's Coun

077   2230 Veirs Mill Rd
      Rockville MD 20851 Montgomery County

078   1052 MAIDEN CHOICE LANE
      ARBUTUS MD 21227 BALTIMORE

079   5284 Randolph Rd
      Rockville MD 20852 Montgomery County

080   4739 Westland Blvd
      Arbutus MD 21227 Baltimore County

081   820 Largo Center Dr
      Upper Marlboro MD 20774 Prince George's Coun

082   9 W Patapsco Ave
      Baltimore MD 21225 Baltimore City

083   6776 Reisterstown Rd
      Baltimore MD 21215 Baltimore City

084   3765 Old Court Rd
      Pikesville MD 21208 Baltimore County

085   801 Hungerford Dr
      Rockville MD 20850 Montgomery County

092   9846 Liberty Rd
      Randallstown MD 21133 Baltimore County

093   5562 Silver Hill Rd
      District Heights MD 20747 Prince George's Coun

032   14312 Spring Hill Dr
      Spring Hill FL 34609 Hernando County

033   1801 NW Us Highway 19
      Crystal River FL 34428 Citrus County

034   4548 S Suncoast Blvd
      Homosassa FL 34446 Citrus County

035   210 US HWY 41 S
      INVERNESS FL 34450 CITRUS

036   5480 Spring Hill Dr
      Spring Hill FL 34606 Hernando County

038   8482 Lockwood Ridge Rd
      Sarasota FL 34243 Manatee County

039   4033 Mariner Blvd
      Spring Hill FL 34609 Hernando County

040   11051 Spring Hill Dr
      Spring Hill FL 34608 Hernando County

041   3780 Tampa Rd
      Oldsmar FL 34677 Pinellas County

042   3386 Tampa Rd
      Palm Harbor FL 34684 Pinellas County
```

ACORD 101 (2008/01)

© 2008 ACORD CORPORATION.  All rights reserved.
The ACORD name and logo are registered marks of ACORD

AGENCY CUSTOMER ID: _____

LOC #: _____

 **ACORD®**

## ADDITIONAL REMARKS SCHEDULE

Page __5__ of __7__

| AGENCY | NAMED INSURED |
|---|---|
| 342992 | CLEARCOMM OF TAMPABAY, INC. |

| POLICY NUMBER | |
|---|---|
| 57616446 | |

| CARRIER | NAIC CODE | |
|---|---|---|
| Ohio Security Insurance Company | | EFFECTIVE DATE: 11/02/2016 |

**ADDITIONAL REMARKS**

**THIS ADDITIONAL REMARKS FORM IS A SCHEDULE TO ACORD FORM,**

**FORM NUMBER:** ACORD 130 **FORM TITLE:** Workers Compensation Application

```
059   6581 102nd Ave
      PINELLAS PARK FL 33782 PINELLAS

043   10091 Us Highway 19
      Port Richey FL 34668 Pasco County

044   1611 SE Us Highway 19
      Crystal River FL 34429 Citrus County

045   4385 Commercial Way
      Weeki Wachee FL 34606 Hernando County

046   1100 N Tuttle Ave Unit 4
      Sarasota FL 34237 Sarasota County

047   6224 Commercial Way
      Weeki Wachee FL 34613 Hernando County

048   36948 State Road 54
      Zephyrhills FL 33541 Pasco County

049   3023 Wade Hampton Blvd
      Taylors SC 29687 Greenville County

050   201 Mauldin St
      Greenville SC 29601 Greenville County

051   1779 Woodruff Rd SteB
      GREENVILLE SC 29607 GREENVILLE

052   1170 Woodruff Rd
      Greenville SC 29607 Greenville County

053   609 White Horse Rd
      Greenville SC 29605 Greenville County

054   704 Easley Bridge Rd
      Greenville SC 29611 Greenville County

075   570 W Washington St
      Greenville SC 29601 Greenville County

055   2501 Paxton St
      Harrisburg PA 17111 Dauphin County

056   921 N 3rd St
      Harrisburg PA 17102 Dauphin County

057   4600 Jonestown Rd
      Harrisburg PA 17109 Dauphin County

069   404 E High St
      Carlisle PA 17013 Cumberland County

074   4702 Carlisle Pike Ste 28
      Mechanicsburg PA 17050 Cumberland County

086   807 Bowman St
      Lebanon PA 17046 Lebanon County

087   2701 Macarthur Rd
      Whitehall PA 18052 Lehigh County

088   1600 Lincoln Way E Unit C
      Chambersburg PA 17202 Franklin County

089   2429 EASTON-NAZARETH RD
      EASTON PA 18045 NORTHAMPTON
```

ACORD 101 (2008/01)   © 2008 ACORD CORPORATION.  All rights reserved.

The ACORD name and logo are registered marks of ACORD

AGENCY CUSTOMER ID: _____

LOC #: _____

 **ACORD**®

# ADDITIONAL REMARKS SCHEDULE

Page __6__ of __7__

| AGENCY | | NAMED INSURED |
|---|---|---|
| 342992 | | CLEARCOMM OF TAMPABAY, INC. |
| **POLICY NUMBER** | | |
| 57616446 | | |
| **CARRIER** | **NAIC CODE** | |
| Ohio Security Insurance Company | | **EFFECTIVE DATE:** 11/02/2016 |

**ADDITIONAL REMARKS**

**THIS ADDITIONAL REMARKS FORM IS A SCHEDULE TO ACORD FORM,**

**FORM NUMBER:** ACORD 130  **FORM TITLE:** Workers Compensation Application

090  1200 Market St Unit 368
Lemoyne PA 17043 Cumberland County

091  1604 S 4th St
Allentown PA 18103 Lehigh County

062  910 Great Bridge Blvd
Chesapeake VA 23320 Chesapeake City

063  810 High St
Portsmouth VA 23704 Portsmouth City

064  43 Hidenwood Shopping Ctr
Newport News VA 23606 Newport News City

065  1075 George Washington Hwy S
Chesapeake VA 23323 Chesapeake City

072  4200 Portsmouth Blvd
Chesapeake VA 23321 Chesapeake City

073  1714 W Ocean View Ave
Norfolk VA 23503 Norfolk City

068  1241 Frederick Blvd
Portsmouth VA 23707 Portsmouth City

094  900 E Mccart St
Krum TX 76249 Denton County

095  4428 Youree Dr
Shreveport LA 71105 Caddo Parish

**GENERAL INFORMATION**

| EXPLAIN ALL "YES" RESPONSES | YES | NO |
|---|---|---|
| Was insurance coverage in force for the same exposures for the prior policy period? | ☒ | ☐ |
| During the last five years (ten in RI), has any applicant been indicted for or convicted of any degree of the crime of fraud, bribery, arson or any other arson-related crime? | ☐ | ☒ |
| Is the risk currently insured in an assigned risk pool or a non-voluntary market? | ☐ | ☒ |
| Have there been any OSHA violations in the past 36 months? | ☐ | ☒ |
| Please provide details regarding the OSHA violations. | ☐ | ☐ |

© 2008 ACORD CORPORATION. All rights reserved.
The ACORD name and logo are registered marks of ACORD

AGENCY CUSTOMER ID: _____

LOC #: _____

**ACORD®**

# ADDITIONAL REMARKS SCHEDULE

Page __7__ of __7__

| AGENCY | | | NAMED INSURED |
|---|---|---|---|
| 342992 | | | CLEARCOMM OF TAMPABAY, INC. |
| **POLICY NUMBER** | | | |
| 57616446 | | | |
| **CARRIER** | | **NAIC CODE** | |
| Ohio Security Insurance Company | | | **EFFECTIVE DATE:** 11/02/2016 |

**ADDITIONAL REMARKS**

THIS ADDITIONAL REMARKS FORM IS A SCHEDULE TO ACORD FORM,

FORM NUMBER: ACORD 130  FORM TITLE: Workers Compensation Application

Has insured been non-renewed or cancelled during the past three years for any of the following reasons?  ☐ ☒

Please provide the supporting quote number or existing policies  ☐ ☐

BZS, USO 57616446
Are any machines used in the scope of Insured`s operation?  ☐ ☒

Is there common ownership of all the entities included as named insureds on the application (i.e., the same legal entity has majority ownership in all the named insureds)?  ☒ ☐

**REMARKS**
Agent's Name - Bates, Anthony

**ACORD 101 (2008/01)**

© 2008 ACORD CORPORATION. All rights reserved.

The ACORD name and logo are registered marks of ACORD

34  2992

XWS
57616446
11/02/2017

**INSURANCE INTERMEDIARIES INC**

**280 N HIGH ST STE 300**
**COLUMBUS, OH 43215-2535**



> We strive to produce a quality product for our agents to deliver to the policyholder. In doing so,
> we ask that you assist us by taking time to review the enclosed policy accuracy. If there are any
> modifications that need to be made, we request that you return this letter to the Business Center
> outlining what is in error.

Named Insured:        CLEARCOMM OF TAMPABAY, INC.

Corrections needed to be made on this policy (This form is not for routine change requests):

_____

_____

_____

_____

_____

_____

Thank you for your assistance.

Please send to:        *Liberty Mutual Insurance*

**ATTENTION:  C.S.I. UNIT**

_____

CAU:

N O N E



Exhibit

4

Ohio Security v. Clearcomm

This page intentionally left blank.



**Liberty Mutual** INSURANCE

## Policyholder Information

| **Named Insured & Mailing Address** | **Agent Mailing Address & Phone No.** |
|---|---|
| CLEARCOMM OF TAMPABAY, INC.<br>PO Box 10216<br>Largo, FL 33773 | (800) 444-1744<br>INSURANCE INTERMEDIARIES INC<br>280 N HIGH ST STE 300<br>COLUMBUS, OH 43215-2535 |





**Your Commercial Documents**

### *Dear Policyholder:*

We know you work hard to build your business. We work together with your agent, **INSURANCE INTERMEDIARIES INC      (800) 444-1744** to help protect the things you care about. Thank you for selecting us.

Enclosed are your insurance documents consisting of:

- Workers Compensation And Employers Liability Insurance Policy, Information Page, Endorsements and Other Documents

To find your specific coverages, limits of liability and premium, please refer to your Workers Compensation and Employers Liability Insurance Policy Information Page, extensions, the policy and endorsements.

If you have any questions or changes that may affect your insurance needs, please contact your Agent at (800) 444-1744

**THIS IS NOT A BILL**



**Reminders**

- Verify that all information is correct
- If you have any changes, please contact your Agent at (800) 444-1744
- In case of a claim, call your Agent or 1-800-362-0000

### You Need To Know

- **CONTINUED ON NEXT PAGE**

*To report a claim, call your Agent or 1-800-362-0000*

DS 70 20 01 08

**You Need To Know - continued**

- **NOTICE(S) TO POLICYHOLDER(S)**
  The Important Notice(s) to Policyholder(s) provide a general explanation of changes in coverage to your policy. The Important Notice(s) to Policyholder(s) is not a part of your insurance policy and it does not alter policy provisions or conditions. Only the provisions of your policy determine the scope of your insurance protection. It is important that you read your policy carefully to determine your rights, duties and what is and is not covered.

| FORM NUMBER | TITLE |
| --- | --- |
| DN E- 1A | Deductible Notice of Election |
| NP 70 04 07 16 | Important Notice To Policyholders Drug-Free Workplace Premium Credit Program |
| NP 70 53 01 00 | Virginia Important Information Regarding Your Insurance |
| NP 70 68 02 07 | Texas Important Contact Information |
| NP 70 81 06 01 | Florida Notice |
| NP 71 87 07 04 | Application for Drug-Free Workplace Premium Credit Program |
| NP 74 44 09 06 | U.S. Treasury Department's Office of Foreign Assets Control (OFAC) Advisory Notice to Policyholders |
| NP 76 00 10 13 | Texas Workers Compensation Policyholder Notice |
| NP 88 61 04 10 | Notice to Policyholders - South Carolina Workers' Compensation Deductible Program |
| NP 88 91 04 10 | Florida Workers Compensation Deductible Program |
| NP 89 69 11 10 | Important Policyholder Information Concerning Billing Practices |
| NP 90 69 07 06 | Certification of Employer Workplace Safety Program Premium Credit |
| NP 95 76 07 14 | Louisiana Notice of Election/Revocation of Coverage |
| OC 72 31 07 01 | Certification of Drug-Free Workplace Premium Credit Program |
| WC 34 45 11 99 | Penalties For Illegally Hiring Minors |

- This Workers Compensation and Employees Liability policy is auditable. Please refer to the conditions of the policy for details or contact your agent.

- This policy will be direct billed. You may choose to combine any number of policies on one bill with your billing account. Please contact your agent for more information.

NP 95 76 07 14

# LOUISIANA
# NOTICE OF ELECTION/REVOCATION OF COVERAGE
## Under the Louisiana Workers' Compensation Act

_____          _____
Federal Employer Identification Number (FEIN)          Company Name

_____
Address                                        City, State              Zip Code

Officer* / Sole Proprietor / Partner* / LLC Member*:

____ I, the undersigned officer / sole proprietor / partner / LLC member of the above named entity, do hereby **ELECT TO BE EXEMPT FROM COVERAGE** under the Louisiana Workers' Compensation Act L.S.A.R.S.23:1035(A), effective on the date indicated below. It is further agreed that this election shall be in effect until the undersigned gives the carrier written notice to the contrary. I also certify that I qualify for the election according to L.S.A.R.S. 23:1035 and 12:1301(A)(13).

____ I, the undersigned officer / sole proprietor / partner / LLC member of the above named entity, do hereby **REVOKE THE EXEMPTION FROM COVERAGE** executed earlier and **elect to be covered** under the Louisiana Workers' Compensation Act L.S.A.R.S. 23:1035(A), effective on the date indicated below.

*An Officer / Partner / LLC member electing to be exempt from coverage
must have at least 10% ownership in the company listed above. Each
Officer / Sole Proprietor / Partner / LLC member must sign a separate form.

_____          _____
Signature                                                        Date

_____          _____
Print name and title                                  Date of Birth or Social Security Number

_____
Address                                        City, State              Zip Code

_____
Agency name

_____
Address                                        City, State              Zip Code

Please return the signed and completed form to the address below:

Liberty Mutual Insurance
1913 E Kentucky Avenue Suite 1
Ruston LA 71270

Telephone 1-800-551-5100

NP 95 76 07 14          ® 2014 Liberty Mutual Insurance. All rights reserved.          Page 1 of 1

This page intentionally left blank.

## DEDUCTIBLE NOTICE OF ELECTION

Texas law permits an employer to obtain workers compensation insurance with a deductible. The insurance applies only to benefits payable under Texas workers compensation law. When a deductible is elected, the policyholder is required to reimburse the insurance carrier for benefits payable under the law up to the deductible amount and a credit is applied to the policy. Premium credits are determined based on the deductible selected and the hazard group. The hazard group is determined by the classification that produces the largest amount of estimated Texas standard premium.

You are not required to choose a deductible. If you do choose one, your insurance company will pay the deductible amount for you, but you must reimburse the insurance company within 30 days after they send you notice that payment is due. If you fail to reimburse the insurance company, they may cancel the policy upon ten days written notice, and any resulting premium may be applied to the deductible amount owed.

If a deductible amount is desired, please indicate below.

☐     Yes, I want a deductible of (select only one):

    1.  $_____ per accident

    2.  $_____ per claim

    3.  $_____ medical-only

    applied to benefits payable under the Texas Workers Compensation Law. I understand that the company will pay the deductible amount and seek reimbursement _____.

                                                         (monthly, quarterly or other)

☐     No, I do not want a deductible applied to benefits payable under the Texas Workers Compensation Law.

☐     Yes, I do want a deductible policy, but am unable to obtain one for the following reason: _____

_____

The deductible plans have been explained to me.

_____        _____
      Signature and Title                                Date

_____        _____
   Employer Name (print or type)                        Address

Ohio Security Insurance Company
        Insurance Company

XWS (17) 57616446          11/02/2016
   Policy No.               Effective Date

DNE-1A (Ed. 6-14)

®  Copyright 2014 National Council on Compensation Insurance, Inc. All Rights Reserved.

NP 70 04 07 16

# IMPORTANT  NOTICE
# TO POLICYHOLDERS

## Drug-Free  Workplace  Premium  Credit Program

To promote  safety in the workplace,  we will  support  our policyholders  and, where  legally  allowed,  reward you with  a drug-testing  credit.  To be eligible  for the credit,  you must  adopt  and maintain  a drug-free workplace  program  that meets our standard  program  rules and all relevant  state and federal  drug testing laws.

Send us a copy of your substance  abuse policy  along with  the completed  certification  form, which  is attached  to your insurance  policy.  This will  give us an overview  of your current  drug-testin g program  so we can contact  you to determine  eligibility  for a credit.

For assistance  or questions,  contact  our Risk Control  department  for a Workplace  Programs  specialist  at 866-757-7324.  We can provide  general  information  about drug testing  and also direct  you to resources  to help you qualify  for state specific  programs.

We encourage  you to protect  the safety  of your workers  and take the responsibility  of developing  a Drug-Free Workplace  Program!

Risk Control  Department
Attn:  Drug-Free  Workplace  Team
P.O. Box 188060
Fairfield,  OH 45018

©  2016 Liberty Mutual Insurance

NP 70 53 01 00

**VIRGINIA  NOTICE**

# IMPORTANT  CONTACT  INFORMATION



In the event you need to contact someone about this insurance for any reason, please contact your agent. If you have additional questions you may contact Liberty Mutual Insurance at the following address:

P.O. Box 188060
Fairfield, Ohio 45018
1-800-843-6446

If you have been unable to contact or obtain satisfaction from the company or agent, you may contact the Virginia State Corporation Commission's Bureau of Insurance at:

Property and Casualty Division
State Corporation Commission
Bureau of Insurance
P.O. Box 1157
Richmond, VA 23218

In-state toll-free calls: 1-800-552-7945
Out-of-state calls: 804-371-9741

Written correspondence is preferable so that a record of your inquiry is maintained. When contacting your agent, company or the Bureau of Insurance, have your policy number available.

**The Ohio Casualty Insurance Company**
**West American Insurance Company**
**American Fire & Casualty Company**
**Ohio Security Insurance Company**

**TEXAS**
**IMPORTANT NOTICE**
**IMPORTANT CONTACT INFORMATION**

**TEXAS**
**AVISO IMPORTANTE**
**INFORMACION IMPORTANTE DE COMUNICARSE**

To obtain information or make a complaint:

Para obtener informacion o para someter una queja:

You may call Liberty Mutual Insurance's toll-free telephone number for information or to make a complaint at

Usted puede llamar al numero de telefono gratis de Liberty Mutual Insurance para informacion o para someter una queja al

**1-800-443-2534**

**1-800-443-2534**

You may also write to Liberty Mutual Insurance at:
Liberty Mutual Insurance
P.O. Box 833906
Richardson, Texas 75083-3906

Usted tambien puede escribir a Liberty Mutual Insurance:
Liberty Mutual Insurance
P.O. Box 833906
Richardson, Texas 75083-3906

You may contact the Texas Department of Insurance to obtain information on companies, coverages, rights or complaints at

Puede comunicarse con el Departamento de Seguros de Texas para obtener informacion acerca de companias, coberturas, derechos o quejas al

**1-800-252-3439**

**1-800-252-3439**

You may write the Texas Department of Insurance
P.O. Box 149104
Austin, TX 78714-9104
FAX# (512) 475-1771

Puede escribir al Departamento de Seguros de Texas
P.O. Box 149104
Austin, TX 78714-9104
FAX # (512) 475-1771

Web: http://www.tdi.state.tx.us
E-mail: ConsumerProtection@tdi.state.tx.us

Web: http://www.tdi.state.tx.us
E-mail: ConsumerProtection@tdi.state.tx.us

**PREMIUM OR CLAIM DISPUTES:**

**DISPUTAS SOBRE PRIMAS O RECLAMOS:**

Should you have a dispute concerning your premium or about a claim you should contact the agent or Liberty Mutual Insurance first. If the dispute is not resolved, you may contact the Texas Department of Insurance.

Si tiene una disputa concerniente a su prima o a un reclamo, debe comunicarse con el agente o Liberty Mutual Insurance primero. Si no se resuelve la disputa, puede entonces comunicarse con el departmento (TDI).

**ATTACH THIS NOTICE TO YOUR POLICY:**

**UNA ESTE AVISO A SU POLIZA:**

This notice is for information only and does not become a part or condition of the attached document.

Este aviso es solo para proposito de informacion y no se convierte en parte o condicion del documento adjunto.

NP 70 68 02 07

Page 1 of 1

NP 70 81 06 01

# FLORIDA NOTICE



The following   statement   is added  to the policy:

Any  questions   or problems   concerning   your  policy,  please contact:

**A.**   Your  agent,

**B.**   Your  local  Liberty  Mutual  Insurance  Servicing  Office

   MAILING  ADDRESS:

   P.O. Box  49130
   Charlotte,  NC 28277-9130
   704-759-7661

**FORM 09-1**

**NOTICE TO EMPLOYER: If you have a Drug-Free Workplace Program established and maintained in accordance with Florida law, and you would like to apply for the 5% premium credit that is available, please complete this form for each policy period in which you would like to receive the credit and forward it to your insurer.**

### APPLICATION FOR DRUG-FREE WORKPLACE PREMIUM CREDIT PROGRAM

Name of Employer: _____

Date Program Implemented: _____

**Testing:**

Procedures for drug testing have been established and/or drug testing has been conducted in the following areas:

_____ Job applicant

_____ Reasonable suspicion

_____ Routine fitness for duty

_____ Follow-up testing to Employee Assistance Program

**Notice of Employer's Drug Testing Policy:**

_____ Copy to all employees prior to testing

_____ Posted on employer's premises

_____ Copy to job applicants prior to testing

_____ General notice given 60 days prior to testing

_____ Show notice of drug testing on vacancy announcements

_____ Copies available in personnel office or other suitable locations

_____ No notice required because the employer had a drug testing program in place prior to July 1, 1990

**Education:**

_____ Resource file on providers

_____ Employee Assistance Program

_____ Education

Name of Medical Review Officer: _____

A.   Name of approved Agency for Health Care Administration Lab or United States Department of Health and Human Services Certified Laboratory: _____

B.   Phone #: ( ) _____

C.   Address: _____

Your certification is subject to physical verification by the insurer. Your policy is subject to additional premium for reimbursement of premium credit, and cancellation provisions of the policy if it is determined that you misrepresented your compliance with Florida law. Any person who knowingly and with intent to injure, defraud, or deceive any insurer files a statement of claim or an application containing any false, incomplete, or misleading information is guilty of a felony of the third degree.

_____          _____
Employer Name                                              Officer/Owner Signature*

_____          _____
Date                                                                Title

* Application must be signed by an officer or owner.

**THE ABOVE SIGNED CERTIFIES THAT THIS INFORMATION IS A TRUE AND FACTUAL DEPICTION OF THEIR CURRENT PROGRAM.**

_____          _____          _____
Notary Public's Signature                       Date                                  Exp. of Commission

©2004 National Council on Compensation Insurance, Inc.

NC3010 (TB00002)

NP 74 44 09 06

# U.S. TREASURY DEPARTMENT'S  OFFICE OF FOREIGN ASSETS CONTROL ("OFAC")
## ADVISORY  NOTICE  TO POLICYHOLDERS

No coverage is provided by this Policyholder Notice nor can it be construed to replace any provisions of your policy. You should read your policy and review your Declarations page for complete information on the coverages you are provided.

This Notice provides information concerning possible impact on your insurance coverage due to directives issued by OFAC. **Please read this Notice carefully.**

Please refer any questions you may have to your insurance agent.

The Office of Foreign Assets Control (OFAC) administers and enforces sanctions policy, based on Presidential declarations of "national emergency". OFAC has identified and listed numerous:

- Foreign agents;
- Front organizations;
- Terrorists;
- Terrorist organizations;  and
- Narcotics traffickers;

as "Specially Designated Nationals and Blocked Persons". This list can be located on the United States Treasury's web site - http//www.treas.gov/ofac.

In accordance with OFAC regulations, if it is determined that you or any other insured, or any person or entity claiming the benefits of this insurance has violated U.S. sanctions law or is a Specially Designated National and Blocked Person, as identified by OFAC, this insurance will be considered a blocked or frozen contract and all provisions of this insurance are immediately subject to OFAC. When an insurance policy is considered to be such a blocked or frozen contract, no payments nor premium refunds may be made without authorization from OFAC. Other limitations on the premiums and payments also apply.

© 2011 Liberty Mutual Insurance. All rights reserved.
Includes copyrighted material of Insurance Services Office, Inc., with its permission.

NP 76 00 10 13

Cover Page

# TEXAS WORKERS COMPENSATION
# POLICYHOLDER NOTICE

**Your policy is issued in one of the following companies:**

**American Fire and Casualty Company**
**Ohio Casualty Insurance Company**
**Ohio Security Insurance Company**
**West American Insurance Company**

**Pursuant to Texas Labor Code §411.066, Liberty Mutual Insurance is required to notify its policyholders that accident prevention services are available from Liberty Mutual Insurance at no additional charge. These services may include surveys, recommendations, training programs, consultations, analyses of accident causes, industrial hygiene, and industrial health services. Liberty Mutual Insurance is also required to provide return-to-work coordination services as required by Texas Labor Code §413.021 and to notify you of the availability of the return-to-work reimbursement program for employers under Texas Labor Code §413.022. If you would like more information, contact Liberty Mutual Insurance at 1-866-757-7324 and RCConsultingCenter@LibertyMutual.com for accident prevention services, or 1-877-397-2255 and RTWTexas@LibertyMutual.com for return-to-work coordination services. For information about these requirements call the Texas Department of Insurance, Division of Workers' Compensation (TDI-DWC) at 1-800-687-7080 or for information about the return-to-work reimbursement program for employers call the TDI-DWC at (512) 804-5000. If Liberty Mutual Insurance fails to respond to your request for accident prevention services or return-to-work coordination services, you may file a complaint with the TDI-DWC in writing at http://www.tdi.texas.gov or by mail to Texas Department of Insurance, Division of Workers' Compensation, MS-8, at 7551 Metro Center Drive, Austin, Texas 78744-1645.**

© 2013 Liberty Mutual Insurance. All rights reserved.

NP 88 61 04 10

## South Carolina Workers Compensation Deductible Program

South Carolina Law requires all insurers offering Workers Compensation insurance in South Carolina to offer employers the option of a deductible, subject to the insurer's determination of the employer's financial ability to pay the deductible. Deductibles are available for medical and indemnity benefits in the amounts of $100, $200, $300, $400, $500, $1,000, $1,500, $2,000 or $2,500, per claim. You may choose only one deductible amount.

As an employer, you can accept or reject this deductible offering. If a deductible has not been included in your quotation or on your policy and you are interested in a deductible option, please contact your independent agent.

## Florida  Workers  Compensation  Deductible  Program

Florida Law requires  all insurers  offering  Workers Compensation  insurance  in Florida to offer employers  the option  of a deductible,  subject  to the insurer's  determination  of the employer's  financial  ability  to pay the deductible.  A medical  and indemnity  benefit  deductible  option  in the amount  of $2,500 is available  in Florida.

As an employer,  you can accept  or reject  this deductible  offering.  If a deductible  has not been included  in your quotation  or on your policy  and you are interested  in a deductible  option,  please contact  your independent  agent.

NP 89 69 11 10

# IMPORTANT  POLICYHOLDER INFORMATION
# CONCERNING  BILLING PRACTICES

**Dear Valued Policyholder:** This insert provides you with important information about our policy billing practices that may affect you. Please review it carefully and contact your agent if you have any questions.

**Premium Notice:** We will mail you a policy Premium Notice separately. The Premium Notice will provide you with specifics regarding your agent, the account and policy billed, the billing company, payment plan, policy number, transaction dates, description of transactions, charges/credits, policy amount balance, minimum amount, and payment due date. This insert explains fees that may apply to and be shown on your Premium Notice.

**Available Premium Payment Plans:**

● **Annual Payment Plan:** When this plan applies, you have elected to pay the entire premium amount balance shown on your Premium Notice in full. No installment billing fee applies when the Annual Payment Plan applies.

● **Installment Payment Plan:** When this plan applies, you have elected to pay your policy premium in installments (e.g.: quarterly or monthly installments - Installment Payment Plans vary by state). As noted below, an installment fee may apply when the Installment Payment Plan applies.

The Premium Payment Plan that applies to your policy is shown on the top of your Premium Notice. Please contact your agent if you want to change your Payment Plan election.

**Installment Payment Plan Fee:** If you elected to pay your premiums in installments using the Installment Premium Payment Plan, an installment billing fee applies to each installment bill. The installment billing charge will not apply, however, if you pay the entire balance due when you receive the bill for the first installment. Because the amount of the installment charge varies from state to state, please consult your Premium Notice for the actual fee that applies.

**Dishonored Payment Fee:** Your financial institution may refuse to honor the premium payment withdrawal request you submit to us due to insufficient funds in your account or for some other reason. If that is the case, and your premium payment withdrawal request is returned to us dishonored, a payment return fee will apply. Because the amount of the return fee varies from state to state, please consult your Premium Notice for the actual fee that applies.

**Late Payment Fee:** If we do not receive the minimum amount due on or before the date or time the payment is due, as indicated on your Premium Notice, you will receive a policy cancellation notice effective at a future date that will also reflect a late payment fee charge. Issuance of the cancellation notice due to non-payment of a scheduled installment(s) may result in the billing and collection of all or part of any outstanding premiums due for the policy period. Late Payment Fees vary from state to state and are not applicable in some states.

**Special Note:** Please note that some states do not permit the charging of certain fees. Therefore, if your state does not allow the charging of an Installment Payment Plan, Dishonored Payment or Late Payment Fee, the disallowed fee will not be charged and will not be included on your Premium Notice.

**EFT-Automatic Withdrawals Payment Option:** When you select this option, you will not be sent Premium Notices and, in most cases, will not be charged installment fees. For more information on our EFT-Automatic Withdrawals payment option, refer to the attached policyholder plan notice and enrollment sheet.

Once again, please contact your agent if you have any questions about the above billing practice information.

**Thank you for selecting us to service your insurance needs.**

© 2010 Liberty Mutual Insurance Company. All rights reserved.

NP 90 69 07 06

## CERTIFICATION OF EMPLOYER WORKPLACE SAFETY PROGRAM PREMIUM CREDIT

Employer Name: <u>CLEARCOMM OF TAMPABAY, INC.</u>

Name of Contact Person: _____ Telephone No.: _____

Policy No.: <u>57616446</u>_____ Effective Date of Policy: <u>11/02/2016</u>

I am submitting a copy of my workplace safety program which meets the requirements of Section 440.1025, Florida Statutes. I certify that this safety program has been implemented in my workplace and is being maintained as submitted to my carrier.

This is to certify that my workplace safety program meets or exceeds the following provisions as provided for in Section 440.1025, Florida Statutes:

| | |
|---|---|
| 1) Written safety policy and safety rules | 5) First aid |
| 2) Safety inspections | 6) Accident investigation |
| 3) Preventive maintenance | 7) Necessary record keeping |
| 4) Safety training | |

The workplace safety program and application I am submitting for the purpose of obtaining a premium credit do not contain any false, incomplete, or misleading information. I attest to the accuracy of the information submitted. I am aware that I may be subject to an on-site inspection by my carrier, for the purpose of validating the accuracy of this information.

I am aware that any person who submits an application that contains false, misleading, or incomplete information provided with the purpose of avoiding or reducing the amount of premiums for workers' compensation coverage is a felony of the second degree, punishable as provided in Sections 775.082, 775.083 or 775.084 Florida Statutes, or as otherwise punishable as provided under the law.

State of Florida
County of _____

_____
(Signature)

Sworn to, or affirmed, and subscribed before me

this _____ day of _____

20 _____ , by _____

_____
(Print Name and Title)

_____
(Date)

_____
(Signature of Notary)

_____
(Expiration Date and Number)

(NC3011)
Form SAFETY 09-3

© Copyright 1994-2006 National Council on Compensation Insurance, Inc. All Rights Reserved.

NP 95 76 07 14

# LOUISIANA
# NOTICE OF ELECTION/REVOCATION OF COVERAGE
## Under the Louisiana Workers' Compensation Act



Federal Employer Identification Number (FEIN)          Company Name

Address                                         City, State                    Zip Code

Officer* / Sole Proprietor / Partner* / LLC Member*:

____ I, the undersigned officer / sole proprietor / partner / LLC member of the above named entity, do hereby ***ELECT TO BE EXEMPT FROM COVERAGE*** under the Louisiana Workers' Compensation Act L.S.A.R.S.23:1035(A), effective on the date indicated below. It is further agreed that this election shall be in effect until the undersigned gives the carrier written notice to the contrary. I also certify that I qualify for the election according to L.S.A.R.S. 23:1035 and 12:1301(A)(13).

____ I, the undersigned officer / sole proprietor / partner / LLC member of the above named entity, do hereby ***REVOKE THE EXEMPTION FROM COVERAGE*** executed earlier and ***elect to be covered*** under the Louisiana Workers' Compensation Act L.S.A.R.S. 23:1035(A), effective on the date indicated below.

*An Officer / Partner / LLC member electing to be exempt from coverage must have at least 10% ownership in the company listed above. Each Officer / Sole Proprietor / Partner / LLC member must sign a separate form.

Signature                                       Date

Print name and title                            Date of Birth or Social Security Number

Address                                         City, State                    Zip Code

Agency name

Address                                         City, State                    Zip Code

Please return the signed and completed form to the address below:

Liberty Mutual Insurance
1913 E Kentucky Avenue Suite 1
Ruston LA 71270

Telephone 1-800-551-5100

**OC 72 31 07 01**

# CERTIFICATION  OF DRUG-FREE WORKPLACE
# PREMIUM  CREDIT PROGRAM

Name of Employer:  _____

Address:  _____

Contact  Person:  _____    Phone  Number:  _____

Date Drug Testing  Began:  _____    Insurance  Policy  Number:  _____

**Testing:**

Use the following   options  for all tests that apply =     A = All Employees,  S = Safety  Sensitive
D = DOT Only,  V = Named  Drivers,  N = None

____   Post-Job  Offer (Pre- employment)              ____   Post-Accident
____   Reasonable  Suspicion  or Cause               ____   Random ____ % tested  on an annual  basis
____   Follow-up  to Rehabilitation                  ____   Other

**Notice  Given To Employees:** (Check all that apply)
____   Each employee  was given  a copy of the company's  Drug-Free  Workplace  policy.
____   Notice  was given to job applicants  prior  to testing

           **   Please attach  a copy of your company's  Drug-Free  Workplace  Program  policy  **

**Education/Training:**
____   Training  was conducted  at commencement   of drug testing  program  for:
           ____   Employees                    ____   Supervisors  on Reasonable  Cause

____   Annual  Training  is conducted  for:
           ____   Employees                                     ____   Supervisors  on Reasonable  Cause

____   Other  Training:  _____

**Rehabilitation:**
____   Company-sponsored   Employee  Assistance  Program
____   List of rehabilitation   providers  or hotlines  provided/posted  to employees

**Laboratory  and MRO:**

Name of SAMHSA-certified   laboratory:  _____

Name of Medical  Review  Officer:  _____

_____         _____         _____
Officer/Owner  Name                  Officer/Owner  Signature          Date

**THE ABOVE CERTIFIES THAT THIS INFORMATION  IS A TRUE AND FACTUAL DEPICTION
OF THEIR CURRENT DRUG-FREE WORKPLACE PROGRAM AND AGREES TO ABIDE BY
THE ATTACHED RULES**

# IMPORTANT  NOTICE  FOR MARYLAND

## PENALTIES  FOR ILLEGALLY HIRING  MINORS

## WORKERS  COMPENSATION   AND
## EMPLOYERS  LIABILITY INSURANCE



IN COMPLIANCE  WITH MARYLAND  LAW,  YOU  ARE  HEREBY NOTIFIED OF THE FOLLOWING  INFORMA-TION CONCERNING  EMPLOYMENT  OF MINORS:

(1)  THE EMPLOYER  MUST  HAVE  A WORK PERMIT FOR EACH EMPLOYEE WHO IS A MINOR,  AS REQUIRED IN TITLE 3, SUBTITLE  2 OF THE LABOR AND  EMPLOYMENT  ARTICLE;

(2)  IF THE EMPLOYER  DOES NOT HAVE  A WORK PERMIT FOR AN  EMPLOYEE WHO IS A MINOR, THE STATE WORKERS' COMPENSATION  COMMISSION  MAY AWARD TWICE THE COMPENSA-TION  AND  DEATH  BENEFITS  OTHERWISE  ALLOWED  UNDER  TITLE 9, SUBTITLE 6 OF THE LABOR AND EMPLOYMENT  ARTICLE IN A CLAIM BY THAT EMPLOYEE OR THAT EMPLOYEE'S DEPENDENT; AND

(3)  THE EMPLOYER  IS SOLELY LIABLE FOR ANY INCREASE IN COMPENSATION  OR DEATH BENEFITS IN A CLAIM BY A MINOR EMPLOYEE FOR WHOM  THE EMPLOYER DOES NOT HAVE A WORK PERMIT OR A DEPENDENT OF THAT EMPLOYEE.

**WC 34 45 11 99**

This page intentionally left blank.

**Liberty Mutual.**
INSURANCE

*Ohio Security Insurance Company*

Policy Number:
**XWS (17) 57 61 64 46**

Prior Policy Number:
**NEW**

NCCI Co. No.  19291

Risk ID        **913819993**

### Workers Compensation and Employers Liability Insurance Policy Information Page

See Risk ID Extension Page

**ITEM 1: The Insured & Mailing Address**

CLEARCOMM OF TAMPABAY, INC.
PO Box 10216
Largo, FL 33773

**Agent Mailing Address & Phone No.**

(800) 444-1744
INSURANCE INTERMEDIARIES INC
280 N HIGH ST STE 300
COLUMBUS, OH 43215-2535

___Individual ___Partnership
X  Corporation or

**FEIN:** 364743346        **NAICS:** 713120

Other workplaces not shown above:

**ITEM 2**    **The policy period is** from   11/02/2016  to  11/02/2017        12:01 am Standard Time at the insured's mailing address.

**ITEM 3**    **A. Workers Compensation Insurance:** Part One of the policy applies to the Workers Compensation Law of the states listed here:   TX DC LA MD PA  VA SC  FL

**B. Employers Liability Insurance:** Part Two of the policy applies to work in each state listed in Item 3.A.
The limits of our liability under Part Two are:

| | | |
|---|---|---|
| Bodily Injury by Accident | $1,000,000 | each accident |
| Bodily Injury by Disease | $1,000,000 | policy limit |
| Bodily Injury by Disease | $1,000,000 | each employee |

**C. Other States Insurance:** Part Three of the policy applies to the states, if any, listed here: See Extension of Information  Page
**D. This policy includes these endorsements and schedules:** See Policy Forms and Endorsements Summary

**ITEM 4**    The premium for this policy will be determined by our Manuals of Rules, Classifications, Rates and Rating Plans. All information required below is subject to verification and change by audit.

| Classifications | Code No. | Premium Basis - Total Estimated Annual Remuneration | Rate per $100 of Remuneration | Estimated Annual Premium |
|---|---|---|---|---|
| See Extension of Information  Page(s) | | | | |
| Total Estimated Annual Premium | | | | $39,747.00 |
| Total Surcharges and Assessments | | | | $184.00 |

| | | | | |
|---|---|---|---|---|
| **Minimum Premium** | $755.00 | DC | Total Estimated Cost | $39,931.00 |
| If indicated below, interim adjustments of premiums shall be made. | | | | |
| | | | Deposit Premium | $39,931.00 |

Servicing Office    Ohio Regional Office
and Issue Date      11/22/16

Countersigned by: _____

*To report a claim, call your Agent or 1-800-362-0000*
**WC 00 00 01 A (WC 30 10 E)**

© 1987 National Council on Compensation Insurance, Inc.

This page intentionally left blank.

**Liberty Mutual.**
INSURANCE

*Ohio Security Insurance Company*

Policy Number
**XWS (17) 57 61 64 46**
Policy Period:
**From** 11/02/2016 **To** 11/02/2017
Endorsement Period:
**From** To
12:01 am Standard Time
at Insured's Mailing Address

NCCI Co. No. 19291

**Workers Compensation and Employers Liability Insurance Policy Information Page**

**Named Insured**

CLEARCOMM OF TAMPABAY, INC.

**Agent**

(800) 444-1744
INSURANCE INTERMEDIARIES INC

## EXTENSION OF INFORMATION PAGE

### NAME AND LOCATION SCHEDULE

| Named Insured | CSN | | |
|---|---|---|---|
| 001 CLEARCOMM OF TAMPABAY, INC. | 001 | Entity: CORPORATION | FEIN: 364743346 |
| Additional Named Insured | CSN | | |
| 002 CLEARCOMM BAWA INC | 001 | Entity: CORPORATION | FEIN: 364743346 |
| Additional Named Insured | CSN | | |
| 003 WIRELESS WORKS LLC | 001 | Entity: LIMITED LIABILITY CO | FEIN: 364743346 |
| Additional Named Insured | CSN | | |
| 004 CLEAR COMM PENN INC | 001 | Entity: CORPORATION | FEIN: 364743346 |
| Additional Named Insured | CSN | | |
| 005 CLEARCOMM NA INC | 001 | Entity: CORPORATION | FEIN: 364743346 |
| Additional Named Insured | CSN | | |
| 006 CLEARCOMM OF TEXAS, INC | 001 | Entity: CORPORATION | FEIN: 364743346 |
| Additional Named Insured | CSN | | |
| 007 CLEARCOMM SOVA, INC | 001 | Entity: CORPORATION | FEIN: 364743346 |
| Additional Named Insured | CSN | | |
| 008 CLEARCOMM NC INC | 001 | Entity: CORPORATION | FEIN: 364743346 |
| Additional Named Insured | CSN | | |
| 009 METROPAY INC | 001 | Entity: CORPORATION | FEIN: 364743346 |

Servicing Office       Ohio Regional Office
and Issue Date        11/22/16

Countersigned by: _____

*To report a claim, call your Agent or 1-800-362-0000*
**WC 99 06 42 A**

This page intentionally left blank.

Coverage is provided in

**Liberty Mutual.**
INSURANCE

*Ohio Security Insurance Company*

Policy Number
**XWS (17) 57 61 64 46**
Policy Period:
**From** 11/02/2016 **To** 11/02/2017
Endorsement Period:
**From** **To**
12:01 am Standard Time
at Insured's Mailing Address

NCCI Co. No. [19291]

**Workers Compensation and Employers Liability Insurance Policy Information Page**

**Named Insured**

CLEARCOMM OF TAMPABAY, INC.

**Agent**

(800) 444-1744
INSURANCE INTERMEDIARIES INC

## EXTENSION OF INFORMATION PAGE

| Name Link Code | Location Description | Exposure Record Link | No. of Employees | |
|---|---|---|---|---|
| 001 | 1346 Good Hope Rd SE<br>Washington, DC 20020-6910 | 00003 | 2 | NAICS: 713120 |
| 001 | 1903A Michigan Ave NE<br>Washington, DC 20018-3334 | 00004 | 2 | NAICS: 713120 |
| 001 | 3232 Georgia Ave NW Suite102<br>WASHINGTON, DC 20010 | 00005 | 2 | NAICS: 713120 |
| 001 | 1410 N Capitol St NW 1sf Flr<br>WASHINGTON, DC 20002 | 00058 | 2 | NAICS: 713120 |
| 001 | 3909 14th St NW<br>Washington, DC 20011-5438 | 00060 | 2 | NAICS: 713120 |
| 001 | 2305 Benning Rd NE<br>Washington, DC 20002-4826 | 00061 | 2 | NAICS: 713120 |
| 001 | 4548 S Suncoast Blvd<br>Homosassa, FL 34446-1103 | 00034 | 2 | NAICS: 713120 |
| 001 | 210 US HWY 41 S<br>INVERNESS, FL 34450 | 00035 | 2 | NAICS: 713120 |

Servicing Office
and Issue Date

Ohio Regional Office
11/22/16

Countersigned by: _____

*To report a claim, call your Agent or 1-800-362-0000*
**WC 99 06 42 A**

This page intentionally left blank.

**Liberty Mutual.**
**INSURANCE**

Coverage is provided in
*Ohio Security Insurance Company*

Policy Number
**XWS (17) 57 61 64 46**
Policy Period:
**From** 11/02/2016 **To** 11/02/2017
Endorsement Period:
**From** **To**
12:01 am Standard Time
at Insured's Mailing Address

NCCI Co. No. | 19291 |

**Workers Compensation and Employers Liability Insurance Policy Information Page**

**Named Insured**

CLEARCOMM OF TAMPABAY, INC.

**Agent**

(800) 444-1744
INSURANCE INTERMEDIARIES INC

## EXTENSION OF INFORMATION PAGE

| Name Link Code | Location Description | Exposure Record Link | No. of Employees | |
|---|---|---|---|---|
| 001 | 5480 Spring Hill Dr<br>Spring Hill, FL 34606-4559 | 00036 | 2 | NAICS: 713120 |
| 001 | 8482 Lockwood Ridge Rd<br>Sarasota, FL 34243-2920 | 00038 | 2 | NAICS: 713120 |
| 001 | 4033 Mariner Blvd<br>Spring Hill, FL 34609-2467 | 00039 | 2 | NAICS: 713120 |
| 001 | 11051 Spring Hill Dr<br>Spring Hill, FL 34608-5049 | 00040 | 2 | NAICS: 713120 |
| 001 | 3780 Tampa Rd<br>Oldsmar, FL 34677-3041 | 00041 | 2 | NAICS: 713120 |
| 001 | 3386 Tampa Rd<br>Palm Harbor, FL 34684-3425 | 00042 | 2 | NAICS: 713120 |
| 001 | 10091 Us Highway 19<br>Port Richey, FL 34668-3742 | 00043 | 2 | NAICS: 713120 |
| 001 | 1611 SE Us Highway 19<br>Crystal River, FL 34429-4830 | 00044 | 2 | NAICS: 713120 |
| 001 | 4385 Commercial Way<br>Weeki Wachee, FL 34606-1963 | 00045 | 2 | NAICS: 713120 |
| 001 | 1100 N Tuttle Ave Unit 4<br>Sarasota, FL 34237-3012 | 00046 | 2 | NAICS: 713120 |
| 001 | 6224 Commercial Way<br>Weeki Wachee, FL 34613-6325 | 00047 | 2 | NAICS: 713120 |

Servicing Office and Issue Date | Ohio Regional Office<br>11/22/16 | Countersigned by: _____

*To report a claim, call your Agent or 1-800-362-0000*
**WC 99 06 42 A**

This page intentionally left blank.

Case 8:20-cv-01373-VMC-CPT Document 2-1 Filed 06/15/20 Page 432 of 531 PageID 437

**Liberty Mutual.**
INSURANCE

*Coverage is provided in*
**Ohio Security Insurance Company**

Policy Number
**XWS (17) 57 61 64 46**
Policy Period:
**From** 11/02/2016 **To** 11/02/2017
Endorsement Period:
**From** **To**
12:01 am Standard Time
at Insured's Mailing Address

NCCI Co. No. 19291

**Workers Compensation and Employers Liability Insurance Policy Information Page**

**Named Insured**

CLEARCOMM OF TAMPABAY, INC.

**Agent**

(800) 444-1744
INSURANCE INTERMEDIARIES INC

## EXTENSION OF INFORMATION PAGE

| Name Link Code | Location Description | Exposure Record Link | No. of Employees | |
|---|---|---|---|---|
| 001 | 36948 State Road 54<br>Zephyrhills, FL 33541-6915 | 00048 | 2 | NAICS: 713120 |
| 001 | 6581 102nd Ave<br>PINELLAS PARK, FL 33782 | 00059 | 2 | NAICS: 713120 |
| 007 | 14312 Spring Hill Dr<br>Spring Hill, FL 34609-5263 | 00032 | 2 | NAICS: 713120 |
| 009 | 1801 NW Us Highway 19<br>Crystal River, FL 34428-6133 | 00033 | 2 | NAICS: 713120 |
| 001 | 4428 Youree Dr<br>Shreveport, LA 71105-3621 | 00095 | 2 | NAICS: 713120 |
| 001 | 638 Reisterstown Rd Ste 12<br>Baltimore, MD 21208-5112 | 00006 | 2 | NAICS: 713120 |
| 001 | 7730 Wise Ave<br>Dundalk, MD 21222-3200 | 00007 | 2 | NAICS: 713120 |
| 001 | 6846 Liberty Rd<br>RANDALLSTOWN, MD 21133 | 00008 | 2 | NAICS: 713120 |
| 001 | 5403 East Dr<br>Arbutus, MD 21227-2605 | 00009 | 2 | NAICS: 713120 |
| 001 | 7000 Arundel Mills Circle 55<br>HANOVER, MD 21076 | 00010 | 2 | NAICS: 713120 |
| 001 | 1134 S Charles St<br>Baltimore, MD 21230-4240 | 00011 | 2 | NAICS: 713120 |

| | | |
|---|---|---|
| Servicing Office and Issue Date | Ohio Regional Office<br>11/22/16 | Countersigned by: _____ |

***To report a claim, call your Agent or 1-800-362-0000***
**WC 99 06 42 A**

This page intentionally left blank.

**Liberty Mutual** INSURANCE

*Coverage is provided in*
*Ohio Security Insurance Company*

Policy Number
**XWS (17) 57 61 64 46**
Policy Period:
**From** 11/02/2016 **To** 11/02/2017
Endorsement Period:
**From**          **To**
12:01 am Standard Time
at Insured's Mailing Address

NCCI Co. No.   19291

**Workers Compensation and Employers Liability Insurance Policy Information Page**

| **Named Insured** | **Agent** |
|---|---|
| CLEARCOMM OF TAMPABAY, INC. | (800) 444-1744 |
| | INSURANCE INTERMEDIARIES INC |

## EXTENSION OF INFORMATION PAGE

| Name Link Code | Location Description | Exposure Record Link | No. of Employees | |
|---|---|---|---|---|
| 001 | 10300 Little Patuxent Parkway 65 COLUMBIA, MD 21044 | 00012 | 2 | NAICS: 713120 |
| 001 | 6000 Greenbelt Rd Ste 52 Greenbelt, MD 20770-1018 | 00014 | 2 | NAICS: 713120 |
| 001 | 3222 Greenmount Ave Baltimore, MD 21218-3438 | 00015 | 2 | NAICS: 713120 |
| 001 | 229 N Howard St Baltimore, MD 21201-3555 | 00016 | 2 | NAICS: 713120 |
| 001 | 8610 Washington Blvd Ste 106 Jessup, MD 20794-9601 | 00018 | 2 | NAICS: 713120 |
| 001 | 400 West Lexington St E LM 10/11 1-74-CU BALTIMORE, MD 21201 | 00019 | 2 | NAICS: 713120 |
| 001 | 5138 Park Heights Ave Baltimore, MD 21215-5817 | 00020 | 2 | NAICS: 713120 |
| 001 | 114 E Patapsco Ave Brooklyn, MD 21225-1745 | 00021 | 2 | NAICS: 713120 |
| 001 | 1640-1642 Pennsylvania Ave Baltimore, MD 21217-3115 | 00022 | 2 | NAICS: 713120 |
| 001 | 41 Shipping Pl Ste 1ST Dundalk, MD 21222-4393 | 00025 | 2 | NAICS: 713120 |
| 001 | 224 N Eutaw St Baltimore, MD 21201-1709 | 00029 | 2 | NAICS: 713120 |

| Servicing Office and Issue Date | Ohio Regional Office 11/22/16 | Countersigned by: _____ |
|---|---|---|

*To report a claim, call your Agent or 1-800-362-0000*
**WC 99 06 42 A**

This page intentionally left blank.

**Liberty Mutual. INSURANCE**

*Coverage is provided in*
*Ohio Security Insurance Company*

Policy Number
**XWS (17) 57 61 64 46**
Policy Period:
**From** 11/02/2016 **To** 11/02/2017
Endorsement Period:
**From** **To**
12:01 am Standard Time
at Insured's Mailing Address

NCCI Co. No.  19291

**Workers Compensation and Employers Liability Insurance Policy Information Page**

| **Named Insured** | **Agent** |
|---|---|
| CLEARCOMM OF TAMPABAY, INC. | (800) 444-1744 |
| | INSURANCE INTERMEDIARIES INC |

## EXTENSION OF INFORMATION PAGE

| Name Link Code | Location Description | Exposure Record Link | No. of Employees | |
|---|---|---|---|---|
| 001 | 2463 Chillum Rd A-15<br>HYATTSVILLE, MD 20782 | 00030 | 2 | NAICS: 713120 |
| 001 | 950 Largo Town Center Dr No 2<br>UPPER MARLBORO, MD 20774 | 00031 | 2 | NAICS: 713120 |
| 001 | 6901 Security Blvd Ste 885<br>Windsor Mill, MD 21244-8415 | 00070 | 2 | NAICS: 713120 |
| 001 | 8200 Perry Hall Blvd 5517-5518<br>NOTTINGHAM, MD 21236 | 00071 | 2 | NAICS: 713120 |
| 001 | 9125 Riggs Rd<br>Adelphi, MD 20783-1637 | 00076 | 2 | NAICS: 713120 |
| 001 | 2230 Veirs Mill Rd<br>Rockville, MD 20851-1827 | 00077 | 2 | NAICS: 713120 |
| 001 | 1052 MAIDEN CHOICE LANE<br>ARBUTUS, MD 21227 | 00078 | 2 | NAICS: 713120 |
| 001 | 5284 Randolph Rd<br>Rockville, MD 20852-2116 | 00079 | 2 | NAICS: 713120 |
| 001 | 4739 Westland Blvd<br>Arbutus, MD 21227-1320 | 00080 | 2 | NAICS: 713120 |
| 001 | 820 Largo Center Dr<br>Upper Marlboro, MD 20774-3705 | 00081 | 2 | NAICS: 713120 |
| 001 | 9 W Patapsco Ave<br>Baltimore, MD 21225-1604 | 00082 | 2 | NAICS: 713120 |

| Servicing Office and Issue Date | Ohio Regional Office<br>11/22/16 | Countersigned by: _____ |
|---|---|---|

*To report a claim, call your Agent or 1-800-362-0000*
**WC 99 06 42 A**

This page intentionally left blank.

**Liberty Mutual.**
INSURANCE

*Coverage is provided in*

*Ohio Security Insurance Company*

Policy Number
**XWS (17) 57 61 64 46**
Policy Period:
**From** 11/02/2016 **To** 11/02/2017
Endorsement Period:
**From** **To**
12:01 am Standard Time
at Insured's Mailing Address

NCCI Co. No. 19291

**Workers Compensation and Employers Liability Insurance Policy Information Page**

| Named Insured | Agent |
|---|---|
| CLEARCOMM OF TAMPABAY, INC. | (800) 444-1744 |
| | INSURANCE INTERMEDIARIES INC |

## EXTENSION OF INFORMATION PAGE

| Name Link Code | Location Description | Exposure Record Link | No. of Employees | |
|---|---|---|---|---|
| 001 | 6776 Reisterstown Rd<br>Baltimore, MD 21215-2346 | 00083 | 2 | NAICS: 713120 |
| 001 | 3765 Old Court Rd<br>Pikesville, MD 21208-3902 | 00084 | 2 | NAICS: 713120 |
| 001 | 801 Hungerford Dr<br>Rockville, MD 20850-1727 | 00085 | 2 | NAICS: 713120 |
| 001 | 9846 Liberty Rd<br>Randallstown, MD 21133-2007 | 00092 | 2 | NAICS: 713120 |
| 001 | 5562 Silver Hill Rd<br>District Heights, MD 20747-1104 | 00093 | 2 | NAICS: 713120 |
| 002 | 7553 Ritchie Hwy<br>Glen Burnie, MD 21061-3716 | 00013 | 2 | NAICS: 713120 |
| 002 | 10610 Baltimore Ave Unit B<br>Beltsville, MD 20705-2142 | 00026 | 2 | NAICS: 713120 |
| 005 | 7387A Baltimore-Annaplois Blvd<br>Glen Burnie, MD 21061-3222 | 00028 | 2 | NAICS: 713120 |
| 001 | 921 N 3rd St<br>Harrisburg, PA 17102-2064 | 00056 | 2 | NAICS: 713120 |
| 001 | 4600 Jonestown Rd<br>Harrisburg, PA 17109-6214 | 00057 | 2 | NAICS: 713120 |
| 001 | 404 E High St<br>Carlisle, PA 17013-2606 | 00069 | 2 | NAICS: 713120 |

| Servicing Office and Issue Date | Ohio Regional Office<br>11/22/16 | Countersigned by: |
|---|---|---|

*To report a claim, call your Agent or 1-800-362-0000*
**WC 99 06 42 A**

This page intentionally left blank.

Case 8:20-cv-01373-VMC-CPT   Document 1-1   Filed 06/15/20   Page 440 of 531 PageID 445

**Liberty Mutual.**
INSURANCE

*Coverage is provided in*
*Ohio Security Insurance Company*

Policy Number
**XWS (17) 57 61 64 46**

Policy Period:
**From** 11/02/2016 **To** 11/02/2017

Endorsement Period:
**From**           **To**

12:01 am Standard Time
at Insured's Mailing Address

NCCI Co. No.   19291

**Workers Compensation and Employers Liability Insurance Policy Information Page**

---

**Named Insured**

CLEARCOMM OF TAMPABAY, INC.

**Agent**

(800) 444-1744
INSURANCE INTERMEDIARIES INC

---

**EXTENSION OF INFORMATION PAGE**

| Name Link Code | Location Description | Exposure Record Link | No. of Employees | |
|---|---|---|---|---|
| 001 | 4702 Carlisle Pike Ste 28<br>Mechanicsburg, PA 17050-3099 | 00074 | 2 | NAICS: 713120 |
| 001 | 807 Bowman St<br>Lebanon, PA 17046-8430 | 00086 | 2 | NAICS: 713120 |
| 001 | 2701 Macarthur Rd<br>Whitehall, PA 18052-3632 | 00087 | 2 | NAICS: 713120 |
| 001 | 1600 Lincoln Way E Unit C<br>Chambersburg, PA 17202-3346 | 00088 | 2 | NAICS: 713120 |
| 001 | 2429 EASTON-NAZARETH RD<br>EASTON, PA 18045 | 00089 | 2 | NAICS: 713120 |
| 001 | 1200 Market St Unit 368<br>Lemoyne, PA 17043-1417 | 00090 | 2 | NAICS: 713120 |
| 001 | 1604 S 4th St<br>Allentown, PA 18103-4922 | 00091 | 2 | NAICS: 713120 |
| 004 | 2501 Paxton St<br>Harrisburg, PA 17111-1034 | 00055 | 2 | NAICS: 713120 |
| 001 | 3023 Wade Hampton Blvd<br>Taylors, SC 29687-2700 | 00049 | 2 | NAICS: 713120 |
| 001 | 201 Mauldin St<br>Greenville, SC 29601 | 00050 | 2 | NAICS: 713120 |
| 001 | 1779 Woodruff Rd SteB<br>GREENVILLE, SC 29607 | 00051 | 2 | NAICS: 713120 |

---

Servicing Office
and Issue Date

Ohio Regional Office
11/22/16

Countersigned by: _____

**To report a claim, call your Agent or 1-800-362-0000**
**WC 99 06 42 A**

This page intentionally left blank.

Coverage is Provided In

**Liberty Mutual.**
INSURANCE

*Ohio Security Insurance Company*

Policy Number
**XWS (17) 57 61 64 46**
Policy Period:
**From** 11/02/2016 **To** 11/02/2017
Endorsement Period:
**From** _____ **To** _____
12:01 am Standard Time
at Insured's Mailing Address

NCCI Co. No.   19291

**Workers Compensation and Employers Liability Insurance Policy Information Page**

| **Named Insured** | **Agent** |
|---|---|
| CLEARCOMM OF TAMPABAY, INC. | (800) 444-1744 |
| | INSURANCE INTERMEDIARIES INC |

## EXTENSION OF INFORMATION PAGE

| Name Link Code | Location Description | Exposure Record Link | No. of Employees | |
|---|---|---|---|---|
| 001 | 1170 Woodruff Rd<br>Greenville, SC 29607-4154 | 00052 | 2 | NAICS: 713120 |
| 001 | 609 White Horse Rd<br>Greenville, SC 29605-3531 | 00053 | 2 | NAICS: 713120 |
| 001 | 704 Easley Bridge Rd<br>Greenville, SC 29611-5124 | 00054 | 2 | NAICS: 713120 |
| 008 | 570 W Washington St<br>Greenville, SC 29601-1923 | 00075 | 2 | NAICS: 713120 |
| 006 | 900 E Mccart St<br>Krum, TX 76249-7165 | 00094 | 2 | NAICS: 713120 |
| 001 | 910 Great Bridge Blvd<br>Chesapeake, VA 23320-6642 | 00062 | 2 | NAICS: 713120 |
| 001 | 43 Hidenwood Shopping Ctr<br>Newport News, VA 23606-2200 | 00064 | 2 | NAICS: 713120 |
| 001 | 1075 George Washington Hwy S<br>Chesapeake, VA 23323-6339 | 00065 | 2 | NAICS: 713120 |
| 001 | 1241 Frederick Blvd<br>111<br>Portsmouth, VA 23707-4113 | 00068 | 2 | NAICS: 713120 |
| 001 | 4200 Portsmouth Blvd<br>Chesapeake, VA 23321-2100 | 00072 | 2 | NAICS: 713120 |
| 001 | 1714 W Ocean View Ave<br>Norfolk, VA 23503-1502 | 00073 | 2 | NAICS: 713120 |

| Servicing Office<br>and Issue Date | Ohio Regional Office<br>11/22/16 | Countersigned by: _____ |
|---|---|---|

*To report a claim, call your Agent or 1-800-362-0000*
**WC 99 06 42 A**

This page intentionally left blank.

Coverage is provided in

**Liberty Mutual.**
**INSURANCE**

Ohio Security Insurance Company

NCCI Co. No. | 19291 |

**Workers Compensation and Employers Liability Insurance Policy Information Page**

Policy Number
| XWS (17) 57 61 64 46 |

Policy Period:
**From** 11/02/2016 **To** 11/02/2017

Endorsement Period:
**From** | **To**

12:01 am Standard Time at Insured's Mailing Address

| **Named Insured** | **Agent** |
|---|---|
| CLEARCOMM OF TAMPABAY, INC. | (800) 444-1744 INSURANCE INTERMEDIARIES INC |

## EXTENSION OF INFORMATION PAGE

| Name Link Code | Location Description | Exposure Record Link | No. of Employees |
|---|---|---|---|
| 003 | 810 High St Portsmouth, VA 23704-3334 | 00063 | 2   NAICS: 713120 |

| Servicing Office and Issue Date | Ohio Regional Office 11/22/16 | Countersigned by: _____ |
|---|---|---|

*To report a claim, call your Agent or 1-800-362-0000*
**WC 99 06 42 A**

This page intentionally left blank.

# Liberty Mutual
**INSURANCE**

*Coverage is provided in*

**Ohio Security Insurance Company**

Policy Number
**XWS (17) 57 61 64 46**

Policy Period:
**From** 11/02/2016 **To** 11/02/2017

Endorsement Period:
**From**                    **To**

12:01 am Standard Time
at Insured's Mailing Address

NCCI Co. No.   19291

**Workers Compensation and Employers Liability Insurance Policy Information Page**

---

| **Named Insured** | **Agent** |
|---|---|
| CLEARCOMM OF TAMPABAY, INC. | (800) 444-1744 |
| | INSURANCE INTERMEDIARIES INC |

---

## EXTENSION OF INFORMATION PAGE

### RISK IDENTIFICATION NUMBER EXTENSION - continued

This extension lists additional RISK ID Numbers that were not printed on the Information Page.

---

| Servicing Office and Issue Date | Ohio Regional Office 11/22/16 | Countersigned by: _____ |
|---|---|---|

***To report a claim, call your Agent or 1-800-362-0000***

**WC 99 06 42 A**

This page intentionally left blank.

# Liberty Mutual.
**INSURANCE**

*Coverage is provided in*
*Ohio Security Insurance Company*

Policy Number
**XWS (17) 57 61 64 46**

Policy Period:
**From** 11/02/2016 **To** 11/02/2017

Endorsement Period:
**From**           **To**
12:01 am Standard Time
at Insured's Mailing Address

NCCI Co. No. | 19291 |

**Workers Compensation and Employers Liability Insurance Policy Information Page**

**Named Insured**

CLEARCOMM OF TAMPABAY, INC.

**Agent**

(800) 444-1744
INSURANCE INTERMEDIARIES INC

## EXTENSION OF INFORMATION PAGE

**ITEM 3**   **C. Other States Insurance:** Part Three of the policy applies to the states, if any, listed here:

**All states except North Dakota, Ohio, Washington, Wyoming and states designated in Item 3.A. on the Information Page.**

Servicing Office and Issue Date | Ohio Regional Office
11/22/16

Countersigned by: _____

*To report a claim, call your Agent or 1-800-362-0000*

**WC 99 06 42 A**

This page intentionally left blank.

**Liberty Mutual.**
INSURANCE

*Coverage is provided in*
*Ohio Security Insurance Company*

Policy Number
**XWS (17) 57 61 64 46**
Policy Period:
**From** 11/02/2016 **To** 11/02/2017
Endorsement Period:
**From            To**
12:01 am Standard Time
at Insured's Mailing Address

NCCI Co. No.  19291

**Workers Compensation and Employers Liability Insurance Policy Information Page**

---

**Named Insured**

CLEARCOMM OF TAMPABAY, INC.

**Agent**

(800) 444-1744
INSURANCE INTERMEDIARIES INC

---

**EXTENSION OF INFORMATION PAGE**            State: DISTRICT OF COLUMBIA

**ITEM 4**    The premium for this policy will be determined by our Manuals of Rules, Classifications, Rates and Rating Plans. All information required below is subject to verification and change by audit.

| Classifications | Code No. | Premium Basis - Total Estimated Annual Remuneration | Rate per $100 of Remuneration | Estimated Annual Premium |
|---|---|---|---|---|
| CLEARCOMM OF TAMPABAY, INC. | | | | |
| 1346 Good Hope Rd SE | | | | |
| Washington, DC 20020-6910 | | | | |
| NLC 001 CSN 001 state 08 exp rec link 00003 | | | | |
| Store: Retail NOC | | | | |
| | 8017 | 25,000.00 | 1.18 | 295.00 |
| 1903A Michigan Ave NE | | | | |
| Washington, DC 20018-3334 | | | | |
| NLC 001 CSN 001 state 08 exp rec link 00004 | | | | |
| Store: Retail NOC | | | | |
| | 8017 | 25,000.00 | 1.18 | 295.00 |
| 3232 Georgia Ave NW Suite102 | | | | |
| WASHINGTON, DC 20010 | | | | |
| NLC 001 CSN 001 state 08 exp rec link 00005 | | | | |
| Store: Retail NOC | | | | |
| | 8017 | 25,000.00 | 1.18 | 295.00 |
| 1410 N Capitol St NW 1sf Flr | | | | |
| WASHINGTON, DC 20002 | | | | |
| NLC 001 CSN 001 state 08 exp rec link 00058 | | | | |
| Store: Retail NOC | | | | |
| | 8017 | 25,000.00 | 1.18 | 295.00 |

| Servicing Office and Issue Date | Ohio Regional Office 11/22/16 | Countersigned by: _____ |
|---|---|---|

*To report a claim, call your Agent or 1-800-362-0000*

This page intentionally left blank.

Case 8:20-cv-01373-VMC-CPT   Document 1-1   Filed 06/15/20   Page 452 of 531 PageID 457



# Liberty Mutual
### INSURANCE

*Coverage is provided In*
*Ohio Security Insurance Company*

NCCI Co. No. [19291]

**Workers Compensation and Employers Liability Insurance Policy Information Page**

POLICY NUMBER
**XWS (17) 57 61 64 46**
Policy Period:
**From:** 11/02/2016 **To** 11/02/2017
Endorsement Period:
**From:** **To**
12:01 am Standard Time
at Insured's Mailing Address

**ITEM 1: The Insured**

CLEARCOMM OF TAMPABAY, INC.

**Agent & Phone No.**

(800) 444-1744
INSURANCE INTERMEDIARIES INC

**EXTENSION OF INFORMATION PAGE**   **STATE:** DISTRICT OF COLUMBIA - continued

**ITEM 4**   The premium for this policy will be determined by our Manuals of Rules, Classifications, Rates and Rating Plans. All information required below is subject to verification and change by audit.

| Classifications | Code No. | Premium Basis - Total Estimated Annual Remuneration | Rate per $100 of Remuneration | Estimated Annual Premium |
|---|---|---|---|---|
| 3909 14th St NW<br>Washington, DC 20011-5438<br>NLC 001 CSN 001 state 08 exp rec link 00060<br>Store: Retail NOC | | | | |
| | 8017 | 25,000.00 | 1.18 | 295.00 |
| 2305 Benning Rd NE<br>Washington, DC 20002-4826<br>NLC 001 CSN 001 state 08 exp rec link 00061<br>Store: Retail NOC | | | | |
| | 8017 | 25,000.00 | 1.18 | 295.00 |
| Waiver of Subrogation Premium | 0930 | | | 250.00 |
| Premium for Increased Limits Part Two | 9812 | | 1.1000% | 19.00 |
| Total Subject Premium | | | | 2,039.00 |
| Premium Modified to Reflect Experience Mod. Of | 9898 | | .820 | 1,672.00 |
| Price Point Modification | 9732 | credit | .818 ( | 304.00) |
| Total Estimated Annual Standard Premium | | | | 1,368.00 |
| Premium Discount, if applicable | 0063 | | 3.1000%( | 42.00) |
| Terrorism | 9740 | 150,000.00 | .07 | 105.00 |
| Catastrophe (Other than Certified Acts of Terror.) | 9741 | 150,000.00 | .02 | 30.00 |
| Total Estimated Annual Premium | | | | 1,461.00 |
| Workers' Compensation Policyholder Surcharge | 0935 | | 1.6600% | 23.00 |

| Servicing Office and Issue Date | Ohio Regional Office<br>11/22/16 | Countersigned by: |
|---|---|---|

*To report a claim, call your Agent or 1-800-362-0000*

**WC 99 06 48 B**

This page intentionally left blank.

# Liberty Mutual.
### INSURANCE

**Coverage is Provided In**

***Ohio Security Insurance Company***

Workers Compensation and
Employers Liability Insurance Policy
Information Page

NCCI Co. No. 19291

**POLICY NUMBER**

**XWS (17) 57 61 64 46**

Policy Period:
**From:** 11/02/2016 **To** 11/02/2017
Endorsement Period:
**From:** **To**
12:01 am Standard Time
at Insured's Mailing Address

---

**ITEM 1: The Insured**

CLEARCOMM OF TAMPABAY, INC.

**Agent & Phone No.**

(800) 444-1744
INSURANCE INTERMEDIARIES INC

---

**EXTENSION OF INFORMATION PAGE**        **STATE:**  DISTRICT OF COLUMBIA - continued

**ITEM 4**   The premium for this policy will be determined by our Manuals of Rules, Classifications, Rates and Rating Plans.
All information required below is subject to verification and change by audit.

| Classifications | Code No. | Premium Basis - Total Estimated Annual Remuneration | Rate per $100 of Remuneration | Estimated Annual Premium |
|---|---|---|---|---|
| Total Estimated Cost | | | | 1,484.00 |

Servicing Office   Ohio Regional Office
and Issue Date      11/22/16

Countersigned by: _____

***To report a claim, call your Agent or 1-800-362-0000***

**WC 99 06 48 B**

This page intentionally left blank.

**Liberty Mutual.**
INSURANCE

*Coverage is provided in*
*Ohio Security Insurance Company*

Policy Number
**XWS (17) 57 61 64 46**
Policy Period:
**From** 11/02/2016 **To** 11/02/2017
Endorsement Period:
**From       To**
12:01 am Standard Time
at Insured's Mailing Address

NCCI Co. No. [19291]

**Workers Compensation and Employers Liability Insurance Policy Information Page**

| Named Insured | Agent |
|---|---|
| CLEARCOMM OF TAMPABAY, INC. | (800) 444-1744 |
| | INSURANCE INTERMEDIARIES INC |

**EXTENSION OF INFORMATION PAGE**          State: FLORIDA

**ITEM 4**   The premium for this policy will be determined by our Manuals of Rules, Classifications, Rates and Rating Plans. All information required below is subject to verification and change by audit.

| Classifications | Code No. | Premium Basis - Total Estimated Annual Remuneration | Rate per $100 of Remuneration | Estimated Annual Premium |
|---|---|---|---|---|
| CLEARCOMM OF TAMPABAY, INC. | | | | |
| 4548 S Suncoast Blvd Homosassa, FL 34446-1103 NLC 001 CSN 001 state 09 exp rec link 00034 Store: Retail NOC | 8017 | 25,000.00 | 2.00 | 500.00 |
| 210 US HWY 41 S INVERNESS, FL 34450 NLC 001 CSN 001 state 09 exp rec link 00035 Store: Retail NOC | 8017 | 25,000.00 | 2.00 | 500.00 |
| 5480 Spring Hill Dr Spring Hill, FL 34606-4559 NLC 001 CSN 001 state 09 exp rec link 00036 Store: Retail NOC | 8017 | 25,000.00 | 2.00 | 500.00 |
| 8482 Lockwood Ridge Rd Sarasota, FL 34243-2920 NLC 001 CSN 001 state 09 exp rec link 00038 Store: Retail NOC | 8017 | 25,000.00 | 2.00 | 500.00 |

| Servicing Office and Issue Date | Ohio Regional Office 11/22/16 | Countersigned by: _____ |
|---|---|---|

*To report a claim, call your Agent or 1-800-362-0000*

This page intentionally left blank.

**Liberty Mutual.**
**INSURANCE**

*Coverage is provided in*
*Ohio Security Insurance Company*

POLICY NUMBER
**XWS (17) 57 61 64 46**
Policy Period:
**From:** 11/02/2016 **To** 11/02/2017
Endorsement Period:
**From:**              **To**
12:01 am Standard Time
at Insured's Mailing Address

NCCI Co. No.   19291

Workers Compensation and
Employers Liability Insurance Policy
Information   Page

**ITEM 1: The Insured**                              **Agent & Phone No.**

CLEARCOMM OF TAMPABAY, INC.                (800) 444-1744
                                          INSURANCE INTERMEDIARIES INC

**EXTENSION OF INFORMATION PAGE**          **STATE:**   FLORIDA - continued

**ITEM 4**   The premium for this policy will be determined by our Manuals of Rules, Classifications, Rates and Rating Plans.
All information required below is subject to verification and change by audit.

| Classifications | Code No. | Premium Basis - Total Estimated Annual Remuneration | Rate per $100 of Remuneration | Estimated Annual Premium |
|---|---|---|---|---|
| 4033 Mariner Blvd<br>Spring Hill, FL 34609-2467<br>NLC 001 CSN 001 state 09 exp rec link 00039<br>Store: Retail NOC | | | | |
| | 8017 | 25,000.00 | 2.00 | 500.00 |
| 11051 Spring Hill Dr<br>Spring Hill, FL 34608-5049<br>NLC 001 CSN 001 state 09 exp rec link 00040<br>Store: Retail NOC | | | | |
| | 8017 | 25,000.00 | 2.00 | 500.00 |
| 3780 Tampa Rd<br>Oldsmar, FL 34677-3041<br>NLC 001 CSN 001 state 09 exp rec link 00041<br>Store: Retail NOC | | | | |
| | 8017 | 25,000.00 | 2.00 | 500.00 |
| 3386 Tampa Rd<br>Palm Harbor, FL 34684-3425<br>NLC 001 CSN 001 state 09 exp rec link 00042<br>Store: Retail NOC | | | | |
| | 8017 | 25,000.00 | 2.00 | 500.00 |

| Servicing Office and Issue Date | Ohio Regional Office 11/22/16 | Countersigned by: _____ |
|---|---|---|

*To report a claim, call your Agent or 1-800-362-0000*

**WC 99 06 48 B**

This page intentionally left blank.

**Liberty Mutual.**
**INSURANCE**

*Coverage is provided in*
*Ohio Security Insurance Company*

POLICY NUMBER
**XWS (17) 57 61 64 46**

Policy Period:
**From:** 11/02/2016 **To** 11/02/2017
Endorsement Period:
**From:**                **To**

Workers Compensation and
Employers Liability Insurance Policy
Information Page

NCCI Co. No. |19291|

12:01 am Standard Time
at Insured's Mailing Address

**ITEM 1: The Insured**

CLEARCOMM OF TAMPABAY, INC.

**Agent & Phone No.**

(800) 444-1744
INSURANCE INTERMEDIARIES INC

**EXTENSION OF INFORMATION PAGE**          **STATE:** FLORIDA - continued

**ITEM 4**   The premium for this policy will be determined by our Manuals of Rules, Classifications, Rates and Rating Plans.
All information required below is subject to verification and change by audit.

| Classifications | Code No. | Premium Basis - Total Estimated Annual Remuneration | Rate per $100 of Remuneration | Estimated Annual Premium |
|---|---|---|---|---|
| 10091 Us Highway 19<br>Port Richey, FL 34668-3742<br>NLC 001 CSN 001 state 09 exp rec link 00043<br>Store: Retail NOC | | | | |
| | 8017 | 25,000.00 | 2.00 | 500.00 |
| 1611 SE Us Highway 19<br>Crystal River, FL 34429-4830<br>NLC 001 CSN 001 state 09 exp rec link 00044<br>Store: Retail NOC | | | | |
| | 8017 | 25,000.00 | 2.00 | 500.00 |
| 4385 Commercial Way<br>Weeki Wachee, FL 34606-1963<br>NLC 001 CSN 001 state 09 exp rec link 00045<br>Store: Retail NOC | | | | |
| | 8017 | 25,000.00 | 2.00 | 500.00 |
| 1100 N Tuttle Ave Unit 4<br>Sarasota, FL 34237-3012<br>NLC 001 CSN 001 state 09 exp rec link 00046<br>Store: Retail NOC | | | | |
| | 8017 | 25,000.00 | 2.00 | 500.00 |

Servicing Office      Ohio Regional Office          Countersigned by: _____
and Issue Date        11/22/16

*To report a claim, call your Agent or 1-800-362-0000*

**WC 99 06 48 B**

This page intentionally left blank.

# Liberty Mutual
## INSURANCE

**Ohio Security Insurance Company**

Workers Compensation and
Employers Liability Insurance Policy
Information Page

NCCI Co. No. [19291]

POLICY NUMBER
**XWS (17) 57 61 64 46**
Policy Period:
**From:** 11/02/2016 **To** 11/02/2017
Endorsement Period:
**From:** **To**
12:01 am Standard Time
at Insured's Mailing Address

**ITEM 1: The Insured**

**Agent & Phone No.**

CLEARCOMM OF TAMPABAY, INC.

(800) 444-1744
INSURANCE INTERMEDIARIES INC

---

**EXTENSION OF INFORMATION PAGE**     **STATE:** FLORIDA - continued

**ITEM 4**   The premium for this policy will be determined by our Manuals of Rules, Classifications, Rates and Rating Plans.
All information required below is subject to verification and change by audit.

| Classifications | Code No. | Premium Basis - Total Estimated Annual Remuneration | Rate per $100 of Remuneration | Estimated Annual Premium |
|---|---|---|---|---|
| 6224 Commercial Way<br>Weeki Wachee, FL 34613-6325<br>NLC 001 CSN 001 state 09 exp rec link 00047<br>Store: Retail NOC | 8017 | 25,000.00 | 2.00 | 500.00 |
| 36948 State Road 54<br>Zephyrhills, FL 33541-6915<br>NLC 001 CSN 001 state 09 exp rec link 00048<br>Store: Retail NOC | 8017 | 25,000.00 | 2.00 | 500.00 |
| 6581 102nd Ave<br>PINELLAS PARK, FL 33782<br>NLC 001 CSN 001 state 09 exp rec link 00059<br>Store: Retail NOC | 8017 | 25,000.00 | 2.00 | 500.00 |
| CLEARCOMM SOVA, INC<br><br>14312 Spring Hill Dr<br>Spring Hill, FL 34609-5263<br>NLC 007 CSN 001 state 09 exp rec link 00032<br>Store: Retail NOC | 8017 | 25,000.00 | 2.00 | 500.00 |

| Servicing Office and Issue Date | Ohio Regional Office<br>11/22/16 | Countersigned by: _____ |
|---|---|---|

*To report a claim, call your Agent or 1-800-362-0000*

**WC 99 06 48 B**

This page intentionally left blank.

**Liberty Mutual.**
**INSURANCE**

*Coverage is provided in*
*Ohio Security Insurance Company*

**Workers Compensation and Employers Liability Insurance Policy Information Page**

NCCI Co. No.  19291

POLICY NUMBER
**XWS (17) 57 61 64 46**
Policy Period:
**From:** 11/02/2016 **To** 11/02/2017
Endorsement Period:
**From:** **To**
12:01 am Standard Time
at Insured's Mailing Address

**ITEM 1: The Insured**

CLEARCOMM OF TAMPABAY, INC.

**Agent & Phone No.**

(800) 444-1744
INSURANCE INTERMEDIARIES INC

---

**EXTENSION OF INFORMATION PAGE**         **STATE:** FLORIDA - continued

**ITEM 4**   The premium for this policy will be determined by our Manuals of Rules, Classifications, Rates and Rating Plans. All information required below is subject to verification and change by audit.

| Classifications | Code No. | Premium Basis - Total Estimated Annual Remuneration | Rate per $100 of Remuneration | Estimated Annual Premium |
|---|---|---|---|---|
| METROPAY INC | | | | |
| 1801 NW Us Highway 19 | | | | |
| Crystal River, FL 34428-6133 | | | | |
| NLC 009 CSN 001 state 09 exp rec link 00033 | | | | |
| Store: Retail NOC | | | | |
| | 8017 | 25,000.00 | 2.00 | 500.00 |
| Waiver of Subrogation Premium | 0930 | | | 250.00 |
| Premium for Increased Limits Part Two | 9812 | | .014% | 119.00 |
| Total Subject Premium | | | | 8,869.00 |
| Premium Modified to Reflect Experience Mod. Of | 9898 | | .820 | 7,273.00 |
| Total Estimated Annual Standard Premium | | | | 7,273.00 |
| Premium Discount, if applicable | 0063 | | .038 ( | 276.00) |
| Terrorism | 9740 | 425,000.00 | .02 | 85.00 |
| Total Estimated Annual Premium | | | | 7,082.00 |

---

| Servicing Office and Issue Date | Ohio Regional Office 11/22/16 | Countersigned by: _____ |
|---|---|---|

*To report a claim, call your Agent or 1-800-362-0000*

**WC 99 06 48 B**

This page intentionally left blank.

**Liberty Mutual.**
INSURANCE

*Coverage is provided in*
*Ohio Security Insurance Company*

Policy Number
**XWS (17) 57 61 64 46**
Policy Period:
**From** 11/02/2016 **To** 11/02/2017
Endorsement Period:
**From**          **To**
12:01 am Standard Time
at Insured's Mailing Address

NCCI Co. No.   19291

**Workers Compensation and Employers Liability Insurance Policy Information Page**

**Named Insured**

CLEARCOMM OF TAMPABAY, INC.

**Agent**

(800) 444-1744
INSURANCE INTERMEDIARIES INC

**EXTENSION OF INFORMATION PAGE**          State: LOUISIANA

**ITEM 4**   The premium for this policy will be determined by our Manuals of Rules, Classifications, Rates and Rating Plans. All information required below is subject to verification and change by audit.

| Classifications | Code No. | Premium Basis - Total Estimated Annual Remuneration | Rate per $100 of Remuneration | Estimated Annual Premium |
|---|---|---|---|---|
| CLEARCOMM OF TAMPABAY, INC. | | | | |
| 4428 Youree Dr | | | | |
| Shreveport, LA 71105-3621 | | | | |
| NLC 001 CSN 001 state 17 exp rec link 00095 | | | | |
| Store: Retail NOC | | | | |
| | 8017 | 25,000.00 | 3.53 | 883.00 |
| Premium for Increased Limits Part Two | 9812 | | .0140% | 12.00 |
| Total Subject Premium | | | | 895.00 |
| Premium Modified to Reflect Experience Mod. Of | 9898 | | .820 | 734.00 |
| Price Point Modification | 9732 | credit | .846 ( | 113.00) |
| Total Estimated Annual Standard Premium | | | | 621.00 |
| Waiver of Subrogation Premium | 9118 | | | 250.00 |
| Premium Discount, if applicable | 0063 | | .0310%( | 27.00) |
| Terrorism | 9740 | 25,000.00 | .02 | 5.00 |
| Catastrophe (Other than Certified Acts of Terror.) | 9741 | 25,000.00 | .02 | 5.00 |
| Total Estimated Annual Premium | | | | 854.00 |

Servicing Office   Ohio Regional Office
and Issue Date    11/22/16

Countersigned by: _____

*To report a claim, call your Agent or 1-800-362-0000*

This page intentionally left blank.

**Liberty Mutual.**
INSURANCE

*Coverage is provided in*
*Ohio Security Insurance Company*

Policy Number
**XWS (17) 57 61 64 46**
Policy Period:
**From** 11/02/2016 **To** 11/02/2017
Endorsement Period:
**From              To**
12:01 am Standard Time
at Insured's Mailing Address

NCCI Co. No.   19291

**Workers Compensation and Employers Liability Insurance Policy Information Page**

| Named Insured | Agent |
|---|---|
| CLEARCOMM OF TAMPABAY, INC. | (800) 444-1744 |
|  | INSURANCE INTERMEDIARIES INC |

**EXTENSION OF INFORMATION PAGE**          State: MARYLAND

**ITEM 4**   The premium for this policy will be determined by our Manuals of Rules, Classifications, Rates and Rating Plans.
All information required below is subject to verification and change by audit.

| Classifications | Code No. | Premium Basis - Total Estimated Annual Remuneration | Rate per $100 of Remuneration | Estimated Annual Premium |
|---|---|---|---|---|
| CLEARCOMM OF TAMPABAY, INC. | | | | |
| 638 Reisterstown Rd Ste 12<br>Baltimore, MD 21208-5112<br>NLC 001 CSN 001 state 19 exp rec link 00006<br>Store: Retail NOC | | | | |
| | 8017 | 25,000.00 | 2.27 | 568.00 |
| 7730 Wise Ave<br>Dundalk, MD 21222-3200<br>NLC 001 CSN 001 state 19 exp rec link 00007<br>Store: Retail NOC | | | | |
| | 8017 | 25,000.00 | 2.27 | 568.00 |
| 6846 Liberty Rd<br>RANDALLSTOWN, MD 21133<br>NLC 001 CSN 001 state 19 exp rec link 00008<br>Store: Retail NOC | | | | |
| | 8017 | 25,000.00 | 2.27 | 568.00 |
| 5403 East Dr<br>Arbutus, MD 21227-2605<br>NLC 001 CSN 001 state 19 exp rec link 00009<br>Store: Retail NOC | | | | |
| | 8017 | 25,000.00 | 2.27 | 568.00 |

| Servicing Office and Issue Date | Ohio Regional Office<br>11/22/16 | Countersigned by: _____ |
|---|---|---|

*To report a claim, call your Agent or 1-800-362-0000*

This page intentionally left blank.

# Liberty Mutual INSURANCE

*Coverage is provided in*
**Ohio Security Insurance Company**

**NCCI Co. No.** 19291

**Workers Compensation and Employers Liability Insurance Policy Information Page**

POLICY NUMBER
**XWS (17) 57 61 64 46**

Policy Period:
**From:** 11/02/2016 **To** 11/02/2017
Endorsement Period:
**From:**          **To**
12:01 am Standard Time
at Insured's Mailing Address

---

**ITEM 1: The Insured**

CLEARCOMM OF TAMPABAY, INC.

**Agent & Phone No.**

(800) 444-1744
INSURANCE INTERMEDIARIES INC

---

**EXTENSION OF INFORMATION PAGE**          **STATE:** MARYLAND - continued

**ITEM 4**   The premium for this policy will be determined by our Manuals of Rules, Classifications, Rates and Rating Plans. All information required below is subject to verification and change by audit.

| Classifications | Code No. | Premium Basis - Total Estimated Annual Remuneration | Rate per $100 of Remuneration | Estimated Annual Premium |
|---|---|---|---|---|
| 7000 Arundel Mills Circle 55<br>HANOVER, MD 21076<br>NLC 001 CSN 001 state 19 exp rec link 00010<br>Store: Retail NOC | | | | |
| | 8017 | 25,000.00 | 2.27 | 568.00 |
| 1134 S Charles St<br>Baltimore, MD 21230-4240<br>NLC 001 CSN 001 state 19 exp rec link 00011<br>Store: Retail NOC | | | | |
| | 8017 | 25,000.00 | 2.27 | 568.00 |
| 10300 Little Patuxent Parkway 65<br>COLUMBIA, MD 21044<br>NLC 001 CSN 001 state 19 exp rec link 00012<br>Store: Retail NOC | | | | |
| | 8017 | 25,000.00 | 2.27 | 568.00 |
| 6000 Greenbelt Rd Ste 52<br>Greenbelt, MD 20770-1018<br>NLC 001 CSN 001 state 19 exp rec link 00014<br>Store: Retail NOC | | | | |
| | 8017 | 25,000.00 | 2.27 | 568.00 |

| Servicing Office and Issue Date | Ohio Regional Office<br>11/22/16 | Countersigned by: _____ |
|---|---|---|

*To report a claim, call your Agent or 1-800-362-0000*

**WC 99 06 48 B**

This page intentionally left blank.

Coverage is provided in

**Liberty Mutual.**
INSURANCE

*Ohio Security Insurance Company*

Workers Compensation and Employers Liability Insurance Policy Information Page

NCCI Co. No. [19291]

POLICY NUMBER
**XWS (17) 57 61 64 46**
Policy Period:
**From:** 11/02/2016 **To** 11/02/2017
Endorsement Period:
**From:**                    **To**
12:01 am Standard Time
at Insured's Mailing Address

**ITEM 1: The Insured**                                         Agent & Phone No.

CLEARCOMM OF TAMPABAY, INC.                          (800) 444-1744
                                                      INSURANCE INTERMEDIARIES INC

**EXTENSION OF INFORMATION PAGE**          **STATE:** MARYLAND - continued

**ITEM 4**   The premium for this policy will be determined by our Manuals of Rules, Classifications, Rates and Rating Plans. All information required below is subject to verification and change by audit.

| Classifications | Code No. | Premium Basis - Total Estimated Annual Remuneration | Rate per $100 of Remuneration | Estimated Annual Premium |
|---|---|---|---|---|
| 3222 Greenmount Ave<br>Baltimore, MD 21218-3438<br>NLC 001 CSN 001 state 19 exp rec link 00015<br>Store: Retail NOC | 8017 | 25,000.00 | 2.27 | 568.00 |
| 229 N Howard St<br>Baltimore, MD 21201-3555<br>NLC 001 CSN 001 state 19 exp rec link 00016<br>Store: Retail NOC | 8017 | 25,000.00 | 2.27 | 568.00 |
| 8610 Washington Blvd Ste 106<br>Jessup, MD 20794-9601<br>NLC 001 CSN 001 state 19 exp rec link 00018<br>Store: Retail NOC | 8017 | 25,000.00 | 2.27 | 568.00 |
| 400 West Lexington St E LM 10/11<br>BALTIMORE, MD 21201<br>NLC 001 CSN 001 state 19 exp rec link 00019<br>Store: Retail NOC | 8017 | 25,000.00 | 2.27 | 568.00 |

| Servicing Office and Issue Date | Ohio Regional Office<br>11/22/16 | Countersigned by: _____ |
|---|---|---|

*To report a claim, call your Agent or 1-800-362-0000*

**WC 99 06 48 B**

This page intentionally left blank.

**Liberty Mutual.**
**INSURANCE**

*Coverage is provided in*
*Ohio Security Insurance Company*

POLICY NUMBER
**XWS (17) 57 61 64 46**
Policy Period:
**From:** 11/02/2016 **To** 11/02/2017
Endorsement Period:
**From:**                    **To**
12:01 am Standard Time
at Insured's Mailing Address

NCCI Co. No. [19291]

Workers Compensation and Employers Liability Insurance Policy Information Page

**ITEM 1: The Insured**                              **Agent & Phone No.**

CLEARCOMM OF TAMPABAY, INC.                (800) 444-1744
                                            INSURANCE INTERMEDIARIES INC

**EXTENSION OF INFORMATION PAGE**        **STATE:**  MARYLAND - continued

**ITEM 4**   The premium for this policy will be determined by our Manuals of Rules, Classifications, Rates and Rating Plans. All information required below is subject to verification and change by audit.

| Classifications | Code No. | Premium Basis - Total Estimated Annual Remuneration | Rate per $100 of Remuneration | Estimated Annual Premium |
|---|---|---|---|---|
| 5138 Park Heights Ave<br>Baltimore, MD 21215-5817<br>NLC 001 CSN 001 state 19 exp rec link 00020<br>Store: Retail NOC | | | | |
| | 8017 | 25,000.00 | 2.27 | 568.00 |
| 114 E Patapsco Ave<br>Brooklyn, MD 21225-1745<br>NLC 001 CSN 001 state 19 exp rec link 00021<br>Store: Retail NOC | | | | |
| | 8017 | 25,000.00 | 2.27 | 568.00 |
| 1640-1642 Pennsylvania Ave<br>Baltimore, MD 21217-3115<br>NLC 001 CSN 001 state 19 exp rec link 00022<br>Store: Retail NOC | | | | |
| | 8017 | 25,000.00 | 2.27 | 568.00 |
| 41 Shipping Pl Ste 1ST<br>Dundalk, MD 21222-4393<br>NLC 001 CSN 001 state 19 exp rec link 00025<br>Store: Retail NOC | | | | |
| | 8017 | 25,000.00 | 2.27 | 568.00 |

| Servicing Office and Issue Date | Ohio Regional Office 11/22/16 | Countersigned by: _____ |
|---|---|---|

*To report a claim, call your Agent or 1-800-362-0000*

**WC 99 06 48 B**

This page intentionally left blank.

Coverage is provided in

**Liberty Mutual.**
**INSURANCE**

*Ohio Security Insurance Company*

**POLICY NUMBER**
**XWS (17) 57 61 64 46**

Policy Period:
**From:** 11/02/2016 **To** 11/02/2017
Endorsement Period:
**From:**                    **To**
12:01 am Standard Time
at Insured's Mailing Address

**NCCI Co. No.** [19291]

Workers Compensation and Employers Liability Insurance Policy Information Page

**ITEM 1: The Insured**

**Agent & Phone No.**

CLEARCOMM OF TAMPABAY, INC.

(800) 444-1744
INSURANCE INTERMEDIARIES INC

**EXTENSION OF INFORMATION PAGE**        **STATE:**  MARYLAND - continued

**ITEM 4**   The premium for this policy will be determined by our Manuals of Rules, Classifications, Rates and Rating Plans. All information required below is subject to verification and change by audit.

| Classifications | Code No. | Premium Basis - Total Estimated Annual Remuneration | Rate per $100 of Remuneration | Estimated Annual Premium |
|---|---|---|---|---|
| 224 N Eutaw St<br>Baltimore, MD 21201-1709<br>NLC 001 CSN 001 state 19 exp rec link 00029<br>Store: Retail NOC | 8017 | 25,000.00 | 2.27 | 568.00 |
| 2463 Chillum Rd A-15<br>HYATTSVILLE, MD 20782<br>NLC 001 CSN 001 state 19 exp rec link 00030<br>Store: Retail NOC | 8017 | 25,000.00 | 2.27 | 568.00 |
| 950 Largo Town Center Dr No 2<br>UPPER MARLBORO, MD 20774<br>NLC 001 CSN 001 state 19 exp rec link 00031<br>Store: Retail NOC | 8017 | 25,000.00 | 2.27 | 568.00 |
| 6901 Security Blvd Ste 885<br>Windsor Mill, MD 21244-8415<br>NLC 001 CSN 001 state 19 exp rec link 00070<br>Store: Retail NOC | 8017 | 25,000.00 | 2.27 | 568.00 |

| Servicing Office and Issue Date | Ohio Regional Office<br>11/22/16 | Countersigned by: _____ |
|---|---|---|

*To report a claim, call your Agent or 1-800-362-0000*

**WC 99 06 48 B**

This page intentionally left blank.

Case 8:20-cv-01373-VMC-CPT Document 1-1 Filed 06/15/20 Page 478 of 531 PageID 483

# Liberty Mutual.
**INSURANCE**

*Coverage is provided in*
**Ohio Security Insurance Company**

Workers Compensation and
Employers Liability Insurance Policy
Information Page

**NCCI Co. No.** 19291

POLICY NUMBER
**XWS (17) 57 61 64 46**
Policy Period:
**From:** 11/02/2016 **To** 11/02/2017
Endorsement Period:
**From:** **To**
12:01 am Standard Time
at Insured's Mailing Address

## ITEM 1: The Insured

CLEARCOMM OF TAMPABAY, INC.

**Agent & Phone No.**

(800) 444-1744
INSURANCE INTERMEDIARIES INC

## EXTENSION OF INFORMATION PAGE   **STATE:** MARYLAND - continued

**ITEM 4** The premium for this policy will be determined by our Manuals of Rules, Classifications, Rates and Rating Plans.
All information required below is subject to verification and change by audit.

| Classifications | Code No. | Premium Basis - Total Estimated Annual Remuneration | Rate per $100 of Remuneration | Estimated Annual Premium |
|---|---|---|---|---|
| 8200 Perry Hall Blvd 5517-5518<br>NOTTINGHAM, MD 21236<br>NLC 001 CSN 001 state 19 exp rec link 00071<br>Store: Retail NOC | 8017 | 25,000.00 | 2.27 | 568.00 |
| 9125 Riggs Rd<br>Adelphi, MD 20783-1637<br>NLC 001 CSN 001 state 19 exp rec link 00076<br>Store: Retail NOC | 8017 | 25,000.00 | 2.27 | 568.00 |
| 2230 Veirs Mill Rd<br>Rockville, MD 20851-1827<br>NLC 001 CSN 001 state 19 exp rec link 00077<br>Store: Retail NOC | 8017 | 25,000.00 | 2.27 | 568.00 |
| 1052 MAIDEN CHOICE LANE<br>ARBUTUS, MD 21227<br>NLC 001 CSN 001 state 19 exp rec link 00078<br>Store: Retail NOC | 8017 | 25,000.00 | 2.27 | 568.00 |

| Servicing Office and Issue Date | Ohio Regional Office<br>11/22/16 | Countersigned by: _____ |
|---|---|---|

*To report a claim, call your Agent or 1-800-362-0000*

**WC 99 06 48 B**

This page intentionally left blank.

**Liberty Mutual.**
**INSURANCE**

*Coverage is provided in*
*Ohio Security Insurance Company*

POLICY NUMBER
**XWS (17) 57 61 64 46**

Policy Period:
**From:** 11/02/2016 **To** 11/02/2017
Endorsement Period:
**From:**      **To**
12:01 am Standard Time
at Insured's Mailing Address

NCCI Co. No.   19291

Workers Compensation and
Employers Liability Insurance Policy
Information Page

**ITEM 1: The Insured**

CLEARCOMM OF TAMPABAY, INC.

**Agent & Phone No.**

(800) 444-1744
INSURANCE INTERMEDIARIES INC

**EXTENSION OF INFORMATION PAGE**     **STATE:**   MARYLAND - continued

**ITEM 4**    The premium for this policy will be determined by our Manuals of Rules, Classifications, Rates and Rating Plans.
All information required below is subject to verification and change by audit.

| Classifications | Code No. | Premium Basis - Total Estimated Annual Remuneration | Rate per $100 of Remuneration | Estimated Annual Premium |
|---|---|---|---|---|
| 5284 Randolph Rd<br>Rockville, MD 20852-2116<br>NLC 001 CSN 001 state 19 exp rec link 00079<br>Store: Retail NOC | 8017 | 25,000.00 | 2.27 | 568.00 |
| 4739 Westland Blvd<br>Arbutus, MD 21227-1320<br>NLC 001 CSN 001 state 19 exp rec link 00080<br>Store: Retail NOC | 8017 | 25,000.00 | 2.27 | 568.00 |
| 820 Largo Center Dr<br>Upper Marlboro, MD 20774-3705<br>NLC 001 CSN 001 state 19 exp rec link 00081<br>Store: Retail NOC | 8017 | 25,000.00 | 2.27 | 568.00 |
| 9 W Patapsco Ave<br>Baltimore, MD 21225-1604<br>NLC 001 CSN 001 state 19 exp rec link 00082<br>Store: Retail NOC | 8017 | 25,000.00 | 2.27 | 568.00 |

| Servicing Office and Issue Date | Ohio Regional Office<br>11/22/16 | Countersigned by: _____ |
|---|---|---|

*To report a claim, call your Agent or 1-800-362-0000*

**WC 99 06 48 B**

This page intentionally left blank.

# Liberty Mutual.
## INSURANCE

*Coverage is provided in*
*Ohio Security Insurance Company*

Workers Compensation and Employers Liability Insurance Policy Information Page

NCCI Co. No. [19291]

POLICY NUMBER
**XWS (17) 57 61 64 46**
Policy Period:
**From:** 11/02/2016 **To** 11/02/2017
Endorsement Period:
**From:**           **To**
12:01 am Standard Time
at Insured's Mailing Address

**ITEM 1: The Insured**

CLEARCOMM OF TAMPABAY, INC.

**Agent & Phone No.**

(800) 444-1744
INSURANCE INTERMEDIARIES INC

---

**EXTENSION OF INFORMATION PAGE**      **STATE:** MARYLAND - continued

**ITEM 4**   The premium for this policy will be determined by our Manuals of Rules, Classifications, Rates and Rating Plans. All information required below is subject to verification and change by audit.

| Classifications | Code No. | Premium Basis - Total Estimated Annual Remuneration | Rate per $100 of Remuneration | Estimated Annual Premium |
|---|---|---|---|---|
| 6776 Reisterstown Rd<br>Baltimore, MD 21215-2346<br>NLC 001 CSN 001 state 19 exp rec link 00083<br>Store: Retail NOC | | | | |
| | 8017 | 25,000.00 | 2.27 | 568.00 |
| 3765 Old Court Rd<br>Pikesville, MD 21208-3902<br>NLC 001 CSN 001 state 19 exp rec link 00084<br>Store: Retail NOC | | | | |
| | 8017 | 25,000.00 | 2.27 | 568.00 |
| 801 Hungerford Dr<br>Rockville, MD 20850-1727<br>NLC 001 CSN 001 state 19 exp rec link 00085<br>Store: Retail NOC | | | | |
| | 8017 | 25,000.00 | 2.27 | 568.00 |
| 9846 Liberty Rd<br>Randallstown, MD 21133-2007<br>NLC 001 CSN 001 state 19 exp rec link 00092<br>Store: Retail NOC | | | | |
| | 8017 | 25,000.00 | 2.27 | 568.00 |

Servicing Office and Issue Date      Ohio Regional Office      Countersigned by: _____
11/22/16

*To report a claim, call your Agent or 1-800-362-0000*

**WC 99 06 48 B**

This page intentionally left blank.

**Liberty Mutual.**
INSURANCE

Coverage is Provided In

*Ohio Security Insurance Company*

NCCI Co. No. [19291]

Workers Compensation and Employers Liability Insurance Policy Information Page

POLICY NUMBER
**XWS (17) 57 61 64 46**
Policy Period:
**From:** 11/02/2016 **To** 11/02/2017
Endorsement Period:
**From:** **To**
12:01 am Standard Time
at Insured's Mailing Address

---

**ITEM 1: The Insured**

CLEARCOMM OF TAMPABAY, INC.

**Agent & Phone No.**

(800) 444-1744
INSURANCE INTERMEDIARIES INC

---

**EXTENSION OF INFORMATION PAGE**       **STATE:** MARYLAND - continued

**ITEM 4**   The premium for this policy will be determined by our Manuals of Rules, Classifications, Rates and Rating Plans. All information required below is subject to verification and change by audit.

| Classifications | Code No. | Premium Basis - Total Estimated Annual Remuneration | Rate per $100 of Remuneration | Estimated Annual Premium |
|---|---|---|---|---|
| 5562 Silver Hill Rd<br>District Heights, MD 20747-1104<br>NLC 001 CSN 001 state 19 exp rec link 00093<br>Store: Retail NOC | | | | |
| | 8017 | 25,000.00 | 2.27 | 568.00 |
| CLEARCOMM BAWA INC<br><br>7553 Ritchie Hwy<br>Glen Burnie, MD 21061-3716<br>NLC 002 CSN 001 state 19 exp rec link 00013<br>Store: Retail NOC | | | | |
| | 8017 | 25,000.00 | 2.27 | 568.00 |
| 10610 Baltimore Ave Unit B<br>Beltsville, MD 20705-2142<br>NLC 002 CSN 001 state 19 exp rec link 00026<br>Store: Retail NOC | | | | |
| | 8017 | 25,000.00 | 2.27 | 568.00 |
| CLEARCOMM NA INC<br><br>7387A Baltimore-Annaplois Blvd<br>Glen Burnie, MD 21061-3222<br>NLC 005 CSN 001 state 19 exp rec link 00028<br>Store: Retail NOC | | | | |
| | 8017 | 25,000.00 | 2.27 | 568.00 |

---

| Servicing Office and Issue Date | Ohio Regional Office<br>11/22/16 | Countersigned by: _____ |
|---|---|---|

*To report a claim, call your Agent or 1-800-362-0000*

**WC 99 06 48 B**

This page intentionally left blank.

Coverage is Provided In

# Liberty Mutual.
### INSURANCE

**Ohio Security Insurance Company**

NCCI Co. No. 19291

**Workers Compensation and Employers Liability Insurance Policy Information Page**

POLICY NUMBER
**XWS (17) 57 61 64 46**
Policy Period:
**From:** 11/02/2016 **To** 11/02/2017
Endorsement Period:
**From:**                    **To**
12:01 am Standard Time
at Insured's Mailing Address

**ITEM 1: The Insured**

CLEARCOMM OF TAMPABAY, INC.

**Agent & Phone No.**

(800) 444-1744
INSURANCE INTERMEDIARIES INC



**EXTENSION OF INFORMATION PAGE**          **STATE:** MARYLAND - continued

**ITEM 4**   The premium for this policy will be determined by our Manuals of Rules, Classifications, Rates and Rating Plans. All information required below is subject to verification and change by audit.

| Classifications | Code No. | Premium Basis - Total Estimated Annual Remuneration | Rate per $100 of Remuneration | Estimated Annual Premium |
|---|---|---|---|---|
| Waiver of Subrogation Premium | 0930 | | | 250.00 |
| Premium for Increased Limits Part Two | 9812 | | .0110% | 225.00 |
| Total Subject Premium | | | | 20,923.00 |
| Premium Modified to Reflect Experience Mod. Of | 9898 | | .820 | 17,157.00 |
| Price Point Modification | 9732 | | .836 ( | 2,814.00) |
| Total Estimated Annual Standard Premium | | | | 14,343.00 |
| Premium Discount, if applicable | 0063 | | .0310%( | 445.00) |
| Foreign Terrorism | 9740 | 900,000.00 | .05 | 450.00 |
| Catastrophe Prov. Domestic Terror., EQ., Ind. Acc. | 9741 | 900,000.00 | .02 | 180.00 |
| Total Estimated Annual Premium | | | | 14,528.00 |

Servicing Office and Issue Date

Ohio Regional Office
11/22/16

Countersigned by: _____

*To report a claim, call your Agent or 1-800-362-0000*

**WC 99 06 48 B**

This page intentionally left blank.

**Liberty Mutual.**
INSURANCE

*Coverage is provided in*
*Ohio Security Insurance Company*

Policy Number
**XWS (17) 57 61 64 46**
Policy Period:
**From** 11/02/2016 **To** 11/02/2017
Endorsement Period:
**From**          **To**
12:01 am Standard Time
at Insured's Mailing Address

NCCI Co. No.  [19291]

**Workers Compensation and Employers Liability Insurance Policy Information Page**

**Named Insured**

CLEARCOMM OF TAMPABAY, INC.

**Agent**

(800) 444-1744
INSURANCE INTERMEDIARIES INC

**EXTENSION OF INFORMATION PAGE**            State: PENNSYLVANIA

**ITEM 4**   The premium for this policy will be determined by our Manuals of Rules, Classifications, Rates and Rating Plans. All information required below is subject to verification and change by audit.

| Classifications | Code No. | Premium Basis - Total Estimated Annual Remuneration | Rate per $100 of Remuneration | Estimated Annual Premium |
|---|---|---|---|---|
| CLEARCOMM OF TAMPABAY, INC. | | | | |
| 921 N 3rd St<br>Harrisburg, PA 17102-2064<br>NLC 001 CSN 001 state 37 exp rec link 00056<br>Retail Store NOC OC | | | | |
| | 0928 | 25,000.00 | 3.36 | 840.00 |
| 4600 Jonestown Rd<br>Harrisburg, PA 17109-6214<br>NLC 001 CSN 001 state 37 exp rec link 00057<br>Retail Store NOC OC | | | | |
| | 0928 | 25,000.00 | 3.36 | 840.00 |
| 404 E High St<br>Carlisle, PA 17013-2606<br>NLC 001 CSN 001 state 37 exp rec link 00069<br>Store Retail NOC | | | | |
| | 0928 | 25,000.00 | 3.36 | 840.00 |
| 4702 Carlisle Pike Ste 28<br>Mechanicsburg, PA 17050-3099<br>NLC 001 CSN 001 state 37 exp rec link 00074<br>Retail Store NOC OC | | | | |
| | 0928 | 25,000.00 | 3.36 | 840.00 |

| Servicing Office and Issue Date | Ohio Regional Office<br>11/22/16 | Countersigned by: _____ |
|---|---|---|

*To report a claim, call your Agent or 1-800-362-0000*

This page intentionally left blank.

Coverage is Provided In

# Liberty Mutual.
**INSURANCE**

*Ohio Security Insurance Company*

**NCCI Co. No.** [19291]

Workers Compensation and Employers Liability Insurance Policy Information Page

**POLICY NUMBER**
**XWS (17) 57 61 64 46**

Policy Period:
**From:** 11/02/2016 **To** 11/02/2017
Endorsement Period:
**From:** **To**
12:01 am Standard Time
at Insured's Mailing Address

**ITEM 1: The Insured**

CLEARCOMM OF TAMPABAY, INC.

**Agent & Phone No.**

(800) 444-1744
INSURANCE INTERMEDIARIES INC

**EXTENSION OF INFORMATION PAGE**   **STATE:** PENNSYLVANIA - continued

**ITEM 4**  The premium for this policy will be determined by our Manuals of Rules, Classifications, Rates and Rating Plans. All information required below is subject to verification and change by audit.

| Classifications | Code No. | Premium Basis - Total Estimated Annual Remuneration | Rate per $100 of Remuneration | Estimated Annual Premium |
|---|---|---|---|---|
| 807 Bowman St<br>Lebanon, PA 17046-8430<br>NLC 001 CSN 001 state 37 exp rec link 00086<br>Retail Store NOC OC | 0928 | 25,000.00 | 3.36 | 840.00 |
| 2701 Macarthur Rd<br>Whitehall, PA 18052-3632<br>NLC 001 CSN 001 state 37 exp rec link 00087<br>Retail Store NOC OC | 0928 | 25,000.00 | 3.36 | 840.00 |
| 1600 Lincoln Way E Unit C<br>Chambersburg, PA 17202-3346<br>NLC 001 CSN 001 state 37 exp rec link 00088<br>Retail Store NOC OC | 0928 | 25,000.00 | 3.36 | 840.00 |
| 2429 EASTON-NAZARETH RD<br>EASTON, PA 18045<br>NLC 001 CSN 001 state 37 exp rec link 00089<br>Retail Store NOC OC | 0928 | 25,000.00 | 3.36 | 840.00 |

| Servicing Office and Issue Date | Ohio Regional Office 11/22/16 | Countersigned by: _____ |
|---|---|---|

*To report a claim, call your Agent or 1-800-362-0000*

**WC 99 06 48 B**

This page intentionally left blank.

**Liberty Mutual.**
**INSURANCE**

*Coverage is provided in*
*Ohio Security Insurance Company*

POLICY NUMBER
**XWS (17) 57 61 64 46**
Policy Period:
**From:** 11/02/2016 **To** 11/02/2017
Endorsement Period:
**From:** **To**
12:01 am Standard Time
at Insured's Mailing Address

NCCI Co. No. 19291

Workers Compensation and
Employers Liability Insurance Policy
Information Page

**ITEM 1: The Insured**

**Agent & Phone No.**

CLEARCOMM OF TAMPABAY, INC.

(800) 444-1744
INSURANCE INTERMEDIARIES INC

---

**EXTENSION OF INFORMATION PAGE**    **STATE:** PENNSYLVANIA - continued

**ITEM 4** The premium for this policy will be determined by our Manuals of Rules, Classifications, Rates and Rating Plans.
All information required below is subject to verification and change by audit.

| Classifications | Code No. | Premium Basis - Total Estimated Annual Remuneration | Rate per $100 of Remuneration | Estimated Annual Premium |
|---|---|---|---|---|
| 1200 Market St Unit 368 Lemoyne, PA 17043-1417 NLC 001 CSN 001 state 37 exp rec link 00090 Retail Store NOC OC | 0928 | 25,000.00 | 3.36 | 840.00 |
| 1604 S 4th St Allentown, PA 18103-4922 NLC 001 CSN 001 state 37 exp rec link 00091 Retail Store NOC OC | 0928 | 25,000.00 | 3.36 | 840.00 |
| CLEAR COMM PENN INC 2501 Paxton St Harrisburg, PA 17111-1034 NLC 004 CSN 001 state 37 exp rec link 00055 Retail Store NOC OC | 0928 | 25,000.00 | 3.36 | 840.00 |
| Premium for Increased Limits Part Two | 9812 | | .0140% | 129.00 |
| Waiver of Subrogation Premium | 0930 | | | 250.00 |
| Total Subject Premium | | | | 9,619.00 |
| Total Estimated Annual Standard Premium | | | | 9,619.00 |
| Premium Discount, if applicable | 0063 | | .0310%( | 298.00) |

Servicing Office    Ohio Regional Office            Countersigned by: _____
and Issue Date      11/22/16

*To report a claim, call your Agent or 1-800-362-0000*

**WC 99 06 48 B**

This page intentionally left blank.

**Liberty Mutual.**
**INSURANCE**

Coverage is provided in
*Ohio Security Insurance Company*

POLICY NUMBER
**XWS (17) 57 61 64 46**
Policy Period:
**From:** 11/02/2016 **To** 11/02/2017
Endorsement Period:
**From:** To
12:01 am Standard Time
at Insured's Mailing Address

NCCI Co. No. 19291

**Workers Compensation and Employers Liability Insurance Policy Information Page**

**ITEM 1: The Insured**

CLEARCOMM OF TAMPABAY, INC.

**Agent & Phone No.**

(800) 444-1744
INSURANCE INTERMEDIARIES INC

**EXTENSION OF INFORMATION PAGE**        **STATE:**  PENNSYLVANIA - continued

**ITEM 4**    The premium for this policy will be determined by our Manuals of Rules, Classifications, Rates and Rating Plans. All information required below is subject to verification and change by audit.

| Classifications | Code No. | Premium Basis - Total Estimated Annual Remuneration | Rate per $100 of Remuneration | Estimated Annual Premium |
|---|---|---|---|---|
| Terrorism | 9740 | 275,000.00 | .03 | 83.00 |
| Catastrophe (Other than Certified Acts of Terror.) | 9741 | 275,000.00 | .02 | 55.00 |
| Total Estimated Annual Premium | | | | 9,459.00 |
| Employers Assessment PA | 0938 | | .0170 | 161.00 |
| Total Estimated Cost | | | | 9,620.00 |

Servicing Office
and Issue Date

Ohio Regional Office
11/22/16

Countersigned by: _____

*To report a claim, call your Agent or 1-800-362-0000*

**WC 99 06 48 B**

This page intentionally left blank.

**Liberty Mutual.**
**INSURANCE**

*Coverage is provided in*
*Ohio Security Insurance Company*

Policy Number
**XWS (17) 57 61 64 46**
Policy Period:
**From** 11/02/2016 **To** 11/02/2017
Endorsement Period:
**From**      **To**
12:01 am Standard Time
at Insured's Mailing Address

NCCI Co. No. | 19291

**Workers Compensation and Employers Liability Insurance Policy Information Page**

| Named Insured | Agent |
|---|---|
| CLEARCOMM OF TAMPABAY, INC. | (800) 444-1744 <br> INSURANCE INTERMEDIARIES INC |

**EXTENSION OF INFORMATION PAGE**      State: SOUTH CAROLINA

**ITEM 4**    The premium for this policy will be determined by our Manuals of Rules, Classifications, Rates and Rating Plans. All information required below is subject to verification and change by audit.

| Classifications | Code No. | Premium Basis - Total Estimated Annual Remuneration | Rate per $100 of Remuneration | Estimated Annual Premium |
|---|---|---|---|---|
| CLEARCOMM OF TAMPABAY, INC. | | | | |
| 3023 Wade Hampton Blvd <br> Taylors, SC 29687-2700 <br> NLC 001 CSN 001 state 39 exp rec link 00049 <br> Store: Retail NOC | | | | |
| | 8017 | 25,000.00 | 2.39 | 598.00 |
| 201 Mauldin St <br> Greenville, SC 29601 <br> NLC 001 CSN 001 state 39 exp rec link 00050 <br> Store: Retail NOC | | | | |
| | 8017 | 25,000.00 | 2.39 | 598.00 |
| 1779 Woodruff Rd SteB <br> GREENVILLE, SC 29607 <br> NLC 001 CSN 001 state 39 exp rec link 00051 <br> Store: Retail NOC | | | | |
| | 8017 | 25,000.00 | 2.39 | 598.00 |
| 1170 Woodruff Rd <br> Greenville, SC 29607-4154 <br> NLC 001 CSN 001 state 39 exp rec link 00052 <br> Store: Retail NOC | | | | |
| | 8017 | 25,000.00 | 2.39 | 598.00 |

| Servicing Office and Issue Date | Ohio Regional Office <br> 11/22/16 | Countersigned by: _____ |
|---|---|---|

*To report a claim, call your Agent or 1-800-362-0000*

This page intentionally left blank.

Coverage is provided in

**Liberty Mutual.**
**INSURANCE**

*Ohio Security Insurance Company*

**POLICY NUMBER**
**XWS (17) 57 61 64 46**

Policy Period:
**From:** 11/02/2016 **To** 11/02/2017
Endorsement Period:
**From:**               **To**
12:01 am Standard Time
at Insured's Mailing Address

**NCCI Co. No.** 19291

Workers Compensation and Employers Liability Insurance Policy Information Page

**ITEM 1: The Insured**

CLEARCOMM OF TAMPABAY, INC.

**Agent & Phone No.**

(800) 444-1744
INSURANCE INTERMEDIARIES INC

**EXTENSION OF INFORMATION PAGE**          **STATE:** SOUTH CAROLINA - continued

**ITEM 4**  The premium for this policy will be determined by our Manuals of Rules, Classifications, Rates and Rating Plans. All information required below is subject to verification and change by audit.

| Classifications | Code No. | Premium Basis - Total Estimated Annual Remuneration | Rate per $100 of Remuneration | Estimated Annual Premium |
|---|---|---|---|---|
| 609 White Horse Rd<br>Greenville, SC 29605-3531<br>NLC 001 CSN 001 state 39 exp rec link 00053<br>Store: Retail NOC | | | | |
| | 8017 | 25,000.00 | 2.39 | 598.00 |
| 704 Easley Bridge Rd<br>Greenville, SC 29611-5124<br>NLC 001 CSN 001 state 39 exp rec link 00054<br>Store: Retail NOC | | | | |
| | 8017 | 25,000.00 | 2.39 | 598.00 |
| CLEARCOMM NC INC | | | | |
| 570 W Washington St<br>Greenville, SC 29601-1923<br>NLC 008 CSN 001 state 39 exp rec link 00075<br>Store: Retail NOC | | | | |
| | 8017 | 25,000.00 | 2.39 | 598.00 |
| Waiver of Subrogation Premium | 0930 | | | 250.00 |
| Premium for Increased Limits Part Two | 9812 | | .0110% | 46.00 |
| Total Subject Premium | | | | 4,482.00 |
| Premium Modified to Reflect Experience Mod. Of | 9898 | | .820 | 3,675.00 |
| Price Point Modification | 9732 | credit | .791 ( | 768.00) |

Servicing Office     Ohio Regional Office
and Issue Date        11/22/16

Countersigned by: _____

*To report a claim, call your Agent or 1-800-362-0000*

**WC 99 06 48 B**

This page intentionally left blank.

**Liberty Mutual.**
**INSURANCE**

*Coverage is provided in*
*Ohio Security Insurance Company*

POLICY NUMBER
**XWS (17) 57 61 64 46**

Policy Period:
**From:** 11/02/2016 **To** 11/02/2017
Endorsement Period:
**From:** To
12:01 am Standard Time
at Insured's Mailing Address

NCCI Co. No. 19291

**Workers Compensation and**
**Employers Liability Insurance Policy**
**Information Page**

**ITEM 1: The Insured**

Agent & Phone No.

CLEARCOMM OF TAMPABAY, INC.

(800) 444-1744
INSURANCE INTERMEDIARIES INC

**EXTENSION OF INFORMATION PAGE**    **STATE:** SOUTH CAROLINA - continued

**ITEM 4**  The premium for this policy will be determined by our Manuals of Rules, Classifications, Rates and Rating Plans.
All information required below is subject to verification and change by audit.

| Classifications | Code No. | Premium Basis - Total Estimated Annual Remuneration | Rate per $100 of Remuneration | Estimated Annual Premium |
|---|---|---|---|---|
| Total Estimated Annual Standard Premium | | | | 2,907.00 |
| Premium Discount, if applicable | 0063 | | .0380%( | 110.00) |
| Terrorism | 9740 | 175,000.00 | .02 | 35.00 |
| Catastrophe (Other than Certified Acts of Terror.) | 9741 | 175,000.00 | .02 | 35.00 |
| Total Estimated Annual Premium | | | | 2,867.00 |

Servicing Office     Ohio Regional Office          Countersigned by: _____
and Issue Date       11/22/16

*To report a claim, call your Agent or 1-800-362-0000*

**WC 99 06 48 B**

This page intentionally left blank.

**Liberty Mutual.**
**INSURANCE**

*Coverage is provided in*
*Ohio Security Insurance Company*

Policy Number
**XWS (17) 57 61 64 46**
Policy Period:
**From** 11/02/2016 **To** 11/02/2017
Endorsement Period:
**From**                    **To**
12:01 am Standard Time
at Insured's Mailing Address

NCCI Co. No.    19291

**Workers Compensation and Employers Liability Insurance Policy Information Page**

| Named Insured | Agent |
|---|---|
| CLEARCOMM OF TAMPABAY, INC. | (800) 444-1744 |
| | INSURANCE INTERMEDIARIES INC |

**EXTENSION OF INFORMATION PAGE**          State: TEXAS

**ITEM 4**   The premium for this policy will be determined by our Manuals of Rules, Classifications, Rates and Rating Plans. All information required below is subject to verification and change by audit.

| Classifications | Code No. | Premium Basis - Total Estimated Annual Remuneration | Rate per $100 of Remuneration | Estimated Annual Premium |
|---|---|---|---|---|
| CLEARCOMM OF TEXAS, INC | | | | |
| | | | | |
| 900 E Mccart St | | | | |
| Krum, TX 76249-7165 | | | | |
| NLC 006 CSN 001 state 42 exp rec link 00094 | | | | |
| Store: Retail NOC & Drivers | | | | |
| | 8017 | 25,000.00 | 1.51 | 378.00 |
| | | | | |
| Blanket Waiver of Subrogation Premium | 0930 | | | 8.00 |
| Premium for Increased Limits Part Two | 9812 | | .0140% | 5.00 |
| Total Subject Premium | | | | 391.00 |
| Premium Modified to Reflect Experience Mod. Of | 9898 | | .820 | 321.00 |
| Price Point Modification | 9732 | | .989 ( | 4.00) |
| Total Estimated Annual Standard Premium | | | | 317.00 |
| Premium Discount, if applicable | 0063 | | .0830%( | 26.00) |
| Terrorism | 9740 | 25,000.00 | .02 | 5.00 |
| Total Estimated Annual Premium | | | | 296.00 |

| Servicing Office and Issue Date | Ohio Regional Office 11/22/16 | Countersigned by: _____ |
|---|---|---|

*To report a claim, call your Agent or 1-800-362-0000*

This page intentionally left blank.

Case 8:20-cv-01373-VMC-CPT Document 1-1 Filed 06/15/20 Page 504 of 531 PageID 509

# Liberty Mutual. INSURANCE

*Coverage is provided in*
*Ohio Security Insurance Company*

Policy Number
**XWS (17) 57 61 64 46**

Policy Period:
**From** 11/02/2016 **To** 11/02/2017

Endorsement Period:
**From** **To**

12:01 am Standard Time
at Insured's Mailing Address

NCCI Co. No. 19291

## Workers Compensation and Employers Liability Insurance Policy Information Page

| Named Insured | Agent |
|---|---|
| CLEARCOMM OF TAMPABAY, INC. | (800) 444-1744 |
| | INSURANCE INTERMEDIARIES INC |

**EXTENSION OF INFORMATION PAGE**          State: VIRGINIA

**ITEM 4**    The premium for this policy will be determined by our Manuals of Rules, Classifications, Rates and Rating Plans. All information required below is subject to verification and change by audit.

| Classifications | Code No. | Premium Basis - Total Estimated Annual Remuneration | Rate per $100 of Remuneration | Estimated Annual Premium |
|---|---|---|---|---|
| CLEARCOMM OF TAMPABAY, INC. | | | | |
| 910 Great Bridge Blvd<br>Chesapeake, VA 23320-6642<br>NLC 001 CSN 001 state 45 exp rec link 00062<br>Store: Retail NOC | 8017 | 25,000.00 | 1.90 | 475.00 |
| 43 Hidenwood Shopping Ctr<br>Newport News, VA 23606-2200<br>NLC 001 CSN 001 state 45 exp rec link 00064<br>Store: Retail NOC | 8017 | 25,000.00 | 1.90 | 475.00 |
| 1075 George Washington Hwy S<br>Chesapeake, VA 23323-6339<br>NLC 001 CSN 001 state 45 exp rec link 00065<br>Store: Retail NOC | 8017 | 25,000.00 | 1.90 | 475.00 |
| 1241 Frederick Blvd<br>Portsmouth, VA 23707-4113<br>NLC 001 CSN 001 state 45 exp rec link 00068<br>Store: Retail NOC | 8017 | 25,000.00 | 1.90 | 475.00 |

| Servicing Office and Issue Date | Ohio Regional Office<br>11/22/16 | Countersigned by: _____ |
|---|---|---|

*To report a claim, call your Agent or 1-800-362-0000*

This page intentionally left blank.

# Liberty Mutual.
## INSURANCE

*Coverage is provided in*
*Ohio Security Insurance Company*

Workers Compensation and Employers Liability Insurance Policy Information Page

NCCI Co. No.  19291

**POLICY NUMBER**
**XWS (17) 57 61 64 46**
Policy Period:
**From:** 11/02/2016 **To** 11/02/2017
Endorsement Period:
**From:**          **To**
12:01 am Standard Time
at Insured's Mailing Address

**ITEM 1: The Insured**

CLEARCOMM OF TAMPABAY, INC.

**Agent & Phone No.**

(800) 444-1744
INSURANCE INTERMEDIARIES INC

---

**EXTENSION OF INFORMATION PAGE**          **STATE:** VIRGINIA - continued

**ITEM 4**  The premium for this policy will be determined by our Manuals of Rules, Classifications, Rates and Rating Plans. All information required below is subject to verification and change by audit.

| Classifications | Code No. | Premium Basis - Total Estimated Annual Remuneration | Rate per $100 of Remuneration | Estimated Annual Premium |
|---|---|---|---|---|
| 4200 Portsmouth Blvd Chesapeake, VA 23321-2100 NLC 001 CSN 001 state 45 exp rec link 00072 Store: Retail NOC | 8017 | 25,000.00 | 1.90 | 475.00 |
| 1714 W Ocean View Ave Norfolk, VA 23503-1502 NLC 001 CSN 001 state 45 exp rec link 00073 Store: Retail NOC | 8017 | 25,000.00 | 1.90 | 475.00 |
| WIRELESS WORKS LLC 810 High St Portsmouth, VA 23704-3334 NLC 003 CSN 001 state 45 exp rec link 00063 Store: Retail NOC | 8017 | 25,000.00 | 1.90 | 475.00 |
| Waiver of Subrogation Premium | 0930 | | | 250.00 |
| Premium for Increased Limits Part Two | 9812 | | .0110% | 37.00 |
| Total Subject Premium | | | | 3,612.00 |
| Premium Modified to Reflect Experience Mod. Of | 9898 | | .820 | 2,962.00 |
| Total Estimated Annual Standard Premium | | | | 2,962.00 |

Servicing Office and Issue Date          Ohio Regional Office          Countersigned by: _____
                                         11/22/16

---

*To report a claim, call your Agent or 1-800-362-0000*

**WC 99 06 48 B**

This page intentionally left blank.

# Liberty Mutual
### INSURANCE

Ohio Security Insurance Company

**Workers Compensation and Employers Liability Insurance Policy Information Page**

NCCI Co. No. 19291

POLICY NUMBER
**XWS (17) 57 61 64 46**

Policy Period:
**From:** 11/02/2016 **To** 11/02/2017
Endorsement Period:
**From:** To
12:01 am Standard Time
at Insured's Mailing Address

---

**ITEM 1: The Insured**

CLEARCOMM OF TAMPABAY, INC.

**Agent & Phone No.**

(800) 444-1744
INSURANCE INTERMEDIARIES INC

---

**EXTENSION OF INFORMATION PAGE**          **STATE:** VIRGINIA - continued

**ITEM 4**   The premium for this policy will be determined by our Manuals of Rules, Classifications, Rates and Rating Plans. All information required below is subject to verification and change by audit.

| Classifications | Code No. | Premium Basis - Total Estimated Annual Remuneration | Rate per $100 of Remuneration | Estimated Annual Premium |
|---|---|---|---|---|
| Premium Discount, if applicable | 0063 | | .0310%( | 92.00) |
| Expense Constant | 0900 | | | 260.00 |
| Terrorism | 9740 | 175,000.00 | .04 | 70.00 |
| Total Estimated Annual Premium | | | | 3,200.00 |

---

Servicing Office and Issue Date    Ohio Regional Office    11/22/16    Countersigned by: _____

*To report a claim, call your Agent or 1-800-362-0000*

**WC 99 06 48 B**

This page intentionally left blank.



**Liberty Mutual.**
INSURANCE

*Coverage is provided in*
*Ohio Security Insurance Company*

Policy Number
**XWS (17) 57 61 64 46**
Policy Period:
**From** 11/02/2016 **To** 11/02/2017
Endorsement Period:
**From**          **To**
12:01 am Standard Time
at Insured's Mailing Address

NCCI Co. No. 19291

**Workers Compensation and Employers Liability Insurance Policy Information Page**

| Named Insured | Agent |
|---|---|
| CLEARCOMM OF TAMPABAY, INC. | (800) 444-1744 |
| | INSURANCE INTERMEDIARIES INC |



## EXTENSION OF INFORMATION PAGE

## POLICY FORMS AND ENDORSEMENTS

This section lists all the Forms and Endorsements that make up your policy. Refer to these documents as needed for detailed information concerning your coverage.

| FORM NUMBER | TITLE | STATE(S) Applicable |
|---|---|---|
| DNE-1A | Deductible Notice of Election | TX |
| WC 00 03 10 | Sole Proprietors, Partners, Officers and Others Coverage Endorsement | MD DC SC LA PA |
| | | VA FL |
| WC 00 03 13 | Waiver of Our Right to Recover from Others Endorsement | MD DC SC LA PA |
| | | VA FL |
| WC 00 04 06 | Premium Discount Endorsement | MD DC SC LA PA |
| | | VA TX |
| WC 00 04 06 A | Premium Discount Endorsement | FL |
| WC 00 04 14 | Notification of Change in Ownership Endorsement | FL MD DC SC LA |
| | | VA TX |
| WC 00 04 19 | Premium Due Date Endorsement | MD DC SC LA PA |
| | | VA FL |
| WC 00 04 21 D | Catastrophe (Other Than Certified Acts of Terrorism) Premium Endorsement | MD DC SC LA PA |
| WC 00 04 22 B | Terrorism Risk Insurance Program Reauthorization Act Disclosure Endorsement | MD DC SC LA PA |
| | | VA TX |
| WC 08 06 01 | District of Columbia Cancelation Endorsement | DC |
| WC 09 03 03 | Florida Employers Liability Coverage Endorsement | FL |
| WC 09 04 03 B | Florida Terrorism Risk Insurance Program Reauthorization Act Endorsement | FL |



| Servicing Office and Issue Date | Ohio Regional Office 11/22/16 | Countersigned by: _____ |
|---|---|---|

*To report a claim, call your Agent or 1-800-362-0000*

This page intentionally left blank.



**Liberty Mutual.**
INSURANCE

*Coverage is provided in*
**Ohio Security Insurance Company**

NCCI Co. No. ☐ 19291

**Workers Compensation and Employers Liability Insurance Policy Information Page**

Policy Number
**XWS (17) 57 61 64 46**
Policy Period:
**From** 11/02/2016 **To** 11/02/2017
Endorsement Period:
**From**          **To**
12:01 am Standard Time
at Insured's Mailing Address

| Named Insured | Agent |
|---|---|
| CLEARCOMM OF TAMPABAY, INC. | (800) 444-1744 |
| | INSURANCE INTERMEDIARIES INC |

## EXTENSION OF INFORMATION PAGE



## POLICY FORMS AND ENDORSEMENTS   - continued

This section lists all the Forms and Endorsements that make up your policy. Refer to these documents as needed for detailed information concerning your coverage.

| FORM NUMBER | TITLE | STATE(S) Applicable |
|---|---|---|
| WC 09 04 07 | Florida Non-Cooperation With Premium Audit Endorsement | FL |
| WC 09 06 06 | Florida Employment and Wage Information Release Endorsement | FL |
| WC 17 03 03 | Louisiana Duty to Defend Endorsement | LA |
| WC 17 06 01 F | Louisiana Amendatory Endorsement | LA |
| WC 17 06 02 A | Louisiana Cost Containment Act Endorsement | LA |
| WC 19 06 01 F | Maryland Cancellation and Nonrenewal Endorsement | MD |
| WC 19 06 02 | Maryland Notification of 45-Day Underwriting Period Endorsement | MD |
| WC 37 04 05 | Pennsylvania Merit Rating Plan Endorsement | PA |
| WC 37 06 01 | Special Pennsylvania Endorsement--Inspection Of Manuals | PA |
| WC 37 06 02 | Pennsylvania Notice | PA |
| WC 37 06 03 A | Pennsylvania Act 86-1986 Endorsement | PA |
| WC 37 06 04 | Pennsylvania Employer Assessment Endorsement | PA |
| WC 42 03 01 H | Texas Amendatory Endorsement | TX |
| WC 42 03 04 B | Texas Waiver of Our Right To Recover From Others Endorsement | TX |
| WC 42 03 10 | Texas Sole Proprietors, Partners, Officers and Others Coverage Endorsement | TX |
| WC 42 04 07 | Texas - Audit Premium And Retrospective Premium Endorsement | TX |
| WC 45 06 02 | Virginia Amendatory Endorsement | VA |
| WC 99 04 20 | Texas Terrorism Premium Endorsement | TX |
| WC 99 06 14 | Participating Provision Endorsement | FL |

| Servicing Office and Issue Date | Ohio Regional Office 11/22/16 | Countersigned by: _____ |
|---|---|---|

*To report a claim, call your Agent or 1-800-362-0000*

This page intentionally left blank.

**WORKERS COMPENSATION  AND EMPLOYERS LIABILITY INSURANCE  POLICY**            **WC 00 03 10**
                                                                                (Ed. 4-84)

### SOLE PROPRIETORS, PARTNERS, OFFICERS AND OTHERS COVERAGE ENDORSEMENT

An election  was made by or on behalf  of each person described  in the Schedule  to be subject  to the workers
compensation   law of the state named  in the Schedule.  The premium  basis for the policy  includes  the
remuneration   of such persons.

Schedule

Persons                                                                                       State

Sole  Proprietor:

                                                                        DC

Partners:

                                                                        DC

                                                                        DC

Officers:
Yousef Sihweil                                                          DC
Omar Masir
Noor Masri

                                                                        DC

Others:

                                                                        DC

**WC 00 03 10**
(Ed. 4-84)                                          1 of 2

Copyright 1983 National  Council on Compensation Insurance, Inc.

**WC 00 03 10**                    WORKERS COMPENSATION  AND EMPLOYERS LIABILITY INSURANCE  POLICY
(Ed. 4-84)

This endorsement  changes the policy  to which  it is attached  and is effective  on the date issued unless otherwise  stated.

**(The information  below is required  only when  this endorsement  is issued subsequent  to preparation  of the policy.)**

Endorsement  Effective                         Endorsement  No.  0001

Policy  Effective    11/02/2016                 Premium

State

Policy  No.   XWS  (17) 57 61 64 46

Insured    CLEARCOMM  OF TAMPABAY,  INC.


Insurance  Company    Ohio Security  Insurance  Company          19291

Countersigned   by _____

**WC 00 03 10**
(Ed. 4-84)                                      2 of 2

Copyright 1983 National  Council on Compensation Insurance, Inc.

**WORKERS COMPENSATION  AND EMPLOYERS LIABILITY INSURANCE  POLICY**

**WC 00 03 13**
(Ed. 4-84)



### WAIVER  OF OUR  RIGHT  TO RECOVER  FROM  OTHERS  ENDORSEMENT

We have the right  to recover  our payments  from anyone  liable  for an injury  covered by this policy.  We will not enforce  our right  against the person  or organization  named in the Schedule.  (This agreement  applies only  to the extent  that you perform  work under  a written  contract  that requires  you to obtain  this agreement  from  us.)

This agreement  shall not operate  directly  or indirectly  to benefit  anyone  not named  in the Schedule.

Schedule

BLANKET

This endorsement  changes the policy  to which  it is attached  and is effective  on the date issued  unless otherwise  stated.

**(The information  below  is required  only when  this endorsement  is issued subsequent  to preparation  of the policy.)**

Endorsement  Effective

Policy  Effective    11/02/2016

State

Policy  No.   XWS  (17)  57 61 64 46

Insured    CLEARCOMM  OF TAMPABAY,  INC.

Endorsement  No.  0002

Premium

Insurance  Company   Ohio Security  Insurance  Company        19291

Countersigned  by _____

**WC 00 03 13**
(Ed. 4-84)

Copyright 1983 National  Council on Compensation Insurance, Inc.

This page intentionally left blank.

**WORKERS COMPENSATION  AND EMPLOYERS LIABILITY INSURANCE  POLICY**  **WC 00 04 06**
(Ed. 4-84)

---

## PREMIUM  DISCOUNT  ENDORSEMENT

The premium  for this policy  and the policies,  if any, listed in Item 3 of the Schedule  may be eligible  for a discount.  This endorsement  shows  your estimated  discount  in Items 1 or 2 of the Schedule.  The final calculation  of premium  discount  will be determined  by our manuals  and your premium  basis as determined by audit.  Premium  subject to retrospective  rating is not subject to premium  discount.

Schedule

1. **State**          **Estimated  Eligible  Premium**

| | First | Next | Next | |
|---|---|---|---|---|
| | $5,000 | $95,000 | $400,000 | Balance |
| TEXAS | Nil | 9.5% | 11.9% | 12.4% |
| | $5,000 | $95,000 | $400,000 | Balance |
| DISTRICT OF COLUMBIA | Nil | 3.5% | 5.0% | 7.0% |
| LOUISIANA | | | | |
| MARYLAND | | | | |
| PENNSYLVANIA | | | | |
| VIRGINIA | | | | |
| | $10,000 | $190,000 | $1,550,000 | BALANCE |
| SOUTH CAROLINA | NIL | 5.1% | 6.5% | 7.5% |

2.  Average  percentage  discount:

**WC 00 04 06**                              1  of  2
(Ed. 4-84)

© **1995 National  Council on Compensation Insurance, Inc.**

**WORKERS COMPENSATION  AND EMPLOYERS LIABILITY INSURANCE  POLICY**     **WC 00 04 06**
(Ed. 4-84)

### PREMIUM  DISCOUNT  ENDORSEMENT

3.   Other policies:

4.   If there are no entries  in Items  1, 2 and 3 of the Schedule,  see the Premium  Discount  Endorsement  attached  to your policy  number:

This endorsement  changes the policy  to which  it is attached  and is effective  on the date issued  unless  otherwise  stated.

**(The information  below is required  only when this endorsement  is issued subsequent  to preparation  of the policy.)**

Endorsement  Effective                                    Endorsement  No.  0003

Policy  Effective    11/02/2016                             Premium

State

Policy  No.   XWS  (17) 57 61 64 46

Insured    CLEARCOMM  OF TAMPABAY,  INC.

Insurance  Company    Ohio Security  Insurance  Company        19291

Countersigned   by _____

**WC 00 04 06**
(Ed. 4-84)                                                       2   of   2

© **1995 National  Council on Compensation Insurance, Inc.**

**WORKERS COMPENSATION  AND EMPLOYERS LIABILITY INSURANCE  POLICY**

**WC 00 04 06 A**
(Ed. 8-95)

## PREMIUM  DISCOUNT  ENDORSEMENT

The premium  for this policy  and the policies,  if any, listed in Item 3 of the Schedule  may be eligible  for a discount.  This endorsement  shows  your estimated  discount  in Items 1 or 2 of the Schedule.  The final calculation  of premium  discount  will be determined  by our manuals  and your premium  basis as determined by audit.  Premium  subject to retrospective  rating is not subject to premium  discount.

Schedule



| 1.  **State** | **Estimated  Eligible  Premium** | | | |
|---|---|---|---|---|
| | First | Next | Next | |
| | $10,000 | $190,000 | $1,550,000 | BALANCE |
| FLORIDA | NIL | 5.1% | 6.5% | 7.5% |

2.   Average  percentage  discount:

**WC 00 04 06 A**
(Ed. 8-95)

1   of   2



© **1995 National  Council on Compensation Insurance, Inc.**

**WORKERS COMPENSATION  AND EMPLOYERS LIABILITY INSURANCE  POLICY**     **WC 00 04 06 A**
(Ed. 8-95)

### PREMIUM  DISCOUNT  ENDORSEMENT

3.   Other policies:

4.   If there are no entries in Items 1, 2 and 3 of the Schedule, see the Premium  Discount  Endorsement attached to your policy number:

This endorsement  changes the policy to which it is attached and effective on the date issued unless other-wise stated.

**(The information  below is required  only when this endorsement  is issued subsequent  to preparation  of the policy.)**

Endorsement  Effective                                    Endorsement  No.   0004

Policy Effective   11/02/2016                          Premium

State

Policy No.   XWS (17) 57 61 64 46

Insured   CLEARCOMM OF TAMPABAY,  INC.

Insurance  Company   Ohio Security  Insurance  Company      19291

Countersigned  by _____

**WC 00 04 06 A**
(Ed. 8-95)                                                         2   of   2

© **1995 National  Council on Compensation Insurance, Inc.**

**WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY**  **WC 00 04 21 D**
(Ed. 1-15)

---

### CATASTROPHE (OTHER THAN CERTIFIED ACTS OF TERRORISM) PREMIUM ENDORSEMENT

This endorsement is notification that your insurance carrier is charging premium to cover the losses that may occur in the event of a Catastrophe (other than Certified Acts of Terrorism) as that term is defined below. Your policy provides coverage for workers compensation losses caused by a Catastrophe (other than Certified Acts of Terrorism). This premium charge does not provide funding for Certified Acts of Terrorism contemplated under the Terrorism Risk Insurance Program Reauthorization Act Disclosure Endorsement (WC 00 04 22 B), attached to this policy.

For purposes of this endorsement, the following definitions apply:

- Catastrophe (other than Certified Acts of Terrorism): Any single event, resulting from an Earthquake, Noncertified Act of Terrorism, or Catastrophic Industrial Accident, which results in aggregate workers compensation losses in excess of $50 million.

- Earthquake: The shaking and vibration at the surface of the earth resulting from underground movement along a fault plane or from volcanic activity.

- Noncertified Act of Terrorism: An event that is not certified as an Act of Terrorism by the Secretary of Treasury pursuant to the Terrorism Risk Insurance Act of 2002 (as amended) but that meets all of the following criteria:

  a. It is an act that is violent or dangerous to human life, property, or infrastructure;

  b. The act results in damage within the United States, or outside of the United States in the case of the premises of United States missions or air carriers or vessels as those terms are defined in the Terrorism Risk Insurance Act of 2002 (as amended); and

  c. It is an act that has been committed by an individual or individuals as part of an effort to coerce the civilian population of the United States or to influence the policy or affect the conduct of the United States Government by coercion.

- Catastrophic Industrial Accident: A chemical release, large explosion, or small blast that is localized in nature and affects workers in a small perimeter the size of a building.

The premium charge for the coverage your policy provides for workers compensation losses caused by a Catastrophe (other than Certified Acts of Terrorism) is shown in Item 4 of the Information Page or in the Schedule below.

#### Schedule

| State | Rate | Premium |
|-------|------|---------|
|       |      |         |

This endorsement changes the policy to which it is attached and is effective on the date issued unless otherwise stated.

**(The information below is required only when this endorsement is issued subsequent to preparation of the policy.)**

Endorsement Effective                                    Endorsement No. 0004

Policy Effective   11/02/2016                            Premium

State

Policy No.  XWS (17) 57 61 64 46

Insured   CLEARCOMM OF TAMPABAY, INC.


Insurance Company   Ohio Security Insurance Company          19291

Countersigned by _____

**WC 00 04 21 D**
(Ed. 1-15)

Page 1 of 2

© Copyright 2015 National Council on Compensation Insurance, Inc. All Rights Reserved.

**WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY**

WC 00 04 22 B
(Ed. 1-15)

### TERRORISM RISK INSURANCE PROGRAM REAUTHORIZATION ACT DISCLOSURE ENDORSEMENT

This endorsement addresses the requirements of the Terrorism Risk Insurance Act of 2002 as amended and extended by the Terrorism Risk Insurance Program Reauthorization Act of 2015. It serves to notify you of certain limitations under the Act, and that your insurance carrier is charging premium for losses that may occur in the event of an Act of Terrorism.

Your policy provides coverage for workers compensation losses caused by Acts of Terrorism, including workers compensation benefit obligations dictated by state law. Coverage for such losses is still subject to all terms, definitions, exclusions, and conditions in your policy, and any applicable federal and/or state laws, rules, or regulations.

**Definitions**

The definitions provided in this endorsement are based on and have the same meaning as the definitions in the Act. If words or phrases not defined in this endorsement are defined in the Act, the definitions in the Act will apply.

"Act" means the Terrorism Risk Insurance Act of 2002, which took effect on November 26, 2002, and any amendments thereto, including any amendments resulting from the Terrorism Risk Insurance Program Reauthorization Act of 2015.

"Act of Terrorism" means any act that is certified by the Secretary of the Treasury, in consultation with the Secretary of Homeland Security, and the Attorney General of the United States as meeting all of the following requirements:

a. The act is an act of terrorism.

b. The act is violent or dangerous to human life, property or infrastructure.

c. The act resulted in damage within the United States, or outside of the United States in the case of the premises of United States missions or certain air carriers or vessels.

d. The act has been committed by an individual or individuals as part of an effort to coerce the civilian population of the United States or to influence the policy or affect the conduct of the United States Government by coercion.

"Insured Loss" means any loss resulting from an act of terrorism (and, except for Pennsylvania, including an act of war, in the case of workers compensation) that is covered by primary or excess property and casualty insurance issued by an insurer if the loss occurs in the United States or at the premises of United States missions or to certain air carriers or vessels.

"Insurer Deductible" means, for the period beginning on January 1, 2015, and ending on December 31, 2020, an amount equal to 20% of our direct earned premiums, during the immediately preceding calendar year.

**Limitation of Liability**

The Act limits our liability to you under this policy. If aggregate Insured Losses exceed $100,000,000,000 in a calendar year and if we have met our Insurer Deductible, we are not liable for the payment of any portion of the amount of Insured Losses that exceeds $100,000,000,000; and for aggregate Insured Losses up to $100,000,000,000, we will pay only a pro rata share of such Insured Losses as determined by the Secretary of the Treasury.

**Policyholder Disclosure Notice**

1. Insured Losses would be partially reimbursed by the United States Government. If the aggregate industry Insured Losses exceed:

   a. $100,000,000, with respect to such Insured Losses occurring in calendar year 2015, the United States Government would pay 85% of our Insured Losses that exceed our Insurer Deductible.

   b. $120,000,000, with respect to such Insured Losses occurring in calendar year 2016, the United States Government would pay 84% of our Insured Losses that exceed our Insurer Deductible.

WC 00 04 22 B
(Ed. 1-15)

Page 1 of 2

© Copyright 2015 National Council on Compensation Insurance, Inc. All Rights Reserved.

**WC 00 04 22 B**  WORKERS COMPENSATION  AND EMPLOYERS LIABILITY INSURANCE  POLICY
(Ed. 1-15)



c.  $140,000,000, with  respect to such Insured Losses occurring  in calendar  year 2017, the United States Government  would  pay 83% of our Insured  Losses that exceed our Insurer  Deductible.

d.  $160,000,000, with  respect to such Insured Losses occurring  in calendar  year 2018, the United States Government  would  pay 82% of our Insured  Losses that exceed our Insurer  Deductible.

e.  $180,000,000, with  respect to such Insured Losses occurring  in calendar  year 2019, the United States Government  would  pay 81% of our Insured  Losses that exceed our Insurer  Deductible.

f.  $200,000,000, with  respect to such Insured Losses occurring  in calendar  year 2020, the United States Government  would  pay 80% of our Insured  Losses that exceed our Insurer  Deductible.

2.  Notwithstanding   item 1 above, the United States Government  will  not make any payment  under the Act for any portion  of Insured  Losses that exceed $100,000,000,000.

3.  The premium  charge for the coverage your policy provides  for Insured  Losses is included  in the amount shown  in Item 4 of the Information   Page or in the Schedule  below.

## Schedule

| State | Rate | Premium |
|-------|------|---------|
|       |      |         |

This endorsement  changes the policy  to which  it is attached  and is effective  on the date issued  unless otherwise  stated.

**(The information  below is required  only when this endorsement  is issued subsequent  to preparation  of the policy.)**

Endorsement  Effective                          Endorsement  No.  0004

Policy  Effective     11/02/2016                  Premium

State

Policy  No.   XWS (17) 57 61 64 46

Insured    CLEARCOMM  OF TAMPABAY,  INC.

Insurance  Company   Ohio  Security  Insurance  Company        19291

Countersigned  by  _____

**WC 00 04 22 B**
(Ed. 1-15)

© Copyright 2015 National  Council on Compensation Insurance, Inc. All Rights Reserved.

**WORKERS COMPENSATION  AND EMPLOYERS LIABILITY INSURANCE  POLICY**   WC 37 06 04
(Ed. 10-99)

## PENNSYLVANIA

### EMPLOYER ASSESSMENT ENDORSEMENT

Act 57 of 1997 requires that "...the assessments for the maintenance of the Subsequent Injury Fund, the Workmen's Compensation Supersedes Fund and the Workmen's Compensation Administration Fund under sections 306.2, 443 and 446 of the act of June 2, 1915 (P.L. 736, No. 338), known as the "Workers' Compensation Act, shall be imposed, collected and remitted through insurers in accordance with regulations promulgated by the Department of Labor and Industry."

### EMPLOYER ASSESSMENT FORMULA:

| **Employer** | = Act 57 of 1997 Employer **X** | Employer  Assessment |
| **Assessment** | Assessment  Factor | Premium  Base |

**Act 57 of 1997 Employer Assessment Factor**
A factor expressed to four decimal places proposed by the Pennsylvania Compensation Rating Bureau and approved by the Pennsylvania Insurance Commissioner.

**Employer Assessment Premium Base**
Calculation of Employer Assessment Premium Base proceeds by adding back to the total policy premium the amount of any Small Deductible Premium Credit or Large Deductible Premium Credit.

### CODE 0938

**EMPLOYER ASSESSMENT
FACTOR**

**EMPLOYER ASSESSMENT**

0.017

161.00

This endorsement changes the policy to which it is attached and is effective on the date issued unless otherwise stated.

**(The information below is required only when this endorsement is issued subsequent to preparation of the policy.)**

Endorsement  Effective                               Endorsement  No.   0004

Policy  Effective    11/02/2016                        Premium

State

Policy  No.   XWS  (17) 57 61 64 46

Insured    CLEARCOMM  OF TAMPABAY,  INC.

Insurance  Company   Ohio Security Insurance  Company        19291

Countersigned  by _____

**WC 37 06 04**
(Ed. 10-99)
**Copyright, 1999 Pennsylvania Compensation Rating Bureau**

**WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY**

WC 42 03 04 B
(Ed. 6-14)



### TEXAS WAIVER OF OUR RIGHT TO RECOVER FROM OTHERS ENDORSEMENT

This endorsement applies only to the insurance provided by the policy because Texas is shown in Item 3.A. of the Information Page.

We have the right to recover our payments from anyone liable for an injury covered by this policy. We will not enforce our right against the person or organization named in the Schedule, but this waiver applies only with respect to bodily injury arising out of the operations described in the Schedule where you are required by a written contract to obtain this waiver from us.

This endorsement shall not operate directly or indirectly to benefit anyone not named in the Schedule.

The premium for this endorsement is shown in the Schedule.

**Schedule**

**1.** Specific Waiver

   Name of person or organization

   X   Blanket Waiver

   Any person or organization for whom the Named Insured has agreed by written contract to furnish this waiver.

2. Operations:
   All Texas Operations

3. Premium

   The premium charge for this endorsement shall be 2                    percent of the premium developed on payroll in connection with work performed for the above person(s) or organization(s) arising out of the operations described.

4. Advance Premium

**WC 42 03 04 B**
(Ed. 6-14)

© Copyright 2014 National Council on Compensation Insurance, Inc. All Rights Reserved.

**WC 42 03 04 B**          WORKERS COMPENSATION  AND EMPLOYERS LIABILITY INSURANCE  POLICY
(Ed. 6-14)

This endorsement  changes the policy  to which  it is attached  and is effective  on the date issued unless otherwise  stated.

**(The information  below is required  only when this endorsement  is issued subsequent  to preparation  of the policy.)**

Endorsement  Effective                              Endorsement  No.   0004

Policy  Effective   11/02/2016                       Premium

State

Policy  No.   XWS  (17) 57 61 64 46

Insured    CLEARCOMM  OF TAMPABAY,  INC.

Insurance  Company    Ohio Security  Insurance  Company        19291

**WC 42 03 04 B**                    Countersigned   by _____
(Ed. 6-14)

2 of 2

©  Copyright 2014 National  Council on Compensation Insurance, Inc. All Rights Reserved.

**WORKERS COMPENSATION  AND EMPLOYERS LIABILITY INSURANCE  POLICY**     **WC 42 03 10**
(Ed. 1-97)

---

### SOLE PROPRIETORS, PARTNERS, OFFICERS AND OTHERS COVERAGE ENDORSEMENT

Pursuant to Section 406.097, Labor Code, sole proprietors,  partner(s) or corporate  executive officer(s) of the named insured  are covered  under this workers' compensation  policy, unless specifically  excluded from coverage  through an endorsement  to the policy.  Such persons  may be named in the Schedule below and the premium  basis for the policy  shall include  their remuneration.

For employees  excluded from workers'  compensation  coverage by law, an election  has been made by or on behalf of each person described  in "Others"  in the Schedule to be subject to the workers'  compensation  law of the state named in the Schedule.  Such persons  shall be named in the Schedule below and the premium basis for the policy  shall include  their remuneration.

Schedule

Persons                                                                              State
Sole  Proprietors:

Partners:

Officers:
Yousef Sihweil
Omar Masir
Noor Masri

**WC 42 03 10**                    WORKERS COMPENSATION  AND EMPLOYERS LIABILITY INSURANCE  POLICY
(Ed. 1-97)

Others:

This endorsement  changes the policy  to which  it is attached and is effective  on the date issued  unless otherwise  stated.

**(The information  below  is required  only when this endorsement  is issued subsequent  to preparation  of the policy.)**

Endorsement  Effective                              Endorsement  No.   0004

Policy  Effective   11/02/2016                       Premium

State

Policy  No.   XWS (17) 57 61 64 46

Insured    CLEARCOMM  OF TAMPABAY,  INC.


Insurance  Company    Ohio Security  Insurance  Company        19291

                                        Countersigned   by  _____


**WC 42 03 10**
(Ed. 1-97)                          2 of 2

## OUTSTANDING
## BALANCE DUE

| ACCOUNT NUMBER | COMPANY |
|---|---|
| 701976650 | 02 |

**Liberty Mutual**
**INSURANCE**

| ACCOUNT OF: | NOTICE DATE | AMOUNT DUE |
|---|---|---|
| CLEARCOMM OF TAMPABAY, INC. | 04/27/2018 | $97,105.76 |

62 Maple Avenue
Keene, NH 03431

Â  Please reference your account number on all correspondence
Â  Return this stub with your payment
Â  Make check payable and remit to:

Member Companies:
OHIO SECURITY INSURANCE COMPANY
THE OHIO CASUALTY INSURANCE COMPANY

IIIₙₙₙIIₙIₙIₙIₙIₙₙIIₙIIₙIₙₙIₙₙₙIₙₙIₙIₙIₙIₙₙIIIₙI

LIBERTY MUTUAL INSURANCE
PO BOX 2051
KEENE NH 03431 7051

02701976650  000000000  0009710576  0009710576  4 0

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| ACCOUNT OF: | COMPANY | ACCOUNT | AGENT: |
|---|---|---|---|
| CLEARCOMM OF TAMPABAY, INC. | 02 | 701976650 | AGENT CODE: 0024902 |
| 119 ROESLER RD | | | TELEPHONE: (800) 444-1744 |
| GLEN BURNIE MD  21060 | | | INSURANCE INTERMEDIARIES INC |
| | | | 280 N HIGH ST STE 300 |
| | | | COLUMBUS OH  43215-2535 |

For Billing Inquiries: 1-866-290-2920
mybusinessonline.libertymutual.com

Please be advised that this is second notification of balance due.  Our records indicate that the amount due as indicated has not been paid. if the balance is still unpaid after 15 days, the account may be placed in collections.

If payment has been sent, please disregard this notice.

Customer Accounting - Direct Bill

| POLICY NUMBER | PREMIUM/FEES | AUDIT ADJUSTMENT/ CANCEL CREDIT | CREDITS/ PAYMENTS | AMOUNT DUE |
|---|---|---|---|---|
| BZS57616446 | 77,885.86 | 48,773.10- | | 29,112.76 |
| USO57616446 | 3,248.00 | 2,029.00- | | 1,219.00 |
| XWS57616446 | 115,525.00 | | 48,758.00- | 66,767.00 |
| SERVICE FEES | 7.00 | | | 7.00 |
| ACCOUNT SUMMARY | 196,665.86 | 50,802.10- | 48,758.00- | 97,105.76 |

| STATEMENT ISSUED TO: |
|---|
| CLEARCOMM OF TAMPABAY, INC. |
| 119 ROESLER RD |
| GLEN BURNIE MD  21060 |



Exhibit

**5**

Ohio Security v. Clearcomm

I14310

**ADDRESS CHANGE:**   NAME _____

STREET _____

CITY/STATE/ZIP _____

ACCOUNT NO. _____